KAREN L. LOEFFLER
United States Attorney

DANIEL COOPER, JR.
Assistant U.S. Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: daniel.cooper@usdoj.gov
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
|---|---|---|
| | ) | |
| | ) | **JOINT MOTION TO** |
| Plaintiff, | ) | **CONTINUE COMPLEX CASE** |
| | ) | **AND PROPOSED PRE-TRIAL** |
| vs. | ) | **DEADLINES** |
| | ) | |
| JAMES MICHAEL WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States, by and through above-named counsel, and moves the Court to continue the trial date for one year from the date of the indictment, because due to the complex nature of

the case, the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) and (B)(ii).

Consistent with the parties' motion for an appropriate but significant continuance, they submit the proposed schedule of deadlines included below. At the defendant's arraignment on February 19, 2013, the parties proposed a meeting to discuss a reasonable and realistic pre-trial deadlines schedule, with a subsequent report to the Court. The Court agreed to allow the parties to meet and file a report with proposed deadlines by February 27, 2012. The parties met on February 25, 2012 and are proposing the following schedule. The schedule is based upon a trial date set one year from the date of indictment.

| Action | Date |
| --- | --- |
|  |  |
| Rule 16(a)(1)(A), (B), and (D) discovery | Completed on 2/22/13 |
|  |  |
| Rule 16(a)(1)(E) inspection of physical items | 3/5/13 |
|  |  |

Page 2 of 8

| | |
|---|---|
| Rule 16(a)(1)(E) production of documents | 3/15/13 |
| | |
| Defense discovery motions | 4/15/13 |
| | |
| Motions to suppress statements | 4/19/13 |
| | |
| Motions to suppress physical evidence | 6/14/13 |
| | |
| Expert notices | 7/12/13 |
| | |
| Rebuttal expert notices | 9/13/13 |
| | |
| Daubert Motions | 10/4/13 |
| | |
| Jencks and *Giglio* material | 6 weeks before trial |
| | |
| Inspection of trial documents and objects | 1 month before trial date |
| | |

| | |
|---|---|
| Motions in Limine<br><br>• F.R.E. 404(b) notices will be provided 4 weeks prior to the motions in limine deadline. | 2 months before trial date |

The parties agree to file oppositions to motions within 14 days, and any replies to oppositions within 7 days. The parties request periodic status conferences before the Court to keep the Court apprised of the progress of discovery and to resolve any issues that may arise.

As part of setting the dates listed above, the parties move for a continuance of the current trial date, set for April 15, 2013, to a date approximately one year from the indictment date. Under the Speedy Trial Act, a defendant must generally be brought to trial within 70 days of the filing date of the indictment or the defendant's first appearance before a judicial officer on that indictment. 18 U.S.C. § 3161(c). However, certain categories of time can be excluded from the calculation of that 70 days. 18 U.S.C. § 3161(h).

One of the most important of those categories is time excluded by the court when it determines that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant

in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Act provides factors for the courts to consider in making this "ends of justice decision."

One of the key factors is whether the case is "so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). While the case at bar does not have multiple defendants, the nature of the prosecution would certainly call for a determination that the case was complex. This case involves a multiple homicide. Thus, the parties will be faced with difficult issues involving the motive, opportunity and means of the crime. The indictment came at the end of a lengthy investigation, which generated 343 recorded interviews and 268 non-recorded interviews. The government also executed 20 search warrants, and obtained information through 62 grand jury subpoenas. There is also important video evidence. All of this discovery material must also be analyzed to determine whether there may be new or novel legal issues.

Moreover, because the maximum sentence for conviction of 18 U.S.C. § 1111 and § 1114 is death, the government is required to proceed through the Department of Justice capital case review process. This process also allows the defendant to argue against the death penalty, so a complete resolution of that process is critical to both the defendant and the government. *U.S. v. Murillo*, 288 F.3d. 1126, 1134 (9th Cir. 2002). Thus, "the death penalty consideration process is a valid reason to grant an ends of justice continuance." *Id.* at 1133.

Even if this case were not so complex, and the parties concur that it is, a continuance would be necessary under the statute based upon an additional statutory consideration:

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(iv). In this instance, as outlined above, the discovery is so extensive that a continuance is necessary for the parties,

especially defendant and his counsel, to properly review the material and prepare for trial.

The Federal Defender has received this proposed motion, has reviewed it, and adopts the proposed deadlines and joins in the motion for continuance.

Based on the above considerations, the parties jointly recommend a continuance for one year, and adoption of the deadline schedule proposed above.

RESPECTFULLY SUBMITTED this 27th day of February, 2013 in Anchorage, Alaska.

    KAREN L. LOEFFLER
    United States Attorney

    s/ Daniel R. Cooper, Jr.
    DANIEL R. COOPER, JR.
    Assistant U.S. Attorney
    United States of America

    s/ Bryan D. Schroder
    BRYAN D. SCHRODER
    Assistant U.S. Attorney
    United States of America

Certificate of Service

I hereby certify that on February 27, 2013,
the foregoing was served electronically via
the CM/ECF system on the following counsel
of record:

Richard F. Curtner
Sue Ellen Tatter

s/ Daniel R. Cooper