# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　　　Defendants. | 3:13-cr-00008-RRB-JDR<br><br>**FIRST PRE-TRIAL SCHEDULING ORDER** |

　　　　　　Counts 1 and 2 of the indictment (Docket 7) charge the Defendant, James Michael Wells, with Murder in the First Degree, 18 U.S.C. § 1111, which are punishable by sentence of death. 18 U.S.C. §§ 1111, 3591(a)(2). Counts 3 and 4 of the indictment charge the Defendant with Murder of an Officer or Employee of the United States, 18 U.S.C. §1114, which are also punishable by sentence of death. 18 U.S.C. §§ 1114, 1111, 3591(a)(2). Finally, Counts 5 and 6 of the indictment charge the Defendant with Possession and Use of a Firearm in Relation to a Crime of Violence. 18 U.S.C. § 924(C), (J). The case has not been declared complex or extended by the trial judge.[1] Trial in this case is currently set for April 15, 2013. However, this date is expected to change. Judge Beistline has set the date of

---

[1] Application of the Speedy Trial Act (and waiver of speedy trial) will be addressed by the district court judge.

March 13, 2013, to address the motion to continue trial and declare the case complex. Pursuant to the parties' proposed motion deadlines, the Magistrate Judge's scheduling and pretrial motion deadlines are hereby addressed below.

The Department of Justice (DOJ) has developed procedures by which the decision to seek a sentence of death is reached, vesting the ultimate decision with the Attorney General of the United States. Pursuant to 18 U.S.C. § 3593, the United States must serve notice to the court and the defendant within a reasonable time before trial of its intent to seek a death sentence should the United States believe that circumstances justify a sentence of death. The DOJ procedure requires the United States Attorney to prepare a memorandum for the Attorney General's Capital Review Committee. The procedures also provide an opportunity to the defendant to submit evidence and arguments in mitigation to the United States Attorney and the Committee prior to any decision being made by the Attorney General. The Court assumes that the prosecutors will follow the current United States Attorney Manual Guidelines in determining whether to seek the death penalty.[2] In the interest of justice, the Court with the concurrence of the parties does hereby establish a schedule for the resolution of whether the government will seek the death penalty.

1. No later than **April 11, 2013**, the United States Attorney shall

---

[2] The manual warns that the guidelines do not create any substantive rights on criminal defendants.

serve a copy of its proposed report on counsel for Mr. Wells.

  2. On or before **May 2, 2013**, Mr. Wells shall submit his arguments and evidence to the United States Attorney in favor of mitigation.

  3. The United States Attorney for the District of Alaska is expected to submit his recommendation and any supporting memorandum concerning whether the death penalty is sought to the Capital Review Committee on or before **May 23, 2013.** The government will file a notice under 18 U.S.C. § 3593(a) if it decides to pursue the death penalty. If the government decides not seek the death penalty, it will file a notification on the record with a copy to the defendant that it will not seek the death penalty.

  The Court believes that this schedule allows reasonable time for counsel for the parties to discharge their respective duties with respect to the question of whether the death penalty should be sought, giving due regard to the factual complexity of the case. The Court recognizes that scheduling extensions may be necessary to accommodate full development of facts related to the defendant's guilt and aggravating factors as the case proceeds.

  4. Consistent with the parties' motion for an appropriate but significant continuance, they submitted a proposed schedule of pre-trial deadlines. At the Defendant's arraignment on February 19, 2013, the parties proposed a meeting to discuss a reasonable and realistic pre-trial deadline schedule, with a subsequent report to the Court. The Court agreed to allow the parties to meet and

file a report with proposed deadlines by February 27. The parties met on February 25 and are proposing a schedule based upon a trail date set one year from the date of indictment. The magistrate judge does not have the authority to grant the trial continuance. As stated above the assigned trial judge has set March 13, 2013, to address the complexity of the case and the motion to continue trial. Upon the trial court extending the trial date, the following schedule for pre-trial motion practice shall be adopted:

| Action | Date |
|---|---|
| Rule 16(a)(1)(A), (B), and (D) discovery | Completed on 2/22/13 |
| Rule 16(a)(1)(E) inspection of physical items | 3/5/13 |
| Rule 16(a)(1)(E) production of documents | 3/15/13 |
| Defense discovery motions | 4/15/13 |
| Motions to suppress statements | 4/19/13 |
| Motions to suppress physical evidence | 6/14/13 |
| Expert notices | 7/12/13 |
| Rebuttal expert notices | 9/13/13 |
| *Daubert* Motions | 10/4/13 |
| Motions *in Limine*<br>· F.R.E. 404(b) notices will be provided 4 weeks prior to the motions in limine deadline. | 2 months before trial date |
| Jencks and *Giglio* material | 6 weeks before trial |
| Inspection of trial documents and objects | 1 month before trial date |

    5.    **Oppositions to motions shall be due 14 days after the motion is filed**. Any **replies** to a motion listed above **shall be due 7 days after the filing of any response**. Evidentiary hearings or arguments shall be scheduled promptly as needed.

    6.    In order to keep the Court and the parties fully advised on matters

affecting the progress of the case toward its ultimate disposition, regular **status conferences to be held approximately every 45 days**.  Accordingly, status hearings in this case are hereby set for 10:00 AM on April 12, 2013; May 30, 2013; July 15, 2013; August 29, 2013; and October 15, 2013 (further status conferences will be set as needed).  Counsel may arrange for telephonic appearance by calling 677-6231.[3]  Unless otherwise ordered, Mr. Wells may participate by telephone in the status hearings.

7. The Court will not alter the deadlines specified except for the most compelling of reasons.

DATED this ___1st___ day of March, 2013, at Anchorage, Alaska.

 /s/ *John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge

---

[3] If defense counsel need more than one telephone connection they should make the necessary arrangements with the Clerk's office to use the "meet-me-bridge" system.