KAREN L. LOEFFLER
United States Attorney

DANIEL COOPER, JR.
Assistant U.S. Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: daniel.cooper@usdoj.gov
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>JAMES MICHAEL WELLS,  )<br>)<br>Defendant.  ) | No. 3:13-cr-00008-RRB-JDR<br><br>**MOTION FOR PARTIAL RECONSIDERATION OF COURT'S FIRST PRETRIAL SCHEDULING ORDER** |

The United States respectfully moves the court to reconsider, in part, its First Pretrial Scheduling Order of March 1, 2013, filed in the instant case at Docket 20 (hereinafter the "Order").  The Order requires

the government to meet certain deadlines and follow certain procedures respecting the United States Attorney's memorandum to the Attorney General's Capital Review Committee. Of particular concern to the United States is that the Court has ordered that its death penalty memorandum, which is a privileged document, to be disclosed to the defendant. Then, the Court goes on to set a schedule for submission of mitigation evidence and a deadline for the United States Attorney to submit a recommendation to the Capital Review Committee. These procedures, if enforced, would contravene separation of powers principles, established case law, the policies set forth in the United States Attorney's Manual, and result in the unauthorized disclosure of attorney work product. Thus, the United States cannot concur with this portion of the Court's Order.

## Background

Defendant James Michael Wells has been charged in an Indictment with the capital offenses of Murder in the First Degree in violation of 18 U.S.C. §§ 7(3) and 1111(a) and (b), Murder of an Officer

or Employee of the United States in violation of 18 U.S.C. §§ 1114 and 1111, and Possession and Use of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c) and (j). On March 1, 2013, the Court filed its Order at Docket 20. Therein, the Court recognized that the Department of Justice has established procedures by which it makes a decision to seek a sentence of death. See Docket 20, p. 2; United States Attorney's Manual (USAM), Title 9, Chapter 10. Within the Order, the Court correctly recognized that the USAM procedures do not create any substantive rights for criminal defendants. See Docket 20, n. 2. However, the Court then set, "with the concurrence of the parties," a schedule for the determination of whether the United States will seek the death penalty. Specifically, the Court has ordered that:

    1. No later than April 11, 2013, the government shall serve a copy of its proposed report on counsel for Mr. Wells.

    2. On or before May 2, 2013, Mr. Wells shall submit his arguments and evidence to the United States Attorney in favor of mitigation.

    3. The United States Attorney for the District of Alaska is expected to submit his [sic] recommendation and any supporting memorandum concerning whether the death penalty is sought to the

Capital Review Committee on or before May 23, 2013. The government will file a notice under 18 U.S.C. § 3593(a) if it decides to pursue the death penalty. If the government decides not to seek the death penalty, it will file a notification on the record with a copy to the defendant that it will not seek the death penalty.

Docket 84, pp. 2-3.

The United States certainly intends to follow the procedures set forth in the United States Attorney's Manual, and appreciates that the Court is simply attempting to move things forward in an expeditious manner (which is the desire of the United States as well). However, based upon well-settled Department of Justice policy, the United States cannot concur with these disclosures and scheduling deadlines. Thus, for the reasons set forth herein, the United States respectfully moves that this Court reconsider this portion of its Order, with the exception of the final two sentences of paragraph three.

//


//

U.S. v Wells
3:13-cr-00008-RRB-JDR			Page 4 of 14



Case 3:13-cr-00008-SLG   Document 23   Filed 03/08/13   Page 4 of 14

# ARGUMENT

I.  **THE DEATH PENALTY MEMORANDUM PREPARED BY THE UNITED STATES IS PRIVILEGED AND NOT DISCOVERABLE.**

The Court has ordered that "[n]o later than April 11, 2013, the United States Attorney shall serve a copy of its proposed report on counsel for Mr. Wells."  However, the United States Attorney's memorandum for the Attorney General's Capital Review Committee is protected by the attorney work product privilege, the deliberative process privilege, and the plain text and scope of Rule 16(a)(2) of the Federal Rules of Criminal Procedure.[1]  Indeed, the very protocol that requires its submission makes clear that the document is confidential and should only be disclosed internally.  *See* USAM § 9-10-040 ("The decision-making process preliminary to the Attorney General's final decision is confidential.").

---

[1]    Fed. R. Crim. P. 16(a)(2) provides, in relevant part: "Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or  other government agent in connection with the investigation or prosecution of the case."

