KAREN L. LOEFFLER
United States Attorney

DANIEL COOPER, JR.
Assistant U.S. Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: daniel.cooper@usdoj.gov
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-RRB-JDR |
| | ) |
| | ) **MOTION TO COMPEL** |
| Plaintiff, | ) **COMPLIANCE WITH LOCAL** |
| | ) **RULES AND UNSEAL *EX*** |
| vs. | ) ***PARTE* FILINGS, AND TO** |
| | ) **RECONSIDER** |
| JAMES MICHAEL WELLS, | ) **APPOINTMENT OF CJA** |
| | ) **COUNSEL** |
| Defendant. | ) |

COMES NOW the United States and hereby moves this Court to

find that Dockets 22 and 24 were improperly filed *ex parte*, and based

upon that finding, take the following actions: (1) compel compliance of

the parties with the local rules, in particular, the local rules respecting *ex parte* filings and out-of-state attorney admission, (2) review and unseal filings improperly filed *ex parte*, and (3) reconsider the appointment of CJA counsel.

After indictment in this case on February 19, 2013, defense counsel made *ex parte* filings at Dockets 22 and 24. In the wake of those filings, although three attorneys had already made appearances on behalf of the defendant (Docket 11), a fourth attorney was apparently appointed. Docket 27. Mr. Curtner has disclosed that he filed an *ex parte* application for the appointment of Mr. Offenbecher as additional counsel under the Criminal Justice Act (CJA).[1] Declaration of AUSA Cooper, attached as Exhibit A.

//

---

[1] The Local Rules admonish counsel that *ex parte* filings may not be made without obtaining the prior leave of the Court, and that the basis for filing *ex parte* must be set forth in the record. D.Ak. L.R. 5.4(b)(1). The government has no way of assuring that defense counsel have sought approval prior to making the filings, and appropriately supported their request. We must rely on the Court to make sure that the local rules have been followed.

Case 3:13-cr-00008-SLG   Document 36   Filed 03/27/13   Page 2 of 12

I.   Ex Parte Filing is Improper Because Court Filings Should Generally be Public Records.

Filing for appointment of additional counsel *ex parte* was improper because under applicable case law, as well as the local rules, the filings should normally be filed in the open. The United States Court of Appeals for the Ninth Circuit has ruled that "in general, the public and the press have a qualified first amendment right of access to pretrial hearings and documents." Seattle Times Company v. United States District Court for the Western District of Washington, 845 F.2d 1513, 1515 (9th Cir. 1988)(citations omitted). In Mr. Wells' case, the public have been denied their First Amendment rights without a hint of due process.

II.  Filings Related to Counsel Within the District of Alaska are Regularly Open.

There is no logical reason to vary from this general rule of openness when appointing counsel. Counsel appointments should not be made in secret. In this district, appointment of counsel is regularly a public matter, and there is no reason that this ought not be true in the instant case. Simply, defense counsel either wanted to avoid the

Case 3:13-cr-00008-SLG   Document 36   Filed 03/27/13   Page 3 of 12

interference of government attorneys or the scrutiny of the public in appointing additional counsel.

III.     There is no Authority for Filing Appointment Requests *Ex Parte*.

Mr. Wells' defense counsel has previously argued it was appropriate to appoint additional counsel in secret in another case in this District, <u>United States v. Keyes</u>, 3:12-cr-00041-TMB.  There, they argued that an *ex parte* application for 3005 counsel is not improper, it is mandatory, and stated their reliance on 18 U.S.C. § 3005, 18 U.S.C. § 3599; and, Vol. 7, Chapter VI, section 6.01 of the Guide to Judiciary Policies and Procedures.  This argument by defense counsel is inaccurate, as the authorities upon which they rely do not support the argument.  A review of each of these three citations discloses that none of them can be reasonably construed to permit, either expressly or impliedly, that the application for counsel pursuant to 18 U.S.C. § 3005 may be made *ex parte*.

18 U.S.C. § 3500, regarding "Counsel and witnesses in capital cases," has no mention, much less any provision, for making an application for appointment of counsel *ex parte*.  Likewise, 18 U.S.C.

