Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Street, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Peter Offenbecher
SKELLENGER BENDER, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, WA 98101
(206) 623-6501

Attorneys for Defendant James Wells

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>JAMES MICHAEL WELLS,<br><br>               Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**DEFENDANT'S MOTION ON SHORTENED TIME FOR RECONSIDERATION OF ORDER SETTING PRETRIAL DEADLINES**<br><br>**[Oral Argument and Hearing Requested]** |

## I.   MOTION

The defendant James Wells, through his attorneys, Federal Public Defender Rich Curtner and Peter Offenbecher, moves for reconsideration of the order setting deadlines to file discovery motions, motions to suppress statements, and motions to suppress physical evidence.  These deadlines are currently scheduled for April 15, 2013, April 19, 2013, and June 14, 2013, respectively.  Dkt. at 26.

Case 3:13-cr-00008-SLG   Document 45   Filed 04/08/13   Page 1 of 22

## II. SUMMARY OF ARGUMENT

A rescheduling of the current pretrial motions dates is necessary because of the following: (a) the government has been intensively investigating these homicides since April 12, 2012 with a team of at least two Assistant United States Attorneys ("AUSAs") and other Coast Guard lawyers, scores of FBI and CGIS special agents, Alaska State Troopers, and other law enforcement officers, such that it is unreasonable and unfair to expect the defense to assimilate the government's investigation, conduct the defense investigation and litigate pretrial motions on this schedule; (b) the sheer volume of the discovery that the government has produced to date (17,287 pages; 1835 photos; 24 videos; etc.) has far exceeded counsels' expectations in terms of evaluating and preparing pretrial motions; (c) the government has still not completed disclosure of the Rule 16 material as ordered by the Court in the amended pretrial scheduling order; (d) neither counsel for Mr. Wells nor their staffs have been able to read or view all of the discovery already produced by the government, and are thus unable to effectively frame, in particular, any discovery motions or motions to suppress the defendant's statements; (e) both Mr. Curtner and his staff, and Mr. Offenbecher, have long-standing obligations to other clients and other courts, such that it is not possible for them currently to drop all of their other work and devote all of their time to Mr. Wells' defense in the first few months after they are appointed as his counsel and he is charged with capital murder; (f) the defense has not had an opportunity to determine which witnesses need to be interviewed and what other evidence should be presented at any motions to suppress; (g) on April 5, 2013, the government informed the defense that any defense mitigation information for the DOJ death notice decision must be

produced by May 1, 2013, forcing the defense to dedicate most of its resources to this critically important task; (h) provided that no death notice is filed by the government, a continuance of the pretrial motion deadlines will not cause a continuance of the current February 18, 2014 trial date; (i) there is no conceivable prejudice to the government in a continuance of the motions deadlines; (j) defense counsel have attempted to reach agreement with government counsel on a new schedule, but government counsel have refused to consider adjustment of the pretrial motion dates, instead advising defense counsel to "file a motion."

## III.  PROCEDURAL STATUS OF THE CASE

On February 15, 2013, James Wells was charged by Complaint with two counts of murder of a federal officer of employee, in violation of 18 U.S.C. § 1114.  Dkt. at 1.  Mr. Wells was arrested on February 15, 2013.  On February 19, 2013, Mr. Wells was charged by Indictment with two counts of murder in the first degree, in violation of 18 U.S.C. §§ 7(3) and 1111 (a) and (b), two counts of murder of an officer or employee of the United States, in violation of 18 U.S.C. § 1114 and 1111, and two counts of possession and use of a firearm in relation to a crime of violence, in violation of 18 U.S.C §§ 924(c) and (j).  Dkt. at 7.

Mr. Wells was arraigned on the Indictment on February 19, 2013, and entered not guilty pleas to all counts.  At the arraignment, the jury trial was set for April 15, 2013 and the final pretrial conference was scheduled for April 9, 2013.  Dkt. at 11.  The Court set a detention hearing for February 25, 2013, which was later vacated pursuant to a request by the defense that additional time was required to develop a release plan for Mr. Wells.  Dkt. at 16.  Mr. Wells remains in custody.

