| | |
|---|---|
| **From:** | Sue Ellen Tatter <Sue_Tatter@fd.org> |
| **Sent:** | Wednesday, February 27, 2013 3:59 PM |
| **To:** | Cooper, Daniel (USAAK) |
| **Subject:** | RE: Wells Schedule |

all satisfactory except please give us 6 weeks on the statements.


From: "Cooper, Daniel (USAAK)" <Daniel.Cooper@usdoj.gov>
To: Sue Ellen Tatter <Sue_Tatter@fd.org>, "Schroder, Bryan (USAAK)" <Bryan.Schroder@usdoj.gov>
Cc: "Rich Curtner (Rich_Curtner@fd.org)" <Rich_Curtner@fd.org>
Date: 02/27/2013 03:47 PM
Subject:RE: Wells Schedule


Sue Ellen:

1. Another month is fine, although my review of the Keyes' order differs from your reading.

2. This case is different than Keyes. You have six statements, all of which have been transcribed, and you have the tapes and the transcripts.
Two months is too long. We are willing to be flexible on some issues, as I told Rich yesterday, but now you are pushing everything out way too far.
We believe one month is enough.

3. There is not a great deal of physical evidence here, and you are going to look at it next Tuesday. The search warrants are all on rolling affidavits. We agree that you can have one more month, but we have to have a determination of the admissible evidence so we can move the case forward.
If you want any additional time to prepare the motions to suppress, then all the subsequent times need to slide as well, otherwise Bryan and I are having to do multiple things at once - something we are all are trying to
avoid. The idea with a planning order is to prepare for an orderly case,
with both sides being treated fairly. Both sides want to avoid having to do several things at once.

4. I told Rich yesterday that we will provide the tire expert early, but your attempts to draw this process out unduly makes me want to reconsider.

5. Agreed.

6. Agreed.

7. We will not agree at this time to more advance notice than that in the proposed order. However, if the case is progressing smoothly, we may provide earlier discovery of these statements.

8. and 9. Are without dispute at this time.

1

404(b) material will be provided in sufficient time to allow you to bring appropriate motions in limne.

Once again, this is not the Keyes case. The issues are completely different. We are willing to work with you, but you have to be willing to work with us too.

Let me know what you want to do. If we can't agree by 4:40. We will file our papers saying we me and were unable to agree, and propose deadlines as above.


Dan Cooper
Assistant U.S. Attorney
907-271-3376 desk
907-271-1500 fax



-----Original Message-----
From: Sue Ellen Tatter [mailto:Sue_Tatter@fd.org]
Sent: Wednesday, February 27, 2013 3:19 PM
To: Schroder, Bryan (USAAK)
Cc: Cooper, Daniel (USAAK)
Subject: Wells Schedule


rich asked noa and i to respond to your proposed schedule.

we generally approve of the categories of evidence and sequences you propose. our only dispute is with the timing.

1. Defense Discovery Motions  Discovery will be provided, according to your proposal, by March 15. we would like our discovery motions due a month after that date, not a week later. with our other cases, travel and staffing, one week is simply too short to research discovery issues. The one month deadline for discovery motions was ordered by magistrate roberts in Keyes.

2. Motions to Suppress Statements  the proposal gives us a month after provision. we request at least 2 months. there was a three month time frame in Keyes.

3. Motions to Suppress Physical Evidence  You are proposing 2 months here.
there is a great deal of physical evidence here. we may not have seen or analyzed all the evidence in two months. Although you might characterize this case as conceptually "simpler" than Keyes, we are suddenly confronted with hundreds of physical items, not to mention computer hard drives and other digital material. we did not know about this material before. We may
not have inspected every piece two months after notice.  We propose  4
months. (Keyes was almost a four month window, but the prosecutors divided the evidence into search warrant proceeds and other physical evidence.
Here we dont know where much of the material came from.)

4. Expert notices  You request June 14, which is generally fine. I hope you consider our request to learn about the tire issues and experts earlier, in aid of negotiation.

5. Rebuttal Expert Notices  That generally appears satisfactory. but if
your expert material is voluminous, we may ask for this deadline to be extended.

2

6. Daubert Motions  We would like at least two months rather than six weeks.  At present, we don't know how many experts there are and how solid the disciplines are.  we may have multiple Daubert motions.

7. Jencks and Giglio Notices           We would like two or three months between notice and trial, rather than one month.  if there are "other suspects" or leads we need to follow, one month just before a murder trial is not enough time.

8. Inspection of Trial Documents and Objects.  Fine.

9. Motions in limine  Fine, unless there are untimely surprises.

You dont have a category for your providing 404(b) material.  When would that occur?

I hope we can work this out.  we are just asking for a few extensions in line with roberts' orders in Keyes.