KAREN L. LOEFFLER
United States Attorney

DANIEL COOPER, JR.
Assistant U.S. Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: daniel.cooper@usdoj.gov
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-RRB-JDR |
|---|---|
| Plaintiff, | ) **DECLARATION OF COUNSEL IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION ON SHORTENED TIME FOR RECONSIDERATION OF ORDER SETTING PRETRIAL DEADLINES [DOCKET 45]** |
| vs. | |
| JAMES MICHAEL WELLS, | |
| Defendant. | |

I, DANIEL R. COOPER, JR, declare and state:

1. I am an Assistant U.S. Attorney in the District of Alaska.  I have been assigned primary responsibility for the captioned case.

2. At the arraignment held February 19, 2013, the court, at the parties' request, ordered the parties to meet and confer, and propose a joint scheduling order.

3. Thereafter, the parties met at the United States Attorney's office on Monday, February 25, 2012, at 10:00 a.m. for that purpose. Mr. Curtner proposed that the prosecution follow the timing and order set out in U.S. v. Keyes, another recent capital case in this District. I stated that there are significant differences between the Wells case and the Keyes case, nut nonetheless agreed to look at the pretrial orders.

4. In that meeting, I arranged for the defense team to view the evidence at the FBI, and offered to make a presentation of the government's theory of the case to the defense team.

5. After the meeting, I reviewed the Keyes pretrial order. Based upon that review, and the discussions with Mr. Curtner and his staff, the Government prepared a draft document titled "Discovery Conference and Notification and Proposed Pre-Trial Deadlines," which was provided to Mr. Curtner and the Federal Defender's Office.

6. The document proposed a number of deadlines. In that draft document, the government disclosed the following information regarding discovery materials: "The indictment came at the end of a lengthy investigation, which generated 343 recorded interviews and 268 non-recorded interviews. The government also executed 20 search warrants, and obtained information through 62 grand jury subpoenas. There is also important video evidence. All of this discovery material must also be analyzed to determine whether there may be new or novel legal issues."

7. Based upon that disclosure, the parties commenced negotiations regarding the scheduling.

8. Exhibit A attached to the Opposition is a copy of three emails between counsel. The first email is from Assistant Federal Defender Tatter to me. The second is my response to Ms. Tatter. The final email is her response accepting the terms proposed in my email, and asking for an additional change. That change was accepted and included in the final Joint Motion.

9. On February 22, the Federal Defender's Office was provided with, amongst other discovery, the recordings of all of the interviews with Mr. Wells, and copies of all the search warrants issued in this case. The negotiations and discussions with the Federal Defender's Office occurred after the materials were provided to them.

10. On March 4, 2013, the defense was provided an open and honest evaluation of the case by the prosecutors, including a presentation of a summary of the evidence and the government's theory of the case.

11. On March 29, 2013, Mr. Offenbecher spoke with the government's lawyers about a few issues. In that call, which lasted over 20 minutes, Mr. Offenbecher stated that he wanted to change all the due dates. Government counsel listened to his reasons. We were not persuaded. Moreover, we attempted to explain the following reasons for the deadlines to which Mr. Wells' then lawyers had already agreed:

   a. The taped statements, for which transcripts were also provided, were six in number, occurred over two days, and

U.S. v Wells
3:13-cr-00008-RRB-JDR            Page 4 of 6

were a discrete set of statements. Moreover, the law regarding the suppression of statements is well established. Thus, a period of 56 days (from February 22 to April 19) seemed a reasonable amount of time.

b. The search warrants were based on "rolling affidavits" with new material added as it became known. While the government acknowledged that there were many warrants, over 20, the issue of probable cause as to each submission was discrete. Since a challenge to whether the affidavit in support warrants contained probable cause is generally limited to the four corners of the affidavit itself a period of 112 days seemed reasonable to prepare the motions to suppress.

c. Mr. Offenbecher also wanted the death penalty issue addressed early in the proceedings. Specifically, he wanted "the death penalty off the table." We explained that, in our view, before Mr. Wells could make any informed decisions about this case, the fundamental factual issues had to be determined: would his statements be admissible against him? Would the evidence seized pursuant to the search warrants be suppressed? Whatever the outcome of those motions, the evidentiary issues had to be decided before meaningful negotiations could take place.

d. Mr. Offenbecher was also informed that the structure of the motions schedule was reached so the government could prepare the so-called "death penalty memo" required by the Department of Justice in a capital case. He was informed that government counsel were starting it, and recognized that it had to be presented early to accommodate his expressed desire to resolve the issue as expeditiously as possible.

Declarations have the same legal force as affidavits 28 U.S.C. § 1746.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2013, in Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ Daniel R. Cooper, Jr.
DANIEL R. COOPER, JR.
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on April 15, 2013, the foregoing
was served electronically via the CM/ECF system
on the following counsel of record:

Rich Curtner and Peter Offenbecher

s/ Daniel R. Cooper
Office of the U.S. Attorney

U.S. v Wells
3:13-cr-00008-RRB-JDR        Page 6 of 6