Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Peter Offenbecher
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, WA 98101
(206) 623-6501

Attorneys for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**MR. WELLS' REPLY TO GOVERNMENT'S OPPOSITION TO MR. WELLS' MOTION TO CONTINUE PRETRIAL DEADLINES** |

I.　　INTRODUCTION

　　　　James Wells requested that this Court continue three deadlines for the filing of pretrial motions in this case. (Docket No. 45) Those deadlines were for any motions that Mr. Wells would file concerning the production of discovery by the government, motions to suppress statements made by Mr. Wells that are in the government's possession, and motions to suppress any physical evidence seized by the government.

Mr. Wells is not requesting a continuance of the trial date, and continuing the deadlines for these critical pretrial motions will not delay a non-capital trial scheduled in 2014.

Mr. Wells' motion to continue these deadlines was based on defense counsel's responsibilities to adequately review the discovery provided by the government to Mr. Wells, and to investigate and research the legal issues that would impact Mr. Wells' trial. In short, because of the nature of the investigation and discovery, because of the unique legal issues raised by the initial review of that discovery, and because this is potentially a capital case, defense counsel needs additional time to prepare these motions in order to adequately represent Mr. Wells.

The government's opposition to the appropriate representation by counsel for Mr. Wells seems to be based on some concept of "contract"; that this Court and Mr. Wells should be bound by attempts by Mr. Wells' counsel in February 2013 to agree to a tentative schedule for pretrial litigation.

The real issue in consideration of Mr. Wells' motion is Mr. Wells' Sixth Amendment right to representation.

## II. THE BASIS OF THIS COURT'S PRETRIAL SCHEDULING ORDER

Mr. Wells was arraigned and counsel was appointed on February 19, 2013. Sue Ellen Tatter was appointed and represented Mr. Wells at his arraignment. (Rich Curtner was attending an administrative conference in Baltimore, Maryland the week of February 19, 2013, to address the financial budget crisis due to sequestration.)

This Court issued the First Pretrial Scheduling Order on March 1, 2013. (Docket No. 20) That order provided for the following deadlines:

| Action | Date |
|---|---|
| Rule 16(a)(1)(A), (B), and (D) discovery | Completed on 2/22/13 |
| Rule 16(a)(1)(E) inspection of physical items | 3/5/13 |
| Rule 16(a)(1)(E) production of documents | 3/15/13 |
| Defense discovery motions | 4/15/13 |
| Motions to suppress statements | 4/19/13 |
| Motions to suppress physical evidence | 6/14/13 |
| Expert notices | 7/12/13 |
| Rebuttal expert notices | 9/13/13 |
| *Daubert* Motions | 10/4/13 |
| Motions *in Limine*<br>F.R.E. 404(b) notices will be provided 4 weeks prior to the motions in limine deadline. | 2 months before trial date |
| Jencks and *Giglio* material | 6 weeks before trial |
| Inspection of trial documents and objects | 1 month before trial date |

(*See* Order at Docket No. 20, p. 4)

As the government's opposition states, the government drafted this schedule. At that time, the government had been involved in this investigation for over a year. Defense counsel at that time, Sue Ellen Tatter, first received discovery on February 22, 2013. By March 1, 2013, Ms. Tatter has received 4,845 pages of discovery, plus audio and video files. (*See* Exhibit A, receipts for copies of discovery addressed to Sue Ellen Tatter.)

The government's opposition is based on email from Ms. Tatter that the government has referred to as "her final proposal" to declare this case complex and to propose pretrial deadlines.

As of the date of Ms. Tatter's "final proposal," she could hardly have been expected to review almost 5,000 pages of discovery, plus audio and video files, much less digest and analyze that discovery in the context of potential pretrial motions. Ms. Tatter's acquiescence to a tentative pretrial litigation schedule can hardly be considered a binding contract for this Court in protecting Mr. Wells' constitutional rights.

Moreover, the proposed schedule for discovery has been derailed by the sheer volume and nature of that discovery. The court's scheduling order certainly anticipated that discovery would be completed prior to the April 15, 2013, deadline for the defense to file discovery motions. Yet, discovery is still coming. And, the last delivery of discovery on April 10, 2013, includes over three terabytes of data that need to be accessed by the defense.

