Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Peter Offenbecher
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, WA 98101
(206) 623-6501

Attorneys for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>                Defendant. | Case No. 3:13-cr-0008-RRB-JDR<br><br>**MR. WELLS' RESPONSE TO GOVERNMENT'S OBJECTIONS TO SECOND PRETRIAL SCHEDULING ORDER** |

I.      INTRODUCTION

        This Court set a reasonable schedule for the litigation of pretrial motions in this case on April 30, 2013. (Docket 56.) That schedule was established by the Court after a hearing in which the parties fully participated in advising the Court of the nature and volume of the discovery in this case, the status of the defense review of discovery, and the status of the defense investigation of matters related to pretrial litigation.

This Court established a schedule that would adequately allow the defense to prepare pretrial motions in order to ensure Mr. Wells' right to adequate representation of counsel. This Court did NOT continue the trial date in this case, and the scheduling order of the Court will not impact that trial date.

Now the government again objects, repeating the same arguments previously submitted to the Court. The government repeats the facts of the circumstantial case against Mr. Wells, which is not relevant to the proper investigation required of the defense. If anything, these facts demonstrate the necessity of adequate defense preparation for pretrial litigation.

The government's argument is based on the right of the public and the victims to a speedy trial "of this heinous murder." Mr. Wells is not delaying the trial date. However, he does require adequate time to prepare pretrial motions. Here are some examples why Mr. Wells needs the time as set forth in the Court's scheduling order.

II.     WHY DISCOVERY IS COMPLEX AND REQUIRES DEFENSE TIME

One example of the difficulties in reviewing discovery in order to prepare pretrial motions in this case starts with the most basic of discovery requests, a defendant's recorded statements in the possession of the government. The initial and current scheduling order provide that this evidence be provided to Mr. Wells by February 22, 2013.

The government did provide recordings of interrogations of Mr. Wells by law enforcement as of that date. But, the government did not provide recordings of conversations between Mr. Wells and a "confidential human source," recorded by the government, until May 9, 2013. (*See* receipt of discovery, attached as Exhibit A.)

These tapes were provided only after the defense discovered a reference to these recordings in reviewing pages 8725-8729 of the discovery (Exhibit B, filed *ex parte*) and then making a specific request for the recordings.

These recordings obviously raise Fifth and Sixth Amendment implications. If Mr. Wells had been required to file his pretrial motions as originally requested by the government, these recordings would not have been discovered at that time.

This is but one example of why a thorough review of discovery must be completed before Mr. Wells can be expected to file his pretrial motions.

III. <u>THE NATURE OF THE DEFENSE INVESTIGATION IS RELEVANT TO PRETRIAL MOTIONS</u>

The government has indicated to the defense and the Court that there were 611 interviews of potential witnesses conducted in this investigation. Certainly, a number of those witnesses may be pertinent to the circumstances of the interrogation of Mr. Wells, and to the obtaining of search warrants.

But, the government's position is that none of those statements should be released to the defense under the Jencks Act. So, the defense must carefully cull through the discovery provided in order to identify those witnesses that may be critical to pretrial motions.

The best metaphor for the nature of the discovery in this case is that of a giant "haystack" of data, containing many "needles" of information critical to the defense. That "haystack" is now 18,440 pages of written material; approximately 1,500 photographs; and 3.6 terabytes of audio, video, and electronic media files. The defense must carefully dissect this data in order to even identify potential witnesses to interview for the preparation

of pretrial motions. (Examples of this are set forth in the Affidavit of Barb Brink, attached as Exhibit C.)

IV. CONCLUSION

Mr. Wells does not want to delay the trial date in this case. He has established, and the Court has found, that he needs the time set forth in the Court's scheduling order to prepare pretrial motions.

The government could facilitate this process by disclosing the identity of witnesses as requested by the defense and releasing interviews of witnesses that do not need the protection of the Jencks Act. That would assure a speedy trial and proper defense investigation and preparation.

DATED this 10th day of May, 2013.

Respectfully submitted,

/s/ Rich Curtner
Federal Defender
Alaska Bar No. 8706013
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

/s/ Peter Offenbecher
Washington State Bar No. 11920
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, WA 98101
Phone: 206-623-6501
Fax: 206-447-1973
E-Mail: poffenbecher@skellengerbender.com

<u>Certification:</u>

I certify that on May 8, 2013, a copy of the foregoing document, with attachments, was served electronically on:

Bryan D. Schroder, Esq.
bryan.schroder@usdoj.gov

Karen L. Loeffler, Esq.
karen.loefflerr@usdoj.gov

/s/ Rich Curtner