# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                Plaintiff,<br>      vs.<br><br>JAMES MICHAEL WELLS,<br><br>                Defendant. | 3:13-cr-00008-RRB-JDR<br><br>**ORDER DENYING UNITED STATES' OBJECTION TO COURT'S SECOND PRETRIAL SCHEDULING ORDER**<br><br>(Docket No. 57) |

        The United States filed an objection to the second pretrial scheduling order pursuant to Local Magistrate Rule 6, and 28 U.S.C. § 636(b) at Docket 57. The defense filed its response at Docket 70. A hearing on the objections was held on May 10, 2013.

        The United States raises three claims in its objection: (1) There was no reasonable change in circumstances that justifies the new schedule; (2) the dates contained in the Second Pre-Trial Order "will certainly result in a continuation of the February 17, 2014 Trial Date"; and (3) the Speedy Trial Act requires this court to amend the Second Pretrial Scheduling Order. For reasons stated below, the objections lack merit.

In an effort to provide an orderly progression of the case, and to the extent necessary to provide sufficient time for both parties to prepare, the parties met and agreed upon a pretrial motions schedule. However, since the First Pre-Trial Scheduling Order, the defense demonstrated that a sufficient change in circumstances has occurred, which necessitates the continuation of the First Pretrial Scheduling Order. For example, the volume of discovery that the government produced far exceeded defense counsels' expectations. To date, the government turned over 18,440 pages of written material, approximately 1500 photographs, and 3.6 terabytes of audio, video, and electronic files. Docket 70, at 3. As of April 8, 2013, the government had not turned over all Rule 16 material as ordered in the amended pretrial scheduling order. Docket 45, at 10. The government did not provide recordings of the conversation between Mr. Wells and a "confidential human source" until May 9, 2013. Docket 70, at 2.

Additionally, the defense was unable to view the information stored on at least one hard drive that was turned over by the government. The government corrected the error on April 26 just before the April 29 hearing to address the defense motion for reconsideration.

Based on defense counsels' erroneous expectations, defense counsels' inability to view necessary information, and the government's failure to turn over all Rule 16 material as ordered by the court, the defense has not been given an adequate opportunity to determine which witnesses need to be interviewed and what

other evidence should be presented in any motions to suppress. Therefore, the defense has presented this court with compelling reasons that necessitate the extension of the First Pretrial Motions Schedule.

The government's position that the dates contained in the Second Pre-Trial Order "will certainly result in a continuation of the February 17, 2014 Trial Date" are based on "conservative estimates," which anticipate using the maximum time possible for every motion before the court. The deadlines laid out in the second pretrial motion schedule should not lead to continuance of the trial date. Both sides agree that the key motions at issue are motions to suppress statements and motions to suppress evidence. The defense requires additional time to complete those motions.

Furthermore, until we are notified otherwise, this case will proceed as a potential death penalty case. The defense was notified on April 5, 2013 that any defense mitigation information for the DOJ death notice decision must be produced by May 1, 2013. Producing the necessary mitigation information takes a substantial amount of time and requires significant resources — time and resources that could have otherwise been used on suppression motions. Therefore, the government's claim that the defense had four months to finish its suppression motions is overblown. The suppression motions are the key motions at issue and deserve defense counsels' undivided attention.

The government is correct that the Speedy Trial Act grants district courts an "independent responsibility to protect both the defendant's and the public's strong interest in the timely administration of justice." United States v. Messer, 197 F.3d 330, 337 (9th Cir. 1999) (*quoting* United States v. Hall, 181 F.3d 1957, 1062 (9th Cir. 1999)). The court is sympathetic to the victims' concerns. However, this case has been declared complex and the potential for the government to seek the death penalty still exists, which is why the trial was scheduled for one year from the date of the indictment. This court's responsibility is to balance the competing interests to ensure the timely administration of justice. The deadlines set out in the Second Pretrial Scheduling Order are consistent with the court's independent responsibility as required by the Speedy Trial Act.

Both parties should be aware that in this district the magistrate is assigned all criminal pretrial matters. If the magistrate judge decides that he cannot address the motions in a timely manner he will refer the motions back to the assigned district judge. The courts own case management is a matter for the court to decide. If the government's motion is designed to remove the magistrate judge from this case it is ill advised.

//
//
//
//

In conclusion, the dates contained in the Second Pretrial Scheduling Order should not cause a continuation of trial. Upon careful consideration, the government's objection to the Second Pretrial Scheduling Order is HEREBY DENIED.

Any further objections to the Second Pretrial Order filed at Docket 56, shall be directed to the assigned district judge.

DATED this 10th day of May, 2013, at Anchorage, Alaska.


_/s/ John D. Roberts_
JOHN D. ROBERTS
United States Magistrate Judge