KAREN L. LOEFFLER
United States Attorney

DANIEL COOPER, JR.
Assistant U.S. Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: daniel.cooper@usdoj.gov
E-mail: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-RRB-JDR |
|---|---|
| Plaintiff, | ) **UNITED STATES'** ) **OBJECTION TO COURT'S** ) **SECOND PRETRIAL** |
| vs. | ) **SCHEDULING ORDER** ) |
| JAMES MICHAEL WELLS, | ) ) |
| Defendant. | ) |

Pursuant to Local Magistrate Rule 6, and 28 U.S.C. § 636(b), the

United States respectfully objects to the Court's Second Pretrial

Scheduling Order of April 30, 2013, filed in the instant case at Docket

56 (hereinafter the "Order"), and requests consideration by the District Court under D.Ak.LMR 6(c). The government has made its essential arguments in its objections to the Magistrate Judge at docket 57. We will continue to rely on those arguments. However, there are certain findings made by the Magistrate Judge in his order denying the objections (docket 72), that the government believes are necessary to address for the District Court to have a full understanding of the facts.

In denying the government's objections at docket 72, the Magistrate Judge found that:

1) The volume of discovery exceeded defense counsel's expectations;

2) As of April 8, 2013, the government had not turned over all Rule 16 discovery as ordered in the amended pretrial scheduling order;

3) The government did not provide recordings of conversations between a confidential human source and Wells until May 9, 2013, and;

4) The defense was unable to view information stored on at least one hard drive that was turned over by the government, and the government "corrected" that error on April 26, 2013.

Docket 72, p.2.

Each of these findings was either unsupported, incorrect, or misstate the government's actions. The government will address each of the findings in order.

1. <u>The court errs in its conclusion that the volume of discovery far exceeded defense counsel's expectations</u>.

The government has consistently told the defense that they would be receiving large quantities of discovery. When the prosecution team first met with the defense team to discuss the discovery on Monday, February 25, 2013, the defense was told there was quite a volume of discovery. In an effort to efficiently move the case forward by helping defense counsel understand the structure of the evidence, the prosecution offered to make a presentation to the defense team of the government's theory of the case. This included identifying and showing to defense counsel what the government believed to be the key evidence in the case.

The government then presented the case to Mr. Curtner, Ms. Tatter, Ms. Orne, Ms. Brink, and one other investigator. It was a detailed presentation including video, aerial photography, timelines, forensic

U.S. v Wells
3:13-cr-00008-RRB-JDR          Page 3 of 12

summaries, and motive summaries.  Moreover, the presentation included early discovery of a key piece of evidence in the case, the expert report of the tire with the nail in it that Wells' offered as his alibi.

Thereafter, the defense team, which by now included a paralegal from the Federal Defender for the Western District of Washington, was provided an opportunity, which they accepted, to review physical evidence.  That viewing and examination took place on March 5, 2013. Mr. Offenbecher then entered the case.  He attended the second scheduled physical evidence review and examination on March 21, 2013.  Since he was new to the case, the government offered to show him the same presentation previously made to Mr. Curtner and the other members of the defense team.  He received that presentation on March 20, 2013.

Both Mr. Curtner and Mr. Offenbecher have expressed their gratitude and appreciation to the government for these presentations as it has assisted them in understanding the government's theory of the

case. Presumably, it will assist them in identifying and raising appropriate defenses as well.

Most importantly to the court's erroneous conclusion drawn above, much of the bulky discovery material turned over to the defense is not subject to motions to suppress. While that evidence could possibly be subject to later motions in limine, there is no basis for a suppression motion, so it should not be considered in setting dates for motions to suppress. For example, there is historical video from the Main Gate camera, not relevant to the prosecution's theory, which they may want to view. But none of it was seized from the defendant. Likewise, there are huge historical archives of access logs that have no evidentiary value, but because they were provided to the government, they have to be turned over to the defense. Because they are Coast Guard records, there is no basis for defendant to file a motion to suppress.

Finally, most the electronically stored information (ESI) provided to the defense (other than the video files) has been forensic copies of the defendant's own computers and other electronic storage devices. There

U.S. v Wells
3:13-cr-00008-RRB-JDR          Page 5 of 12

are also copies of the victim's email and computer images. If there is exculpatory information in any of this, it has not been found by the government. But the only information subject to a suppression motion is the ESI from items owned by the defendant or in which he held an objectively reasonable expectation of privacy.

  2. <u>The Defendant's Accusations that the Government has not Complied with the Discovery Order Regarding Rule 16 is Just That, an Unsupported Accusation. The Government has Substantially Complied with the Discovery order regarding Rule 16</u>.

