KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) | No. 3:13-cr-00008-RRB-JDR  **UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY AND INSPECTION** |
| Plaintiff, | | |
| vs. | | |
| JAMES MICHAEL WELLS, | | |
| Defendant. | | |

COMES NOW the United States, by and through undersigned counsel, hereby files this Motion for Reciprocal Discovery.

The government's right to reciprocal discovery is firmly established in the language of Federal Rule of Criminal Procedure 16(b)(1)(A). The Rule allows the government, after complying with a request by defendants for similar material, to: inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial. The defendant, through counsel, previously invoked Fed. R. Crim. P. 16 in his requests for discovery on February 21, 2013 and June 5, 2013.

The government initially requested reciprocal discovery from the defendant on February 20, 2013, and on numerous occasions thereafter, most recently July 1, 2013.

Under the clear language of this Rule, courts uniformly have allowed reciprocal discovery. See e.g., United States v. Bump, 605 F.2d 548, 551-552 (10th Cir. 1979) (requiring reciprocal disclosure over defendant's objection that it would violate his constitutional rights); United States v. Gollapudi, 947 F. Supp. 763, 767 (D.N.J. 1996); United

States v. Daniels, 95 F. Supp.2d 1160, 1165 (D. Kan. 2000) (reciprocal discovery triggered even after partial production by government)(citation omitted); United States v. Sherman, 426 F. Supp. 85, 93 (S.D.N.Y. 1976) (granting government's motion to compel Rule 16 discovery from defendants).

Indeed, a court may exclude evidence offered by the defense which should have been, but was not, produced under Rule 16(b)(1)(A)  See United States v. Scholl, 166 F.3d 964, 972 (9th Cir.1999) (upholding exclusion of nine cashier's checks in tax prosecution ); United States v. Hardy, 586 F.3d 1040, 2044 (6th Cir. 2009) (upholding exclusion of check stub copies in tax evasion case where failed to timely turning it over to the government pretrial); United States v. Rodriguez Cortes, 949 F.2d 532, 546 (1st Cir. 1991)(upholding exclusion of phone receipt and letter from defense's case).

//


//

U.S. v Wells
3:13-cr-00008-RRB-JDR            Page 3 of 4

For the foregoing reasons, the Government requests that its Motion for Reciprocal Discovery and Inspection be granted.

RESPECTFULLY SUBMITTED on July 26, 2013, in Anchorage, Alaska.

        s/ Karen L. Loeffler
        KAREN L. LOEFFLER
        United States Attorney

        s/ Bryan Schroder
        BRYAN SCHRODER
        Assistant U.S. Attorney
        United States of America

        s/ Katheen A. Duignan
        KATHLEEN A. DUIGNAN
        Special Assistant U.S. Attorney
        United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2013, a copy of the foregoing was served via the CM/ECF system on all counsel of record.

s/ Bryan Schroder
Office of the U.S. Attorney

U.S. v Wells
3:13-cr-00008-RRB-JDR        Page 4 of 4

Case 3:13-cr-00008-SLG   Document 99   Filed 07/26/13   Page 4 of 4