KAREN L. LOEFFLER
United States Attorney

BRYAN D. SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | No. 3:13-cr-00008-RRB-JDR |
| Plaintiff, | ) ) | **MOTION TO EXCUSE SECOND DEFENSE** |
| vs. | ) ) | **COUNSEL** |
| JAMES MICHAEL WELLS, | ) ) | |
| Defendant. | ) | |

COMES NOW the United States, by and through the above-named counsel, and moves the Court to excuse the second assigned defense counsel in this matter.

After indictment in this case on February 19, 2013, defense counsel made *ex parte* filings at Dockets 22 and 24. In the wake of those filings, the court appointed a second counsel to represent Mr. Wells, presumably pursuant to 18 U.S.C. § 3005, which provides for the appointment of multiple counsel in death penalty cases. Docket 27.

At a hearing on April 5, 2013, the Court allowed the defendant to retain two attorneys, the Federal Public Defender's Office and Mr. Offenbecher, a counsel from Seattle, Washington. Docket 42. On August 5, 2013, the U.S. Attorney informed the Court that the government would not be seeking the death penalty in this case. Docket 101. Therefore the appointment under § 3005 is no longer valid and the Court needs to reevaluate the purpose and basis for a dual appointment. And frankly, in the present circumstances, the Court

*United States v. Wells*
Case No. 3:13-cr-0008-RRB-JDR        -2-

should also evaluate whether any basis, as the case stands now, would justify appointment of a geographically distant attorney.

A defendant has the right to the assignment of two attorneys if indicted "for treason or other capital crime." 18 U.S.C. § 3005. The purpose of the assignment of two attorneys is "to reduce the chance that an innocent defendant would be put to death because of inadvertence or errors of judgment of his counsel. *U.S. v. Dufur*, 648 F.2d 512, 515 (9th Cir. 1980), quoting *U.S. v. Shephard*, 576 F.2d 719, 729 (7th Cir.), *cert. denied*, 439 U.S. 852 (1978). The Circuit Court concluded that the authorization for a second attorney "derives from the severity of the punishment rather than the nature of the offense." *Id*. The term capital crime does not apply to the underlying offense if capital punishment cannot be imposed. *U.S. v. Waggoner*, 339 F.3d 915, 918 (9th Cir. 2003).

Thus, elimination of the death penalty eliminates a defendant's statutory right to a second attorney. *Id*. at 918-919. There are certainly valid reasons for this. In addition to having the threat of the

*United States v. Wells*
Case No. 3:13-cr-0008-RRB-JDR          -3-

ultimate sanction eliminated, a significant portion of the trial in a capital case – the penalty phase – is eliminated.  In opposing the government's motion to reconsider appointment of additional counsel, defendant cited the extensive effort required for counsel in a capital case to work on the penalty phase at the same time as the guilt phase of the case.  Docket 40, pp. 11-13.  That need has now been eliminated.  A second attorney is not needed for the remaining standard sentencing phase.

> However, as this Court is aware, the analysis does not end there.  The Criminal Justice Act does not prohibit the courts from appointing a second attorney on non-capital cases.  *U.S. v. Kott*, 2011 WL 2357508 (D. Alaska).  However, the policy of the Judicial Conference of the United States is that in a case where the defendant was charged with a capital crime, but the government has determined that it will not seek the death penalty, the court should "make an appropriate reduction in counsel," absent "extenuating circumstances."  Guide to Judiciary Policies §§ 630.30.10, 630.30.20.  In determining whether there are

*United States v. Wells*
Case No. 3:13-cr-0008-RRB-JDR        -4-

extenuating circumstances, the court should consider the following factors:

1. The need to avoid disruption of the proceedings;

2. Whether the decision not to seek the death penalty occurred late in the litigation;

3. Whether the case is unusually complex; and

4. Any other factors that would interfere with the need to ensure effective representation of the defendant.

*Id.*

Analysis based on this helpful policy guidance shows that the instant case does not present extenuating circumstances. The case involves a single defendant charged with crimes resulting from a single incident limited to a few short minutes of one day. While all parties agree that the proof and appropriate defense make the case complex, it is not extraordinarily so. Moreover, there will be no disruption to the proceedings. The decision not to seek the death penalty was made over six months before the scheduled trial date and in advance of the start of significant motion practice. The only current litigation under

*United States v. Wells*
Case No. 3:13-cr-0008-RRB-JDR        -5-

consideration by the Court is discovery motions. The next rounds of motions, motions to suppress statements, are due at the end of August. Docket 56, p.2. The Federal Public Defender's Office, like the U.S. Attorney's Office, has multiple attorneys working on the case, all of whom are very experienced in suppression law.

Finally, there are no special factors in this case that one could discern that would interfere with the effective representation of the defendant.

This Court has made a similar analysis in the *Kott* case, analyzing whether the defendant's case was "extremely difficult," thus potentially qualifying for a second attorney. In ruling that the *Kott* case was not extremely difficult, the Court found that, "The District of Alaska has many criminal cases brought before it that involve complex issues and or an extensive volume of discovery as well as a trial lasting two weeks or more." While this case has certain complex issues, a significant level of discovery, and will likely result in multi-week trial, there is nothing so unusual that the interests of justice demand two attorneys. The

*United States v. Wells*
Case No. 3:13-cr-0008-RRB-JDR        -6-

Federal Public Defender and his competent staff are certainly capable of the assignment.

In addition to there being no support for a second attorney for this case in law or policy, there is another factor the Court must consider. In the current government operating environment, with resources becoming more and more severely limited, the cost of an extra attorney seems to be an unnecessary drain on the District's CJA budget if the interests of justice do not demand it. This is even more problematic considering that the attorney appointed pursuant to § 3005 is from Seattle. There is little basis to justify the additional cost of the extensive travel and per diem that would be required for him to take this case to trial. Moreover, an out-of-district attorney has significantly less access to the client when preparing for trial. For the reasons stated above, the government respectfully requests that the Court thank Mr. Offenbecher for his dedication and service, and remove his services as a CJA appointment for this case.

*United States v. Wells*
Case No. 3:13-cr-0008-RRB-JDR        -7-

RESPECTFULLY SUBMITTED this 21st day of August, 2013, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney


s/ Bryan D. Schroder
BRYAN D. SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A DUIGNAN.
Special Assistant U.S. Attorney
United States of America


**Certificate of Service**

I hereby certify that on August 21, 2013,
the foregoing was served electronically via
CM/ECF on the following counsel
of record:

Richard F. Curtner
Peter Offenbecher

s/ Karen Loeffler

*United States v. Wells*
Case No. 3:13-cr-0008-RRB-JDR        -8-