KAREN L. LOEFFLER
United States Attorney

BRYAN D. SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
|---|---|---|
| Plaintiff, | ) ) ) | **MOTION TO COMPEL SPECIFICITY IN DEFENSE NOTICE OF ALIBI** |
| vs. | ) ) | |
| JAMES MICHAEL WELLS, | ) ) | |
| Defendant. | ) | |

COMES NOW the United States, by and through the above-named counsel, and moves the Court to compel specificity in the defense's notice of alibi.

In response to the government's demand for notice of alibi defense made under Rule for Criminal Procedure 12.1 and filed with this Court on July 22, 2013 at Docket 97, the defense replied by letter dated August 6, 2013, and provided notice to the government that the defendant intended to call two alibi witnesses: Charlene Puddish and Annette Ecret, "who will testify that they observed the defendant driving on Sargent Creek Road and Middle Bay Road at the time in question." Attachment A.

Federal Rule of Criminal Procedure 12.1 (a)(2)(A) provides, in pertinent part, "The defendant's notice must state: **each specific** place where the defendant claims to have been at the time of the alleged offense." [Emphasis added]. Rule 12.1 also provides that in response to the defense's notice, the government is then required to disclose witnesses who would place the defendant at the scene of the crime as

*United States v. Wells*
3:13-cr-00008-RRB-JDR            -2-

well as any other witnesses who will be used to rebut the testimony of defendant's alibi witnesses. The rule was written with the intent to avoid "gamesmanship, surprise, and delay once the trial begins [ ]." Wright and Leipold, Federal Practice and Procedure at § 201. "Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate." *Williams v. Florida,* 399 U.S. 78, 81-82, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446 (1970).

Defendant's alibi notice only addresses a small segment of the timeframe provided by the government in the request for alibi notice. The government specified the time from 6:48 a.m. to 7:41 a.m. on April 12, 2012 as the timeframe in issue. The defendant's response only covers a 5-10 minute time period after 7:22 a.m. At 7:22 a.m., the defendant's white pick-up truck was seen heading southbound, away from the murder scene and in the direction of his home. Docket 1-1, p. 5(¶ 31). The two witnesses named by the defendant saw him as he neared his neighborhood a few minutes later.

*United States v. Wells*
3:13-cr-00008-RRB-JDR                         -3-

Therefore, for the bulk of the period listed by the government – the most likely time of the murders – the defendant only offers generalities, stating that he was "in transit from his residence to the vicinity of the Kodiak airport and back to his residence." Attachment A.

At the front end of the identified timeframe, at 6:48 a.m., a video camera at the front gate of the main Coast Guard base shows the defendant's white pick-up truck heading away from the direction of his residence, toward the Kodiak airport. *Id*. at p. 4 (¶ 23). The airport is 1.7 miles away. The same camera shows the defendant's white pick-up truck traveling away from the airport, back towards his residence, at 7:22 a.m. If during that period, the defendant is only "in transit," that means he covered 3.4 miles in 34 minutes, an average speed of 10 miles per hour. This is not credible. Rule 12.1 requires an appropriate level of specificity to prevent surprise. By only offering generalities, the defendant is preserving the opportunity to fabricate additional details after he gets additional discovery from the government. That is just the type of gamesmanship that the rule is meant to prevent.

*United States v. Wells*
3:13-cr-00008-RRB-JDR                    -4-

If the defense has no other witnesses to account for the time from 6:48 a.m. through 7:22 a.m., the government requests that they so confirm. If they have no such witnesses, the government's responsive obligation under Rule 12.1(b) would only go to the same period covered by defendant's named witnesses. For that time period, from 7:22 a.m. through 7:41 a.m., the government will rely on the same witnesses and their statements concerning when Mr. Wells returned home.

Moreover, lack of complete witness information does not relieve the defendant of providing a specific response to the government request for notice of alibi. Even if the defense only has partial information on any of these witnesses, or has locations for which they seek witnesses, the government requests this information. *See United States v. Davis,* 40 F.3d 1069 (10th Cir. 1994) (not an abuse of discretion to exclude the testimony of an alibi witness where the defense did not disclose witness existence, despite not knowing witness's name until one week before trial, and could not locate witness until morning of the trial); *United States v. White*, 583 F. 2d 899 (6th Cir. 1978) (defendant

*United States v. Wells*
3:13-cr-00008-RRB-JDR                              -5-

should have disclosed the identity of his alibi witness promptly, even if he did not know his location).

Finally, under Rule 12.1(c) of the Rules of Criminal Procedure, the government recognizes that both parties have a continuing duty to promptly disclose, in writing, the name of any additional alibi witnesses that may come to the attention of either party. Thus, should the existence of additional witnesses arise during the course of this case, it is incumbent that the party discovering this information disclose it to the other side in an expeditious manner.

Based on the defense reply, the government hereby moves for further specificity as to exactly where the defendant claims to be during the time of the murders at Communication Station (COMMSTA) Kodiak on April 12, 2012, between 6:48 a.m. and 7:22 a.m. The government's original filing asked that defendant account for the time between 6:48 a.m. through 7:41 a.m. The defense response covers the time from 7:22 a.m. through 7:30 a.m. This motion seeks to confirm that there are no

*United States v. Wells*
3:13-cr-00008-RRB-JDR         -6-

additional witnesses who will cover the gap between 6:48 a.m. and 7:22 a.m.

In summary, this motion seeks to compel the identities (or as much information as known by the defendant) of any other defense witnesses who may place the defendant at other points along the stated route during the time in question, or potentially may have seen the defendant at specific locations along that route, or may have seen him at any places he may have stopped along the way of the route in either direction.

RESPECTFULLY SUBMITTED this 21st day of August, 2013.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan D. Schroder
BRYAN D. SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

*United States v. Wells*
3:13-cr-00008-RRB-JDR                    -7-

**Certificate of Service**

I hereby certify that on August 21, 2013,
the foregoing was served electronically via
the CM/ECF system on the following counsel
of record:

Rich Curtner
Peter Offenbecher

s/ Karen Loeffler

*United States v. Wells*
3:13-cr-00008-RRB-JDR            -8-