Public Defenders Fall to the Sequester
Steep budget cuts compromise the justice system and won't save money in the long run.

by PAUL CASSELL AND NANCY GERTNER

The American justice system is based on the principle that justice is only possible when everyone accused of a crime, rich and poor alike, has access to effective defense counsel. This is why state and federal governments have a constitutional obligation to provide attorneys for those who are unable to afford them.

Unfortunately, due to the combination of general budget austerity and sequestration, the federal public defender system—a model of effective indigent defense for the past 40 years—is being decimated. As former federal judges from opposite ends of the ideological spectrum, we both understand that these shortsighted cuts threaten not only to cripple the federal defender system, but to disrupt the entire federal judiciary—without producing the promised cost savings.

A decrease of nearly 10% in the federal public defender budget for 2013 has already resulted in layoffs and up to 20 days of furloughs in many federal defender offices. In a number of states, federal courts have been forced to delay criminal cases because of public defender furloughs and layoffs.

In the most high-profile example, in New York, a federal judge was forced to delay the proceedings in the prosecution on terrorism charges of Osama bin Laden's son-in-law Sulaiman Abu Ghaith until 2014, because defense lawyers were required to take furloughs. Across the country—in California, Colorado, Delaware, Kansas, Missouri, Pennsylvania and Utah—courts have been forced to delay criminal proceedings for the same reason.

These steep budget cuts will not save us money in the long term. Delays in trials require many defendants to spend more time in costly pretrial detention facilities. But the flow of criminal prosecutions has not abated, so the unavailability of public defenders will simply force courts to engage private attorneys more frequently. Most federal judicial districts have a public defender office and, in those districts, it is more cost effective to have the office handle a majority of cases.

Reducing funding for federal defender budgets means that the remaining federal defenders have less time and fewer resources with which to investigate cases, conduct legal research and hire expert witnesses. This loss severely compromises their ability to represent their client at trial, destroying the adversarial process at the heart of our system. Without balanced, vigorously litigated cases, wrongful convictions may become more common, imprisoning the innocent and allowing the guilty to walk free.

These mistakes—inevitable in an underfunded system—will create even more expenses down the line, through appeals, unlawful-detention proceedings and retrials. As Supreme Court Justice Stephen Breyer noted in March in congressional testimony about the effects in general of the sequester, it is "cheaper to have a decent lawyer in the first place."

For our federal court system to function fairly and efficiently, we need funding to ensure that there are qualified, prepared lawyers on both sides, for every trial. The cuts confronting federal defenders will convert a system that was once considered the gold standard of indigent defense into just another

overburdened, underresourced system. The effect of austerity cutbacks on the states, meanwhile, is severe because many state indigent-defense systems were already struggling with meager budgets.

As Congress works to reach agreement on spending for next year, its members must know that proceeding with steep cuts to the federal defenders not only threatens to undermine justice, but is bad fiscal policy.

Only with full funding of federal defenders will we avoid the ripple effect that will clog judicial dockets, delay both criminal and civil proceedings in federal courts—and undermine the efficiency of a federal defender system that has effectively served justice for the past 40 years.

- - - - -

Mr. Cassell, a former federal judge nominated by George W. Bush, is a professor at the University of Utah's College of Law. Ms. Gertner, a former federal judge nominated by Bill Clinton, is a professor at Harvard Law School.