# The Washington Post

Back to previous page



# Defendants' legal rights undermined by budget cuts

**By Eric H. Holder Jr., Thursday, August 22, 4:07 PM**

Eric H. Holder Jr. is attorney general of the United States.

Fifty years ago, the U.S. Supreme Court unanimously held that everyone who is charged with a serious crime has the right to an attorney. In *Gideon v. Wainwright*, Justice Hugo Black observed for the court that "in our adversary system, any person haled into court, who is too poor to hire a lawyer, cannot be assured of a fair trial unless counsel is provided to him." As a prosecutor, as a judge and as our nation's attorney general, I have seen this reality firsthand.

Despite the promise of the court's ruling in *Gideon*, however, the U.S. indigent defense systems — which provide representation to those who cannot afford it — are in financial crisis, plagued by crushing caseloads and insufficient resources. And this year's forced budget reductions, due largely to sequestration, are further undermining this critical work.

In stark contrast to many state defender programs, the federal public defender system has consistently served as a model for efficiency and success. According to court statistics, as many as 90 percent of federal defendants qualify for court-appointed counsel, and the majority of criminal cases prosecuted by the Justice Department involve defendants represented by well-qualified, hardworking attorneys from federal defender offices. Yet draconian cuts have forced layoffs, furloughs (averaging 15 days per staff member) and personnel reductions through attrition. Across the country, these cuts threaten the integrity

of our criminal justice system and impede the ability of our dedicated professionals to ensure due process, provide fair outcomes and guarantee the constitutionally protected rights of every criminal defendant.

I join with those judges, public defenders, legal scholars and countless other criminal justice professionals who have urged Congress to restore these resources, to provide needed funding for the federal public defender program and to fulfill the fundamental promise of our criminal justice system.

The Justice Department is strongly committed to supporting indigent defense efforts through an office known as the Access to Justice Initiative, which I launched in 2010, and a range of grant programs. The department took this commitment to a new level on Aug. 14 by filing a statement of interest in the case of *Wilbur v. City of Mt. Vernon* — asserting that the federal government has a strong interest in ensuring that all jurisdictions are fulfilling their obligations under *Gideon* and endorsing limits on the caseloads of public defenders so they can provide quality representation to each client.

Unfortunately the federal public defender program is in dire straits. As I write, federal defenders representing the Boston Marathon bombing suspect are facingabout three weeks of unpaid leave. In Ohio, the director of one federal defender office who had served there for nearly two decades has laid himself off rather than terminate several more junior attorneys.

This shameful state of affairs is unworthy of our great nation, its proud history and our finest legal traditions. In purely fiscal terms, the cuts imposed by sequestration defy common sense because they will end up costing taxpayers much more than they save. The right to counsel is guaranteed under the Constitution. On the federal level, this means that every defendant who is unable to afford a lawyer must be represented by either a federal public defender or an appointed attorney from a panel of private lawyers. While federal defender offices are staffed by experienced, dedicated professionals operating in a framework that has proved both effective and efficient, panel attorneys often possess less experience and incur significantly higher fees. An increased reliance on panel attorneys may result in less desirable outcomes as well as significantly higher costs.

Five decades after the Supreme Court affirmed that adequate legal representation is a basic right, sequestration is undermining our ability to realize this fundamental promise. The moral and societal costs of inadequate representation are too great to measure. Only Congress has the ability to restore the funding that federal defenders need to ensure that justice can be done. It is past time for our elected representatives to act.

Read more from Opinions: Paul Friedman and Reggie Walton: Public defenders shouldn't suffer under sequestration Karen Houppert: Indigent clients suffer as public defenders struggle with big caseloads David Ignatius: Sequester is feeding a slow-motion decay The Post's View: The blame game over sequestration

© The Washington Post Company