# EXHIBIT A

# AMERICAN BAR ASSOCIATION

STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY

**Formal Opinion 09-454**                                                                                          **July 8, 2009**
**Prosecutor's Duty to Disclose Evidence and Information Favorable to the Defense**

*Rule 3.8(d) of the Model Rules of Professional Conduct requires a prosecutor to "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, [to] disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor." This ethical duty is separate from disclosure obligations imposed under the Constitution, statutes, procedural rules, court rules, or court orders. Rule 3.8(d) requires a prosecutor who knows of evidence and information favorable to the defense to disclose it as soon as reasonably practicable so that the defense can make meaningful use of it in making such decisions as whether to plead guilty and how to conduct its investigation. Prosecutors are not further obligated to conduct searches or investigations for favorable evidence and information of which they are unaware. In connection with sentencing proceedings, prosecutors must disclose known evidence and information that might lead to a more lenient sentence unless the evidence or information is privileged. Supervisory personnel in a prosecutor's office must take reasonable steps under Rule 5.1 to ensure that all lawyers in the office comply with their disclosure obligation.*

There are various sources of prosecutors' obligations to disclose evidence and other information to defendants in a criminal prosecution.[1] Prosecutors are governed by federal constitutional provisions as interpreted by the U.S. Supreme Court and by other courts of competent jurisdiction. Prosecutors also have discovery obligations established by statute, procedure rules, court rules or court orders, and are subject to discipline for violating these obligations.

Prosecutors have a separate disclosure obligation under Rule 3.8(d) of the Model Rules of Professional Conduct, which provides: "The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal." This obligation may overlap with a prosecutor's other legal obligations.

Rule 3.8(d) sometimes has been described as codifying the Supreme Court's landmark decision in *Brady v. Maryland*,[2] which held that criminal defendants have a due process right to receive favorable information from the prosecution.[3] This inaccurate description may lead to the incorrect assumption that the rule requires no more from a prosecutor than compliance with the constitutional and other legal obligations of disclosure, which frequently are discussed by the courts in litigation. Yet despite the importance of prosecutors fully understanding the extent of the separate obligations imposed by Rule 3.8(d), few judicial opinions, or state or local ethics opinions, provide guidance in interpreting the various state analogs to the rule.[4] Moreover, although courts in criminal litigation frequently discuss the scope of prosecutors' legal obligations, they rarely address the scope of the ethics rule.[5] Finally, although courts

---

[1] This opinion is based on the Model Rules of Professional Conduct as amended by the ABA House of Delegates through August 2009. The laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling.
[2] 373 U.S. 83 (1963). *See* State v. York, 632 P.2d 1261, 1267 (Or. 1981) (Tanzer, J., concurring) (observing parenthetically that the predecessor to Rule 3.8(d), DR 7-103(b), "merely codifies" *Brady*).
[3] *Brady*, 373 U.S. at 87 ("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."); *see also* Kyles v. Whitley, 514 U.S. 419, 432 (1995) ("The prosecution's affirmative duty to disclose evidence favorable to a defendant can trace its origins to early 20th-century strictures against misrepresentation and is of course most prominently associated with this Court's decision in *Brady v. Maryland*.")
[4] *See* Arizona State Bar, Comm. on Rules of Prof'l Conduct, Op. 2001-03 (2001); Arizona State Bar, Comm. on Rules of Prof'l Conduct, Op. 94-07 (1994); State Bar of Wisconsin, Comm. on Prof'l Ethics, Op. E-86-7 (1986).
[5] *See, e.g.*, Mastracchio v. Vose, 2000 WL 303307 *13 (D.R.I. 2000), *aff'd*, 274 F.3d 590 (1st Cir.2001) (prosecution's failure to disclose nonmaterial information about witness did not violate defendant's Fourteenth Amendment rights, but came "exceedingly close

sometimes sanction prosecutors for violating disclosure obligations,[6] disciplinary authorities rarely proceed against prosecutors in cases that raise interpretive questions under Rule 3.8(d), and therefore disciplinary case law also provides little assistance.

The Committee undertakes its exploration by examining the following hypothetical.

> A grand jury has charged a defendant in a multi-count indictment based on allegations that the defendant assaulted a woman and stole her purse. The victim and one bystander, both of whom were previously unacquainted with the defendant, identified him in a photo array and then picked him out of a line-up. Before deciding to bring charges, the prosecutor learned from the police that two other eyewitnesses viewed the same line-up but stated that they did not see the perpetrator, and that a confidential informant attributed the assault to someone else. The prosecutor interviewed the other two eyewitnesses and concluded that they did not get a good enough look at the perpetrator to testify reliably. In addition, he interviewed the confidential informant and concluded that he is not credible.

