# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　　　Defendants. | 3:13-cr-00008-RRB-JDR<br><br>**ORDER**<br>**REGARDING MOTION FOR**<br>**ORDER DIRECTING**<br>**GOVERNMENT TO PROVIDE**<br>**ADDITIONAL DISCOVERY**<br><br>(Docket 105) |

　　　　Defendant **James Michael Wells** moves for an order directing the government to provide additional discovery, Docket 105. The government filed its opposition/response at Docket 111. Wells filed his reply at Docket 127. The request for oral argument raised in the reply is denied.

General Discovery Requests pursuant to Rule 16.

1.  The request for the defendant's oral and written statements as defined in Rule 16(a)(1)(A) and (B), Federal Rules of Criminal Procedure is granted. Defendant's statements including recordings of jail phone calls made by the defendant be provided by the government to the defendant within ten days from the date of this order.

2.  The request for arrests reports and notes is denied. Federal Criminal Rule 16(a)(2).

3.  The request for dispatch tapes is granted.

4.  The request for a written summary of any testimony that the government intends to use under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief at trial is granted in accordance with the date for disclosure established by the court in its prior pretrial order.

5.  The request for reports of examinations and tests pursuant to Federal Criminal Rule 16(a)(1)(F) is granted if the item is within the government's possession, custody or control or the attorney for the government knows or through due diligence could know, that the items exists, and the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. This includes fingerprint analysis, laboratory testing, reports of any physical examinations, gunshot residue testing, and dog-sniff searches that are either intended for use as evidence at trial, relied upon by the government to obtain a

warrant, or constitute Brady material.[1]

      6.    The request for the defendant's prior criminal record, if any, is granted. Rule 16(a)(1)(D), Federal Rules of Criminal Procedure.

      7.    The request for notice of any evidence of alleged crimes, wrongs or other bad acts of the defendant the prosecution intends to offer in its case-in-chief pursuant to Federal Rule of Evidence 404(b) is granted. The government has set a date for production of 404(b) notices. The government should provide reasonable notice of the general nature of any such evidence that it intends to offer at trial. The notice shall include the nature of the incident, the date, time and place of the incident, and the identity of persons having knowledge of such incident(s).

      8.    The request for documents and tangible objects is granted as follows: the government shall permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and (1) the item is material to preparation of the defense; (2) the government intends to use the item in its case-in-chief at trial; or (3) the item was obtained from or belongs to the defendant. Federal Criminal Rule 16(a)(1)(E). The request for immediate notice of the government's intention to use any such tangible evidence at trial is denied generally, but granted

---

[1] With respect to gun powder residue tests the government states it has no such samples and has done no such testing.

with respect to such evidence that might reasonably be subject to a motion to suppress or other pretrial challenge to the lawfulness of its use at trial.

The defendant''s request for information regarding video of trucks similar to the defendant's and for additional "other suspect" evidence as "material to the preparation of the defense" under F.R.Cr.P. 16(a)(1)(E)(I) is granted as to video and other tangible objections within the government's possession, custody or control (1) if is intended for use by the government in its case-in-chief; or (2) unavailable to the defense through their own investigation, for example through searching public records; or (3) if it may play an important role in uncovering admissible evidence, aid in witness preparation or cross-examination, corroborate testimony or assist impeachment or rebuttal. United States . Lloyd, 992 F.2d 348, 351 (D.C. Cir. 1993).

"What is material in preparing the defense" does not include all information in the government's investigation. The government is not required to divulge its theory of the case. Relevant tangible objections do not belong to either party.

The discoverability of the information under Rule 16 does not end the inquiry. The defendant has also requested Brady information. The identity of a similar looking vehicle may constitute Brady material. The government should review this request under Brady pursuant to the broad discovery policy set forth in the United States Attorney's Manual 9-5.001 and United States v. Muniz-Jaquez, 718 F.3d 1180 (9th Cir. 2013).

Wells provides specific examples of discovery that he seeks pursuant to Federal Criminal Rule 16(a)(1)(E)(i) because it is "material to preparing the defense." The court agrees that the government should provide as discovery the following: Statements of the first responders to the crime scene; the physical location where the decedents were first discovered and whether they were facing up or facing down; the description of the medical therapies that were applied to the decedents prior to them being pronounced dead; the clothing that the decedents were wearing at the time of their demise; and the location of bullet fragments discovered and recovered at the scene. This discovery is relevant to the defendant's obligation to investigate the forensics and ballistics in a shooting/homicide prosecution.

