UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>               Plaintiff,<br>   vs.<br><br>JAMES MICHAEL WELLS,<br><br>              Defendants. | 3:13-cr-00008-RRB-JDR<br><br>**<u>ORDER<br>REGARDING<br>MOTION TO EXCUSE SECOND<br>DEFENSE COUNSEL</u>**<br><br>(Docket 112) |

       The United States moves the court to vacate the order appointing a second defense counsel in this prosecution. *See* Motion to Excuse Second Defense Counsel, Docket 112. The motion is opposed by the defendant, Docket 115. Upon due consideration the government's motion is granted in part and denied in part.

       Defendant **James Michael Wells**, was appointed two attorneys pursuant to 18 U.S.C. § 3005 after he was indicted for a capital crime. Rich Curtner, Federal Public Defender for Alaska and subsequently Peter Offenbecher from Seattle, Washington were

appointed to represent Wells. The government has now formally chosen not to seek the death penalty in this case. Docket 101. Elimination of the death penalty also eliminates the defendant's statutory right to a second attorney. United States v. Waggoner, 339 F.3d 915, 918-919 (9th Cir. 2003). This case is no longer a capital case and the penalty phase is simplified.

In determining whether there are extenuating circumstances to continue the appointment of the second counsel the court considers factors set forth in the Guide to Judicial Policy, § § 630.30.10 and 630.30.20. The first section directs that the court consider the questions of limited counsel and the rate of compensation needed for the duration of the proceeding once it is determined that the death penalty will not be sought. Section 630.30.20(b) provides:

> b. In deciding whether there are extenuating circumstances, the court should consider the following factors:
>
> (1) a need to avoid disruption of the proceedings; (2) whether the decision not to seek the death penalty occurred late in the litigation; (3) whether the case is unusually complex; and (4) any other factors that would interfere with the need to ensure effective representation of the defendant.

As a matter of economy the government argues that the court should vacate the appointment of Mr. Offenbecher since he is out-of-state counsel. The defense argues that the denial of Mr. Offenbecher's continued representation of

Wells at this stage of the proceedings would be contrary to the spirit of the Guidelines and would severely impair Wells' Sixth Amendment right to counsel.

Defendant's opposition reads in part: "To remove Mr. Offenbecher from the defense team would leave one attorney, Rich Curtner, to represent Mr. Wells at a February 2014 trial date." Docket 115, p.2.[1] The parties are adhering to the pretrial motion schedule set by the court. Before the potential death penalty was removed by the government, the case was declared "a complex case" by the District Judge. Docket 34. However, the case is not necessarily an unusually complex case. The decision by the government not to seek the death penalty did not occur late in the litigation.

The court is mindful of the need to responsibly conserve the District's Criminal Justice Act budget as well as the seriousness of the charges from the point of view of the defendant and the public. Rich Curtner was involved with defendant at the outset before the complaint was filed. Mr. Offenbecher was appointed on March 8, 2013 at the hourly rate of $178. Regular CJA appointed attorneys receive $125.00 per hour, however, with the sequester in effect appointed attorney fees have been temporarily reduced to $110.00 per hour.

Upon due consideration IT IS HEREBY ORDERED:

The number of appointed counsel for the defendant James Wells in this case shall be reduced from two counsel to one counsel. The retention of the Public Defender

---

[1] Trial by jury is presently set for February 18, 2014,

as the defendant's sole appointed counsel will preserve any attorney-client relationship the defendant has established with his counsel without impairing his Sixth Amendment right to counsel. Mr. Offenbecher is excused from further appointment in this case with the thanks of the court for his services.

DATED this 11th day of September, 2013, at Anchorage, Alaska.

*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge