KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-RRB-JDR |
|---|---|
| Plaintiff, | ) **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS MADE TO A CONFIDENTIAL INFORMANT** |
| vs. | |
| JAMES MICHAEL WELLS, | |
| Defendant. | |

COMES NOW the United States, by and through undersigned counsel, and opposes the defendant's motion to suppress statements made to a confidential informant.

## I. SUMMARY

The defense alleges that the statements made to the government's witness, acting as a confidential informant with law enforcement, were taken contrary to the Fifth and Sixth Amendments, denying the defendant's rights to due process and counsel.

Both of defendant's claims are easily disposed of as a matter of law. Because the statements were made during the course of the investigation and before charges were filed, the statements are not subject to a Sixth Amendment challenge. Defendant's Fifth Amendment challenge is difficult to discern, as his theory is not articulated. To the government's best ability, he appears to be alleging a violation of his due process rights based on the theory of interference with his attorney-client relationship. If so, this is an outrageous government conduct claim that is only available in extraordinary circumstances and requires proof of egregious conduct and is easily

disposed of based on defendant's sole allegation—that the government used an informant in an undercover capacity to tape conversations with the defendant as part of an ongoing investigation, a regularly used law enforcement method.

## II. FACTS

On April 12, 2012, two Coast Guard employees, Electronics Technician First Class James Hopkins and retired Chief Boatswain's Mate Richard Belisle, were shot and murdered shortly after they arrived at work at approximately 7:00 a.m. at the Rigger Shop at Coast Guard COMMSTA Kodiak. Shortly after the investigation began, the defendant, James Wells, emerged as a leading suspect. James Wells was a fellow co-worker of the victims, and was the other person who was scheduled to be at work at the time of the murders, but was absent due to an alleged flat tire.

In August of 2012, a confidential witness agreed to wear a recording device during discussions with James Wells. Recordings of these discussions were made in an August 17, 2012, phone call and in-person conversation, and two additional phone calls on September 13

and 14, 2012. At the time of the conversations, the defendant was unaware that the government's witness was recording the conversations or working on behalf of government investigators. These conversations all occurred well before James Wells was indicted for these crimes in February 2013.

The government acknowledges that, as defendant states, the government was aware that the Federal Public Defender had entered into an attorney-client relationship with Mr. Wells. As detailed below, however, that fact is irrelevant where, as here, defendant had not been charged with any crime.[1]

## ARGUMENT

I. THE COURT SHOULD DECIDE THE DEFENDANT'S MOTION WITHOUT AN EVIDENTIARY HEARING

Defendant's motion raises no disputed issues of fact that need to be decided by the court. Therefore, his motion is ripe for decision on the legal briefing without a need for an evidentiary hearing. *See United*

---

[1] The government has not attached the recordings as the substance does not appear to be necessary to the court's decision. However, the recordings are available if the court wishes to hear them.

*United States. v. Wells*
3:13-cr-00008-RRB-JDR            Page 4 of 9

States v. Howell, 231 F.3d 615, 620-21 (9th Cir. 2000) (to be entitled to an evidentiary hearing the defendant must "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist").

II. **DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE DEFENDANT'S STATEMENTS OCCURRED BEFORE ANY SIXTH AMENDMENT RIGHT TO COUNSEL HAD ATTACHED**

A government undercover agent may discuss matters with a suspected and represented individual, and surreptitiously record conversations prior to indictment, because there is no interference with the Sixth Amendment right to counsel until a suspect has been formally charged with a crime. *See United States v. Perkins*, 496 U.S. 292, 299 (1990) citing, *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); *United States v. Henry,* 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); *Maine v. Moulton,* 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). The attorney-client relationship is not impacted by the use of this investigative tactic. As in *Perkins*, no charges had been filed in this case, and thus the Sixth Amendment

precedents are not applicable. *Perkins,* 496 U.S. at 299, citing *Moulton,* 474 U.S. at 176, 106 S.Ct. at 487.

If the government had chosen to take defendant into custody, or formally charge him with a crime, he may have the right to complain of a Sixth Amendment issue. *Cf. Hoffa v. United States*, 385 U.S. 293, 310, 87 S.Ct. 408, 417 (1966) ("Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction."). Just as in *Hoffa*, Wells had no constitutional right to indictment that prohibited the government from investigating further.

Defendant's sole authority – on which he relies to request the court overlook this well-established, black letter law – is *United States v. Irwin*, 612 F.2d 1182 (9th Cir. 1980). That case does not stand for the proposition cited by the defendant. In *Irwin*, the court **affirmed** the conviction of the defendant rejecting the claim of interference with the attorney-client relationship in a case in which the interference with

*United States. v. Wells*
3:13-cr-00008-RRB-JDR        Page 6 of 9

that relationship was acknowledged but the court found no prejudice – a situation a far cry from the vague allegations made here.

In *Irwin,* the alleged violation of his Sixth Amendment rights was, in fact, after he was charged and arrested. Thus, defendant's claim that *Irwin* stands for the proposition that the Sixth Amendment attaches pre-charging is misplaced. It is true that the *Irwin* court did discuss the defendant's allegations that conversations between the defendant and an undercover agent, without the knowledge and agreement of assigned counsel, was a Fifth and Sixth Amendment claim. However, because the interference had occurred after defendant was arrested and charged, the case does not discuss extending Sixth Amendment rights to pre-charging investigative actions. What the case did analyze was the level of proof necessary to make a claim that an indictment should be dismissed because of substantial and prejudicial interference with the attorney-client relationship.

The government does acknowledge that some government conduct in other cases may be seen to be so outrageous that it could possibly implicate the Fifth Amendment due process rights of an individual.

*United States. v. Wells*
3:13-cr-00008-RRB-JDR		Page 7 of 9

However, this is, in essence, a government misconduct claim, that although often raised, requires an extraordinary level of proof of gross misconduct and is virtually never granted. *See United States v. Simpson*, 813, F.2d 1462 (9th Cir. 1987). A finding of Fifth Amendment violation premised on a claim of interference with the attorney-client relationship is reserved for "only the most intolerable conduct." *United States v. Voigt*, 89 F.3d 1050, 1065 (3rd Cir. 1996).

Whatever the threshold is for making an interference claim under the Fifth Amendment (or even under the Sixth Amendment where it applies), it requires at least some proof that the government unfairly obtained privileged information such as attorney strategy or defense plans, or did something to destroy the relationship between a client and counsel. *See Irwin, supra* at pp. 1186-1191. In contrast, here the defendant asks the court to find a per se rule that using the undercover technique is banned after an individual obtains counsel. His motion is most marked by its lack of any evidence of either any investigative misconduct, any improper collection of defense information, or any effect on his attorney-client relationship.

3:13-cr-00008-RRB-JDR            Page 8 of 9

Case 3:13-cr-00008-SLG   Document 134   Filed 09/13/13   Page 8 of 9

# CONCLUSION

For the foregoing reasons, the government requests that the defense's motion to suppress defendant's statements be denied in its entirety without a hearing.

RESPECTFULLY SUBMITTED on September 13, 2013, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2013,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR          Page 9 of 9