Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | NO. 3:13-cr-00008-RRB-JDR |
|---|---|
| Plaintiff, | |
| vs. | **REPLY TO OPPOSITION TO MOTION TO SUPPRESS STATEMENTS (Fifth and Sixth Amendments)** |
| JAMES MICHAEL WELLS, | |
| Defendant. | |

James Wells replies to the government's opposition (Docket No. 134) to his motion to suppress his statements to a confidential informant (Docket No. 122). The government obtained those statements in violation of his Fifth Amendment due process right and Sixth Amendment right to counsel.

As mentioned in the underlying motion, the government requested that the federal public defender office represent Mr. Wells after he invoked his right to counsel, and then the government sent a confidential informant to speak with Mr. Wells. Mr. Wells was not formally charged with a crime at the time he spoke with the confidential informant.

Any statements Mr. Wells made to the confidential informant could be used against him at trial. The government's argument that their use of a confidential informant

to speak with a represented party is not outrageous conduct hardly means the court should condone such behavior. The cases cited by the government of other disturbing contact by law enforcement and their agents with defendants do not detract from the unsavory actions of the government's attempts to subvert Mr. Wells' right to counsel and right against self-incrimination.

If the government were to use a non-government actor to search a home or seize a person when the government was prohibited from so doing, the court would not uphold that illegal search or seizure. *Coolidge v. New Hampshire*, 403 U.S. 443, 487 (1971); *United States v. Reed*, 15 F.3d 928, 931 (9th Cir. 1994). Similarly the court should not permit the government to use a non-government actor to contact a criminal suspect when the government itself is precluded from contacting the suspect.

The court should determine whether the government violated Mr. Wells' Sixth Amendment right to counsel and Fifth Amendment right to due process. If the court should find a violation of Mr. Wells' Fifth or Sixth Amendment rights, Mr. Wells moves the court to suppress the fruits of these illegalities.

DATED this 4th day of October 2013.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on October 4, 2013,
a copy of the **Reply to Opposition to Motion to Suppress Statements (Fifth and Sixth Amendments)** was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/Rich Curtner