Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**SUPPLEMENTAL BRIEF FILED WITH DECLARATION IN SUPPORT OF EVIDENTIARY HEARING ON MOTION TO SUPPRESS STATEMENTS (Docket No. 120)** |

I.      INTRODUCTION

At the status hearing on October 21, 2013 (Docket No. 152), the government argued that the holding of *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000) necessitated Mr. Wells' filing an affidavit to support his request for an evidentiary hearing on a Motion to Suppress Statements (Docket No. 120).  Mr. Wells avers that the briefing for the motion to suppress in *Howell* differs significantly from the briefing in this case, and that he has already met the briefing requirements to obtain an evidentiary hearing on this matter.

## II. THE CONCERNS IN *HOWELL* ARE NOT PRESENT IN THIS CASE

Howell's attorney filed a motion to suppress statements comprised of only boilerplate language and statements about the government's burden of proof. In *Howell*, the motion to suppress made no allegations, which if taken as true, would persuade a court to suppress a confession in a drug distribution case. The standard to obtain an evidentiary hearing for a motion to suppress is that the motion contain "any allegation, which if taken as true, would persuade a court to suppress a confession." *Howell*, 231 F.3d at 620. Mr. Wells filed a motion to suppress that contained allegations, which if taken as true, would persuade a court to suppress his statements.

## III. MR. WELLS' UNDERLYING MOTION CONTAINS ALLEGATIONS SUFFICIENT TO ENTITLE HIM TO AN EVIDENTIARY HEARING.

Mr. Wells made the following allegations in his briefing:

- Mr. Wells was illegally seized and/or held in custody. Mr. Wells was held in a secure area, T1, belonging to the United States military without reasonable suspicion or probable cause that he committed a crime on April 12 and 13, 2012.

- Mr. Wells' statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Interrogators did not administer *Miranda* warnings for the first four sessions of Mr. Wells' interrogation, which occurred on April 12, 2012. Since Mr. Wells was held in custody for over ten hours and then interrogated without *Miranda*, his statements and any physical items related to his confessions should be suppressed. On April 13, 2012, during session five, the FBI administered *Miranda* warnings to Mr. Wells. The burden is on the government to prove that there is a knowing, intelligent, and voluntary waiver.

- Mr. Wells' statements were not voluntary. Mr. Wells was denied access to his medications and appropriate food on April 12, 2012.

United States v. James Michael Wells
Case No. 3:13-cr-00008-RRB-JDR                                                                 Page 2

Case 3:13-cr-00008-SLG   Document 158   Filed 10/25/13   Page 2 of 5

## IV. DISCOVERY PROVIDED AFTER THE FILING OF MR. WELLS' UNDERLYING MOTION SUPPORTS HIS REQUEST FOR AN EVIDENTIARY HEARING.

It is clear that Mr. Wells was ordered to remain at T1, based on the attached USCG log which states that all personnel were ordered not to leave the T1 building. *See* Exhibit A, Bates Stamps 17450, 17451. After the filing date for the motion to suppress statements had passed, the government disclosed additional documents that indicate that the USCG command was in communication with the FBI and other law enforcement personnel when placing Mr. Wells under order not to leave T1. The first responder discovery indicates that USCG command was coordinating their activities with the Alaska State troopers, who were at the crime scene by approximately 8:00 a.m., and that the FBI were present at the scene by approximately 10:00 a.m. *See* Exhibit B, Bates Stamp 18178 and Bates Stamp 18186. This solidifies Mr. Wells' position that he was in custody, at the behest of the United States Coast Guard (a branch of the military) and law enforcement, from the time he arrived at COMMSTA and was directed to remain at T1.

Additionally, the exhibits from the government in its opposition to Mr. Wells' motion to suppress statements corroborate Mr. Wells' position that he is a diabetic who was not given access to medication and food at the time of his interrogation on April 12, 2012. (*See* Docket Nos. 133-3 - 133-7.) The exhibits from the government's opposition on this matter also corroborate that *Miranda* warnings were not administered to Mr. Wells on April 12, 2012, when he was held in custody and interrogated.

An evidentiary hearing will be necessary for the court to determine whether Mr. Wells was subjected to custodial interrogation. The court will also need to address the legality of statements obtained from Mr. Wells without benefit of *Miranda* warnings. Mr.

Wells' interrogators failed to administer *Miranda* warnings on April 12, 2012. And finally, the court will need to address the voluntariness of any statements obtained from Mr. Wells.

## V. DECLARATION PROVIDED FOR THE COURT'S CONVENIENCE

Mr. Wells is filing a declaration, in lieu of an affidavit, referencing his allegations that his statements were involuntary and obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Based on the attached declaration and the underlying briefing as well as the more recently discovered evidence, Mr. Wells respectfully renews his request for an evidentiary hearing.

DATED this 25th day of October 2013.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on October 25, 2013,
a copy of the ***Supplemental Brief Filed
With Declaration in Support of Evidentiary
Hearing on Motion to Suppress Statements
(Docket No. 120)*** was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/Rich Curtner