KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500

Email: karen.loeffler@usdoj.gov
bryan.schroder@usdoj.gov
kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:12-cr-00008-RRB-JDR |
|---|---|
| Plaintiff, | ) **GOVERNMENT RESPONSE** |
| | ) **TO DEFENSE** |
| vs. | ) **DECLARATION AND** |
| | ) **SUPPLEMENTAL BRIEF IN** |
| JAMES MICHAEL WELLS, | ) **SUPPORT OF ITS MOTION** |
| | ) **TO SUPPRESS STATEMENTS** |
| Defendant. | ) |

COMES NOW the United States, by and through undersigned counsel, and files this response to the Defense's Declaration Under Penalty of Perjury and Supplemental Brief to the Defense Motion to Suppress Defendant's Statements filed at Dockets 158 and 159.

**INTRODUCTION**

As the Court stated in its status hearing of October 21, 2013, the pending evidentiary hearing will focus only on the factual issues that are in dispute and are necessary to a resolution of the motion. At the same status hearing, the Court afforded the defense the opportunity to file an affidavit to indicate which facts were in dispute and at issue. The defense chose to file a declaration instead pursuant to 28 U.S.C. § 1746 and took the opportunity to file a supplemental brief. Dkts 158 and 159.

The government has thoroughly reviewed the defense declaration to determine what facts are at issue. After a complete review and cross-check of the defense declaration against the exhibits submitted by both the government and defense in their pleadings on this matter, the government has determined that the only factual point at issue is whether the actions of the Coast Guard directing all members of the T2

crew to wait at T1 -- because their normal workplace was a crime scene – was equivalent to holding the defendant individually in custody. The government urges the Court to limit the hearing to only that factual issue – whether defendant was subject to custodial interrogation on April 12, 2012. The defense has not raised other facts sufficient to counter those already established through the other previous submissions.

## FACTS IN ISSUE

In defense counsel's declaration, she identifies paragraphs 3-9 as "facts" supporting the defendant's allegations. Only three paragraphs tend to put facts in issue for the evidentiary hearing. Paragraphs 3, 4, and 5 apply to the issue of whether Wells was in custody at the time he was interviewed on April 12, 2012. While the government disagrees with the characterization of Wells being "held" in a secure area (¶3), "ordered not to leave the building," (¶4) and that Wells was "under order not to leave T1" (¶5), those are issues can be appropriately resolved at the evidentiary hearing.

## FACTS NOT IN ISSUE

The remaining three paragraphs of defense counsel's declaration,

6-9, do not put facts at issue because they are either agreed to by the government, or incorrect according to the record. In paragraphs 6, 8, and 9, while the government disagrees with the emotional term "interrogation," we agree that:

- Wells was interviewed by the FBI and CGIS on April 12 and 13, 2012. (¶6)
- The interviewers did not provide *Miranda* warnings on April 12, 2012. (¶8)
- The interviewers did provide *Miranda* warnings during the first interview on April 13, 2012. (¶9)

The remaining paragraph, number 7, is clearly incorrect. The declaration restates the allegation that during the interviews Wells was not given access to food and medication for his diabetes. In the government's opposition to defendant's motion to suppress statements, we provided transcript sections clearly showing that the agents asked Wells about his diabetic condition and provided the opportunity for him to receive appropriate food and medication. Wells made it clear that he did not need food or medication. Docket 138, pp. 11-13. The defense counsel's declaration did nothing to rebut those facts, which are clearly before the Court.

## CONCLUSION

Thus, only paragraphs of the defense counsel's declaration that put facts at issue are 3, 4, and 6, which only relate to the question of whether the defendant was in custody on April 12, 2012. Therefore, at the evidentiary hearing, the government intends only address the factual issue regarding the conditions under which defendant waited at T1 on the day of the murders, April 12, 2012. This fact is relevant as to whether defendant could objectively be considered to be in custody for the purposes of *Miranda v. Arizona*, 384 U.S. 436 (1966).

A plain reading of the defense pleadings raise no other fact for which the Court does not already have evidence before it to consider, and has not rebutted facts that the government has presented, particularly the issue of whether the defendant's *Miranda* waivers were knowingly, intelligently, and voluntarily made. The Court has sufficient and unrebutted evidence before it to resolve that issue.

Thus, the government is prepared to call one witness to establish the conditions under which defendant was present at T1 on April 12, 2012 and does not plan to call any witnesses related to the statements taken on April 13, 2012, including the *Miranda* warnings.

*United States v. Wells*
3:12-cr-00008-RRB-JDR

# SCHEDULING

The witness the government has identified for the evidentiary hearing is Commander Peter Van Ness, the Commanding Officer of COMMSTA Kodiak on April 12, 2012. Unfortunately, Commander Van Ness is unavailable during the week of November 12, 2013. The government respectfully requests the Court to move the scheduled hearing date from November 12, 2013 to the week of November 18, 2013, to allow the government to produce its witness at the hearing. Additionally, the government must arrange for the witness to travel from Washington, DC to Anchorage. The government has contacted the defense, and the defense does not oppose this request.

RESPECTFULLY SUBMITTED October 30, 2013, in Anchorage, Alaska.

    s/ Karen L. Loeffler
    KAREN L. LOEFFLER
    United States Attorney

    s/ Bryan Schroder
    BRYAN SCHRODER
    Assistant U.S. Attorney

    s/ Kathleen A. Duignan
    KATHLEEN A. DUIGNAN
    Special Assistant U.S. Attorney

*United States v. Wells*
3:12-cr-00008-RRB-JDR

United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2013,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.


s/ Bryan Schroder

Office of the U.S. Attorney

*United States v. Wells*
3:12-cr-00008-RRB-JDR