KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500

Email: karen.loeffler@usdoj.gov
        bryan.schroder@usdoj.gov
        kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | ) No. 3:12-cr-00008-RRB-JDR<br>)<br>)<br>) **GOVERNMENT RESPONSE**<br>) **TO NEW MATTERS RAISED**<br>) **FOR THE FIRST TIME IN**<br>) **THE DEFENSE REPLY TO**<br>) **GOVERNMENT OPPOSITION**<br>) **TO MOTION TO SUPPRESS**<br>) **PHYSICAL EVIDENCE** |

COMES NOW the United States, by and through undersigned counsel, and files this response to the defendant's Reply to Government Opposition to Motion to Suppress Physical Evidence, docket 163.  In his reply, the defendant has provided new information and allegations, which the government feels compelled to address.

## I.     INTRODUCTION

In its original motion at docket 142, the defendant made a limited argument in support of a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).  The defendant made no argument to overcome the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984).   Because the government's opposition pointed out those shortcomings, the defendant's reply attempts to provide additional support for a *Franks* hearing, and to bootstrap the *Franks* argument to overcome the good faith exception.  Both attempts fail under the facts and the law.  Thus, the government continues to oppose the defense request for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because the defense has still not met their burden for such a hearing.

//

*United States v. Wells*
3:12-cr-00008-RRB-JDR

Moreover, in its latest filing, the defense renews its other claims from the original motion. Namely, the defense once again alleges that the warrants lack probable cause, the warrants improperly relied upon statements taken from defendant, a number of the search warrants were stale, they were overbroad, and items were improperly seized that were beyond the scope of the warrant. The government already addressed each of these claims in its earlier reply at Docket 153. Therefore, the government will rely on its original arguments to these allegations and not repeat its arguments again. The government only seeks to address the new matters raised in Docket 163, discussion *infra*.

In its most recent reply at Docket 163, the defense provides only two claims in support of their allegation that the government was seeking to mislead judicial authorities. First, that the government did not provide the Court with information related to FBI analysis of the quality of video showing an automobile approaching the location of the murders, and second, that the government failed to provide the Court with information on inconclusive results from additional lab tests. Because the bulk of the defendant's new argument is on the first issue, and the government addressed the second issue in its opposition at

docket 153, the government will use this response to address only the issue of the blue SUV video.

However, it is important to note at the outset that the defendant's reply suffers from the same fundamental flaw as their original motion: they fail to address whether the information within the four corners of the search warrant affidavits provided probable cause for the search. Instead, the defendant continues to attempt to lure the Court away from the proper analysis toward information that was outside the four corners of the document. Five judicial officers, looking at the information within the four corners of the affidavits, properly determined there was probable cause, and the defendant has made no showing sufficient to overturn those decisions.

II.    New Defense Claims – BLUE SUV

The defense alleges that the government misrepresented its evidence about the blue SUV captured on the video, when in fact it did not. Dkt 163, at pp. 3, 4, 7, 8, list on p. 11, p. 12.

The defense claims that the FBI's initial report made by a lab technician who reviewed the surveillance video states that the image was not recognizable. This is not accurate. Within four days of the

*United States v. Wells*
3:12-cr-00008-RRB-JDR

Case 3:13-cr-00008-SLG   Document 172-2   Filed 11/08/13   Page 4 of 11

homicides, a copy of the video was provided to the FBI's Digital Evidence Laboratory. Docket 163-1. The purpose of the submission was for the video technicians to "enhance the video and provide the make and model of the questioned blue sports utility vehicle." *Id.* The lab technician simply concluded that there was "insufficient detail" and that "no conclusion about the make or model could be reached." *Id.* The technician did not challenge the submission as a "blue sports utility vehicle," he just simply did not have enough detail to determine a make and model.[1]

The defendant implies that the government somehow ignored this information and improperly provided information to the Court indicating the video depicted a specific vehicle, a Honda CR-V. That implication is false. The paragraphs in the affidavits that discussed the video always identified the vehicle as a small blue SUV. The vehicle in the video was never identified as a Honda CR-V. The affidavits are accurate, as shown by this screen capture from the video. The blue SUV is at the back of the screen, moving from right to left.

---

[1] This report was signed on April 20, 2012. By that date 11 of the 24 search warrants in this case had already been served.



The Court can see for itself that the description of the vehicle in the affidavits -- a small blue SUV -- is accurate. There was no deception by the government.

