KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant United States Attorney

KATHLEEN A. DUIGNAN
Special Assistant United States Attorney

Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska   99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500

E-mail: karen.loeffler@usdoj.gov
        bryan.schroder@usdoj.gov
        kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | Case No. 3:13-cr-00008-RRB-JDR |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE INTRINSIC EVIDENCE AND FED. R. EVID. 404(B)** |
| JAMES MICHAEL WELLS, | ) ) ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through its

above-named counsel, and files this notice of its intent to introduce evidence of certain acts the government believes to be inextricably intertwined with the charged offense, and its present intent **not** to introduce certain other evidence pursuant to Fed. R. Evid. 404(b). Rule 404(b) requires, upon defendant's request, that the government provide "reasonable notice . . . of the general nature" of such evidence. The notice requirement (like Rule 404(b) itself) does not extend "to evidence of acts which are 'intrinsic' to the charged offense." *Committee Note*, Fed. R. Evid. 404(b). The Court also may excuse the notice requirement on the showing of good cause. Fed. R. Evid. 404(b).

1. Intrinsic Evidence

It is the government's contention that the below types of acts committed by defendant should be admitted into evidence as intrinsic to an element of the offense charged, and are not subject to Fed. R. Evid. 404(b). However, in order to give fair notice, the government hereby gives notice of its intention to introduce evidence of the following acts of the defendant:

(1) Defendant Wells had been counseled on several occasions by his U.S. Coast Guard supervisors for failing to obey orders, ignoring his

*United States v. Wells*
3:13-cr-00008-RRB-JDR                -2-

supervisors, significant ethical contracting violations, diminished work performance, failure to participate as a fully functioning team member, and unexcused absences.

(2) Defendant Wells had been confronted about misuse of a U.S. government credit card that had been improperly used to buy gasoline on the U.S. Coast Guard base during a time when the other crewmembers were traveling out of town for work, and when the government vehicles did not require fuel.

(3) Defendant Wells was counseled for taking U. S. Coast Guard property for his personal use, yet possessed various items of U.S. Coast Guard property in his home, and these items were later identified by U.S. Coast Guard supervisors as being U. S. government property.

(4) Defendant Wells had been counseled on past occasions about removing trees from Coast Guard property, in order to obtain firewood at no cost to the defendant.   This included improperly "collaring" trees to cause their premature death.

(5) Defendant Wells had had his travel orders to a professional conference cancelled a few months prior to the murders because of his diminished professional performance, and one of the victims was

substituted to attend in his place.

(6) Generally, defendant's professional performance had diminished in the years leading up to the murders, and newly reported Coast Guard command members were holding defendant accountable for his actions, when in the past, defendant had been able to "fly under the radar."

### 2. Evidence the Government Does Not Intend to Introduce Pursuant to Fed. R. Evid. 404(b)

During the defendant's bail hearing on May 20, 2013, the government put on limited evidence about the defendant's use of prostitutes. The government possesses additional evidence on this issue. At this time, the government has no intention of introducing any of the defendant's acts regarding the use of prostitution in its case-in-chief. If this information somehow becomes relevant during the trial, the government will apply separately to the Court to seek introduction before any mention or use of such evidence.

Finally, all evidence, with the exception of Jencks Act statements, has already been provided to the defense in discovery.

RESPECTFULLY SUBMITTED this 22nd day of November, 2013, in Anchorage, Alaska.

> KAREN L. LOEFFER
> United States Attorney
>
> BRYAN SCHRODER
> Assistant U.S. Attorney
>
> KATHLEEN A. DUIGNAN
> Special Assistant U.S. Attorney
>
> Federal Building & U.S. Courthouse
> 222 West 7th Avenue #9, Room 253
> Anchorage, Alaska 99513
> Phone: (907) 271-5071
> Fax: (907) 271-2345
>
> Email:
> karen.loeffler@usdoj.gov
> bryan.schroder@usdoj.gov
> kathleen.duignan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2013,
a copy of the foregoing was served via the
CM/ECF system on all counsel of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States v. Wells*
3:13-cr-00008-RRB-JDR        -5-