Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A *DAUBERT* HEARING RE: MR. WELLS' TIRE** |

I.   A *DAUBERT* HEARING IS REQUIRED HERE.

Mr. Wells is charged with two homicides.  At the time of the homicides, Mr. Wells was in transit.  He believed his car had a tire with low air pressure.  He returned home to change his tire.

The government seized the tire from Mr. Wells' truck to test the tire's air pressure. The tire had a nail embedded in the tread.  The government has provided notice that it intends to call Mr. Gary Bolden as an expert to testify to the condition of the nail head, the location of the nail head, the orientation of the nail in the tire, and the rate of air loss to the tire occurring as a result of the nail puncture.  Mr. Bolden has opined that the

nail was in a relatively untarnished condition. He also opines that any air loss resulting from the nail puncture to the tire was minimal. Further, he claims the nail was inserted manually and could not be the result of driving over the nail. The defense is unaware of any case where Mr. Bolden has been qualified as an expert.

Mr. Wells believes the government will rely on this testimony to undermine Mr. Wells' statements that he needed to change his tire at the time of the homicides.

Mr. Bolden seems to have conducted a number of tests to come to these conclusions. The government has not disclosed the complete circumstances of these experiments despite requests from the defense for this information. Mr. Wells has been seeking this information from the government so that the defense can attempt to verify and replicate these tests. Mr. Wells is concerned that Mr. Bolden's experiments have already altered the integrity of the tire.

Before the type of opinion evidence that the government proposes is produced before the jury, the defense requests a hearing under FRE 702, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

*Daubert* and *Kumho Tire* stringently limited the admissibility of proposed "expert" evidence in federal court. The Supreme Court required the trial court to act as a "gatekeeper" to ensure the reliability of expert opinions. The court in *Daubert* set forth five factors for the determination of admissibility:

    1. Whether the expert's theory opinion has been subjected to objective testing;

2. Whether the expert's opinion has been subjected to formal peer review;

3. Whether there is a known or potential error rate for the opinion;

4. Whether standards are in place for controlling the technique or opinion; and

5. Whether the theory or technique at issue enjoys general acceptance.

Indeed, FRE 702 requires the court to exclude testimony from an "expert" unless (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The defense requests that any so called "expert opinion" from Mr. Bolden be the subject of pretrial rulings on admissibility under the above standards. The defense is unable at this time to address how Mr. Bolden conducted his tests and whether they are accurate.

The issue is whether the government can prove that Mr. Wells' tire did not have low air pressure because of the nail embedded in its tread by reliable, objective evidence. The defense reserves the right to file supplemental briefing once it has received the outstanding government discovery and had an opportunity to examine the tire with an exact description of the circumstances under which the testing occurred. The defense needs to evaluate: (1) which facts and data the expert evaluated; (2) the reliability of the testing process and methodology; and (3) the applicability of that methodology and testing to the facts of this case. Finally, the defense is concerned that it may not receive a fair opportunity to contest the merit of the government's assessments based on changes to the

integrity of the tire resulting from the government expert's tests.  If the defense is unable to replicate the government's tests because of structural changes to the evidence, the defense will file supplemental briefing on this issue.

The defense requests exclusion of Mr. Bolden's testimony about his opinions in the absence of a court determination under FRE 702, *Daubert* and its progeny that his opinions are accurate and verifiable.

DATED at Anchorage, Alaska this 5th day of December 2013.

Respectfully submitted,

s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on December 5, 2013,
a copy of the **Memorandum of Law in Support of Motion for a Daubert Hearing Re: Mr. Wells' Tire** was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/Rich Curtner

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                           Page 4