Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A *DAUBERT* HEARING RE: ISSUES OF VIOLENCE AND PSYCHOLOGICAL CHARACTERISTICS OF PERPETRATORS OF VIOLENT CRIMES** |

## I.     A DAUBERT HEARING IS REQUIRED HERE.

Mr. Wells is charged with two homicides at the rigger shop in the communication station (COMMSTA) of the United States Coast Guard base in Kodiak, Alaska. Mr. Wells worked at the rigger shop for many years. The two victims worked with Mr. Wells at the rigger shop.

The government has provided notice that it intends to call Mr. Reid Meloy as an expert to testify about targeted and intended violence, workplace violence, multiple

murders, and the personality and other psychological characteristics of those who commit these types of crimes. Mr. Wells believes the government will rely on this testimony to attempt to persuade the jury that Mr. Wells committed the homicides.

Mr. Meloy seems to have examined a number of documents in reaching his conclusions. On November 21, 2013, the defense requested a number of those documents in order to ascertain how Mr. Meloy is forming his general opinions. *See* Exhibit A. The defense has still not received those documents. Mr. Meloy does not explain the methodology he used to form his general opinions. Mr. Wells renews his request for this information so that the defense can review how Mr. Meloy formed his opinions.

Before the type of opinion evidence that the government proposes is produced before the jury, the defense requests a hearing under FRE 702, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

*Daubert* and *Kumho Tire* stringently limited the admissibility of proposed "expert" evidence in federal court. The Supreme Court required the trial court to act as a "gatekeeper" to ensure the reliability of expert opinions. The court in *Daubert* set forth five factors for the determination of admissibility:
factors for the determination of admissibility:

1. Whether the expert's theory opinion has been subjected to objective testing;

2. Whether the expert's opinion has been subjected to formal peer review;

3. Whether there is a known or potential error rate for the opinion;

4. Whether standards are in place for controlling the technique or opinion; and

5. Whether the theory or technique at issue enjoys general acceptance.

Indeed, FRE 702 requires the court to exclude testimony from an "expert" unless (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The defense requests that any so called "expert opinion" from Mr. Meloy be the subject of pretrial rulings on admissibility under the above standards. The defense is unable at this time to address how Mr. Meloy formed his opinions.

The issue is whether the government can prove that the homicide at issue was an incidence of workplace violence and that Mr. Wells committed the homicides. The defense reserves the right to file supplemental briefing once it has received the outstanding government discovery and had an opportunity to examine how Mr. Meloy formed his opinions. The defense needs to evaluate: (1) which facts and data the expert evaluated; (2) the reliability of his methodology; and (3) the applicability of that methodology to the facts of this case.

The defense requests exclusion of Mr. Meloy's testimony about his opinions in the absence of a court determination under FRE 702, *Daubert* and its progeny that his opinions are accurate and verifiable.

DATED at Anchorage, Alaska this 5th day of December 2013.

Respectfully submitted,

s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on December 5, 2013,
a copy of the **Memorandum of Law in Support of Motion for a Daubert Hearing Re: Issues of Violence and Psychological Characteristics of Perpetrators of Violent Crimes** was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/Rich Curtner