Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A *DAUBERT* HEARING RE: IDENTIFICATION OF BLUE VEHICLE IN USCG VIDEO FOOTAGE** |

**I.     A *DAUBERT* HEARING IS REQUIRED HERE.**

Mr. Wells is charged with two homicides at the rigger shop in the communication station (COMMSTA) of the United States Coast Guard base in Kodiak, Alaska. The government's theory is that Mr. Wells drove his white Dodge truck to the Kodiak airport. At the airport he switched cars to his wife's Honda CR-V. He drove the CR-V to the rigger shop where he shot both of his co-workers. Then he drove the CR-V back to the airport where he switched back to his white, Dodge truck. After this, he drove home in his Dodge.

The USCG has video of a blue vehicle at the COMMSTA rigger shop during the time at which the government deduces that the homicides occurred. The video image of the vehicle is quite blurry and FBI experts were unable to identify the make and model of the vehicle with any certainty. (Exhibit A, Bates Stamp Nos. 19101, 102) The government has provided notice that it intends to call Neil Schmidt as an expert to testify that the vehicle in the video is more likely than not a Honda CR-V like the Wells' vehicle. Mr. Wells believes the government will rely on this testimony to attempt to place Mr. Wells at the scene of the crime.

Mr. Schmidt seems to have examined a number of documents in reaching his conclusions. It is not clear that the government has disclosed the images and or documents referenced in his report, particularly attachment 1A and serial 549. (Exhibit B, Bates Stamp No. 19299) Mr. Schmidt does not explain the methodology he used to deduce that the image in the video is more than likely a Honda CR-V. Mr. Wells requests this information from the government so that the defense can review how Mr. Schmidt formed his opinions.

Before the type of opinion evidence that the government proposes is produced before the jury, the defense requests a hearing under FRE 702, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

*Daubert* and *Kumho Tire* stringently limited the admissibility of proposed "expert" evidence in federal court. The Supreme Court required the trial court to act as a

"gatekeeper" to ensure the reliability of expert opinions. The court in *Daubert* set forth five factors for the determination of admissibility:

1. Whether the expert's theory opinion has been subjected to objective testing;

2. Whether the expert's opinion has been subjected to formal peer review;

3. Whether there is a known or potential error rate for the opinion;

4. Whether standards are in place for controlling the technique or opinion; and

5. Whether the theory or technique at issue enjoys general acceptance.

Indeed, FRE 702 requires the court to exclude testimony from an "expert" unless (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The defense requests that any so called "expert opinion" from Mr. Schmidt be the subject of pretrial rulings on admissibility under the above standards. The defense is unable at this time to address how Mr. Schmidt formed his opinions.

The issue is whether the government can prove that a vehicle like the Wells' Honda CR-V was at the scene of the crime by reliable, objective evidence. The defense reserves the right to file supplemental briefing once it has received the outstanding government discovery and had an opportunity to examine how Mr. Schmidt formed his opinions. The defense needs to evaluate: (1) which facts and data the expert evaluated; (2) the reliability of his methodology; and (3) the applicability of that methodology to the facts of this case.

The defense requests exclusion of Mr. Schmidt's testimony about his opinions in the absence of a court determination under FRE 702, *Daubert* and its progeny that his opinions are accurate and verifiable.

DATED at Anchorage, Alaska this 5th day of December 2013.

Respectfully submitted,

s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on December 5, 2013,
a copy of the ***Memorandum of Law in Support of Motion for a Daubert Hearing Re: Identification of Blue Vehicle in USCG Video Footage*** was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/Rich Curtner