Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A *DAUBERT* HEARING RE: MODELING OF WELLS' VEHICLE OVER USCG FOOTAGE** |

## I. A *DAUBERT* HEARING IS REQUIRED HERE.

Mr. Wells is charged with two homicides at the rigger shop in the communication station (COMMSTA) of the United States Coast Guard base in Kodiak, Alaska. The government's theory is that Mr. Wells drove his white Dodge truck to the Kodiak airport. At the airport he switched cars to his wife's Honda CR-V. He drove the CR-V to the rigger shop where he shot both of his coworkers. Then he drove the CR-V back to the airport where he switched back to his white, Dodge truck. After this, he drove home in his Dodge.

The USCG has video of a blue vehicle at the COMMSTA rigger shop during the time at which the government deduces that the homicides occurred. The video image of the vehicle is quite blurry and FBI experts were unable to identify the make and model of the vehicle with any certainty. (Exhibit A, Bates Stamp Nos. 19101, 102) The government has provided notice that it intends to call Angelo Toglia as an expert to testify about a three-dimensional video model he created which superimposes a Honda CR-V like the Wells' vehicle onto the crime scene footage. Mr. Wells believes the government will rely on this testimony to attempt to place Mr. Wells at the scene of the crime.

It is not clear precisely how Mr. Toglia created his model. Specifically, it is unclear how Mr. Toglia knew where the vehicle was on the road where he superimposes his image of the Honda CR-V. This is a critical issue because without knowing precisely where the vehicle was situated on the road, it is not possible to reliably impose an image on the exact location. The variation in the size of the vehicle based on its location on the road could disqualify the Honda CR-V from being the type of vehicle that was on the road by the rigger shop. The government has not provided Mr. Wells with the underlying methodology and data for an expert to assess Mr. Toglia's model and opinions. Mr. Wells requested this information on November 21, 2013. (Exhibit B) Mr. Toglia does not explain sufficiently the methodology he used to render his three-dimensional model. Mr. Wells renews his request for this information from the government so that the defense can review how Mr. Toglia created this model.

Before the type of opinion evidence that the government proposes is produced before the jury, the defense requests a hearing under FRE 702, *Daubert v.*

*Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

*Daubert* and *Kumho Tire* stringently limited the admissibility of proposed "expert" evidence in federal court. The Supreme Court required the trial court to act as a "gatekeeper" to ensure the reliability of expert opinions. The court in *Daubert* set forth five factors for the determination of admissibility:

1. Whether the expert's theory opinion has been subjected to objective testing;

2. Whether the expert's opinion has been subjected to formal peer review;

3. Whether there is a known or potential error rate for the opinion;

4. Whether standards are in place for controlling the technique or opinion; and

5. Whether the theory or technique at issue enjoys general acceptance.

Indeed, FRE 702 requires the court to exclude testimony from an "expert" unless (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The defense requests that any so called "expert opinion" from Mr. Toglia be the subject of pretrial rulings on admissibility under the above standards. The defense is unable at this time to address how Mr. Toglia formed his opinions.

The issue is whether the government can prove that a vehicle like the Wells' Honda CR-V was at the scene of the crime by reliable, objective evidence. The defense reserves the right to file supplemental briefing once it has received the outstanding

government discovery and had an opportunity to examine how Mr. Toglia formed his opinions. The defense needs to evaluate: (1) which facts and data the expert evaluated; (2)the reliability of his methodology; and (3) the applicability of that methodology to the facts of this case.

The defense requests exclusion of Mr. Toglia's testimony about his opinions and model in the absence of a court determination under FRE 702, *Daubert* and its progeny that his opinions and model are accurate and verifiable.

DATED at Anchorage, Alaska this 5th day of December 2013.

Respectfully submitted,

s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on December 5, 2013,
a copy of the *Memorandum of Law in Support of Motion for A Daubert Hearing Re: Modeling of Wells' Vehicle Over USCG Footage* was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/Rich Curtner