Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**DECLARATION OF COUNSEL**<br><br>**(Filed Pursuant to 28 U.S.C. §1746)** |

I, Rich Curtner, declare under penalty of perjury that the following is true:

**Introduction**

1. I am the attorney for James Wells.

2. Trial is presently scheduled to begin on February 24, 2014.

3. The purpose of this motion is to ask the court to exclude testimony by Mr. Gifford and Mr. Morton because their proffered testimony is unreliable, not clearly testable, irrelevant, and potentially misleading.

## Background

4. This court's Second Pre-Trial Scheduling Order at Docket No. 56 provided that the government disclose information regarding its experts by October 25, 2013.

5. The government provided written notice of its intent to call Mr. Gifford and Mr. Morton. Mr. Gifford's notice included a report summarizing his proffered testimony and a copy of his *Curriculum Vitae*, which includes a list of cases where Mr. Gifford has testified. Mr. Morton's notice included his analysis of the crime scene and what appears to be his *Curriculum Vitae*, which includes a list of cases where he has testified.

6. Mr. Gifford's notice advises that this is a case of workplace violence. He also has opined that the shooter used an intervening object while shooting. He claims that the perpetrator shot Hopkins in the face and then shot Belisle three times. He has also expressed opinions including but not limited to the impact bloodstain pattern, the number of fibers and shrapnel injuries to Hopkins' shirt and skin. *See* Exhibit A, filed separately under seal.

7. Mr. Morton's notice advises that he will testify that the perpetrator of the homicides shot Belisle before shooting Hopkins. He makes no mention of the use of an intervening object while shooting. Morton provides testimony that includes but is not limited to a narrative of how the shootings occurred based on the locations of the bodies, the wounds and fired bullets, as well as the layout of the rigger shop. He also opines as to the motive behind the homicides. *See* Exhibit B, filed separately under seal.

8. The two experts on the subject of crime scene analysis disclose no methodology in reaching their conflicting conclusions.

**The Proffered Testimony Is Irrelevant And Without Foundation**

9. The proffered testimony is irrelevant and without foundation. The government has provided no discovery demonstrating that any of these opinions is based on any reliable or testable methodology.

10. There is a real risk in this situation that the jury will rely on this "expert" testimony as having some reliable basis. Based on the disparate conclusions of the "experts," it is clear that these opinions have no reliability.

**Conclusion**

11. For all these reasons, Mr. Wells asks for an order precluding the proffered testimony of Mr. Gifford and Mr. Morton.

DATED at Anchorage, Alaska this 19th day of December 2013.

Respectfully submitted,

s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:	907-646-3400
Fax:	907-646-3480
E-Mail:	rich_curtner@fd.org

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746.

Certification:
I certify that on December 13, 2013,
a copy of the *Declaration of Counsel*
was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/Rich Curtner