KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **OPPOSITION TO** |
| vs. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **EXCLUDE EVIDENCE OF** |
| JAMES MICHAEL WELLS, | ) | **PRIOR BAD ACTS UNDER** |
| | ) | **FED. R. EVID. 404(b)** |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States, by and through undersigned

counsel, and hereby files this opposition to defendant's Motion to

Exclude Evidence of Prior Bad Acts under Fed. R. Evid. 404(b) Based on Vagueness, filed at docket 211.

Defendant moves to exclude evidence of his prior "bad acts," alleging that the government's Notice (Doc. 181) regarding those acts is impermissibly vague. Dockets 211 & 212.

In its Notice, the government listed six "bad acts" which occurred prior to the murders:

1) Defendant had been counseled on several occasions by his supervisors for failing to obey orders, ignoring his supervisors, significant ethical contracting violations, diminished work performance, failure to participate as a fully functioning team member, and unexcused absences;

2) Defendant had been confronted about misuse of a U.S. government credit card that had been improperly used to buy gasoline on base;

3) Defendant was counseled for taking U. S. Coast Guard property for his personal use;

4) Defendant had been counseled about removing trees from Coast Guard property to obtain firewood for his personal use, including "collaring" trees to cause their premature death;

//

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                Page 2 of 12

Case 3:13-cr-00008-SLG   Document 239   Filed 01/06/14   Page 2 of 12

5) Defendant's travel orders to a professional conference were cancelled because of his diminished professional performance, and one of the victims was substituted to attend in his place; and

6) Defendant's professional performance had diminished, and newly reported Coast Guard command members were holding defendant accountable for his actions.

Doc. 181.

### 1. *The Acts at Issue are Intrinsic Evidence*

As stated in its Notice, the government believes that these acts are intrinsic evidence, "necessary...to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (testimony regarding prior gun possession added to the circumstantial evidence against defendant) (*quoting United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995). "The jury cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." *Vizcarra–Martinez*, 66 F.3d at 1013. The jury may hear

"circumstantial evidence explaining the general nature of a defendant's business activity and providing a context in which the transactions at issue took place." *United States v. Anderson*, --- F.3d ---, 2013 WL 6670793, *9 (9th Cir. 2013) (sales occurring six months after charged conduct admissible to help explain business operations).

The acts at issue are admissible in that they will assist the jury in understanding the relationship between the victims and the defendant and the workplace factors which affected defendant before the murder. *See United States v. Beckman*, 298 F.3d 788, 793 (9th 2002) (evidence admissible to explain relationship between defendant and witnesses).

Evidence of motive is relative in a prosecution for murder. This is essential when the government is required to prove premeditation. *U.S. v. Greyeyes*, 931 F.2d 898, p. 3. (Table) (9th Cir. 1991). In *Greyeyes*, the defendant was charged with murder under 18 U.S.C. § 1111(a). The court found that information about the defendant being a beneficiary of an insurance policy in the name of the victim was relevant: "…motive, although not technically an element of first-degree murder, relates

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                    Page 4 of 12

heavily to premeditation, which is an element of that crime, and therefore invests motive evidence with relevance." *Id*.

The defendant in this matter is also charged under 18 U.S.C. § 1111(a). He is charged with murder of his co-workers, including his immediate supervisor, in his workplace. All the evidence the defendant seeks to suppress relates to the defendant's status in his workplace. It is clearly relevant to his motive to commit the crime, and is thus intrinsic to case.

Without waiving the above contention, the government also believes its Notice is not vague and the evidence is admissible under 404(b) as well.

### *2. 404(b) Generally*

Even if this Court were to determine that the evidence is not intrinsic to the case, it is still admissible under Rule 404(b). Federal Rule of Evidence (FRE) 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for

> other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"Rule 404(b) is a rule of inclusion—not exclusion—which references at least three categories of other 'acts' encompassing the inner workings of the mind: motive, intent, and knowledge. Once it has been established that the evidence offered serves one of these purposes, the relevant Advisory Committee Notes make it clear that the 'only' conditions justifying the exclusion of the evidence are those described in Rule 403: unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007).

