KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) | No. 3:13-cr-00008-RRB-JDR **GOVERNMENT'S MOTION TO STRIKE DEFENSE PLEADINGS AT DOCKETS 213 THROUGH 227** |
| Plaintiff, | | |
| vs. | | |
| JAMES MICHAEL WELLS, | | |
| Defendant. | | |

COMES NOW the United States, by and through undersigned

counsel, and moves to strike defendant's motions *in limine* filed at

dockets 213 through 227 as violative of District of Alaska Local Rule 7.1(a)(2) and District of Alaska Local Criminal Rule 47.1(a), in that the motions contain no statement of points and authorities as required by the rules.  In the alternative, the government moves the Court to summarily deny the motions under Local Rule 7.1(e)(1) on the grounds that the failure to include proper materials in support of the motions is deemed an admission that the motions are without merit.

## BACKGROUND

On December 6, 2013, the defendant filed five motions seeking evidentiary hearings on certain proposed government experts and/or exclusion of the described expert witness testimony.  Those motions were accompanied by a memorandum of points and authorities that relied almost exclusively on the two seminal Supreme Court cases of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999), and referenced no further authorities relevant to the subjects they sought to exclude.  The government responded (Docket 230) and the defendant filed a reply

memorandum (Docket 234) reiterating his request that the Court exclude the testimony of said experts.

On December 19, 2013, defendant then filed five additional motions, (Dockets 213-227) titled "Motions *in Limine* to Exclude Expert Testimony [of each witness challenged in the previous motions] seeking the same relief sought in the previously filed motions. These motions were not accompanied by any memoranda of points and authorities as required by local rule, and were accompanied solely by the declaration of defense counsel. The declarations provided personal opinions on the validity of expert reports. Counsel has no training on these matters, and these declarations add nothing except counsel's personal legal opinions, which provide no relevance to the Court's pending decisions. Nor does the defendant put any factual issue in dispute. There are no attachments, for example, in the form of attacks supported by a witness who could competently testify as to any alleged flaws in the opinions of the proposed experts. This failure to support the motions by any

memoranda of law or any competent evidence subjects the motions to summary denial pursuant to the Local Rules of the District of Alaska.

ARGUMENT

Local Criminal Rule 47.1 directs the court and parties to look to Local Rule 7.1, among others, to find the rules governing motion practice before this Court. Local Rule 7.1(a)(2) states that a motion… "must include or be accompanied by the following….(2) a brief statement of points and authorities relevant to the relief requested". Rule 7.1(e) and (e)(1) states: "Failure to include proper materials in support of, …, a motion as required by this rule subjects the motion to summary ruling by the Court. (1) If the failure is by the moving party it may be deemed an admission that the motion is without merit…"

There is a plethora of law addressing expert testimony. The defendant's failure to provide any memoranda clearly violates the local rules.[1] Moreover, the declarations of counsel provide no competent

---

[1] If defendant is assuming that the previously filed reply is the memoranda of points and authorities, then the question becomes what is the purpose of these

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                    Page 4 of 6

evidence placing any matter at issue. A challenge to the methodology of a proposed expert could certainly be put in issue by some evidence that a methodology has been rejected in the industry, but it is hard to see how the personal opinion of legal counsel having no expertise in the challenged subject-matter, for example, as a psychologist or as a tire expert, provides a basis for a cognizable legal challenge.

## CONCLUSION

For the above reasons the government respectfully requests that the Court strike the defendant's motions *in limine* at Dockets 213 through 227, or, in the alternative, deem them without merit.

RESPECTFULLY SUBMITTED on January 7, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler_____
KAREN L. LOEFFLER
United States Attorney

---

motions? They would appear either to be a contentless supplement to the previous reply or a redundant request for relief already requested.

*United States. v. Wells*
3:13-cr-00008-RRB-JDR            Page 5 of 6

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR          Page 6 of 6