KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>    Defendant. | Case No. 3:13-cr-00008-RRB-JDR<br><br>**UNITED STATES' MOTION TO COMPEL DISCOVERY**<br><br>**Filed on Shortened Time** |

COMES NOW the United States, by and through undersigned counsel, and hereby files this Motion to Compel Reciprocal Discovery.

Under Federal Rule of Criminal Procedure 16, the government, as well as the defendant, is entitled to discovery. Under Rule 16(b)(1)(A), the government is entitled to documents and objects the defendant intends to use in its case-in-chief. Rule 16(b)(1)(B) requires the defendant to turn over reports of examinations and tests if the defendant intends to introduce the item in its case in chief, or call the witness that conducted the test. Finally, under Rule 16(b)(1)(C), the defendant must provide a written summary, including witness opinions and the basis and reasons for those opinions, of any expert testimony he intends to admit. The initial trigger to all of these requirements is that the defendant request like discovery in each of the three areas from the government. In this case, the defendant made that request on February 21, 2013 (Exhibit 1). This Court established a schedule for discovery that is currently in effect in its second pretrial scheduling order. Docket 56.

Later, upon request of the government, the Court set the following

*U.S. v. Wells*
Case No. 3:13-cr-00008-RRB        -2-

reciprocal discovery schedule:

- Written summaries of Expert Witness Testimony: Expert notices due October 25, 2013 and rebuttal expert notices due November 29, 2013.

- Reports of Examinations and Tests: Within 30 days of the government fulfilling its obligations under F.R.Cr.P. 16(a)(1)(F); and

- Documents and Objects: Within 30 days of the government fulfilling its obligations under F.R.Cr.P. 16(a)(1)(A).

Docket 130. The defendant has provided no reciprocal discovery to date. Each section of the applicable rule or order will be addressed separately.

I.  Expert Witness Notification and Reports (F.R.Cr.P, 16(b)(1)(B) & (C)

The government provided reports of testing and examinations to the defendant on August 30, 2013. According to the Court's schedule, the government provided its expert witness notices to the defense on October 25, 2013. Docket160. The notice included summaries of the expected testimony, and reports for each witness complying with Rule 16(a)(1)(G). On November 26, 2013, the defendant requested additional time to file notice of their rebuttal witnesses. The government did not

*U.S. v. Wells*
Case No. 3:13-cr-00008-RRB         -3-

oppose an extension of time to December 11, 2013, and the Court granted the defendant's request. Docket 186. The deadline December 11, 2013, came and went with no notice of expert witnesses, and no reports of defense expert witnesses. Finally, on January 6, 2013, the defendant filed a notice of expert witnesses that was wholly inadequate. The notice provided witnesses' CV's, but none of the content required by Rule 16(b)(1)(C). Nor has the defendant provided any report from any of the noticed experts under Rule 16(b)(1)(B). In the most serious situations, discovery violations can lead to the exclusion of defense witnesses. *Cf. Taylor v. Illinois*, 484 U.S. 400, 416-418 (1988) (fact witness excluded for "wilful and blatant" discovery violation).

Now, this Court has scheduled a hearing on January 14, 2014, to discuss the defendant's *Daubert* motions. Docket 242. As part of the Court's order, the defendant is instructed to be prepared to argue why the government's experts are inadmissible, "including defendant's counter experts if any." *Id*. The Court has allowed the parties to serve any additional documents on the opposing party one business day prior to the hearing. *Id*.

*U.S. v. Wells*
Case No. 3:13-cr-00008-RRB     -4-

The Court has also most recently ordered the defendant to provide a copy of all defense expert witness reports by January 15, 2014, the day after the scheduled hearing. Docket 249. The government was already preparing to file this motion, and to the extent that the request below differs from the Court's order in Docket 249, the government asks the Court to consider this a motion to reconsider on those points.

