KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:13-cr-00008-RRB-JDR |
| ) | |
| Plaintiff, ) | **GOVERNMENT'S MOTION** |
| ) | **TO STRIKE DEFENSE** |
| vs. ) | **PLEADINGS AT DOCKET** |
| ) | **240** |
| JAMES MICHAEL WELLS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW the United States, by and through undersigned counsel, and moves to strike defendant's "Supplemental Briefing" at docket 247 to his Motion for Hearing at docket 197, challenging the testimony of Dr. Reid Meloy. The defendant originally filed docket 240, seeking to add amplifying material to his motion at docket 197, but failed to file leave with the Court to do so. The Court then struck docket 240, but invited the defense to apply for leave to file again, adding that the defense must appropriately redact information in the first filing as required by the Local Rules and the e-filing act. The defense applied for leave to file the documents again, which the Court conditionally granted, noting that the defense must appropriately redact their filing. The defense filed again as docket 247, but the defendant again failed to redact any part of the document, filing the same documents as docket 240, which the Court had appropriately struck. The document should again strike this version.

//

The defendant continues to file documents related to the government's experts, seemingly arbitrarily, in violation of a variety of local court rules. These rules have a common purpose, to allow the Court to efficiently administer justice in the litigation of federal cases. Whereas the defendant's previous motions (dockets 213-227) argued against the testimony of the government experts without providing any legal or factual support, the defendant is now not even bothering to offer specific arguments. In docket 247, the defendant files a pleading titled "supplemental briefing," which contains no specific argument about how over 200 pages of attachments might apply to the case before the Court. Defense counsel seems to expect the Court to do the defense's job. This, however, will be difficult because the attachments are of limited usefulness, and readily distinguishable from the case against Wells.

//

BACKGROUND

On December 6, 2013, defendant filed five motions seeking evidentiary hearings on certain proposed government experts and/or exclusion of the described expert witness testimony. Those motions were accompanied by a memorandum of points and authorities that relied almost exclusively on the two seminal Supreme Court cases of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. V. Carmichael*, 526 U.S. 137 (1999) and referenced no further authorities relevant to the subjects they sought to exclude. The government responded (docket 230) and defendant filed a reply memorandum (docket 234) reiterating his request that the Court exclude the testimony of said experts.

On December 19, 2013, defendant then filed five additional motions, (dockets 213 through 227) titled "Motions *in Limine* to Exclude Expert Testimony [of each witness challenged in the previous motions] seeking the same relief sought in the previously filed motions. These

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                Page 4 of 16

motions were not accompanied by any memoranda of points and authorities as required by local rule, and were only supported by a declaration of defense counsel providing personal opinions on the validity of the government's expert reports – for which counsel has no training – as well as other personal legal opinions of no relevance to the Court's pending decisions. The government has filed a reply to those motions at docket 238, and because of the failure to follow local court rules, has filed a motion to strike those pleadings at docket 243.

On January 7, 2014, the defendant filed "Supplemental Briefing to Exclude Dr. Reid Meloy" at docket 240. The "supplemental briefing" is simply a 1 ½ page coversheet for over 200 pages of briefing on another case, including what appear to be tax documents containing Social Security Numbers. The Court quickly filed an order striking docket 240, but allowing defendant to request permission to refile an appropriately redacted copy. The defendant moved the Court to accept the supplemental briefing at docket 244, which the Court granted at

docket 246, again reminding the defendant about redactions. The defendant quickly refiled the document, apparently failing to make any redactions. Docket 247.

The final filing at docket 247 remains the same as the original filing at docket 240, and thus fails to meet the requirements of the Court's local rules. There is the barest of argument, again with no supporting points and authorities. The Court is left on its own to figure out the relevance, if any, of the un-excerpted attachments. This filing fails to follow a number of local rules, and starkly demonstrates why those local rules exist.

