Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**AFFIDAVIT OF<br>BRUCE A. CURRIE** |
| STATE OF OHIO<br><br>HANCOCK COUNTY | ss: |

I, Bruce Currie, declare under penalty of perjury that the following is true:

1.  My name is Bruce A. Currie and I am a tire failure analyst. My experience in the tire industry began September 18, 1967, when I was hired as an engineering coop student from the University of Cincinnati by Cooper Tire and Rubber Company in Findlay, Ohio. My career at Cooper Tire and Rubber Company continued until my retirement on January 1, 2005. After my retirement from Cooper Tire I created my own consulting company Currie Engineering LLC.

2. My experience at Cooper Tire was primarily in the Technical area. My work experience involved tire design, development, testing, failure analysis of project tires and failed returned tires. I developed Cooper's first radial passenger and radial light truck tires. I held various technical positions including tire development engineer, supervisor of radial passenger tire development, manager of radial truck tire development, manager of truck tire development, manager of inner tube and curing bladder development, senior manager of technical standards and senior manager of technical relations. I also spent four years in technical positions in Cooper's Texarkana, Arkansas tire manufacturing facility during Cooper's initial radial tire production startup.

3. My educational background includes a BS degree in Chemical Engineering from the University of Cincinnati in June 1971, an MBA degree from East Texas State University in December 1976 and an MS degree in Engineering from GMI in August 1995. I am a licensed professional engineer in the State of Ohio 1980.

4. During my career I have analyzed tens of thousands tested project tires, tires adjusted from service and downgraded tires in the factory. Since 1981 I have completed forensic examinations of tires, wheels, etc. involved in civil lawsuits. During this period of time from 1981 until today I have completed forensic examinations of more than 1200 items. Since my retirement from Cooper Tire and Rubber Company I have been a consultant in the forensic examination of tires for Attorneys representing both Defense and Plaintiff clients.

5. All but two of the tire cases I have been involved with during my career have been civil lawsuits. The standard practice in civil lawsuits concerning tires is that no destructive testing is performed on the subject or companion tires without agreements of the judge and all parties to a lawsuit. As a result none of the civil cases I have been involved with have involved destructive testing of the subject or companion tires. Destructive testing does occur in civil cases but it is very rare. The reason for this is to prevent spoliation of the evidence.

6. This case, involving a tire on the vehicle of James Wells, is the subject of spoliation of the evidence as it would relate to a lawsuit. The case involves a tire on Mr. Wells' pickup truck that was alleged to have picked up a nail and was losing air. As a Technical consultant for the defense my job was to analyze the tire as to its condition and its ability to retain air. The tire was remounted on the wheel and inflated to 80 psi by the prosecution expert and checked for air loss, which did occur. This by itself would not be a major problem in a civil lawsuit but would most likely be observed by all parties to the lawsuit. The next thing that was done by the prosecution expert was to run the tire with the nail in it on a test wheel. The tire was loaded to 2732 lbs and run at 62 mph for 1488 miles. This testing definitely altered the condition of the tire and made it impossible to further evaluate the condition of the tire at the time of the incident. Running the tire on the wheel for 1488 miles would have worked the tread area of the tire and the nail in the tire every time the tire was deflected. A tire deflects when it is rotating on the wheel and makes contact with the wheel. The subject tire is an LT265/75R16 size tire with an outside diameter of roughly 32 inches. A tire of this size would deflect 630 times in one mile.

During the 1488 mile test the tire deflected approximately 937,440 times. This would have a significant effect on the condition of the nail relative to the nail hole in the tire. In addition to this testing, when I received the evidence the tire was dismounted from the wheel and the nail had been removed from the tire and was in a plastic bag. The prior testing that was conducted and the altering of the evidence made it impossible for me to evaluate the air loss condition of the evidence.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*Bruce A. Currie*
Bruce A. Currie

SUBSCRIBED AND SWORN to before me this 11th day of January 2014.

*Diane L Ragless*
Notary Public in and for the State of Ohio
My Commission Expires: _____

DIANE L. RAGLESS
Notary Public, State of Ohio
My Commission Expires July 17, 2018

United States v. James Michael Wells
Case No. 3:13-cr-00008-RRB-JDR

Page 4

Exhibit A - Page 4 of 4

Case 3:13-cr-00008-SLG   Document 255-1   Filed 01/13/14   Page 4 of 4