Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. 3:13-cr-00008-RRB-JDR |
|---|---|
| Plaintiff, | |
| vs. | **REPLY TO GOVERNMENT OPPOSITION TO MOTION TO EXCLUDE EVIDENCE OF PRIOR BAD ACTS UNDER FED. R. EVID. 404(b)** |
| JAMES MICHAEL WELLS, | |
| Defendant. | |

JAMES MICHAEL WELLS replies to the government's opposition (Docket No. 239) to his motions requesting exclusion of proposed evidence of prior bad acts brought pursuant to Fed. R. Evid. 404(b) (Docket No. 211).

This is a homicide case and the government needs to prove that Mr. Wells, who has no criminal history, committed an act of extreme violence. General claims that Mr. Wells ignored his supervisors, misused government property, or performed at a diminished capacity at work are not material or probative to show violence or capacity for violence. Critically, the government accuses Mr. Wells of violence against his coworkers, who were not involved in these incidents. The government does not even allege that they

were involved in the proposed bad acts. None of the government's proposed bad acts are similar to a homicide. None of the proposed bad acts indicate that Mr. Wells engaged in violence or a threat of violence in the time frame preceding the homicides.

Mr. Wells reiterates that the government notice of the proposed acts is irrelevant, potentially misleading, and impermissibly vague. The government has failed to specify when each act occurred, the parties involved in the acts, and how each act would be admissible and relevant. Also, the court should exclude all of the government's proposed acts because of the government's deficient notice.

Mr. Wells responds to the government's arguments regarding intrinsic evidence, 404(b) notice generally, and vagueness in turn.

I. **THE COURT SHOULD NOT ADMIT THE PROPOSED BAD ACTS BECAUSE THEY ARE NOT INTRINSIC EVIDENCE.**

The government argues that the proposed bad acts evidence is intrinsic. Other act evidence is "intrinsic" if it constitutes "a part of the transaction that serves as the basis for the criminal charge[,]" or if it is "necessary... to permit a prosecutor to offer a coherent and comprehensible story regarding the commission of a crime." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (internal citations and quotations omitted).

These acts are completely different from the crimes alleged. The government provides no legal authority where a court has admitted such general evidence of a person's inability to follow an employer's order, misuse of government property, and/or inability to attend a conference, in order to explain the likelihood of a defendant's proclivity to kill in a homicide case. That is because the proposed acts are not truly probative or material to explain the circumstances surrounding a homicide case.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                                                    Page 2

The government has cited *United States v. Dorsey*, 677 F.3d 944 (9th Cir. 2012) for the proposition that these acts are admissible under the second prong of the intrinsic evidence test. In *Dorsey*, the court allowed testimony about Dorsey's possession of a Glock around the time he was alleged to have shot a woman and her child with a Glock, in an effort to dissuade the woman from testifying against him in a criminal case. The court admitted evidence of the ownership of the Glock because it showed the defendant had the means to commit the charged crimes and the identity of the shooter. The acts proposed here appear to show that Mr. Wells was not following his employer's directives and that he made use of some work property for personal reasons. These acts do not show that Mr. Wells had the means or inclination to commit murder. These acts are not remotely probative of a motive to commit a killing, especially since Mr. Wells did not react violently or angrily when confronted with discipline over these acts. Also, there is no allegation that the victims were involved in disciplining Mr. Wells. There is no similarity between the offered acts and a violent act.

The government has cited *United States v. Anderson*, ___ F.3d ___, 2013 WL 6670793, *9 (9th Cir. 2013) to support admission of this evidence. This case is not on point. In *Anderson*, the defendant engaged in a scheme of copyright infringement. The government sought to introduce evidence of uncharged acts of copyright infringement to show defendant's business model. The court admitted the transactions, finding them so similar to the charged conduct that the court labeled the acts intrinsic. That is not the case here, where a purported failure to obey an order or to obtain an excused absence is vastly different from killing human beings.

The government has cited *United States v. Beckman*, 298 F.3d 788 (9th Cir. 2002) for the proposition that evidence is admissible to explain a relationship between a defendant and a witness. *Beckman* was a case where a drug courier feigned ignorance of a significant quantity of marijuana he carried over the border in a drug run. The court admitted evidence of the defendant's prior drug run to show that there was an ongoing scheme to traffic in illegal substances. The acts alleged were similar, if not almost identical, and relevant to a marijuana importation case. That is not the case here, where an inability to follow an order, perform satisfactorily with coworkers, or inability to attend a conference is not remotely similar or probative of an intent or motive to kill human beings.

Finally, the government offers *United States v. Greyeyes*, 931 F.2d 898 (Table) (9th Cir. 1991) for the proposition that the defendant's status as a beneficiary of the murder victim's insurance policy was relevant to show motive for the murder. If Mr. Wells was the named beneficiary of either victims' insurance policy, that would be relevant, indeed, to show a motive for the murders. However, he was not and unrelated acts such as unexcused absences do not show that Mr. Wells stood to benefit from committing these murders in any way.

The government claims the acts are admissible as "intrinsic" evidence in order to "understand the relationship between the victims and the defendant." The government has not provided the details of these incidents. For example, a claim that Mr. Wells improperly used a fuel card to obtain gas on base is not relevant to show an intentional killing. It is unclear how this evidence would be intrinsic since use of the fuel card or the fuel is not alleged to be connected to the homicides in any way. Misuse of a

fuel card does not illustrate Mr. Wells' relationship to his coworkers or his status in the workplace.

