Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S COMBINED RESPONSE TO DEFENDANT'S MOTIONS AT DOCKETS 213, 216, 219, 222 and 225 (Docket No. 238)** |

James Wells, through counsel, hereby replies to the government's combined response to his *Motions in Limine* at Docket Nos. 213, 216, 219, 222, and 225.

I. **Local Rule 7.1**

Mr. Wells directs the court to Docket No. 257 – our response to their motion to strike regarding compliance with Dist. of Ak. Local Rule 7.1.

II. **The Government is Withholding Information Material to Preparation of Mr. Wells' Defense**

As the government concedes in its pleading (Docket No. 238, p.5), the government is required to provide a summary of an expert's testimony that describes "the bases and reasons for those opinions." Mr. Wells does not have access to the factual

bases and reasons, *i.e.* methodology, of a number of opinions that the government's proposed experts relied upon in reaching their opinions. [*See* Docket No. 252 for comprehensive list of missing discovery with the exception of *Jencks* material provided on January 10, 2014.] The government has not provided any Ninth Circuit case law to support admitting any of the types of expert the government proposes.

The defense has requested missing discovery material to preparation of the defense both in *Daubert* Motions, Motions in Limine, and pursuant to Fed.R.Crim.P. 16(a)(1)(e)(i). *See* Docket Nos. 193, 195, 197, 199, 201, and 252. The government has not met the deadline to disclose information related to its experts at Docket No. 160. At issue is the fact that the defense is stymied in responding adequately to the proposed government experts by the government's failure to furnish this discovery for Mr. Wells' experts to evaluate. Mr. Wells will not address the government's arguments about civil discovery rules because they are neither applicable nor germane to the issues.

### III. Mr. Wells Urges the Court to Fulfill its Role as Gatekeeper to Exclude the Governments Experts Absent Evidence that Allows Mr. Wells to Test Both the Proposed Experts' Reliability and Potential to Provide Testimony that is Reliable and Helpful for the Jury

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999) emphasize that the trial judge plays a critical role in screening expert testimony. It is the responsibility of the court to act as a gatekeeper so that only reliable and relevant testimony of qualified experts is admitted. The court looks at the methodology of the expert in light of "reliability-related factors... such as a theory's testability, etc..." *Kumho*, 526 U.S. at 145. In this case, voir dire and the standard qualification examination is not an appropriate time to evaluate the reliability and

relevance of the expert testimony. That is because Mr. Wells has not been given an opportunity to adequately evaluate the bases of the proposed experts' opinions. The government experts' proposed testimony and evidence includes introduction of complex, simulation models, psychological testimony of a very broad nature, crime scene analysis from experts with conflicting opinions, and simulations of the condition of Mr. Wells' tire which may not conform to the conditions as they existed at the time of the homicides.

Mr. Wells needs to be able to review the information in the government's possession with his experts that would permit him to raise issues as to the methodology of each expert and alert the court to issues in genuine dispute. The failure to provide him with this opportunity, by failing to disclose the information the experts used in forming their opinions, will make it impossible for Mr. Wells to adequately confront and cross-examine the experts at trial because his experts need time to review the government's data and analysis. Failure to allow Mr. Wells the right to meaningfully confront his accusers violates his Sixth Amendment right to confrontation. It also violates Mr. Wells' right to due process under the Fifth Amendment and right to counsel under the Sixth Amendment if his lawyers are unable to prepare his defense for trial.

As the government states in its opposition, a party is generally given a chance to contest an expert "through expert affidavits and/or other competent evidence," which has "raised a genuine issue as to the qualifications of the expert or some credible issue that the methodology is so unreliable as to be akin to "speculation or guesswork." Docket No. 238, p. 9, *citing North v. Ford Motor Co.*, 505 F.Supp.2d 1113 (10th Cir. 2007). Mr. Wells requests this opportunity here. Mr. Wells seeks to provide detailed objections

to each expert as soon as he has all of the materials that would allow his experts to draft reports and he is able to review those reports and alert the court and the government to the issues in dispute.

## IV. CONCLUSION

To date, the government still had not disclosed a great deal of the information required for the defense experts to evaluate the government expert reports and opinions. As outlined above, based on the large quantity of discovery the government has withheld, Mr. Wells' experts have not been able to form any opinions or produce any reports. Mr. Wells renews his request that the court exclude the government experts based on the government's failure to produce this information because it would violate his Sixth Amendment right to confrontation and right to counsel as well as his Fifth Amendment right to due process.

DATED this 13th day of January 2014.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

<u>Certification:</u>
I certify that on January 10, 2014,
a copy of the ***Defendant's Reply to Government's Combined Response to Defendant's Motions at Dockets 213, 216, 219, 222 and 225 (Docket No. 238)*** was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/Rich Curtner