

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*
*Anchorage, Alaska 99513-7567*

*Commercial: (907) 271-5071*
*Fax Number: (907) 271-1500*

February 20, 2013

Rich Curtner
Federal Public Defender
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501

Re: USA v. James Michael Wells
    3:13-cr-008-RRB-JDR

Dear Mr. Curtner:

Since you have appeared for James Wells relating to the above matter, we take this opportunity to advise you of the formal policies of our office with regard to discovery and plea negotiations.

    1.    ***Discovery***

        a.    In order to avoid misunderstandings or conflicting recollections, no discovery of documents or other objects will be released from this office unless a receipt specifically identifying the received items by Bates stamp number (documents) or description (other items) is signed by a representative of your office at the time the items are produced. For all discovery entailing 100 pages or more, a fee of 25 cents a page will be charged for in-house copying. You may make arrangements to copy materials at your own expense through the assigned attorney in lieu of payment of the above fee. Note: If you are a CJA Attorney, you will be charged after 500 pages. Discovery materials may also be provided on CD or DVD media. Replacement of this media is also required.

        b.    Because the government's rights to discovery under Fed. R. Crim. P. 16(b)(1)(A), (B) and (C) are conditioned on a request by the defendant for discovery under Fed. R. Crim. P. 16(a)(1)(C), (D) and (E), and because we request reciprocal discovery under Fed. R. Crim. P. 16(b) in this case, our office requires that you provide us with a written request for discovery under Fed. R. Crim. P. 16(a)(1)(C), (D) and (E) before we provide you with the same. You may consider this letter a request for reciprocal discovery under Fed. R. Crim. P. 16(b)(1)(A), (B)

and (C), conditioned upon your written request under Fed. R. Crim. P. 16(a)(1)(C), (D) and (E). This is also an unconditional request for production of witness statements pursuant to Fed. R. Crim. P. 26.2.

2. ***Plea Agreements***

While informal discussions regarding possible disposition of cases are encouraged, Assistant U.S. Attorneys have no authority to make a plea offer or enter into a plea agreement on behalf of the government except under the following conditions:

a. All offers by the government to enter into a plea agreement and all plea agreements must be in writing as required by D. Ak. LR CR 3.3(A); AUSAS have <u>no</u> authority to make an oral plea offer or to enter into an oral plea agreement;

b. No plea agreement will be effective on behalf of the United States unless it is signed by the United States Attorney or the Acting United States Attorney;

c. **Assuming the parties have negotiated a proposed disposition in a timely manner, plea agreements will be provided to defense counsel at least 10 days before trial.** No plea agreement will be signed by the United States Attorney or the Acting United States Attorney, unless it has been signed by the defendant, defendant's counsel and the assigned Assistant U.S. Attorney, and <u>presented to the United States Attorney for signature no later than seven (7) days before trial</u>; no plea agreement submitted after that time will be approved;[1]

d. All plea agreements must conform to the requirements of D. Ak. LR CR 3.3(C);

e. All plea agreements must include provisions for restitution when an identifiable loss to a victim or the government has occurred;

f. All plea agreements must include a provision for a fine commensurate with the defendant's ability to pay;

g. No plea agreement may be entered into by the government unless it has been discussed with appropriately concerned persons, particularly agents and victims, before an agreement is consummated;

h. Unless a written plea agreement has been fully executed by the defendant, defense counsel, the assigned AUSA and the U.S. Attorney, any notice of intent to change plea filed by the defendant will be

---

[1] **Timely negotiations are imperative in order to permit sufficient time to draft plea agreements and to obtain required signatures.**

2

construed to mean that the defendant intends to plead to charges contained in the indictment without any plea agreement.

Assistant U.S. Attorneys have been instructed that these policies will be strictly enforced. By this letter, we wish to make sure there is no misunderstanding by the defendant, or defense counsel about the policies that will govern this office's prosecution of this case.

Very truly yours,

KAREN L. LOEFFLER
United States Attorney

DANIEL COOPER
Assistant U.S. Attorney

3

Case 3:13-cr-00008-SLG  Document 266-1  Filed 01/15/14  Page 3 of 4

```
02/20/2013 12:37 PM FAX    9072711500         CR DIVISION FAX                          P.0001
```

```
*************************************************
***              Send Results                 ***
*************************************************

               Sending is complete.

    Job No.                    0419
    Address                    96463480
    Name
    Start Time                 02/20 12:36 PM
    Call Length                00'38
    Sheets                     4
    Result                     OK
```



# Fax Transmission

**UNITED STATES DEPARTMENT OF JUSTICE**
**U. S. ATTORNEYS OFFICE, DISTRICT OF ALASKA**
FEDERAL BUILDING U.S. COURTHOUSE, 222 W. 7th AVE., RM. C-253
ANCHORAGE, ALASKA 99513-7567
(907) 271-5071 [MAIN]
Fax: (907) 271-3224

**Date:** February 20, 2013               **Pages: (including cover sheet)** 4

**To:** Rich Curtner / Sue Ellen Tatter    **From:** Daniel Cooper

**Fax #:** 907-646-3480                    **Recipient Phone #:** 907-646-3412

**Subject:** USA v. James Wells 3:12-cr-00008-RRB-JDR

**Comments:** Discovery Policy Letter attached.

Case 3:13-cr-00008-SLG   Document 266-1   Filed 01/15/14   Page 4 of 4