# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　　Defendants. | 3:13-cr-008-RRB-JDR<br><br>**ORDER<br>REGARDING<br>MOTION TO EXCLUDE<br>EVIDENCE OF PRIOR BAD<br>ACTS UNDER F.R.EVID. 404(B)<br>BASED ON VAGUENESS**<br><br>**DOCKET 211** |

　　　　Defendant **James Michael Wells**, moves to exclude evidence of prior bad acts under Federal Rule of Evidence 404(b) based on vagueness. Docket 211. The government filed an opposition to the motion at Docket 239. The defendant filed a reply at Docket 258. Wells argues that the evidence addressed in the

government's Notice of Intent to Introduce Intrinsic Evidence and Fed. R. Evid 404(B) filed at Docket 181 is impermissibly vague and the subject evidence is not relevant and could be misleading to the jury. The government's Notice lists six items under the topic "intrinsic evidence" that the government intends to introduce at trial. The Notice describes the six acts as defendant Wells' failure to obey orders from his Coast Guard Supervisor, Wells' alleged improper use of a government credit card to purchase gasoline, unauthorized taking of Coast Guard property for personal use, improperly removing trees from Coast Guard property to obtain firewood for personal use, cancellation of Wells' travel orders to a conference due to diminished professional performance, and otherwise diminished professional performance in the past.[1]

Evidence of prior bad acts may be admitted at trial if the evidence tends to prove a material point, the prior bad act is not too remote in time, the evidence is sufficient to support a finding that the defendant committed the overt act and where knowledge and intent are at issue, the act is similar to the offense charged. United States v. Castillo, 181 F.3d 1129, 1134 (9th Cir. 199).

The magistrate judge concludes that the admissibility of the government's evidence at issue is better determined at trial and thus by the trial judge. The court may conduct a hearing out of the jury's presence to determine whether the alleged acts are relevant, material or intrinsic and whether the acts

---

[1] The government's notice does not provide the date of the alleged acts.

should be excluded under Federal Rule of Evidence 403 as irrelevant or misleading to members of the jury. Accordingly, the magistrate judge declines to address these evidentiary issues prior to trial. The defendant's motion to exclude evidence at Docket 211 and related pleadings are hereby referred to the trial judge for a determination.

DATED this 17th day of January, 2014, at Anchorage, Alaska.

*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge