THE FEDERAL PUBLIC DEFENDER
for the DISTRICT OF ALASKA

Rich Curtner
Federal Defender

601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400 – Phone
(907) 646-3480 – Fax

November 21, 2013

Karen Loeffler, U.S. Attorney
Bryan D. Schroder, Assistant U.S. Attorney
Kathleen Duignan, Special Assistant U.S. Attorney
222 West 7th Avenue
Anchorage, Alaska 99513

Re:   *United States v. James Wells*
      Case No. 13-cr-00008-RRB-JDR

Dear Karen, Bryan and Kathleen:

We are working on proving our notice of defense experts. However, in order to do so we are requesting the following from these government experts:

### Bolden, Gary – Tire Expert

- All examination bench notes;
- Photo CD of examination (Bates 18050);
- A copy of the 360° X-ray (Bates 17954);
- Readouts from the static air retention study (Bates 17954)

### Fisher, Dr. Constance L - Mitochondrial DNA Unit

- All examination bench notes.

### Fletcher, Jeremy C - Nuclear DNA Unit

- All examination bench notes.

### Gifford, William - Crime Scene Expert

- Any and all field notes and examination bench notes;
- Copies of any and all photos taken at the scene on or about 1/2/2013, and at the evidence view on or about 2/26/13 by expert;
- Identification and copies (if not previously provided to the defense) of all documents, reports and photos relied upon for his expert report;
- Identification and copies of all recordings or transcripts relied upon for his expert report;
- Identification of all physical evidence viewed and relied upon for his expert report.

### Gilkerson, Eric - Questioned Documents Unit Tire Impression

- Copy of Photo CD of recorded images (Bates 17946);
- All examination bench notes.

### Graziano, Sara - Forensic Scientist III State of Alaska DNA

- All examination bench notes (Bates 17971).

### Meloy, Dr. J. Reid - Forensic Psychologist

- Grand Jury testimony relied upon in his case review and report (Bates 19720);
- Audio recordings and transcripts of interviews relied upon in his case review and report (Bates 19720);
- Identification of any and all books, treatises, reports, articles used in forming the basis of his expert testimony.

### Mills, Brett - ATF Firearms/Toolmarks Expert

- All examination bench notes;
- Any and all photo documentation of examination(s).

### Raymond, Jennifer Lynn - FBI Latent Print Examiner

- All examination bench notes.

### Schmidt, Neil - Tech Specialist Honda North America

- A copy of the Vehicle Identification Number Query of JHLRD18491C042288 (Bates 19294).

### Shem, Robert – State of Alaska Firearms Expert

- All examination bench notes;
- All examination photo documentation.

Karen Loeffler, U.S. Attorney
Bryan D. Schroder, Assistant U.S. Attorney
Kathleen Duignan, Special Assistant U.S. Attorney
November 21, 2013
Page 3

### Toglia Jr., Angelo - PE - Vehicle animation and comparison

- Copy of raw Total Station data collected from scene visit;
- Copies of any and all photo documentation taken during scene visit;
- Identification of CAD program used to render 3D images;
- Copies of all aerial photos used in creating 3D images (Bates 19303);
- Identification of the source for 3D model of the first generation Honda used in the 3D image (Bates 19304);
- Copies of all photo/computer images of other vehicles used in analysis (Bates 19306).

### Walker, Jessica - Trace Evidence Unit - Hair and Fibers

- All examination bench notes;
- All examination photo documentation.

Sincerely,

Rich Curtner
Federal Defender
Attorney for Defendant

RC/km

THE FEDERAL PUBLIC DEFENDER
for the DISTRICT OF ALASKA

Rich Curtner
Federal Defender

601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400 – Phone
(907) 646-3480 – Fax

December 12, 2013

Karen Loeffler, U.S. Attorney
Bryan D. Schroder, Assistant U.S. Attorney
Kathleen Duignan, Special Assistant U.S. Attorney
222 West 7th Avenue
Anchorage, Alaska 99513

Re:  *United States v. James Wells*
     Case No. 13-cr-00008-RRB-JDR

Dear Karen, Bryan and Kathleen:

I am preparing for trial so that we can go forward with trial as scheduled. As I prepare and review discovery, there is discovery that I need and that is material to preparing our defense.

The most urgent discovery we are requesting relates to the government experts. After receiving the government's experts' reports, the defense has retained experts to address those reports. Our experts' opinions are essential for litigating the *Daubert* motions that we have filed, and for our experts to prepare their reports.

This is the information our experts need in order to complete their reports.

I.   **Requests Related to Experts and *Daubert* Motions**

At this time, we have not received the discovery which we requested on November 21, 2013. The discovery requests related to the filed *Daubert* motions should take priority. Additionally, all requests for information in the filed *Daubert* motions are requested again at this time.

