Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　　Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**MOTION FOR SECOND BAIL REVIEW HEARING** |

　　　　　The defendant, JAMES MICHAEL WELLS, through counsel, asks this court to schedule a bail review hearing in this matter.  This will be the second request by Mr. Wells to review his detention order.

　　　　　Mr. Wells is specifically requesting a bail review hearing the week of February 3, 2014.  Counsel for Mr. Wells will be out of the district from January 28 through January 31, 2014.

I.      INTRODUCTION

Mr. Wells' first bail review hearing was on May 20, 2013 (Docket No. 81). The Pretrial Services' report from that hearing recognized that Mr. Wells is 62 years old, having spent eight years service in the United States Navy and 12 years in the United States Coast Guard. After retiring from military service, Mr. Wells was employed as a civilian by the United States Coast Guard in Kodiak for 22 years.

Mr. Wells has no prior criminal history. He has been married to Nancy Wells for 42 years. They have raised three grown children: one son is a police officer in Portland, Oregon; a daughter is an insurance agent in Beaverton, Oregon; and the oldest son is a pilot in Gustavus, Alaska.

In the Pretrial Service's report, the assessment of nonappearance read as follows:

> The defendant is a long-time resident of Kodiak, Alaska, with a house and a wife in that community and has no criminal history. The defendant also has known about being the subject of the investigation in this matter and has remained in Kodiak. Based on those factors, the defendant does not appear to present a serious risk of nonappearance; however, now that charges have been brought, the defendant's evaluation of the situation has certainly changed and he does have a number of family ties outside the District of Alaska and therefore he may now present a risk of nonappearance.

Mr. Wells was assessed in the Pretrial Services' report as a serious danger to the community based solely on the nature of the charges filed against him.

Mr. Wells is now requesting an "air-tight" release plan for a limited duration that would allow him to adequately participate in his defense. The circumstances have

changed so that the release of Mr. Wells under the strict conditions proposed would not present a risk of nonappearance or danger to the community.

## II. CHANGED CIRCUMSTANCES

### A. This Is No Longer a Capital Case

When Mr. Wells was first requesting a bail release he was facing a possible death penalty. The government is not seeking the death penalty in this case. The fact that this is no longer a capital case significantly changes the nature of the offense, which was a factor in denial of bail.

### B. This Proposed Release Is of Short Duration With Strict Conditions.

When this Court denied bail in May of 2013, the trial date was scheduled nine months in the future, with the real possibility that the trial would be significantly delayed if it remained a capital case. Mr. Wells' release proposal in 2013 anticipated his return to his home in Kodiak pending trial.

Mr. Wells is now only requesting a release for the trial itself, and a short period before trial in order to assist in his defense. Under this proposal for trial, Mr. Wells will be required to be in only three locations: the federal courthouse, the office of the Federal Defender, and a residence in which he would have to be on electronic monitoring and in the sight and sound custody of a third-party custodian. Any time Mr. Wells transfers from one location to another, he will be accompanied by staff of the Federal Defender office.

C.  Mr. Wells' Release Is the Only Way He Can Review Discovery, Consult with Counsel and Adequately Participate in His Defense.

While in custody, the Federal Defender has been able to arrange for Mr. Wells to review discovery in the law library of the Anchorage Jail one day a week. That process was difficult to arrange because of the great demand by jail inmates to use the very limited resources of the law library.

In the last month, the defense has received over 350 audio recordings in discovery. Mr. Wells is only allowed to have access to these recordings in the law library one day a week. It would be impossible for Mr. Wells to listen to all of these recordings on that basis from now until the scheduled trial date. These audio recordings are in addition to 24,050 pages of discovery.

The only way possible for Mr. Wells to review the discovery provided between December 24, 2013, and January 23, 2014, would be if he could be released and have access to discovery 24 hours a day.

### III.  MR. WELLS' PROPOSED RELEASE PLAN

Mr. Wells is proposing that the court consider his release on the following conditions:

- That Mr. Wells be limited to three locations in Anchorage: the federal building, the office of the Federal Defender, and a residence that he would lease upon approval of Pretrial Services;

- That Mr. Wells will always be accompanied by a staff member of the Federal Defender office whenever he travels from one location to another. Pretrial Services can be notified of any travel from one location to another in advance;

- That Mr. Wells obtain and pay for electronic or GPS monitoring that will disclose his location 24 hours a day;

- That Mr. Wells be in the sight and sound custody of a court-approved third-party custodian during the entire time of his release

- In addition, Mr. Wells is prepared to post a property bond in the amount of $200,000 secured by the equity in his home.

## IV. CONCLUSION

The above bail proposal is "air-tight" and would adequately address any possible risk of nonappearance and danger to the community. It is also the only way Mr. Wells can possibly review the volume of discovery provided in the last month so that he can meaningfully participate in his defense and consult with counsel.

DATED this 27th day of January 2014.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:    907-646-3400
Fax:      907-646-3480
E-Mail:   rich_curtner@fd.org

Certification:
I certify that on January 27, 2014, a copy of the **Motion for Second Bail Review Hearing** was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/Rich Curtner