Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. 3:13-cr-00008-RRB-JDR |
|---|---|
| Plaintiff, | |
| vs. | **MOTION ON SHORTENED TIME FOR AN ORDER DIRECTING THE GOVERNMENT TO PROVIDE ADDITIONAL DISCOVERY TO JAMES WELLS** |
| JAMES MICHAEL WELLS, | |
| Defendant. | |

### I. MOTION FOR DISCOVERY

James Wells respectfully moves this Court for an order directing the government to disclose additional discovery materials as outlined below and as previously requested in correspondence with the United States Attorney's Office.  (*See* Exhibit A.)

This motion is based on Mr. Wells' Federal Constitutional rights to:  (1) due process of law and a fair trial proceeding by an impartial jury, protected by the Fifth and Sixth Amendments to the United States Constitution; (2) the effective assistance of counsel in his defense, protected by the Sixth Amendment to the United States Constitution; and (3) confront and cross-examine the witnesses against him and to compulsory process of law, protected by the Sixth Amendment to the United States Constitution.   This motion is also based on the Federal Rules of Criminal Procedure and the Federal Rules of Evidence,

including, but not limited to Fed.R.Crim.P. 12, 16 and 26.2; Fed.R.Evid. 404(b); *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; and all other applicable rules, statutes, and case law.

Finally, this motion is based on the authorities set forth in the following memorandum, as well as any argument or authorities offered at the hearing on this motion.

## II. INTRODUCTION REGARDING BOTH GENERAL AND SPECIFIC DISCOVERY REQUESTS

This Court is uniquely situated to ensure the fairness of the proceeding against Mr. Wells through exercising its authority to direct discovery in a manner that ensures that his defense team can conduct adequate investigation and preparation for trial. The government has refused to disclose the following information related to its proposed expert, Mr. Toglia:

1. All Studio Max electronic files (Bates No. 19303);
2. All photogrammetry – Photomodler electronic files (Bates No. 19304);
3. SonyDSC-R1 lenses and setting used for photographs;
4. Identify all the "approximate parameters" that were determined and all the used data for those parameters including focal length (Bates No. 19304);
5. List of papers relied upon in this matter for "camera matching" (Bates No. 19304);
6. Final copy of fly-in video.

This information is critical to Mr. Wells' defense. Mr. DiTallo will be providing expertise for the defense on photogrammetry and Mr. Toglia's computer modeling. Mr. DiTallo has advised the defense team that if he had this information he could complete his

analysis of the issues related to Mr. Toglia's testimony and video modeling in approximately 80 hours. Without this information Mr. DiTallo would be required to travel to Kodiak for a site inspection and testing, which would take an estimated 120 hours to complete. Mr. DiTallo would also need access to the COMMSTA cameras and facilities.

Trial courts have inherent authority to order discovery as necessary for the orderly administration of justice. Fed.R.Crim.P. 16 (d)(1) provides the Court the authority to regulate discovery. "It is the judge, not counsel, who has the ultimate responsibility for the conduct of a fair and lawful trial." *Lakeside v. Oregon*, 435 U.S. 333, 341-42 (1978); *see United States v. Karake*, 370 F.Supp.2d 275, 281 (D.D.C. 2005) (district courts have inherent authority to order discovery outside the rules).

Counsel for Mr. Wells urges the court to order production of this discovery immediately in order to allow Mr. Wells' expert to complete his analysis pretrial.

**III. GENERAL DISCOVERY REQUESTS PURSUANT TO FED.R.CRIM.P. 16**

As mentioned in our earlier filings, Fed.R.Crim.P. 16(a)(1)(E) (formally Rule 16(a)(1)(C)) covers evidence that is "material 'to *the preparation of* the defendant's defense'." *United States v. Marshall,* 132 F.3d 63, 67 (emphasis in original). Fed.R.Crim.P. 16 is intended to provide a criminal defendant "the widest possible opportunity to inspect and receive such materials in the possession of the Government as may aid him in presenting his side of the case." *United States v. Poindexter,* 727 F.Supp. 1470, 1473 (D.D.C.1989).

As Chief Judge Kozinski reiterated the government's obligations under Fed.R.Crim.P. 16(a)(1)(E)(i):

> The relevant subsection of Rule 16 is written in categorical terms: Upon defendant's request, the government must disclose any documents or other objects within its possession, custody or control that are "material to preparing the defense." Fed.R.Crim.P. 16(a)(1)(E)(i). Unlike the preceding and subsequent subsections, which both require that "the government knows – or through due diligence could know – that the" item exists, *see* Fed.R.Crim.P. 16(a)(1)(D), (F), subsection (E), is unconditional. Lack of knowledge or even a showing of due diligence won't excuse non-compliance.
>
> It thus behooves the government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case. *See United States v. Leal-Del Carmen,* 697 F.3d 964, 969 n.4 (9th Cir. 2012); *see also* Editorial, *Beyond the Brady Rule,* N.Y. Times, May 19, 2013, at SR10.

*United States v. Hernandez-Mesa*, 720 F.3d 760, 768-69 (9th Cir. 2013).

