KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **MOTION FOR ORDER REGARDING DEFENSE EXPERT KAY SWEENEY** |
| vs. | ) | |
| JAMES MICHAEL WELLS, | ) | |
| Defendant. | ) | |

COMES NOW the United States, by and through undersigned counsel, and hereby files its Motion for Order Regarding Defense Expert Kay Sweeney and in support thereof states as follows:

Recently, the defense identified several expert witnesses it may call at trial. Docket 237. Among the experts listed was Kay Sweeney, a self-styled "Criminalist" based in the Seattle, Washington area. Docket 237-7. As discussed below, a brief review of prior cases involving Mr. Sweeney has caused the government to have grave concerns over the opinions he may give and his potential handling of evidence in this case. As a result, the government requests that this Court 1) order that ballistics evidence recently provided to defense expert Jaco Swanepoel be returned directly to the FBI after completion of Mr. Swanepoel's testing, and that none of the evidence be sent to Mr. Sweeney; and 2) order the defense to immediately, by close of business Friday, February 7, 2014, provide a summary of the areas in which Mr. Sweeney is expected to testify, his opinions, the bases, and reasons for those opinions as required by Fed. R. Crim. P. 16(b)(1)(C).

*Defense Expert Reports*

Federal Rule of Criminal Procedure (FRCrP) 16(b)(1)(C) provides that the:

> defendant must, as the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial if—
>
> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
>
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony of the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The summary must provide specific opinions and specific bases for those opinions – a general summary is insufficient. *See United States v. Lieng*, 21012 WL 1481518, *3 (E.D. Cal. 2012) ("I anticipate [expert] will testify to his opinion based on the documents he has reviewed" insufficient); *United States v. Birdsbill*, 243 F.Supp.2d 1128, 1130-31 (D. Mont. 2003 )(summary which merely stated expert performed test

*United States. v. Wells*
3:13-cr-00008-RRB-JDR             Page 3 of 10

and defendant "displayed normal sexual interest patterns and showed no abnormal sexual interest in young boys" insufficient). Failure to provide the summary can result in exclusion of the expert. *United States v. Steele*, 2011 WL 1078369, *2 (D. Idaho 2011).

Here, the defense has provided no summaries or reports from Mr. Sweeney. There has been ample time for Mr. Sweeney to review the provided discovery and formulate an opinion. His testimony should be excluded if summaries of those opinions are not immediately provided to the government.

***Concerns Regarding Mr. Sweeney***

Having received poor performance reviews during his stint at the Washington State Police Crime Lab in Seattle (*see State v. Bye*, 2007 WL 572435, *6 (Wash. App. Div. 1 2007) (affirming State's impeachment of Sweeney with reviews)), Mr. Sweeney has apparently become a Jack-of-All-Trades defense expert, offering opinions on a wide variety of subjects. *See In re Copeland*, 309 P.3d 626, 635 (Wash. App. Div. 3 2013) (blood splatter patterns & microscopic examination of

clothing for blood and gun residue); *State v. Hassen*, 2010 WL 4409691, *3 (Wash. App. Div. 1 2010) (latent fingerprints; damage to vehicles caused by 12 gauge shotgun; nighttime perception of color); *State v. Shackelford*, 247 P.3d 582, 611 (Idaho 2010) (ballistics); *State v. Jackson*, 221 P.3d 1213, 1223 (Mont. 2009) (DNA evidence); *State v. Hamilton*, 2007 WL 512544, *3 (Wash. App. Div. 1 2007) (bedroom window broken from inside rather than outside); *State v. Eggleston*, 118 P.3d 959, 962 (Wash. App. Div. 2 2005) (crime scene reconstruction – location of shooter & who fired first shot; crime scene contamination – effect of removal of bloodstained sheetrock); *State v. Sipin*, 106 P.3d 277, 283 (Wash. App. Div. 1 2005) (reconstruction of driver and passenger movements during vehicle crash); *State v. Karawi*, 2003 WL 1748440, *3 (Wash. App. Div. 1 2003) (number of shots fired from gun); *State v. Miller*, 2002 WL 31854841, *3 (Wash. App. Div. 2 2002) (height of two men on videotape); *In re Stinson*, 16 P.3d 1, 24 (Wash. 2001) (need for microscopic examination of blood on clothes).

