KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>JAMES MICHAEL WELLS,<br><br>    Defendant. | No. 3:13-cr-00008-RRB-JDR<br><br>**STIPULATION BETWEEN THE PARTIES ON CONDITIONS TO MAKE EVIDENCE AVAILABLE FOR EXAMINATION** |

Defendant James Michael Wells has been charged with Murder in

the First Degree, in violation of 18 U.S.C. §§ 7(3) and 1111(a) and (b),

Murder of an Officer or Employee of the United States, in violation of 18 U.S.C. §§ 1114 and 1111, and Possession and Use of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and (j). Trial is scheduled for February 24, 2014.

Defendant Wells has requested independent examination of evidence obtained by the United States, based on collections at the crime scene, and pursuant to search warrant 3:12-mj-00168. The items requested by the defendant were previously examined by Brett Mills of the FBI Laboratory, and with the exception of nail removed from item 1B243, the remaining items were examined by Robert Shem of the Alaska Scientific Crime Detection Laboratory. The reports of Mr. Mills and Mr. Shem were previously provided to the defendant.

The parties, the United States by undersigned counsel, and Defendant James Wells, individually and by his attorney, F. Richard Curtner, hereby agree and stipulate to all of the following conditions:

1. The FBI shall temporarily transfer the following requested items of evidence:

- Piece of metal, designated 1B7
- Bullet fragment, designated 1B9
- Trash can, designated 1B10
- Bullet fragment, designated 1B13
- Pieces of metal, designated 1B34
- Bullets found under the body of Richard Belisle, designated:
  - 1B37
  - 1B38
- Projectiles removed at autopsy of Richard Belisle and James Hopkins, designated:
  - 1B166
  - 1B174
  - 1B175
  - 1B199
  - 1B202
- Nail, removed from 1B243. Now identified separately as 1B469.

2. The FBI shall transmit the evidence package by Federal Express. The packaging inside the Federal Express package will use tamper-evident tape and a sign on the packaging reading "FORENSIC EVIDENCE - PLEASE DO NOT OPEN OR TAMPER."

3. The evidence shall be shipped to:

Jaco M. Swanepoel
Forensic Analytical Sciences, Inc.
3777 Depot Road, Suite 403
Hayward, California 94545

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                Page 3 of 6

4. Upon receipt of the of the integrity-sealed evidence, Mr. Swanepoel shall provide written email notification to the government at [bryan.schroder@usdoj.gov](mailto:bryan.schroder@usdoj.gov), and the defense at [Rich_Curtner@fd.org](mailto:Rich_Curtner@fd.org) that evidence was received, and shall indicate whether the integrity seal arrived unbroken.

5. During the examination of the transmitted evidence, the expert at Forensic Analytical Sciences, Inc. shall not conduct any destructive testing.

6. At the conclusion of the testing, the expert at Forensic Analytical Sciences, Inc. shall return all of the items of evidence to the FBI in Anchorage, Alaska, with delivery to the FBI Evidence Custodian at 101 East 6th Avenue, Anchorage, AK 99501.

7. Mr. Swanepoel shall transmit the evidence package using Federal Express. The evidence shall be packaged with an unbroken integrity seal, i.e., tamper-evident tape, with a sign on the package reading: "FORENSIC EVIDENCE - PLEASE DO NOT OPEN OR TAMPER."

8. Upon receipt of the integrity-sealed evidence, the FBI shall provide written email notification to the government at bryan.schroder@usdoj.gov, and the defense at Rich_Curtner@fd.org. The email notification must indicate that the evidence was received, and whether the integrity tape remained unbroken.

9. At any subsequent proceeding in this matter, the defendant shall be precluded from raising any objection or claim that there was a break in the chain of custody of the above-listed items during the transfer of the evidence to and from the expert at Forensic Analytical Sciences, Inc.

The United States shall retain all rights to challenge the credentials, accreditation, and procedures of Forensic Analytical Sciences, Inc., and any of its employees involved with the transferred evidence and its testing.

IT IS SO STIPULATED AND AGREED UPON BY THOSE SIGNING BELOW.

Dated: _____     _____
                              KAREN L. LOEFFLER
                              United States Attorney

Dated: _____     _____
                              BRYAN SCHRODER
                              Assistant U.S. Attorney

Dated: _____     _____
                              KATHLEEN A. DUIGNAN
                              Special Assistant U.S. Attorney

Dated: _____     _____
                              RICH CURTNER
                              Attorney for James Wells

Dated: _____     _____
                              JAMES WELLS
                              Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2014,
a copy of the foregoing was served via the
CM/ECF system, on all counsel of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR          Page 6 of 6