KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | No. 3:13-cr-00008-RRB-JDR |
| Plaintiff, | ) ) ) | **MOTION *IN LIMINE* REGARDING DEFENSE** |
| vs. | ) ) ) | **EXPERT DANIEL REISBERG** |
| JAMES MICHAEL WELLS, | ) ) ) | |
| Defendant. | ) ) | |

COMES NOW the United States of America and files its Motion to Exclude Testimony of Defense Expert, Daniel Reisberg, and in support thereof states as follows.

On January 24, 2014, defendant filed Notice that it may call Professor Daniel Reisberg, a professor of psychology at Reed College in Portland, Oregon.  Doc. 278.  Defendant's Notice states that Reisberg will testify concerning the "increased risk of error if a forensic analysis is conducted by someone who knows what outcome is expected by the party that has retained the relevant expert" and "how someone's perception of low-quality visual inputs can be altered (and in some cases, distorted) by the person's expectations or knowledge about what the inputs are 'supposed to' show."  Doc. 278, p. 2.

Reisberg has recently written a report summarizing his findings, which was just provided to the government yesterday, February 10, 2014.  Ex. A.  In his report, Reisberg attacks the credibility of analyses made by two government experts, Neil Schmidt and Angelo Toglia, who will testify concerning what they can discern about the vehicles seen in

video obtained by the government. Schmidt will testify based on his analysis of various characteristics that can be seen of the vehicle in the video images. Toglia will testify on comparison of the vehicle in the video images with known vehicles.

Reisberg comes to two conclusions: 1) "that there is a substantial risk that [Schmidt and Toglia's] evaluations have been compromised by confirmation bias, and at this point, I believe, demands (*sic*) caution in interpreting their evidence, and plausibly suggests that the finders of fact should eventually give less weight to their evidence"; and 2) if the judge and jurors are first shown a digitally enhanced video of the vehicles at issue then the raw video, the jurors "will not be able to set aside the ideas gained from the enhanced video, and . . . this will undermine the juror's ability to see what is actually in the raw video" and the judge will "over-estimate the clarity" of the raw video and his decisions will be guided by that misperception. Ex. A, p. 9-11,15. As discussed below, Reisberg's testimony is so logically and legally flawed

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 3 of 19

it should be excluded completely.[1]  Moreover, Reisberg has no

qualifications to testify to his latest theory of why competent,

admissible evidence should not be relied on to prove guilt.

Based upon a review of his report, it appears that Reisberg will

take the stand, be sworn and testify that, because Schmidt and Toglia

were retained to assist the government and because they met several

times with government representatives familiar with the facts of the

case, their analyses and conclusions are inherently suspect because

they knew what conclusion was expected of them and slanted their

conclusions to meet those expectations.  Ex. A, p. 7, 8.  If Reisberg then

pauses, even for a moment, to consider the implications of that opinion,

he will immediately realize that, having been retained by the defense

---

[1] The video images reviewed by the experts will be introduced by the
government at trial and are not enhanced.  The equality of the video
could not be improved.  The government's experts viewed and analyzed
the "raw" video, which is what the court and jury will see.

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                    Page 4 of 19

and having consulted with defense representatives familiar with the case, he has impeached himself – hoist with his own petard.[2]

A review of Reisberg's CV indicates that Reisberg has no expertise in workplace violence, crime scene analysis, tire characteristics, film and video analysis, identification of a particular vehicle make and model or any other area of specialty similar to that of experts retained by the government.  Doc. 278, Ex. A.[3]

---

[2] An example of Reisberg's own "confirmation bias" can be found in his report where he asserts that some government witnesses believed that it was not possible to determine the make of the car in the video.  Ex. A, p. 7.  Reisberg conveniently omits later statements of those same witnesses which recommend retaining persons with more expertise (like Schmidt and Toglia) to evaluate the video.

[3] Reisberg has testified regarding suggestibility of photo displays to lay witnesses and the need to have access to mental records to determine a witness' susceptibility to suggestion.  *United States v. Beck*, 418 F.3d 1008 (9th Cir. 2005); *Dispennett v. Cook*, 2004 WL 1900426 (D. Or. 2004); *United States v. Bruce*, 1992 WL 176159 (D. Or. 1992); *State v. Lawson*, 244 P.3d 860 (Or. App. 2010).  In a state photo display case, Reisberg's testimony was limited to proper techniques for conducting a non-suggestive interview or photo spread – he was not permitted to opine on the accuracy of a witness' identification.  *State v. Almaraz*, 301 P.3d 242, 257-59 (Idaho 2013).

