KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S REQUEST FOR RECONSIDERATION OF MAGISTRATE COURT'S ORDER REGARDING DISCOVERY DEADLINES** |
| vs. | ) | |
| JAMES MICHAEL WELLS, | ) | |
| Defendant. | ) | **[Filed on Shortened Time]** |

COMES NOW the United States, by and through undersigned counsel, and requests the Court to reconsider its order issued on

February 12, 2014 at docket 317, to the extent it imposes a discovery deadline of February 14, 2014.

## PROCEDURAL POSTURE

The Magistrate Judge issued an order at docket 317 on February 12, 2014 setting deadlines for both the government and defense regarding discovery, ordering the government to provide all discovery by February 14, 2014, and the defense to provide certain expert reports by February 18, 2014 and February 22, 2014.

The government respectfully requests this court reconsider and vacate its order, allowing discovery disputes to be handled in the manner normally followed in the District, according to local rules. There have been no discovery disputes in this case that this Court has not been able to deal with using the normal process. The defendant has provided no reasoning, nor legal support for the Court to take such a potentially extreme measure as ordering a discovery cut-off.

## FACTS

Both the government and defense cross-filed motions to compel discovery – the government filed at docket 250 and the defense filed at docket 284. The Magistrate Judge held a hearing on January 29, 2014

on both motions. At the end of this hearing, the Magistrate Judge ordered the parties to work out a schedule to file with the Court, and memorialized this order at docket 290. The parties conferred on February 4, 2014, and the defense filed its proposed discovery schedule at docket 305 and included, as part of its notice, a request to impose a discovery deadline of February 14, 2014 upon the government. The government provided its response at docket 307, objecting to the proposed defense discovery deadline of February 14, 2014, because it could be termed an attempt to preclude the government from continuing its investigation.

Because of the procedural posture of the case, neither party briefed or even fleshed out either the purpose or effect of a discovery cut-off order, or its interaction with other discovery obligations.

### The Government's Ongoing Investigation

At the February 4, 2014 meeting to discuss the discovery timeline, the government notified the defense that, as part of its continuing investigation, it was conducting additional interviews of Kodiak residents who owned blue cars and would be providing this material as soon as it was created. The interviews are not yet completed.

*United States v. Wells*
3:13-cr-00008-RRB-JDR        Page 3 of 10

Summaries of these interviews are in the process of being prepared, other interviews are ongoing, and the government planned on providing these summaries, as they are created, forthwith. However, these summaries will not be completed before February 14, 2014. Additionally, these summaries are not legally Jencks Act statements and would not have to be provided to the defense as a matter of law. It is the government's policy, however, to turn over agents' summaries. The government will do so here as well, unless the defense truly wants no discovery after February 14, 2014.

Additionally, there is the potential that the government will follow other leads, especially after it receives the defense expert reports. The Court ordered the defense to provide its expert reports **after** the government established discovery deadline. And the defendant only recently produced reciprocal discovery, well after all previously imposed deadlines after the government's motion to compel. The government is in the process of conducting trial preparation interviews. However, almost none of the government witnesses live in Anchorage. To the extent witnesses raise anything in pretrial preparation, that leads to

//

*United States v. Wells*
3:13-cr-00008-RRB-JDR   Page 4 of 10

further inculpatory discovery or discloses exculpatory information, the government would intend, and is required by law, to turn it over to the defense immediately.

**The Government's On-going Pre-trial Discovery Obligations**

The government has worked very hard and very effectively in this case to not only comply with all discovery deadlines, but to provide material well beyond that specifically required by Rule 16 or *Brady*. All material that would be considered substantive evidence, that was gathered in the investigation so far, was provided timely and, in most instances, months ago. However, in the modern era of vastly expanded discovery and *Brady* responsibilities, there are a number of ongoing reviews that cannot be complied with by February 14, but are necessary either under case law, rule, or the government's own policies. The FBI has a process of managing and cataloguing evidence that ensures all evidence is accounted for in a system to keep everything organized. The benefit of such a system is the set of procedures that are in place to gather information ensures accountability and organization. However, it takes time to enter information into the system, have the system categorize and number the entered information, and then translate that

catalogued information from the FBI to the U.S. Attorney's Office. The government is working to ensure it has all of the information heretofore gathered, and that it has reviewed the information to turn over that which is discoverable.

For instance, e-mails between the attorneys and agents are not *per se* discoverable under any part of Rule 16. However, the government is reviewing all such e-mails in this case to ensure they do not contain *Brady* information. Similarly, the government is reviewing internal agency e-mails and e-mails to victims again to ensure all arguably discoverable material is turned over. These reviews are only part of what one might call the modern broad discovery obligation and they take time and are part of the government's office policy. In addition, the government is in the process of conducting its required *Henthorn* reviews of testifying agents and will produce whatever information is required once it is obtained. Similarly, there is *Giglio* information, for example, the total amount of money paid to experts, that is more properly produced just before trial.

These items are being recited, not to suggest, in any way that the government is not obligated to produce discovery promptly, nor to

suggest that the standard discovery, the results of the investigation to date, could not and should not have been produced already. The government has complied with its discovery obligations. The purpose is just to inform the Court more fully of the complex nature of the ongoing obligations and suggest that a cut-off order is premature to the extent it might be interpreted to apply somehow to these types of reviews.

## ARGUMENT

The government respectfully requests that the Court vacate its order, continue to allow the parties to negotiate discovery, and permit the parties to file motions on specific discovery issues as they arise pursuant to the local rules. There is an existing process for discovery issues within the District. Is there is a genuine dispute over a discovery matter, a party may file a motion to compel under D.Ak. LCrR. 16(c). Any motion to compel must include a certification that the issue is genuinely in dispute. D.Ak. LCrR. 16(d).

The defendant's request for a discovery cut-off contained no such certification. In fact, his request gives no reason whatsoever, and certainly cites no legal precedent for such a potentially extreme order.

The defense may have requested the February 14, 2014 deadline, but the government urges reconsideration because it believes the defense did not consider the second and third order effects of its request and the unintended and potentially incongruous consequences of its enforcement. For example, the defense requested any transcripts the government had of witness interview and the government agreed to provide what it had in order to streamline the pre-trial process. Since such production is not required or covered by Rule 16, a discovery cut-off could actually suggest the government could respond to such a request by reducing its cooperation – a result the government would not and does not intend to do.

The government's discovery obligations, in the broadest sense are governed by four principles: 1) the United States Constitution and due process as described by *Brady* and its progeny; 2) Fed.R.Crim.P. 16; 3) the Jencks Act; and 4) United Stated Department of Justice and District of Alaska office discovery policies. The government is obligated to follow these rules separate from, and in addition to, any court orders. While the government, of course, assumes that the Court did not mean

//

to lessen the government's discovery obligations, simply imposing a discovery deadline really does not address the complex issue that is criminal discovery today.

## CONCLUSION

For this reason, and because the investigation is always ongoing, the government respectfully requests that the court vacate its order at

//

//

//

//

//

//

//

//

//

//

//

//

docket 317 and simply require the parties to continue to consult and bring any discovery disputes to the Court's attention as soon as practicable, and in accordance with the local rules of the District of Alaska.

RESPECTFULLY SUBMITTED on February 14, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler  
KAREN L. LOEFFLER  
United States Attorney

s/ Bryan Schroder  
BRYAN SCHRODER  
Assistant U.S. Attorney  
United States of America

s/ Kathleen A. Duignan  
KATHLEEN A. DUIGNAN  
Special Assistant U.S. Attorney  
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney