Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**JAMES WELLS' OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* REGARDING DEFENSE EXPERT DANIEL REISBERG (Docket No. 312)** |

James Wells, through counsel, Rich Curtner, Federal Defender, hereby opposes the government's *Motion in Limine Regarding Defense Expert Daniel Reisberg* (Docket No. 312).

I.   INTRODUCTION

As this Court is well aware, this prosecution of James Wells is a circumstantial case with very little, and often questionable, direct evidence against Mr. Wells. In the government's attempt to "build a case" against Mr. Wells, the government has noticed a total of 22 expert witnesses for trial. Mr. Wells has challenged *in limine* the testimony of six of those witnesses.

These challenges by the defense to the government's experts are based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and their progeny. This Court reviewed the general state of the law in this area and granted in part and denied in part Mr. Wells' motions *in limine*. As to the expert testimony that was challenged, this Court applied the following analysis.

Under Federal Rule of Evidence 702 and *Daubert*, the inquiries this Court must use to access the admissibility of expert testimony are:

1. Whether the proffered expert testimony is based on a methodology that is "scientific" and therefore reliable; and

2. Whether that methodology can properly be applied to the facts of this case.

In its analysis in admitting some of the government's expert testimony that might be beyond their area of expertise, this Court noted that the usual way to test the validity of an expert's conclusions is through cross-examination in court as well as any contradictory evidence presented.

Applying this analysis to Mr. Wells' expert witness, the proffered testimony of defense expert Dr. Daniel Reisberg of Reed College meets both of these criteria and should be admitted at trial.

## II. PROFESSOR REISBERG'S TESTIMONY IS BASED ON SOUND AND ESTABLISHED METHODOLOGY.

Professor Reisberg's testimony addresses "confirmation bias," a psychological effect that has long been established on well documented data in the

scientific community. Professor Reisberg's training and expertise is demonstrated in his *curriculum vita* (Exhibit A). His background in the study of confirmation bias is set forth at p. 2 of his expert report. (*See* Docket No. 312, Exhibit A, p. 2.) Professor Reisberg's testimony is based on a clear scientific consensus and is absolutely reliable.

A decision of the district court for the District of Massachusetts offers a thorough analysis of the admission of psychological or sociological experts. *United States v. Hines*, 55 F.Supp.2d 62 (D. Mass. June 11, 1999).

In *Hines*, the defendant offered an expert on cross-racial identification and the impact of stress and other factors on the reliability of memory. The *Hines* court addressed the reliability of the psychological defense expert and stated:

> Unlike handwriting analysis, there is no question as to the scientific underpinnings of Kassin's testimony. They are based on experimental psychological studies, testing the acquisition of memory, retention, and retrieval of memory under different conditions.

*Id.*, at 72.

The *Hines* court went on to find that the expert's testimony was relevant and that the methodology could properly be applied to the facts of the case:

> The government claimed that the jury did not need this testimony at all, that it was not necessary under Fed.R.Evid. 702 to assist the trier of fact. I disagree. While jurors may well be confident that they can draw the appropriate inferences about eyewitness identification directly from their life experiences, their confidence may be misplaced, especially where cross-racial identification is concerned.

*Id.*, at 72.

The court also found that this evidence does **not** usurp the function of the jury:

> Nor do I agree that this testimony somehow usurps the function of the jury. The function of the expert here is not to say to the jury — "you should believe or not believe the eyewitness." (Indeed, it has far fewer pretensions to conclusions than does handwriting analysis, with far more science attached to it.) All that the expert does is provide the jury with more information with which the jury can then make a more informed decision.

*Id.*, at 72.

The application of the principles discussed in *Hines*, a textbook application of *Daubert*, applies on all fours with Professor Reisberg's proffered testimony in this case.

A more recent illustration of the admissibility and importance of a defense expert is *Souliotes v. Grounds*, 2013 WL 875952 (E.D.Cal. March 7, 2013). In this habeas case the petitioner presented the following testimony at trial:

> Dr. Elizabeth Loftus testified regarding the fallibility and suggestibility of eyewitness testimony. (*See* RT 3591–3573.) Loftus focused on factors that affected the retention of memory and explained that post-event information can supplement, distort, or contaminate a person's recollection. She ultimately concluded that "all the ingredients were present" for a hypothetical witness like Sandoval to be influenced by the post-event information presented to her.

*Id.*, at p. 7.

The petitioner's first trial ended with a hung jury. The petitioner was convicted at a second trial in which his counsel did not put on any witnesses.

The issue in this case was the ineffective assistance of defense counsel. However, it demonstrates the importance of a psychological defense expert.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                                           Page 4

Case 3:13-cr-00008-SLG   Document 326   Filed 02/25/14   Page 4 of 6

However, several circuit courts, including the Ninth Circuit, have specifically held in given cases that counsel was ineffective for failing to present expert witnesses when required to attack forensic evidence.

*Id.*, at p. 42.

### III. PROFESSOR REISBERG'S METHODOLOGY CAN BE PROPERLY APPLIED TO THE FACTS OF THIS CASE.

The government's motion *in limine* mis-characterizes Professor Reisberg's testimony. He does not attack "the credibility of analyses made by two government experts" (Docket No. 312, p. 2). He does not say that the conclusions of the government experts are "inherently suspect," or that the experts "slanted their conclusions" (Docket No. 312, p. 4). Professor Reisberg does not say that the conclusions of government experts are mistaken. His report addresses the risk of error, and the need for understanding that risk of error in deciding how much weight to give to the testimony of the government experts in this specific case.

Professor Reisberg's testimony is relevant for the same reasons that the defense expert's testimony in *Hines* about cross-racial identification was relevant. The only evidence in this case that might prove that Mr. Wells was even at the scene of the crime is an extremely poor photograph, which is much more questionable than eyewitness identification. Professor Reisberg simply provides the jury with more information with which the jury can make a more informed decision.

## IV. CONCLUSION.

For these reasons, the testimony of Professor Reisberg should be admitted at trial.

DATED at Anchorage, Alaska this 25th day of February 2014.

Respectfully submitted,

/s/ Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on February 25, 2014,
a copy of *James Wells' Opposition to the Government's Motion in Limine Regarding Defense Expert Daniel Reisberg (Docket No. 312)*
was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/ Rich Curtner