KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | No. 3:13-cr-00008-RRB-JDR |
| Plaintiff, | ) ) | **UNITED STATES' REPLY TO RESPONSE TO MOTION *IN LIMINE* REGARDING DEFENSE EXPERT DANIEL REISBERG** |
| vs. | ) ) ) | |
| JAMES MICHAEL WELLS, | ) ) | |
| Defendant. | ) | **[DOCKETS 312, 326]** |

COMES NOW the UNITED STATES OF AMERICA and files its Reply to Defendant's Response to its Motion to Exclude Testimony of Defense Expert, Daniel Reisberg, and in support thereof states as follows:

Defendant bears the burden of demonstrating that their proposed expert meets the preliminary criteria for the admission of expert testimony under Fed.R.Evid. 702. See Advisory Committee Notes to Rule 702. The paucity of defendant's reasoning, under any objective analysis, simply demonstrates their inability to show that Dr. Reisberg has any qualifications to provide the testimony proposed by the defense. According to his report, Dr. Reisberg proposes to testify to "confirmation bias" and how that bias could have infected the results of two qualified experts conducting analyses using experience and methodologies applied to field of study all of which are completely outside Dr. Reisberg's knowledge, area of study, experience, or expertise. Dr. Reisberg admits he knows nothing of these fields, nor can he point to a single study demonstrating his proposed opinion that any testimony

resulting from these analyses would be undermined by bias. Indeed, while defendant has attached Dr. Reisberg's very extensive resume, defendant makes no citation to anything in that resume. The obvious reason being, despite pages and pages of articles, there does not appear to be a single article or paper even referencing "confirmation bias", no less anything attempting to apply this theory to the relevant facts of the expert opinions offered by the government witnesses in this case.

Taking a "less is more" approach, the defendant cites a scant two cases in support of admitting Dr. Reisberg's opinion: one which allowed an expert to discuss the pitfalls of cross-racial identification; and another where an expert opined on the fallibility of eyewitness testimony. Docket 326, p. 3-4. Of note, defendant apparently was unable to find a single case admitting testimony of "confirmation bias" in any setting – no less applying it in the method defendant proposes here. In citing these cases, the defendant inadvertently proves the central point of the government's motion – although Reisberg may have a wealth of knowledge concerning witnesses' recollections, this case has

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                              Page 3 of 8

nothing to do with eyewitnesses or cross-racial[1] identifications.  Thus, Reisberg is not qualified under the first prong of *Daubert* to render an opinion.[2]

Likewise, the defendant's response does nothing to counter Reisberg's own assertion that "[t]o the best of my knowledge, there is no scientific research examining the exact issue in play here."  Docket 312, Ex. A, p. 8.  By Reisberg's own admission, his opinion is not reliable and fails the second prong of *Daubert*.  *United States v. Garrido-Hernandez*, 16 Fed.Appx. 630, 631 (9th Cir. 2001) (defendant "never presented sufficient evidence to establish a foundation that the proposed testimony would, in fact, constitute 'scientific knowledge'").[3]

The defendant's response attempts to make Reisberg's opinion relevant by asserting that Reisberg will not be opining on credibility,

---

[1] It is assumed that a Caucasian American human identifying a blue Japanese automobile does not fall under the "cross-racial" rubric.
[2] The government would also remind the court that despite Dr. Reisberg's impressive resume, courts have previously limited his testimony even in his area of expertise.  See government motion at p. 5, n.3.
[3] As noted in the government's original motion, Reisberg's testimony is made even less reliable by his erroneous assertion that the jury will be shown an "enhanced" photograph.  Docket 312, Ex. A, p. 15.  The experts will use, and the jury will be shown, the original video and stills made from the video – un-retouched and unenhanced.

but merely addressing "the risk of error, and the need for understanding that risk of error" in evaluating the government experts. Docket 326, p. 5.  However, a witness's susceptibility to error is not generally a subject for expert testimony, particularly when the circumstances upon which the testimony is based are readily apparent to a jury.  *United States v. Hayat*, 2007 WL 1454280, * 22 (E.D, Calif. 2007) (expert unnecessary to inform jury witness's level of education, occupation, employment status, etc.).

While the defendant argues that Reisberg will not usurp the role of the *jury*, he completely ignores the government's contention that Reisberg usurps the role of the *court*.  The last several paragraphs of Reisberg's opinion are nothing less than an attack on the Court's ability to remain unbiased and the order of proof at trial as mandated by the United States Constitution, United States Code, and the Federal Rules of Evidence.  Docket 312, Ex. A, p. 14-15.  Such testimony clearly invades the province of the Court and should not be allowed.

To try to make up for this lack of support for Dr. Reisberg's theory, as well as his qualifications to espouse such a theory, the defendant tries to convince the Court with definitive statements that lack any semblance of support. At the bottom of page 2 of docket 326, the defendant refers to "confirmation bias" as a "psychological effect that has <u>long been established</u> on <u>well documented data</u> in the scientific community." Docket 326, p. 2-3. This seems to ignore Dr. Reisberg's own statement that that "[t]o the best of my knowledge, there is no scientific research examining the exact issue in play here." Docket 312, Ex. A, p. 8. In addition, the defendant tries to convince the Court that Dr. Reisberg has experience related to confirmation bias: "His background in the study of confirmation bias is set forth at p. 2 of his expert report (see Docket No. 312, Exhibit A, p. 2)." A careful review of Docket 312, Exhibit A, page 2 reveals no mention of confirmation bias. That term does not appear until later in the report, and Dr. Reisberg never mentions "his background in the study of confirmation bias." Moreover, a review of his CV shows no involvement in papers of studies

of confirmation bias, a fact that the defendant chooses not to discuss. The government is confident that the Court will not be misled by definitive statements with no support.

In sum, while the government does not dispute Reisberg's qualifications in the area of eyewitness testimony, allowing him to testify here is akin to allowing a brain surgeon to testify on the proper methods for delivering a baby.  The problems become evident as one reviews the substance of his testimony – it is not reliable because there are no studies on this issue applying it in the circumstance proposed here, and no court appears to have permitted such testimony.  It is not relevant because the jury can look at the photos themselves and assess the credibility of the government's experts and whether the conclusions they reach are supported; and it usurps the role of the Court in that defendant proposes to opine that the order of proof set forth in the long-standing American system of criminal jurisprudence creates an unconscious bias.  Therefore, the proposed conclusion is that the jury should be wary of government evidence.  Defendant has wholly failed to

meet even the basic threshold burden for admission of expert testimony. Reisberg's testimony should be excluded.

WHEREFORE the UNITED STATES OF AMERICA requests that this Court enter an Order excluding the testimony of Daniel Reisberg.

RESPECTFULLY SUBMITTED on February 27, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR          Page 8 of 8