Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**JAMES WELLS' OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION REGARDING MOTION TO SUPPRESS STATEMENTS (FOURTH AND FIFTH AMENDMENTS) AND REQUEST FOR NEW EVIDENTIARY HEARING (PURSUANT TO D.AK.L.M.R. 6(c)(3))** |

James Wells files the following objections to the magistrate judge's Recommendation Regarding Motion to Suppress Statements (Fourth and Fifth Amendments) (Docket No. 267).

**I.   OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AT DOCKET NO. 267**

Pursuant to D.Ak.L.M.R. 6(a), the defendant takes exception to, and therefore objects to, the following findings and conclusions of the magistrate judge:

(1) That Mr. Wells was not confronted with evidence of his guilt during questioning; (Docket No. 267 at p. 29); see Memorandum of Law in Support of Motion to Suppress Statements (Docket No. 121 at pp. 2-6); Reply to Opposition to Motion to Suppress Statements (Docket No. 141 at p. 4);

(2) That the searches of Mr. Wells' phone and his vehicle should not be suppressed because the agents did so with Mr. Wells' consent (Docket No. 267 at p. 31); *see* at Docket No. 121 at pp. 8-9; Docket No. 141 at pp. 3-4;

(3) That Mr. Wells was not questioned in a police atmosphere (Docket No. 267 at p. 32); *see* Docket No. 121 at pp. 2-4; Docket No. 141 at pp. 2-5; Supplemental Brief, Exhibit A (Docket No. 158-1 at pp. 1-2);

(4) That the duration of the detention did not render Mr. Wells "in custody" for *Miranda* purposes (Docket No. 267 at p. 33); *see* Docket No. 121 at pp. 3, 5-6; Docket No. 141 at p. 2;

(5) That the agents did not exert pressure on Mr. Wells by a variety of interrogation techniques, including a fake gunshot residue test (Docket No. 267 at pp. 10, 33); *see* Docket No. 121 at p. 4; Docket No. 141 at pp. 2-5;

(6) That the authorities made no statements and took no actions which indicated they would not have heeded a request to depart or allow Mr. Wells to do so (Docket No. 267 at p. 34); *see* Docket No. 121 at pp. 2-5; Docket No. 141 at pp. 2-4; Docket No. 158-1 at pp. 1-2;

(7) That the manner and language used to summon Mr. Wells to Building T1 and then into the office where the questioning took place did not place Mr. Wells "in custody" for purposes of *Miranda* (Docket No. 267 at p. 35); *see* Docket No. 121 at pp. 2-3, 5; Docket No. 141 at p. 4; Docket No. 158-1 at pp. 1-2;

(8) That, on April 12, 2012, Mr. Wells was not, under the totality of the circumstances, subjected to a custodial interrogation (Docket No. 267 at pp. 34-35); *see* Docket No. 121 at pp. 7-8; Docket No. 141 at pp. 4-5; Docket No. 158-1 at pp. 1-2;

(9)     That the nature and scope of the questioning of Mr. Wells on April 12, 2012, was not of such duration that it was coercive (Docket No. 267 at p. 36); *see* Docket No. 121 at pp. 2-4; Docket No. 141 at pp. 2-5;

(10)    That Mr. Wells understood his rights and effectively waived those rights by freely answering questions posed to him (Docket No. 267 at p. 41); Docket No. 121 at pp. 7-8; Docket No. 141 at pp. 4-5;

(11)    That Mr. Wells' statements were made freely, knowingly, and voluntarily after he implicitly waived his *Miranda* rights (Docket No. 267 at p. 41); *see* Docket No. 121 at pp. 7-8; Docket No. 141 at pp. 4-5;

(12)    That the initial questioning of Mr. Wells was not a custodial interrogation within the meaning of *Miranda* (Docket No. 267 at p. 41); *see* Docket No. 121 at pp. 2-4, 7-8; Docket No. 141 at pp. 4-5; Docket No. 158-1 at pp. 1-2;

(13)    That, while Mr. Wells waited with his coworkers to be interviewed, he was not "in custody" within the meaning of *Miranda* (Docket No. 267 at p. 42); *see* Docket No. 121 at pp. 2-4, 7-8; Docket No. 141 at pp. 4-5; Docket No. 158-1 at pp. 1-2;

