KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR NEW EVIDENTIARY HEARING ON MOTION TO SUPPRESS** |
| vs. | ) | |
| | ) | |
| JAMES MICHAEL WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the UNITED STATES OF AMERICA and files its Response to Defendant's Motion for New Evidentiary Hearing on Defense Motion to Suppress Statements and in support thereof states as follows:

**PROCEDURAL HISTORY**

The defendant seeks to reopen a Motion to Suppress Statements filed in August 2013 requesting suppression of statements made by the defendant during the course of interviews at COMMSTA on the day of and the day following the murders. Dockets 120, 121. The Motion was founded on a claim that when he gave the interviews, the defendant was "in custody" for *Miranda* purposes because the United States Coast Guard (USCG) Communications Stations command ordered all employees to remain at work the day of the murders and return the next work day for interviews. Docket 121, p. 3-4.

To support his original "in custody" claims, the defendant filed several supplements and affidavits asserting a number of facts, including:

- he was "held in a secure area, T1, belonging to the United States military" on April 12 and 13 of 2012. Docket 158, p. 2.
- he could not return home to get medications and appropriate food during that time. *Id.*
- USCG commanders ordered employees not to leave T1 after consulting with the Alaska State Troopers and the FBI. Docket 158, p. 3.

An evidentiary hearing was held in November 2013. At the evidentiary hearing the commanding officer of COMMSTA Kodiak, Commander Peter Van Ness, testified about the status of COMMSTA personnel on that day and any orders that he gave concerning their movement. Defense counsel questioned Commander Van Ness specifically about the fact employees were requested/ordered or assumed they needed to stay beyond normal working hours, in part, for the convenience of investigating agents. After the evidence, this court specifically asked defense counsel whether he was arguing that all Coast Guard personnel were in custody for purposes of *Miranda*.

*United States. v. Wells*
3:13-cr-00008-RRB-JDR              Page 3 of 11

Counsel did not have an answer as to this question and thus failed to clarify his legal theory for the court. After argument, this Court issued a report and recommendation recommending denial of the Motion in January 2014. Docket 267.

The defendant now seeks to reopen the hearing based upon "alleged newly discovered evidence" – FBI interviews of USCG Chief Scott Reckner, USCG ET2 Hernando Acosta and USCG Senior Chief William Reed which were recently produced pursuant to the government's Jencks Act obligations. Docket 330. The essence of the defendant's Motion is that, until he received these interview transcripts, he did not know:

- he was being held in a secure area belonging to the United States military. Docket 330, p. 6.

- he could not return home to get medications and appropriate food. *Id.*, p. 5.

- USCG commanders had ordered employees not to leave the building. *Id.*, p. 5.

These allegations are nearly identical to those raised previously and the Motion should be denied.

**ARGUMENT**

The instant Motion is akin to a B-movie "Director's Cut" DVD where producers cobble together a few extra scenes, hoping to salvage some return on their investment. As discussed below, the defendant's arguments are best left on the cutting room floor.

"Afterthoughts or shifting ground do not constitute an appropriate basis for reconsideration. * * * Nor is a motion to reconsider justified on the basis of new evidence which could have been discovered prior to the court's ruling." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (affirming refusal to reconsider suppression ruling) (internal quotation marks and citations omitted). Generally, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945

(9th Cir. 2003) (citations omitted). "[A] party seeking reconsideration based on newly-discovered evidence must show the evidence: (1) is truly newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." *United States v. Chan*, 2006 WL 278582, *9 (E.D. Calif. 2006). Here, the alleged "new" evidence is nothing more than slightly different phrasing of testimony previously given by the source of any orders. Commander Peter Van Ness was called on these same matters. He had the best and most complete knowledge of the situation as it unfolded. He was questioned extensively, and subject to defense counsel's vigorous cross-examination. Calling witnesses with even lesser knowledge of the situation at the time would not change the facts of this case, and thus would not affect the conclusions reached by the Magistrate Judge. It is certainly neither material nor controlling of the outcome, especially in light of defendant's inability to articulate his legal theory in response to

a direct question by the court at the original hearing. Moreover, it is arguable that defendant meets the due diligence requirement.

### *The "New" Evidence is Not Material*

In his original Motion, the defendant presented ample evidence for the Court to decide whether or not he was "in custody" during the April 12 and 13 questioning. The court heard the testimony from the Commanding Officer, the best person to inform the court as to what orders were given. The addition of three witnesses to merely confirm what the Court already knows is an insufficient basis for reconsideration. *See United States v. Bernal*, 2013 WL 4512355, *3 (D. Ariz. 2013) (no reconsideration of order denying suppression when original findings were "based on a number of factors, many of which were independently corroborated or are not in dispute"); *United States v. Flores-Ortega*, 2006 WL 3041372, *3 (D. Utah 2006) (no reconsideration when new evidence "merely cumulative"); *United States v. Tisdol*, 450 F.Supp.2d 191, 195-96 (D. Conn. 2006) (defense assertion that new evidence showed officers testimony to be "patently false"

insufficient to reopen hearing when other evidence established probable cause).

The substance of these witnesses' testimony was already known to the defendant through the government's production of the USCG logs showing that "ALL PERSONNEL CURRENTLY AT Tl HAVE BEEN ORDERED NOT TO LEAVE THE BUILDING." Docket 158, Ex. A. Because the defendant could also have provided testimony on the same matter, reopening the hearing is improper. *See United States v. Muldrow*, 19 F.3d 1332, 1339 (10th Cir. 1994) (witness who did not testify at suppression hearing, but did testify at trial not "newly discovered" because defendant already knew substance of testimony). In addition, the defendant himself could have presented the same information. *United States v. Foy*, 2013 WL 1657776, *2-3 (D. Kan. 2013) (witness' testimony "while perhaps newly available, is not newly discovered" when defendant "had he elected to testify, could have presented the same information"). The "new" evidence adds no new

facts, just different phrasing of facts already introduced from the prime source. This evidence is not new.

## *Due Diligence*

The defendant was aware of the existence of Chief Reckner, Petty Officer Acosta and Senior Chief Reed well prior to the suppression hearing. Reckner was the defendant's supervisor, Acosta worked in the defendant's area and Reed was the defendant's second-level supervisor. The defense had notice of their possible involvement in the case. *See United States v. Parrott*, 2010 WL 760388, *5 (E.D. Pa. 2010) (defendant given "ample notice" when government had provided documents which showed officers' involvement in case and defendant himself had observed them prior to arrest). The defendant had the power to subpoena all of them to testify at the original hearing if they were relevant, although the government will admit it might have objected on relevance grounds to such a disruption of Coast Guard mission for the same reason that he attempts to insert new facts is neither relevant nor material under any legal precedents. His failure to

*United States. v. Wells*
3:13-cr-00008-RRB-JDR             Page 9 of 11

do so lacked due diligence.  *United States v. White*, 514 F.2d 205, 208 (D.C. Cir. 1975) ("It would have been a simple matter to subpoena the police officers who participated in the search and have them testify at the first suppression hearing.  Appellant's failure to take this step amounts to a lack of the diligence...."); *United States v. Watson*, 391 F.Supp.2d 89, 94 (D. D.C. 2005) (defendant made no showing that evidence was "unobtainable" prior to hearing).

The defendant's knowledge of these witnesses and their possible role in the case, coupled with his failure to call them at the original hearing demonstrates a lack of due diligence.  He should not be able to reopen the case to call them now.

For the above reasons, the instant motion to reopen a proceeding long-closed should be denied.

//

//

//

RESPECTFULLY SUBMITTED on March 4, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney