Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**DECLARATION OF DANIEL REISBERG**<br><br>**(Filed Pursuant to 28 U.S.C. §1746)** |

　　　　I, DANIEL REISBERG, declare under penalty of perjury that the following is true:

　　　　1.　　I am a research psychologist with a Ph.D. in Experimental Psychology, currently employed at Reed College in Portland, Oregon. I am the Patricia and Clifford Lunneborg Professor of Psychology, and Chair of the College's Psychology Department.

　　　　2.　　I have been retained by the Federal Public Defender for the District of Alaska to supply my expert report and testimony in *United States v. James Wells*, Case No. 3:13-cr-00008-RRB-JDR.

3. I have testified in state courts in Oregon, Washington, California, and federal courts in the Ninth Circuit on the topic of confirmation bias. My testimony has included the research pertinent to confirmation bias, and a discussion of how the bias might influence the specifics of the case.

4. Specifically, I have testified on confirmation bias in three different contexts. First, in any discussion of confession evidence, there is a concern that police officers enter an interrogation already convinced that the suspect is guilty. As a result, their interrogation is "guilt presumptive." This is a type of confirmation bias – one in which an investigator's initial assumption (namely: that the suspect is guilty) guides the questions the investigator asks, how the investigator interprets the evidence, how the investigator weights different bits of evidence, and more.

5. Second, I have testified several times in pretrial hearings in which the defense was requesting a change of venue because of pretrial publicity attached to the case. A central part of my testimony was again concerned with confirmation bias – this time, with a focus on how the publicity can create initial assumptions in the jurors, which then colors how they interpret and weight the evidence.

6. Third, I have also testified in cases in which "perceptual" evidence was unclear, and so there was a concern about how confirmation bias might have colored someone's understanding of the perceptual input. In one of those cases, the issue focused on a barely-heard comment made by a young child as she splashed around in her bathtub. In another case, the issue focused on a very low-quality surveillance tape.

7. Among other trials, here is a partial list of cases in which I have been qualified as an expert on confirmation bias:

- On the topic of false confessions, I've testified on how confirmation bias applies in:
  - Lane County Oregon, *State v. Swartout*;
  - Clark County Washington, *State v. Melendez*;
  - Sacramento County California, *State v. Domonick Williams*.

- On the topic of pretrial publicity, I've testified on how confirmation bias applies in:
  - Douglas County Oregon, *State v. Dale Hill*;
  - Wasco County Oregon, *State v. Frederick Field*.

- On the topic of possible perceptual error involving confirmation bias, I've testified in:
  - Federal Court, *State v. Yom*;
  - Lincoln County Washington, *State v. Ross Gray*.

8. My testimony and expertise in confirmation bias is based on valid scientific research. Some of the published research, drawn from a much larger literature, includes the following:

- Kassin, S. M., Dror, I.E., & Kukucka, J. (2013). *The forensic confirmation Bias: Problems, Perspectives, and Proposed Solutions.* JOURNAL OF APPLIED RESEARCH IN MEMORY AND COGNITION, 2, 42-52.

- Kassin, S. M., Goldstein, C.J., & Savitsky, K. (2003). *Behavioral confirmation in the interrogation room: On the dangers of presuming guilt.* LAW AND HUMAN BEHAVIOR, 27, 187–203.

- Ruva, C. L., Guenther, C. & Yarbrough, A. (2011). *Positive and Negative Pretrial Publicity: the Roles of Impression Formation, Emotion, and Predicisional Distortion.* CRIMINAL JUSTICE AND BEHAVIOR, 38, 511-534.

9. Finally, the topic of confirmation bias is covered extensively in the book I have just finished writing. The book is in press, to be published by OXFORD UNIVERSITY PRESS,

and is due out in a few months. The writing of this book has gone under extensive peer review. For this reason, I have had reason to make certain my knowledge of confirmation bias is fully informed by a wide range of recent research.

DATED at Anchorage, Alaska this 11th day of March 2014.

Respectfully submitted,

*[signature]*

Daniel Reisberg, Ph.D.
Department of Psychology
Reed College
3203 SE Woodstock Blvd.
Portland, OR 97202
Phone: (503) 517-7402
Fax: (503) 914-0477
Email: reisberg@reed.edu

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR

Page 4

Exhibit A - Page 4 of 4

Case 3:13-cr-00008-SLG   Document 343-1   Filed 03/11/14   Page 4 of 4