KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' MOTION FOR STATUS HEARING TO DETERMINE REPRESENTATION** |
| vs. | ) | |
| JAMES MICHAEL WELLS, | ) | |
| Defendant. | ) | |

COMES NOW the UNITED STATES OF AMERICA and files it's Motion for Status Hearing to Determine Representation and in support thereof states as follows:

On March 7, 2014, the defense filed a Notice of Appearance and related documents for Peter Offenbecher to appear as co-counsel with the Federal Public Defender (FPD) in the instant case. Docs. 337-39. Mr. Offenbecher previously appeared in the case (Doc. 27), but he was excused after it was determined that the United States would not pursue the death penalty. Doc. 132.

At the hearing on Monday, March 10, 2014, the Court inquired as to how Mr. Offenbecher would be paid. The FPD replied that his office would not be paying Mr. Offenbecher, but instead stated "private" funds would be used.

This Court originally appointed the FPD to represent the defendant after he completed a financial affidavit and the Court made a determination of his limited ability to pay for representation. Doc. 11. While the government is not concerned with who represents the

*United States. v. Wells*
3:13-cr-00008-RRB-JDR               Page 2 of 6

defendant or how many attorneys are working on his defense, it does have standing to ensure that public funds are not misused.[1] *United States v. Zelenka*, 112 F.Supp.2d 708, 712-13 (M.D. Tenn. 1999) (FPD retained for defendant, then a third party retained co-counsel) *citing United States v. Barger*, 672 F.2d 772, 774 (9th Cir. 1982) (government "has a great interest in [appointed counsel expense dispute] as any money awarded will be paid by the Government.").

There do not appear to be many cases addressing a defendant's attempt to use private and public funds to obtain multiple attorneys. In *Zelenka*, the court allowed it on the grounds that the money came from third parties and the defendant had no claim on, access to or control over the funds. 112 F.Supp.2d at 713.

In another Tennessee case, *United States v. Bennett*, 2008 WL 356529 (E.D. Tenn.), the court terminated representation by publically funded counsel after the defendant's family retained a private attorney.

---

[1] The government also wants to ensure that the defense does not request additional continuances as a result of Mr. Offenbecher's retention. At the hearing, the FPD assured the Court that none would be sought.

*Id.* at *4.  *Bennett* declined to adopt the holding in *Zelenska* and distinguished *Zelenska* on the grounds that the money in *Zelenska* was coming from a third party and the defendant had no connection to the funds.  *Id.* at *3.  In addition, the *Zelenska* court was concerned with the fact that the third party contributors could decide to withdraw their support at any time and thus leave the defendant in need of public counsel again.  *Id.*  (Obviously, that concern would only happen if the third party payor was paying an hourly rate as opposed to a set fee.)  The government has not been able to find any other cases addressing this extraordinary circumstance in which defendant seeks both public and private representation in the same case.

      Under 18 U.S.C. § 3006A, the Court must be kept apprised of any changes in the defendant's financial condition and modify its prior appointment as appropriate.  18 U.S.C. § 3006A(c) ("[i]f at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the

*United States. v. Wells*
3:13-cr-00008-RRB-JDR           Page 4 of 6

appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate."); *United States v. Simmons*, 420 Fed.Appx. 414, 422 (5th Cir. 2011) (discharge of appointed counsel after finding ability to pay did not violate Sixth Amendment).

In making its determination, the Court should examine all of a defendant's assets, liquid and illiquid, and resources available from third parties. *See United States v. Konrad*, 730 F.3d 343, 347-50 (3rd Cir. 2013) (IRA and accounts held by wife) (*citing cases*); *Zelenka*, 112 F.Supp.2d at 712-15 (third party funds) (*citing cases*).

Here the government is simply requesting that this Court determine 1) the true source of the funds used to pay Mr. Offenbecher; and 2) whether the source of those funds requires the Court to reconsider its previous order appointing counsel for the defendant. The government takes no position on who should represent the defendant or the number of attorneys working on the case. The government has no interest in intruding on a defendant's choice of counsel. However, as the above cases make clear the government has some obligation to

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                    Page 5 of 6

defend the use of public funds and simply requests that the court hold a hearing to determine whether defendant's attempt to obtain hybrid representation comports with 18 U.S.C. § 3006A.

RESPECTFULLY SUBMITTED on March 11, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR         Page 6 of 6