KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
| | ) | |
| | ) | **GOVERNMENT'S MOTION** |
| Plaintiff, | ) | **TO STRIKE DEFENSE** |
| | ) | **PLEADINGS AT DOCKET 343** |
| vs. | ) | |
| | ) | |
| JAMES MICHAEL WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through

undersigned counsel, and moves to strike the defendant's "Notice of

Filing Declaration of Daniel Reisberg" at docket 343 and in support thereof states as follows:

Reisberg's declaration is the latest example of the defendant's approach to expert discovery in this case – release drips and drizzles of information only when absolutely necessary, just enough to delay the pipes from freezing for as long as possible. Reisberg's declaration violates both the Local Rules of this Court and does nothing to rebut the government's contention that Reisberg's testimony is inadmissible. In addition, this strategy of dribbling in bits and pieces of expert data makes it extremely difficult for the Court to timely resolve these matters in light of the impending trial date.

Local Rule 7.1(i) requires that a party get leave of court to file any supplemental pleadings or factual materials. Local Rule 7.1(i)(1)&(2). The Rule states that "[l]eave will not be routinely granted" and requires the Court to consider 1) whether the material was available to the parties when the briefs were due; and 2) whether the pertinence of the

materials was established at the times for briefing.[1]  Local Rule 7.1(i)(2)(B).  Reisberg's declaration fails both criteria.

First, all of the information in the declaration was clearly available to the defense at the time they filed their expert disclosure in January 2014 (doc. 278) – the articles cited in the declaration were written in 2003, 2011 and 2013 (doc. 343-1, ¶ 8); his court testimony could not all have occurred between January 24 and March 11, 2014; and he certainly could not have acquired his expertise in two months' time.

Second, the pertinence of the materials was clearly established long ago – Reisberg intends to opine on confirmation bias regarding expert witnesses called by the government, yet the government disclosed its expert witnesses in October 2013.  Doc. 160.  Reisberg had ample time[2] to review the expert reports and develop his opinions

---

[1] As discussed below, although "pertinent" for purposes of Rule 7.1, the government contends that all of Reisberg's testimony is not relevant to the case under *Daubert* and FRE 702.

[2] Even more time than the Court allotted - the defense filed Reisberg's

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                    Page 3 of 7

Case 3:13-cr-00008-SLG   Document 350   Filed 03/12/14   Page 3 of 7

(presumably after somehow clearing his brain of its own "confirmation biases").

In addition, Reisberg's new declaration does nothing to cure the infirmities of his original report – his opinions are neither relevant nor reliable. Reisberg's declaration states that he has testified in court regarding three specific areas, none of which are relevant to this case: 1) confession evidence, but the defendant has not confessed (at least to the government); 2) pretrial publicity, which the defense has not raised here; and 3) "perceptual" evidence, including comments of children playing in the bathtub, but this case does not involve children or bathtubs.

Nowhere has the defense represented that Reisberg has ever testified in front of a jury. All but one of the cases cited in Reisberg's declaration (none of which have case numbers or dates) are state cases. Given Reisberg's purported expertise (eyewitness identifications, suggestive lineups/photo spreads, false confessions, pretrial publicity),

---

disclosure nine days late and his report nearly three weeks later. Docs. 249, 312.

*United States. v. Wells*
3:13-cr-00008-RRB-JDR          Page 4 of 7

it is highly likely that Reisberg's courtroom appearances have been limited to pretrial hearings before a judge and it is unknown whether a rigorous *Daubert* analysis was performed before admitting the testimony. *See United States v. Li*, 2013 WL 6244657, *3 (D. Ariz. 2013)( "[C]oncerns about undue expert influence are diminished in a bench trial").

As for the single federal case, *State v. Yom*, the defense has not provided enough citation information for the government to locate the case either in Westlaw or PACER. The case federal case cited in the declaration is likely to be something akin to a § 2254 matter, which does not involve a jury. In addition, as with the state court cases, the admission of testimony by a court is a far cry from that court adopting the testimony as a basis for a ruling. It is quite possible that, in every case in which he has appeared, Reisberg's testimony has been given no weight by the court.

Ever since Reisberg was disclosed as a potential witness, both the government and this Court have practically begged the defense to provide proof that 1) Reisberg is familiar with *any* studies that would

tend to confirm his opinions; and 2) "confirmation bias" is anything other than the garden variety "Hooray for our side!" bias that pervades every schoolyard, athletic field and political contest in the country. Reisberg was most honest when, in his original report, he stated "To the best of my knowledge, there is no scientific research examining the exact issue at play here . . . ." Doc. 312-1, p. 8. The instant declaration only further reveals Reisberg's own biases in his attempts to shoehorn his expertise into a case that does not fit.

Reisberg's declaration should be stricken and his testimony excluded.

RESPECTFULLY SUBMITTED on March 12, 2014, in Anchorage, Alaska.

> s/ Karen L. Loeffler
> KAREN L. LOEFFLER
> United States Attorney
>
> s/ Bryan Schroder
> BRYAN SCHRODER
> Assistant U.S. Attorney
> United States of America

*United States. v. Wells*
3:13-cr-00008-RRB-JDR            Page 6 of 7

s/ Katheen A. Duignan  
KATHLEEN A. DUIGNAN  
Special Assistant U.S. Attorney  
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR        Page 7 of 7