UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>        Defendants. | 3:13-cr-00008-RRB-JDR<br><br>**ORDER DENYING<br>MOTION FOR ADDITIONAL<br>EVIDENTIARY HEARING**<br><br>(Docket 330) |

       Defendant **JAMES MICHAEL WELLS** moves the court to conduct a new evidentiary hearing on his motion to suppress statements at Docket Nos. 158 and 159. *See* Docket 330 filed February 28, 2014. The motion for new hearing is opposed by the government. Docket 334. For reasons stated below, the request for a new evidentiary hearing is DENIED.

       As grounds for a new hearing, Wells refers to additional discovery produced by the government subsequent to the November 18, 2013 evidentiary hearing. Wells seeks to adduce additional evidence addressing the issue of whether he was in custody for purposes of the Miranda warnings when he was interrogated by government agents on April 12 and April 13, 2012. Wells' statements were made

during the course of interviews conducted at COMSTRA on the day of and the day following two homicides.

Wells argued in his initial motions to suppress that he was in custody for purposes of Miranda because the United States Coast Guard Communications Station Command ordered all employees to remain at work on the day of the murders and return the next day for interviews. Wells argued in his initial motion that USCG Command ordered those persons working at Building T2 including Mr. Wells to report Building T1. Furthermore, he argued that the USCG Command at T1 ordered Wells and other individuals to participate in the interrogations with FBI and the USCGIS officials. See Defendant's Memorandum in Support of Motion to Suppress, Docket 121, p.3. Wells also argued that he did not have access to his diabetes medication during the interviews. Id.

The magistrate judge's recommendation addressing the defendant's motion to suppress statements at Docket 120 specifically stated that the Coast Guard Command directed Wells and other individuals to be available to participate in the interrogations with the FBI and investigative services offices of the Coast Guard. Docket 267, p.5. The recommendation acknowledges that the Coast Guard Command directed Wells to return to the Base on April 13, 2012 for additional interviews. Docket 267, p.4.

Wells seeks to call Chief Scott Reckner, who was in charge of COMSTRA and was Wells' direct supervisor to testify to the fact that all of the Coast

Guard employees were on lock down on April 12, 2012 and no one could come or go. The recommendation recognizes that Wells was being held in the secure area on United States military property, and that none of the employees could leave the building during the interviews due to the over sight of COMSTRA.

The recommendation explores the factual basis for the agents offering to give Wells access to his medications or food during the interviews. The recommendation acknowledges that all of the COMSTRA workers were required to stay at Building T1 on April 12, 2012. This was due to considered effort by the U.S. Coast Guard Command to keep all the workers in a fixed location at T1 so they could be interviewed by law enforcement agents. Thus, the testimony of Scott Reckner, William Reed, and Coast Guardsman Acosta to testify to facts not in dispute does not necessitate the need for a new evidentiary hearing.

The official Coast Guard logs which were known to the defense prior to the evidentiary hearing stated that all personnel currently at T1 had been ordered not to leave the building. *See* Docket 158, Exhibit A. The defendant is not entitled to a new hearing based upon his argument that the government has violated Federal Criminal Rule 16(A)(1)(E)(I).

During the evidentiary hearing, Commander Peter Russell Van Ness was questioned about all personnel being ordered not to leave Building T1. The Commander was questioned about the log entry directing all employees to come to T1 and the employees were not allowed to go back to work at Building T2 while it

was considered a crime scene. The evidence undisputedly shows that Wells and other employees were not allowed to leave the base on April 12 because of actions taken by the Coast Guard investigators to secure the crime scene at Building T2 and to interview Coast Guard workers who might have information relevant to the homicides.

The recommendation recognizes that Wells was allowed to walk freely to other parts of Building T1 during the day while he was not being interviewed and that he voluntarily agreed to go to a separate private room in Building T1 when it was his turn to be interviewed. None of the employees were allowed to leave the vicinity while the interviews were being conducted. The recommendation concludes that the base was in lock down regardless of who actually gave the command, but this did not place Wells in police custody for purposes of Miranda.

The district court has discretion to rule on a motion to reconsider a prior ruling on a suppression motion in a criminal proceeding. United States v. Lopez-Cruz, 730 F.3d 803, 811 (9th Cir. 2013), (citing United States v. Raddatz, 447 U.S. 667, 678, n. 6 (1980). The motion to reconsider is not justified on the basis of new evidence which could have been discovered prior to the trial court's ruling. *Id.* In the instant case the "new evidence" consists of statements by additional employees as to their understanding of the lock down.

A motion for reconsideration may be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been

brought to the court's attention earlier with reasonable diligence." United States v. Bernal, No. Cr-12-01627-PHX-DGY, 2013 WL 4512355, at *1 (D. Ariz. Apr. 26, 2013).  Moreover, in the instant case the proffered new evidence would not change the Magistrate Judge's ruling on the motion(s) to suppress.  That the precise evidence or statements of particular witnesses was unknown to the defense does not mean that the evidence was not previously unavailable.  The "new evidence" is not of such a nature that it would probably produce a different result.

Accordingly, defendant's Motion for a New Evidentiary Hearing on Defense Motion to Suppress Statements and Evidence, Docket 330, is hereby DENIED.

DATED this 13th day of March, 2014, at Anchorage, Alaska.

*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge