UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>        Defendants. | 3:13-cr-008-RRB-JDR<br><br>**ORDER REGARDING GOVERNMENT'S MOTION TO COMPEL DISCOVERY DOCKET 250** |

The United States moves to compel discovery from the defendant pursuant to Federal Criminal Rule 16(b)(1)(A) through (C). Docket 250. The defendant filed a partial non-opposition to the motion to compel discovery at

Docket 252. No reply was filed by the government. The government's motion to compel discovery is GRANTED in part and DENIED in part as stated below.[1]

The right to reciprocal discovery from the defendant is established in the language of Federal Criminal Rule 16(b)(1). This rule allows the government, after complying with the request(s) by the defendant for similar material, to inspect and copy or photograph tangible objects which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence-in-chief at trial. Rule 16(b)(A). The government states that it has provided documents and objects to the defendant as requested by the defense.

The kinds of information of which the prosecution may be able to discover from the defendant pursuant to F.R.Cr.P. 16(b)(1), parallels subdivisions (E) and (F) of Rule 16(a)(1). According to Wright and Henning: Federal Practice and Procedure, § 259, p. 181: "If defendant has requested and obtained any discovery whatever under either subdivision (E) or (F) of Rule 16(a)(1), this is enough to trigger a recipricial right in the prosecution and the defendant is required to make available, on request by the government, any materials of the kinds described in subdivisions (A) and (B) of Rule 16(b)(1)." Because Wells has requested and been provided discovery of documents and tangible objects as well as reports of examinations and tests, the government is entitled to like information which is within the possession,

---

[1] The court declines to consider the instant motion as a motion to reconsider the court's order at Docket 249 as alluded to in the government's motion at p.5.

2

custody or control of the defendant, and the defendant intends to use the item in his case-in-chief at trial, or intends to call the witness who prepared the report if the report relates to the witness's testimony. Wherefore, the government's request for discovery from the defendant pursuant to Rule 16(b)(1)(A) and (B) is GRANTED.

The partial non-opposition to the government's motion to compel discovery submitted by Wells states that he is not opposed to providing the government with the opinions and reports of expert discovery requested. Yet, his opposition states that because the government has failed to produce discovery requested by him under Rule 16(a)(1)(e)(I),[2] the defense will not produce any of his expert reports and opinions. With respect to the five listed items in the partial opposition, Docket 252, p.2, that the government has apparently stated to the defense it will produce, such information should be produced by the government to Wells if in fact the government has stated that it would produce that information. The court understands that subsequent to the filing of the partial opposition, the government has fulfilled its agreement to provide the listed items.

The government has substantially complied with Rule 16 in providing Wells with a written summary of the testimony the government intends to use under Federal Rules of Evidence 702, 703 or 705 in its case-in-chief at trial. The summaries provided the defendant sufficiently describe the bases and reasons for the experts' opinions and provides the witnesses qualifications. If the defense does

---

[2] The court reads the pleading to refer to Rule 16(a)(1)(E)(I).

3

not have any written report or opinion from a defense expert then the defense should provide a summary in lieu thereof as required by Rule 16(b)(1)(C). The court rejects the defendant's position that he cannot now produce information regarding defense experts because the defense has not been given information by the government regarding their expert witnesses. The government's request to compel discovery from the defendant pursuant to Rule 16(b)(1)(A), (B), and (C) is GRANTED. This evidence should be provided to the United States Attorney no later than February 21, 2014, unless otherwise ordered.[3]

The government requests witness statements from the defendant early based upon their early production of Jencks statements to the defense. Contrary to the government's position, Federal Criminal Rule 26.2 does not require reciprocal production of Jencks statements by the defendant prior to when the witness has testified on direct examination at trial. The government has not produced any agreement by the defense to provide defense witness statements early. Rule 26.2 is not intended to require production of a witness's statement before the witness actually testifies. See Advisory Committee Notes to the Rule.

The government bears the burden of proof at trial and frequently agrees to provide early Jencks material to avoid delay at trial. The rule is not intended to discourage early voluntary disclosure of witness statements to avoid delays at trial.

---

[3] The defense's expert report from Michael DiTallo is due no later than February 28, 2014.

The defendant is not required to provide the government with a list of its witnesses nor tip its hand as to its defense prior to trial by providing witness statements to the government. Accordingly, the Motion for Early Witness Statements from the Defendant is DENIED.

DATED this 13th day of March, 2014, at Anchorage, Alaska.

*/s/ John D. Roberts*
JOHN D. ROBERTS
United States Magistrate Judge