KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　Defendant. | No. 3:13-cr-00008-RRB-JDR<br><br>**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS** |

COMES NOW the United States of America, by and through its

counsel, and requests that the Court instruct the jury in accordance

with the following list of jury instructions from the Manual of Model Criminal Jury Instructions for the Ninth Circuit (2010 Edition), unless otherwise indicated, and from the separate instructions attached hereto, as well as those, if any, to be submitted under separate cover.

Leave is respectfully requested to include such other and additional instructions as may become appropriate during the course of trial and/or withdraw such instructions that prove inapplicable.

**Preliminary instructions**

    1.1        Duty of Jury

    1.2        The Charge - Presumption of Innocence

    1.3        What is Evidence

    1.4        What is Not Evidence

    1.5        Direct and Circumstantial Evidence

    1.6        Ruling on Objections

    1.7        Credibility of Witnesses

    1.8        Conduct of the Jury

    1.9        No Transcript Available to Jury

1.10	Taking Notes

1.11	Outline of Trial

**Instructions in the Course of Trial**

2.1	Cautionary Instruction - First Recess

2.2	Bench Conference and Recesses

2.3	Stipulated Testimony

2.4	Stipulations of Fact

2.5	Judicial Notice

2.10	Other Crimes, Wrongs, or Acts of the Defendant

**Instructions at End of Case**

3.1	Duties of Jury to Find Facts and Follow Law

3.2	Charge Against Defendant Not Evidence – Presumption of Innocence -- Burden of Proof

3.3	Defendant's Decision not to Testify

3.4	Defendant's Decision to Testify

3.5	Reasonable Doubt - Defined

3.6	What is Evidence

3.7	What is Not Evidence

3.8        Direct and Circumstantial Evidence

3.9        Credibility of Witnesses

3.10       Activities Not Charged

3.11       Separate Consideration of Multiple Counts - Single Defendant

**Consideration of Particular Evidence**

4.1        Statements by Defendant

4.3        Other Crimes, Wrongs or Acts of Defendants

4.14       Opinion Evidence, Expert Witness

4.15       Summaries not Received in Evidence

4.16       Charts and Summaries in Evidence

**Jury Deliberations**

7.1        Duty to Deliberate

7.2        Consideration of Evidence – Conduct of the Jury

7.3        Use of Notes

7.4        Jury Consideration of Punishment

7.5        Verdict Form

7.6        Communication With Court

## Specific Offense Instructions

Attached

RESPECTFULLY SUBMITTED on March 17, 2014, in Anchorage, Alaska.

        s/ Karen L. Loeffler
        KAREN L. LOEFFLER
        United States Attorney

        s/ Bryan Schroder
        BRYAN SCHRODER
        Assistant U.S. Attorney
        United States of America

        s/ Katheen A. Duignan
        KATHLEEN A. DUIGNAN
        Special Assistant U.S. Attorney
        United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

United States. v. Wells
3:13-cr-00008-RRB-JDR        Page 5

Case 3:13-cr-00008-SLG   Document 360   Filed 03/17/14   Page 5 of 11

COURT'S INSTRUCTION NO.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

The defendant is charged in Count One of the indictment with murder in the first degree in violation of Sections 7(3) and 1111(a) and (b) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed Richard W. Belisle;

Second, the defendant killed Richard W. Belisle with malice aforethought;

Third, the killing was premeditated;

Fourth, the killing occurred at the United States Coast Guard Communications Facility, Kodiak, Alaska.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 8.107 Murder- First Degree]

COURT'S INSTRUCTION NO.

GOVERNMENT'S PROPOSED INSTRUCTION NO.  2

The defendant is charged in Count Two of the indictment with murder in the first degree in violation of Sections 7(3) and 1111(a) and (b) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed James A. Hopkins;

Second, the defendant killed James A. Hopkins with malice aforethought;

Third, the killing was premeditated;

Fourth, the killing occurred at the United States Coast Guard Communications Facility, Kodiak, Alaska.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 8.107 Murder- First Degree]

COURT'S INSTRUCTION NO.

GOVERNMENT'S PROPOSED INSTRUCTION NO.  3

The defendant is charged in Count Three of the indictment with murder in the first degree in violation of Sections 1114 and 1111 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed Richard W. Belisle;

Second, the defendant killed Richard W. Belisle with malice aforethought;

Third, the killing was premeditated;

Fourth, Richard W. Belisle was a federal officer or employee; and

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 8.107 Murder- First Degree; § 8.112 Killing or Attempting to Kill Federal Officer or Employee]

COURT'S INSTRUCTION NO.

GOVERNMENT'S PROPOSED INSTRUCTION NO. __4__

The defendant is charged in Count Four of the indictment with murder in the first degree in violation of Sections 1114 and 1111 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed James A. Hopkins;

Second, the defendant killed James A. Hopkins with malice aforethought;

Third, the killing was premeditated;

Fourth, James A. Hopkins was a federal officer or employee; and


To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 8.107 Murder- First Degree; § 8.112 Killing or Attempting to Kill Federal Officer or Employee]

COURT'S INSTRUCTION NO.

GOVERNMENT'S PROPOSED INSTRUCTION NO.  5

The defendant is charged in Count Five the indictment with using and carrying a firearm during and in relation to the murder of Richard W. Belisle in violation of Section 924(c)(1)(A) & (B)(ii); and 924(j)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of Murder of Richard W. Belisle as charged in Count One and Three the indictment, which I instruct you is a crime of violence; and

Second, the defendant knowingly used and carried the firearm capable of firing .44 caliber ammunition during and in relation to that crime.

A defendant "used" a firearm if he actively employed the firearm during and in relation to the Murder.

A defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed or transported it in some manner on his person or in a vehicle.


[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 8.71 Firearms – Using or Carrying in Commission of Crime of Violence or Drug Trafficking (18 U.S.C. 924(c))]

COURT'S INSTRUCTION NO.

GOVERNMENT'S PROPOSED INSTRUCTION NO.   6

      The defendant is charged in Count Six the indictment with using and carrying a firearm during and in relation to the murder of James A. Hopkins in violation of Section 924(c)(1)(A) & (B)(ii); and 924(j)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

      First, the defendant committed the crime of Murder of James A. Hopkins as charged in Count Two and Four the indictment, which I instruct you is a crime of violence;

      Second, the defendant knowingly used and carried the firearm capable of firing .44 caliber ammunition during and in relation to that crime;

      A defendant "used" a firearm if he actively employed the firearm during and in relation to the Murder.

      A defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed or transported it in some manner on his person or in a vehicle.


[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, § 8.71 Firearms – Using or Carrying in Commission of Crime of Violence or Drug Trafficking (18 U.S.C. 924(c))]