Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
907-646-3400

Peter Offenbecher, Esq.
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, Washington 98101
206-623-6501

Attorneys for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |
|---|---|

JAMES MICHAEL WELLS, through counsel, Rich Curtner, Federal Defender, and Peter Offenbecher, submits his proposed jury instructions for use at trial in this matter. Mr. Wells' proposed instructions are taken from the MANUAL OF MODEL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT (West 2010) and O'Malley, Greneg & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (6th ed.) and are set out in abbreviated form below.

Mr. Wells proposes the following instructions from the MANUAL OF MODEL JURY INSTRUCTIONS FOR THE NINTH CIRCUIT:

# PRELIMINARY INSTRUCTIONS

1.1  Duty of Jury

1.2  The Charge - Presumption of Innocence

1.3  What is Evidence

1.4  What is not Evidence

1.5  Direct and Circumstantial Evidence

1.6  Rulings on Objections

1.7  Credibility of Witnesses

1.8  Conduct of the Jury

1.9  No Transcript Available to Jury

1.10  Taking Notes

1.11  Outline of Trial

# INSTRUCTIONS DURING TRIAL

2.1  Cautionary Instruction - First Recess

2.2  Bench Conferences and Recesses

2.10  Other Crimes, Wrongs or Acts of Defendant

2.11  Evidence for Limited Purpose

# INSTRUCTIONS AT END OF CASE

3.1  Duty of Jury to Find Facts and Follow Law

3.2  Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof

| | | |
|---|---|---|
| 3.3 | Defendant's Decision not to Testify | |
| 3.4 | Defendant's Decision to Testify | |
| 3.6 | What is Evidence | |
| 3.7 | What is not Evidence | |
| 3.8 | Direct and Circumstantial Evidence | |
| 3.9 | Credibility of Witnesses | |
| 3.11 | Separate Consideration of Multiple Counts - Single Defendant | |
| 3.14 | Lesser Included Offense | |

**CONSIDERATION OF PARTICULAR EVIDENCE**

| | | |
|---|---|---|
| 4.3 | Other Crimes, Wrongs or Acts of Defendant | |
| 4.14 | Opinion Evidence, Expert Witness | |

**SPECIFIC DEFENSES**

| | | |
|---|---|---|
| 6.1 | Alibi | |

**JURY DELIBERATIONS**

| | | |
|---|---|---|
| 7.1 | Duty to Deliberate | |
| 7.2 | Consideration of Evidence | |
| 7.3 | Use of Notes | |
| 7.5 | Verdict Form | |
| 7.6 | Communication With Court | |

OFFENSES UNDER TITLE 18

    8.107  Murder - First Degree

    8.107  Murder - First Degree (Modified Per 8.112 Killing or Attempting Kill Federal Officer or Employee)

    8.108  Murder - Second Degree

    8.108  Murder - Second Degree (Modified Per 8.112)

    8.109  Manslaughter - Voluntary

    8.109  Manslaughter - Voluntary (Modified Per 8.112)

    8.71  Firearms - Using or Carrying in Commission of Crime of Violence or Drug Trafficking Crime

Mr. Wells requests the following instructions from O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS (6th ed.)

    A.    Presumption of Innocence, Burden of Proof, and Reasonable Doubt

    B.    The Theory of the defense

### The Theory of the Defense

"A defendant is entitled to have the jury instructed on his or her theory of defense, as long as the theory has support in the law and some foundation in the evidence. *United States v. Perdomo-Espana*, 522 F.3d 983, 986-87 (9th Cir.), *cert. denied*, 128 S.Ct. 2984 (2008)." Ninth Circuit Pattern Jury Instructions, Introductory Comment to Section 6.

> A defendant is entitled to a theory of the defense instruction which is supported by the law and the evidence received in the case and if it is not redundant with other instructions. The precise wording of the instruction is committed to the discretion of the trial court. If the theory of the defense instruction is a

correct legal statement directed to an issue in the case, it should be given.

O'Malley, Greneg & Lee, 1A Fed. Jury Prac. & Instr. § 19:01.

> "A criminal defendant has the right to a jury instruction on his theory of defense, separate and apart from instructions given on the elements of the charged offense. *See Mathews v. U.S.*, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988); *U.S. v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir.1995). If the proposed instruction presents a valid defense and there has been 'some evidence' adduced at trial to support the defense, a trial court may not refuse to charge the jury on that defense. *Ruiz*, 59 F.3d at 1154. The burden of presenting evidence sufficient to support a jury instruction on a theory of defense is 'extremely low.' *Ruiz* at 1154. '[T]he defendant is entitled to have presented instructions relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.' *United States v. Lively*, 803 F.2d 1124, 1126 (11th Cir.1986)."

*Id.* (quoting *U.S. v. Arias*, 431 F.3d 1327, 1340 (11th Cir. 2005)).

The trial judge committed plain error in not giving an instruction on the public authority defense for a defendant who claimed at trial that she was a confidential informant and that the acts charged were part of her work for the government. *United States v. Bear*, 439 F.3d 565, 568 (9th Cir.2006).

The failure to instruct on defendant's theory of defense, where the law and evidence support such an instruction, is per se reversible error. *United States v. Zuniga*, 6 F.3d 569, 571 (9th Cir. 1993).

In addition, Mr. Wells proposes the following additional instructions attached hereto and reserves the right to submit additional proposed instructions as warranted at the close of all evidence.

DATED at Anchorage, Alaska this 17th day of March 2014.

Respectfully submitted,

/s/ Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

/s/ Peter Offenbecher, Esq.
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, Washington 98101
Phone: 206-623-6501
Fax: Fax: 206-447-1973
Email: poffenbecher@skellengerbender.com

Certification:
I certify that on March 17, 2014,
a copy of the **Defendant's Proposed Jury Instructions** was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/ Rich Curtner

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                 Page 6

Case 3:13-cr-00008-SLG   Document 363   Filed 03/17/14   Page 6 of 9

## DEFENDANT'S PROPOSED INSTRUCTION NO. A

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. And the law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient for a not guilty verdict, unless and until the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant; for the law never imposes on the accused in a criminal case the burden or duty of calling any witness or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must render a

verdict of not guilty. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilty – the jury should, of course, adopt the conclusion of innocence.

**Authority:** *United States v. Don Webster*, 3:06-cr-00096-HRH
*United States v. Kanha Kounduangta*, 3:06-cr-00018-HRH
*United States v. Chan Saelee*, 3:01-cr-00084-HRH
*United States v. Jose Domingo Vasquez*, 3:98-cr-00153-HRH

# DEFENDANT'S PROPOSED INSTRUCTION NO. B
## Third Party Culpability

There has been evidence that a third party, not the defendant, committed the crime with which the defendant is charged. This evidence is not intended to prove the guilt of the third party, but is part of the total evidence for you to consider. The burden remains on the government to prove each and every element of the offense beyond a reasonable doubt.

It is up to you, and you alone, to determine whether any of this evidence, if believed, tends to directly connect a third party to the crime with which the defendant is charged. If after a full and fair consideration and comparison of all the evidence, there exists in your mind, a reasonable doubt indicating that the alleged third party may be responsible for the crime the defendant is charged with committing, then it would be your duty to render a verdict of not guilty as to the defendant, James Michael Wells.

**Authority:** The due process right to present a complete defense includes the right to present third party culpability evidence where the evidence has a tendency to prove that someone else committed the offense. *United States v. Armstrong*, 621 F.2d 951, 953 (9th Cir. 1980); *see also Holmes v. South Carolina*, 547 U.S. 319 (2006).