Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
907-646-3400

Peter Offenbecher, Esq.
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, Washington 98101
206-623-6501

Attorneys for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　　Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**SUPPLEMENT TO TRIAL BRIEF** |

The government raised two issues in its trial brief that Mr. Wells did not specifically address in his trial brief. The first is the admissibility of "computer generated pedagogical devices" as demonstrative evidence (Docket No. 362, pp. 47-48). The second is the applicability of the spousal communications privilege to Mrs. Wells' statements to investigators (Docket No. 362, pp. 51-52). Mr. Wells offers the following response to these issues.

First, the government correctly notes that courts have admitted PowerPoint presentations during criminal trials. Computer generated accident simulations have likewise been deemed admissible. *Livingston v. Isuzu Motors, Ltd.*, 910 F.Supp. 1473 (D.Mont. 1995). However, there is no case in which a court has admitted a computer simulation based on data fabricated by the proponent of the evidence.

In this case, Mr. Toglia, the government expert, has made a model in which he created an image of a blue Honda CR-V that is identical to Mrs. Wells' blue Honda CR-V and placed it at the scene of the crime. Yet there is no evidence, other than the opinion of a government expert based on a blurred image, that this exact type of vehicle was present at the scene of the crime.

The government has recently disclosed Mr. Toglia's trial exhibits (Exhibit A). In these exhibits, Mr. Toglia compares a blue Honda CR-V to Mrs. Wells' vehicle, as opposed to the vehicle from the date of the homicides. (*See*, Exhibit A, BS 27600-27635; 27645, 27652-53, 27660, 27667-68, 27675, 27682, and 27689.) Images 27653 and 27668 are actual photo comparisons using Mrs. Wells' car. All of these images are irrelevant and misleading because it is clear that Mrs. Wells' blue Honda CR-V is a match for a blue Honda CR-V.

The remaining slides from the presentation convey the impression that the car in the blurry video is a Honda CR-V and that any vehicle that does not match the Honda CR-V cannot be the vehicle in the blurry video. This is misleading precisely because of this manipulation of the viewers' subconscious perception of the images. The courts specifically caution against admitting computer-generated evidence which will

"manipulate the viewer's subconscious," and "escape the awareness of the court." *Verizon Directories Corp. v. Yellow Book USA, Inc.*, 331 F.Supp.2d 136 (2004). The probative value of the presentation is minimal while its prejudicial effect is substantial. Thus the court should exclude this evidence pursuant to Fed.R.Evid. 403.

Additionally, defense expert Daniel Reisberg, who specializes in perception and cognitive psychology, can speak to the cognitive trap that is created by admitting this type of inserted image. The government's proposed evidence, which it has created, falls into the broad phenomenon of what is called confirmation bias. Confirmation bias taints a forensic analysis when someone who knows what outcome is expected by the party creates evidence to conform to that outcome. That is precisely what the government has done in this case. There is no case law supporting admission of this type of inserted image. Moreover, Dr. Reisberg will testify as to how viewing these images will implant a false image in the jurors' minds about the type of vehicle involved in the homicides.

Mr. Wells therefore respectfully requests that the court exclude this information as a demonstrative aid and as evidence because it is likely to irreparably taint the jurors' perceptions.

Second, the government claims that any spousal communications related to investigators by Mrs. Wells operate as a limited waiver of the spousal communication privilege (Docket No. 362, pp. 51-52). As an initial matter, the defense assumes that the government agrees that a prerequisite to the admissibility of such statements would be that Mrs. Wells herself would be testifying, because otherwise her statements are inadmissible hearsay.

A non-communicating spouse may not waive the privilege for the communicating spouse. *See United States v. Montgomery*, 384 F.3d 1050, 1057-59 (9th Cir. 2004); *see also United States v. Lilley*, 581 F.2d 182, 189 (8th Cir. 1978) ("The confidential communications privilege is waived, by definition, when the allegedly confidential communication is disclosed *by the spouse claiming the privilege* because the communications are no longer confidential.") (emphasis added).

The government has cited *United States v. Mendelsohn*, 896 F.2d 1183 (9th Cir. 1990) to support admissibility of Mrs. Wells' statements. *Mendelsohn* is not on point. In that case, the court found that a defendant's statements to an investigator regarding what his attorney told him resulted in a limited waiver of the attorney-client privilege. The court expressly noted that it was the client's disclosures – and not his attorney's disclosures – that waived the privilege. *Id*. at 1188 n. 4. It is well established that, in the attorney-client relationship, the client holds the privilege. Therefore, it can be waived only by him. Here, however, Mr. Wells is the holder of the privilege at issue, and thus Mrs. Wells cannot waive it on his behalf.

///
///
///
///
///
///
///

DATED at Anchorage, Alaska this 21st day of March 2014.

Respectfully submitted,
/s/ Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

/s/ Peter Offenbecher, Esq.
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, Washington 98101
Phone: 206-623-6501
Fax: Fax: 206-447-1973
Email: poffenbecher@skellengerbender.com

Certification:
I certify that on March 21, 2014,
a copy of the *Supplement to Trial Brief*
was served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/ Rich Curtner