KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) | No. 3:13-cr-00008-RRB-JDR *Filed on Shortened Time* **UNITED STATES' MOTION FOR EXCEPTION TO WITNESS EXCLUSIONARY RULE PURSUANT TO 18 U.S.C. § 3771** |
| Plaintiff, | | |
| vs. | | |
| JAMES MICHAEL WELLS, | | |
| Defendant. | | |

COMES NOW the UNITED STATES OF AMERICA and files its Motion in response to Defendant's motion to exclude victim Deborah Hopkins from courtroom and in support thereof states as follows:

At the Final Pretrial Hearing, the Court inquired whether under Federal Rule of Evidence (FRE) 615 the parties intended to request the Court exclude potential witnesses from the courtroom prior to their testimony. Both parties indicated their intent to invoke the rule. The government stated that it intended to call Nicola Belisle, widow of Richard Belisle, as its first witness and that she would be present in the courtroom for the remainder of trial. The government stated that, at this time, it is uncertain whether it would call Deborah Hopkins, widow of victim James Hopkins, but that if she was called, she would be the government's second witness and may wish to be present in the courtroom following her testimony. The defense then indicated that it had subpoenaed Ms. Hopkins and requested that she be excluded until she was called to the stand by the defendant.

18 U.S.C. Section 3771 establishes a victim's right to attend the trial of her case. Section 3771 "abrogates Rule 615's default rule – 'summary exclusion' – with respect to crime victims." *United States v. Valencia-Riascos*, 696 F.3d 938, 942, n. 3 (9th Cir. 2012). Family members of a murder victim are "directly and proximately harmed as a result of the commission of a Federal offense" and as such as such are "victims" under 18 U.S.C. § 3771(e). *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006) ("The definition of a 'victim' under the CVRA is not limited to the person against whom a crime was actually perpetrated."); *see also United States v. Razo–Leora*, 961 F.2d 1140, 1146 (5th Cir. 1992) (widow – construing similar language in Victim Witness Protection Act); *United States v. Checora*, 175 F.3d 782, 795 (10th Cir. 1999) (victim's children – construing similar language in Mandatory Victim Restitution Act).

Section 3771 provides in relevant part

(a) Rights of crime victims. A crime victim has the following rights:
****

*United States. v. Wells*
3:13-cr-00008-RRB-JDR         Page 3 of 6

(3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

18 U.S.C. § 3771(a)(3).

A criminal defendant has no constitutional right to exclude witnesses from the courtroom. *United States v. Edwards*, 526 F.3d 747, 758 (11th Cir. 2008). Under Section 3771, the court may only exclude the witness from testimony upon a specific finding "by clear and convincing evidence that it is *highly likely*, not merely possible, that the victim-witness will alter his or her testimony." *Mikhel*, 453 F.3d at 1139 (*emphasis in original*). "Because there is always a *possibility* that one witness will alter his testimony based on the testimony of another, were [simple possibility] the standard, a district court could without exception exclude crime victims, and Congress's intent to abrogate Rule 615 with respect to crime victims would be rendered meaningless." *Id.,* n. 3 (*emphasis in original*).

*Mikhel* imposed a materiality standard on § 3771(a)(3) as well, remanding the case to the district court to consider whether clear and convincing evidence proves that the victim-witnesses' testimony will be "materially altered" if they were allowed to attend the trial in its entirety. *Id.* at 1140*, citing United States v. Johnson*, 362 F.Supp.2d 1043, 1056 (N.D. Iowa 2006).

Here, the defense has not carried its burden of proving by clear and convincing evidence that it is "*highly likely*" that Ms. Hopkins will alter her testimony if she is allowed to sit in the courtroom during the trial. *United States v. Jim*, 2012 WL 119599, *3 (D. N.M. 2012) (burden is on defendant). Given that Ms. Hopkins may testify in both the government's case and defendant's case, "it is unlikely that she will be influenced by other witness[es]' testimony." *Id.* (witness not likely to change testimony because she would be testifying in prosecution case-in-chief, defense case, and rebuttal). Given the defendant's failure of proof, the government requests that this Court allow Ms. Hopkins to remain in the courtroom throughout the trial.

RESPECTFULLY SUBMITTED on March 25, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR              Page 6 of 6