KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov
bryan.schroder@usdoj.gov
kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S SUPPLEMENT TO TRIAL BRIEF** |
| vs. | ) | |
| JAMES MICHAEL WELLS, | ) | |
| Defendant. | ) | |

COMES NOW the UNITED STATES OF AMERICA and files its

Supplement to Trial Brief as follows:

In its Trial Brief, the defense indicated that it may put on evidence tending to show that someone other than the defendant committed the murders. Doc. 365, p. 19-22. This Supplement to the government's Trial Brief is intended to outline the standards for admitting such evidence.

"Whether grounded in the Sixth Amendment's guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010) *quoting Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (*internal quotations omitted*). The defendant's right to present evidence, however, is not absolute. *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.") While "[t]he right to present a defense is fundamental," "the state's legitimate interest in reliable and efficient trials is also compelling."

*Perry v. Rushen*, 713 F.2d 1447, 1450-51 (9th Cir. 1983). The rules of evidence permit trial judges to "exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes*, 547 U.S. at 326.

A defendant may put on evidence which tends to prove another person committed the crime, subject to the trial court's discretion to "exclude cumulative evidence and to insure orderly presentation of a case." *United States v. Armstrong*, 621 F.2d 951, 953 (9th Cir. 1980). "Evidence of third-party culpability is not admissible if it simply affords a possible ground of suspicion against such person; rather, it must be coupled with substantial evidence tending to directly connect that person with the actual commission of the offense." *People v. Ignacio*, 10 F.3d 608, 615 (9th Cir. 1993) (*quotations omitted*); *see also*, *Madrigal v. Yates*, 662 F.Supp.2d 1162, 1194 (C.D. Calif. 2009) (evidence showing "connection between [alleged third party perpetrator] involvement in [one] murder, which in turn led to [a second] retaliatory murder [ ], which then led to the retaliatory attempted murder of [the victim by the third party] is too attenuated to be exculpatory" and not admissible); *United States v. Patrick*, 248 F.3d 11, 21 (1st Cir. 2001) (affirming

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

3

exclusion of police tip notes regarding possible third party involvement due to unreliability).

"[C]ourts must be sensitive to the special problems presented by the 'alternative perpetrator' evidence .... It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice." *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998) (probative value was slight in that it was "highly generalized and speculative").

In determining the admissibility of evidence offered by a defendant which raises the possibility of a different perpetrator, a court should consider: 1) "the probative value of the evidence"; 2) "its reliability"; 3) "whether it is capable of evaluation by the trier of fact"; 4) "whether it is the sole evidence on the issue or merely cumulative"; and 5) "whether it constitutes a major part of the attempted defense." *Alcala v. Woodford*, 334 F.3d 862, 877 (9th Cir. 2003) *quoting Miller v. Stagner*, 757 F.2d 988, 994-95 (9th Cir. 1985). "The court must [also] give due weight to the substantial state interest in preserving orderly

trials, in judicial efficiency, and in excluding unreliable or prejudicial evidence." *Id.*

Here, if the defendant seeks to implicate a third party, his evidence must be probative, reliable and comport with the Federal Rules of Evidence. *See e.g. United States v. Phillips*, 198 Fed.Appx. 558, 560 (7th Cir. 2006) ("nothing [in the case law] requires the admission of untrustworthy hearsay in the interest of justice."); *United States v. Hill,* 2014 WL 198813, *4 (E.D. N.Y. 2014) (evidence of alternative perpetrator must "contain sufficient indicia to establish that it is particularly trustworthy"); *Lipska v. Lewis*, 2013 WL 5718556, *11 (N.D. Calif. 2013) (evidence of third party's violent history inadmissible because it was offered solely to show criminal disposition); *Penton v. Kernan*, 528 F.Supp.2d 1020, 1044 (S.D. Calif. 2007) ("physical features, relationship to Petitioner, and criminal history are insufficient to establish a link between [alleged third party perpetrator and crime]. Therefore, information and testimony [sought to be introduced] would have been inadmissible as third-party culprit evidence."); *Dorsey v. Hetzel*, 2013 WL 5782996, *12-13 (S.D. Ala. 2013) (hearsay testimony regarding third party's prison confession, when not supported by any

other evidence in the record, lacked sufficient reliability to be admitted).

A court should not admit evidence that is "so nonspecific that it would require a mini-trial on the circumstances surrounding the alleged bad acts. This would require an undue consumption of time, and would confuse or mislead the jury, or focus their attention away from the testimony regarding what occurred . . . ." *Lipska*, 2013 WL 5718556 at \*11; *Torrence v. Ryan*, 2009 WL 506507, \*9 (C.D. Calif. 2009) ("given its vagueness, brevity, and that it did not exclude petitioner as one of the perpetrators," hearsay testimony which raised possibility of third-party perpetrator inadmissible).

Thus, while the government does not seek to prevent the defendant from asserting the possibility of an alternate perpetrator, this Court must carefully consider the evidence the defense offers and apply the Federal Rules of Evidence to ensure the evidence is probative, reliable, will not mislead the jury and will not result in "mini-trials" on tangential issues.

RESPECTFULLY SUBMITTED this 27th day of March, 2014, in Anchorage, Alaska.

s/ KAREN L. LOEFFLER
KAREN L. LOEFFLER
United States Attorney

s/ BRYAN SCHRODER
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ KATHLEEN A. DUIGNAN
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2014
a true and correct copy of the foregoing
was served electronically via the CM/ECF
system, on all counsel of record.

s/ Kathleen Duignan
Office of the U.S. Attorney

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR