KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>  vs.<br><br>JAMES MICHAEL WELLS,<br><br>           Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No. 3:13-cr-00008-RRB-JDR<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR MORE DETAIL CONCERNING TROOPER DUPRAS' TESTIMONY**<br>**[Docket 480]** |

COMES NOW the United States, by and through undersigned

counsel, and hereby submits its response to the defendant's Motion to

Direct the Government to Supply "The Bases and Reasons" for Trooper Dupras' Expert Opinion.

Trooper Dupras responded to the crime scene on the morning of April 12, 2012. Based on his knowledge of Kodiak from living there for 11 years, his law enforcement experience and his life experience, including a time in the United States Military, he gained certain impressions from the scene that he observed. His impressions may fall between the line between lay and expert testimony. See Fed.R.Evid. 701 and 702. See also *United States v. Myers*, 972 F.2d 1566, 1577 (11th Cir. 1992) (Officer could testify as lay witness that reddish brown marks on individual's back were consistent with stun gun based on personal perception and experience); *United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995) (Officer could testify as lay witness about connections between firearms and drug trafficking). On the other hand courts have required the government to lay a foundation, for example where an officer testifies about patterns in drug organizations.

Because of this line, out of an abundance of caution, the government provided the defendant notice, three months ago, (Docket 292) that it would ask Trooper Dupras about his impressions from what he saw and that Trooper Dupras would say that his impression from the evidence he saw that morning was that the murderer appeared to have to be someone familiar with the building and have a personal reason to kill these two individuals. In fact, they come from logical observation, common sense and experience responding to crimes in Kodiak and all over rural Alaska and are based on the evidence the defendant has had for months if not years.

In any event, if the defendant had ever asked in the past three months for more detail, the government would have been happy to respond. The bases of Trooper Dupras' opinions are, in main part, as follows:

Person with familiarity:

- No evidence of robbery.
- Nothing appeared disturbed

- No windows in the front, no way for the murderer to know who was inside.
- Obscure building.
- Many undisclosed areas within the building upon entrance.

Personal murder:

- No evidence of a struggle.
- No 911 call.
- No evidence of defensive action.
- No post murder calls for active shooter.
- No crime scene evidence of murderer.
- Victims not part of the Kodiak, victim/criminal class.
- Use of large bore revolver.

//

//

//

RESPECTFULLY SUBMITTED on March 30, 2014, in Anchorage, Alaska.

s/ Karen L. Loeffler
KAREN L. LOEFFLER
United States Attorney

s/ Bryan Schroder
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ Kathleen A. Duignan
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR              Page 5 of 5