Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
907-646-3400

Peter Offenbecher, Esq.
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, Washington 98101
206-623-6501

Attorneys for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>*MOTION IN LIMINE* REGARDING MR. WELLS' STATEMENTS |

James Wells, through counsel Rich Curtner, Federal Defender, and Peter Offenbecher, Esq., moves this court for an order precluding admission of agents' testimony as unduly prejudicial and Mr. Wells' non-responsive statements as irrelevant. (BS 24677-82; BS 24606-08) Mr. Wells also moves to exclude his invocation of his Fifth Amendment right against self-incrimination (BS 24681), as well as statements that Mr. Wells made after he invoked his Fifth Amendment right against self-incrimination pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). (BS 24681; BS 24606-08) Mr. Wells requests the court

permit the jury to use a transcript when listening to his statements prior to his invocation of his Fifth Amendment right against self incrimination. Mr. Wells relies on the following statement of facts and memorandum of law in support of his motion.

## I. STATEMENT OF FACTS

The government interviewed Mr. Wells six times during April 12-13, 2012. During the fifth interview (Bottom of BS 24677), the government agents accuse Mr. Wells of committing the homicides based on the camera shots of his white truck from the USCG base camera. Mr. Wells does not adopt the government's statements but merely acknowledges the government's accusations. These statements should not be admitted as the statements of Mr. Wells because he is not making any affirmative statements. In fact, when the agents are done with their speeches, Mr. Wells tells them that they had "better terminate[,]" the interview. (BS 24681)

## II. MEMORANDUM OF LAW

Mr. Wells respectfully requests this court exclude his non-responsive statements to the government's accusation as irrelevant and lacking probative value pursuant to Fed.R.Evid. 401. The government's statements are extremely prejudicial, pursuant to Fed.R.Evid. 403, because they are accusations and carry a disproportionate force and weight. These statements are likely to confuse the jury as to the issues at hand while providing no useful information with which to evaluate Mr. Wells' actual statements.

Additionally, Mr. Wells' request to terminate the interview (BS 24681) and any statements after this request should be excluded pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). "[I]t is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation." *Id*.

When admitting a defendant's statements, the Ninth Circuit has held that government-prepared transcripts may be used by the jury to follow tape recordings where certain factors are present: the district judge reviews the transcript for accuracy, the agent who participated in the taped conversation testifies to the accuracy of the transcript, and the district judge gives the jury a limiting instruction. *See United States v. Booker*, 952 F.2d 247, 249-50 (9th Cir. 1991); *United States v. Turner*, 528 F.2d 143, 167-68 (9th Cir. 1975), *cert. denied*, 96 S.Ct. 426 (1975); *United States v. Rinn*, 586 F.2d 113, 118 (9th Cir. 1978), *cert. denied*, 441 U.S. 931 (1979).

Several other circuits have ruled that, where no issue as to accuracy is raised, it is not an abuse of discretion for a trial judge to allow the transcripts into the jury room. *See United States v. Ulerio*, 859 F.2d 1144, 1145 (2nd Cir. 1988) (where defendants concede accuracy, there is no abuse of discretion in allowing translated transcripts into the jury room); *United States v. Rengifo*, 789 F.2d 975, 983 (1st Cir. 1986) (same).

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                                          Page 3

Case 3:13-cr-00008-SLG   Document 607   Filed 04/16/14   Page 3 of 5

### III. CONCLUSION

Mr. Wells respectfully requests that this court preclude admission of agents' accusations during his interrogation as unduly prejudicial and Mr. Wells' non-responsive statements as irrelevant. Mr. Wells also respectfully requests the court exclude his invocation of his Fifth Amendment right against self-incrimination as well as statements that Mr. Wells made after he invoked his Fifth Amendment right against self-incrimination pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Mr. Wells requests the court permit the jury to use a transcript when listening to his statements prior to the government agents' accusations.

DATED at Anchorage, Alaska this 16th day of April 2014.

Respectfully submitted,

/s/ Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:         907-646-3480
E-Mail:      rich_curtner@fd.org

/s/ Peter Offenbecher, Esq.
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, Washington 98101
Phone:      206-623-6501
Fax:         Fax:   206-447-1973
Email:       poffenbecher@skellengerbender.com

Certification:
I certify that on April 16, 2014,
a copy of the *Motion in Limine Regarding*
*Mr. Wells' Statements* was served electronically
on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/ Rich Curtner