KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov
E-mail: bryan.schroder@usdoj.gov
E-mail: kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-RRB-JDR |
|---|---|
| Plaintiff, | ) *Filed On Shortened Time* |
| | ) **UNITED STATES' MOTION** |
| | ) **IN LIMINE RE:** |
| vs. | ) **PROHIBITION ON DEFENSE** |
| | ) **INTRODUCTION OF** |
| JAMES MICHAEL WELLS, | ) **DEFENDANT'S PRIOR** |
| | ) **HEARSAY STATEMENTS** |
| Defendant. | ) |

COMES NOW the UNITED STATES OF AMERICA and files its Motion *in Limine* Regarding Prohibition On Defense Introduction Of Defendant's Prior Hearsay Statements and in support thereof states as follows:

During the pendency of this case, the defendant has made multiple statements. The United States intends to use portions of these statements in its case-in-chief. Because, under similar circumstances, other defendants have attempted "to place [their] exculpatory statements before the jury without subjecting [themselves] to cross-examination," *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000), the United States is filing this motion *in limine* to preclude the defendant from any such attempt in this case. As the Ninth Circuit noted, such attempts by defendants are "precisely what the hearsay rule forbids." *Id*.

A defendant's prior statements are not hearsay when offered by the United States. *See* Fed. R. Evid. 801(d)(2)(A) (a statement is not hearsay if it "is offered against an opposing party and was made by the

party in an individual or representative capacity"). Thus, any inculpatory statements made by a defendant – i.e., admissions by a party opponent – are admissible as substantive evidence by the United States at trial. *United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007); *Ortega*, 203 F.3d at 682.

Examples of defendants attempting to slip in favorable evidence through a "back door" abound. For example, defendants have sought to cross-examine the government's witnesses about self-serving, exculpatory portions of otherwise inculpatory statements. *See Ortega*, 203 F.3d at 682. Defendants may not use non-inculpatory statements to "humanize" themselves, prove character or convey the voluntariness of the statement, *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014), or otherwise "admit hearsay testimony through the 'back door' without subjecting themselves to cross-examination." *Ortega,* 203 F.3d at 683. Where admissions are concerned, what is good for the goose is <u>not</u> good for the gander. *See United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007) (*Crawford* does not compel admission of hearsay

favorable to defendant).  The United States may introduce defendant's recorded inculpatory statements, but defendant may not introduce his own non-inculpatory ones, which are "inadmissible hearsay."  *Id.*

The "Rule of Completeness", Fed. R. Evid. 106, is likewise unavailing to a defendant.  As the Ninth Circuit noted in *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996), "Rule 106 does not compel admission of otherwise inadmissible hearsay evidence" (internal citations omitted).  The *Ortega* court echoed this notion, declaring that, even if the rule of completeness had applied in that case, "exclusion of Ortega's exculpatory statements was proper because these statements would still have constituted inadmissible hearsay."  *Ortega*, 203 F.3d at 682; *Vallejos*, 742 F.3d at 905 (rejecting defendant's rule of completeness argument for admission of his entire confession, rather than the excerpts the government had admitted).

Ultimately, if the defendant wants to present evidence, he must do so through live witnesses, not hearsay.  Certainly, by this motion, the United States does not seek to violate the defendant's Fifth Amendment

*United States. v. Wells*
3:13-cr-00008-RRB-JDR            Page 4 of 6

privilege against self-incrimination. He may choose not to testify. However, *Ortega* teaches that he may not "use the Confrontation Clause as a means of admitting hearsay testimony through the 'back door' without subjecting [himself] to cross examination." *Ortega*, 203 F.3d at 683; *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1987) (defendant "was not prevented from introducing his denial—he could have testified to the statement himself. He chose not to testify. It seems obvious defense counsel wished to place [defendant's] statement . . . before the jury without subjecting [defendant] to cross-examination, precisely what the hearsay rule forbids."); *see also Williamson v. United States*, 512 U.S. 594, 599-600 (1994) ("[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts. One of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature.")

*Mitchell*, *Ortega* and their progeny preclude defendant from introducing his own prior statements during the government's case in

*United States. v. Wells*
3:13-cr-00008-RRB-JDR						Page 5 of 6

chief. The government seeks a pretrial ruling to this effect so that neither cross-examination nor attorney argument strays into this prohibited area.

RESPECTFULLY SUBMITTED on April 16, 2014, in Anchorage, Alaska.

                                      s/ Karen L. Loeffler
                                      KAREN L. LOEFFLER
                                      United States Attorney

                                      s/ Bryan Schroder
                                      BRYAN SCHRODER
                                      Assistant U.S. Attorney
                                      United States of America

                                      s/ Kathleen A. Duignan
                                      KATHLEEN A. DUIGNAN
                                      Special Assistant U.S. Attorney
                                      United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2014,
a copy of the foregoing was served
via the CM/ECF system on all counsel
of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*United States. v. Wells*
3:13-cr-00008-RRB-JDR                  Page 6 of 6