KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov
       bryan.schroder@usdoj.gov
       kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S MOTION IN LIMINE REGARDING PROPER IMPEACHMENT WITH PRIOR INCONSISTENT STATEMENTS** |
| vs. | ) | |
| JAMES MICHAEL WELLS, | ) | |
| Defendant. | ) | |

COMES NOW the UNITED STATES OF AMERICA and files its Motion in Limine Regarding Impeachment With Prior Inconsistent Statements and in support thereof states as follows:

*Basis for Motion*

Throughout trial, counsel for the defense has sought to impeach witnesses (both government and defense) with prior statements given by the witness to investigators. On numerous occasions, counsel has failed to follow the proper procedures for the attempted impeachment. The purpose of this Motion is to remind the Court and counsel of the proper procedures.

*Law*

Use of a witness's prior statement (when the statement is being used for impeachment and not substantive evidence) involves the interplay between Federal Rules of Evidence (FRE) 103(d), 607, 612 and 613.

FRE 103(d) provides that the trial judge should prevent inadmissible evidence from being suggested to the jury by any means, including counsel asking improper questions in the presence of the jury. *United States v. McCabe*, 131 F.3d 149, *5 (9th Cir. 1997). A "line of

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

2

questioning that repeatedly incorporates inadmissible evidence can be just as improper as the direct admission of such evidence." *United States v. Sine*, 493 F.3d 1021, 1031-32 (9th Cir. 2007) (*citing cases*).

Here, the defense should not be permitted to use the guise of a question to get otherwise inadmissible evidence before the jury.

FRE 612 allows a witness's memory to be refreshed by showing the witness a statement or writing. However, when refreshing recollection, defense counsel may not read from the statement or ask leading questions which incorporate portions of the writing. *York v. United States*, 389 F.2d 761, 762 (9th Cir. 1968) ("It was error to permit the jury to hear these statements. To refresh the witnesses' recollection it was not necessary for counsel to read the statements aloud in the jury's presence. This is liable to cause the jury to consider their contents as evidence notwithstanding instructions to the contrary."); *McCabe*, 131 F.3d 149 at *5 ("Defense counsel's questions demonstrate that he failed to understand the impropriety of attempting to refresh [the witness's] recollection by incorporating into his question the content of material which had not been admitted into evidence. The proper procedure would have been to either excuse the jury and attempt to

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

3

refresh [the witness's] recollection with the material or to request that the witness silently review the material and determine whether it refreshes her recollection. She could then be asked if her recollection had been refreshed.") (*citations omitted*).

Thus, defense counsel should not be permitted to read any of the statement to the witness in an attempt to refresh the witness's recollection.

FRE 607 allows the defense to impeach its own witness. However, the defense "must not knowingly elicit testimony from a witness in order to impeach him with otherwise inadmissible testimony." *United States v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir.1990). Impeachment is improper when employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible. *Id.* Before the testimony is elicited in the presence of the jury, the Court must make a determination "as to whether [counsel] examined the witness for the primary purpose of placing before the jury substantive evidence which is otherwise inadmissible." *United States v. Gilbert*, 57 F.3d 709, 711 (9th Cir. 1995).

FRE 613 was not "intended to take away the district judge's discretion to manage the trial in a way designed to promote accuracy and fairness." *United States v. Marks*, 816 F.2d 1207, 1211 (7th Cir. 1987). FRE 613 "flatly commands disclosure" of the statement to opposing counsel before questioning begins. *United States v. Lawson*, 683 F.2d 688, 694 (2nd Cir. 1982).

In addition, before using the statement, defense counsel must demonstrate to the Court that the statement is "inherently inconsistent." *United States v. Nagle*, 2013 WL 3894841, *72 (M.D. Pa. 2013).

Under FRE 613, prior to using a statement to impeach a witness, counsel must adequately describe to the witness the circumstances surrounding the previous statement and give the witness the opportunity to explain or deny the statement. *United States v. Schnapp*, 322 F.3d 564, 572 (8th Cir. 2003); *United States v. McLaughlin*, 663 F.2d 949, 953 (9th Cir. 1981); *Wood v. Stihl*, 705 F.2d 1101, 1109 (9th Cir. 1983) (Rule 613(b)'s foundation requirement is satisfied if the witness is asked if "he made the statement, giving its substance, naming the time, the place, and the person to whom it was

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

5
Case 3:13-cr-00008-SLG   Document 643   Filed 04/18/14   Page 5 of 7

made.")

Here, before impeaching the witness, the defense must 1) show the statement to counsel for the government; 2) demonstrate to the Court that the statement is inherently inconsistent with the witness's testimony on the stand; 3) properly orient the witness regarding the circumstances of the prior statement; and 4) provide the witness with the opportunity to explain or deny statement.

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

RESPECTFULLY SUBMITTED this April 18, 2014, in Anchorage, Alaska.

s/ KAREN L. LOEFFLER
KAREN L. LOEFFLER
United States Attorney

s/ BRYAN SCHRODER
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ KATHLEEN A. DUIGNAN
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2014 a true and correct copy of the foregoing was served electronically via the CM/ECF system, on all counsel of record.

s/ KATHLEEN A. DUIGNAN
Office of the U.S. Attorney

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

7
Case 3:13-cr-00008-SLG   Document 643   Filed 04/18/14   Page 7 of 7