KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov
       bryan.schroder@usdoj.gov
       kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-RRB-JDR |
|---|---|
| Plaintiff, | ) |
| vs. | ) **GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUESTED JURY INSTRUCTION REGARDING DEFENDANT'S CHARACTER FOR PEACEFULNESS AND NON-VIOLENCE** |
| JAMES MICHAEL WELLS, | ) |
| Defendant. | ) |

COMES NOW the UNITED STATES OF AMERICA and files its

Response to Defendant's Requested Jury Instruction Regarding Defendant's Character for Peacefulness and Non-Violence, as follows:

### *Basis for Motion*

By letter to the Court, the defense has proposed a jury instruction regarding the defendant's character trait of peacefulness and non-violence. The government objects to the proposed instruction in that 1) the crimes charged and evidence as presented in this case do not warrant the instruction; and 2) the instruction misstates applicable Ninth Circuit law.

The Ninth Circuit Pattern Instruction regarding character reads as follows:

> You have heard evidence of the defendant's character for [e.g., truthfulness, peacefulness, honesty, etc.]. In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.

As discussed below, this Pattern Instruction is sufficient in this case.

### *The Evidence Does Not Warrant the Instruction*

The defendant here is accused of premeditated murder and, as such, "the salient question was whether he formed the intent to kill and

*United States v. Wells*
3:13-cr-00008-RRB-JDR

if so, whether he premeditated the killing. That a person has or has not killed people in the past is not relevant to these questions. A person with a non-violent past can commit a premeditated murder." *Drayden v. White*, 1998 WL 398157, *17 (N.D. Calif. 1998) (affirming exclusion of testimony by doctor that "this man doesn't have a history of violence").

Here, the defendant's character is not an element of any charge or defense in this case. *See United States v. Lecco*, 438 Fed.Appx. 187, 190 (4th Cir. 2011) (murder and gun charges); *United States v. Dellinger*, 2013 WL 5929946, *2 (D. Ariz. 2013) (assault charges). Thus, the defendant's character evidence should not be singled out for a special instruction. In *United States v. Burke*, 781 F.2d 1234 (7th Cir. 1985) (defense called 10 witnesses to testify as to his law abiding nature) the court expounded at length on the problems inherent in such an instruction:

> The "standing alone" instruction conveys to the jury the sense that even if it thinks the prosecution's case compelling, even if it thinks the defendant a liar, if it also concludes that he has a good reputation this may be the "reasonable doubt" of which other instructions speak. A "standing alone" instruction invites attention to a single bit of evidence and suggests to jurors that they analyze this evidence all by itself. No instruction flags any other evidence for this analysis—not eyewitness evidence, not

*United States v. Wells*
3:13-cr-00008-RRB-JDR

3

physical evidence, not even confessions. There is no good reason to consider any evidence "standing alone." If a jury ever should be told to consider evidence in isolation, character evidence is the wrong kind to single out. It is usually inadmissible, because it is usually off the point. It does not speak to the question whether the accused committed the crime. People of impeccable reputation may commit crimes, and when they are charged with crime the question is whether they did it, not whether they enjoy a high social standing.

*Id.* at 1239.

In addition, an instruction regarding the defendant's peacefulness may only be given if it is consistent with the evidence presented at trial. *United States v. Ravandi*, 261 Fed.Appx. 46, 48 (9th Cir. 2007) (testimony of defendant's landlord was not adequate). Here, the character evidence adduced by defendant consisted of Federal Rule of Evidence (FRE) 404(a) & 405 questions such as: "Have you ever known Mr. Wells to be violent?" and "Has he ever lost his temper?" No FRE 404(b) evidence was elicited or proffered. Most, if not all, of the witnesses testified that they had little contact with the defendant in the months leading up to the murders. This evidence was not "so highly probative that it must, upon penalty of reversal, be singled out from the bulk of the testimony for special treatment." *Carbo v. United States*,

314 F.2d 718, 746 (9th Cir. 1963). In an almost identical set of circumstances, an instruction similar to the one proposed here by the defense was rejected by the Ninth Circuit. *United States v. Maloney*, 699 F.3d 1130, 1138-40 (9th Cir. 2012) (three character witnesses testified regarding defendant's reputation for honesty, truthfulness and integrity), *opinion vacated en banc on other grounds*, __ F.3d __, 2014 WL 801450 (9th Cir. 2014).

The charges brought against the defendant and the character evidence introduced by defendant do not support the proposed instruction.

### *Instruction Misstates the Law*

A single jury instruction may not be judged in isolation, but must be viewed in the context of the overall charge. *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1991). The court has wide latitude in tailoring jury instructions as long as the instructions taken as a whole fairly and adequately guide the jury's deliberations and cover the issues presented. *United States v. Peppers*, 697 F.3d 1217, 1120 (9th Cir. 2012).

*United States v. Wells*
3:13-cr-00008-RRB-JDR

5

The defendant's proposed instruction misstates Ninth Circuit law in that it allows evidence of his good character, standing alone, to create a reasonable doubt. The Ninth Circuit has determined an instruction specific to a defendant's character does not "require any more than that the jury be freely permitted to consider character evidence along with all other evidence upon the issue of guilt." *Carbo*, 314 F.2d at 746. Thus, a court should simply instruct the jury "to evaluate the statements of all witnesses and to take into account any factors that bear on the believability of any witness." *United States v. Neuman,* 2013 WL 5787176, *4 (D. Or. 2013). The defense's proposed instruction "artificially singles out one aspect of the proof and gives it sort of prominence above all others by implication." *United States v. Gupta,* __ F.3d __, 2014 WL 1193411, *27 (2nd Cir. 2014) (*quoting trial court's opinion with approval*).

//
//
//
//

*United States v. Wells*
3:13-cr-00008-RRB-JDR

RESPECTFULLY SUBMITTED this 22nd day of April, 2014, in Anchorage, Alaska.

> s/ KAREN L. LOEFFLER
> KAREN L. LOEFFLER
> United States Attorney
>
> s/ BRYAN SCHRODER
> BRYAN SCHRODER
> Assistant U.S. Attorney
> United States of America
>
> s/ KATHLEEN A. DUIGNAN
> KATHLEEN A. DUIGNAN
> Special Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2014 a true and correct copy of the foregoing was served electronically via the CM/ECF system, on all counsel of record.

s/ KATHLEEN A. DUIGNAN
Office of the U.S. Attorney

*United States v. Wells*
3:13-cr-00008-RRB-JDR