IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>    Defendant. | Case No. 3:13-cr-0008-RRB<br><br>**ORDER DENYING TESTIMONY<br>OF JASON BARNUM** |

    Defendant has asked the Court to permit the testimony at trial of witness Jason Barnum. Mr. Barnum is currently in the custody of the State of Alaska for an unrelated criminal matter, but was in Kodiak, Alaska, at the time of the murders, along with thousands of other Alaskans. Mr. Barnum appeared in court, but outside the presence of the jury, on April 18, 2014, for the Court to determine whether he had any relevant testimony to provide. The Court considered additional testimony outside the presence of the jury on April 22, 2014, by various persons who had seen Mr. Barnum on Kodiak Island at or near the time of the murders.

    The law is clear that Defendant is entitled to present evidence of third-party culpability, even when the basis for such a claim is weak and speculative. United States v. Stever, 603 F.3d 747 (9th Cir. 2010). On the other hand, the evidence presented must

have some relevance to the crime in question and must satisfy the Miller factors as set forth in Miller v. Stagner, 757 F.2d. 988, 994 (9th Cir. 1985).

The proffered testimony of Mr. Barnum does not satisfy the Miller factors. There is no evidence that Mr. Barnum knew or ever had any relationship with either of the victims in this matter or their friends, families, or acquaintances. There is no evidence that Mr. Barnum had any familiarity with the general location of the murders or had any knowledge as to where they occurred. And there is no evidence that Mr. Barnum had the motive, means, or opportunity to carry out the murders that are the subject of this criminal action, especially considering the very unique circumstances under which the murders occurred. Furthermore, witnesses Burton, Hinson, Fisher, Thyen, and Parsley provided no information connecting Mr. Barnum to these crimes or to the victims or their families.

The Court sat roughly five feet from Mr. Barnum during his testimony and was able to study him closely. Mr. Barnum's appearance was dramatic and unsettling and his demeanor and history cause the Court to conclude that Barnum would gladly disrupt the proceedings or blurt out things just for the shock value. His attorney was obviously surprised by some of Mr. Barnum's comments. While Mr. Barnum would likely enjoy the attention his appearance at trial would bring, he has nothing meaningful, reliable, or relevant to offer.

In addition to ensuring a fair trial for all involved, the Court has an obligation to maintain the integrity of the proceedings and to guard against unnecessary drama and

ORDER DENYING TESTIMONY OF
  JASON BARNUM - 2
3:13-cr-0008-RRB

Case 3:13-cr-00008-SLG   Document 658   Filed 04/22/14   Page 2 of 3

unfair prejudice. Given the lack of any probative value of Mr. Barnum's testimony, given the confusion it could cause, and given the potential prejudice it could lead to, the Court concludes that Mr. Barnum should not be permitted to testify at trial. Moreover, witnesses Burton, Hinson, Fisher, Thyen, and Parsley have not provided anything relevant to these proceedings and will not be permitted to testify at trial.

The Court has permitted Defendant to present and develop several third-party culpability theories, over the Government's objections. These theories include the "Hannah theory," the "Brennick theory," the "widow theory," the "paramour theory," and other theories unnamed. While each of these theories are highly speculative themselves, there is at least a connection of some sort between the witnesses and one of the deceased or a family member of one of the deceased and some possible familiarity with the location of the murders. Defendant, therefore, has not been precluded from making a third-party culpability argument pursuant to <u>Miller</u> and is not unfairly prejudiced by the Court's decision precluding Mr. Barnum's testimony.

**IT IS SO ORDERED** this 22nd day of April, 2014.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE