# EVIDENCE OF CHARACTER FOR PEACEFULNESS OR NON-VIOLENCE

The defendant has offered evidence of his character for peacefulness or non-violence. You should consider such evidence along with all the other evidence in the case.

Evidence of peacefulness or non-violence may be sufficient to raise a reasonable doubt as to whether the defendant is guilty, because you may think it improbable that a person of such character would commit such a crime.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## Comment

"'[G]ood character, when considered in connection with the other evidence in the case, may generate a reasonable doubt. The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although without it the other evidence would be convincing.'"

*Carbo v. United States*, 314 F.2d 718 (9th Cir. 1963) (*quoting Edgington v. United States*, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896)).

*See also* attached.

4.39 **Defendant's Character Evidence**

**You have heard** *(reputation)(opinion)(reputation and opinion)* **evidence about whether the defendant has a character trait for** *(name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.)*.

**You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charge***(s)* **beyond a reasonable doubt.**

Comment

*See* Sixth Circuit § 7.09, Seventh Circuit § 3.06, and Ninth Circuit § 4.4. For variations, *see* O'Malley et al., supra, § 15.15; Sand et al., supra, 5-14 and 5-15; Fifth Circuit § 1.09; Eighth Circuit § 4.03; and Eleventh Circuit § 12.

This instruction should be included in the final charge to the jury when the defendant has introduced evidence of good character under Rule 404(a)(1) of the Federal Rules of Evidence. *See United States v. Spangler*, 838 F.2d 85, 87 (3d Cir.), *cert. denied*, 487 U.S. 1224 (1988). Under Rule 404, the government is precluded from introducing evidence of the defendant's bad character unless the defendant first introduces evidence of good character. Rule 404(a)(1) allows a defendant to introduce evidence of a pertinent character trait to establish action in conformity therewith. Rule 405 allows character witnesses to testify either to the defendant's reputation or to their own opinions as to defendant's character. The defendant's character evidence "constitutes substantive evidence which, under certain circumstances, can raise a reasonable doubt as to his guilt, even though it does not relate to the specific criminal act of which he is accused." *United States v. Logan*, 717 F.2d 84, 88 (3d Cir. 1983). Under Rule 405, character witnesses are not permitted to testify to good acts. *See* Instruction 2.17 (Impeachment of Defendant's Character Witness).

There is disagreement concerning whether the jury should be instructed that proof of defendant's good character, standing alone, may be sufficient to create a reasonable doubt. In *Edgington v. United States*, 164 U.S. 361, 364 (1896), the Court held that the trial court committed error by instructing the jury that evidence of good character played a role only when the "commission of the crime was doubtful" and further noted that evidence of good character could raise a reasonable doubt. *Id.* at 366; *see also Michelson*

*v. United States*, 335 U.S. 469, 476 (1948). However, the Court has never held that the jury must be instructed that character evidence may raise a reasonable doubt, although *Michelson* includes dictum to that effect. 355 U.S. at 476. The views of the various circuits range from the position that the defendant is entitled to the instruction to the view that the instruction is improper. *See Spangler v. United States*, 487 U.S. 1224 (1988) (White, J., dissenting from denial of certiorari) (summarizing division of authority). In *United States v. Spangler*, 838 F.2d 85 (3d Cir.), *cert. denied*, 487 U.S. 1224 (1988), the Third Circuit held that the trial court may decline to give the "standing alone" instruction provided the court gives an instruction that "calls the jury's attention to its duty to take character evidence into account with all of the other evidence in deciding whether the government has proved its charge beyond a reasonable doubt." *Id.* at 87.

Most recently, the Third Circuit addressed the character evidence instruction in a non-precedential opinion, *United States v. Long Fei Lin*, 104 F. App'x. 241 (3d Cir. 2004). The court stated that *Spangler* is dispositive on the question of the "standing alone" instruction and held that the following instruction, which "largely mirrored" the instruction approved in *Spangler*, was not clearly erroneous:

> You have heard testimony that a defendant has a good reputation in his community for being honest and law-abiding. You may consider such evidence, along with all other evidence in the case, in reaching your verdict. Evaluate such character evidence, along with all of the other evidence in this case, in deciding whether the government has proved the crime charged beyond a reasonable doubt."

