Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
907-646-3400

Peter Offenbecher, Esq.
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, Washington 98101
206-623-6501

Attorneys for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**DEFENSE RESPONSE TO GOVERNMENT OPPOSITION REGARDING JURY INSTRUCTION ON MR. WELLS' CHARACTER FOR PEACEFULNESS AND NONVIOLENCE** |

James Wells, through counsel Rich Curtner, Federal Defender, and Peter Offenbecher, Esq., hereby replies to the government's opposition (Docket No. 657) to the proposed jury instruction regarding his character for peacefulness and non-violence (Docket No. 660). Mr. Wells is charged with two counts of Murder in the First Degree in violation of 18 U.S.C. §§ 7(3) and 1111(a) and (b); two counts of Murder of an Officer or Employee of the United States in violation of 18 U.S.C. §§ 1114 and 1111; and two counts of Possession and Use of a Firearm in Relation to a Crime of Violence in violation of 18

U.S.C. §§ 924(c) and (j). The salient question in this case is who committed the homicides at the United States Coast Guard COMMSTA on April 12, 2012. A suspect's character for peacefulness and non-violence is highly relevant to the jury in determining who could have committed these violent murders. Mr. Wells has a right to have the jury consider this critical evidence as part of his complete defense, which he has a right to present pursuant to the Fifth and Sixth Amendments to the United States Constitution. *See United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010). Indeed, it may be the most important evidence in this case.

I. **FACTS PERTAINING TO MOTION**

A number of the government and defense witnesses testified that Mr. Wells was a peaceable and nonviolent person in the community and at work. For example,

- Thomas Jefferson Eskew, who worked with Mr. Wells at the USCG, testified that he never saw Mr. Wells violent in any fashion;

- Commander Musman, who worked with Mr. Wells at the USCG, testified that he never saw Mr. Wells violent or losing his temper;

- Commander Tlapa, who worked with Mr. Wells at the USCG, testified that he did not ever see Mr. Wells violent;

- Luke Robinson, who was a friend of Mr. Wells' son Matthew Wells, testified that he had not ever seen Mr. Wells violent;

- Matthew Wells, Mr. Wells' son, testified that his father never raised a hand to him and was never violent;

- Cable Wells, Mr. Wells' son, testified that his father was never violent;

- Dale Rice, a friend of Mr. Wells for 36 years, testified that he had never known Mr. Wells to be violent or threatening;

- Marie Rice, a friend of Mr. Wells for 36 years, testified that based on her personal knowledge Mr. Wells had a reputation for peacefulness;

- Commander Cesar Acosta, who worked with Mr. Wells at the USCG, testified that he never saw Mr. Wells lose his temper and never even saw him raise his voice, although he was stern about matters of safety;

- Dr. Gary Carver, a long-time friend of Mr. Wells, testified that Mr. Wells has a character for nonviolence;

- Mr. Hank Pennington, another long-time friend of Mr. Wells, testified that he never knew Mr. Wells to be violent or lose his temper;

- Ms. Amanda Sanford, a coworker of Mrs. Wells and family friend, testified that she did not know Mr. Wells to be violent.

## II. GROUNDS FOR RELIEF AND ARGUMENT

Mr. Wells' character for peacefulness and nonviolence is part of his defense in this case and critical to the jury's determination of his innocence. The government has offered *Drayden v. White*, 1998 WL 398157, *17 (N.D. Calif. 1998) in support of the proposition that the salient question in a trial for premeditated murder is the formation of intent to kill. The government offers a quote that a "person with a non-violent past can commit a premeditated murder." *Drayden* is inapposite because the defendant in *Drayden* confessed to the killing so there was no question about the identity and character of the killer; premeditation was the issue.

The government argues against a "standing alone" instruction, citing *United States v. Burke*, 781 F.2d 1234 (7th Cir. 1985). Mr. Wells has specifically not used "standing alone" language in his proposed instruction. In fact, the proposed instruction reads that the jurors "should consider such evidence [for peacefulness or non-violence] along with all the other evidence in the case."

Mr. Wells' character for nonviolence and peacefulness is expressly at issue when he is accused of a violent murder. "A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." *See, e.g., United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990). A person's character for violence and peacefulness is a matter that a jury would consider probative in evaluating whether a person committed a violent murder because it would be illustrative of a person's nature to behave in a violent fashion in line with perpetrating a violent act. There is no other jury instruction which highlights the critical issue of Mr. Wells' character for peacefulness in a murder trial.

Mr. Wells has elicited testimony from a dozen witnesses about his character for peacefulness and nonviolence, as noted above. This evidence is highly probative of Mr. Wells' character for peacefulness and nonviolence in the community and at his workplace, which should be highlighted to the jury. *See Carbo v. United States*, 314 F.2d 718, 746 (9th Cir. 1963). The government argues that there was an almost identical set of circumstance presented by an instruction on a defendant's character for honesty in a marijuana distribution case. *United States v. Maloney*, 699 F.3d 1130, 1138-40 (9th Cir. 2012), *opinion vacated en banc on other grounds*, ___ F.3d ___, 2014 WL 801450 (9th Cir. 2014). The *Maloney* case is not on point because honesty in a marijuana case has nothing to do with non-violence in a violent murder case. Per the government's pleading (Docket No. 657, p. 4), *United States v. Ravandi*, 261 Fed. Appx. 46, 48 (9th Cir. 2007), states that an instruction regarding a defendant's peacefulness should be given when it is consistent with the evidence presented at trial.

### III. CONCLUSION

A defendant's character for peacefulness and nonviolence is particularly pertinent in a violent murder prosecution. Mr. Wells respectfully renews his request that the court include his proposed instruction based on the testimony regarding his character for peacefulness and nonviolence in conjunction with his right to present a defense. This aspect of his character is salient to the jury's deliberation on four charges of violent murder.

DATED at Anchorage, Alaska this 23rd day of April 2014.

Respectfully submitted,

/s/ Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

/s/ Peter Offenbecher, Esq.
Skellenger Bender, P.S.
1301 Fifth Avenue, Suite 3401
Seattle, Washington 98101
Phone: 206-623-6501
Fax: Fax: 206-447-1973
Email: poffenbecher@skellengerbender.com

Certification:
I certify that on April 23, 2014,
a copy of the ***Defense Response to Government
Opposition Regarding Jury Instruction on Mr. Wells'
Character for Peacefulness and Nonviolence*** was
served electronically on:

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Kathleen A. Duignan
Special Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: kathlee.duignan@usdoj.gov

/s/ Rich Curtner