KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov
       bryan.schroder@usdoj.gov
       kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S MOTION IN LIMINE REGARDING INTRODUCTION OF REBUTTAL EVIDENCE** |
| vs. | ) | |
| JAMES MICHAEL WELLS, | ) | |
| Defendant. | ) | |

COMES NOW the UNITED STATES OF AMERICA and files its Motion in Limine Regarding Introduction of Rebuttal Evidence and in support thereof states as follows:

*Basis for Motion*

The defense has objected to the introduction of evidence during the government's rebuttal. The evidence at issue concerns testimony regarding the location and recording capabilities of closed circuit TV cameras in the buildings around the parking lot of the Kodiak Airport and testimony from employees of Servant Air as to whether the defendant was in the Servant Air buildings on the day of the murders. The testimony will show that there were three airport buildings open to the public - the Alaska Airlines terminal, the Island Air building and the Servant Air building. Of those three, only Servant Air did not have a video camera. The testimony will show that only the Alaska Airlines terminal had a camera that oriented in such a way as to allow the camera to view and record activities outside the building and that the cameras in Island Air were not attached to a recording device. In addition, the testimony will show that none of the Servant Air employees who were present in the building the day of the murders saw

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

2

any member of the public enter the buildings that morning.

The defense contends that it did not put on evidence of those matters during its case and therefore the government's evidence is improper because it does not rebut any defense evidence. The defense's argument must fail for several reasons.

First, in its opening statement, the defense very clearly laid out its contention that, on his way to work the morning of the murders, the defendant stopped at the Comfort Inn near the airport to check a low tire. During the process of checking the tire, he had a bout of diarrhea and drove to the Servant Air building to relieve himself. The defense followed this up in its case by calling several friends and the defendant's physician, who testified that the defendant had suffered chronic diarrhea as a result of medical problems near the time of the murders. The testimony of these witnesses regarding defendant's diarrhea would be completely irrelevant to the defense without the clear and unequivocal adoption of the alibi by defense counsel in opening statements. The government's proposed rebuttal evidence directly contradicts the defense and shows a motive for the defendant to choose Servant Air for his alibi – it was the only building without a camera.

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

3

Second, during the government's case-in-chief, an employee of Island Air testified that the day after the murders, defendant entered the Island Air building and stared at the video cameras for such a length of time and in such a manner as to cause her to bring a pilot out into the lobby for possible protection. On cross, the defense sought to imply that the defendant could have visited Island Air simply to get a cup of coffee, not to scope out a possible alibi. The proposed government evidence rebuts this implication by showing the defendant visited other buildings around the airport following the murders.

Third, during its case, the defense introduced video evidence taken from the Alaska Airlines terminal showing both the defendant's white truck and Nancy Well's blue Honda arriving at the airport the day before the murders. The defense witness also testified that she had reviewed video from the terminal for the day of the murders and neither the defendant's truck nor the blue Honda was visible driving by the terminal on that day. The implication here is that, if the defendant had switched cars that day of the murders, one of the cameras around the airport would have caught him in the act. The proposed government evidence rebuts this implication by showing that virtually all of the

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

4
Case 3:13-cr-00008-SLG   Document 663   Filed 04/23/14   Page 4 of 9

area around the airport was not covered by cameras and that the defendant could drive and walk freely around the area without fear of being recorded.

### *Law*

"Where a defendant claims that he was present in an area with an innocent purpose, the government may offer evidence to rebut such claim." *United States v. Trumbauer*, 202 Fed.Appx. 955, 956 (9th Cir. 2006). Here, the defendant has claimed that, the day of the murders, he was at Servant Air due to a bout of diarrhea and implied that, the day after the murders, he visited Island Air was only to get a cup of coffee. The rebuttal evidence proposed by the government is necessary to counter any misimpression which may have arisen in the minds of the jury. *See United States v. Collins*, 90 F.3d 1420, 1429 (9th Cir. 1996) (defendant "introduced evidence purporting to show that he was in the neighborhood for dancing, not burglary. Had the government not introduced the rebuttal testimony, the jury would have been left wondering why [defendant] would have wanted a gun. The government's evidence provided an answer..."); *United States v. Batts*, 573 F.2d 599, 603 (9th Cir. 1978) (rebuttal "merely permitted

completion of the picture as to [defendant's] true involvement and [ ] thereby corrected a distorted view" of defense evidence); *United States v. Marsh*, 451 F.2d 219, 220 (9th Cir. 1971) (allowing testimony on rebuttal which "directly refuted" alibi defense).

