IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiffs,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>     Defendant. | Case No. 3:13-cr-0008-RRB<br><br><br>**<u>INSTRUCTIONS TO THE JURY</u>** |

## INSTRUCTION NO. 1

Fifteen (15) of you have been chosen as jurors in this case. Three of you will be selected randomly as the alternates at the conclusion of the case. The law only permits twelve jurors to decide this matter. Before you take the juror's oath, I want to impress upon you the seriousness and importance of being a member of the jury. Trial by jury is a fundamental right in the United States of America. It assures that each case will be decided by citizens who are fairly selected, who come to a case without bias, and who will attempt to render a fair verdict upon the evidence presented.

You took an oath before you were examined as to your qualifications to be jurors. Now you are called upon to take a second oath. By this oath you will swear or affirm that you will decide the case on the evidence presented according to the law that I will give you.

When you take the oath, you accept serious and important obligations. The jury system depends on the honesty and the integrity of individual jurors. You affirm that you are truly impartial in this case. You affirm that there is nothing to your knowledge that the parties or I should know about your ability to sit as a juror in this case.

THE OATH WILL NOW BE ADMINISTERED.

## INSTRUCTION NO. 2

You now are the jury in this case. I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be — that is entirely up to you.

**INSTRUCTION NO. 3**

This is a criminal case brought by the United States Government. The Government charges the Defendant with Murder in the First Degree in Counts 1 and 2 in violation of 18 U.S.C. §§ 7(3) and 1111(a) and (b); Murder of an Officer or Employee of the United States in Counts 3 and 4, in violation of 18 U.S.C. §§ 1114 and 1111; and Possession and Use of a Firearm in Relation to a Crime of Violence in Counts 5 and 6, in violation of 18 U.S.C. §§ 924(c) and (j).

The charges against the Defendant are contained in the Indictment. The Indictment simply describes the charge the Government brings against the Defendant. The Indictment is not evidence and does not prove anything.

The Defendant has pled not guilty to the charges and is presumed innocent unless and until the Government proves the Defendant guilty beyond a reasonable doubt. In addition, the Defendant has the right to remain silent and never has to prove innocence or present any evidence.

## INSTRUCTION NO. 4

You are here only to determine whether the Defendant is guilty or not guilty of the charges in the Indictment. The Defendant is not on trial for any conduct or offense not charged in the Indictment.

## INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If, after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if, after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

## INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

## INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. Let me give you an example.

If before you go to bed on a winter night, you look out your window and see it snowing and you reach out the window and feel it on your hand, you have personal knowledge that it is snowing. This is direct evidence.

But, if when you go to sleep the sky and the ground are clear and when you later awaken and the ground is white and covered with snow, you conclude that it snowed even though you did not see the snow fall. This is circumstantial evidence.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## INSTRUCTION NO. 10

You may hear testimony from persons who, because of education or experience, are  permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 11

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

## INSTRUCTION NO. 12

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## INSTRUCTION NO. 13

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

## INSTRUCTION NO. 14

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury box. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 15

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else, including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 16

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in internet chat rooms or through internet blogs, internet bulletin boards, emails or text messaging. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

**INSTRUCTION NO. 17**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Government will then present evidence and counsel for the Defendant may cross-examine. Then, if the Defendant chooses to offer evidence, counsel for the Government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

**INSTRUCTION NO. 18**

At the close of the trial, counsel have the right to argue the case to the jury. The arguments of counsel, based upon study and thought, may be and usually are distinctly helpful; however, it should be remembered that arguments of counsel are not evidence and cannot rightly be considered as such. It is your duty to give careful attention to the arguments of counsel, so far as the same are based upon the evidence which you have heard and the proper deduction there from and the law as given to you by the court in these instructions. But arguments of counsel, if they depart from the facts or from the law, should be disregarded. Counsel, although acting in the best of good faith, may be mistaken in their recollection of testimony given during the trial. You are the ones to finally determine what testimony was given in this case, as well as what conclusions of fact should be drawn there from.

## INSTRUCTION NO. 19

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## INSTRUCTION NO. 20

This is a criminal case brought by the United States Government. The Government charges the Defendant with Murder in the First Degree in Counts 1 and 2 in violation of 18 U.S.C. §§ 7(3) and 1111(a) and (b); Murder of an Officer or Employee of the United States in Counts 3 and 4, in violation of 18 U.S.C. §§ 1114 and 1111; and Possession and Use of a Firearm in Relation to a Crime of Violence in Counts 5 and 6, in violation of 18 U.S.C. §§ 924(c) and (j).

The charges against the Defendant are contained in the Indictment. The Indictment simply describes the charge the Government brings against the Defendant. The Indictment is not evidence and does not prove anything.

