KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov
       bryan.schroder@usdoj.gov
       kathleen.a.duignan@uscg.mil

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-RRB-JDR |
|---|---|
| Plaintiff, | ) |
| vs. | ) **GOVERNMENT'S** ) **SENTENCING** ) **MEMORANDUM** |
| JAMES MICHAEL WELLS, | ) |
| Defendant. | ) |

COMES NOW, the United States of America, by and through undersigned counsel, and submits its sentencing memorandum as follows:

## PROCEDURAL HISTORY

The defendant was found guilty of all 6 counts of the Indictment after a 19-day jury trial. The offense of conviction in Count 1 was murder in the first degree of Richard Belisle, a violation of 18 U.S.C. §§ 7(3) and 1111(a) and (b). The offense of conviction in Count 2 was murder in the first degree of James A. Hopkins, a violation of 18 U.S.C. §§ 7(3) and 1111(a) and (b). The offense of conviction in Count 3 was murder of an officer or employee of the United States, Richard Belisle, a violation of 18 U.S.C. §§ 1114 and 1111. The offense of conviction in Count 4 was murder of an officer or employee of the United States, Petty Officer James A. Hopkins, a violation of 18 U.S.C. §§ 1114 and 1111. The offense of conviction in Count 5 was possession and use of a firearm in relation to a crime of violence, the murder of Richard Belisle, a violation of 18 U.S.C. §§ 924(c)(1)(A) & (B)(ii) and 924(j)(1). Finally, the offense of conviction in Count 6 was possession and use of a firearm

in relation to a crime of violence, the murder of James A. Hopkins, a violation of 18 U.S.C. §§ 924(c)(1)(A) & (B)(ii) and 924(j)(1).

## BACKGROUND

On April 12, 2012, Chief Boatswain's Mate (retired) Richard Belisle and Petty Officer First Class James Hopkins reported to work on time and on task for their normal work day at U.S. Coast Guard Communications Station Kodiak, Alaska. Minutes later, they were brutally murdered by their co-worker, James Wells, in a planned, premeditated and deeply personal attack. The facts of that attack, and James Wells' guilt for killing these innocent men, were established in the trial that took place in April. Wells' guilt was proven by the evidence, and determined by the jury that heard that evidence. The Court heard the proof and there is no need to repeat the salient facts in detail here.

James Wells appears before the Court for sentencing facing consecutive life sentences for his unconscionable actions. As the sentence is handed down, it is important to focus on the two innocent men who spent their careers serving their country in the United States Coast Guard and served their families and communities as fathers,

husbands, and neighbors.  Each leaves colleagues and a family devastated by their loss.  Richard Belisle was a man with a quick smile and a good word for everyone.  He was beloved by his family and liked by everyone who knew him.  James Hopkins, a quieter man, was a hard worker dedicated to the mission of the Coast Guard.  He was also a good husband to his wife Debbie and a new grandfather looking forward to travel and new adventures in future retirement.  No one will ever know what unfounded and inexplicable thoughts led James Wells to take their lives.

Nothing we do can salve the wounds left by Wells' horrendous crimes and the loss of these two good men.  We can only attempt to do justice within the bounds of the law.  In this case, that means imposing the consecutive life sentences that truly fit the crimes.  The families will get on with their lives, but will always cherish the memories of all the good things these men did, and the good times they shared with families and friends.  James Wells will deservedly serve the rest of his life in custody.

//

# RECOMMENDED SENTENCE

The only available sentence of incarceration for James Wells is life in prison. Counts 1-4 all require a mandatory sentence of life. However, the Court has some discretion in fashioning whether the sentences run concurrently or consecutively. 18 U.S.C. § 3584. The government agrees with the Pre-Sentence Report (PSR) that Counts 1 and 3, the murder counts related to Mr. Belisle, and Counts 2 and 4, the murder counts related to Petty Officer Hopkins, merge because that grouping represents the same victims, and the same conduct. Those groups of counts should be treated concurrently.

However, the government also agrees with the PSR that Counts 1 and 3, and Counts 2 and 4, call for separate and consecutive sentences because they represent different victims. Each of the victims in this case was a distinct individual, with a family and friends, and hopes and dreams for their remaining years. Those dreams were mercilessly cut short. Both victims also had loving families, who had their fathers and husbands ripped away. While this Court cannot return these men to their families, it can bring them some measure of justice. A separate sentence of life imprisonment is required for each victim to recognize

that there were two lives lost, two families shattered, and two shipmates lost to the crew of COMMSTA Kodiak. Awarding consecutive sentences is in the discretion of the Court, and such a sentence is "normal and ordinary in the enforcement of the criminal laws of the states and the United States." *Bryant v. Civiletti*, 663 F.2d 286, 291 (D.C. Cir. 1981). In *Bryant*, the defendant murdered two FBI agents in the course of their duties, and was sentenced to consecutive terms of life imprisonment. The defendant claimed those sentences were "fundamentally unfair." The District of Columbia Circuit found that contention "wholly frivolous." *Id*. at 290-91.

The Court must also award a sentence for the defendant's use of a firearm in his violent crime. This is important in a nation that values the right to keep and bear arms under the Second Amendment to the Constitution. Owning a firearm is a privilege recognized by the Constitution and Supreme Court precedent. But with that privilege must come responsibility. When a person misuses such a powerful weapon, especially with intent to end the life of the victim, the accountability for that act must be clear and uncompromising.

Moreover, the sentence for use of a firearm in this brutal murder should reflect the planning and the ruthlessness of the crime. The murders of Mr. Belisle and Petty Officer Hopkins were meticulously planned, not just to increase Wells' opportunity to escape, but also to assure that the death of both men was guaranteed. The defendant fired multiple shots at close range from a .44 magnum handgun; he made sure there would be no survivors.

The government will not contest the PSR's conclusion that the minimum sentence for the violations of 18 U.S.C. § 924(c)(1)(A) is 10 years imprisonment. Normally, a second § 924(c) conviction would be punishable by a mandatory minimum sentence of 25 years under § 924(c)(1)(C). However, because the government did not specifically charge subsection (C) in the Indictment, and in light of the line of cases associated with *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the government will not argue for a mandatory minimum 25 years for Count 6.

However, under 18 U.S.C. § 924(j)(1), which was charged as part of Counts 5 and 6 because the firearm was used to commit first-degree murder, life imprisonment is an appropriate sentence and is

recommended by the government. The Court is guided by statute to consider a number of factors in arriving at an appropriate sentence. 18 U.S.C. § 3553. The first factor is the nature and circumstances of the offense. The evidence at trial proved a cold-blooded murder, with a high level of planning designed to ensure that both victims had no chance to survive. An essential part of the planning and the scheme was the brutal use of a high-caliber handgun. Moreover, the gun was stolen, which was also a part of the planning, because the defendant believed it could not be tied to him. In addition to the nature and circumstances of the crime, 18 U.S.C. § 3553 guides the Court to fashion a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides a just punishment for the offense. The defendant's convictions under Counts 1-4 hold him accountable for the murders, but do not reflect the additional seriousness of using a firearm. As discussed above, the right to own or possess a firearm also comes with the responsibility of using it safely. If a defendant uses a firearm to purposefully kill in cold blood, the seriousness of that breach must be reflected in the sentence. Thus, the government is recommending life imprisonment for the convictions of Counts 5 and 6. These sentences,

by statute, must be consecutive to any other sentence. *United States v. Beltran-Moreno*, 556 F.3d 913, 915 (9th Cir. 2009). This includes life sentences. *United States v. Staggs*, 152 F.3d 931 (Table), 1998 WL 447943 (9th Cir. 1998).

Thus, the final recommended sentence from the government is:

- Counts 1 and 3 (the murder of Richard Belisle) – Life imprisonment.
- Counts 2 and 4 (the murder of James Hopkins) – Life imprisonment, consecutive to the sentence for counts 1 and 3.
- Count 5 (use of a firearm in the murder of James Hopkins) – Life imprisonment, consecutive to all other counts.
- Count 6 (use of a firearm in the murder of Richard Belisle) – Life imprisonment, consecutive to all other counts.

## RESTITUTION

The Mandatory Victims Restitution Act ("MVRA") requires courts to order restitution to victims of violent crimes. 18 U.S.C. § 3663A(c)(1)(A)(i). The purpose of restitution under the MVRA is not to punish the defendant, but to "make the victims whole" by restoring to them the value of the losses suffered as a result of the defendant's crime. *United States v. Crandall*, 525 F.3d 907, 916 (9th Cir. 2008). Moreover, "under the MVRA the availability of a civil suit can no longer be considered by the district court in deciding the amount of restitution." *United States v. Cienfuegos*, 462 F.3d 1160, 1168 (9th Cir.

2006); *United States v. Edwards*, 595 F.3d 1004, 1014 (9th Cir. 2010) ("Criminal restitution is mandatory under the MVRA and cannot be waived by a prior civil settlement."); 18 U.S.C. § 3664(f)(1)(B).

The requirement for restitution includes payment for future lost income to the estate of a victim of homicide. *United States v. Cienfuegos*, 462 F.3d 1160, 1164 (9th Cir. 2006). For homicide victims who were military service members, the government may put on evidence showing what types of work the victim would have pursued after discharge from the service. *United States v. Williams*, 946 F.Supp.2d 112, 118 (D. D.C. 2012).

In addition, 18 U.S.C. § 3663A(b)(4) directs the sentencing court to include in the restitution order reimbursement for "transportation, and other expenses incurred [by the victim] during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." Family members of a murder victim are "directly and proximately harmed as a result of the commission of a Federal offense" and as such are "victims" under 18 U.S.C. § 3771(e). *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006) ("The definition of a

'victim' under the CVRA is not limited to the person against whom a crime was actually perpetrated.").

The government can also be a victim under the MVRA. *United States v. Lincoln*, 277 F.3d 1112, 1114 (9th Cir. 2002) ("The MVRA's definition of 'victim' includes the United States government."). Thus, restitution may also be ordered to the United States Coast Guard for expenses incurred to clean and repair property affected by the murders at COMMSTA, Kodiak. *United States v. De La Fuente*, 353 F.3d 766, 774 n. 6 (9th Cir. 2003).

Procedurally, the courts and Congress, through statute, have recognized that it may often be difficult to obtain all of the restitution information by the date of sentencing. Thus, 18 U.S.C. § 3664(d)(1) and (5) provide that restitution figures should be provided to the probation office 60 days before sentencing, but if that is not possible, the court should set a date for a restitution hearing within 90 days after the sentencing.

In this case, in keeping with the requirements of the MVRA, the government will seek restitution for lost income for the families of Richard Belisle and James Hopkins. To that end, the government has

hired an economist who is calculating the present value of lost income pursuant to common principles employed, most often, in the civil context. The government has numbers and a report for the Belisle estate, but has not yet gathered the numbers for the Hopkins estate. Both sets of figures will be provided to the defense along with the basis for the calculations as soon as they are received.

In addition, the government will seek restitution to the United States Coast Guard for the costs of clean up and repair of the Rigger Shop at COMMSTA Kodiak. The government has not yet received those figures, but as with lost income, will provide the figures and bases to the defense upon receipt.

Due to the need to gather the final figures and give the defense time to review any calculations, the government respectfully requests that the Court set a date for a restitution hearing at least 60 days from the date of sentencing, but before the statutory limit of 90 days. The

//


//

government would further suggest that the parties file simultaneous restitution memoranda setting forth any disputes one week before the hearing or at such other time as the Court requests.

RESPECTFULLY SUBMITTED this July 1, 2014, in Anchorage, Alaska.

s/ KAREN L. LOEFFLER
KAREN L. LOEFFLER
United States Attorney
United States of America

s/ BRYAN SCHRODER
BRYAN SCHRODER
Assistant U.S. Attorney
United States of America

s/ KATHLEEN A. DUIGNAN
KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2014, a true and correct copy of the foregoing was served electronically via the CM/ECF system, on all counsel of record.

s/ Bryan Schroder
Office of the U.S. Attorney

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR                    13
Case 3:13-cr-00008-SLG   Document 680   Filed 07/01/14   Page 13 of 13