Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
907-646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　　　Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**JAMES WELLS' BRIEFING REGARDING RESTITUTION** |

James Wells has been sentenced to life imprisonment.  This court requested briefing from the parties regarding restitution.  A restitution hearing is scheduled for September 10, 2014. Mr. Wells, through counsel, Rich Curtner, Federal Defender, submits the following briefing regarding restitution.

Mr. Wells acknowledges that the Mandatory Victim Restitution Act ("MVRA") will apply in this case pursuant to 18 U.S.C. § 3663A(c)(1)(A)(i).  Under the MVRA, the sentencing court may find that the process of determining future lost incomes of deceased victims is laborious and complex and better left to a determination in civil litigation.  *United States v. Serawop,* 505(I)(3)(d) 112 (10th Cir. 2007).  (The families of Mr. Hopkins and Mr.

Belisle have filed a civil suit against Mr. Wells.) The sentencing court may also choose to exercise discretion to undertake such proceedings.

The government has provided to the defense expert reports concerning an analysis of the economic losses resulting from the deaths of James Hopkins and Richard Belisle. These reports include calculations of earning loss and household services loss for both Mr. Hopkins and Mr. Belisle. Future lost income may be ordered under the MVRA if it is not speculative. A calculation of future lost income must be reasonably calculable and not based upon speculation. *United States v. Cienfuegos*, 462 F.3d 1160 (9th Cir. 2006). There is no basis on which to order household services losses.

The government expert reports appear speculative in that they include future lost income with projections of retirement dates at the age of 62 for both victims. The evidence at trial was that Hopkins was planning to retire well before the projected 2020 retirement date provided in the government expert report. The government also provided statistical work earning expectancies from the private sector that are too speculative for the court to consider in calculating a restitution order.

Beyond calculating the loss of possible future lost income, this court must also consider additional factors in fashioning a restitution order.

> The Mandatory Victims Restitution Act requires that a district court consider three factors before ordering restitution: "(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents." 18 U.S.C. § 3664(f)(2)(A)–(C). Any restitution order under this section may be enforced only as against property that is the defendant's own according to the relevant

state law. *See, e.g., United States v. Berger*, 574 F.3d 1202, 1205 (9th Cir.2009).

*United States v. Dann*, 652 F.3d 1160, 1179 (9th Cir. 2011).

A critical consideration by the court in fashioning restitution is that Mr. Wells' assets are jointly controlled with his wife, Nancy Wells. She is an innocent and entirely blameless party in this matter. She leads an exceedingly modest life in their home in Kodiak. She has no retirement. Her only assets are an interest in their home, two cars, and Mr. Wells' retirement accounts. She and her husband have considerable consumer debt. This Court must consider her joint-control of their assets in fashioning restitution. *See* 18 U.S.C. § 3664(f)(2)(A).

Nancy Wells was born in San Luis Obispo, California, the second of four children in a tight-knit family. She graduated from St. Joseph's High School in San Maria and then attended the University of San Francisco where she graduated with a degree in Sociology in 1972. Nancy worked in a number of places doing managerial work before she had children.

After Nancy had her children, she stayed at home for approximately five or six years to care for them. She then worked part time at the Kodiak Community College for a number of years and decided to get her teaching credential, which she earned in 1984. For the following five years she was a substitute teacher until she found her calling and passion as an infant learning coordinator, serving the families of children from birth to 36 months of age with developmental disabilities, and high-risk children. Nancy worked at the Kodiak Area Native Association (KANA) from 1990 until she retired in April 2013. Nancy has helped countless families with special-needs children.

Nancy was not on the island of Kodiak at the time of the homicides. She is a wholly innocent party in this tragedy. The court should not harm Nancy in fashioning restitution for the victims in this case. She has no retirement. She is 63 years old. She will lose her family home. She should not be made destitute by this court.

Nancy has provided a list of their financial assets and liabilities. (*See* Exhibit A, filed separately under seal). This includes the financial cost of defending against the Belisle and Hopkins civil suit seeking tort damages for the deaths of Richard Belisle and James Hopkins. We request the court order protect Nancy's interest in half the value of all assets and debts. And, we request a stay of the restitution order based on the appeal in the above-captioned case pursuant to Fed. R. Crim. P. 38(e), which permits a court to stay restitution pending an appeal. *See Beardslee v. United States*, 2008 WL 4334711, *3 (N.D. CA. Sept. 19, 2008) ("there is no provision in § 3664 which expressly prohibits the exercise of jurisdiction under FRCP 38.... the Court has jurisdiction to stay the restitution judgment pursuant to FRCP 38.") A stay will allow Nancy to secure her half of the assets so she is not left penniless. Since Nancy is entirely blameless in the homicides, she should not be penalized by the restitution judgment.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                                          Page 4

Case 3:13-cr-00008-SLG   Document 697   Filed 08/29/14   Page 4 of 5

DATED at Anchorage, Alaska this 29th day of August 2014.

Respectfully submitted,

/s/ Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on August 29, 2014, a copy of the ***James Wells' Briefing Regarding Restitution*** was served electronically on:

Davina T. Chen, Esq.
Appellate Counsel for James Wells
PO Box 9176
Glendale, CA 91226
Email: davina@davinachen.com

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

Steven E Skrocki
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: steven.skrocki@usdoj.gov

/s/ Rich Curtner