KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

KATHLEEN A. DUIGNAN
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov
       bryan.schroder@usdoj.gov
       kathleen.duignan@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S** |
| vs. | ) | **SENTENCING** |
| | ) | **MEMORANDUM -** |
| JAMES MICHAEL WELLS, | ) | **RESTITUTION** |
| | ) | |
| Defendant. | ) | |

COMES NOW the UNITED STATES OF AMERICA and files its

Sentencing Memorandum regarding restitution as follows.  The

government has engaged an expert economist who determined that Mr. Richard Belisle's future earnings and loss of household services result in a restitution amount of $ 770,470.00. Electrician's Mate First Class James Hopkins' future earnings and loss of household services were calculated at $ 713,005.00. The government moves this Court to award restitution to the estates of Mr. Belisle and Petty Officer Hopkins in those amounts.

## I. PROCEDURAL HISTORY

The defendant was found guilty of all 6 counts of the indictment after a 19 day jury trial. Docket 672. The offense of conviction in Count 1 was murder in the first degree of Richard Belisle, a violation of 18 U.S.C. § 7(3) and 1111(a) and (b). *Id.* The offense of conviction in Count 2 was murder in the first degree of James A. Hopkins, a violation of 18 U.S.C. § 7(3) and 1111(a) and (b). *Id.* The offense of conviction in Count 3 was murder of an officer or employee of the United States, Richard Belisle, a violation of 18 U.S.C. § 1114 and 1111. *Id.* The offense of conviction in Count 4 was murder of an officer or employee of the United States, Petty Officer James A. Hopkins, a violation of 18 U.S.C. § 1114 and 1111. *Id.* The offense of conviction in Count 5 was

UNITED STATES *v.* WELLS    Page **2** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG   Document 699   Filed 08/29/14   Page 2 of 13

possession and use of a firearm in relation to a crime of violence, the murder of Richard Belisle, a violation of 18 U.S.C. § 924(c)(1)(A) & (B)(ii) and 924(j)(1). *Id.* Finally, the offense of conviction in Count 6 was possession and use of a firearm in relation to a crime of violence, the murder of James A. Hopkins, a violation of 18 U.S.C. § 924(c)(1)(A) & (B)(ii) and 924(j)(1). *Id.*

Defendant was subsequently sentenced to a Life term on Counts 1 and 3 to be served concurrently to each other and consecutive to all other terms; a Life term on Counts 2 and 4 to be served concurrent to each other and consecutive to all other terms; a Life term on Count 5 to be served consecutive to all other terms; and a Life term on Count 6 to be served consecutive to all other terms. Docket 684.

At sentencing, the Court indicated an intent to award restitution consistent with its obligations under the Mandatory Victims Restitution Act ("MVRA"), and set a date for the final determination of the victims' losses pursuant to 18 U.S.C. § 3664(d)(5).

## II. BACKGROUND

The Court is well aware of the salient facts surrounding defendant's brutal murder of Chief Boatswain's Mate (retired) Richard

UNITED STATES *v.* WELLS    Page **3** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG   Document 699   Filed 08/29/14   Page 3 of 13

Belisle and Petty Officer First Class James Hopkins while at their duty stations at U.S. Coast Guard Communications Station Kodiak, Alaska and has sentenced defendant to a term of incarceration which reflects the heinousness of his crimes. In considering the amount of restitution to be ordered, this Court must consider that both Richard Belisle and James Hopkins left a family devastated by their loss. These losses are substantial; not merely mental and emotional, but financial as well. While the families will never be fully recompensed for the murders, this Court must order restitution in an amount which will reflect the full extent of the families' financial losses.

### III. LAW REGARDING RESTITUTION

#### A. Generally

The MVRA requires courts to order restitution to victims of violent crimes. 18 U.S.C. § 3663A(c)(1)(A)(i). The purpose of restitution under the MVRA is not to punish the defendant, but to "make the victims whole" by restoring to them the value of the losses suffered as a result of the defendant's crime. *United States v. Crandall*, 525 F.3d 907, 916 (9th Cir. 2008). The amount of restitution "is limited to the victim's actual losses." *United States v. Bussell*, 504 F.3d 956, 964 (9th Cir. 2007).

UNITED STATES v. WELLS   Page **4** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG   Document 699   Filed 08/29/14   Page 4 of 13

"[A]ctual loss for restitution purposes is determined by comparing what actually happened with what would have happened if the defendant had acted lawfully." *Bussell*, 504 F.3d at 964 (*quotations and brackets omitted*).

The MVRA does not permit a court to consider a defendant's economic circumstances when it imposes restitution. 18 U.S.C. § 3664(f)(1)(A). Likewise, "under the MVRA the availability of a civil suit can no longer be considered by the district court in deciding the amount of restitution." *United States v. Cienfuegos*, 462 F.3d 1160, 1168 (9th Cir. 2006); *United States v. Edwards*, 595 F.3d 1004, 1014 (9th Cir. 2010) ("Criminal restitution is mandatory under the MVRA and cannot be waived by a prior civil settlement."); 18 U.S.C. § 3664(f)(1)(B). The fact that the victim can receive or has received compensation from another source does not affect the amount of restitution ordered by the court. 18 U.S.C. § 3664(j)(1); *United States v. McCracken*, 487 F.3d 1125, 1128-29 (8th Cir. 2007) ("no discretion to adjust the total restitution due the victim based on funds held by law enforcement"). The MVRA precludes duplicative recoveries by allowing an offset for "any amount later recovered as compensatory damages for the same loss by the victim

*UNITED STATES v. WELLS* Page **5** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG   Document 699   Filed 08/29/14   Page 5 of 13

in any federal or state civil proceeding." *Cienfuegos*, 462 F.3d at 1168; *United States v. Bright*, 353 F.3d 1114, 1121 (9th Cir. 2004) ("Any such offsets are instead to be handled separately as potential credits against the defendant's restitution obligation—not as reductions in the amount of that obligation in the first instance."); 18 U.S.C. § 3664(j)(2). The MVRA does not permit incidental, consequential or pain and suffering damage awards. *United States v. Serawop*, 505 F.3d 1112, 1124 (10th Cir. 2007); *United States v. Vasquez*, 2012 WL 3011010, *1 (D. Ore. 2012).

### B. Procedures

The MVRA requires the government to provide Probation "a listing of the amounts subject to restitution at least 60 days prior to sentencing. 18 U.S.C. § 3664(d)(1). "If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). These deadlines are procedural, not jurisdictional and government's failure to comply with them is subject to harmless error review. *United States v. Moreland*,

*UNITED STATES v. WELLS* Page **6** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG   Document 699   Filed 08/29/14   Page 6 of 13

622 F.3d 1147, 1172 (9th Cir. 2010) ("The intended beneficiaries of the MVRA's procedural mechanisms are the victims, not the victimizers.") (*quotations omitted*).

"Nothing in the MVRA or our case law requires that the district court consider certain factors or make findings of fact on the record." *United States v. Peterson*, 538 F.3d 1064, 1077 (9th Cir. 2008) ("Although the district court did not specifically make any findings, it is clear that it relied on [expert auditor's] declaration and the testimony at trial in reaching its conclusion as to the amount of the restitution.") The government bears the burden of demonstrating the amount of the loss sustained by a victim as a result of the offense, and the amount must be proved by a preponderance of the evidence. *United States v. Riggin*, 522 Fed.Appx. 381, 382 (9th Cir. 2013).

### C. Estates' Claims for Lost Income

The plain language of the MVRA mandates an award of restitution to each victim's estate for future lost income:

> (a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order ... that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

*UNITED STATES v. WELLS*    Page **7** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG   Document 699   Filed 08/29/14   Page 7 of 13

>(b) The order of restitution shall require that such defendant-
>
>...
>
>(2) in the case of an offense resulting in bodily injury to a victim-
>
>...
>
>(C) reimburse the victim for income lost by such victim as a result of such offense....

18 U.S.C. § 3663A.

"Thus, it is plain that the statute allows a representative of the victim's estate or another family member to assume the victim's rights to collect restitution for future lost income . . . to be paid to the victim's estate." *United States v. Cienfuegos*, 462 F.3d 1160, 1164 (9th Cir. 2006). "Only by making restitution for future lost income can the perpetrator of a homicide fully pay the debt owed to the victim and to society." *Id.* at 1165.

The MVRA mandates an award of future damages "be based on actual loss," which the government bears the burden of proving. *United States v. Quarrell*, 310 F.3d 664, 680 (10th Cir. 2002); *Cienfuegos*, 462 F.3d at 1168 ("Any award of future lost income must not be predicated on speculation or conduct unrelated to the offense of conviction, as such an award would be inconsistent with congressional intent.")

*UNITED STATES v. WELLS*　　　Page **8** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG   Document 699   Filed 08/29/14   Page 8 of 13

"While calculation of future lost income must be based upon certain economic assumptions, the concepts and analysis involved are well-developed in federal law, and thus the district court is not without persuasive analogy for guidance." *Cienfuegos*, 462 F.3d at 1169, *citing*, *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 533-53 (1983) (outlining method for estimating stream of future earnings and choosing discount rate); *Sutton v. Earles*, 26 F.3d 903, 918-19 (9th Cir. 1994) (future damages need not be calculated with mathematical precision – "The question is whether the amounts are grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork.").

The MVRA allows a victim to recover prejudgment interest as part of the award. *United States v. Gordon*, 393 F.3d 1044, 1059 (9th Cir. 2004). For homicide victims who were military service members, the government may put on evidence showing what types of work the victim would have pursued after discharge from the service. *United States v. Williams*, 946 F.Supp.2d 112, 118 (D. D.C. 2012) (awarding $756,000.00 in lost income to estate of murdered Army sergeant – "It is impossible, of course, to know with certainty the type of work that Sergeant Johnson

UNITED STATES *v.* WELLS      Page **9** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG   Document 699   Filed 08/29/14   Page 9 of 13

would have pursued upon his discharge from the service, or what professional success he might have found." But "[t]he government has calculated its estimate using reasonable actuarial assumptions supported by evidence of the deceased victim's prior training and experience and the relevant labor market conditions."); *United States v. Futrell*, 209 F.3d 1286, 1292 (11th Cir. 2000) (restitution of federal disability payments - "Because of the inevitable gaps in evidence in cases of this nature, the district court properly applied the preponderance standard and did not abuse its discretion by accepting the government's approximation of its actual losses.")

### D. Wives' Damages

Family members of a murder victim are "directly and proximately harmed as a result of the commission of a Federal offense" and as such as such are "victims" under 18 U.S.C. § 3771(e). *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006) ("The definition of a 'victim' under the CVRA is not limited to the person against whom a crime was actually perpetrated."); *see also United States v. Razo–Leora*, 961 F.2d 1140, 1146 (5th Cir. 1992) (widow – construing similar language in Victim Witness

//

UNITED STATES *v.* WELLS      Page **10** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG   Document 699   Filed 08/29/14   Page 10 of 13

Protection Act); *United States v. Checora*, 175 F.3d 782, 795 (10th Cir. 1999) (victim's children – construing similar language in MVRA).

## IV. CALCULATION OF LOSSES IN THE INSTANT CASE

In order to assist in the calculation of the victims' losses in the instant case, the United States retained Dr. Laura Taylor, PhD., an economist with extensive experience in calculating economic losses in both civil and criminal cases. *See Taylor CV, attached as Exhibit 1.*

Dr. Taylor calculated economic losses of the estates of Richard Belisle and James Hopkins and the economic loss of household services suffered by their wives, Nicola Belisle and Deborah Hopkins. The calculations were made according to generally accepted economic and accounting principles. *See Reports of Dr. Taylor and supporting documentation, filed under seal as Exhibits 2 and 3.*

### 1) *Losses to Richard Belisle's Estate and Family*

Dr. Taylor calculated the loss to Richard Belisle's estate and his family as follows:

//

//

//

UNITED STATES *v.* WELLS      Page **11** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG   Document 699   Filed 08/29/14   Page 11 of 13

### Loss of Earnings

    Past[1] Earnings - $  95,518.00

    Future Earnings - $ 442,287.00

### Loss of Household Services

    Past Loss -   $  20,212.00

    Future Loss -  $ 212,453.00

**Total Losses**      **$ 770,470.00**


### 2) *Losses to James Hopkins' Estate and Family*

Dr. Taylor calculated the loss to James Hopkins' estate and his family as follows:

### Loss of Earnings

    Past Earnings - $  16,407.00

    Future Earnings - $ 458,447.00

### Loss of Household Services

    Past Loss -   $  16,144.00

    Future Loss -  $ 222,007.00

**Total Losses**      **$ 713,005.00**

---

[1] "Past" and "Future" is in reference to the date of Dr. Taylor's calculation – July 8, 2014.

*UNITED STATES v. WELLS*   Page **12** of **13**
3:13-cr-00008-RRB
Case 3:13-cr-00008-SLG  Document 699  Filed 08/29/14  Page 12 of 13

The focus of the government's restitution request is on the victims. The government is not requesting additional restitution for cleanup costs borne by the Coast Guard, or reimbursement for funds provided by the Crime Victim Fund to pay for transportation and housing of the victims for the trial and pre-trial proceedings. The requested restitution will only go to help the victims financially mitigate the loss of their loved ones. As the Court has already stated on the record, we cannot return the lives of Mr. Belisle and Petty Officer Hopkins. However, the Court can help relieve the financial burden on the families.

WHEREFORE the UNITED STATES OF AMERICA requests that this Court enter an Order awarding restitution as determined above.

RESPECTFULLY SUBMITTED this August 29, 2014, in Anchorage, Alaska.

s/ KAREN L. LOEFFLER
KAREN L. LOEFFLER
United States Attorney

s/ BRYAN SCHRODER
BRYAN SCHRODER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**
I hereby certify that on August 29, 2014 a true and correct copy of the foregoing was served electronically via the CM/ECF system, on all counsel of record.

s/ BRYAN SCHRODER
Office of the U.S. Attorney