```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF ALASKA

  UNITED STATES OF AMERICA,    )    Case No. 3:13-cr-00008-RRB
                               )
           Plaintiff,          )    Anchorage, Alaska
                               )    Wednesday, March 13, 2013
    vs.                        )    10:03 a.m.
                               )
  JAMES MICHAEL WELLS,         )    HEARING ON JOINT MOTION
                               )    TO CONTINUE TRIAL AND
           Defendant.          )    DECLARE CASE COMPLEX (DKT 18)
                               )

                   TRANSCRIPT OF PROCEEDINGS
                    Pages 1 - 10, inclusive

              BEFORE THE HONORABLE RALPH R. BEISTLINE
                   UNITED STATES DISTRICT JUDGE
```

A P P E A R A N C E S:

| | |
|---|---|
| For Plaintiff: | DANIEL COOPER, JR., ESQ.<br>U.S. Attorney's Office<br>222 W. 7th Avenue, #9<br>Anchorage, Alaska 99513<br>Ph: 907/271-5071 |
| For Defendant: | F. RICHARD CURTNER, ESQ.<br>Federal Public Defender's Agency<br>601 W. 5th Avenue, Suite 800<br>Anchorage, Alaska 99501<br>Ph: 907/646-3400 |
| Court Recorder: | NANCY LEALAISALANOA<br>U.S. District Court<br>222 W. 7th Avenue, Box 4<br>Anchorage, Alaska 99513<br>Ph: 907/677-6111 |

```
 1    A P P E A R A N C E S:  (Continued)

 2    Transcribed by:    LEONARD J. DIPAOLO, RPR, CRR, CCP
                         Peninsula Reporting
 3                       110 Trading Bay Road, Suite 100
                         Kenai, Alaska 99611
 4                       Ph: 907/283-4429

 5
      Proceedings recorded by digital sound recording, transcript
 6    produced by stenographic transcription service.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2         ANCHORAGE, ALASKA - WEDNESDAY, MARCH 13, 2013
 3   (Log 10:03:48)
 4      (Defendant present)
```

 5    THE CLERK: All rise. His Honor the Court, the United States District Court for the District of Alaska is now in session with the Honorable Ralph R. Beistline presiding. Please be seated.

 9    THE COURT: Good morning.

10    MR. COOPER: Good morning, Your Honor.

11    MR. CURTNER: Good morning.

12    THE COURT: Are we all ready to go?

13    MR. COOPER: Yes, Your Honor.

14    THE COURT: Okay. We have people on the telephone I understand; is that right?

16    UNIDENTIFIED SPEAKER: Yes.

17    UNIDENTIFIED SPEAKER: Yes.

18    THE COURT: Okay. You know, I signed this order, United States of America versus James Michael Wells, Order Granting Motion For Victims to Appear Telephonically in Hearing is the title. That's fine, but just as a modification, I think the burden would be on the United States to check with the clerk to obtain numbers and notify any alleged victims in the --

24    MR. COOPER: We'll be glad to do that, Your Honor.

25    THE COURT: Okay. All right. So you're -- this is

**Peninsula Reporting**
110 Trading Bay Dr., Ste. 100, Kenai, AK 99611 907/283-4429

Case 3:13-cr-00008-SLG   Document 710   Filed 09/12/14   Page 3 of 10

```
 1  Mr. Wells here, is that right?
 2             THE DEFENDANT:  Yes, sir.
 3             THE COURT:  Okay.  So we're on the record.  It's
 4  United States of America versus James Michael Wells, it's case
 5  No. 3:13-8.
 6             And the purpose of this hearing today is to --
 7  apparently to reschedule a trial date.  Is that -- and it looks
 8  like it's something both parties are requesting; is that right?
 9             MR. CURTNER:  That's correct, Your Honor.
10             MR. COOPER:  Yes, Your Honor.
11             THE COURT:  Because it's a joint motion, I'll guess
12  I'll start with the government.
13             MR. COOPER:  Thank you, Your Honor.  The Court has the
14  direct motion before it.
15             THE COURT:  I've read it.  I'm familiar with it.
16             MR. COOPER:  Right.  And you'll notice as it points
17  out in the facts, there have been several hundred witness
18  interviews.  This case has the potential to be a capital case.
19  As the Court knows from reading the indictment, special findings
20  have not been returned by a grand jury, so at this time it's
21  still an open question.
22             A trial date of one year from now would appear to be
23  appropriate given the amount of --
24             THE COURT:  One year from now or one year from the
25  indictment?
```

```
 1            MR. COOPER:  Well, one year from the indictment.
 2            THE COURT:  Okay.
 3            MR. COOPER:  Which was --
 4            THE COURT:  February.
 5            MR. COOPER:  -- in February.  Given the amount of
 6   material that has to be provided and reviewed, by way of
 7   example, electronically stored information seized is about four
 8   terabytes, most of which is -- well, almost all of which is not
 9   relevant, but the defense needs an opportunity to go through
10   that.  Probably about 120 to 150 hours of actual audio
11   recordings and so forth.
12            The government is willing to work with the defense,
13   has been working with the defense.  Significant discovery has
14   been turned over.  More will be turned over Friday.  Whenever --
15   an evidence viewing session took place on March 5th, another is
16   scheduled for, I think, next Wednesday, the 20th; is that
17   correct, Mr. Curtner?
18            MR. CURTNER:  That's correct, Your Honor.
19            MR. COOPER:  So we're moving forward.  The government
20   is committed to working with the defense to make sure that they
21   understand the evidence.  We've given them a walk through of the
22   evidence.  We believe that the interest of justice and the
23   complexity of the case outweigh the right to a speedy trial
24   under the Speedy Trial Act, and at this time ask the Court to
25   declare the case complex, set a trial date of February of next
```

1  year.
2  THE COURT: All right, Mr. Curtner.
3  MR. CURTNER: We're not opposed to that, Your Honor,
4  with the proviso that if this is not authorized as a capital
5  case, we will be prepared for trial a year from the date of the
6  indictment.
7  And I think both sides understand that if it does get
8  authorized as a capital case, that might change that time
9  scheduled. But with that, we're agreeing with that kind of a
10 schedule.
11 THE COURT: Okay. Mr. Wells, any thoughts about this?
12 THE DEFENDANT: No, sir.
13 THE COURT: Okay. You understand basically what we're
14 talking about then?
15 THE DEFENDANT: Yes, I do.
16 THE COURT: Okay. Well, I've looked at the pleadings
17 that have been provided to me, and obviously there is -- this
18 case raises certain complexities. If it is a capital case, and
19 I'm aware of the capital case review process, and I know how
20 lengthy that can become, so I do think that if it's declared to
21 be a capital case, we're going to be back talking again about a
22 trial date just based on my experience with prior capital cases.
23 But under the circumstances, I think the parties'
24 request is reasonable. As has been pointed out in the
25 pleadings, there is extensive discovery still to be reviewed and

a lot to be addressed.

Based on all this, I'm convinced that the ends of justice would require a continuance, and they would outweigh the best interest of the defendant or the public in proceeding as scheduled, because the parties simply would not be ready to go.

So I can declare the case complex. I can grant the parties' request for trial and set the trial for the -- to begin the week of February 17, 2014.

I don't know if we have to set a final pretrial conference at this time because I agree that the parties' request for periodic status conferences are appropriate, and am inclined to set one right now for May 14, 2013, May 14th, 2013 at 10 o'clock in the morning, 60 days from now roughly, just so I can keep on top of the case, make sure things are moving expeditiously and that there aren't any problems that go unresolved.

So what do you think about that, Mr. Cooper?

MR. COOPER: I think that's fine, Your Honor. I do have a couple of other minor things to bring up whenever it's appropriate.

THE COURT: That's fine. No, it's -- I'll hear from Mr. Curtner with regard to those dates and --

MR. CURTNER: That's fine, Your Honor.

THE COURT: Okay. All right, Mr. Cooper.

MR. COOPER: Thank you, Your Honor. With respect to

```
 1  the location of the courtroom of the trial, does the Court
 2  require a motion to get Courtroom 1 designated, because it's
 3  going to be digital evidence, some video, a lot of photography
 4  and so forth.  Do we need to file a written motion on that?
 5           THE COURT:  Well, I mean, if that's what you need,
 6  that's what you'll get.
 7           MR. COOPER:  Okay.  So we'll prepare a motion on that.
 8           THE COURT:  Okay.  Because, you know, that's down the
 9  road, and you know the discovery, I don't.  I know there's lots
10  of it.  I'm more comfortable in this courtroom.
11           MR. COOPER:  I feel comfortable in this courtroom as
12  well, but the video aspects in this courtroom are somewhat
13  lacking.
14           The second thing is that I've asked Mr. Curtner to
15  consider joining me in a motion to the Court asking the Court to
16  take the substantive motions directly rather than run them
17  through the magistrate judge just so that it will save time.  He
18  needs to confer with counsel, so we'll be filing a written
19  motion on that, unless the Court says right now that you're just
20  not interested.
21           THE COURT:  No, I'd like you to file a written motion,
22  but I don't have any problem with it.  I'd just like to have the
23  record clear as to what we're doing.  We lose track of things
24  sometimes when we just do it orally.
25           MR. COOPER:  Sure.  And that's why -- and Mr. Curtner
```

1  says he needs an opportunity to discuss things with co-counsel.
2  So we'll be doing that, thank you.
3         THE COURT: Okay. All right, Mr. Curtner, your turn.
4         MR. CURTNER: Nothing else, Your Honor.
5         THE COURT: Well, have I made all the findings
6  sufficient to satisfy the parties? It obviously is a complex
7  case. I've reviewed the documents. I think that a year from
8  February is appropriate, but if it becomes a capital case, I
9  understand that we enter into a whole new realm of issues, and
10 the parties will just have to bring that to my attention at the
11 appropriate time and we'll look at this again.
12        Okay, Mr. Wells, any questions about what we've done
13 here today?
14        THE DEFENDANT: No, Your Honor.
15        THE COURT: Okay. I guess I'll restate the date.
16 We're going to be back again here for a status hearing May 14th,
17 2013 at 10:00 in the morning. Thank you all very much.
18        THE CLERK: All rise. This matter stands adjourned.
19 Court stands in recess until the 11:00 matter.
20            (Proceeding adjourned, 10:11:35 a.m.)

```
 1                        CERTIFICATION
 2
 3      I, LEONARD J. DiPAOLO, RPR, CRR, CCP, court-approved
 4   transcriber, certify that the foregoing is correct transcript
 5   from the official digital electronic sound recording of the
 6   proceedings in the above-entitled matter.
 7
 8
 9   _____          ___9/8/14___
     Leonard J. DiPaolo, RPR, CRR, CCP              Date
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```