UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

UNITED STATES OF AMERICA, Plaintiff, vs. JAMES MICHAEL WELLS, Defendant.

Case No. 3:13-cr-00008-RRB-JDR
Anchorage, Alaska
Monday, April 29, 2013
1:59 p.m.

STATUS CONFERENCE/HEARING ON MOTION FOR RECONSIDERATION (DKT 45)

TRANSCRIPT OF PROCEEDINGS
Pages 1 - 16, inclusive

BEFORE THE HONORABLE JOHN D. ROBERTS
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

For Plaintiff: DANIEL COOPER, JR., ESQ.
BRYAN D. SCHRODER, ESQ.
U.S. Attorney's Office
222 W. 7th Avenue, #9
Anchorage, Alaska 99513
Ph: 907/271-5071

For Defendant: F. RICHARD CURTNER, ESQ. (Telephonic)
NOA OREN, ESQ.
Federal Public Defender's Agency
601 W. 5th Avenue, Suite 800
Anchorage, Alaska 99501
Ph: 907/646-3400

PETER OFFENBECHER, ESQ. (Telephonic)
Skellenger Bender, P.S.
1301 5th Avenue, Suite 3401
Seattle, Washington 98101-2605
Ph: 206/623-6501

Court Recorder: NANCY LEALAISALANOA
U.S. District Court
222 W. 7th Avenue, Box 4
Anchorage, Alaska 99513
Ph: 907/677-6111

A P P E A R A N C E S: (Continued)

Transcribed by: LEONARD J. DIPAOLO, RPR, CRR, CCP
Peninsula Reporting
110 Trading Bay Road, Suite 100
Kenai, Alaska 99611
Ph: 907/283-4429

Proceedings recorded by digital sound recording, transcript produced by stenographic transcription service.

P R O C E E D I N G S

ANCHORAGE, ALASKA - MONDAY, APRIL 29, 2013

(Log 1:59:47)

(Defendant present)

THE CLERK: All rise. His Honor the Court, the United States District Court for the District of Alaska is now in session with the Honorable John D. Roberts presiding. Please be seated.

And, Your Honor, we have Mr. Curtner, Mr. Offenbecher, and a few victims on the phone.

THE COURT: Thank you. For the record, this is a hearing in 3:13-cr-08, U.S. versus James Wells. Mr. Wells is in the courtroom. Both parties are represented by counsel in the court.

Can those on the telephone hear me? Mr. Curtner?

MR. CURTNER: Yes, Your Honor.

THE COURT: Mr. Offenbecher?

MR. OFFENBECHER: Yes, Your Honor.

THE COURT: And any victim that wants to hear the proceeding today, are you able to hear what's going on so far?

UNIDENTIFIED SPEAKER: Yes, Judge.

MR. PECORARO: Your Honor, this is Mr. Pecoraro, part of the Hopkins family. Can you hear -- we can hear you very well.

THE COURT: Thank you. The first matter to address is

a motion to consolidate this hearing today with the status hearing scheduled for May 14, 2013.

As I understand it, Judge Beistline, the assigned District judge, trial judge, has scheduled a status hearing on the 14th basically to see what's going on in the case, be brought up to date. I don't think there is any scheduled agenda before him at this time, and I see no purpose in delaying the motion to address the scheduling until that date.

Consolidate infers one hearing before one judge rather than separate matters. Pretrial management has been delegated to me, and I don't expect to push my work on him. So unless someone wants to be heard on that, I intend to go forward today and not consolidate the hearings.

Anything else?

MR. SCHRODER: Not from the government, Your Honor.

THE COURT: With respect to the motion at Docket 45, which is a defense request to continue three deadlines for filing pretrial motions, namely a production of discovery by the government, motions to suppress statements, and motions to suppress physical evidence.

The motion has been briefed by both sides. There has been a motion, opposition, and reply. I have read all that information and digested it. And just to let counsel know where I stand at this point, and I can put some reasons on the record in a few moments, but it appears to me that the defense has made

Case 3:13-cr-00008-SLG Document 712 Filed 09/12/14 Page 4 of 16

a sufficient case for extending the deadlines that were set by the first pretrial scheduling order. Unless there is anything to add to the briefs, I don't want to hear repetitive arguments.

And I understand the negotiations that occurred before the first scheduling order was entered. The parties had addressed some deadlines and discussed back and forth that that had occurred. So the parties essentially agreed to an initial pretrial schedule. The Court issued its first pretrial scheduling order on March 1st, 2013 at Docket 20.

The record shows that defense counsel has received discovery on February 22, 2013. By March the 1st, according to the record, Assistant Public Defender Sue Ellen Tatter received 4,845 pages of discovery plus audio and video files; by March 20, over 17,370 pages, and I believe the record indicates 1835 photos, 24 videos.

So the discovery includes forensic images, hard drives, computer profiles, mail archives. And the defense argument, as laid out in their motion, replies that they need sufficient time to analyze the discovery in the context of pretrial motions and time to interview witnesses regarding motions to suppress.

The record indicates that these -- the motions to suppress in particular are significant as far as the parties assessing the case as to whether it will be a capital offense case. And I think the Court needs to get to those matters as

soon as we can, within reason, given time to analyze the discovery.

Well, let me ask the government, when is the last time the government provided discovery to the defense, what date was it?

MR. COOPER: I don't think we're prepared to address that, because I didn't bring down -- I had no idea what the Court was going to do today, so...

THE COURT: Well, probably April the 10th.

MR. COOPER: Well, actually there was a concern by Mr. Johnson, one of the investigators, that there was missing information on a hard drive that they had provided, and we turned that back over to him telling him that everything was there that was supposed to be there. Again, yesterday he sent it back over for us to take a look at.

So technically he got a forensic image, I believe -- when I say yesterday I mean Friday -- so technically that would be the most recent day.

And I -- Your Honor, so the record is clear, we continue to receive materials because investigation continues apace in this case, and so there is going to be continual turning over of discovery. I mean, they have the bulk of everything that was seized in the warrants, they have been shown all the evidence that was seized in the warrants. But as material comes in, as obligate -- as the government is obligated

in Rule 16, we're going to turn it over promptly.

So to say that they received all of the discovery as of right now, I mean, there's still going to be some more that's going to be coming in.

THE COURT: Is it accurate to say they received all that you were able to provide that you've received to date?

MR. COOPER: Yes, Your Honor.

MR. OFFENBECHER: Your Honor, Peter Offenbecher here. Just to clarify. It's my understanding that the -- I think it's within the last two weeks, I don't know that exact date, that we have received from the government two hard drives which have -- at least one of which we are at this point still not able to access the data on, and that I think Mr. Cooper has supplied -- has returned the hard drive to the Federal Public Defender's Office as of yesterday, is what he's referring to.

And I spoke with Mr. Johnson earlier today, and he's still in the process of attempting to access that. It's my understanding that these hard drives include, among other things, substantial video data that will need to be analyzed. So while we certainly have -- and it sounds like we have those hard drives, our ability to access it is still unclear at this point.

MR. COOPER: Your Honor, if I may. Once again --

THE COURT: Why don't you remain seated, you'll be closer to the microphone.

MR. COOPER: Thank you, Your Honor. Mr. Offenbecher misstates the record once again.

We informed the federal defender that the most efficient way for them to be able to review this material is to provide us with internal hard drives, because it would allow their machines to access the material further, faster. It took them three weeks for them to provide us the hard drives, three weeks after we told them about that.

We're not delaying. The delay with respect to the hard drives is coming out of the Federal Defender Agency. And, you know, I object most strenuously to Mr. Offenbecher's characterization that we're holding up the process when they're not providing us the means to give them the discovery.

THE COURT: Well, I don't have any motion before me that is based on a delay or asking for any relief based on that. I assume if the defense is not able to access the material reasonably, they will, after trying to work it out with the government, put that on the schedule for the next scheduling conference, or file a motion accordingly.

So I'm not reading into this any delay by either side, but nevertheless, it appears that these things take time, and that's the basis for the extension that's requested, is additional time is needed to access and digest the information.

The defense by its motion is not seeking a trial continuance. The case has been declared complex, and so I think

based on the information before the Court, that the three deadlines that were set was April the 15th for discovery motions, of course that's run, and the time requested I think is reasonable, July 26; April 19 for motions to suppress statements, that deadline is run, but the request is to move it to August 30, and that appears reasonable; motions to suppress physical evidence is in the future, June 14, but that would move out to September 27.

Now, these dates do not mean that the trial date has to be extended. There is a date or deadline, I guess, but the Court has not set a deadline for the government to file its information with the Department of Justice on the death notice decision, and all that depends upon digesting information. The government indicates that it might want another result. So the motions to suppress, it will impact its case and assessment.

And the defense certainly needs reasonable opportunity to present any defense mitigation information to the Department of Justice. We're not here to address that deadline.

But in moving these three dates out that were requested, I think it causes the Court to want to consider whether the other dates remain firm. There's not a request to move the July 12 date for expert notices, September 13 rebuttal of expert notices, October 4 Daubert motions, et cetera right on down the list. So maybe the parties are expecting or hoping to adhere to those deadlines that we've set and we'll get it back

on schedule.

MR. COOPER: Actually, Your Honor, the experts' deadlines were all, excuse me, done in contemplation with the whole schedule. So we would ask that those dates be moved 60 days as well.

THE COURT: Well, I'm willing to go to October 25 --

MR. COOPER: Okay.

THE COURT: -- on expert notices. Rebuttal expert notices are to go to -- I'm sorry, November 29.

Daubert motions, what about Daubert motions? October 4, does that need to be pushed out?

MR. COOPER: I think it would have to be put out at least until --

THE COURT: All right. The new date for that would be December the 3rd.

MR. COOPER: Thank you.

THE COURT: The motions in limine, December 16 of this year. Jencks and Giglio material, January 10, 2014. Inspection of trial documents and objects, January 17, 2014. So as you can see, all of that would occur before the trial date of February 18.

Now, I will publish these dates so you'll have a record of it, and the court record will be available to the trial judge, but if there is any further discussion on it, now is the time.

         I think what we have to do is do the best we can to have a schedule to work with, and if there's a reasonable cause for delay, then we have to address that as it occurs, otherwise this is our plan.

So that's the motion that -- to change some of the deadlines, and it does have effect on some of the other deadlines, but I want to be reasonable.

MR. OFFENBECHER: Your Honor?

THE COURT: Yes.

MR. OFFENBECHER: I'm sorry, Your Honor, I don't mean to interrupt.

THE COURT: Go ahead.

MR. OFFENBECHER: Peter Offenbecher here. Do you -- you indicated -- I didn't realize that you were moving all these other deadlines, and I think that's appropriate. And this is the opportunity to weigh in on whether any of the other ones need to be changed.

I guess we have not -- I hadn't considered or discussed with Mr. Curtner in particular the Jencks and Giglio material date as currently been set by the Court. And I guess I would just ask the Court for an opportunity to discuss that with Mr. Curtner and perhaps brief that one issue separately rather than pass on it at this point?

THE COURT: What the pretrial scheduling order said, I believe, was six weeks before trial date, and that's the basis

for choosing a date that complies basically with that.

If you want to -- what I'll do is publish this schedule, and if you want to comment on it, hopefully you could do so within, let's say, seven days. I don't know Mr. Curtner's schedule. Is he due back, or can you communicate with him?

MR. CURTNER: Yes, Your Honor, I'll be back and we can address that. And we may also be addressing some of those issues in our discovery motion we'll be filing with the Court.

It (indiscernible) Jencks and Brady material may be something pertinent to pretrial motions, but we will only brief that for the Court.

THE COURT: Thank you. These, of course, when we set them are deadlines. You can file motions before that. It's not -- you don't have to wait until that date, so that might expedite some of the decision making that you need if you have a ruling.

Suppression motions, of course, often require an evidentiary hearing, and if they do, then we're looking at some time for that to occur, but we'll address that as the motions are filed.

So I'm not sure what the next date is for our 45-day interval. Maybe counsel recalls whether we moved it or whether we have a firm date for the next status conference. Anybody know?

MR. COOPER: My recollection is, Your Honor, that we

were going to schedule them as we -- occurred. And I was -- I don't think the pretrial order had the next one set. This one was originally set, I think, about two weeks ago for April the 12th, and it was continued to accommodate Mr. Curtner's calendar, and so then another 45 days would be appropriate from here.

THE COURT: Suggestion is to set the next status conference 40 to -- 45 days from today. Does the defense want to be heard on that?

MR. OFFENBECHER: Let's see, that's fine with me, Your Honor. What would the date be then?

THE COURT: Well, the clerk will give us some help here in calculating 45 days from today.

MR. OFFENBECHER: Okay.

THE COURT: This, of course, would be after the judge has held his status conference to see how the case is going, and it will be after we've decided the pretrial -- the second pretrial schedule order that we're talking about here today. That will not be delayed and that will already be set. So it would be any new matters that come up for scheduling, and if you need a conference before then, feel free to ask for it.

The clerk is indicating June the 13th.

MR. OFFENBECHER: Yes, and -- that's fine for my schedule.

MR. CURTNER: Yeah, this is Mr. Curtner, that's fine

for my schedule as well.

MR. COOPER: Let me check my schedule.

THE COURT: All right. I have a 2255 evidentiary hearing set then, but why don't we go with June the 12th. So we move it a day earlier, Wednesday, June 12.

MR. CURTNER: Well, what time is that, Your Honor?

THE COURT: Well, I'm open to suggestions on what's convenient for counsel, because sometimes you travel and you're not here. And I can set it pretty much at your convenience on that date. Would you like the same time as we were addressing, 2 o'clock?

MR. CURTNER: Sure. Sure, that's fine, Your Honor.

MR. SCHRODER: That's fine, Your Honor.

THE COURT: 2 p.m. Wednesday, June 12, status conference. And again, if you have anything to bring before the Court at that time, it would be appreciated if you file a notice to that effect so we can all be prepared to address that issue.

Anything else here today?

MR. COOPER: Not -- nothing from the government, Your Honor.

MR. OFFENBECHER: No, Your Honor.

MR. CURTNER: No, this is Curtner. Thank you, Your Honor.

MR. OFFENBECHER: No, thank you, Your Honor.

THE COURT: Thanks for your -- thanks for your

participation, and that will conclude this proceeding.

THE CLERK: All rise. The matter stands adjourned. Court stands subject to call.

(Proceeding adjourned 2:18:09 p.m.)

Case 3:13-cr-00008-SLG Document 712 Filed 09/12/14 Page 15 of 16

16

CERTIFICATION

I, LEONARD J. DiPAOLO, RPR, CRR, CCP, court-approved transcriber, certify that the foregoing is correct transcript from the official digital electronic sound recording of the proceedings in the above-entitled matter.

`

________________________________ ___9/8/14___
Leonard J. DiPaolo, RPR, CRR, CCP Date

Peninsula Reporting
110 Trading Bay Dr., Ste. 100, Kenai, AK 99611 907/283-4429