1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF ALASKA
2
   UNITED STATES OF AMERICA,    )      Case No. 3:13-cr-00008-RRB
3                                )
                Plaintiff,       )      Anchorage, Alaska
4                                )      Monday, July 22, 2013
     vs.                         )      1:16 p.m.
5                                )
   JAMES MICHAEL WELLS,          )      STATUS CONFERENCE
6                                )
                Defendant.       )
7                                )

8                     TRANSCRIPT OF PROCEEDINGS
                      Pages 1 - 13, inclusive
9
                BEFORE THE HONORABLE RALPH R. BEISTLINE
10                 UNITED STATES DISTRICT JUDGE

11  A P P E A R A N C E S:
    For Plaintiff:    KAREN LOEFFLER, ESQ.
12                    BRYAN D. SCHRODER, ESQ.
                      U.S. Attorney's Office
13                    222 W. 7th Avenue, #9
                      Anchorage, Alaska 99513
14                    Ph: 907/271-5071

15  For Defendant:    F. RICHARD CURTNER, ESQ.
                      Federal Public Defender's Agency
16                    601 W. 5th Avenue, Suite 800
                      Anchorage, Alaska 99501
17                    Ph: 907/646-3400

18                    PETER OFFENBECHER, ESQ.
                      Skellenger Bender, P.S.
19                    1301 5th Avenue, Suite 3401
                      Seattle, Washington 98101-2605
20                    Ph: 206/623-6501

21  Court Recorder:   NANCY LEALAISALANOA
                      U.S. District Court
22                    222 W. 7th Avenue, Box 4
                      Anchorage, Alaska 99513
23                    Ph: 907/677-6111

24

25

1   A P P E A R A N C E S:  (Continued)

2   Transcribed by:    LEONARD J. DIPAOLO, RPR, CRR, CCP
                       Peninsula Reporting
3                      110 Trading Bay Road, Suite 100
                       Kenai, Alaska 99611
4                      Ph: 907/283-4429

5

    Proceedings recorded by digital sound recording, transcript
6   produced by stenographic transcription service.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

ANCHORAGE, ALASKA - MONDAY, JULY 22, 2013

(Log 1:16:18)

    (Defendant present)

            THE CLERK:  All rise.  His Honor the Court, the United
States District Court for the District of Alaska is now in
session with the Honorable Ralph R. Beistline presiding.  Please
be seated.

            THE COURT:  Good afternoon.  Are we all ready to go?

            MR. CURTNER:  Yes, Your Honor.

            THE COURT:  Okay, we're on the record in the United
States of America versus James Michael Wells, Case 3:13-08.

            This is a status conference.  My notes indicate the
trial still is set -- jury trial for the week of February 18th,
2014.  I dont' think we ever set a final pretrial conference.
We probably should do that today.

            So who wants to go first telling me the status of this
case?

            MR. SCHRODER:  Your Honor, I think we're proceeding
according to the discovery dates set.

            THE COURT:  All right.

            MR. SCHRODER:  We've had some exchange of
correspondence between us and the defense, and we're actually
going to meet after this hearing to talk about the status of
discovery.  But I believe we're moving along according to plan,

```
 1  as far as we could tell.
 2            THE COURT:  Okay.  That's pretty simple.
 3            MR. SCHRODER:  Pretty simple.
 4            THE COURT:  Mr. Curtner, your response.
 5            MR. CURTNER:  That's correct, Your Honor.  We're
 6  working through discovery issues.  We've reviewed all the
 7  discovery we got so far.  We're going to meet today and see what
 8  we can agree on to resolve, and what we agree we don't -- we
 9  disagree on, we'll -- I think Friday is our deadline for a
10  motion to compel and address that.
11            THE COURT:  Okay, because we're getting pretty close
12  to the deadline.
13            MR. CURTNER:  Yeah.  So we'll see what we can address
14  today.
15            THE COURT:  Okay.
16            MR. CURTNER:  And if there is any ongoing issues,
17  we'll bring it to the Court's attention.
18            One thing, just for the Court's information, we may be
19  filing a motion to the Court that's not strictly discovery but
20  it's about the schedule for the release of Jencks.
21            THE COURT:  Okay.
22            MR. CURTNER:  And I would it imagine it would go to
23  Your Honor as far as --
24            THE COURT:  Probably.
25            MR. CURTNER:  -- that.  And so if we --
```

1          THE COURT:  Well, what is it now?  What's the

2    provision now?

3          MR. CURTNER:  Six weeks before trial is when Jencks

4    will be released.

5          THE COURT:  And you want it more -- sooner than that?

6          MR. CURTNER:  Yes.  Well, some of it.

7          THE COURT:  Wow.  Six weeks?  You've agreed to six

8    weeks before trial?

9          MR. SCHRODER:  We did, Your Honor.

10         THE COURT:  That's the longest I've ever heard.

11         MR. CURTNER:  So we'll bring this into court -- pardon

12   me?

13         THE COURT:  That's the longest I've ever heard of,

14   Jencks coming before trial six weeks, but that's good.

15         MR. CURTNER:  Well, we'll bring it to the Court's

16   attention and brief it if it's an issue.

17         THE COURT:  Okay, okay, okay.

18         MR. CURTNER:  So I just wanted to, you know, give you

19   a head's up on that.

20         THE COURT:  Okay.

21         MR. CURTNER:  But otherwise, we're hoping that we'll

22   be ready to go on February.

23         THE COURT:  What's the status of the capital case

24   review?  Is it a secret?

25         MS. LOEFFLER:  Your Honor, I'll answer that because

1  the stuff comes (indiscernible).

2          THE COURT:  Okay.

3          MS. LOEFFLER:  As we told you last time, we had sent

4  our memo up to Washington.  And consistent with what I'm allowed

5  to say, it's going through the process there.  It is moving.  I

6  have had correspondence from them.  Based on my somewhat limited

7  experience, it's actually moving fairly quickly, but I can't

8  tell you what date a final decision will be made.  I just can't

9  tell you that.

10          THE COURT:  Have you had the -- has the meeting been

11 held in council?

12          MS. LOEFFLER:  No.

13          THE COURT:  Nothing?

14          MS. LOEFFLER:  The way the process works is I send a

15 recommendation --

16          THE COURT:  Right.

17          MS. LOEFFLER:  -- the Capital Crimes Committee, they

18 do a recommendation --

19          THE COURT:  Right.

20          MS. LOEFFLER:  -- that goes up their chain, which does

21 not go through me.

22          THE COURT:  Okay.

23          MS. LOEFFLER:  And then there's another decision to be

24 reached on whether they schedule the meeting or not.

25          THE COURT:  Okay.

1          MS. LOEFFLER:  And it is moving as fast or faster than
2    I've seen it in cases, but that's as much as I'm allowed to say.
3          THE COURT:  Okay.  But you can't even tell me when you
4    expect a decision then?
5          MS. LOEFFLER:  That's because I don't know, Your
6    Honor -- Judge.
7          THE COURT:  I understand.
8          MS. LOEFFLER:  They don't tell me that.  I mean, it
9    goes to the deputy AG, and then it goes to the AG, and I don't
10   control their schedules and they don't tell me when they're
11   going to sit on it.
12         THE COURT:  But that certainly would have
13   ramifications on how we proceed here.
14         MS. LOEFFLER:  I know that.  What I do is I leave it
15   in the right desk for a certain amount of time, and then I call
16   them and bug them.
17         THE COURT:  Okay.
18         MS. LOEFFLER:  We're not yet at the bugging date yet.
19         THE COURT:  Okay, all right.  Just as long as you have
20   it calendared.
21         MS. LOEFFLER:  That I'm not -- you know, that I'm not
22   saying because it's not allowed.  I'm just saying it because I
23   don't know.
24         THE COURT:  Okay.
25         MS. LOEFFLER:  But I will consistently -- once it sits

1  on the desk for a certain number of weeks, I will bug that desk.

2              THE COURT:  Okay, all right.

3              MS. LOEFFLER:  That's all I can do.

4              THE COURT:  Mr. Curtner, any response to that?

5              MR. CURTNER:  No, we're waiting like you are, Judge,

6  for a decision.

7              THE COURT:  I mean, that's going to impact --

8              MR. CURTNER:  Yes.

9              THE COURT:  -- how we do the trial.

10             MR. CURTNER:  Absolutely.

11             THE COURT:  -- and how many jurors we have.  Lots of

12  different things.

13             MS. LOEFFLER:  Yeah, I'm aware of that.

14             THE COURT:  So we're all waiting.  Let's set a date

15  for a final pretrial conference.

16             MR. CURTNER:  Your Honor, let me -- one more point

17  that I did need to make that --

18             THE COURT:  Okay.

19             MR. CURTNER:  -- I just wanted to get it on the

20  record.

21             One of the things we're going to be doing, and I think

22  we'll do it today, is we'll be filing a notice of demand for

23  alibi under Federal Rules of Criminal Procedure 12.1.

24             THE COURT:  Very well.

25             MR. CURTNER:  Just so that's out there.

1          THE COURT:  Good, that's fine.  Let's set the final

2    pretrial conference just so we have it on the record -- maybe we

3    did set one, I just didn't see it in my notes -- for Wednesday,

4    February 12th at 9 a.m., Wednesday February 12th, 9 a.m.  That

5    would be the final pretrial conference.  And then trial would

6    begin the following Tuesday is what we would shoot for.

7          MR. SCHRODER:  Your Honor, we're -- go ahead.

8          MS. LOEFFLER:  Yeah, I'm sorry.  I was just asking my

9    colleagues, and maybe Mr. Curtner too, I might ask for you to do

10   it a week earlier than that just because it's a complex enough

11   case, and all parties I think would like, if there are any jury

12   instructions or whatever issues, it would be good to get them

13   resolved before openings and -- Mr. Curtner, what do you think?

14         MR. CURTNER:  That's fine.  That's probably a good

15   idea.

16         MS. LOEFFLER:  I think -- yeah, I thought we might --

17   we might agree on this one in this, Your Honor.  Just maybe the

18   week before that?

19         THE COURT:  So that would be Wednesday.

20         MR. CURTNER:  Does that work for you, Peter?

21         MR. OFFENBECHER:  Yeah, that's good, I think.

22         THE COURT:  What am I doing Wednesday the week before

23   that, Nancy?

24         MS. LOEFFLER:  It should be February -- if my math is

25   right, it should be February 5th.

1          THE COURT:  February 5th, let's see if I can -- well,

2    my computer is not answering.  Can you pull up my calendar,

3    February 5th?  I mean, I can set it for that day.  I don't know

4    what else I'm doing that day or where I am.

5          THE CLERK:  I don't see anything on the calendar NECF.

6          THE COURT:  Okay, let's do it, February 5th, 9 a.m.

7          MS. LOEFFLER:  I appreciate that, Your Honor, thank

8    you.

9          THE COURT:  Okay.  Final pretrial conference on

10   February 5th, 2014, 9 a.m.

11         So when I -- when we met last time, there was all

12   kinds of discussions and complaints about discovery.  It sounds

13   like it's all calmed down and everybody is reasonably happy; is

14   that right?

15         MR. CURTNER:  I wouldn't say that.

16         MR. SCHRODER:  You know, Your Honor, what we're doing

17   I think is we're working to narrow the issues to what they

18   really are, and then -- you know, then we'll litigate what the

19   issues really are.

20         THE COURT:  Okay.  All right.  So we've got our guest

21   from Seattle.  Any questions, issues?

22         MR. OFFENBECHER:  No, Your Honor.  No, I think Mr.

23   Schroder's been appropriately -- we're trying to narrow it down.

24         THE COURT:  Did you just try a case in Juneau?

25         MR. OFFENBECHER:  I did, Your Honor.  With --

```
 1              THE COURT:  Judge Burgess.
 2              MR. OFFENBECHER:  -- Judge Burgess, yeah.
 3              THE COURT:  Okay, same person.
 4              MR. OFFENBECHER:  It was a lot -- it was a lot of fun,
 5    we had a great time.  And great lawyer from the U.S. Attorney's
 6    Office, Mr. Barkeley, was quite a -- quite a great lawyer,
 7    actually and did a great job.
 8              THE COURT:  So everybody's in a good mood today for
 9    some reason.  What the heck's going on?  All right.  Well,
10    listen I want everybody to do -- to act in good faith.  I want
11    to keep this on schedule.  I'd love to see this trial proceed at
12    the date that we've established.  It looks like our discovery
13    schedule is aimed towards doing that.  You've got till Friday to
14    file any motions, and if there are some, I'll look forward to
15    them.  I think that covers it.
16              And did we decide I was going to handle all the
17    motions from this time hence, or did we decide the magistrate
18    judge was still going to?  I can't remember that.
19              MR. SCHRODER:  I think the decision was the magistrate
20    judge would handle the discovery motions --
21              THE COURT:  That's right.
22              MR. SCHRODER:  -- and after that it will be Your
23    Honor.
24              THE COURT:  Okay.  Anyone else from this table?
25    Anyone else from this table?
```

```
1              MR. CURTNER:  No, Your Honor, thank you.

2              THE COURT:  Mr. Wells, any questions or issues?

3              THE DEFENDANT:  No.

4              THE COURT:  Okay, thank you all very much.

5              THE CLERK:  All rise.  This matter stands adjourned.

6   Court stands in recess until 2 p.m.

7                  (Proceedings adjourned, 1:25:18)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

CERTIFICATION

I, LEONARD J. DiPAOLO, RPR, CRR, CCP, court-approved transcriber, certify that the foregoing is correct transcript from the official digital electronic sound recording of the proceedings in the above-entitled matter.

_____          ___9/10/14___
Leonard J. DiPaolo, RPR, CRR, CCP              Date