<pre>
 1                 UNITED STATES DISTRICT COURT
                      DISTRICT OF ALASKA
 2
    UNITED STATES OF AMERICA,    )     Case No. 3:13-cr-00008-RRB
 3                               )
               Plaintiff,        )     Anchorage, Alaska
 4                               )     Monday, December 16, 2013
       vs.                       )     12:06 p.m.
 5                               )
    JAMES MICHAEL WELLS,         )     STATUS CONFERENCE
 6                               )
               Defendant.        )
 7                               )

 8                   TRANSCRIPT OF PROCEEDINGS
                     Pages 1 - 13, inclusive
 9
                BEFORE THE HONORABLE RALPH R. BEISTLINE
10                  UNITED STATES DISTRICT JUDGE

11  A P P E A R A N C E S:
    For Plaintiff:     KAREN LOEFFLER, ESQ.
12                     BRYAN D. SCHRODER, ESQ.
                       KATHLEEN ANN DUIGNAN, ESQ.
13                     U.S. Attorney's Office
                       222 W. 7th Avenue, #9
14                     Anchorage, Alaska 99513
                       Ph: 907/271-5071
15
    For Defendant:     F. RICHARD CURTNER, ESQ.
16                     Federal Public Defender's Agency
                       601 W. 5th Avenue, Suite 800
17                     Anchorage, Alaska 99501
                       Ph: 907/646-3400
18
    Court Recorder:    SUZANNETTE DAVID-WATERS
19                     U.S. District Court
                       222 W. 7th Avenue, Box 4
20                     Anchorage, Alaska 99513
                       Ph: 907/677-6102
21

22

23

24

25
</pre>

```
 1    A P P E A R A N C E S:  (Continued)

 2    Transcribed by:    LEONARD J. DIPAOLO, RPR, CRR, CCP
                         Peninsula Reporting
 3                       110 Trading Bay Road, Suite 100
                         Kenai, Alaska 99611
 4                       Ph: 907/283-4429

 5

      Proceedings recorded by digital sound recording, transcript
 6    produced by stenographic transcription service.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

ANCHORAGE, ALASKA - MONDAY, DECEMBER 16, 2014

(Log 12:06:22)

   (Defendant present)

THE CLERK:  All rise.  His Honor the Court, the United States District Court for the District of Alaska is now in session with the Honorable Ralph R. Beistline presiding.  Please be seated.

THE COURT:  All right, thank you.  We're on the record in United States of America versus Wells, Case No. 3:13-08.  This is a status conference.  Did you finish downstairs this morning?

MR. SCHRODER:  We did, Your Honor.

THE COURT:  Okay.  Trial is currently set for February 24th to begin at 8:30 in the morning.  Jury selection will probably begin about 9.  The final pretrial conference is set for February 18th.  I wanted to change that date to 9 a.m.  I think we have a conflict.  There are -- two things are set at 10:30, so the final pretrial conference will be February 18th at 9 a.m.  I'm not sure if we're going to need another status conference between now and then; if we do, either party can request it.

So we'll hear first from the government.  What issue is on your mind?

MR. SCHRODER:  Your Honor, the only thing we had is we

1  wanted to clear -- well, a couple things, I guess.  We wanted to

2  clear up -- I guess there was some confusion, I wasn't here at

3  the last conference, about the --

4              THE COURT:  Okay.

5              MR. SCHRODER:  -- about presentations in the

6  courtroom.

7              THE COURT:  Presentations in the courtroom?

8              MR. SCHRODER:  There was some issue about you thought

9  we might want to move courtrooms, and I want to make clear we're

10  not asking to move any courtrooms.

11             THE COURT:  Okay, okay.

12             MR. SCHRODER:  The only thing we are going to do is

13  we're probably going to need some additional viewing, probably

14  TV screens --

15             THE COURT:  That's fine.

16             MR. SCHRODER:  -- to use for the jury for some of the

17  material.

18             THE COURT:  That's fine.

19             MR. SCHRODER:  The only other thing we were asking the

20  Court to consider, though, was last year I did the tour of the

21  new -- one of the new jury deliberation rooms that has access --

22  electronic access to evidence, and I think that's a request we

23  would make, to use that room for the -- just for the

24  deliberations of the jury.

25             THE COURT:  That's fine if it can be worked out.  You

1  know that will be one of the first times it will be used for

2  that purpose --

3          MR. SCHRODER:  Right.

4          THE COURT:  -- if not the first.

5          MR. SCHRODER:  Right.

6          THE COURT:  So I want to make sure both -- all counsel

7  have viewed it again and are comfortable with using it.

8          MR. SCHRODER:  Okay, sure.

9          THE COURT:  I'm saying I'm not against it.

10         MR. SCHRODER:  Right.

11         THE COURT:  I'm just neutral on the subject.

12         MR. SCHRODER:  Okay.  And I guess -- I'm sure Mr.

13  Curtner will probably want to discuss discovery issues --

14         THE COURT:  Okay.

15         MR. SCHRODER:  -- but I think from my perspective, we

16  think discovery is proceeding along.  I think we've provided all

17  Rule 16 discovery at this point.  Of course, we have a

18  continuing obligation, and as we go through things and find

19  things, we're providing them.  And I think we're going to start

20  providing some early Jencks material in the next couple of

21  weeks --

22         THE COURT:  Good.

23         MR. SCHRODER:  -- to make sure we're ahead of that

24  game.  And I would just reiterate our call for reciprocal

25  discovery and for notice of experts, which I think is -- that's

```
 1   due in here shortly.  But we haven't gotten reciprocal discovery
 2   yet, so I want to reiterate our request for that.
 3              THE COURT:  Okay.
 4              MR. SCHRODER:  Thank you, Your Honor.
 5              THE COURT:  Mr. Curtner.
 6              MR. CURTNER:  Thank you, Your Honor.  Yes, discovery
 7   is a continuing process, and I hope to meet with the government
 8   sometime this week to, you know, continue to sort this out.
 9              November 21st -- one of the issues you should be aware
10   of is that we are filing a number of Daubert motions.
11              THE COURT: Right.
12              MR. CURTNER:  There's a number of experts --
13              THE COURT:  And that's what you're working with Judge
14   Roberts on, I presume?
15              MR. CURTNER:  Yes.
16              THE COURT:  Okay.
17              MR. CURTNER:  And, well, we don't have any hearings
18   scheduled.  We just filed those motions --
19              THE COURT:  Okay.
20              MR. CURTNER:  -- and I think we're going to need some
21   hearings on that.  And in order to have the hearings, we need to
22   retain our experts that might address some of those issues.  And
23   just today we got some of the discovery that's going to help in
24   that process.
25              THE COURT:  Okay.
```

1          MR. CURTNER:  But, you know, it's a little bit

2    complicated, as you can imagine, so -- but we're continuing to

3    work on that, and hopefully that's not going to delay anything.

4    So we want -- we need the discovery we need that's for our

5    experts as soon as possible --

6          THE COURT:  Okay.

7          MR. CURTNER:  -- and I think -- I'm sure the

8    government has been working on that.  We got a lot of it today.

9          THE COURT:  Good.

10          MR. CURTNER:  And hopefully we can keep on track, but

11    I just wanted to alert you to that issue.

12          THE COURT:  It looks to me, from reviewing the record,

13    that you're keeping the magistrate judge quite busy.

14          MR. CURTNER:  Well, we don't want him to retire, so...

15          THE COURT:  That's right.

16          MR. CURTNER:  No, we're -- I think we really are

17    trying to litigate everything that needs to be litigated prior

18    to trial.

19          THE COURT:  That's the way we want to do it.

20          MR. CURTNER:  Yes.

21          THE COURT:  Okay.  That's it?

22          MR. CURTNER:  That's it.

23          THE COURT:  Well, then there was a few other items

24    that we discussed last time.  On number of jurors, I think we

25    were going to go with -- I think the request was four alternates

1  so we'd have a total of 16 jurors.  We looked at -- we were here

2  earlier today and saw that we could fit 16 chairs in there.  It

3  will be a little tight, but we can do it.  Is that still the

4  request, 16, four alternates?

5          MR. SCHRODER:  I think that's fine, Your Honor.

6          MR. CURTNER:  We don't have any objection to that.

7          THE COURT:  Okay, what about the duration of the

8  trial, has that changed at all in terms of estimate?  I'm going

9  to have to tell the prospective jurors roughly what to expect.

10          MR. SCHRODER:  I mean, I think we're -- I can't

11  remember what we've talked about before, Your Honor.  I mean, I

12  think we're thinking probably three weeks to a month for the

13  government's case in chief.

14          MS. LOEFFLER:  I think the government's case will be

15  less than a month.  I was thinking a month for the whole trial.

16          MR. SCHRODER:  Oh, okay.  Well, that's what I'd say,

17  three weeks to a month.

18          THE COURT:  Okay, three to four weeks.  I can tell the

19  jury.

20          MR. SCHRODER:  Yeah, right.

21          THE COURT:  Okay.  There was some discussion raised

22  about Kodiak jurors included in the panel.  It was just

23  addressed in passing.  My plan was, unless I get some motions, I

24  was just going to treat it like we all treat it and just whoever

25  comes in --

1      MS. LOEFFLER:  Okay, that's fine.

2      THE COURT:  -- comes in.  Sometimes there are some

3  from Kodiak, sometimes there aren't.  You know, it's just the

4  way it goes.  Unless I see a motion on that subject, I'll just

5  use our typical way of impaneling.

6      MR. SCHRODER:  That's fine with the government, Your

7  Honor.

8      MS. LOEFFLER:  That's fine unless --

9      MR. CURTNER:  No objections.

10     MS. LOEFFLER:  Yeah, unless the defense wants them

11  excluded I -- we're fine.

12     THE COURT:  Okay.  So there are a number of pending

13  motions.  They are all before the magistrate judge.  You've had

14  an evidentiary hearing this morning.  I just want to stay on top

15  of things, and it sounds like we're doing it.

16          I think we've covered everything that I had on my

17  list.  Just again, the trial is going to be on February 24th.

18  We'll meet at 8:30.  I've set about an hour-and-a-half for the

19  final pretrial conference.  I doubt that we're going to need

20  that with all these motions getting resolved beforehand.  But

21  anyone else have anything on their mind?

22          What I usually do at a pretrial conference is I advise

23  the defendant of his right to testify, and he needs to confer

24  with his attorney on that.  But ultimately the decision as to

25  whether or not he testifies is up to him.  I don't know what

1  else we -- it sounds like --

2          MR. SCHRODER:  I mean, I think, Your Honor, if we

3  think we need an hour-and-a-half final pretrial conference,

4  we'll be asking for a status conference before that --

5          THE COURT:  Okay.

6          MS. LOEFFLER:  Yeah.

7          MR. SCHRODER:  -- to get issues resolved.

8          THE COURT:  Okay.  Well, that's -- I'm just -- we'll

9  set it at 9:00.  I think on my calendar for some reason it's at

10  10:30 and I also have a sentencing at 10:30, so let's move this

11  to 9, gives you an hour-and-a-half.  It will probably take 15

12  minutes --

13          MR. SCHRODER:  Right.

14          THE COURT:  -- but no reason not to have the time.

15          MS. LOEFFLER:  Your Honor, can I ask just a quick

16  logistical --

17          THE COURT:  Uh-huh.

18          MS. LOEFFLER:  -- followup on something Mr. Schroder

19  brought up.  And that's just when we've said that we needed

20  probably to put up TVs so that the jury is going to be able to

21  see the same things that both the defense and us and you can see

22  on the computer, can we call your secretary if we -- you know,

23  when we start to try to logistically make that happen so that we

24  can get access to the courtroom?

25          THE COURT:  Absolutely.

1          MS. LOEFFLER:  Thank you.

2          THE COURT:  I think that the thing to do would be to

3   check -- I'm guessing you would check with the in-court clerk

4   and make arrangements through them --

5          MS. LOEFFLER:  That's fine.

6          THE COURT:  -- because they'll be in the courtroom.

7   They'll be able to help you in terms of where to place things.

8   Remember, everybody has to see.

9          MS. LOEFFLER:  Well, my assumption would be that we'd

10  be putting TVs that the jury can see.  Because right now what

11  happens, your computer, the defense computer, and ours will have

12  a clear picture, but if it went through the projector, the one

13  person that wouldn't have a clear picture would be the jury.  So

14  we're trying to get the jury's picture to be as good as

15  everybody else's.

16         THE COURT:  Well, that's fine.  It's just you have to

17  put it in a way so that it doesn't interfere --

18         MS. LOEFFLER:  Right.

19         THE COURT:  -- with the jurors' view of the courtroom.

20         MS. LOEFFLER:  Right.

21         THE COURT:  So I would guess over there, or maybe over

22  here, but then you have to figure out where the witness is going

23  to be.

24         MS. LOEFFLER:  Right.

25         THE COURT:  So you have free -- both sides have free

1  access to the courtroom --

2          MS. LOEFFLER:  Thank you.

3          THE COURT:  -- as you know, almost anytime you want.

4  You can just call the in-court, and they would be happy to

5  accommodate you.

6          This table, it kind of gets moved around depending on

7  what kind of a trial it is, and sometimes it's right up close

8  here to house exhibits.  We can move it out if it will be in the

9  way.  So just let us know what you want to do in terms of that

10 table.  That's it?

11         MR. SCHRODER:  That's it.

12         MS. LOEFFLER:  Uh-huh.

13         THE COURT:  Mr. Curtner.

14         MR. CURTNER:  That's it.

15         THE COURT:  Okay.  Well, we'll -- so I'm presuming the

16 next time I see you will be February 18th, unless either side --

17 all you have to do is request a hearing, and then we'll have

18 another status conference.

19         MR. CURTNER:  Understood.

20         THE COURT:  Just request it and we got it, okay?

21 Thank you all very much.

22         THE CLERK:  All rise.  This matter is now adjourned.

23 This court now stands adjourned subject to call.

24         (Proceedings adjourned, 12:15:45)

25

1                         CERTIFICATION

2

3        I, LEONARD J. DiPAOLO, RPR, CRR, CCP, court-approved

4    transcriber, certify that the foregoing is correct transcript

5    from the official digital electronic sound recording of the

6    proceedings in the above-entitled matter.

7

8

9    _____          ___9/10/14____
     Leonard J. DiPaolo, RPR, CRR, CCP          Date
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25