```
1                    UNITED STATES DISTRICT COURT
                         DISTRICT OF ALASKA
2
    UNITED STATES OF AMERICA,    )    Case No. 3:13-cr-00008-RRB-JDR
3                                )
                 Plaintiff,      )    Anchorage, Alaska
4                                )    Wednesday, January 29, 2014
       vs.                       )    9:30 a.m.
5                                )
    JAMES MICHAEL WELLS,         )    STATUS HEARING (HEARING ON
6                                )    MOTION FOR EXTENSION OF
                 Defendant.      )    TIME TO FILE MOTIONS IN LIMINE
7                                )    (DKT 275), MOTION TO COMPEL
                                 )    DISCOVERY (DKT 250) AND MOTION
8                                )    FOR ORDER DIRECTING GOVERNMENT
                                 )    TO PROVIDE ADDITIONAL
9                                )    DISCOVERY (DKT 284)
                                 )
10
                    TRANSCRIPT OF PROCEEDINGS
11                    Pages 1 - 17, inclusive

12             BEFORE THE HONORABLE JOHN D. ROBERTS
                 UNITED STATES MAGISTRATE JUDGE
13
    A P P E A R A N C E S :
14  For Plaintiff:      KAREN LOEFFLER, ESQ.
                        BRYAN D. SCHRODER, ESQ.
15                      KATHLEEN ANN DUIGNAN, ESQ.
                        U.S. Attorney's Office
16                      222 W. 7th Avenue, #9
                        Anchorage, Alaska 99513
17                      Ph: 907/271-5071

18  For Defendant:      F. RICHARD CURTNER, ESQ. (Telephonic)
                        NOA OREN, ESQ.
19                      Federal Public Defender's Agency
                        601 W. 5th Avenue, Suite 800
20                      Anchorage, Alaska 99501
                        Ph: 907/646-3400
21
    Court Recorder:     CAROLINE EDMISTON
22                      U.S. District Court
                        222 W. 7th Avenue, Box 4
23                      Anchorage, Alaska 99513
                        Ph: 907/677-6103
24

25
```

1    A P P E A R A N C E S:  (Continued)

2    Transcribed by:    LEONARD J. DIPAOLO, RPR, CRR, CCP
                        Peninsula Reporting
3                       110 Trading Bay Road, Suite 100
                        Kenai, Alaska 99611
4                       Ph: 907/283-4429

5

     Proceedings recorded by digital sound recording, transcript
6    produced by stenographic transcription service.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1             P R O C E E D I N G S

2             ANCHORAGE, ALASKA - WEDNESDAY, JANUARY 29, 2014

3    (Log 9:30:41)

4       (Defendant present)

5             THE CLERK: All rise. His Honor the Court, the United

6    States District Court for the District of Alaska is now in

7    session, the Honorable John D. Roberts presiding. Please be

8    seated.

9             And, Your Honor, I have Mr. Richard Curtner on the

10   overhead speaker.

11            THE COURT: Thank you. Good morning.

12            MR. SCHRODER: Good morning, Your Honor.

13            MS. DUIGNAN: Good morning.

14            THE COURT: We have the defendant and counsel on both

15   sides present.

16            Let me address first the agenda here. I have for

17   today's discussion defendant's motion to compel discovery at

18   284, government's motion to compel discovery at 250, and the

19   government's motion for extension to file in limine motions at

20   275. Any other matters that have been set on the calendar that

21   you believe is ripe for today?

22            MS. OREN: No, Your Honor.

23            MS. DUIGNAN: No, Your Honor.

24            THE COURT: My next question is, are there any pending

25   discovery motions that relate to matters other than expert

1  witnesses?  Either side aware of any motions that you have

2  relating to discovery other than expert witnesses?

3            MR. OREN:  I'm not aware of any.

4            MS. DUIGNAN:  Not at the moment, Your Honor.

5            MS. OREN:  No, Your Honor.

6            THE COURT:  All right.  Mr. Curtner?

7            MR. CURTNER:  No, Your Honor.

8            THE COURT:  All right.  Well, I'm open for hearing

9  your discussion on the discovery concerning expert witnesses.  I

10  suppose one starting point might be the defendant's motion to

11  compel discovery, because if the government is not due to

12  provide any more discovery, then that sets up the reciprocal

13  discovery duty on behalf of the defendant.  So I'll hear that

14  first, defendant's motion to compel discovery at 284.

15            MR. CURTNER:  Yes, Your Honor.  What we've been trying

16  to get is the information that we need in order to provide it to

17  our experts so -- to prepare for trial.

18            And just to give the Court an update, we just recently

19  received discovery from the government that would help our

20  expert, Mr. DiTallo, do his analysis.  But that's going to take

21  perhaps 30 days with what we have to be able to provide to him,

22  30 to 45 days.

23            We have another expert that just received some of the

24  ballistics evidence, and it's going to take, I think, a couple

25  weeks to get that completed, but I think we have everything we

1   requested in that regard.

2           And so that's an update on what we need for our

3   experts.  And then also I think I would inform the Court on the

4   government's motions for motions in limine perhaps.

5           THE COURT:  All right.  What is it that you think the

6   government still owes you in the way of discovery?

7           MR. CURTNER:  Well, there's one controversy we've had

8   with the government is what we would need for Mr. DiTallo, our

9   expert, that's going to do an analysis based on Mr. Toglia's

10  expert testimony.  And so, you know, there was actually two

11  potential versions of what our expert could do depending on how

12  much we got from their expert.

13          And what we have now is sufficient for Mr. DiTallo to

14  do his independent analysis, and so we're hoping to perhaps

15  streamline that if we could just merely review all the

16  information that their expert had, but I think he's going to do

17  his own individual analysis.  With what we have now for that

18  purpose we don't need anything.  I think we have what we've

19  requested.

20          THE COURT:  Government have any comments on the motion

21  at 284?

22          MS. DUIGNAN:  Your Honor, it's the government's

23  position that we actually had provided all of the discovery to

24  the defense well before yesterday, although they had continued

25  to ask us for information, and we've been forthcoming in

1 providing additional information. The core information required

2 for the expert analysis was in the defense's possession months

3 ago.

4 THE COURT: All right. I'll set 284 aside. Let's

5 talk about the government's motion to compel discovery.

6 Government. Mr. Curter, are you hearing when the government

7 speaks?

8 MR. CURTNER: Yes.

9 MS. DUIGNAN: Good morning, Your Honor.

10 THE COURT: Good morning.

11 MS. DUIGNAN: On January 24th, the government filed

12 Docket 275 in which we requested additional time to file our

13 motions in limine, because at that point we had not received any

14 defense additional discovery.

15 As of yesterday afternoon, we have received some

16 defense reciprocal discovery, and so we believe that they have

17 triggered then the time in order to be able to set an argue date

18 for the motions in limine.

19 However, we have not received all of the information

20 from the defense experts. We received one report, but the

21 defense has noticed several experts for which we have not

22 received any summaries of testimony nor any expert reports.

23 And so therefore, for those motions in limine, there's

24 really no way to be able to set a date right now because we

25 don't have the information available in order to be able to file

1   any motions to preclude any of the defense experts or any of

2   their testimony.

3           The Court had set the latest date -- or the last date

4   for the defense to provide the expert reports as January 15th,

5   but, in fact, we have not received -- only one, we've only

6   received one defense expert report, and we received that

7   yesterday on January 27th.

8           Therefore, the government still seeks an extension to

9   file its potential motions in limine on the outstanding expert

10  reports.  And we would agree, if the Court was going to set a

11  motions in limine deadline for the information we already have,

12  which is the defense reciprocal discovery on the one expert

13  report, that that would run from yesterday afternoon from the

14  date that we requested, it would be 14 days from that date.

15          THE COURT:  Thank you.  Mr. Curtner.

16          MR. CURTNER:  Yes, Your Honor.  No, we're going to

17  provide these expert reports as soon as we can if we can get

18  them.  They've been delayed because, you know, we had to provide

19  the information to our experts.

20          And so as I've just indicated, Mr. DiTallo just got

21  that information yesterday that he needs to go forward, and it

22  may take him 30 to 45 days to complete his analysis.  Mr.

23  Swanepoel just -- I think just within the last week received

24  some of the ballistics evidence to do an independent

25  examination.  And those are the two expert reports that we'll be

1    submitting as soon as possible.

2          We had one additional more recently retained expert

3    that we don't think we'll write a report on, Professor Reisberg,

4    within -- hopefully by February 14th.  And we're going to

5    provide those as soon as we can.

6          THE COURT:  I would expect that the reciprocal

7    discovery would be in the same detail that the government has

8    provided to you with respect to experts.

9          MR. CURTNER:  Yes.

10          THE COURT:  When is the jury date set presently?

11          MS. DUIGNAN:  Your Honor, we're set to begin trial on

12    February 24th.

13          THE COURT:  All right.  I'm hearing dates that pretty

14    much are right up against that trial date.  So I think what

15    counsel need to do is to confer on a schedule and present that

16    to the Court if you can agree; and if you can't, you can each

17    present something separately.

18          If we're going to go beyond the trial date -- I mean,

19    I assume that you don't want discovery coming in on the eve of

20    trial, that you want some time to assess it and get prepared for

21    the trial itself.

22          So I want a schedule from counsel and then I'll see

23    whether I can agree with that.  And if it's going to involve a

24    new trial date, then you'll have to file a motion for a new

25    trial date, and that goes directly to the district judge.

1          MS. DUIGNAN:  Your Honor, for the record, I would just
2    like to set up from the government's perspective that we started
3    the discovery process on February 22 of 2013, and that's the
4    point in which videos and photos and everything that our expert
5    relied upon in order to do his analysis were provided to the
6    defense.  That's a date that's almost a year ago.  And at this
7    point for the defense to come forth and say that their expert
8    has not even started their analysis seems to stretch imagination
9    in some perspective.

10          We provided our expert reports in October, Your Honor,
11   and we provided all of the information that they requested, even
12   though it was not required by Rule 16 or applicable case law,
13   which is the information that Mr. Curtner is referring to, that
14   they only received these past couple of weeks, that was needed
15   for their expert to do their analysis.

16          However, really what they requested from our expert
17   was work product, and we've been providing that to the defense,
18   although we're not required to.

19          So I would just want to put that on the record so the
20   Court was aware of that.

21          THE COURT:  Mr. Curtner, the time that you think your
22   expert would need, where does that come from?  Is that the time
23   that you would want or --

24          MR. CURTNER:  No, if we just -- no, this is just in
25   discussing -- we've been working with him.  We provided the

1  information we've had early on, but, you know, this is a area of

2  expertise I am not familiar with.

3          What Mr. Toglia has done in his expert report is

4  something I am not familiar with.  So we hired experts --

5  some -- an expert in the same field, and we're going on the

6  advice of our expert about what they even need in order to do an

7  independent analysis.  And so -- and we've been advising the

8  government about what he -- our expert says he needs to do his

9  job, and we just finally yesterday got the final bit of the

10  information he now -- he said a lot of this information that he

11  needs -- what he needed to actually start an independent

12  analysis he has now, so...

13          THE COURT:  Do you anticipate filing a motion to

14  continue the trial?

15          MR. CURTNER:  You know, that's something, Your Honor,

16  I think I really need to, when I get back to Anchorage, have --

17  sit down with the government and discuss the realities.

18          The two things, Your Honor -- and we are -- my office

19  has been dedicated to preparing for trial on the scheduled trial

20  date, but we have -- besides getting information to our experts

21  in order for them to do their analysis and to provide the same

22  type of expert reports that we received from the government

23  experts, that has been one issue we're dealing with.

24          But the other issue is in the last month we received

25  over 350 audio interviews of witnesses, and that is -- I mean,

1  these are hours and hours.  My staff has been dedicated

2  exclusively to listening to these tapes, but it's -- they tell

3  me that listening all day every day between now and trial date,

4  they won't have a chance to review all the audio discovery we

5  received.  So that's something that when I get back and we --

6  we're going to have to -- from my side, we're going to have look

7  at exactly, you know, can we prepare for trial, or do we need to

8  ask the Court for a short extension of the trial date in order

9  to complete our review of discovery.

10         And so also given the fact that the government may

11  want, you know, additional time to review what we're providing

12  from our experts, you know, that's something I need to next

13  week, I think, sit down with the government and perhaps we can

14  either agree or we not agree on a -- you know, whether we need a

15  new trial date.  But we need to make that decision, I think,

16  fairly soon.

17         THE COURT:  What's a reasonable date for me to expect

18  the parties to have met and presented something to the Court in

19  the way of a schedule that includes a motion to continue trial,

20  a reference to such, or not, whatever the --

21         MR. CURTNER:  Judge, I would -- I would -- I'm sorry,

22  I would say February 7th.

23         THE COURT:  That's on a Friday.  I'll hear the

24  government's response in just a moment.  They're conferring.

25         MS. LOEFFLER:  Your Honor, may I just have a second so

1    that we can --

2              THE COURT:  You may.

3              MS. LOEFFLER:  Just one.

4         (Whispered discussion off the record)

5              MS. DUIGNAN:  Your Honor, the government has had a

6    chance to confer on this.  We would really prefer to try to

7    speak with the defense sooner than next Friday if possible.  We

8    recognize Mr. Curtner is out of town, but we're available by

9    telephone, and we propose next Tuesday or Wednesday.

10             MR. CURTNER:  I'm sorry, Your Honor.  I'll be back in

11   the office on Monday.  We can talk.  I was just thinking that we

12   can have something to the Court by Friday the 7th, but I would

13   be happy to meet with the government, you know, earlier in the

14   week, Tuesday or Wednesday, that would be fine.

15             MS. DUIGNAN:  We'd like to meet at the earliest

16   opportunity.

17             THE COURT:  All right.  I'll leave that to counsel to

18   set up at your mutual convenience.

19             With respect to filing something with the Court, I'll

20   just go ahead with the 6th of February.  I realize you have to

21   meet and confer and get your positions straight.  What I'm

22   looking for is something that addresses the discovery.

23             Well, let me ask the government.  Does the government

24   anticipate producing any more discovery?

25             MS. DUIGNAN:  Your Honor, at this point, any other

1  discovery we would have would just be lingering items that have
2  not been processed through the FBI system yet.  We're working on
3  ensuring that all those are gathered up.  They were leads that
4  were followed later in the investigation, and we've been turning
5  them over forthwith as they're available.  But they would not
6  be -- it would not be a large amount of discovery.  These are
7  items that have just -- they've come in in bits and pieces.
8          THE COURT:  What category would you think they fall
9  into?  Does it fall into Jencks, or does it fall into just Rule
10 16 discovery, or Brady, or what?
11         MS. DUIGNAN:  I think we have some maybe -- do we have
12 the ballistics lab report?  I think we've turned that over
13 already.  That was one of the ones that was lingering.  We have
14 a couple of lab reports that had been outstanding, and we'll go
15 back and double check and make sure that they've been turned
16 over.  I think they've already been turned over.
17         But we would anticipate if anything comes forward,
18 it's going to be minimal amounts like that, things that were
19 loose ends that are being tied up.
20         And as far as the Jencks and the recordings that Mr.
21 Curtner was referring to, we turned those over on the agreed
22 deadline that was set by the Court, which was seven weeks before
23 trial.
24         THE COURT:  All right.  Well, the document you submit
25 to me should include a timeline for production of discovery by

1    the government.  If you think you've completed that, you can
2    just indicate that.  You don't need to build in extra time.
3    Also time for production of discovery by the defense, and I
4    guess we're talking about expert witness information.  And I
5    think because it's realistic to think there would be in limine
6    motions filed, at least by the government, that that ought to be
7    in the time schedule.
8            So if you can come up with a schedule that keeps the
9    trial date, I'll try to live with it and get the information
10   out, my rulings, but I want at least your input first from both
11   sides.
12           MS. DUIGNAN:  Thank you, Your Honor.
13           MR. CURTNER:  Sorry, Your Honor, you want that by
14   February 6th --
15           THE COURT:  Yes.
16           MR. CURTNER:  -- or 7th?  I didn't --
17           THE COURT:  The 6th.  I moved it up a day to the 6th.
18           MR. CURTNER:  That's fine, that's fine.
19           THE COURT:  All right.  Any other matters that counsel
20   want to address in the way of pretrial discovery issues?
21           MS. DUIGNAN:  Nothing from the government, Your Honor.
22           THE COURT:  Mr. Curtner, anything else?
23           MR. CURTNER:  No, Your Honor, not at this time, thank
24   you.
25           THE COURT:  Now, the motions in limine that were filed

1　by the defense, what if anything needs to be done for the Court

2　to rule?  We pretty much have all the positions.  I guess

3　whether there is additional discovery going to be due from the

4　government, but I'm hearing that most of that's been produced,

5　there is very little left to compel.  But is that -- are those

6　motions ripe, Mr. Curtner?

7　　　　　　MR. CURTNER:  Yes, Your Honor, I think so, with the

8　proviso that -- you know, I mean, just for example, on -- the

9　last discovery we got I think was 1,000 pages of Bates stamped

10　material, and I think it was, what, 11 other audio interviews.

11　　　　　　And if there's -- the only proviso I would add is that

12　if there is some type of discovery we haven't had a chance to

13　review yet or that we haven't received yet that might influence

14　those motions, I don't think that there would be, but if there

15　is, we'll notify the Court right away, otherwise I think they're

16　ripe.

17　　　　　　THE COURT:  All right.  I'll consider that as such.

18　Keep in mind that an opposing expert, generally if he disagrees

19　or she disagrees, then it's a matter for the fact finder to

20　decide.  Unless it truly goes to the admissibility of the

21　witness testifying, then what you come up with is not going to

22　probably change the Court's ruling, whatever that is.

23　　　　　　So I'll go ahead and decide the in limine motions so

24　we get that on the table.  And I'll look for your joint

25　response, hopefully by February 6th, and where you can't agree,

1  then you can just put that information in.

2           Anything else for the good of the cause before we

3  recess?

4           MS. DUIGNAN:  No, Your Honor.

5           THE COURT:  Mr. Curtner, any final words?

6           MR. CURTNER:  No, Your Honor.  Thank you very much.

7           THE COURT:  We'll be in recess.

8           THE CLERK:  All rise.  This matter is now adjourned.

9  The court stands in recess until 2 p.m.

10              (Proceedings adjourned, 9:50:05)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          CERTIFICATION

2

3        I, LEONARD J. DiPAOLO, RPR, CRR, CCP, court-approved

4     transcriber, certify that the foregoing is correct transcript

5     from the official digital electronic sound recording of the

6     proceedings in the above-entitled matter.

7

8

9     _____          ___9/10/14___
      Leonard J. DiPaolo, RPR, CRR, CCP            Date
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Peninsula Reporting**
**110 Trading Bay Dr., Ste. 100, Kenai, AK  99611 907/283-4429**