UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:13-cr-00008-RRB |
| | ) | |
| Plaintiff, | ) | Anchorage, Alaska |
| | ) | Tuesday, February 11, 2014 |
| vs. | ) | 2:03 p.m. |
| | ) | |
| JAMES MICHAEL WELLS, | ) | HEARING ON MOTION TO CONTINUE |
| | ) | TRIAL (301) |
| Defendant. | ) | |
| | ) | |

TRANSCRIPT OF PROCEEDINGS
Pages 1 - 10, inclusive

BEFORE THE HONORABLE RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

For Plaintiff: KAREN LOEFFLER, ESQ.
BRYAN D. SCHRODER, ESQ.
U.S. Attorney's Office
222 W. 7th Avenue, #9
Anchorage, Alaska 99513
Ph: 907/271-5071

For Defendant: F. RICHARD CURTNER, ESQ.
Federal Public Defender's Agency
601 W. 5th Avenue, Suite 800
Anchorage, Alaska 99501
Ph: 907/646-3400

Court Recorder: NANCY LEALAISALANOA
U.S. District Court
222 W. 7th Avenue, Box 4
Anchorage, Alaska 99513
Ph: 907/677-6111

Transcribed by: LEONARD J. DIPAOLO, RPR, CRR, CCP
Peninsula Reporting
110 Trading Bay Road, Suite 100
Kenai, Alaska 99611
Ph: 907/283-4429

Proceedings recorded by digital sound recording, transcript produced by stenographic transcription service.

Case 3:13-cr-00008-SLG Document 725 Filed 09/12/14 Page 1 of 10

P R O C E E D I N G S

ANCHORAGE, ALASKA - TUESDAY, FEBRUARY 11, 2014

(Log 2:03:25)

(Defendant present)

THE CLERK: All rise. His Honor the Court, the United States District Court for the District of Alaska is now in session with the Honorable Ralph R. Beistline presiding. Please be seated.

THE COURT: Okay, we're on the record, United States --

THE CLERK: And Your Honor, we have Ms. Wells on the phone also.

THE COURT: Who's on the phone?

THE CLERK: Ms. Wells.

THE COURT: Okay. So we're on the record in the United States of America versus James Michael Wells. It's Case No. 3:13-8.

I have before me an unopposed motion to continue trial for approximately four weeks. Are you serious?

MR. CURTNER: I am, Your Honor, yes, absolutely.

THE COURT: Well, you know, I've been spending the last six months clearing up this month, and I put it all into the month you want me to conduct trial. But I respect the parties' representations, and I only wanted to try it one time, so here's what I can do.

I can start trial March 31st, that would satisfy everyone's request. That's a Monday. Go Monday; Tuesday; Wednesday; Thursday; Friday, I've got other sentencing commitments; and then beyond that, just run -- go straight through after that. Does that make sense?

MS. LOEFFLER: Can I --

MR. CURTNER: Yes.

MS. LOEFFLER: Let me -- there's one thing that Mr. Curtner and I had discussed previously. I'm fine with that date, I just want to -- let me just talk to him for one second about something --

THE COURT: Sure.

MS. LOEFFLER: -- and see if we want to bring it up before the Court, something we've discussed together.

THE COURT: I'm here.

(Whispered discussion off the record)

THE COURT: I've got an hour. You can bring up anything you want.

MS. LOEFFLER: No, Your Honor, this is something that we had discussed together.

THE COURT: Okay.

MS. LOEFFLER: And we were planning -- I think we had provided a draft joint motion. And the question was whether the Court might want to entertain the 8:30 to 1:30 schedule with no lunch on the theory that it uses about the same amount of time,

gives you some time to do things in the afternoons.

The other thing that we had discussed in this case -- both of us have experience in the state system and thought it worked pretty well. The other thing is that every witness in this case, except local FBI agents, is going to be flying into Anchorage. And so we thought, when we talked about it together, it might be more efficient. I thought I would bring it up. I just asked Mr. Curtner because it was something the two of us had discussed.

THE COURT: Okay. I'm not inclined to do that.

MS. LOEFFLER: Okay.

THE COURT: You know, I have experience in that as well, ten years in state court. I'm not inclined to not -- I mean, to just take it as we go.

MS. LOEFFLER: Okay.

THE COURT: In other words, there will be times we have to leave early to accommodate witnesses --

MS. LOEFFLER: Okay.

THE COURT: -- or counsel. But I think that if we go from 9 till noon and from 1:15 to 5 or 4:30, we will likely get more done than if we go to the 8:30 to 1 or 1:30, just based on my experience in state court.

MS. LOEFFLER: Okay.

THE COURT: I mean, there's always long recesses and there's -- it's a close question, but I'm more comfortable using

as much time as we can. I've already said that Friday we've got a break so that we can take -- I can take care of some sentencing.

MS. LOEFFLER: Okay.

THE COURT: And there may be -- we may take Friday afternoons off. If the parties tell me there's a reason to relax the time schedule, I'm more than willing to do it, but I think the best thing to do is start and get it done.

MS. LOEFFLER: Okay. Well, then we don't have to file anything and that -- we've got our answer, so that's it.

THE COURT: Okay. One thing we didn't talk about specifically at the pretrial conference that I just forgot to mention, and that is the way we pick alternates. We're going to go with 15 or 16 jurors. It's going to be tight. We'll see what we end up with. So that will be three or four alternates.

What we've had most success with lately is just picking 15, or whatever the number is of jurors, and then not identifying the alternate until the very end of the case, and then putting all the names in our spindle over here, and then at the very end picking out who the alternates are. Or we can identify the alternates from the beginning. Is there any preference?

MS. LOEFFLER: Your Honor, the government's position is it's within the discretion of the Court of whatever, you know, you feel works the best.

Peninsula Reporting
110 Trading Bay Dr., Ste. 100, Kenai, AK  99611 907/283-4429
Case 3:13-cr-00008-SLG   Document 725   Filed 09/12/14   Page 5 of 10

5

as much time as we can. I've already said that Friday we've got a break so that we can take -- I can take care of some sentencing.

MS. LOEFFLER: Okay.

THE COURT: And there may be -- we may take Friday afternoons off. If the parties tell me there's a reason to relax the time schedule, I'm more than willing to do it, but I think the best thing to do is start and get it done.

MS. LOEFFLER: Okay. Well, then we don't have to file anything and that -- we've got our answer, so that's it.

THE COURT: Okay. One thing we didn't talk about specifically at the pretrial conference that I just forgot to mention, and that is the way we pick alternates. We're going to go with 15 or 16 jurors. It's going to be tight. We'll see what we end up with. So that will be three or four alternates.

What we've had most success with lately is just picking 15, or whatever the number is of jurors, and then not identifying the alternate until the very end of the case, and then putting all the names in our spindle over here, and then at the very end picking out who the alternates are. Or we can identify the alternates from the beginning. Is there any preference?

MS. LOEFFLER: Your Honor, the government's position is it's within the discretion of the Court of whatever, you know, you feel works the best.

```
 1          THE COURT:  I believe the system that I suggested
 2   works the best because it gives you the flexibility if you need
 3   to pick an alternate in the middle of the trial, someone's
 4   having trouble, ill, I mean, you haven't identified the
 5   alternates yet.  And all of the jurors are giving equal
 6   attention because none of them know who's the alternates.  But I
 7   will do whatever Mr. Curtner suggests.
 8          MR. CURTNER:  I'm not opposed to that at all, Your
 9   Honor.  I think it's a good practice.
10          THE COURT:  Okay.  So in other words, you agree that
11   we will pick 15 or 16 jurors when we finally decide, and we will
12   not identify an alternate.  And at the end of the trial,
13   however, we'll then put in the names of all those that are
14   remaining, pick out the alternates at that time.
15          MR. CURTNER:  That's correct.
16          THE COURT:  All right.  And Mr. Wells, would you -- do
17   you understand what we're talking about?
18          THE DEFENDANT:  Yes, Your Honor.
19          THE COURT:  Is that system all right with you?
20          THE DEFENDANT:  Yes.
21          THE COURT:  Okay.  Done.  So it appears to me -- and
22   I've read everything and I've looked at what the magistrate
23   judge is doing -- it looks to me that both of you are keeping
24   him very, very busy.  And I understand that discovery is
25   continuing to go.  So it appears to me that it's in the interest
```

of justice to continue the trial, and that that interest outweighs the interest of the defendant or the community in proceeding as scheduled.

I am going to be doing all kinds of recalendaring because my April is jam packed because I anticipated I would this in March, but I'm beginning to do that now. And I may do some work during the lunch hour. But I really -- once we start, I think the best thing is to go until we're done, with the exception of that Friday. Okay, you've got all the time you want.

MS. LOEFFLER: I'm not aware of anything else, Your Honor.

THE COURT: Oh, come on.

MR. CURTNER: Unless, Judge, you wanted to schedule a pretrial conference, like, a week before trial.

THE COURT: Oh, yeah, March -- I just forgot to tell you. March 24th at 10 a.m. Pretrial conference, March 24th, 10 a.m.

MS. LOEFFLER: Your Honor, the same thing, can we change the dates for jury instructions, voir dire, and trial brief?

THE COURT: Any objections?

MR. CURTNER: No, no.

THE COURT: Would you do that between the two of you? I don't have those in my mind.

MS. LOEFFLER: Okay. Well, we have a calendar right here. Let's just pick -- let's just get together with one so that it's on the record and we don't have to meet again. Who's got -- I don't know who has a calendar.

THE COURT: Okay.

(Whispered discussion off the record)

MS. LOEFFLER: Your Honor, if you make it due -- and Mr. Curtner, if you make it due March 14th. We had them due two weeks before trial last time, and now we've moved it.

THE COURT: What is due March 14th?

UNIDENTIFIED SPEAKER: The post jury instructions.

MR. CURTNER: We'll do our jury instructions, trial briefs --

THE COURT: Jury instructions, trial briefs --

MR. CURTNER: -- and questions --

MS. LOEFFLER: Voir dire.

MR. SCHRODER: Voir dire.

MR. CURTNER: -- voir dire questions.

THE COURT: Voir dire questions, March 14th, 2014. Mr. Curtner, is there anything else? I've got an hour for you.

MR. CURTNER: I can go back and listen to discovery, Your Honor, so I'm fine.

THE COURT: Okay. You've got other things to do then?

MR. CURTNER: Yes.

THE COURT: Okay. Well, we'll see -- we're going to

see everyone for the final pretrial conference on the 24th at 10 a.m. I don't think it will be very long, but I've scheduled two hours, which I probably won't need. Okay, thank you all very much.

MS. LOEFFLER: Thank you.

MR. CURTNER: Thank you.

THE CLERK: All rise. This matter stands adjourned. Court stands in recess until the 3:00 matter.

(Proceedings adjourned, 2:11:34 p.m.)

Case 3:13-cr-00008-SLG Document 725 Filed 09/12/14 Page 9 of 10

CERTIFICATION

I, LEONARD J. DiPAOLO, RPR, CRR, CCP, court-approved transcriber, certify that the foregoing is correct transcript from the official digital electronic sound recording of the proceedings in the above-entitled matter.

______________________________ ___9/10/14___
Leonard J. DiPaolo, RPR, CRR, CCP Date