U.S. v Wells
3:13-cr-00008-RRB-JDR                Page 5 of 14

Federal Courts have uniformly respected this confidentiality, and have recognized that the government is entitled to make its prosecutorial decisions unrestrained by discovery demands related to that process. Indeed, the Ninth Circuit has been especially unambiguous in this respect. In *United States v. Fernandez*, 231 F. 3d 1240 (9th Cir. 2000), the district court mandated discovery of the government's death penalty memorandum to the defense – precisely as in the instant case. The Ninth Circuit reversed this order, ruling that "the district court's order reached too far because the death penalty evaluation form and prosecution memorandum are protected by the deliberative process and work product privileges," as well as by Federal Rule of Criminal Procedure 16(a)(2). *Fernandez*, 213 F.3d at 1246-47. The Ninth Circuit noted that the government's death penalty evaluation memorandum is "pre-decisional because the U.S. Attorney submits these documents to the committee before the Attorney General makes the final decision whether to seek the death penalty," and is

"deliberative in that they contain opinions, recommendations, or advice about agency policies."

Other courts agree. *See United States v. Frank*, 8 F. Supp 2d. 253, 284 (S.D.N.Y., 1998) ("[t]here are strong policy reasons in favor of keeping confidential the internal deliberative process through which the Government decides whether to use its prosecutorial power to seek the most severe punishment possible"); *United States v. Boyd*, 931 F. Supp. 968, 973 (D. R.I., 1996) ("[t]he procedures outlined by the protocol do not contemplate an adversary proceeding" so as to warrant any discovery to the defendant). Further, courts have recognized that all of the policy justifications for the attorney work product privilege apply fully to the government's internal death penalty memoranda, In *Frank*, for example, the Court noted that "the discovery of deliberative materials would have a chilling effect on the thorough evaluation of these issues and hinder the just, frank, and fair review of the decision for every individual defendant who faces the prospect of receiving Notice of Intent to Seek the Death Penalty." 8 F. Supp 2d at 284. *See*

*also United States v. Kee*, 2000 U.S. Dist. LEXIS 8785, 12 (S.D.N.Y., 2000)("policy concerns counsel against requiring production of documents submitted to the Attorney General in connection with this decision").

As the *Frank* court recognized, the purpose of the death penalty protocol procedure is to encourage prosecutors to candidly evaluate the strengths and weaknesses of cases, and of factors for and against the imposition of the death penalty. The USAM requires, for instance, a discussion of the theory of prosecution, as well as the facts and evidence relating to aggravating and mitigating factors. *See* USAM, § 9-10.080. Knowledge that such evaluations would be discovered to the defendant would lead to memoranda devoid of the trenchant and frank analyses that the USAM is designed to promote, discouraging prosecutors from disclosing their theories about weaknesses in their cases.

Accordingly, there is no authority – constitutional, statutory or otherwise – for ordering the production of the government's internal memorandum and attorney work product, which pertains only to the

exercise of prosecutorial discretion.  To the contrary, there is clear and settled authority in this circuit precluding such an order.  The government's death penalty protocol memorandum is internal work product and is further subject to protection under the deliberative process privilege.  Any mandate for its discovery is not only contrary to law, but would also be inimical to public policy, in that it would result in depriving the Attorney General of the candid guidance to which he is entitled as he exercises his discretion.

**II.      THE PROCESS AND TIMING OF THE GOVERNMENT'S DELIBERATIVE PROCESS PROPERLY RESTS IN THE DISCRETION OF THE EXECUTIVE BRANCH.**

Next, the Court has set deadlines for submission of mitigation evidence, as well as deadlines concerning when the United States should submit its recommendation to the Department of Justice.  This is unnecessary and inappropriately involves the Court in the executive functioning of the Department of Justice.  Indeed, as recognized in the Order (Docket 20, n. 2), as well as by numerous courts, "Department of Justice guidelines and policies do not create enforceable rights for

U.S. v Wells
3:13-cr-00008-RRB-JDR                    Page 9 of 14

criminal defendants." *United States v. Cooks*, 589 F.3d 173, 184 (5th Cir. 2009); *see also United States v. Lopez-Matias*, 522 F.3d 150, 155-56 (1st Cir. 2008) (the Manual provision mandating the meeting with the Capital Case Review Committee is not a source of any defendant rights); *United States v. Lee*, 274 F. 3d 485, 493 (8th Cir. 2001) ("[t]he death penalty protocol is unenforceable by individuals." ); *Fernandez*, 231 F. 3d 1240, 1246 (9th Cir. 2000) ("it is clear that the USAM does not create any substantive or procedural rights.").[2]  Given that the defendant has no rights to submissions and review, the Court's deadlines have no substantive impact.  In other words, the breach of these procedures would themselves have no enforceable remedy under the law.  Instead, the procedures and deadlines impermissibly impose Court supervision over the internal functioning of the Department of Justice.

---

[2]   The USAM itself explicitly states that it "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." USAM, § 1-1.000.

Circuit and district courts have consistently recognized that courts should not inject themselves into the executive branch's death penalty deliberations, pursuant to the USAM. In *Lopez-Matias*, the First Circuit explained that "[w]e are reluctant to interfere with internal prosecutorial measures by elevating internal guidelines to the level of a guarantee to defendants . . . [based on] a respect for the separation of powers, and also from practical concerns." 522 F. 3d at 156. In *In re U.S.*, 197 F.3d 310 (8th Cir. 1999), the Eighth Circuit summarized this general rule:

> The death penalty protocol contained in the Manual is an internal DOJ policy directing the exercise of prosecutorial discretion. The Manual itself states that its content "provides only internal Department of Justice guidance." It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal . . . Courts that have addressed directly whether the death penalty protocol described in the Manual creates any substantive or procedural rights enforceable by a defendant have held almost uniformly that it does not. *Nichols v. Reno*, 931 F. Supp. 748, 751 (D. Colo), aff;d, 124 F.3d 1376 (10th Cir. 1997) (death penalty protocol does not create enforceable rights); see also *United States v. McVeigh*, 944 F. Supp. 1479, 1483-84 (D.

Colo. 1996) (same); *United States v. Feliciano*, 998 F. Supp 166, 169 (D. Conn. 1998)(same); *United States v. Roman*, 931 F. Supp. 960, 964 (D. R.I. 1996) (same); but see *Walker v. Reno*, 925 F. Supp 124, 132 (N.D.N.Y. 1995) (failure to follow protocol might provide basis to remand the matter *to the Attorney General* for reconsideration.) (emphasis added).

In *United States v. Jackson,* the Southern District of New York initially issued an order similar to the one at issue here, mandating a time period during which the government was obliged to accept death penalty submissions from the defendant. The district court later reversed itself, noting that "[t]he DOJ's death penalty protocol contained in the United States Attorneys' Manual . . . consists of an internal DOJ policy directing the exercise of prosecutorial discretion that courts have almost uniformly concluded confers no enforceable rights on a criminal defendant.'" *United States v. Jackson*, 2006 WL 59559, *2 (S.D.N.Y., January 9, 2006), citing *New York Times Co. V. Gonzales*, 382 F. Supp 2d 457, 484 n. 18 (S.D.N.Y., 2005) (overturned on other grounds). The timing of defense submissions to the U.S. Attorney, and of the U.S. Attorney to the Attorney General and of her acceptance

of submissions from the defendant, are governed only by the USAM, and are matters for the Department of Justice to decide.

## CONCLUSION

There is no lawful basis for the Court to mandate the discovery of the government's internal, work-product memorandum to the defendant. Nor is there any lawful basis for the Court to set deadlines for death penalty submissions to the U.S. Attorney or the Attorney General. The procedures for executing these processes are prescribed only by the USAM, which does not confer any enforceable rights on the defendant and functions only as a guide for the internal operation of the Department of Justice. The judiciary should not supervise the internal procedures of the executive branch, and thus the Court should not set the schedule and process by which the United States will seek to meet the Court's deadline for the actual death penalty notice in the instant case.

Accordingly, the government respectfully moves that the Court reconsider in part its Order at Docket 20 by striking paragraphs 1 and 2, as well as the first sentence of paragraph 3.

RESPECTFULLY SUBMITTED this 8th day of March, 2013, in Anchorage, Alaska.

                                          KAREN L. LOEFFLER
                                        United States Attorney

                                        s/ Daniel R. Cooper, Jr.
                                        DANIEL R. COOPER, JR.
                                        Assistant U.S. Attorney
                                        United States of America

                                        s/ Bryan D. Schroder
                                        BRYAN D. SCHRODER
                                        Assistant U.S. Attorney
                                        United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2013,
the foregoing was served electronically via
the CM/ECFsystem on the following counsel
of record:

Sue Ellen Tatter

s/ Daniel R. Cooper
Office of the U.S. Attorney

U.S. v Wells
3:13-cr-00008-RRB-JDR          Page 14 of 14