U.S. v Wells
3:13-cr-00008-RRB-JDR                     Page 4 of 12

§ 3599, regarding "Counsel for financially unable defendants," has no provision for an *ex parte* application for the appointment of counsel. However, § 3599(f) does allow for a defendant to make an *ex parte* application for <u>investigative, expert or other services</u>, but states in unequivocal language: "No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing has been made concerning the need for confidentiality." <u>Id</u>. There is no logical need for confidentiality on the appointment of another lawyer in this case. The only conceivable reason to file these documents *ex parte* is to avoid an objection by the government to the appointment, or to avoid public scrutiny.

Finally, the Guide to Judiciary Policies and Procedures has no mention of requesting an appointment of CJA counsel *ex parte*. Moreover, it never suggests that such an application be made without knowledge of and participation by the government and the public. Here, the public has a right to know, and the government has the right to object to the appointment of a lawyer at public expense, particularly in light of the fact that Mr. Wells has sufficient assets and wealth that he

Case 3:13-cr-00008-SLG   Document 36   Filed 03/27/13   Page 5 of 12

has hired a private attorney to represent him in an employment matter. (See, letter from Mr. Wells' private attorney, Charlie Coe, to representatives of the United States Coast Guard regarding an employment matter, attached as Exhibit B.)  Neither the government nor the court has enough information to evaluate whether the hiring of private counsel by Mr. Wells was before or after the *ex parte* application for another lawyer appointed at public expense, or even if the lawyers appointed at public expense to represent him were aware of this action. Had the application been made in the light of day, with all the parties fully informed, it is possible that the court may have concluded that, at this time, and in light of the current posture of the case, appointment of a third lawyer at public expense would be improvident.

In the absence of a statutory directive or basis, the general rule that appointments of counsel at public expense be conducted publicly should prevail.  To assure this, the Court should immediately make the *ex parte* filings at Dockets 22 and 24 available to the government and the public.  The Local Rules admonish counsel "when the basis for the *ex parte* filing no longer exists, the party filing a document *ex parte*

Case 3:13-cr-00008-SLG   Document 36   Filed 03/27/13   Page 6 of 12

must file with the court a request to remove the *ex parte* status of the document." D.Ak. L.R. 5.4(b)(3)[A]. Because there is no reasonable basis for documents related to appointment of counsel to be filed *ex parte* in the first place, they should immediately be made publically available.

IV.   Open Appointments are Especially Important with *Pro Hac Vice* Counsel.

An open appointments process is especially important when the appointed counsel is not certified to practice before this Court and therefore must satisfy the criteria for appearance *pro hac vice*. As in any other case, public evaluation of a motion to appoint counsel – especially unfamiliar counsel – allows the Court to assure the public that the proposed representation will be conducted both competently and ethically. The government has interests respecting these issues as well; any failure in either competence or ethics on the part of appointed counsel may lead to appellate issues and needless delays of justice in the coming years, thus shortchanging justice for victims and their families. For example, a history of conflicts of interest on the part of a defense counsel may raise concerns that a defendant will claim such

Case 3:13-cr-00008-SLG   Document 36   Filed 03/27/13   Page 7 of 12

conflicts as a ground of appeal.  Likewise, a history of counsel

misconduct with respect to witnesses may be grounds for the

government and Court to be concerned about the safety, and mental

and emotional well-being, of victims and possible witnesses in the

instant case.

This Court's rules for appointments *pro hac vice* appear at Rule

81.3 of the Local Rules.  These rules require the furnishing of

substantial documentation to enable the Court to properly evaluate

these issues.  In pertinent part, the Rule states that:

"The motion [for admission pro hac vice] must be
accompanied by the affidavit or declaration of the attorney
seeking admission, which affidavit or declaration must:

[A] Contain –
(i) all names by which the applicant is known
(ii) the applicant's office and residence addresses,
(iii) name and address of each jurisdiction or
court to which the applicant has been admitted to practice
and the year of admission to each,
(iv) a statement that the applicant is not the
subject of any pending disciplinary action in any jurisdiction
or before any court to which the applicant has been admitted
to practice,
(v) all relevant information, including dates, of
any suspension, disbarment, or similar action, on account of
disability or other reason, in any jurisdiction or court to
which the applicant has been admitted to practice, and

Case 3:13-cr-00008-SLG   Document 36   Filed 03/27/13   Page 8 of 12

(vi) a certification that the applicant has read the local rules of this court; and

[B] Be accompanied by either
(i) a certificate of good standing from a jurisdiction or court to which the applicant has been admitted to practice, or
(ii) a certification from the Alaska Bar Association that the applicant is admitted to practice in the State of Alaska under Alaska Bar Rule 43 or 43.1.

Rule 81.3 is designed to ensure the integrity of cases before this Court by ensuring the qualifications and ethics of attorneys who appear before it. A failure to fully engage the prescribed process, or a failure of that engagement to be subjected to the normal scrutiny due to a public proceeding, raises dangers for this case at both the trial and appellate levels – dangers that the Court, the government, the public, and the victims in this case all have legitimate and important interests in averting.

V.  <u>There is no Basis in the Law for the Defendant to Have More than Two Lawyers at Public Expense</u>.

Finally, the government and the public are left to speculate as to why Mr. Wells should have the benefit of three lawyers appointed at public expense. Mr. Curtner, the Federal Defender, and Sue Ellen

Tatter, one of his senior and most able assistants, have entered their appearances for him.  Mr. Curtner has considerable experience in death penalty cases and works nationally to abolish the death penalty.  He is not a novice, and certainly meets the requirements of being ". . . learned in the law applicable to capital cases . . ." (18 U.S.C. § 3005).  The requirements of § 3005 have been met with the appointment of these two lawyers.

Further, as noted at the hearing on the Joint Motion to Continue Trial Dates held March 13, 2013, while the charges themselves make the case eligible for the death penalty, the Indictment (Docket 7) lacks the special findings required by 18 U.S.C. § 3593 required before a sentence other than life imprisonment could be imposed.  Moreover, the notice required by § 3593(a) has not been provided.  The Court properly noted in its findings regarding setting of the current trial date that if the government decides to seek the death penalty, the trial date will necessarily be revisited.  At that time, it may also be appropriate to add additional counsel.  But now, while two able lawyers, one of them familiar with the applicable law regarding the death penalty, have

Case 3:13-cr-00008-SLG   Document 36   Filed 03/27/13   Page 10 of 12

already been appointed, is not the time to add additional lawyers at public expense.

Accordingly, the government moves for the following relief:

(1) That this Court independently evaluate all *ex parte* filings made to date, and determine whether the procedural Rules respecting *ex parte* filings have been followed, whether the grounds justifying the *ex parte* filings were legitimate at the time of the filing, and whether legitimate grounds remain at this time for the filings to continue to be *ex parte*. If not, the *ex parte* filings should be made public.

(2) That this Court evaluate whether the *pro hac vice* application in the instant case satisfy the procedural and substantive requirements of Rule 81.3.

(3) That this Court's analysis and findings respecting the *pro hac vice* applications in the instant case be made public.

(4) That the Court reconsider whether the appointment of CJA counsel at this stage in the proceedings is appropriate.

//


U.S. v Wells
3:13-cr-00008-RRB-JDR          Page 11 of 12

An evidentiary hearing may be required to develop the facts to fully inform the court with respect to request (4).

RESPECTFULLY SUBMITTED this 27th day of March, 2013, in Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ Daniel R. Cooper, Jr.
DANIEL R. COOPER, JR.
Assistant U.S. Attorney
KAREN L. LOEFFLER
United States of America


s/ Bryan D. Schroder
BRYAN D. SCHRODER
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2013,
the foregoing was served electronically via
the CM/ECF system on the following counsel
of record:

Sue Ellen Tatter
Rich Curtner
Peter Offenbecher

s/ Daniel R. Cooper
Office of the U.S. Attorney

Case 3:13-cr-00008-SLG   Document 36   Filed 03/27/13   Page 12 of 12