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 3
USA v. WELLS, 13-CR-00008-RRB-JDR

On February 27, 2013, counsel filed a Joint Motion to Continue Complex Case and Proposed Pre-Trial Deadlines. Dkt. at 18. On March 1, 2013, prior to holding a hearing on the joint motion to continue the trial date, the Court entered the First Pre-Trial Scheduling Order. Dkt. at 20. In this Order, entered 10 days after Mr. Wells' first appearance in federal court, the Court set the current schedule for defense pretrial motions as to discovery, motions to suppress statements, and motions to suppress physical evidence, as well as the government's schedule for submissions regarding the United States Attorney's recommendation to the Department of Justice Capital Review Committee. Dkt. at 20. At the time the current pretrial motions deadlines were set by the Court, the trial date of February 18, 2014 had not yet been set.

On March 8, 2013, the government moved for reconsideration of that portion of the First Pre-Trial Scheduling Order regarding the United States Attorney's recommendation to the Department of Justice Capital Review Committee. Dkt. at 23.

The Court granted the government's motion for reconsideration of that portion of the Pretrial Scheduling Order, stating:

> The United States Attorney for the District of Alaska is expected to submit her recommendation and any supporting memorandum concerning whether the death penalty is sought to the Capital Review Committee in a timely manner.

> *        *        *

> The Court believes that this schedule allows reasonable time for counsel for the parties to discharge their respective duties with respect to the question of whether the death penalty should be sought, giving due regard to the factual complexity of the case. The Court recognizes that scheduling extensions may be necessary to accommodate full development of facts related to the defendant's guilt and aggravating factors as the case proceeds.

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 4
USA v. WELLS, 13-CR-00008-RRB-JDR

Dkt. at 26, at 3. The Amended Pretrial Order included the same deadlines for defense pretrial motions as did the previous Order, as indicated below:

| DATE | EVENT |
|---|---|
| Completed on February 22, 2013 | Rule 16(a)(1)(A), (B), and (D) discovery |
| March 5, 2013 | Rule 16(a)(1)(E) inspection of physical items |
| March 15, 2013 | Rule 16(a)(1)(E) production of documents |
| April 15, 2013 | Defense discovery motions |
| April 19, 2013 | Motions to suppress statements |
| June 14, 2013 | Motions to suppress physical evidence |
| July 12, 2013 | Expert notices |
| September 13, 2013 | Rebuttal expert notices |
| October 4, 2013 | *Daubert* Motions |
| 2 months before trial date | Motions *in Limine*<br>    FRE 404(b) notices will be provided 4<br>    weeks prior to the motions *in limine* deadline |
| 6 weeks before trial date | Jencks and *Giglio* material |
| 1 month before trial date | Inspection of trial documents and objects |

Dkt. at 26.

On March 13, 2013, the District Court held a hearing on the Joint Motion to Continue Complex Case and Proposed Pre-Trial Deadlines. At that time, the Court declared the case complex and continued the trial date until February 18, 2014. Dkt. at 34 and 35.

Mr. Wells now moves for a reconsideration of the Court's order setting pretrial deadlines for the defense to file discovery motions, motions to suppress statements, and motions to suppress physical evidence.

## IV.   FACTS PERTAINING TO MOTION TO RESCHEDULE PRETRIAL MOTIONS DEADLINES

### A.   The Government Has Been Intensively Investigating These Homicides Since April 12, 2012 With A Team Of At Least Three Assistant United States Attorneys And Other Coast Guard Lawyers, Scores Of Special Agents, Troopers, and Officers from the Federal Bureau of Investigation, the Coast Guard Investigative Service, Alaska State Troopers, and Other Law Enforcement Agencies, Such That It Is Unreasonable And Unfair To Expect The Defense To Assimilate The Government's Investigation, Conduct The Defense Investigation, And Litigate Pretrial Motions On The Current Schedule.

The homicides in this case occurred on April 12, 2012 on Kodiak Island.  Since that time, the government has deployed an extraordinary array of law enforcement resources in the investigation of these crimes.  For the past year, these homicides have been intensely investigated by a team of criminal investigators with various law enforcement agencies, including the Federal Bureau of investigation (FBI), the Coast Guard Investigative Service (CGIS), the Alaska State Troopers (AST), and the Kodiak Police Department (APD).  We do not know whether some of these agents have been deployed full or close to full time on this case or the amount of time that these agents have expended.  It also appears that other law-enforcement agencies both in the state of Alaska and outside the state of Alaska have participated in this year-long investigation.

It appears that at least two AUSAs from the United States Attorney's Office for the District of Alaska have been working on this case.  There may be more lawyers, including lawyers with the Department of Justice.  It appears to counsel that at least one of the AUSAs has devoted most of his time in the past twelve months to this case alone.  It appears that other lawyers from the Coast Guard have also been involved in the investigation; we do not know the amount of time that they have invested.

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 6
USA v. WELLS, 13-CR-00008-RRB-JDR

In order to assess the time and resources that the defense may need to effectively fashion and present the pretrial motions in this matter, the Court should evaluate the resources that the government has expended in investigating and prosecuting this matter to date and the physical product of that investigation. In part to inform the Court as to these matters (and also to respond to the government's motion to reconsider appointment of CJA counsel), the defense has asked the government to provide the data as to the resources it has expended in investigating this case, including the number of attorneys assigned to the case, attorney hours expended, agents assigned to the case, agent hours expended, etc:

> In order for the defense to properly respond to your motion, we will need you to provide to us the following information regarding the resources the government has expended in this investigation to date:
>
> 1. The number of attorneys from the United States Attorney's Office, the Department of Justice, the Coast Guard, the local prosecutor's offices, or any other law enforcement agencies who have worked on this matter since April 12, 2012;
> 2. With respect to these lawyers, the percentage of their time that has been devoted to this investigation since April 12, 2012, and the number of hours these lawyers have spent on this investigation;
> 3. The number of paralegal staff in your office or other offices, the percentage of their time, and the number of hours that have been devoted to this investigation since April, 12, 2012;
> 4. The number of agents, officers, and troopers from the Federal Bureau of Investigation (FBI), the Coast Guard Investigative Service (CGIS), Alaska State Troopers (AST), Kodiak Police Department (KPD), or any other law enforcement agencies who have worked on this matter since April 12, 2012;
> 5. With respect to the agents, officers, and troopers, the percentage of their time that has been devoted to this investigation since April, 12, 2012, and the number of hours these officers have spent on this investigation;
> 6. The number of witnesses that have been interviewed regarding this matter since April 12, 2012;
> 7. The number of attorney and agent hours spent traveling to/from, or residing on, Kodiak Island since April 12, 2012, in order to prepare the government's case in this matter;

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 7
USA v. WELLS, 13-CR-00008-RRB-JDR

8. The number of experts consulted by the government and time spent to date by lawyers or agents preparing experts to conduct tests or testify in this matter;
9. The number and character of any forensic tests performed in preparing this matter for trial.

This information (i.e., the amount of lawyer and investigative resources the government has devoted to this investigation since April 12, 2012) is all relevant to the question you have raised in your motion: Do Mr. Curtner and Federal Public Defender Office require additional assistance in this potentially capital murder case. The Court will need this information to fairly determine whether the appointment of additional CJA counsel is appropriate in this case.

We request that you provide this information promptly so that we may timely respond to your motion. Should you be unwilling to provide this information prior to the hearing on this motion, we ask that you assemble the information so that we can examine a witness (someone from your office or one of the case agents) under oath at the evidentiary hearing that you have requested on your motion.

If you are unwilling or unable to provide this information to us, then we will be required to provide the Court our best good faith estimate of these facts from a review of the discovery materials that you have provided, to give the Court a good sense of the scope of the task ahead for the defense team in responding to the product of your investigation.

Dkt. at 41-2.

As of this writing, the government still has not provided the requested information regarding the resources it has invested in this case. Defense counsel must therefore provide the Court with an estimate of the resources the government has expended and the product of its investigation. The Court cannot know the facts about the true extent of the involvement of these other law enforcement agencies and the total resources devoted to this investigation unless the Court inquires of counsel for the government at the time of the hearing on this motion.

Since it began investigating this case on April 12, 2012, the government advises counsel that it has interviewed over six hundred witnesses. Virtually none of the names of the persons,

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 8
USA v. WELLS, 13-CR-00008-RRB-JDR

nor the FBI 302s or other Memoranda of Interviews of these hundreds of interviews, have been provided to the defense. The government has applied for, obtained, and executed twenty four search warrants over the past year. It seems clear that the government has expended thousands of hours of attorney and agent time on this case over the past year.

**B. The Volume Of The Discovery that the Government Has Produced To Date Has Far Exceeded Counsels' Expectations In Terms Of Evaluating and Preparing the Pretrial Motions on the Current Schedule.**

To date, the government has provided 17,287 pages of discovery, 1,464 photos, eleven audio recordings, twenty-four videos, twelve pieces of miscellaneous discovery, and hundreds of items of physical evidence. Some of the items of physical evidence include Outlook files with hundreds of email messages. Other digital evidence includes the contents of the cellular phone of at least one of the decedents.

The defense received discovery materials from the government the following dates:

| Date: | Pages of Docs | Photos | Audio | Video | Misc. Discovery |
|---|---|---|---|---|---|
| 02/22/2013 | 2039 | 1464 | 8 | 0 | 0 |
| 02/22/2013 | 2639 | 0 | 0 | 0 | 0 |
| 02/25/2013 | 138 | 0 | 0 | 2 | 0 |
| 03/01-05/2013 | 93 | 0 | 0 | 0 | 0 |
| 03/15/2013 | 3804 | 0 | 0 | 21 | 8 (xls. files & autocad |
| 03/18/2013 | 7307 | 0 | 0 | 0 | 0 |
| 03/20/2013 | 1267 | 0 | 3 | 1 | 4 (Forensic reports) |
| 03/20/2013 - (ThumbDrive)* | | 371 | | | |
| **Total Pages: 17,287** | | **1835** | **11** | **24** | **12** |

As of April 5, 2012, the government indicated that it intends to provide Mr. Wells with additional two two-terrabyte hard drives containing video discovery as well as additional

documentary evidence of unknown volume recently obtained from the Coast Guard. As of this writing, this discovery has not yet been received.

Although substantial progress has been made on examination of the physical evidence (scheduled by the Court to be completed by March 5, 2012), some physical evidence remains to be examined by the defense team. It is expected that this evidence examination will be completed by the end of April 2013.

### C. The Government Has Still Not Completed Disclosure Of The Rule 16 Material As Ordered By The Court In The Amended Pretrial Scheduling Order.

When the Court issued the previous scheduling order, the Court expected that the government would have completed its Rule 16 disclosure obligations between February 22, 2013 and March 15, 2012. A review of the discovery log set forth above, as well as government counsels' representations regarding additional discovery to be provided, demonstrates that the government, despite its best efforts, has not been able to comply with the Court's pretrial scheduling order. It is not clear when the government will be able to complete its Rule 16 discovery obligations. Without completion of the government's Rule 16 discovery obligations, it is difficult, if not impossible, for defense counsel to assess the extent of missing discovery and then file discovery motions as well as investigate and present Mr. Wells' pretrial motions to suppress evidence.

### D. Neither Counsel For Mr. Wells Nor Their Staffs Have Been Able To Read Or View All Of The Discovery Already Produced By The Government, And Are Thus Unable To Effectively Frame Any Discovery Motions Or Motions To Suppress The Defendant's Statements or Other Evidence.

Neither Mr. Curtner nor Mr. Offenbecher, nor their investigative and paralegal staff, have been able to read or review all of the discovery already produced by the government. Regarding

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 10
USA v. WELLS, 13-CR-00008-RRB-JDR

just the documentary evidence provided to date, and not considering the email evidence, the tape recordings, and the video recordings, the government has provided 17,287 pages of. If a person were able to read 50 pages per hour and work 20 hours per week, doing nothing else but reading the discovery, it would take each of the lawyers in this case over 17 weeks just to conduct a first review of the documentary discovery. This time does not include, of course: analyzing and cross referencing the information in the discovery; meeting with and discussing the discovery materials with the client; meeting with and discussing the discovery materials with co-counsel and investigation staff; considering the legal issues that may be raised by the discovery provided; conducting appropriate legal research regarding those issues; conducting follow-up investigation of the items referred to in the discovery, including witness interviews; traveling to conduct investigation and meet with the client; drafting and editing appropriate pretrial motions; and preparing for any evidentiary hearing on the motions.

The discovery materials have been provided to Mr. Wells in electronic format, which he is able to review on a computer in the jail library. However, due to jail regulations and scheduling, Mr. Wells is only permitted a short time each day in the library to review the discovery. It is critically important to the defense that Mr. Wells have an opportunity to review the discovery so that he can discuss the facts with counsel and assist counsel in determining which pre-trial motions are appropriate and how they should be presented. Mr. Wells will not be able to review the discovery under the current pretrial motions schedule.

Defense counsel are also in the process of analyzing information related to forensic evidence such as the crime scene, guns and ballistics, fingerprints, vehicles, tires, and personnel

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 11
USA v. WELLS, 13-CR-00008-RRB-JDR

and military records.  All of these are essential functions of the defense lawyers that must be accomplished at this stage of any criminal case, much less a criminal case in which the client's life is at stake.

The Sixth Amendment entitles a criminal defendant to more than mere legal representation; an accused has the right to the effective assistance of competent counsel. *Powell v. Alabama*, 287 U.S. 45, 58 (1932).  Adequate time to prepare for a case is essential to render effective assistance.  *See Powell*, 287 U.S. at 71 (inadequate case preparation jeopardizes an accused's right to effective assistance of counsel).  The need for adequate preparation is paramount when an accused is facing death.

Capital cases are fundamentally different from other criminal cases, not only in the severity of the potential penalty but also in the nature of the evidence and information that must be developed.   Sensitive facts need to be disclosed to members of the defense team, who are essentially strangers to the defendant.  Developing the necessary level of trust can take many months.  The process can be incrementally slow, especially where witnesses are uncooperative.

Defense counsel face difficult and time-consuming tasks in capital cases, especially considering that they operate without the virtually unlimited resources available to the government.  When a person's life is at stake, counsel must undertake an exhaustive exploration of every factual and legal aspect of the "defendant's character... and any of the circumstances of the offense." *Lockett v. Ohio*, 438 U.S. 586, 604 (1978).  The pretrial motions practice is more detailed and complex in a capital case than in a criminal case not involving the potential penalty

of death. In essence, defense counsel prepares for two trials, i.e. the guilt and penalty phases, simultaneously.

Moreover, a capital trial is different from all other cases because the burden of death and its finality are irrevocable. In *Wiggins v. Smith*, 539 U.S. 510, 535 (2003), the Supreme Court outlined minimum tasks for capital counsel, relying on ABA standards on guilt-phase investigation, ABA Guideline 11.4.1, Investigation (1989), which expressly provides:

> Counsel should conduct independent investigations relating to the guilt/innocence phase and to the penalty phase of a capital trial. Both investigations should begin immediately upon counsel's entry into the case and should be pursued expeditiously.

The ABA Guidelines specify that counsel should investigate: (1) potential witnesses, including "witnesses having purported knowledge of events surrounding the offense"; and (2) "physical evidence or expert reports relevant to the offense." ABA Guideline 11.4.1, Section D.3 and D.5 Investigation (1989).

The ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (rev. ed. 2003) set forth the expectations of the profession concerning the obligations of counsel in capital cases. ABA Guideline 10.7 states:

> A.   Counsel at every stage have an obligation to conduct thorough and independent investigations relating to the issues of both guilt and penalty.

The Commentary to Guideline 10.7 provides that, appropriate guilt-phase investigation includes review of:

> 1.   Charging documents;
>
> 2.   Potential witnesses (barring exceptional circumstances, counsel should seek out and interview potential witnesses, including, but not limited to:

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 13
USA v. WELLS, 13-CR-00008-RRB-JDR

(1) eyewitnesses or other witnesses having purported knowledge of events surrounding the alleged offense itself; (2) potential alibi witnesses; (3) witnesses familiar with aspects of the client's life history that might affect the likelihood that the client committed the charged offense, the degree of culpability for the offense; (4) members of the victim's family);

3.     The Police and Prosecution witnesses;

4.     The Physical Evidence;

5.     The Scene.

Capital counsel at every stage must exercise professional judgment in accordance with the Guidelines and investigate and consider all legal claims potentially available. Counsel must thoroughly investigate the basis for each potential claim before reaching a conclusion as to whether it should be asserted and evaluate potential claims in light of the unique characteristics of death penalty law and practice. ABA Guideline 10.8. The Supreme Court has emphasized the duties of capital counsel to conduct a thorough investigation and present any legally assertable claims. *See, e.g., Rompilla v. Beard*, 54 U.S. 374 (2005).

Defense counsel for Mr. Wells have only begun reviewing and assimilating the thousands of pages of discovery. This is a painstaking and slow process. The government has not provided defense counsel with a list of the hundreds of potential witnesses in this case or the Jencks and *Brady* and *Giglio* material. Although the government may not be required to share this information at this point, the government's failure to provide this information greatly increases the amount of time that Mr. Wells' defense team must devote to trying to ascertain whom to interview and what other follow up to perform regarding these homicides.

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 14
USA v. WELLS, 13-CR-00008-RRB-JDR

**E.** **Both Mr. Curtner And His Staff, And Mr. Offenbecher, Have Long-Standing Obligations To Other Clients And Other Courts, Such That It Is Not Possible For Them To Drop All Of Their Other Work And Devote All Of Their Time To Mr. Wells' Defense In The First Few Months After They Are Appointed As His Counsel.**

The government completed its investigation and timed the charging decision when all of its evidence had been obtained, the witnesses interviewed, experts consulted, and when the AUSAs felt prepared to proceed with the case. On the other hand, neither Mr. Curtner nor Mr. Offenbecher planned for this particular case to be a full-time endeavor at this particular time. Understandably, both Mr. Curtner and Mr. Offenbecher have long standing obligations to other clients and other courts in the near term.

Federal Public Defender Rich Curtner is lead counsel for the defense in this matter. Although Mr. Curtner will diligently represent Mr. Wells, he has other important obligations to the Office of the Federal Public Defender (which has a staff of 20 employees) and to the District Court as a whole, that will continue to occupy a significant portion of his time while he leads the defense of Mr. Wells.

For Mr. Offenbecher, who the Court appointed to represent Mr. Wells on March 8, 2013, those obligations include a federal bank fraud conspiracy trial currently set for trial in United States District Court in Seattle on June 10, 2013 and a federal drug conspiracy trial in United States District Court in Juneau currently scheduled for trial on June 24, 2013, as well as a number of other state and federal matters that are not yet set for trial.

Both Mr. Curtner and his staff, and Mr. Offenbecher thus have long-standing obligations to other clients and other courts. While Mr. Curtner and Mr. Offenbecher will work diligently on

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 15
USA v. WELLS, 13-CR-00008-RRB-JDR

this important matter, it is not possible for them to drop all of their other work and devote themselves solely to Mr. Wells' defense in the first few months after they are appointed as his counsel.

**F.     The Defense Has Not Had An Opportunity To Determine Which Witnesses Need To Be Interviewed And What Other Evidence Should Be Presented At Any Motions To Suppress.**

Spanning a time frame of ten months, the government applied for, obtained, and executed twenty-four warrants to search real property, vehicles, other personal property, computers, telephones, and the person of Mr. Wells and his wife.  The government may also allege that some of these searches were obtained by consent. Other items have been obtained by subpoena or other process.  This is the most complicated search and seizure matrix that has ever been encountered by either defense counsel in a criminal case. At least some of the physical evidence seized—including a tire seized from Mr. Wells' truck—is, in the government's estimation, crucial to the prosecution case.

In April 2012, Mr. Wells was interrogated by federal law enforcement officers on the United States Coast Guard Station in six different sessions over a period of two days.  Even a cursory review of the circumstances of these statements suggests that there are substantial legal grounds counsel must pursue in moving to suppress the statements. Significant investigation by the defense is also necessary. The government believes that his statements are the best evidence of his liability.

The defense has not had an opportunity to determine which witnesses need to be interviewed and what other evidence should be presented at any motions to suppress. Without

sufficient further time, Mr. Curtner and Mr. Offenbecher are thus unable to effectively frame, in particular, any discovery motions or motions to suppress the defendant's statements and other evidence and to provide Mr. Wells the constitutionally effective assistance of counsel in this death penalty case.

### G. The Government Has Just Informed The Defense That Any Defense Mitigation Information For The DOJ Death Notice Decision Must Be Produced By May 1, 2013, Forcing The Defense To Dedicate Most Of Its Resources To This Critically Important Task.

On April 5, 2013, the government informed defense counsel that any defense mitigation information for the DOJ death notice decision must be produced by May 1, 2013. This forces the defense to dedicate most of its current time and resources to this critically important task.

Capital counsel at every stage of the case have a continuing duty to investigate issues bearing upon penalty and to seek information that supports mitigation or rebuts the prosecution's case in aggravation. ABA Guideline 10.11(A). Counsel must consider, in developing their evidence and making strategic decisions with regard to the presentation of such evidence, witnesses familiar with and evidence relating to the client's life and development, from conception to the time of sentencing, that would be explanatory of the offense for which the client is being sentenced, would rebut or explain evidence presented by the prosecutor, would present positive aspects of the client's life, or would otherwise support a sentence less than death; expert and lay witnesses with supporting documentation to provide insight into the client's mental or emotional state; evidence to support a sentence less than death and witnesses who can testify about the adverse impact of the client's execution on the client's family and loved ones. ABA Guideline 10.11(F)1-5.

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 17
USA v. WELLS, 13-CR-00008-RRB-JDR

Because the sentence in a capital case must consider mitigation, "anything in the life of the defendant which might militate against the appropriateness of the death penalty for the defendant, penalty phase preparation requires extensive and generally unparalleled investigation into personal and family history."

The ABA Guidelines obligate capital counsel to explore: medical history, family and social history, family history of mental illness, cognitive impairments, substance abuse, domestic violence, poverty, familial instability, neighborhood environment and peer influence, traumatic events, the loss of a loved one or natural disaster, experience of social or ethnic bias, cultural or religious influences, failures of government or social intervention; educational history; military service; employment and training history; and prior juvenile and adult correctional experience. ABA Guidelines 10.7. Counsel must also have adequate time to develop the relationship of trust required for effective representation in a capital case in order to understand and present the most crucial facts about the defendant.

This accelerated schedule is in contrast to the more deliberate pace pursued by other federal prosecutors throughout the nation. Attached to this motion and marked as Exhibit A is the declaration by Kevin McNally, the Director of the Federal Death Penalty Resource Counsel Project. Mr. McNally gathers data regarding federal death penalty cases throughout the nation. Mr. McNally reports in the attached declaration that the average time from arraignment to the filing of a death notice in a federal case is 12.9 months. The average time from filing of a death notice until trial is 14.9 months. *See* Declaration of Kevin McNally, at Exh. A.

This accelerated schedule imposed upon defense counsel in Mr. Wells' case requires defense counsel to focus on the mitigation aspects of the case which might persuade the Department of Justice or the Attorney General not to file a notice of intent to seek the death penalty. This schedule diverts defense resources from the guilt phase legal issues, such as discovery motions, motions to suppress statements, and motions to suppress physical evidence, which are currently scheduled to be filed in the next two weeks. This is an additional reason that the current pretrial motions schedule is unworkable.

**H.    Provided That No Death Notice Is Filed By The Government, A Continuance Of The Pretrial Motion Deadlines Will Not Cause A Continuance Of The Current February 18, 2014 Trial Date.**

The current trial date is February 18, 2014, provided that no notice of intent to seek the death penalty is filed by the Attorney General. This date leaves more than ample time for the defense to have an opportunity to investigate the case and present any pretrial motions, and obtain a ruling from the Court -- for example, during the late summer and fall of 2012 -- well before the scheduled trial date. There is no legitimate reason to require the defense to file pretrial motions before it can be reasonably prepare, particularly when there is still a period of ten months before the scheduled trial date. Provided that no death notice is filed by the government, a continuance of the pre-trial motion deadlines will not cause a continuance of the current February 18, 2014 trial date.

**I.    There Is No Conceivable Prejudice To The Government In A Continuance Of The Motions Deadlines.**

There is no prejudice to the government in a continuance of these pretrial motions deadlines. The only conceivable benefit to government in forcing the defendant to adhere to the

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 19
USA v. WELLS, 13-CR-00008-RRB-JDR

current pretrial motions schedule is to gain an unfair tactical advantage over the defense by forcing defense counsel to proceed when defense counsel is unprepared. Of course, this is not the type of prejudice to the government the Court should or would endorse.

> **J. Defense Counsel Have Attempted To Reach Agreement With Government Counsel On A New Schedule, But Government Counsel Have Refused To Consider Adjustment Of The Pretrial Motion Dates, Instead Advising Defense Counsel To "File A Motion."**

Defense counsel have attempted to reach agreement with government counsel on a new pretrial motions schedule. As recently as April 5, 2013, government counsel have refused to consider adjustment of the pretrial motion dates, instead advising defense counsel to "file a motion." This motion follows.

## V. PROPOSED REVISED PRETRIAL MOTIONS SCHEDULE

| EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Rule 16(a)(1)(A), (B), and (D) discovery | Completed on February 22, 2013 | |
| Rule 16(a)(1)(E) inspection of physical items | March 5, 2013 | Substantially complete; expect completion by April 30, 2013 |
| Rule 16(a)(1)(E) production of documents | March 15, 2013 | Still incomplete |
| Defense discovery motions | April 15, 2013 | July 26, 2013 |
| Motions to suppress statements | April 19, 2013 | August 30, 2013 |
| Motions to suppress physical evidence | June 14, 2013 | September 27, 2013 |

## VI. CONCLUSION

This is an extraordinarily complex death penalty prosecution. The homicides occurred over a year ago on Kodiak Island. Over the past year, the government has devoted thousands of hours of attorney and agent time to investigate these homicides. Nevertheless, the government's case against Mr. Wells is admittedly circumstantial, since there is, despite extensive

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 20
USA v. WELLS, 13-CR-00008-RRB-JDR

interrogation, no admission by Mr. Wells of any liability and no weapon or other physical evidence weapon linking him to the homicide scene.

Defense counsel respectfully request additional time to perform their duties responsibly and effectively. Whether to grant a continuance is a matter committed to the Court's discretion. *United States v. Flynt,* 756 F.2d 1352, 1358-62 (9th Cir. 1985). "The concept of fairness, implicit in the right to due process, may dictate that an accused be granted a continuance in order to prepare an adequate defense." *United States v. Bogard*, 846 F.2d 563, 566 (9th Cir. 1988). In *Ungar v. Sarafite*, 378 U.S. 575, 588 (1964), the Supreme Court explained that, "[t]he matter of continuance is traditionally within the discretion of the trial judge... A myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." [Internal citations omitted]

In entering the first amended pre-trial scheduling order, this Court recognized that modifications of the pretrial scheduling order might be necessary: "The Court recognizes that scheduling extensions may be necessary to accommodate full development of facts related to the defendant's guilt and aggravating factors as the case proceeds." Dkt. at 26, p. 3. That necessity is apparent here.

Unlike the thousands of other federal criminal cases before the Court, in this case, Mr. Wells' life is at stake. Mr. Wells' counsel are endeavoring to be diligent in order to fulfill the responsibilities of effective assistance of counsel outlined in the ABA Guidelines for capital cases. Requiring the defense to file these pretrial motions without proper investigation of the

facts would deprive Mr. Wells both of the effective assistance of counsel and due process of the law protected by the Fifth and Sixth Amendments to the Constitution.

The Court should adjust the pretrial motions deadlines as requested in light of all of the above factors. This motion is being filed on shortened time because the first pretrial motions are due on Monday, April 15, 2013.

DATED this 8th day of April 2013.

Respectfully submitted,

_____/s/ Rich Curtner_____
Rich Curtner, Federal Defender
Peter Offenbecher, Skellenger Bender, PS
Attorneys for Defendant James Wells

Certification:
I certify that on May 8, 2013,
a copy of the **Defendant's Motion on
Shortened Time for Reconsideration of
Order Setting Pretrial Deadlines [Oral
Argument and Hearing Requested]** was
served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Daniel R. Cooper , Jr.
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: daniel.cooper@usdoj.gov

/s/Rich Curtner

DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER SETTING PRETRIAL DEADLINES – 22
USA v. WELLS, 13-CR-00008-RRB-JDR