## III. THE CURRENT STATUS OF DISCOVERY

Discovery has been provided by the government to Mr. Wells in waves. By March 20, 2013, Ms. Tatter had received a total of 17,373 pages of discovery, and extensive electronic evidence. (*See* Exhibit B, receipts for discovery received by Sue Ellen Tatter.) The volume of physical evidence produced for inspection was such that defense counsel has spent two sessions at the FBI inspecting evidence, and will need a third session to complete this inspection.

The latest wave of discovery was received on April 10, 2013. (*See* Exhibit C, receipt for copies of discovery received by Rich Curtner.) This most recent discovery consists of forensic images of hard drives, computer profiles, mail archives, and forensic examinations. This discovery requires specific forensic software to access and analyze the digital information. The office of the Federal Defender has such software, but Mr. Offenbecher's office does not.

Additionally, it will be an extreme challenge for Mr. Wells to review this discovery within the time frame proposed by the government. Mr. Wells has very little access to the computer at the law library in the Anchorage Jail to review discovery.

### IV. THE NATURE OF PRETRIAL MOTIONS

As the government's opposition acknowledges:

> The indictment came at the end of a lengthy investigation, which generated 343 recorded interviews and 268 non-recorded interviews. The government also executed 20 search warrants, and obtained information through 62 grand jury subpoenas. There is also important video evidence. All of this discovery material must also be analyzed to determine whether there may be new or novel legal issues.

(Docket No. 50, p. 3)

In fact, the government's opposition recognized the potential issues in obtaining statements form Mr. Wells. (*See* Docket No. 50, p. 8) Yet the government has not provided any reports or summaries of any of the 611 interviews that may be relevant to pretrial motions.

Mr. Wells should not have to rely on the government's evaluation of pretrial motions, and Mr. Wells should not have to disclose his analysis or strategy in his legal analysis of the evidence. But, suffice it to say, based on discovery presented by the government, there are many witnesses who must be interviewed by the defense in regard to any motion to suppress statements.

As to litigation concerning the seizure of physical evidence pursuant to 20 search warrants, the defense has the responsibility to investigate any misrepresentations in affidavits used to obtain those search warrants. The government has not provided any reports of witness statements that would be pertinent to these search warrants, requiring the defense to identify and investigate many witnesses which have not been identified by the government.

## V. THIS POTENTIALLY IS A CAPITAL CASE

Complicating the issue of adequate time to investigate pretrial motions is the fact that the government has indicated it will request authorization to seek the death penalty in this case, and has requested mitigation evidence from the defense.

Capital cases require extensive investigation and preparation by the defense team. The average time between indictment and trial in federal capital cases is 28.6 months. (*See* Exhibit D, Declaration of Kevin McNally.)

## VI. CONCLUSION

James Wells has the constitutional right to the effective assistance of counsel. His attorneys require sufficient time to review discovery, to conduct an independent investigation, and to properly analyze any legal issues in Mr. Wells' case.

The government's attempt to frustrate defense counsels' ability to do their job amounts to an unconscionable denial of Mr. Wells' constitutional rights. As the Supreme Court has stated:

> It is the judge, not counsel, who has the ultimate responsibility
> for the conduct of a fair and lawful trial.

*Lakeside v. Oregon*, 435 U.S. 333, 341-42 (1978).

Considering all of the particular facts and unique circumstances of this case, the defendant's motion should be granted.

DATED this 22nd day of April 2013.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

/s/ Peter Offenbecher
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, WA 98101
Phone: 206-623-6501
Fax: 206-447-1973
E-Mail: poffenbecher@skellengerbender.com

United States v. James Michael Wells
Case No. 3:13-cr-00008-RRB-JDR                                                                                     Page 7

Case 3:13-cr-00008-SLG   Document 53   Filed 04/22/13   Page 7 of 8

Certification:
I certify that on April 22, 2013, a copy of ***Mr. Wells' Reply to Government's Opposition to Mr. Wells' Motion to Continue Pretrial Deadlines*** was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Daniel R. Cooper , Jr.
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: daniel.cooper@usdoj.gov

/s/Rich Curtner