The only basis for the Magistrate Judge's finding that the government has not provided all Rule 16 material was a single paragraph on page 10 of docket 45, the defendant's request for reconsideration of the scheduling order. There, the defendant cites no specific material that the government has failed to provide. Instead, they speak in generalizations.

Notwithstanding the statements made by defense counsel on page 10 of Docket 45, the government has complied with its obligations under Rule 16. An investigation such as this is not static. Information is

continuously being developed, and the investigation continues. That is why the Supreme Court adopted Rule 16(c), placing on both parties the <u>continuing</u> duty to disclose material covered by the Rule.

3. <u>On March 18, 2013 the Government Identified to the Defense Team that Recordings Existed of Consensually Monitored Phone Calls of the Defendant</u>.

The court states that the government did not provide recordings of three consensually monitored phone calls. While there was an oversight by the government in not providing the actual recordings, the defense was provided logs of the consensually monitored calls on March 18, 2013. Ms. Tatter signed for the receipt of all the materials on March 20, 2013. Moreover, the government's evidence receipts clearly identified the calls, e.g. "FBI Evidence Log regarding consensually monitored phone call to James Wells on 9/14/12." Docket 53-2, p. 8. Thus, the defense did not even have to review the logs themselves to discover the conversations, they should have been obvious on the initial review of the evidence receipts in mid-March.

The defense did not notify the government that the audio files had not accompanied the logs until the afternoon of May 9, 2013. The audio files were ready for pick up within two hours of being notified that they were missing. The government has not hidden anything, has been open and above board, and has quickly corrected any omissions as soon as they are brought to the government's attention.

4. <u>The Hard Drive Provided by the Government Always Contained The Information the Magistrate Judge Finds as Missing, and the Inability to View it was Solely the Fault of the Defense Investigators, not that of the Government</u>.

The government informed the defense by email on March 4, 2013 at 5:21 p.m. that they would need to provide two 2 Terabyte hard drives to hold the ESI. The blank hard drives were not provided to the government for several weeks. When the hard drives were returned to the defense on April 8, all information was on them. On April 22, many days later, Bruce Johnson, an investigator with the defense team, wrote an email at 1:33 p.m. asserting one of the hard drives had no information. AUSA Cooper wrote back asking him to return the drive so we could investigate it. He was also informed of the type of

information on the drive, and that it would not open with a Windows operating system. The hard drive was not received by the U.S. Attorney's office until April 25, 2013. In the meantime, Johnson did not try to open it with any other software. The hard drive was examined by the FBI again and found to contain all of the original information. It was returned by the FBI and turned back over to the defense immediately.

The government has provided all of the information promptly and worked diligently to make sure that the defense has everything it needs to defend this case. Any allegation or finding to the contrary is without foundation in fact.

As a final matter, the government is concerned that the Magistrate Judge believes the government is attempting to bypass his participation in the motions practice in this case for some improper reason. In denying the governments objections last Friday, the Magistrate Judge concludes with the sentence: "If the government's motion is designed to remove the magistrate judge from this case it is ill

advised." Docket 72, p. 4. The government has great respect for the role of the Magistrate Judge and has made suggestions for streamlining the motions practice in this case only to promote efficiency.

In fact, this issue arose in front of the District Court at the last status hearing. At that status conference held before the District Court on March 13, 60 days ago, the government asked the District Court to hear the substantive motions directly as it sometimes does. The idea was also posed to Mr. Curtner before the hearing, and he informed government counsel that he would have to check with his co-counsel, Mr. Offenbecher. Since then, he has not mentioned it. On hearing the government's request, the court indicated it would be receptive to the idea, but directed the government to file a written motion. Since Mr. Curtner and Mr. Offenbecher have not responded to the government's direct request, no motion has been filed. Because of the timing concerns explained by the government in its objections at docket 57, it seemed like an appropriate time to raise the issue again.

There has been no design to remove the magistrate judge from the case.  There has been an open and above board attempt by the government to reduce the risk of unnecessary delay in this case.  This has been done simply because of the stakes involved here.  There are two dead victims, two grieving families, and one man accused of a horrendous crime.  If he is not guilty, then he must be freed as quickly

//


//


//


//


//

as he can be tried.  All the government is trying to do is to get justice for him, the victims, and the families.  There is no animus towards the magistrate.

RESPECTFULLY SUBMITTED this 14th day of May, 2013, in Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ Daniel R. Cooper, Jr.
DANIEL R. COOPER, JR.
Assistant U.S. Attorney
United States of America

s/ Bryan D. Schroder
BRYAN D. SCHRODER
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2013, the
foregoing was served electronically via the
CM/ECFsystem on the following counsel
of record:

Richard Curtner
Peter Offenbecher

s/ Daniel R. Cooper
Office of the U.S. Attorney