Does Rule 3.8(d) require the prosecutor to disclose to defense counsel that two bystanders failed to identify the defendant and that an informant implicated someone other than the defendant? If so, when must the prosecutor disclose this information? Would the defendant's consent to the prosecutor's noncompliance with the ethical duty eliminate the prosecutor's disclosure obligation?

**The Scope of the Pretrial Disclosure Obligation**

A threshold question is whether the disclosure obligation under Rule 3.8(d) is more extensive than the constitutional obligation of disclosure. A prosecutor's constitutional obligation extends only to favorable information that is "material," *i.e.*, evidence and information likely to lead to an acquittal.[7] In the hypothetical, information known to the prosecutor would be favorable to the defense but is not necessarily material under the constitutional case law.[8] The following review of the rule's background and history indicates that Rule 3.8(d) does not implicitly include the materiality limitation recognized in the constitutional case law. The rule requires prosecutors to disclose favorable evidence so that the defense can decide on its utility.

Courts recognize that lawyers who serve as public prosecutors have special obligations as representatives "not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern

---

[6] *See, e.g.*, *In re* Jordan, 913 So. 2d 775, 782 (La. 2005) (prosecutor's failure to disclose witness statement that negated ability to positively identify defendant in lineup violated state Rule 3.8(d)); N.C. State Bar v. Michael B. Nifong, No. 06 DHC 35, Amended Findings of Fact, Conclusions of Law, and Order of Discipline (Disciplinary Hearing Comm'n of N.C. July 24, 2007) (prosecutor withheld critical DNA test results from defense); Office of Disciplinary Counsel v. Wrenn, 790 N.E.2d 1195, 1198 (Ohio 2003) (prosecutor failed to disclose at pretrial hearing results of DNA tests in child sexual abuse case that were favorable to defendant and fact that that victim had changed his story); *In re* Grant, 541 S.E.2d 540, 540 (S.C. 2001) (prosecutor failed to fully disclose exculpatory material and impeachment evidence regarding statements given by state's key witness in murder prosecution). *Cf.* Rule 3.8, cmt. [9] ("A prosecutor's independent judgment, made in good faith, that the new evidence is not of such nature as to trigger the obligations of sections (g) and (h), though subsequently determined to have been erroneous, does not constitute a violation of this Rule.")

[7] *See, e.g.*, Strickler v. Greene, 527 U.S. 263, 281-82 (1999); *Kyles*, 514 U.S. at 432-35, United States v. Bagley, 473 U.S. 667, 674-75 (1985).

[8] "[Petitioner] must convince us that 'there is a reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense.. . . [T]he materiality inquiry is not just a matter of determining whether, after discounting the inculpatory evidence in light of the undisclosed evidence, the remaining evidence is sufficient to support the jury's conclusions. Rather, the question is whether 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *Strickler*, 527 U.S. at 290 (citations omitted); *see also* United States v. Coppa, 267 F.3d 132, 142 (2d Cir. 2001) ("The result of the progression from *Brady* to *Agurs* and *Bagley* is that the nature of the prosecutor's constitutional duty to disclose has shifted from (a) an evidentiary rule that can be applied rather easily to any item of evidence (would this evidence have some tendency to undermine proof of guilt?) to (b) a result-affecting test that obliges a prosecutor to make a prediction as to whether a reasonable probability will exist that the outcome would have been different if disclosure had been made.")

impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done."[9]  Similarly, Comment [1] to Model Rule 3.8 states that:  "A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice, that guilt is decided upon the basis of sufficient evidence, and that special precautions are taken to prevent and to rectify the conviction of innocent persons."

In 1908, more than a half-century prior to the Supreme Court's decision in *Brady v. Maryland*,[10] the ABA Canons of Professional Ethics recognized that the prosecutor's duty to see that justice is done included an obligation not to suppress facts capable of establishing the innocence of the accused.[11]  This obligation was carried over into the ABA Model Code of Professional Responsibility, adopted in 1969, and expanded.  DR 7-103(B) provided: "A public prosecutor . . . shall make timely disclosure to counsel for the defendant, or to the defendant if he has no counsel, of the existence of evidence, known to the prosecutor . . . . that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment."  The ABA adopted the rule against the background of the Supreme Court's 1963 decision in *Brady v. Maryland*, but most understood that the rule did not simply codify existing constitutional law but imposed a more demanding disclosure obligation.[12]

Over the course of more than 45 years following *Brady*, the Supreme Court and lower courts issued many decisions regarding the scope of prosecutors' disclosure obligations under the Due Process Clause.  The decisions establish a constitutional minimum but do not purport to preclude jurisdictions from adopting more demanding disclosure obligations by statute, rule of procedure, or rule of professional conduct.

The drafters of Rule 3.8(d), in turn, made no attempt to codify the evolving constitutional case law.  Rather, the ABA Model Rules, adopted in 1983, carried over DR 7-103(B) into Rule 3.8(d) without substantial modification. The accompanying Comments recognize that the duty of candor established by Rule 3.8(d) arises out of the prosecutor's obligation "to see that the defendant is accorded procedural justice, that guilt is decided upon the basis of sufficient evidence,"[13] and most importantly, "that special precautions are taken to prevent . . . the conviction of innocent persons."[14] A prosecutor's timely disclosure of evidence and information that tends to negate the guilt of the accused or mitigate the offense promotes the public interest in the fair and reliable resolution of criminal prosecutions.  The premise of adversarial proceedings is that the truth will emerge when each side presents the testimony, other evidence and arguments most favorable to its position.  In criminal proceedings, where the defense ordinarily has limited

---

[9]  Berger v. United States, 295 U.S. 78, 88 (1935) (discussing role of U.S. Attorney).  References in U.S. judicial decisions to the prosecutor's obligation to seek justice date back more than 150 years.  *See, e.g.*, Rush v. Cavanaugh, 2 Pa. 187, 1845 WL 5210 *2 (Pa. 1845) (the prosecutor "is expressly bound by his official oath to behave himself in his office of attorney with all due fidelity to the court as well as the client; and he violates it when he consciously presses for an unjust judgment: much more so when he presses for the conviction of an innocent man.")

[10] Prior to *Brady*, prosecutors' disclosure obligations were well-established in federal proceedings but had not yet been extended under the Due Process Clause to state court proceedings.  *See, e.g.*, Jencks v. United States, 353 U.S. 657, 668, n. 13 (1957), *citing* Canon 5 of the American Bar Association Canons of Professional Ethics (1947), for the proposition that the interest of the United States in a criminal prosecution "is not that it shall win a case, but that justice be done;" United States v. Andolschek, 142 F. 2d 503, 506 (2d Cir. 1944) (L. Hand, J.) ("While we must accept it as lawful for a department of the government to suppress documents . . . we cannot agree that this should include their suppression in a criminal prosecution, founded upon those very dealings to which the documents relate and whose criminality they will, or may, tend to exculpate.")

[11] ABA Canons of Professional Ethics, Canon 5 (1908) ("The primary duty of a lawyer engaged in public prosecution is not to convict, but to see that justice is done. The suppression of facts or the secreting of witnesses capable of establishing the innocence of the accused is highly reprehensible.")

[12] *See, e.g.*, OLAVI MARU, ANNOTATED CODE OF PROFESSIONAL RESPONSIBILITY 330 (American Bar Found., 1979) ("a disparity exists between the prosecutor's disclosure duty as a matter of law and the prosecutor's duty as a matter of ethics").  For example, *Brady* required disclosure only upon request from the defense – a limitation that was not incorporated into the language of DR 7-103(B), *see* MARU, *id.* at 330 – and that was eventually eliminated by the Supreme Court itself.  Moreover, in United States v. Agurs, 427 U.S. 97 (1976), an opinion post-dating the adoption of DR 7-103(B), the Court held that due process is not violated unless a court finds after the trial that evidence withheld by the prosecutor was material, in the sense that it would have established a reasonable doubt.  Experts understood that under DR 7-103(B), a prosecutor could be disciplined for withholding favorable evidence even if the evidence did not appear likely to affect the verdict. MARU, *id.*

[13] Rule 3.8, cmt. [1].

[14] *Id.*

access to evidence, the prosecutor's disclosure of evidence and information favorable to the defense promotes the proper functioning of the adversarial process, thereby reducing the risk of false convictions.

Unlike Model Rules that expressly incorporate a legal standard, Rule 3.8(d)[15] establishes an independent one. Courts as well as commentators have recognized that the ethical obligation is more demanding than the constitutional obligation.[16] The ABA Standards for Criminal Justice likewise acknowledge that prosecutors' ethical duty of disclosure extends beyond the constitutional obligation.[17]

In particular, Rule 3.8(d) is more demanding than the constitutional case law,[18] in that it requires the disclosure of evidence or information favorable to the defense[19] without regard to the anticipated impact of the evidence or information on a trial's outcome.[20] The rule thereby requires prosecutors to steer clear of the constitutional line, erring on the side of caution.[21]

---

[15] For example, Rule 3.4(a) makes it unethical for a lawyer to "*unlawfully* obstruct another party's access to evidence or *unlawfully* alter, destroy or conceal a document or other material having potential evidentiary value" (emphasis added), Rule 3.4(b) makes it unethical for a lawyer to "offer an inducement to a witness that is *prohibited by law*" (emphasis added), and Rule 3.4(c) forbids knowingly disobeying "an obligation under the rules of a tribunal . . . ." These provisions incorporate other law as defining the scope of an obligation. Their function is not to establish an independent standard but to enable courts to discipline lawyers who violate certain laws and to remind lawyers of certain legal obligations. If the drafters of the Model Rules had intended only to incorporate other law as the predicate for Rule 3.8(d), that Rule, too, would have provided that lawyers comply with their disclosure obligations under the law.

[16] This is particularly true insofar as the constitutional cases, but not the ethics rule, establish an after-the-fact, outcome-determinative "materiality" test. *See* Cone v. Bell, 129 S. Ct. 1769, 1783 n. 15 (2009) ("Although the Due Process Clause of the Fourteenth Amendment, as interpreted by *Brady*, only mandates the disclosure of material evidence, the obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations."), *citing inter alia*, Rule 3.8(d); *Kyles*, 514 U.S. at 436 (observing that *Brady* "requires less of the prosecution than" Rule 3.8(d)); ANNOTATED MODEL RULES OF PROFESSIONAL CONDUCT 375 (ABA 2007); 2 GEOFFREY C. HAZARD, JR., & W. WILLIAM HODES, THE LAW OF LAWYERING § 34-6 (3d 2001 & Supp. 2009) ("The professional ethical duty is considerably broader than the constitutional duty announced in *Brady v. Maryland* . . . and its progeny"); PETER A. JOY & KEVIN C. MCMUNIGAL, DO NO WRONG: ETHICS FOR PROSECUTORS AND DEFENDERS 145 (ABA 2009).

[17] The current version provides: "A prosecutor shall not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of all evidence which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused." ABA STANDARDS FOR CRIMINAL JUSTICE, PROSECUTION FUNCTION, Standard 3-3.11(a) (ABA 3d ed. 1993), *available at* http://www.abanet.org/crimjust/standards/prosecutionfunction.pdf. The accompanying Commentary observes: "This obligation, which is virtually identical to that imposed by ABA model ethics codes, goes beyond the corollary duty imposed upon prosecutors by constitutional law." *Id*. at 96. The original version, approved in February 1971, drawing on DR7-103(B) of the Model Code, provided: "It is unprofessional conduct for a prosecutor to fail to make timely disclosure to the defense of the existence of evidence, known to him, supporting the innocence of the defendant. He should disclose evidence which would tend to negate the guilt of the accused or mitigate the degree of the offense or reduce the punishment at the earliest feasible opportunity."

[18] *See, e.g.*, United States v. Jones, 609 F.Supp.2d 113, 118-19 (D. Mass. 2009); United States v. Acosta, 357 F. Supp. 2d 1228, 1232-33 (D. Nev. 2005). We are aware of only two jurisdictions where courts have determined that prosecutors are not subject to discipline under Rule 3.8(d) for withholding favorable evidence that is not material under the Brady line of cases. *See In re* Attorney C, 47 P.3d 1167 (Colo. 2002) (en banc) (court deferred to disciplinary board finding that prosecutor did not intentionally withhold evidence); D.C. Rule Prof'l Conduct 3.8, cmt. 1 ("[Rule 3.8] is not intended either to restrict or to expand the obligations of prosecutors derived from the United States Constitution, federal or District of Columbia statutes, and court rules of procedure.")

[19] Although this opinion focuses on the duty to disclose evidence and information that tends to negate the guilt of an accused, the principles it sets forth regarding such matters as knowledge and timing apply equally to evidence and information that "mitigates the offense." Evidence or information mitigates the offense if it tends to show that the defendant's level of culpability is less serious than charged. For example, evidence that the defendant in a homicide case was provoked by the victim might mitigate the offense by supporting an argument that the defendant is guilty of manslaughter but not murder.

[20] Consequently, a court's determination in post-trial proceedings that evidence withheld by the prosecution was not material is not equivalent to a determination that evidence or information did not have to be disclosed under Rule 3.8(d). *See, e.g.*, U.S. v. Barraza Cazares, 465 F.3d 327, 333-34 (8th Cir. 2006) (finding that drug buyer's statement that he did not know the defendant, who accompanied seller during the transaction, was favorable to defense but not material).

[21] *Cf.* Cone v. Bell, 129 S. Ct. at 1783 n. 15 ("As we have often observed, the prudent prosecutor will err on the side of transparency, resolving doubtful questions in favor of disclosure."); *Kyles*, 514 U.S. at 439 (prosecutors should avoid "tacking too close to the wind"). In some jurisdictions, court rules and court orders serve a similar purpose. *See, e.g.*, Local Rules of the U.S. Dist. Court for the Dist. of Mass., Rule 116.2(A)(2) (defining "exculpatory information," for purposes of the prosecutor's pretrial disclosure obligations under the Local Rules, to include (among other things) "all information that is material and favorable to the accused because it tends to [c]ast doubt on defendant's guilt as to any essential element in any count in the indictment or information; [c]ast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief, that might be subject to a motion to suppress or exclude, which would, if allowed, be appealable . . . [or] [c]ast doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief.")

Under Rule 3.8(d), evidence or information ordinarily will tend to negate the guilt of the accused if it would be relevant or useful to establishing a defense or negating the prosecution's proof.[22] Evidence and information subject to the rule includes both that which tends to exculpate the accused when viewed independently and that which tends to be exculpatory when viewed in light of other evidence or information known to the prosecutor.

Further, this ethical duty of disclosure is not limited to admissible "evidence," such as physical and documentary evidence, and transcripts of favorable testimony; it also requires disclosure of favorable "information." Though possibly inadmissible itself, favorable information may lead a defendant's lawyer to admissible testimony or other evidence[23] or assist him in other ways, such as in plea negotiations. In determining whether evidence and information will tend to negate the guilt of the accused, the prosecutor must consider not only defenses to the charges that the defendant or defense counsel has expressed an intention to raise but also any other legally cognizable defenses. Nothing in the rule suggests a de minimis exception to the prosecutor's disclosure duty where, for example, the prosecutor believes that the information has only a minimal tendency to negate the defendant's guilt, or that the favorable evidence is highly unreliable.

In the hypothetical, supra, where two eyewitnesses said that the defendant was not the assailant and an informant identified someone other than the defendant as the assailant, that information would tend to negate the defendant's guilt regardless of the strength of the remaining evidence and even if the prosecutor is not personally persuaded that the testimony is reliable or credible. Although the prosecutor may believe that the eye witnesses simply failed to get a good enough look at the assailant to make an accurate identification, the defense might present the witnesses' testimony and argue why the jury should consider it exculpatory. Similarly, the fact that the informant has prior convictions or is generally regarded as untrustworthy by the police would not excuse the prosecutor from his duty to disclose the informant's favorable information. The defense might argue to the jury that the testimony establishes reasonable doubt. The rule requires prosecutors to give the defense the opportunity to decide whether the evidence can be put to effective use.

**The Knowledge Requirement**

Rule 3.8(d) requires disclosure only of evidence and information "known to the prosecutor." Knowledge means "actual knowledge," which "may be inferred from [the] circumstances."[24] Although "a lawyer cannot ignore the obvious,"[25] Rule 3.8(d) does not establish a duty to undertake an investigation in search of exculpatory evidence.

The knowledge requirement thus limits what might otherwise appear to be an obligation substantially more onerous than prosecutors' legal obligations under other law. Although the rule requires

---

[22] Notably, the disclosure standard endorsed by the National District Attorneys' Association, like that of Rule 3.8(d), omits the constitutional standard's materiality limitation. NATIONAL DISTRICT ATTORNEYS' ASSOCIATION, NATIONAL PROSECUTION STANDARDS § 53.5 (2d ed. 1991) ("The prosecutor should disclose to the defense any material or information within his actual knowledge and within his possession which tends to negate or reduce the guilt of the defendant pertaining to the offense charged."). The ABA STANDARDS RELATING TO THE ADMINISTRATION OF CRIMINAL JUSTICE, THE PROSECUTION FUNCTION (3d ed. 1992), never has included such a limitation either.

[23] For example an anonymous tip that a specific individual other than the defendant committed the crime charged would be inadmissible under hearsay rules but would enable the defense to explore the possible guilt of the alternative suspect. Likewise, disclosure of a favorable out-of-court statement that is not admissible in itself might enable the defense to call the speaker as a witness to present the information in admissible form. As these examples suggest, disclosure must be full enough to enable the defense to conduct an effective investigation. It would not be sufficient to disclose that someone else was implicated without identifying who, or to disclose that a speaker exculpated the defendant without identifying the speaker.

[24] Rule 1.0(f).

[25] Rule 1.13, cmt. [3], *Cf.* ABA Formal Opinion 95-396 ("[A]ctual knowledge may be inferred from the circumstances. It follows, therefore, that a lawyer may not avoid [knowledge of a fact] simply by closing her eyes to the obvious."); *see also* ABA STANDARDS FOR CRIMINAL JUSTICE, PROSECUTION FUNCTION, Standard 3-3.11(c) (3d ed. 1993) ("A prosecutor should not intentionally avoid pursuit of evidence because he or she believes it will damage the prosecution's case or aid the accused.").

prosecutors to disclose *known* evidence and information that is favorable to the accused,[26] it does not require prosecutors to conduct searches or investigations for favorable evidence that may possibly exist but of which they are unaware. For example, prior to a guilty plea, to enable the defendant to make a well-advised plea at the time of arraignment, a prosecutor must disclose known evidence and information that would be relevant or useful to establishing a defense or negating the prosecution's proof. If the prosecutor has not yet reviewed voluminous files or obtained all police files, however, Rule 3.8 does not require the prosecutor to review or request such files unless the prosecutor actually knows or infers from the circumstances, or it is obvious, that the files contain favorable evidence or information. In the hypothetical, for example, the prosecutor would have to disclose that two eyewitnesses failed to identify the defendant as the assailant and that an informant attributed the assault to someone else, because the prosecutor knew that information from communications with the police. Rule 3.8(d) ordinarily would not require the prosecutor to conduct further inquiry or investigation to discover other evidence or information favorable to the defense unless he was closing his eyes to the existence of such evidence or information.[27]

**The Requirement of Timely Disclosure**

In general, for the disclosure of information to be timely, it must be made early enough that the information can be used effectively.[28] Because the defense can use favorable evidence and information most fully and effectively the sooner it is received, such evidence or information, once known to the prosecutor, must be disclosed under Rule 3.8(d) as soon as reasonably practical.

Evidence and information disclosed under Rule 3.8(d) may be used for various purposes prior to trial, for example, conducting a defense investigation, deciding whether to raise an affirmative defense, or determining defense strategy in general. The obligation of timely disclosure of favorable evidence and information requires disclosure to be made sufficiently in advance of these and similar actions and decisions that the defense can effectively use the evidence and information. Among the most significant purposes for which disclosure must be made under Rule 3.8(d) is to enable defense counsel to advise the defendant regarding whether to plead guilty.[29] Because the defendant's decision may be strongly influenced by defense counsel's evaluation of the strength of the prosecution's case,[30] timely disclosure requires the prosecutor to disclose evidence and information covered by Rule 3.8(d) prior to a guilty plea proceeding, which may occur concurrently with the defendant's arraignment.[31] Defendants first decide whether to plead guilty when they are arraigned on criminal charges, and if they plead not guilty initially, they may enter a guilty plea later. Where early disclosure, or disclosure of too much information, may undermine an ongoing investigation or jeopardize a witness, as may be the case when an informant's identity would be revealed, the prosecutor may seek a protective order.[32]

---

[26] If the prosecutor knows of the existence of evidence or information relevant to a criminal prosecution, the prosecutor must disclose it if, viewed objectively, it would tend to negate the defendant's guilt. However, a prosecutor's erroneous judgment that the evidence was not favorable to the defense should not constitute a violation of the rule if the prosecutor's judgment was made in good faith. *Cf.* Rule 3.8, cmt. [9].

[27] Other law may require prosecutors to make efforts to seek and review information not then known to them. Moreover, Rules 1.1 and 1.3 require prosecutors to exercise competence and diligence, which would encompass complying with discovery obligations established by constitutional law, statutes, and court rules, and may require prosecutors to seek evidence and information not then within their knowledge and possession.

[28] *Compare* D.C. Rule Prof'l Conduct 3.8(d) (explicitly requiring that disclosure be made "at a time when use by the defense is reasonably feasible"); North Dakota Rule Prof'l Conduct 3.8(d) (requiring disclosure "at the earliest practical time"); ABA STANDARDS FOR CRIMINAL JUSTICE, PROSECUTION FUNCTION, *supra* note 17 (calling for disclosure "at the earliest feasible opportunity").

[29] *See* ABA Model Rules of Professional Conduct 1.2(a) and 1.4(b).

[30] In some state and local jurisdictions, primarily as a matter of discretion, prosecutors provide "open file" discovery to defense counsel – that is, they provide access to all the documents in their case file including incriminating information – to facilitate the counseling and decision-making process. In North Carolina, there is a statutory requirement of open-file discovery. *See* N.C. GEN. STAT. § 15A-903 (2007); *see generally* Robert P. Mosteller, *Exculpatory Evidence, Ethics, and the Disbarment of Mike Nifong: The Critical Importance of Full Open-File Discovery*, 15 GEO. MASON L. REV. 257 (2008).

[31] *See* JOY & MCMUNIGAL, *supra* note 16 at 145 ("the language of the rule, in particular its requirement of 'timely disclosure,' certainly appears to mandate that prosecutors disclose favorable material during plea negotiations, if not sooner").

[32] Rule 3.8, Comment [3].

**Defendant's Acceptance of Prosecutor's Nondisclosure**

The question may arise whether a defendant's consent to the prosecutor's noncompliance with the disclosure obligation under Rule 3.8(d) obviates the prosecutor's duty to comply.[33]  For example, may the prosecutor and defendant agree that, as a condition of receiving leniency, the defendant will forgo evidence and information that would otherwise be provided?  The answer is "no."  A defendant's consent does not absolve a prosecutor of the duty imposed by Rule 3.8(d), and therefore a prosecutor may not solicit, accept or rely on the defendant's consent.

In general, a third party may not effectively absolve a lawyer of the duty to comply with his Model Rules obligations; exceptions to this principle are provided only in the Model Rules that specifically authorize particular lawyer conduct conditioned on consent of a client[34] or another.[35]  Rule 3.8(d) is designed not only for the defendant's protection, but also to promote the public's interest in the fairness and reliability of the criminal justice system, which requires that defendants be able to make informed decisions.  Allowing a prosecutor to avoid compliance based on the defendant's consent might undermine a defense lawyer's ability to advise the defendant on whether to plead guilty,[36] with the result that some defendants (including perhaps factually innocent defendants) would make improvident decisions.  On the other hand, where the prosecution's purpose in seeking forbearance from the ethical duty of disclosure serves a legitimate and overriding purpose, for example, the prevention of witness tampering, the prosecution may obtain a protective order to limit what must be disclosed.[37]

**The Disclosure Obligation in Connection with Sentencing**

The obligation to disclose to the defense and to the tribunal, in connection with sentencing, all unprivileged mitigating information known to the prosecutor differs in several respects from the obligation of disclosure that apply before a guilty plea or trial.

First, the nature of the information to be disclosed is different.  The duty to disclose mitigating information refers to information that might lead to a more lenient sentence.  Such information may be of various kinds, *e.g.*, information that suggests that the defendant's level of involvement in a conspiracy was less than the charges indicate, or that the defendant committed the offense in response to pressure from a co-defendant or other third party (not as a justification but reducing his moral blameworthiness).

Second, the rule requires disclosure to the tribunal as well as to the defense.  Mitigating information may already have been put before the court at a trial, but not necessarily when the defendant has pled guilty.  When an agency prepares a pre-sentence report prior to sentencing, the prosecutor may provide mitigating information to the relevant agency rather than to the tribunal directly, because that ensures disclosure to the tribunal.

Third, disclosure of information that would only mitigate a sentence need not be provided before or during the trial but only, as the rule states, "in connection with sentencing," *i.e.*, after a guilty plea or

---

[33] It appears to be an unresolved question whether, as a condition of a favorable plea agreement, a prosecutor may require a defendant entirely to waive the right under *Brady* to receive favorable evidence.  In United States v. Ruiz, 536 U.S. 622, 628-32 (2002), the Court held that a plea agreement could require a defendant to forgo the right recognized in Giglio v. United States, 405 U.S. 150 (1972), to evidence that could be used to impeach critical witnesses.  The Court reasoned that "[i]t is particularly difficult to characterize impeachment information as critical information of which the defendant must always be aware prior to pleading guilty given the random way in which such information may, or may not, help a particular defendant."  536 U.S. at 630.  In any event, even if courts were to hold that the right to favorable evidence may be entirely waived for constitutional purposes, the ethical obligations established by Rule 3.8(d) are not coextensive with the prosecutor's constitutional duties of disclosure, as already discussed.

[34] *See, e.g.*, Rules 1.6(a), 1.7(b)(4), 1.8(a)(3), and 1.9(a).  Even then, it is often the case that protections afforded by the ethics rules can be relinquished only up to a point, because the relevant interests are not exclusively those of the party who is willing to forgo the rule's protection.  *See, e.g.*, Rule 1.7(b)(1).

[35] *See, e.g.*, Rule 3.8(d) (authorizing prosecutor to withhold favorable evidence and information pursuant to judicial protective order); Rule 4.2 (permitting communications with represented person with consent of that person's lawyer or pursuant to court order).

[36] *See* Rules 1.2(a) and 1.4(b).

[37] The prosecution also might seek an agreement from the defense to return, and maintain the confidentiality of evidence and information it receives.

verdict. To be timely, however, disclosure must be made sufficiently in advance of the sentencing for the defense effectively to use it and for the tribunal fully to consider it.

Fourth, whereas prior to trial, a protective order of the court would be required for a prosecutor to withhold favorable but privileged information, Rule 3.8(d) expressly permits the prosecutor to withhold privileged information in connection with sentencing.[38]

### The Obligations of Supervisors and Other Prosecutors Who Are Not Personally Responsible for a Criminal Prosecution

Any supervisory lawyer in the prosecutor's office and those lawyers with managerial responsibility are obligated to ensure that subordinate lawyers comply with all their legal and ethical obligations.[39] Thus, supervisors who directly oversee trial prosecutors must make reasonable efforts to ensure that those under their direct supervision meet their ethical obligations of disclosure,[40] and are subject to discipline for ordering, ratifying or knowingly failing to correct discovery violations.[41] To promote compliance with Rule 3.8(d) in particular, supervisory lawyers must ensure that subordinate prosecutors are adequately trained regarding this obligation. Internal office procedures must facilitate such compliance.

For example, when responsibility for a single criminal case is distributed among a number of different lawyers with different lawyers having responsibility for investigating the matter, presenting the indictment, and trying the case, supervisory lawyers must establish procedures to ensure that the prosecutor responsible for making disclosure obtains evidence and information that must be disclosed. Internal policy might be designed to ensure that files containing documents favorable to the defense are conveyed to the prosecutor providing discovery to the defense, and that favorable information conveyed orally to a prosecutor is memorialized. Otherwise, the risk would be too high that information learned by the prosecutor conducting the investigation or the grand jury presentation would not be conveyed to the prosecutor in subsequent proceedings, eliminating the possibility of its being disclosed. Similarly, procedures must ensure that if a prosecutor obtains evidence in one case that would negate the defendant's guilt in another case, that prosecutor provides it to the colleague responsible for the other case.[42]

---

[38] The drafters apparently concluded that the interest in confidentiality protected by an applicable privilege generally outweighs a defendant's interest in receiving mitigating evidence in connection with a sentencing, but does not generally outweigh a defendant's interest in receiving favorable evidence or information at the pretrial or trial stage. The privilege exception does not apply, however, when the prosecution must prove particular facts in a sentencing hearing in order to establish the severity of the sentence. This is true in federal criminal cases, for example, when the prosecution must prove aggravating factors in order to justify an enhanced sentence. Such adversarial, fact-finding proceedings are equivalent to a trial, so the duty to disclose favorable evidence and information is fully applicable, without regard to whether the evidence or information is privileged.

[39] Rules 5.1(a) and (b).

[40] Rule 5.1(b).

[41] Rule 5.1(c). *See, e.g., In re* Myers, 584 S.E.2d 357, 360 (S.C. 2003).

[42] In some circumstances, a prosecutor may be subject to sanction for concealing or intentionally failing to disclose evidence or information to the colleague responsible for making disclosure pursuant to Rule 3.8(d). *See, e.g.,* Rule 3.4(a) (lawyer may not unlawfully conceal a document or other material having potential evidentiary value); Rule 8.4(a) (lawyer may not knowingly induce another lawyer to violate Rules of Professional Conduct); Rule 8.4(c) (lawyer may not engage in conduct involving deceit); Rule 8.4(d) (lawyer may not engage in conduct that is prejudicial to the administration of justice).

---

**AMERICAN BAR ASSOCIATION STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY**
321 N. Clark Street, Chicago, Illinois 60654-4714 Telephone (312)988-5300
CHAIR: Robert Mundheim, New York, NY ■ Robert A. Creamer, Evanston, IL ■ Edwin L. Felter, Jr., Denver, CO ■ Terrence F. Franklin, Los Angeles, CA ■ Bruce A. Green, New York, NY ■ James M. McCauley, Richmond, VA ■ Susan R. Martyn, Toledo, OH ■ Arden J. Olson, Eugene, OR ■ Mary Robinson, Downers Grove, IL ■ Sylvia E. Stevens, Lake Oswego, OR
**CENTER FOR PROFESSIONAL RESPONSIBILITY:** George A. Kuhlman, Ethics Counsel; Eileen B. Libby, Associate Ethics Counsel

**©2009 by the American Bar Association. All rights reserved.**