Defense counsel states that it will not know whether requested discovery also constitutes exculpatory material until they review it. Docket 127, p.7. Sometimes discovery material may turn out to be exculpatory but that does not mean that material under Criminal Rule 16 should be turned over to the defense simply because it might turn out to be exculpatory material. Whether discovery material will be materially exculpatory sometimes cannot be known until closer to the trial date or during the trial itself when objections to testimony and evidence are made, the nature of the defense is disclosed, what witnesses and evidence will support the defense becomes evident, the record reflects what jury instructions the court may be requested to give, and occasionally what questions the jury may pose

during its deliberations. *See* United States v. Safavian, 233 F.R.D. 12, 16 (D.D.C. 2005).

The defendant requests that the government identity the owner and operator of vehicles recorded on video on April 11 and 12, 2012. *See* Docket 127, p.10,n.2. Identity of someone other than the defendant as the owner and/or driver of the white pickup seen in the videos qualifies as exculpatory information because this likely has a significant impact upon the defense(s) that may be offered at trial by James Wells. Such information should therefore be disclosed to the defendant.

With the respect to the defendant's other requests for suspect information, the government should carefully review its investigation of other suspects or potential suspects and disclose material exculpatory where there is a reasonable probability that the effective use of the evidence could result in an acquittal. *See* generally, United States v. Bagley, 475 U.S. 667, 676 (1985) (Constitution requires disclosure where there is a reasonable probability that effective use of the evidence will result in an acquittal). Because it is sometimes difficult to access the materiality of evidence before trial, the prosecutor should take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence. Kyles v. Whitley, 514 U.S. 437 (1995).

In the pretrial context the government should review "materiality" of exculpatory information as evidence that may be "favorable to the accused" which, if so, should be disclosed without regard to whether the failure to disclose it likely

would affect the outcome of the upcoming trial.  *See* Discussion in United States v. Sudikoff, 36 F. Supp. 2d 1196, 1198-99 (C.D. CA 1999).  The prosecutors are directed to follow the Department of Justice's own policies regarding what is discoverable and disclose exculpatory or impeachment information "regardless of whether the prosecutor believes such information will make a difference between conviction and acquittal of the defendant for a charged crime."  USAM § 9-5.001.  Material favorable to the accused under Brady includes information in possession of any executive branch agency that relates to guilt or punishment and that tends to help the defense by either bolstering a defense case or impeaching potential prosecution witnesses.  United States v. Bagley, 473 U.S. 667, 676-77 (1985); Sudikoff, supra at 1l99-1200.

        Wells relies upon the prosecutor's independent obligation to comply with the ethical rules to provide timely disclosure of exculpatory information regardless of the prosecutor's assessment of its constitutionality materiality.  Docket 127, pp. 22-27.  The ABA Model Rule of Professional Conduct 3.8 (adopted in Alaska pursuant to Alaska RPC 3.8(d)) requires a "prosecutor who knows of evidence and information favorable to the defense to disclose it a soon as reasonably practicable so that defense can make meaningful use of it in making such decisions as whether to plead guilty and how to conduct its investigate."  Rule 3.8(d) is a rule of the Model Rules of Professional Conduct.  That rule requires that exculpatory information be furnished "as soon as reasonably practicable" after the prosecution learns of the

information. In the absence of a protective order the prosecution should turn over this exculpatory information forthwith.

Should the prosecution conclude that there is a legitimate basis for withholding evidence in the government's possession that is favorable to the accused then the prosecution should seek a protective order. *See* e.g., Acosta, 357 F. Supp. 2d at 1236. As noted by Wells' attorneys, Rule 3.8(b) is more demanding than the constitutional case law. The rule requires disclosure of evidence or information favorable to the defense without regard to anticipated impact of the evidence or information on the trial's outcome.

9. The request for "information regarding informants and cooperating witnesses" is overly broad. The government's response states that it [has] provide[d] to the defendant informant and cooperating witness information to the defendant on August 23, 2013. The response further states that there were no informant's and no Title III wiretaps. While the Due Process Clause does not necessarily require identification of an undercover informer, a general standard for disclosure of an informant's identity is set forth in Roviaro v. United States, 353 U.S. 53 (1957), which states:

> Where the disclosure of an informant's identity or the contents of his communications is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must be waived. In

> these situations, the trial court may require disclosure and, if the government withholds the information, dismiss the action.

Id. at 60-61. See also Weatherford v. Bursey, 429 U.S. 545 (1977). Four considerations are relevant with respect to disclosure. These are: (1) the crime charged, (2) the possible defense, (3) the possible significance of the informant's testimony, and (4) the other relevant factors.

The Ninth Circuit Court of Appeals recognizes that a "percipient witness" must be disclosed. United States v. Cervantes, 542 F.2d 773, 775 (9th Cir. 1976). Disclosure is likewise mandated when an informant participated in events that were critical to the prosecution's case. United States v. Hernandez, 608 F.2d 741, 744-45 (9th Cir. 1979). Where an informant's testimony is essential to a fair determination, the government may be required to disclose his identity and address. United States v. Roberts, 388 F.2d 646 (2nd Cir. 1968); see also United States v. Anderson, 509 F.2d 724 (9th Cir. 1975).

The court has an obligation to determine whether there are any undisclosed informers whose testimony would be helpful to the defense. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984). Accordingly, the United States is directed to submit by affidavit facts relating to the role of any informer in the investigation and/or prosecution of a case in order that the court may balance the defendant's need for the informer's identity with the public interest and the

government's opposition to disclosure of the identity of any such person whose information triggered the information that precipitated this prosecution. Compare United States v. Ordonez, 737 F.2d 793 (9th Cir. 1984) (conducting of in camera proceedings regarding disclosure of informant's identity is left to the discretion of the trial court). United States v. Rawlinson, 487 F.2d 5 (9th Cir. 1973), cert. denied, 415 U.S. 984 (1974). The government shall produce such affidavit(s) within 30 days from the date of this order.

      10.    The request for pretrial discovery of witness statements is denied except as governed by the Jencks Act, 18 U.S.C. § 3500 and the timing of any disclosure of Jencks Act material as determined by the court.

      11.    The request for notes of interviews is denied as overly broad. The request does not identify who was interviewed or who conducted the interview. Federal Criminal Rule 16(a)(2) provides that except as stated in Rule 16(a)(1), the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agent in connection with the investigating or prosecution of this case is not authorized. This includes the discovery or inspection of statements made by a prospective government witnesses except as provided in the Jencks Act. However, the government is directed to preserve any rough notes of interviews until the disposition of this case and to review agent notes for information that must be disclosed pursuant to F.R.Cr.P. 16(a)(1)(A)-(C) or may be discoverable under F.R.Cr.P.

16(a)(1)(B). *See* United States v. Clark, 385 F.3d 609, 619-20 (6th Cir. 2004).

  12. The request for photographs used in any identification procedure is granted. The government's response states that it has already complied with this request. The government states that it will provide discovery of any photos, videos, diagrams, drawings, or measurements made in conjunction with an expert witness according to the court's schedule (presumably relating to expert witnesses).

  13. The request for wire or other surveillance disclosures (page 8) is granted.

  14. The request for charts and summaries is vague. It also appears to be redundant to the request for documents and objects previously addressed. The government has agreed to produce charts and summaries two weeks prior to trial. Except as otherwise provided the request is denied.

  15. The request for discovery relating to "refreshing memory" is vague. Said request is hereby denied.

  16. The request for an exhibit list should be covered by the pretrial order. The request for pretrial disclosure of an exhibit list otherwise is denied as premature.

  17. The request for a list of each prospective government witness for trial is denied. The United States is not required to furnish defendant with the names of its witnesses in a non-capital case. United States v. Dischner, 960 F,2d 870, 890 (9th Cir. 1997); United States v. Steele, 759 F.2d 706, 709 (9th Cir. 1985); United

13-cr-008-RRB-JDR WELLS @105 ORDER Re Directing Govt to Provide Additional Discovery_mtd.wpd  11

States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980). The request for names of persons who have given relevant information to the government about this case whom the government does not intend to call as witnesses at trial is denied.

18. The request for the name and address of any witness to the crime(s) charged regardless of whether they will be a government witness is granted. This ruling addresses pretrial disclosure seeking discovery that does not fall under Brady v. Maryland, 373 U.S. 83 (1963) or its progeny. The government states that there were no eye witnesses to this crime.

19. The request for names and identity of law enforcement officers who conducted the interrogation of Mr. Wells is granted. The request for the names and identities of law enforcement officers who questioned other individuals is denied.

20. The request seeking reports of officers who conducted the interrogation of Mr. Wells is granted in conformity with Rule 16(a)(1)(A) and (B) addressing the defendant's oral statements and written recorded statements. That request is granted with respect to the substance of any relevant oral statement made by the defendant if the government intends to use the oral statement at trial. It also includes any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody or control and the attorney for the government knows or through due diligence could know that the statement exists. The government shall also comply with the remainder of that rule.

21. The request for the names and contact information for individuals

who were present at the scene on April 12, and April 13, 2012 during the time that any interrogation was conducted is granted. The request for statements of other individuals who were interrogated on April 12 and 13, 2012 is denied except as to production under the Jencks Act.

22. The request for full statements of people whose statements were used in an affidavit to support the issuance of a search warrant is granted in part and denied in part. The government is directed to produce any portion of the statements that relate to the topic or statement relied upon in each affidavit. This information is pertinent to a review of whether the issuing magistrate or judge was provided an accurate and fair representation of what the witness stated. The request is otherwise denied.

23. The identity and contact information of any law enforcement officer or other persons who were present at or who participated in the execution of any search warrant related to this case is granted. The request for the reports of officers participating in the execution of a search warrant is denied. Federal Criminal Rule 16(a)(2).

24. The request for the identify and contact information of any law enforcement officer or other person who participated in the search or seizure of any property or the person of the defendant that the government claims was the result of the defendant's consent or the fruit of some exception to a warrant requirement is granted. This ruling is not limited to searches for which the defendant may have

standing to object. The request for the reports of such persons is denied. Rule 16(a)(2).

25. Where the items requested are specifically addressed in a pretrial order that pretrial order shall govern as to the time for disclosure or production of such discovery. To the extend not otherwise addressed the requests in the motion for discovery are hereby denied.

26. The government has agreed to turn over Jencks Act material six weeks prior to trial. The government states that it does not intend to turn over Brady material that is contained within Jencks Act statements until it turns over the Jencks Act material itself. This position appears to be too broad. The government is reminded that Brady requires that exculpatory and impeaching information be turned over to the defense at a time meaningful to its use. If the government has exculpatory information it should be turned over immediately or brought to the attention of the court for an in camera review. Information relevant only to possible impeachment of a government witness may under the usual circumstance be withheld until the production of Jencks Act material whereby the identity of the potential government witness is disclosed.

27. The request for the government to undertake a review of personnel files of any government witness including all law enforcement personnel when the government intends to call to testify at trial is granted. Any exculpatory information contained therein should be timely disclosed. The defendant cites

United States v. Cadet, 727 F.2d 1453, 1467 (9th Cir. 1984) for the government's Brady obligation to produce favorable evidence in the personnel records of an officer. The government's response acknowledges it's awareness of that obligation.

28. The request for Henthorn[2] material to be disclosed as to any witness to be called by the defense is denied since the defendant's motion identifies no such witness.

29. The request for the government to identify and provide contact information for every person who entered the homicide scene on April 12 and April 13, 2012 until the Homicide scene was cleared is granted as to any such law enforcement person. The request for the reports and logs of every such person is denied. Federal Criminal Rule 16(a)(2).

30. The specific request for photographs, videos, etc., made at the homicide scene is denied as redundant to the request previously made under Federal Criminal Rule 16(a)(1)(E).

31. The request for production of forensic evaluation of every crime scene and reconstruction is granted within the perimeters of Federal Criminal Rule 16(a)(1)(F).

32. The defendant's Brady requests includes disclosure of "All information, facts, documents, statements, agents reports, and tangible evidence in anyway favorable to the defendant on the issue of guilt or punishment or which or

---

[2] United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

might affect the credibility of the government's theory of the case." Docket 105, p.15. The defendant's discussion of <u>Brady</u> and its application shall serve to inform the government of the extent of <u>Brady</u> material sought. With respect to the request for specific <u>Brady</u> material the defendant is entitled to names of witnesses favorable to the defendant, evidence that a government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony, any information that a government witness has engaged in or been investigated for any criminal act regardless of conviction or that the witness has been under investigation by federal, state or local authorities for criminal conduct, statements and/or promises, express or implied made to any government witness, in exchange for testimony in this case, information such as medical or psychiatric reports or evaluations tending to show that the ability of any prospective government witness to perceive, remember, communicate, or tell the truth, is or was impaired.

33. The defendant's repetitive discovery request contained on pages 21-22 are denied as redundant.

34. The request for video feed and security logs (page 22) are granted. Such evidence appears to be in the sole custody of the government and therefore should be made available to the defendant for his examination.

35. The request for disclosure of ownership and contact information for all vehicles on Kodiak Island investigated by officers in this case is denied except as the government has agreed to produce. There is no evidence that the

government has taken any steps to prevent the defense from obtaining such information on their own. The government need not disclose its theory of the case in pretrial discovery. Although the government is required to produce the video of the white pickup truck seen on the designated times and dates it need not provide contact information on such vehicle(s) as the government's determination of the ownership or identity of the driver falls within the work product of the government.

DATED this 11th day of September, 2013, at Anchorage, Alaska.

                                           */s/ John D. Roberts*
                                          JOHN D. ROBERTS
                                          United States Magistrate Judge