The same lab technician's subsequent e-mail, included by the defendant as docket 163-2, is consistent. He identifies a number of reasons why he, as a lab technician with expertise in video analysis, has difficulty identifying the vehicle, but he makes it clear that a person with knowledge of automobiles, might be able to identify the vehicle: "You can always show the images to a person (car dealer or mechanic) and they might be able to recognize the make and model." Thus, the defendant's suggestion that the lab technician found images "impossible" to identify, is wrong. The technician simply concluded that

he could not identify the vehicle.[2]  Apprising the Court that a video technician was unable to identify the vehicle, but that a car expert might have more success, would add little to the analysis of probable cause.  The bottom line is that the affiants identified the vehicle in the video as a blue SUV, and their description was accurate.

The government opposes the defense request for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because the defense has still not met their burden for such a hearing.  A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit or a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing.  *United States v. Mathison,* 157 F.3d 541, 548 (8th Cir. 1998).  In requesting this hearing, the defense has only made unsupported claims that the government's affiants made false statements or reckless omissions that intentionally misled the judicial officer.  A *Franks* hearing requires an affirmative showing, supported by a preponderance of the evidence, that government affiants have recklessly omitted material or made false

---

[2] It is also important to note that docket 163-2 was not sent to the FBI case agent until August 2012.  By that date, 13 of the 24 search warrants in this case had already been served.

*United States v. Wells*
3:12-cr-00008-RRB-JDR

Case 3:13-cr-00008-SLG   Document 172-2   Filed 11/08/13   Page 7 of 11

statements that would negate probable cause. Mere inadvertence or negligence is not enough. *United States v. Dozier*, 844 F.2d 701, 705 (9th Cir. 1988). This is a high hurdle to overcome. The defense has not met the required showing.

## III. GOOD FAITH EXCEPTION

The defense also newly argues that the "good faith exception" does not apply. The government relies upon its filing at Docket 153 to address application of the "good faith exception" to this case. As stated in our original reply, the "good faith exception" applies and resolves all issues regarding probable cause up front, because none of the affidavits here "is so lacking in indicia of probable cause that no reasonable officer could rely on it in good faith." *United States v. Crews*, 502 F. 3d 1130, 1136 (9th Cir. 2007). This motion can be and should be resolved upon this legal principle alone, without need for further judicial inquiry or hearing.

The defense newly cites to another case in support of their reliance on *United States v. Lopez*, 482 F. 3d 1067 (9th Cir. 2007), to which the government has already replied. The defense brings the Court's attention to *United States v. Grant*, 682 F. 3d 827 (9th Cir. 2012)

*United States v. Wells*
3:12-cr-00008-RRB-JDR

Case 3:13-cr-00008-SLG   Document 172-2   Filed 11/08/13   Page 8 of 11

as a recently published opinion supporting their same argument contending that there was insufficient probable cause in the warrants for this case. The defense should have cited to *Grant* in their original motion, affording the government the opportunity to respond then, but since it does so in its reply, the government is compelled to respond now.

As the defense states in their filing at Docket 163, the Ninth Circuit held that "[t]he officer in Grant was not entitled to rely on the warrant in good faith because of the degree of attenuation between the location to be searched and the lack of facts uncovered in the investigation connecting the defendant to the homicide." Dkt 163 at p. 8. What the defense does not say, however, is the warrant in *Grant* was targeted to evidence related to defendant Grant's son, not Grant himself. They were looking for a murder weapon that they believed one of the defendant's sons may have given him more than nine months before the search. And they did not locate the murder weapon. Instead, they recovered two firearms and ammunition belonging to Grant, and charged him not with the murder, but instead with being a felon in possession of firearms and ammunition based on a prior felony

conviction years before the search. This was the level of attenuation that the court found no probable cause for and stated that there could not be good faith reliance because the objects to be seized were completely different from those stated in the warrant and related to completely different crimes. This situation is completely inapposite to that before the Court in this case.

IV.   CONCLUSION

In conclusion, the government requests that the defense request for a *Franks* hearing be denied, as unsubstantiated. The only offer of proof the defense has made is the sworn statement of one of its own attorneys, Ms. Noa Oren. From a plain reading of her statement, Ms. Oren has no independent knowledge of the facts alleged in her declaration. This is insufficient to meet the stringent requirements of a *Franks* hearing.

//


//


//

*United States v. Wells*
3:12-cr-00008-RRB-JDR

Finally, the government requests that the defense motion be denied in its entirety. All of the evidence obtained from the search warrants in this case is admissible, because the agents relied in good faith on the 24 warrants approved by five different judicial officers. *See United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007).

RESPECTFULLY SUBMITTED November 8, 2013, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2013, a copy of the foregoing was served via the CM/ECF system on all counsel of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States v. Wells*
3:12-cr-00008-RRB-JDR