The first listed purpose for admission of 404(b) evidence is proof of motive. As discussed above, motive evidence is relevant to the crime of murder. Moreover, 404(b) evidence is specifically admissible to prove motive in a murder case. *People of Territory of Guam v. Turner*, 33 F.3d 59, p. 1 (Table) (9th Cir. 1994). In *Turner*, the court allowed admission of evidence under rule 404(b) about a previous robbery as evidence of

*United States. v. Wells*
3:13-cr-00008-RRB-JDR             Page 6 of 12

motive. Again, tying the motive evidence to premeditation, the court found that motive evidence "is relevant to the ultimate question of guilt." *Id.*

Again as discussed above, the defendant's status in his workplace is proper motive evidence where he is charged with killing his co-workers, including his supervisor, in his workplace. Moreover, the evidence in this matter, personnel actions, are even less prejudicial than the robbery evidence against the defendant in *Turner*. Thus, Rule 403 is even less of a concern.

### *3. Notice is Not Vague*

To comply with 404(b), the government's notice "need only provide a generalized notice provision apprising the defense of the general nature of the evidence of extrinsic acts." *United States v. Aubrey*, 2010 WL 4873100, *2 (D. Nev. 2010). The notice requirement "is not stringent." *United States v. Cerna*, 2009 WL 2998929, *12 (N.D. Cal. 2009). The notice "need not provide precise details regarding the date, time, and place of the prior acts," but merely characterize the prior

conduct to a degree that fairly apprises the defendant of its general nature.  *United States v. Long*, 814 F.Supp. 72, 74 (D. Kan. 1993).

Here, the Notice plainly sets forth six distinct acts which the government intends to introduce at trial.  The Notice is "sufficiently clear so as to permit pretrial resolution of the issue of [the acts'] admissibility" and is therefore acceptable.  *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995) (*internal quotes omitted*).

### *4. Acts are Admissible*

Evidence may be admitted pursuant to 404(b) if  "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases)[1] the act is similar to the offense charged." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002 (*quoting United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000)).  If evidence satisfies Rule 404(b), "the court must then decide

---

[1] The United States does not contend that the acts at issue qualify as "similar act" evidence.

*United States. v. Wells*
3:13-cr-00008-RRB-JDR            Page 8 of 12

whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *Romero*, 282 F.3d at 688 (quoting *Chea*, 231 F.3d at 534).

The acts in the Notice meet the above criteria. First, they are relevant to prove a material point – that prior to the murders, the defendant was not performing well at work and had reason to resent the victims for assuming many of the tasks he had historically performed. *United States v. Ebron*, 683 F.3d 105, 132 (5th Cir. 2012) (evidence of prior assaults admissible to prove motive for killing); *United States v. Seale*, 600 F.3d 473, 495 (5th Cir. 2010) (defendant's membership in KKK admissible to show kidnaping was racially motivated); *United States v. Graziano*, 558 F.Supp.2d 304, 322 (E.D. N.Y. 2008) (evidence of several years of acrimony between victim and defendant admissible) (*citing cases*).

Second, the acts at issue are not too remote in time, for 2 reasons. First, the evidence shows a pattern of misconduct that came to a head with the current command staff at COMMSTA Kodiak. Second, the

*United States. v. Wells*
3:13-cr-00008-RRB-JDR        Page 9 of 12

evidence shows that the defendant had a pattern of "waiting out" the military supervisors that tried to rein him in during the course of his employment. The defendant knew that active duty military personnel, including his supervisors, transferred every 2-3 years and he could wait them out. We will introduce evidence at trial which will show that this tactic was not working with the current command. Thus, the evidence the defendant seeks to strike is relevant in time. *United States v. Spillone*, 879 F.2d 514, 518 (9th Cir. 1989) (declining "to adopt an inflexible rule excluding evidence of prior bad acts after a certain amount of time elapses"), *see also United States v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990) (ten years not too remote).

Third, both documentary and testimonial evidence will prove that defendant committed the specific acts in question. *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) (testimony corroborated by documents sufficient to prove prior bad acts).

//

//

5. *Conclusion*

The acts detailed in the government's Notice are intrinsic evidence and are not subject to the 404(b) objections asserted by defendant. However, even if the Court assumes that 404(b) does apply, the acts are relevant to prove defendant's motive, are not too remote in time and will be proven to a sufficient degree of certainty.

RESPECTFULLY SUBMITTED on January 6, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Katheen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                Page 11 of 12

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2014,
a copy of the foregoing was served via the
CM/ECF system on all counsel of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR          Page 12 of 12