The government moves this Court to compel defendant to provide any reports of their experts, and if there are no reports, a summary of expected testimony forthwith. The defendant is almost a month overdue from his deadline of filing expert witness notices. He has had the reports of some of the government experts since August 30, 2013, and the rest by the court-set deadline of October 25, 2013. There is no excuse for the defendant to be withholding this information. The government is concerned that the defendant will wait until the day before the hearing to reveal their witness reports, making it impossible for the government to reasonably prepare for the hearing on January 14, 2014. The defendant should either provide the expert reports forthwith, or not be allowed to introduce or argue the opinions or

*U.S. v. Wells*
Case No. 3:13-cr-00008-RRB         -5-

findings of their witnesses at the January 14, 2014 hearing.

   II.   Reciprocal Discovery of Documents and Objects

The government's right to reciprocal discovery is firmly established in the language of Federal Rule of Criminal Procedure 16(b)(1)(A). The Rule allows the government, after complying with a request by defendants for similar material, to: inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial. The defendant, through counsel, previously invoked Fed. R. Crim. P. 16(a) in their request for discovery on February 21, 2013.

   The government has been providing Rule 16 discovery starting on February 22, 2013. We also made clear on the record at the status hearing before Chief Judge Beistline on December, 16, 2013, that we have complied with our Rule 16 discovery obligations, understanding the requirement of providing continuing discovery pursuant to Rule

*U.S. v. Wells*
Case No. 3:13-cr-00008-RRB      -6-

16(c). Again, the defendant has provided no reciprocal discovery of any type under Rule 16(b)(1)(A).

Under the clear language of this Rule, courts uniformly have allowed reciprocal discovery. *See e.g., United States v. Bump*, 605 F.2d 548, 551-552 (10th Cir. 1979) (requiring reciprocal disclosure over defendant's objection that it would violate his constitutional rights); *United States v. Gollapudi*, 947 F. Supp. 763, 767 (D.N.J. 1996); *United States v. Sherman*, 426 F. Supp. 85, 93 (S.D.N.Y. 1976) (granting governments motion to compel Rule 16 discovery from defendants).

Indeed, a court may exclude evidence offered by the defense which should have been, but was not, produced under Rule 16(b)(1)(A). *See United States v. Scholl*, 166 F.3d 964, 972 (9th Cir.1999) (upholding exclusion of nine cashier's checks in tax prosecution ); *United States v. Hardy*, 586 F.3d 1040, 1044 (6th Cir. 2009) (upholding exclusion of check stub copies in tax evasion case where failed to timely turning it over to the government pretrial); *United States v. Rodriguez Cortes*, 949 F.2d 532, 546 (1st Cir. 1991)(upholding exclusion of phone receipt and letter from defense's case).

*U.S. v. Wells*
Case No. 3:13-cr-00008-RRB         -7-

### III. Witness Statements

Finally, Federal Rule of Criminal Procedure 26.2 requires both parties to produce the relevant prior statements of all witnesses, except the defendant. The rule specifically provides for the reciprocal production of Jencks-like statements. As stated in pertinent part:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession . . . . If the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record.

Fed. R. Crim. P. 26.2(a). The government has provided extensive Jencks Act material prior to the Court's deadline of January 10, 2014, and will be providing the remainder promptly. The defendant must be held to the same obligation.

Because the defendant has failed to adequately meet the Court's ordered deadlines, this is an issue genuinely in dispute between the parties under the local rules, D.Ak.LCrR 16.1(d).

//

*U.S. v. Wells*
Case No. 3:13-cr-00008-RRB     -8-

For the foregoing reasons, the government requests that its Motion to Compel Reciprocal Discovery and Inspection be granted.

RESPECTFULLY SUBMITTED this 8th day of January, 2013, in Anchorage, Alaska.

            s/ Karen L. Loeffler
            KAREN L. LOEFFLER
            United States Attorney

            s/ Bryan Schroder
            BRYAN SCHRODER
            Assistant U.S. Attorney
            United States of America

            s/ Kathleen A. Duignan
            KATHLEEN A. DUIGNAN
            Special Assistant U.S. Attorney
            United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2014,
a copy of the foregoing was served
electronically on:

Rich Curtner

s/ Bryan D. Schroder

*U.S. v. Wells*
Case No. 3:13-cr-00008-RRB  -9-