## ARGUMENT

1. Docket 247 Violates the Local Rules

Local Criminal Rule 47.1 directs the court and parties to look to Local Rule 7.1, among others, to find the rules governing motion practice before this Court. Local Rule 7.1(a)(2) states that a motion…"must include or be accompanied by the following….(2) a brief

*United States. v. Wells*
3:13-cr-00008-RRB-JDR				Page 6 of 16

statement of points and authorities relevant to the relief requested". Rule 7.1(e) and (e)(1) states: "Failure to included proper materials in support of, …, a motion as required by this rule subjects the motion to summary ruling by the court. (1) If the failure is by the moving party it may be deemed an admission that the motion is without merit…"

Moreover, while a party is allowed to file supporting documents under local rule 7.1(a)(3)(A), those documents must be "appropriately excerpted so that only the portions required to be reviewed to make the decision is filed with the motion papers." D.Ak. L.R. 7.1(a)(3)(B).

The defendant has made little attempt to follow local rule 7.1(a). There is no statement of points and authorities, and the 200-plus pages of attachments are not excerpted, certainly not in any extent that is useful to the Court.

//


//

*United States. v. Wells*
3:13-cr-00008-RRB-JDR  Page 7 of 16

### 2. Docket 247 is an Example of the Importance of Following the Local Rules.

Moreover, docket 247 is an excellent example of why these types of rules exist. In the role of advocate, it is the responsibility of the parties to provide the appropriate facts, find the law, and apply the facts to the law for the court to review. If there are supplemental materials, it is the responsibility of the parties to review the materials, and only provide those sections ("appropriately excerpted") to the court that are applicable. In that way, the court can serve its decision-making role promptly, accurately, and efficiently.

The file at docket 247 fails in all aspects. The document has no statement of points and authorities to explain how the attachments may have some precedential value. Nor does the defendant "appropriately excerpt" the attachments to assist the Court in focusing on the items that are relevant. What the defendant has done is task the Court with all the requirements of the rule. He is leaving it up to the

*United States. v. Wells*
3:13-cr-00008-RRB-JDR  Page 8 of 16

Court to find the relevant sections of the attachments, and then draft a statement of points and authorities in its order. That is not the role of the Court, it is the responsibility of the parties. Because the defendant has not fulfilled that responsibility, the Court should strike the pleading.

        3.      The Documents Provided by the Defendant do not Assist the Court Because they are Insufficient, and are Distinguishable from the Case at Bar.

While this motion to strike is based on the violations of local rules, it may be helpful to the Court to understand that the defendant's attachments do not support the defendant's attempt to suppress the testimony of Dr. Meloy. First, the court's order attached at docket 247-1 is one paragraph long, with no reason as to why the court excluded Dr. Meloy, as well as two other witnesses. Thus, the decision of the court cannot even have persuasive precedential value because there is no indication why Dr. Meloy was excluded. In an effort to cover this gaping hole, the defendant provides one side of the briefing, hoping that

*United States. v. Wells*
3:13-cr-00008-RRB-JDR        Page 9 of 16

this Court will imply that Dr. Meloy was excluded for a reason helpful to Wells. The documents provided by the defendant are simply too limited to provide this Court with any assistance, and thus have no relevance.

Moreover, even if this Court were to try to glean a reason for Dr. Meloy's exclusion from the briefing of one side in *United States v. Bussell*, the circumstances of his testimony in the past case are distinguishable with the case at bar. Thus, the attachments are of little use to the Court. To assist the Court, the government will briefly discuss the substance of appropriate excerpts of the defendant's attachments.

In his motion at docket 247, the defendant relies upon a California District Court's order in *United States v. Bussell,* 2001 WL 36114161 (C.D.Cal.), to challenge admission of Dr. Meloy's testimony in this case. Because the court in that case did not cite its reason for exclusion of this expert's testimony in its order, the defendant helpfully attached the

government's brief on the matter, so that this Court could extrapolate the rationale behind that district court's decision from the trial briefs.

The government has taken the time to distill the defendant's argument down to its pertinent parts. In so doing, however, the government finds that the reasons upon which the California court excluded Dr. Meloy as a defense expert witness in *Bussell* bear no resemblance whatsoever to the facts and circumstances of this case. The rationale for admitting Dr. Meloy's testimony in this case greatly differs from those posited in *Bussell*.

The court's entire order reads as follows:

> Crt grants Plf's mot in limine to excl testimony of defendant's experts Dr J Reid Meloy. Crt grants Plf's motion in limine to exclude to limit the testimony of defendant's designated experts, Dr. Gamini Hethumuni, Peter Spero.

*United States v. Bussell, supra.*

Therefore, one must dig back into the government's original trial brief to extrapolate exactly what matters were before the court then,

*United States. v. Wells*
3:13-cr-00008-RRB-JDR             Page 11 of 16

and why the court properly excluded the expert testimony in that case. The government's brief stated that the defense provided the following notice that they were going to call Dr. J. Reid Meloy as an expert in their case:

> On February 20, 2001, counsel for defendant Letantia Bussell notified the government that she intends to call forensic psychologist Dr. J. Reid Meloy, whose testimony will include (but not necessarily be limited to) the following:
>
> Explaining psychopathy and the expected traits and behaviors of the psychopathic personality; and relating such expected traits and behaviors to the actions of [J.S.] and [R.B.]. The defense has not received nor does it expect to receive a report from Dr. Meloy. The bases for his testimony, at this time, include his training and experience, as documented in his resume, and his review of the First Superseding Indictment and the Government interviews of [J.S.] and [R.B.]. (internal citations omitted).
> Docket 247-2 at p. 17.

The government then argued in *Bussell* that:

> As to the testimony of Dr. Meloy, while defendant Letantia Bussell has cursorily indicated that Dr. Meloy will testify as to the traits of the

*United States. v. Wells*
3:13-cr-00008-RRB-JDR             Page 12 of 16

"psychopathic personality" and their relation to the actions of co-conspirators S[.] and B[.], **she has neither produced a report identifying Dr. Meloy's specific opinions as to this issue nor enumerated in any detail the facts or data upon which Dr. Meloy will base his opinion.** Given that defendant Letantia Bussell has failed to comply with her reciprocal discovery obligations under Rule 16(b), Dr. Meloy's testimony should be excluded on this basis alone. **In view of the absence of any specific proffer as to the content or bases of Dr. Meloy's opinion**, defendant Letantia Bussell has also not met her burden of showing that Dr. Meloy's expected testimony is either sufficiently relevant or reliable under Fed. R. Evid. 702 to qualify as admissible. *Daubert*, 509 U.S. at 589. **Finally, to the extent that defendant Letantia Bussell intends to use Dr. Meloy's expert testimony to attack the credibility of Messrs. S[.] and B[.] as witnesses, use of such extrinsic expert testimony to attack the credibility of a witness is barred under Fed. R. Evid. 608(b).** *United States v. Bussey*, 942 F.2d 1241, 1253 (8th Cir. 1991) *cert. denied*, 50 U.S. 908 (1992).
[Emphasis added] Docket 247-2 at pp. 9-10.

In this case, the government is not calling Dr. Meloy for any of the reasons outlined above. As Dr. Meloy stated in his report, he will

testify to his research and experience regarding the characteristics of those who commit targeted and intended violence, workplace violence, multiple murders, and the personality and psychological characteristic of individuals who commit such acts.  He will not opine, however, on whether any of those characteristics apply to defendant, Wells.  It will be the jury's role to make that determination – and the jury will make this determination only.  The testimony will be offered to assist the trier of fact to understand the characteristics of those who commit acts like the ones charged.  However, it will be left to the jury to determine whether these traits apply to the defendant in this case.

Unlike the *Bussell* case cited by the defense, the government first produced a detailed summary of his expected testimony on October 25, 2013.  The government then followed up production of this summary by providing an extensive report prepared by Dr. Meloy.  In that report, Dr. Meloy details everything he reviewed.  He also stated that he will not offer any opinion about the applicability of these categories to the

defendant in this case. That application will remain in the jury's provenance. This is perfectly consistent with case law on this issue.

## CONCLUSION

For the above reasons, the government respectfully requests that the court strike defendant's motions supplemental briefing at docket 247 or, in the alternative deem it without merit.

RESPECTFULLY SUBMITTED on January 10, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Katheen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2014,
a copy of the foregoing was served via the
CM/ECF system on all counsel of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                    Page 16 of 16