Additionally, the court should not admit prior bad act evidence as to Mr. Wells' intent when faced with these incidents absent some evidence that he displayed certain reactions, like a violent or angry response to these events, especially since he was not prosecuted for these events. *See United States v. Greyeyes*, 931 F.2d 898 (Table) (9th Cir. 1991) (Ninth Circuit reverses murder conviction because of improper admission of defendant's prior attempt to kill husband to prove defendant's intent to kill because defendant's intent during initial incident could not be inferred by the court). The government should not be permitted to back door character evidence that Mr. Wells was not a model employee or misused government property by labeling it "intrinsic" evidence.

## II. THE GOVERNMENT SHOULD NOT ADMIT THE GOVERNMENT'S PROPOSED BAD ACTS UNDER FED. R. EVID. 404(B).

The government also erroneously asserts that the acts are generally admissible under Fed. R. Evid. 404(b). The government quotes *dicta* from *United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) to support the position that the rules of evidence generally include character evidence of motive, intent, and knowledge. However, the rules of evidence generally exclude character evidence. The proponent of 404(b) evidence must bear the burden of showing that a prior bad act is admissible in order to have the court admit the evidence. For 404(b) evidence to be admitted, it must: (1) tend to prove a material point; (2) offer an act that is not too remote in time; (3) be sufficient to support a finding that defendant committed the other act; and (4) in some cases, be similar to the

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                                                    Page 5

Case 3:13-cr-00008-SLG   Document 258   Filed 01/13/14   Page 5 of 9

offense charged. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (internal quotations and citations omitted).

The government argues that its evidence is admissible under 404(b) to prove motive in a murder case, citing *People of Territory of Guam v. Turner*, 33 F.3d 59, p.1 (Table) (9th Cir. 1994). (Docket No. 239, p. 6.) In *Turner*, the government offered evidence of a previous robbery, a violent act, as evidence of premeditation and motive in a murder. This is not remotely similar to the types of acts alleged by the government here. Alleged misuse of a fuel card is not a violent act. None of the government's proposed acts in this case are violent. Nor do they show a financial motive or any motive to engage in violence.

A number of the government's proposed acts detail Mr. Well's receipt of counseling for alleged workplace incidents. Receipt of counseling about misuse of government property or taking property for personal use establishes neither premeditation nor motive to kill a coworker. The government has offered no evidence to show what effect any counseling had on Mr. Wells, through interviews or statements, nor has it shown how any of these minor incidents, relating primarily to U.S. government property, would have any bearing on the homicides. If the government is surmising that Mr. Wells had certain thoughts or feelings about the counseling that would lead him to commit murders, that is speculative, as noted above. The court should find this evidence inadmissible because no evidence has been provided on the issue.

Similarly, Mr. Wells' inability to attend a conference does not demonstrate a resort to violent acts or the threat of violence. The government cites no cases that support admission of evidence that is so far removed from any sign of violence. Indeed, the government relies on a number of cases from other circuits because there is no support

for admission of these acts within the Ninth Circuit. (*See* Docket No. 239, p. 9.) Even the cases the government cites from other circuits, do not support admission of this type of evidence. A defendant's inability to participate in a professional education opportunity, unaccompanied by any threat of violence or violence, should not be admissible in a homicide case where the victims did not make the decision or have any input into the decision about whether he should attend the conference. The issues are simply too attenuated.

The government argues for the admission of all the proposed bad acts claiming that the incidents are not too remote in time. One of the cases cited by the government, *United States v. Hadley*, 918 F.2d 848 (9th Cir. 1990), provided that old acts were admissible only because the similarity of the act to the charged offense was so strong that it outweighed remoteness in time issues. Since the government conceded that the acts are not similar (Docket No. 239, p. 8, fn 1), that argument is unavailing here.

Critically, Mr. Wells cannot refute a claim related to the timing of the incidents at the moment because the government's notice does not provide the date of any of these acts. This supports Mr. Wells' argument that the government has provided insufficient notice of the acts. The acts should be excluded on this basis alone. The government has not specified how it intends to prove these acts by evidence sufficient to support a finding, an additional deficiency pertaining to notice.

The general evidence proposed here is not admissible under Fed. R. Evid. 404(b) because it is not probative of a material issue in the case. Mr. Wells' actual work performance and imagined personal resentments are not at issue in this trial. These issues are not material because they do not demonstrate any actual violence or threat

thereof. They also do not illustrate any retaliation or threatening behavior on Mr. Wells' part when faced with discipline.

### III. THE COURT SHOULD NOT ADMIT THE PROPOSED BAD ACTS BECAUSE GOVERNMENT NOTICE WAS IMPERMISSIBLY VAGUE.

The court should not admit the general acts mentioned by the government because the government appears to be seeking admission of general character evidence to establish Mr. Wells' persona in the work place. The government does not specify the precise nature of each act, the date of the act, nor the individuals involved in each act. Without this information, it is unclear what acts are at issue and whether the acts would be probative on any material issues under Fed. R. Evid. 404(b) in a homicide case.

### IV. CONCLUSION

The court should exclude the proposed bad acts submitted pursuant to Fed. R. Evid. 404(b) for the reasons provided in the underlying motions and outlined above.

DATED this 13th day of January 2014.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on January 13, 2014,
a copy of the **_Reply to Government
Opposition to Motion to Exclude
Evidence of Prior Bad Acts Under
Fed. R. Evid. 404(b)_** was served
electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/ Rich Curtner

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                                           Page 9

Case 3:13-cr-00008-SLG   Document 258   Filed 01/13/14   Page 9 of 9