In addition to the general requests for discovery mentioned above, one of our experts has made a specific request for information, which we relayed to you on December 3, 2013. The request is as follows:

A. <u>Discovery Material to the Government's Expert's Reports from Gary Bolden and Robert Shem</u>.

The defense has retained Jaco Swanepoel as a defense expert. Mr. Swanepoel has requested the following evidence for his examination:

1. Item No. 1B7 – piece of metal
2. Item No. B9 – bullet fragment
3. Item No. 1B10 – trash can
4. Item No. 1B13 – bullet fragment
5. Item No. 1B34 – pieces of metal
6. Item Nos. 1B37 and 1B38 – bullets found under body in room 1
7. Item Nos. 1B166, 174-176, 199, 202 – projectiles from autopsy
8. Nail removed from Item No. 1B243

B. <u>Discovery Material to the Government's Expert Report From Toglia</u>.

The defense has retained Michael DiTallo as a defense expert. Mr. DiTallo has requested the following evidence for his examination (in reference to Toglia at Bates No. 19302):

1. Mr. Toglia refers to items a and b (below), which may have been previously discovered. If already discovered, please provide a list of exactly which bates stamped photographs Mr. Toglia relied on in his analysis.

    a. Early photos of the incident

    b. Aerial photos of the incident site taken after the incident

2. Items c - f below are requested from Toglia's site visit on February 12 and 13, 2013. We do not believe they have been discovered yet.

  c. All photographs, measurements, and video taken at the scene on February 12 and 13, 2013

  d. Electronic survey of the scene

  e. Exemplar vehicle surveys

  f. Details of the camera used for "calibrated photographs," including camera make, model, lenses, settings used for photographs, and copies of calibration data (if available).

3. The following items were not discovered and we need them in order to evaluate Mr. Toglia's work (in reference to Toglia's report at Bates Nos. 19302-19305):

  g. Copies of all news articles, publically available aerial photos, and various other documents used in Mr. Toglia's analysis.

  h. COMMSTA survey data of incident area

  i. Electronic copy of all CAD files that were generated and identifying the brand and name of CAD software used.

  j. Electronic copies of all wire frame models generated, and identifying the brand and name of the wireframe model software used.

  k. Electronic copies of all 3-D modeling – animation and rendering files and drafts, and identify the brand and name of 3-D animation and rendering software used.

  l. Electronic copies of all photogrammetry files, and identify brand and name of software used.

  m. Identify in legible writing all the "approximate parameters" that were determined and all the used data for those parameters, including but not limited to focal length.

  n. List of papers referred to and relied upon in this matter for "camera matching".

o. Electronic copy of final model used for the "look through" application, and identify the brand and name of software used.

p. Copies of all "selected" full frame images from T-1 video used.

q. Electronic file for all 3-D models of Honda CR-V, Dodge Durango, and Jeep Liberty used in analysis.

r. Electronic copies of all five analysis of superimposing.

s. Any and all final analysis electronic files (if they exist).

t. Brand and name of software used for the video file provided entitled "fly-in (h264)"

u. Same materials requested for second analysis done with video taken on April 19, 2012.

Mr. DiTallo has also requested the following evidence in order to complete his report:

C. <u>Discovery Material to the Government's Experts' Report from Richard Bruegge (in Reference to Bates No. 18031)</u>.

1. "Selected images were electronically processed"

   Please provide printed color 8 ½" by 11" images and electronic copies of all the original selected images in the format originally saved and/or exported. If these images are not .jpeg please also provide these images as electronic .jpeg files.

   If these images have also been saved with editing, please provide these images in the originally edited saved file format and as well as in .jpeg file format. Please label these edit images in a folder(s) that clearly denotes that they are the files that have been edited.

2. "An overlay of these images was then prepared"

   Please provide printed (color if in color) copies of the overlays in the same size used in the analysis. Please keep the overlays, If these overlays are matched to other materials, attach to the other materials

as analyzed. If these overlays are also saved electronically, please provide the electronic files in a commonly saved file format.

D. <u>Discovery Material to the Government's Experts' Report From Neil Schmidt (in Reference to Bates Nos. 19294-19299).</u>

1. "Body Specification Drawings" page 1

    Please provide a copy of the body specification drawings for the Honda CR-V years 1997-2001, 2002-2006 and 2007-2011.

2. Please provide a copy of FBI document 549

3. Please provide an electronic copy of the spreadsheet prepared by Schmidt. Please save as an excel file format.

## II. The Government's Investigation of Other Potential Suspects.

Our review of the discovery provided thus far indicates that there were a number of individuals that law enforcement would reasonably investigate as part of the overall investigation. We request all information relating to other suspects, because it may be exculpatory and/or material to our preparation for trial. In particular, we request information about any person or any lead that was investigated and eliminated as a suspect or explanation for the homicides, including:

1. Jason Barnum – Any and All Investigation into Barnum's Alibi for Date of Homicides, Including Any Investigation into Dylan Froehlich.

2. Any and All Investigation into Rumors of Dog Bite Being Reason for Homicides.

3. Any and All Investigation into Allegations of Extra Marital Affairs.

4. Any and All Investigation into Possible Financial or Drug Problems with Victims And/ or Their Family Members.

5. Any and All Investigation into DeCastro and His Story of Casey Bennick Sending Him Text Messages Trying to Sell Him a Handgun Around the Time of Homicides. Any Investigation into Casey Bennick and the Drug Users He Associated With.

    6.    Maisol Wildford – Any and All Investigation into His Claim That He Committed the Homicides.

## III. Miscellaneous Discovery Requests.

Our review of discovery provided thus far indicates that the following evidence would be material to our preparation for trial. We are, therefore, requesting the following:

1. The Exhibit 1, at page 7, attached to the government's pleading at Docket No. 153, indicates that Don Rudat prepared a drawing of what he observed at the crime scene on April 12, 2012. We request a copy of that drawing.

2. Our discovery indicates that the government took video footage of Nancy Wells' car being driven on April 19, 2012, at 3:20 p.m. We request the complete videos taken of Mrs. Wells' car on those dates.

3. Discovery at Bates No. 6001 indicates that surveillance of Mr. Wells' residence was conducted from 11555 Middle Bay Road. We request the photos or video of this surveillance.

4. Drawing at Bates No. 6018 indicates that surveillance of Mr. Wells' residence was conducted from 11530 Women's Bay Road. We request the photos or video of this surveillance.

5. Any other photographic and/or video surveillance conducted of Mr. Wells' person or residence.

6. Discovery at Bates Nos. 8730-8731 indicates that there were additional reports by FBI Analyst Russell A. Doran. We request those reports.

7. We have reviewed CGPD security logs provided in discovery. However, these logs begin at 9:30 a.m. on April 12, 2012. We request any logs for April 11, 2012, and on April 12, 2012, before 9:30 a.m.

8. Any written reports of CGPD Officers 245 and 251 who followed tracks "that leads off into the road into the woods." (*See* Bates No. 6153.)

Karen Loeffler, U.S. Attorney
Bryan D. Schroder, Assistant U.S. Attorney
Kathleen Duignan, Special Assistant U.S. Attorney
December 12, 2013
Page 7

     9.    Unredacted copies of parking lists (Bates Nos. 6176-6180).

    10.    We request the video tape from the security camera of the Coast Guard main gate in September 2011 (referenced in the government's 404(b) notice).

Please let me know if you have any questions about these requests.


Sincerely,


Rich Curtner
Federal Defender
Attorney for Defendant

RC/km

THE FEDERAL PUBLIC DEFENDER
for the DISTRICT OF ALASKA

Rich Curtner
Federal Defender

601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400 – Phone
(907) 646-3480 – Fax

January 22, 2014

Karen Loeffler, U.S. Attorney
Bryan D. Schroder, Assistant U.S. Attorney
Kathleen Duignan, Special Assistant U.S. Attorney
222 West 7th Avenue
Anchorage, Alaska 99513

Re:   *United States v. James Wells*
      Case No. 13-cr-00008-RRB-JDR

Dear Karen, Bryan and Kathleen:

In your letter dated January 13, 2014, regarding discovery production, you stated that the government has provided all the materials necessary for our expert to independently review Mr. Toglia's report. We understand that you cannot provide the "exemplar vehicle surveys" / vehicle specifications / vehicle wire frame diagrams because of possible copyright violations, and we are prepared to purchase these from a commercial provider.

However, our expert has advised us that he does not have the materials he needs to complete his independent analysis. Today he informed me that the following are essential to <u>start</u> his analysis:

1. Defined descriptions for total station survey data points (index for file abbreviations); (what do the abbreviations in column E stand for?).

2. Brand setting details of camera T1 and T2, including but not limited to frames per second.

Our expert has also advised us that he would need the following materials in order to complete his review of Mr. Toglia's report. With this information he can complete his analysis in approximately 80 hours. Without this information our expert would be required to travel to Kodiak for a site inspection and testing, which would take an additional estimated 80 hours to complete.

3. All Studio Max electronic files (Bates No. 19303);

4. All photgrammetry – Photomodler electronic files (Bates No. 19304);

5. SonyDSC-R1 lenses and setting used for photographs;

6. Identify all the "approximate parameters" that were determined and all the used data for those parameters including focal length (Bates No. 19304);

7. List of papers relied upon in this matter for "camera matching" (Bates No. 19304);

8. Final copy of fly-in video;

9. Body Specification Drawings (Schmidt Bates No. 19294);

10. Electronic copy of spreadsheet provided by Schmidt (Bates No. 19299).

Please let me know how we can expedite this process so that we can conduct an independent analysis without delaying our trial date.

Sincerely,

Rich Curtner
Federal Defender
Attorney for Defendant

RC/km