## IV. EXCULPATORY EVIDENCE PURSUANT TO *BRADY, GIGLIO*, AND *KYLES*

Mr. Wells also reiterates his requests for *Brady*, *Giglio*, and *Kyles* information out of an abundance of caution since it appears the government is interpreting their disclosure requirement too narrowly.

### A. Exculpatory Evidence/*Brady* Material

The Fifth and Fourteenth Amendments require the government to disclose evidence favorable to the accused when such evidence is favorable as to the guilt or punishment of the accused. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "In order to comply with *Brady, . . .* 'the individual prosecutor has duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Strickler*, 527 U.S. at 281 (*quoting Kyles v. Whitley,* 514 U.S. 419, 433 (1995).

Defendant asks that the Court direct the government to disclose all information, facts, documents, statements, agents' reports, and tangible evidence in any way favorable to defendant on the issue of guilt or punishment or which might affect the credibility of the government's theory of the case. *See Brady v. Maryland*, 373 U.S. 83 (1963).

Under *Brady,* prosecutors have an affirmative duty to search possible sources of exculpatory information, including a duty to learn of favorable evidence known to others acting on the prosecution's behalf, including the police, *Kyles v. Whitley,* 514 U.S. 419, 437, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995), and to cause files to be searched that are not only maintained by the prosecutor's or investigative agency's office, but also by other branches of government "closely aligned with the prosecution." *United States v. Safavian*, 233 F.R.D. 12, 15-17 (D.D.C. 2005) (internal citations omitted).

### B. Disclosure of Exculpatory and Impeachment Information Beyond That Which Is Constitutionally and Legally Required

Department of Justice policy recognizes that a fair trial will often include examination of relevant exculpatory or impeachment information that is significantly probative of the issues before the Court but that may not, on its own, result in an acquittal. As a result, this policy requires disclosure by prosecutors of information beyond that which is "material" to guilt as articulated in *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999). United States Attorneys' Manual, Ch. 9-5.001 Policy Regarding Disclosure of Exculpatory and Impeachment Information (C) (updated Oct. 2008) (emphasis supplied), *available at* http://www.justice.gov/usao/eousa/foia_reading_room/usam/title9/5mcrm.htm.

> ***Under this policy, the government's disclosure will exceed its constitutional obligations.*** Thus, this policy encourages prosecutors to err on the side of disclosure in close questions of materiality and identifies standards that favor greater disclosure in advance of trial through the production of exculpatory information that is inconsistent with any element of any charged crime and impeachment information that casts a substantial doubt upon either the accuracy of any evidence the government intends to rely on to prove an element of any charged crime or that might have a significant bearing on the admissibility of prosecution evidence . . . Where it is unclear whether evidence or information should be disclosed, prosecutors are encouraged to reveal such information to defendants or to the court for inspection *in camera* and, where applicable, seek a protective order from the Court. By doing so, prosecutors will ensure confidence in fair trials and verdicts.

United States Attorneys' Manual, Ch. 9-5.001 Policy Regarding Disclosure of Exculpatory and Impeachment Information (F) (updated Oct. 2008) (emphasis supplied), *available at* http://www.justice.gov/usao/eousa/foia_reading_room/usam/title9/5mcrm.htm.

The DOJ guidelines also broaden the scope of what federal prosecutors should disclose to the defense.

**1. Additional exculpatory information that must be disclosed.** A prosecutor must disclose information that is inconsistent with any element of any crime charged against the defendant or that establishes a recognized affirmative defense, regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime.

**2. Additional impeachment information that must be disclosed.** A prosecutor must disclose information that either casts a substantial doubt upon the accuracy of any evidence—including but not limited to witness testimony—the prosecutor intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of prosecution evidence. This information must be disclosed regardless of whether it is likely to make the difference between conviction and acquittal of the defendant for a charged crime.

**3. Information.** Unlike the requirements of *Brady* and its progeny, which focus on evidence, the disclosure requirement of this section applies to information regardless of whether the information subject to disclosure would itself constitute admissible evidence.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                                   Page 6

Case 3:13-cr-00008-SLG   Document 284   Filed 01/27/14   Page 6 of 8

> **4. Cumulative impact of items of information.** While items of information viewed in isolation may not reasonably be seen as meeting the standards outlined in paragraphs 1 and 2 above, several items together can have such an effect. If this is the case, all such items must be disclosed.

United States Attorneys' Manual, Ch. 9-5.001 Policy Regarding Disclosure of Exculpatory and Impeachment Information (C) (updated October 2008), *available at* http://www.justice.gov/usao/eousa/foia_reading_room/usam/title9/5mcrm.htm.

## V. CONCLUSION

In conclusion, Mr. Wells respectfully asks the court to compel immediate disclosure of the aforementioned items related to Mr. Toglia and any exculpatory information.

This motion is being filed on shortened time because Mr. Wells needs to complete his examination of this material immediately for trial, unless the court excludes Mr. Toglia's testimony.

DATED this 27th day of January 2014.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:    907-646-3400
Fax:       907-646-3480
E-Mail:    rich_curtner@fd.org

Certification:
I certify that on January 27, 2014,
a copy of the **Motion on Shortened Time
for an Order Directing the Government to
Provide Additional Discovery to James Wells**,
was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/ Rich Curtner