After leaving the Washington State Police Crime Lab in Seattle, Mr. Sweeney has continued to have professional difficulties. According to the Snohomish County, Washington Prosecuting Attorney's Office, Mr. Sweeney has found himself at the center of a large number of complaints including: failing to return State's evidence; disobeying court orders; damaging or destroying evidence; altering evidence; and failing to supply reports. *See* State's Motion for Order Protecting Evidence During Defense Testing, *State v. Walker*, Snohomish County Superior Court Case No. 13-1-01557-3 and exhibits, attached as Exhibit A. As a result, state prosecutors have requested that Washington courts impose strict limits on the amount of evidence Mr. Sweeney can possess at any one time, how he handles the evidence and the length of time he can possess it and Washington courts have repeatedly done so.[1] *Id.*

---

[1] This is just some of the information collected in two days. The government expects to receive a wealth of further information concerning unprofessional conduct by Mr. Sweeney.

The government here acknowledges that, subject to *Daubert,* the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, the defense may retain and call any expert – even a bad one. Moreover, the government is committed to a fair trial and has no intention of filing frivolous *Daubert* motions as to defense experts who are clearly qualified to render opinions, even if the government disagrees with them. However, the government retains the right to 1) have a detailed summary of the expert's opinions and 2) ensure that any evidence provided to the expert is not lost, destroyed, or damaged. FRCrP 12.1; *United States v. Kenney*, 550 F.Supp.2d 118, 123 (D. Me. 2008) (return of blood for re-test).

Currently, the defense has in its possession the following items which the government may seek to introduce into evidence:

> Piece of metal, designated 1B7
> Bullet fragment, designated 1B9
> Trash can, designated 1B10
> Bullet fragment, designated 1B13
> Pieces of metal, designated 1B34
> Bullets found under the body of Richard Belisle, designated: 1B37

> 1B38
> Projectiles removed at autopsy of Richard Belisle and James Hopkins, designated:
> 1B166
> 1B174
> 1B175
> 1B199
> 1B202

There is one additional piece of evidence that the government has agreed to provide, a nail, removed from item 1B243, a tire. The nail, now identified separately as 1B469, is being returned to Anchorage from the FBI Laboratory in Quantico, Virginia. This evidence was provided to defense expert Jaco Swanepoel, a ballistics/toolmark expert, pursuant to a stipulation, attached as exhibit B. Under the terms of that stipulation, the evidence was sent to Mr. Swanepoel, and is to be returned directly from Mr. Swanepoel to the FBI once his testing and examination are completed. There has been no direct indication from the defendant that he intends to divert the evidence from Mr. Swanepoel to Mr. Sweeney, but that is the essence of the government's concern.

Given the above concerns regarding Mr. Sweeney, the government believes that this Court should order the defense to: 1) return the evidence cited above directly to the FBI after Mr. Swanepoel's testing, and clearly state that the evidence is not to be sent to Mr. Sweeney, and 2) immediately produce a detailed summary of Mr. Sweeney's anticipated testimony, including detailed bases for his opinions. If the defense has or anticipates giving Mr. Sweeney physical evidence, the government will review that request and either seek a court-ordered denial of the request, or ask for a set of very strict conditions.

Finally, based on the information received to date, the government believes that it is very likely the government will need to challenge Mr. Sweeney's qualifications to issue whatever opinion he comes up with in this case, and will do so pre-trial. For this reason also, the court should order the defendant to produce Mr. Sweeney's report forthwith and at least by Friday, February 7, 2014.

//

//

*United States. v. Wells*
3:13-cr-00008-RRB-JDR              Page 9 of 10

RESPECTFULLY SUBMITTED on January 31, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR  Page 10 of 10