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 5 of 19

Federal Rule of Evidence 702 permits qualified experts to opine on specialized knowledge that will assist the trier of fact in determining a fact in issue. Ultimately, however, that specialized knowledge must also be reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993); *Daubert v. Merrell Dow Pharmaceuticals, Inc.* ( "*Daubert II*" ), 43 F.3d 1311, 1315 (9th Cir. 1995). A witness must be "qualified as an expert by knowledge, skill, experience, training, or education" and may testify "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 141, 148–49 (1999).

In addition to the logical flaw in his testimony described above, Reisberg should not be permitted to testify, in that: 1) his testimony usurps the role of the Court; 2) his testimony will not assist the trier of fact; 3) he is not qualified to opine in the areas at issue in this case; and 4) his opinions are not reliable.

*United States. v. Wells*
3:13-cr-00008-RRB-JDR          Page 6 of 19

### *Usurps the Role of the Court*

"[T]he order of proof is within the discretion of the trial judge." *United States v. Testa*, 548 F.2d 847, 854 (9th Cir. 1977). It is the trial court's duty to exclude unfairly prejudicial expert testimony. *Liberty Life Ins. Co. v.* Myers, 2013 WL 524587, * 4 (D. Ariz. 2013). The defense, however, seeks to insert Reisberg between the Court and the jury by having him tell the jury that the sequence in which it heard evidence may undermine its ability to determine the truth. Ex. A, p. 15.

Reisberg's testimony will "inform" the jury that evidence admitted in the government's case in chief – evidence which will have already been determined by this Court *not* to be unfairly prejudicial – is, in his opinion, unfairly prejudicial because of the sequence in which it was admitted. Expert testimony may not be used to undermine prior rulings of the trial court. *United States v. Kahre*, 737 F.3d 554, 576 (9th Cir. 2013) (trial court "properly excluded . . . proffered expert testimony, that conflicted with its correct legal ruling that coins were assessed at

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 7 of 19

fair market value for tax purposes").  Reisberg cannot be permitted to tell the jury that the Court has impeded its ability to decide the case.

In addition, Reisberg ignores the fact that jurors will be instructed not to allow personal opinions and biases to affect their decisions (Ninth Circuit Pattern Criminal Jury Instructions 1.1 & 3.1), and that "juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993); *United States v. Maloney*, 699 F.3d 1130, 1137 (9th Cir. 2012) (affirming denial of defense motion to excuse juror after juror "indicated bias in favor of law enforcement [but] definitively and unequivocally stated that he could set aside any partiality to law enforcement").  The order of proof in this case should dictated by the applicable law and the discretion of this Court, not a witness for the defense.[4]

_____

[4] Taking his opinion to its logical conclusion, Reisberg would also find the whole notion of the prosecution presenting its case first to be "highly problematic."  Ex. A, p. 11.  According to Reisberg, once the jury knows "what [it is] 'supposed to' see, and, once [it has] perceived a pattern in one fashion, it is very difficult to 'un-see' that pattern and go back to being an objective viewer."  *Id.*

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 8 of 19

### *Credibility Testimony Does Not Assist the Trier of Fact*

Courts have consistently held that expert testimony may not be used to attack the credibility of witnesses. *See e.g., United States v. Filler*, 210 F.3d 386, *1 (9th Cir. 2000) ("[E]xperts may not opine on credibility. Credibility is an issue for the jury."); *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985) (expert testimony that victims could distinguish truth from falsehood impermissible); *United States v. Barnard*, 490 F.2d 907, 912–13 (9th Cir. 1973) (expert testimony regarding credibility "may cause juries to surrender their own common sense " or "may produce a trial within a trial on what is a collateral [ ] matter."); *United States v. Rohrer*, 708 F.2d 429, 434 (9th Cir. 1983) (effects of drug use on recollection).

Testimony similar to that proposed by Reisberg has been declared inadmissible by the Ninth Circuit. *United States v. Poole*, 794 F.2d 462, 468 (9th Cir. 1986) (testimony that perceptions may be distorted by "mental organization...motivation to observe...and the witnesses' desire for conformity" properly excluded). Expert testimony is likewise

inadmissible regarding the mental processes of witnesses: "what they knew, believed, assumed, or understood, on the basis of their own knowledge or communications from others." *Gonzales v. Valenzuela*, 2001 WL 36387147, *4 (C.D. Cal. 2001) *citing Kidder, Peabody & Co., Inc. v. IAG Int'l Acceptance Grp. N.V.,* 14 F.Supp.2d 391, 398 (S.D. N.Y. 1998).

Stripped to its core, Reisberg's opinion is that expert testimony is biased in favor of the party paying the bill. Such a determination is clearly within the province of the jury. *Donahoe v. Arpaio*, 2013 WL 5604349, *10 (D. Ariz. 2013) ("Assessing the potential bias of an expert witness, as distinguished from his or her specialized training or knowledge or the validity of the scientific underpinning for the expert's opinion, is a task that is properly left to the jury.") (*citations and quotation marks omitted*); *Rogers v. U.S. Navy*, 223 F.R.D. 533, 535 (S.D. Cal. 2004) ("the jury readily should be able to assess possible bias on the part of an expert witness if they are made aware of the total

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 10 of 19

percentage of his or her gross income that is earned from providing

expert witness services.") (*citations omitted*).[5]

### *Reisberg is Not Qualified*

Federal Rule of Evidence 702 "contemplates a broad conception of

expert qualifications." *Thomas v. Newton Intern. Enterprises*, 42 F.3d

1266, 1269 (9th Cir.1994). "As the terms of the rule state, an expert

may be qualified either by 'knowledge, skill, experience, training, or

education.'" *Id.* (*quoting* Fed. R. Evid. 702). However, any opinion

testified to by an expert must fall within his or her area of expertise.

*See White v. Ford Motor Co.*, 312 F.3d 998, 1008-1009 (9th Cir. 2002)

("A layman, which is what an expert witness is when testifying outside

his area of expertise, ought not to be anointed with ersatz authority as a

court-approved expert witness for what is essentially a lay opinion.")

Even though an expert may be qualified in one area of expertise, he still

------------------------------------------------------

[5] Reisberg's proposed testimony would also run afoul of Fed. R. Evid. 403 in that it raises the possibility that other experts would need to be called to counteract his opinions. *United States v. Cerna*, 2010 WL 2347406, *5 (N.D. Cal. 2010) ("battle of experts would risk confusion, waste time and draw attention away from the hard facts themselves").

may be precluded from offering opinions beyond that area of expertise, or that are not founded on a reliable methodology. *Kumho Tire*, 526 U.S. at 154–55. "Scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes." *Daubert*, 509 U.S. at 591.

Here, Reisberg may have some expertise in the area of interviews and/or photo spreads administered by police to lay witnesses. *See State v. Almaraz*, 301 P.3d 242, 257-59 (Idaho 2013). However, that expertise is a far cry from the expert testimony he seeks to impeach here. In police/lay witness interviews, there is typically a figure of authority (the police officer) interrogating a lay person regarding a crime that occurred in the layperson's presence. The police are seeking to quickly resolve the investigation and are pressing the layperson to recall events which occurred suddenly (and possibly traumatically) during which the layperson had little opportunity to observe or reflect. The government experts here are in an almost diametrically opposite position – they have years of training and experience, were not present when the crime

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 12 of 19

was committed, are investigating subject matter within their expertise, have all the evidence before them, are under no time pressures and have reviewed their conclusions for possible errors.

An expert "need not have official credentials in the relevant subject matter" to meet the requirements of Fed. R. Evid. 702. *United States v. Smith*, 520 F.3d 1097, 1105 (9th Cir. 2008). However, the expert must have expertise in that area, however it is acquired. *United States v. Scholl*, 959 F.Supp. 1189, 1191 (D. Ariz. 1997) (doctor qualified as expert on gambling disorder by treating thousands of patients).

Reisberg simply has not acquired the expertise necessary to opine in this case. Reisberg's expertise is in the area of suggestive police interviews/photo spreads and their effects on a lay witness' memory. Ex. A, p. 2, 3. He cannot bootstrap that expertise to attack the credibility of government experts with entirely unrelated areas of expertise - workplace violence, crime scene analysis, tire characteristics, film and video analysis, identification of a particular vehicle make and model. *See United States v. King*, 703 F.Supp.2d 1063, 1070-71 (D.

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 13 of 19

Hawaii 2010) (allowing pediatrician to testify regarding pimp/prostitute relationships due to her "significant experience with prostitutes and government law enforcement agents through her own practice"); *United States v. Pree*, 408 F.3d 855, 871 (7th Cir. 2005) (IRS agent could not opine on defendant's entitlement to social security benefits); *Dura Automotive Systems v. CTS Corp*, 285 F.3d 609, 613-14 (7th Cir. 2002) (hydrologist not qualified to opine on mathematical modelling of contaminated well).

Rather than calling experts who have the qualifications and have performed the analyses necessary to speak directly to the opinions offered by the government experts, the defense wants to use Reisberg to tell the jury that evidence the court and evidence rules find admissible should be considered suspect and given little, if any weight – a matter clearly and obviously within the common sense of jurors and covered by standard jury instructions.  Reisberg is not qualified to attack the government opinions directly and should not be permitted to testify.

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 14 of 19

### *Reisberg's Opinions Are Not Reliable*

A "trial judge must ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.   Expert testimony must be grounded in either in scientific testing or the knowledge and experience of the expert.  *United States v. Johnson*, 2013 WL 6579578, *4-5 (D. Nev. 2013); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004).

Here, Reisberg's opinions have neither been subjected to scientific analysis nor flow from his experience.  While there exists a growing number of studies regarding the reliability of eyewitness recollections and the possible suggestive nature of photo spreads and identifications, *see United States v. Owens,* 682 F.3d 1358, 1359 (11th Cir. 2012) (J. Barkett dissenting on denial of rehearing *en banc*), there is no body of research which examines bias by experts in favor of their clients. Indeed, Reisberg himself states "[t]o the best of my knowledge, there is no scientific research examining the exact issue in play here."  Ex. A, p. 8.

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 15 of 19

The lack of research to buttress Riesberg's claims is fatal to his ability to testify. *United States v. Scholl*, 166 F.3d 964, 971 (9th Cir. 1999) (affirming exclusion of expert who had "no support in the literature" for opinion); *United States v. Herra*, 788 F.Supp.2d 1026, 1032 (N.D. Calif. 2011) (excluding expert who relied on "single article" in literature).

Likewise, as discussed above, Reisberg cannot overcome the lack of science by drawing on his own experience – he has none in evaluating expert bias. Ex. A, p. 2. *United States v. 12.94 Acres of Land in the County of Solano*, 2009 WL 4828749, * 4-5 (E.D. Calif. 2009) (excluding expert who had extensive state, but no federal, condemnation experience); *Estrada v. Genie Industries, Inc.*, 2007 WL 776100, *4 (E.D. Calif. 2007) (excluding portion of testimony supported only by "a single, untested example of use of his design theory"); *Adesina v. Aladan Corp.*, 438 F.Supp.2d 329, 346 (S.D. N.Y. 2006) (allergist's expertise "too far afield" to testify concerning defective latex gloves).

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 16 of 19

An example of how far afield Reisberg is from his area of expertise can be found in the examples cited in his report - blotchy drawings in which one may "see" various animals and audio clips involving messages from Satan or old Beatles albums. Ex. A, p. 14. While presenting these examples may help fill the seats for a freshman psychology class, they have no place in a court of law. By his own admission, there is no "truth" behind each example – everything depends on the subjective interpretation of the viewer. *Id.* By contrast, a criminal trial is a search for truth. *United States v. Roberson*, 859 F.2d 1376, 1379 (9th Cir. 1988). Reisberg has not studied, nor does his report address how an expert's training and methodology can overcome any initial biases and prejudices.

As discussed in numerous filings in this case, experts are held to high standards in their search for truth and its presentation to the jury. An expert must have "knowledge, skill, experience, training, or education" and may testify only "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 17 of 19

principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FRE 702; *Kumho Tire v. Carmichael*, 526 U.S. at 141, 148–49.   These criteria are designed to eliminate subjectivity in the expert's testimony.  *See Cunningham v. Arizona*, 2013 WL 3335190, *2 (D. Ariz. 2013) (allowing expert to testify regarding objective national standards, but excluding "personal views").

As detailed in their reports, Schmidt and Toglia were not simply handed a fuzzy photo and asked "Do you see a Dalmatian or a cow?" Their opinions were formed after a thorough analysis using objective points of comparison and logical deductions made from comparisons between the unknown in the videos and the known models.

By contrast, Reisberg has no methodology.  He has no experience to draw from.  Unlike the government experts, Reisberg's opinions have no basis in objective analysis or recognized methodologies; they present an improper use of alleged "expertise" to divert the jury from making its own decisions about the weight and credibility of admissible evidence.

Case 3:13-cr-00008-SLG   Document 312   Filed 02/11/14   Page 18 of 19

WHEREFORE the United States of America requests that this Court enter an Order excluding the testimony of Daniel Reisberg.

RESPECTFULLY SUBMITTED on February 11, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR          Page 19 of 19