(14)    That Mr. Wells voluntarily accompanied two agents to the interrogation room and that no one ordered him to do this (Docket No. 267 at p. 42); *see* Docket No. 121 at pp. 2-4; 7-8; Docket No. 141 at pp. 4-5; Docket No. 158-1 at pp. 1-2;

(15)    That a reasonable person would expect some compulsory questioning "inherent to the situation" (Docket No. 267 at p. 43);

(16)    That the officers' manner of interviewing Mr. Wells did not render him "in custody" for purposes of *Miranda* before the *Miranda* warnings were given (Docket No. 267

at p. 44); *see* Docket No. 121 at pp. 2-4, 7-8; Docket No. 141 at pp. 4-5; Docket No. 158-1 at pp. 1-2;

(17) The magistrate judge correctly concluded that the questioning of Mr. Wells constituted "a seizure for Fourth Amendment purposes" (Docket No. 267 at p. 41). However, the magistrate judge failed to complete the analysis to find that the seizure was unsupported by probable cause and that the resulting statements of the defendant should therefore be suppressed as the fruit of this Fourth Amendment violation. *See, e.g., Wong Sun v. United States*, 371 U.S. 471, 484-88 (1963) (Fourth Amendment's exclusionary rule applies to statements obtained as a product of the illegal seizure of the defendant) (cited in Docket No. 121 at p. 8); *see also Dunaway v. New York*, 442 U.S. 200, 217-18 (1979) (statements of the defendant obtained during unlawful seizure of his person must be suppressed as the product of the Fourth Amendment violation, *i.e.*, "the fruit of the poisonous tree") (citing *Wong Sun*, 371 U.S. at 488);[1]

(18) Mr. Wells further objects to the magistrate judge's failure to conclude that any consent of Mr. Wells to search his car or his electronics were the unlawful fruit of that seizure and the magistrate judge's failure to suppress these physical items as the fruit of the poisonous tree. *See* Docket No. 121 at pp. 8-10;

---

[1] A warrantless seizure of the individual is illegal unless supported by probable cause to believe that a felony crime has been committed and the defendant is the one who committed it. *See Watson v. United States*, 423 U.S. 411, 417-424 (1976); *Katz v. United States*, 389 U.S. 347, 357 (1967). A brief seizure of an individual by police officers that falls short of a traditional arrest (*i.e.*, a brief investigatory stop of limited scope and duration), can be a valid exception to the probable cause and warrant requirement when justified by a reasonable suspicion that an individual is engaged in criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 21, 28-31 (1968).

(19) Mr. Wells further objects to the magistrate judge's failure to suppress these items of physical evidence as the product of the *Miranda* and voluntariness violations. *See* Docket No. 121 at pp. 8-10; Docket No. 141 at p. 6.

## II. REQUEST FOR A NEW EVIDENTIARY HEARING DUE TO GOVERNMENT'S SUPPRESSION OF IMPORTANT EVIDENCE REGARDING WHETHER MR. WELLS WAS IN CUSTODY, THE KEY ISSUE IN THE MOTION TO SUPPRESS STATEMENTS.

The Court should grant a new evidentiary hearing on Mr. Wells' Motion to Suppress Statements (Fourth and Fifth Amendments) so that the defense can present the testimony of critically important witnesses who were otherwise unknown to the defense at the time of the evidentiary hearing in this matter. The defense was not aware of the existence of these witnesses and the importance of their testimony because the government suppressed the information.

In violation of its obligations under Fed.R.Crim.P. 16, the government withheld key evidence regarding whether Mr. Wells was in custody – the key issue in the Motion to Suppress Statements (Fourth and Fifth Amendments) – until after the evidentiary hearing in this case was concluded. The grounds for the motion for a new evidentiary hearing are more fully set forth in the accompanying motion for an evidentiary hearing pursuant to D.Ak.L.M.R. 6(c)(2).

## III. CONCLUSION

The court should conduct a new evidentiary hearing, at which time the defense can present evidence that was suppressed by the government.

DATED at Anchorage, Alaska this 28th day of February 2014.

Respectfully submitted,

/s/ Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on February 28, 2014,
a copy of *James Wells' Objections to the Magistrate Judge's Recommendation Regarding Motion to Suppress Statements (Fourth and Fifth Amendments) and Request For New Evidentiary Hearing (Pursuant to D.Ak.L.M.R. 6(c)(3))* was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/ Rich Curtner