*See also United States v. Morrow*, 351 F.App'x. 649, 651 (3d Cir. 2009) (non-precedential) (holding defendant not entitled to instruction that character evidence alone was sufficient to create reasonable doubt).

(revised 11/10)

## 1.09

## CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### Note

*United States v. Callahan*, 588 F.2d 1078 (5th Cir. 1979), *cert. denied*, 100 S.Ct. 49 (1979), approved this instruction. However, it is generally not error to refuse this instruction. *United States v. Baytank*, 934 F.2d 599, 614 (5th Cir. 1991).

## 7.09 CHARACTER AND REPUTATION OF DEFENDANT

You have heard testimony about the defendant's good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crime charged.

**Committee Commentary 7.09**
(current as of December 1, 2009)

Some instruction on the defendant's good character is required if supported by the evidence. *See* Edgington v. United States, 164 U.S. 361, 365-67 (1896); *accord* United States v. Huddleston, 811 F.2d 974, 977 (6th Cir. 1987). But there is disagreement about whether the instruction must say that good character evidence "standing alone" may create a reasonable doubt of guilt. *See* Spangler v. United States, 487 U.S. 1224 (1988) (White, J., dissenting from denial of certiorari) (noting disagreement).

Old Supreme Court cases provide some support for the position that "standing alone" language may be appropriate, at least in some circumstances. *See Edgington, supra,* 164 U.S. at 366 ("The circumstances may be such that . . . good character . . . would alone create a reasonable doubt."); Michelson v. United States, 335 U.S. 469, 476 (1948) ("[T]his Court has held that such testimony alone, in some circumstances, may be enough to raise a reasonable doubt of guilt and that in the federal courts a jury in a proper case should be so instructed.").

In Poliafico v. United States, 237 F.2d 97, 114 (6th Cir.1956), the court, without extensive analysis, rejected the argument that "standing alone" language should have been included in the district court's instructions. The Sixth Circuit characterized the instructions given, which told the jury to consider the good character evidence along with all the other evidence in the case, as "proper," citing *Edgington* in support. In *Huddleston, supra,* the Sixth Circuit, again without extensive analysis, held that the district court adequately met its responsibility to instruct on good character evidence by instructing the jury to consider such evidence along with all the other evidence in determining whether the government had sustained its burden of proving guilt beyond a reasonable doubt. Based on these cases, the Committee has omitted the "standing alone" language. *See also* United States v. Kirkland, 1994 WL 454864 at 9 n.8, 1994 U.S. App. LEXIS 22925 at 27 n.8 (6th Cir. 1994) (unpublished) (describing "standing alone" language as "not warranted under the law") (*citing* Poliafico v. United States, 237 F.2d 97, 114 (6th Cir. 1956)).

### 3.08 CHARACTER EVIDENCE REGARDING DEFENDANT

You have heard testimony about the defendant's [good character; character for _____]. You should consider this testimony together with and in the same way you consider the other evidence.

**Committee Comment**

See Fed. R. Evid. 404(a)(1). Until 1985, the Seventh Circuit adhered to the idea that when evidence of the defendant's good character was introduced, an instruction was required stating that such evidence "standing alone" could provide a reasonable doubt regarding the defendant's guilt. See *United States v. Donnelly*, 179 F.2d 227, 233 (7th Cir. 1950). This requirement rested on a reading of *Edgington v. United States*, 164 U.S. 361 (1896), and *Michelson v. United States*, 335 U.S. 469 (1948). However, in *United States v. Burke*, 781 F.2d 1234, 1238–42 (7th Cir. 1985), the court abandoned the "standing alone" instruction:

> The "standing alone" instruction conveys to the jury the sense that even if it thinks the prosecution's case compelling, even if it thinks the defendant a liar, if it also concludes that he has a good reputation this may be the "reasonable doubt" of which other instructions speak. A "standing alone" instruction invites attention to a single bit of evidence and suggests to jurors that they analyze this evidence all by itself. No instruction flags any other evidence for this analysis – not eyewitness evidence, not physical evidence, not even confessions. There is no good reason to consider any evidence "standing alone."

*Id.* at 1239 (emphasis in original).

While *Burke* makes clear that a "standing alone" instruction is never required, the court has said that it may sometimes be permissible, though it has not identified circumstances in which that might be the case. See *United States v. Ross*, 77 F.3d 1525, 1538 (7th Cir. 1996) ("This Court has repeatedly held that such an instruction, while sometimes allowable, is never necessary."); *Burke*, 781 F.2d at 1242 n.5. Several other Circuits also recognize that there may be situations in which the instruction can be used. See *United States v. Winter*, 663 F.2d 1120, 1147–49 (1st Cir. 1981); *United States v. Pujana-Mena*, 949 F.2d 24, 27–32 (2d Cir. 1991); *United States v. Spangler*, 838 F.2d 85, 87–88 (3d Cir. 1988); *United States v. Foley*, 598 F.2d 1323, 1336–37 (4th Cir. 1979).

GENERAL MATTERS 1.09

### 1.09

### EVIDENCE OF GOOD CHARACTER

[The defendant has offered evidence of his reputation for good character.] [The defendant has offered evidence of someone's opinion as to his good character.] You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

#### Comment

The Committee suggests that *United States v. McMurray*, 656 F.2d 540, 550–51 (10th Cir. 1980), neither mandates nor precludes the use of the word "alone." See *United States v. Daily*, 921 F.2d 994, 1010 (10th Cir. 1990), *overruling on other grounds recognized by United States v. Schleibaum*, 130 F.3d 947, 949 (10th Cir. 1997). The matter is, however, subject to some debate.

There is no *per se* rule that the "evidence of good character *alone*" instruction must be given either sua sponte or upon request. The trial courts should consider this issue on a case-by-case basis, and give the "evidence of good character *alone*" instruction when the circumstances of a particular case so require. See, e.g., *Michelson v. United States*, 335 U.S. 469, 476 (1948); *Edgington v. United States*, 164 U.S. 361, 366 (1896); *Oertle v. United States*, 370 F.2d 719, 727 (10th Cir. 1966) (en banc); *Bird City Equity Mercantile Exch. v. United States*, 338 F.2d 790, 791–92 (10th Cir. 1964).

19

## 12
## Character Evidence

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

**ANNOTATIONS AND COMMENTS**

> Rule 404. [Fed. R. Evid.] Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes
>
> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> (1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same; . . .

See *United States v. Broadwell*, 870 F.2d 594, 609 (11th Cir. 1989), *cert. denied*, 493 U.S. 840, 110 S. Ct. 125, 107 L. Ed. 2d 85 (1989).

*United States v. Darland*, 626 F.2d 1235 (5th Cir. 1980) held that it can be plain error to refuse this instruction when the Defendant offers evidence of good character; and, further, the admission of such evidence may not be conditioned on the Defendant testifying as a witness. Character evidence may be excluded, however, when the proffered witness has an inadequate basis for expressing an opinion as to the Defendant's character. *United States v. Gil*, 204 F.3d 1347 (11th Cir. 2000). A distinction must be drawn between evidence of a pertinent trait of the Defendant's character, offered under Fed. R. Evid. 404(a)(1), and evidence of the character of a witness for truthfulness (including the Defendant as a witness) offered under Fed. R. Evid. 608(a). This instruction should be given when the evidence has been admitted under Rule 404. Basic Instruction 6.7 should be given when evidence has been admitted under Rule 608.

In either case - - whether character evidence is admitted under Rule 404 or Rule 608 - -Rule 405(a) provides that such "proof may be made by testimony as to reputation or by testimony in the form of an opinion."