In addition, it is well settled that a defendant may not introduce evidence regarding his medical or mental condition and then, through his silence, deprive the government of the means to controvert proof on an issue he has interjected into the case. *See e.g., Estelle v. Smith*, 451 U.S. 454, 465 (1981) (reversing lower court because trial court, not defendant, put mental status at issue and ordered exam). Where the defense presents medical evidence as part of its case, the prosecution is entitled to rebut that evidence with medical or other evidence. *Buchanan v. Kentucky*, 483 U.S. 402, 422-23 (1987) (prosecution could put on its own evidence in rebuttal when defendant put mental status at issue during penalty phase of proceedings and did not take the stand).

Here, the defense explicitly argued the diarrhea/Servant Air theory in its opening and then introduced evidence of his medical condition through his physician. The government is entitled to rebut

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

6

this evidence. *See United States v. Wilson*, 2013 WL 1338710, *5 (E.D. N.Y. 2013) (defendant "cannot *implicitly* argue his mental capacity with evidence containing his own statements while concurrently seeking to prevent the Government from *explicitly* asserting the same.") (*emphasis in original*); *United States v. Nation*, 543 Fed.Appx. 677, 678 (9th Cir. 2013) (allowing rebuttal on issue "defense had implicitly, but repeatedly, attacked").

Even assuming the defense had not somehow put his alibi at issue, the proposed rebuttal evidence is still proper. "A trial court has broad discretion to admit or exclude rebuttal or surrebuttal evidence." *United States v. Nolan* 443 Fed.Appx. 259, 261 (9th Cir. 2011), *quoting, United States v. McCollum*, 732 F.2d 1419, 1426 (9th Cir. 1984). "It is widely recognized that a party who raises a subject in an opening statement 'opens the door' to admission of evidence on that same subject by the opposing party." *United States v. Chavez*, 229 F.3d 946, 952 (10th Cir. 2000).

"The general rule has long been that whether material evidence (which could have been received as part of the case in chief) should be admitted in rebuttal, lies solely within the sound judicial discretion of

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

7

the trial court." *Rodella v. United States*, 286 F.2d 306, 309 (9th Cir. 1960).[1] Witnesses who refute a defendant's alibi may be called in rebuttal, rather than the case-in-chief. *Marsh*, 451 F.2d at 220-21 ("Even if it had been possible for the government to present the testimony of these six witnesses in its case-in-chief, it was within the trial court's discretion to admit it in rebuttal so long as the defendant was permitted to contradict it.")

    Here, the defense will have the opportunity to cross-examine these

---

[1] While not directly on point, courts have allowed otherwise impermissible changes in the order of evidence to rebut assertions made by defense counsel during opening statements. *United States v. Floyd*, 21 F.3d 1116, *4 (9th Cir. 1994) (other crimes – "defense counsel 'opened the door' to the evidence of past marijuana cultivation during opening statement by attempting to establish a misleading alibi."); *United States v. MacKay*, 715 F.3d 807, 839 & 842 (10th Cir. 2013) (opening statement portraying defendant as small town doctor opened the door to evidence that doctor had highest volume of prescriptions in the state); *United States v. Santiago*, 46 F.3d 885, 891-92 (9th Cir. 1995) (bolstering of witnesses on direct "permissible if the defense has attacked the credibility of those witnesses in its opening statement") (*citing cases*); *United States v. Grable*, 200 Fed.Appx. 670, 671 (9th Cir. 2006) (bolstering admissible "to counter Grable's defense, laid out in his trial brief and opening statement"); *United States v. Teron*, 478 Fed.Appx. 683, 685-86 (2nd Cir. 2012) (hearsay admissible to counter defense's assertions during opening that police were lying); *United States v. Davis*, 2013 WL 4026969, * 8 (D. Md. 2013) (defendant raised entrapment "by motion and in his opening statement" justifying predisposition evidence during government's case-in-chief).
*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

8

witnesses and attempt to impeach their testimony.  The testimony directly rebuts assertions made and evidence introduced by the defense. The jury is entitled to hear the government's proposed rebuttal evidence in order to have a complete picture of the nature and purpose of the defendant's activities the day following the murders.

RESPECTFULLY SUBMITTED this April 23, 2014, in Anchorage, Alaska.

s/ KAREN L. LOEFFLER  
KAREN L. LOEFFLER  
United States Attorney

s/ BRYAN SCHRODER  
BRYAN SCHRODER  
Assistant U.S. Attorney  
United States of America

s/ KATHLEEN A. DUIGNAN  
KATHLEEN A. DUIGNAN  
Special Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2014 a true and correct copy of the foregoing was served electronically via the CM/ECF system, on all counsel of record.

s/ KATHLEEN A. DUIGNAN  
Office of the U.S. Attorney

*UNITED STATES v. WELLS*  
3:13-cr-00008-RRB-JDR

9