The Defendant has pled not guilty to the charges and is presumed innocent unless and until the Government proves the Defendant guilty beyond a reasonable doubt. In addition, the Defendant has the right to remain silent and never has to prove innocence or present any evidence.

## INSTRUCTION NO. 21

The Defendant is charged in Count One of the Indictment with Murder in the First Degree in violation of Sections 7(3) and 1111(a) and (b) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant unlawfully killed Richard W. Belisle;

Second, the Defendant killed Richard W. Belisle with malice aforethought;

Third, the killing was premeditated; and

Fourth, the killing occurred at the United States Coast Guard Communications Facility, Kodiak, Alaska.

To kill with "malice aforethought" means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

"Premeditation" means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

## INSTRUCTION NO. 23

The Defendant is charged in Count Three of the Indictment with Murder in the First Degree in violation of Sections 1114 and 1111 of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant unlawfully killed Richard W. Belisle;

Second, the Defendant killed Richard W. Belisle with malice aforethought;

Third, the killing was premeditated; and

Fourth, Richard W. Belisle was a federal officer or employee.

To kill with "malice aforethought" means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

"Premeditation" means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

**INSTRUCTION NO. 24**

The Defendant is charged in Count Four of the Indictment with Murder in the First Degree in violation of Sections 1114 and 1111 of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant unlawfully killed James A. Hopkins;

Second, the Defendant killed James A. Hopkins with malice aforethought;

Third, the killing was premeditated; and

Fourth, James A. Hopkins was a federal officer or employee.

To kill with "malice aforethought" means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

"Premeditation" means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

## INSTRUCTION NO. 25

The Defendant is charged in Count Five of the Indictment with Using or Carrying a Firearm During and in Relation to the Murder of Richard W. Belisle in violation of Section 924(c)(1)(A) & (B)(ii); and 924(j)(1) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant committed the crime of Murder of Richard W. Belisle as charged in Count One and Three the Indictment, which I instruct you is a crime of violence; and

Second, the Defendant knowingly used or carried the firearm capable of firing .44 caliber ammunition during and in relation to that crime.

The Defendant "used" a firearm if he actively employed the firearm during and in relation to the murder.

The Defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed or transported it in some manner on his person or in a vehicle.

## INSTRUCTION NO. 26

The Defendant is charged in Count Six the Indictment with Using or Carrying a Firearm During and in Relation to the Murder of James A. Hopkins in violation of Section 924(c)(1)(A) & (B)(ii); and 924(j)(1) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant committed the crime of Murder of James A. Hopkins as charged in Count Two and Four the Indictment, which I instruct you is a crime of violence;

Second, the Defendant knowingly used or carried the firearm capable of firing .44 caliber ammunition during and in relation to that crime;

The Defendant "used" a firearm if he actively employed the firearm during and in relation to the murder.

The Defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed or transported it in some manner on his person or in a vehicle.

## INSTRUCTION NO. 27

An act is done "knowingly" if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that the Defendant knew that his acts or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

## INSTRUCTION NO. 28

It is Defendant's position that a person or persons other than him committed the crimes charged. Defendant is not required to prove another person's guilt. It is the prosecution that has the burden of proving the Defendant guilty beyond a reasonable doubt. If, after considering all of the evidence, including any evidence that another person committed the crimes charged, you have a reasonable doubt that Defendant committed the crimes charged, you must find the Defendant not guilty. If, after considering all of the evidence presented, you are convinced beyond a reasonable doubt that Defendant committed the crimes charged, you must find the Defendant guilty.

## INSTRUCTION NO. 29

Evidence has been admitted that the Defendant was not present at the time and place of the commission of the crime charged in the indictment. The Government has the burden of proving beyond a reasonable doubt the Defendant was present at that time and place.

If, after consideration of all the evidence, you have a reasonable doubt that the Defendant was present at the time the crime was committed, you must find the Defendant not guilty.

## INSTRUCTION NO. 30

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

## INSTRUCTION NO. 31

You have heard evidence that the Defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the Defendant's motive and opportunity and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the Defendant is now on trial.

## INSTRUCTION NO. 32

A separate crime is charged against the Defendant in each Count. You must decide each Count separately. Your verdict on one Count should not control your verdict on any other Count.

## INSTRUCTION NO. 35

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## INSTRUCTION NO. 42

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves, except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 44

On the day you reach your verdict, if you should agree upon your verdict before 5:00 p.m., you should have your foreperson date and sign the verdict form unanimously agreed upon by your members and return it immediately into open court in the presence of the entire jury, together with any exhibits and these instructions.

In the event that you do not arrive at a verdict before 5:00 p.m., you may go to your homes or place of abode for the night, but you must return to the jury room to continue your deliberations at 8:30 a.m. the following morning.

DATED this 24th day of April, 2014.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE