1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF ALASKA
2
   UNITED STATES OF AMERICA,    )      Case No. 3:13-cr-00008-RRB-JDR
3                                )
                Plaintiff,       )      Anchorage, Alaska
4                                )      Wednesday, February 19, 2014
      vs.                        )      10:00 a.m.
5                                )
   JAMES MICHAEL WELLS,          )      HEARING ON GOVERNMENT'S MOTION
6                                )      FOR RECONSIDERATION (DKT 38)
                Defendant.       )
7                                )

8                       TRANSCRIPT OF PROCEEDINGS
                        Pages 1 - 19, inclusive
9
                  BEFORE THE HONORABLE JOHN D. ROBERTS
10                 UNITED STATES MAGISTRATE JUDGE

11  A P P E A R A N C E S:
    For Plaintiff:     KAREN LOEFFLER, ESQ.
12                     BRYAN D. SCHRODER, ESQ.
                       KATHLEEN ANN DUIGNAN, ESQ.
13                     U.S. Attorney's Office
                       222 W. 7th Avenue, #9
14                     Anchorage, Alaska 99513
                       Ph: 907/271-5071
15
    For Defendant:     F. RICHARD CURTNER, ESQ.
16                     Federal Public Defender's Agency
                       601 W. 5th Avenue, Suite 800
17                     Anchorage, Alaska 99501
                       Ph: 907/646-3400
18
    Court Recorder:    NANCY LEALAISALANOA
19                     U.S. District Court
                       222 W. 7th Avenue, Box 4
20                     Anchorage, Alaska 99513
                       Ph: 907/677-6111
21
    Transcribed by:    LEONARD J. DIPAOLO, RPR, CRR, CCP
22                     Peninsula Reporting
                       110 Trading Bay Road, Suite 100
23                     Kenai, Alaska 99611
                       Ph: 907/283-4429
24
    Proceedings recorded by digital sound recording, transcript
25  produced by stenographic transcription service.

1              P R O C E E D I N G S

2          ANCHORAGE, ALASKA - WEDNESDAY, FEBRUARY 19, 2014

3     (Log 10:00:40)

4        (Defendant present)

5              THE CLERK:  All rise.  His Honor the Court, the United

6     States District Court for the District of Alaska is now in

7     session with the Honorable John D. Roberts presiding.  Please be

8     seated.

9              THE COURT:  This is a hearing in the Wells case, Case

10    No. 3:13-cr-08.  Madam Clerk, do we have anyone listening in on

11    the telephone?

12             THE CLERK:  No, we don't.

13             THE COURT:  Defendant and counsel are present.  The

14    issue at hand involves discovery.  I begin by indicating that

15    the defense filed a notice of lodging a proposed order of

16    deadline dates for pretrial matters on February the 6th at

17    Docket 305.

18             That docket indicates that the parties met February 4,

19    discussed a timeline for production of discovery.  From that

20    discussion, parties agreed for Mr. Wells to file a non-opposed

21    motion to continue the scheduled trial for four weeks.  And I

22    assume that was granted?

23             MR. CURTNER:  Yeah, actually for five weeks, yes, Your

24    Honor, the trial has been continued.

25             THE COURT:  And that was agreed to by the parties,

1    there was no opposition by either side?

2              MR. SCHRODER:  That's correct, Your Honor.

3              THE COURT:  On page 2 of that notice, the following

4    proposed discovery timeline was stated under the third paragraph

5    of No. 1:  The defense proposes that all government discovery be

6    completed by February 14, 2014.

7              Mr. Curtner, what is your understanding of the meaning

8    of that language in your notice?

9              MR. CURTNER:  Well, Your Honor, I guess I assumed that

10   it would be -- and I know discovery is ongoing and I thought it

11   would be complete by that deadline.  We had originally had met

12   and we talked about doing a joint motion on the trial, and when

13   we had somewhat of a disagreement, we filed our separate

14   pleadings on continuing the trial, and that's been resolved.

15             But as far as -- I was just proposing those deadlines

16   because I thought that's -- the government might be done.  And I

17   proposed that deadline because, you know, there's still -- like

18   today we just received another ten recordings or so and a lot

19   more discovery.

20             So I'm just trying to make sure we have enough time to

21   prepare for trial with the new trial date.  And so I proposed

22   that deadline, and I didn't realize that there would be more

23   things coming.  I don't want to cut off government discovery in

24   that sense because we need to review all this, but I assumed

25   that they would be done by that time.

1    You know, we're getting transcripts from -- or tapes
2  of interviews from almost two years ago, so I just assumed we
3  could have everything by then.  If there is ongoing
4  investigations, I welcome any additional discovery.  If there is
5  ongoing Brady materials that are discovered, I welcome that.
6    So I don't -- I didn't intend to have a hard and fast
7  deadline of February 14.  I just assumed they would be done by
8  then so we could prepare for trial.  And I wanted also to let
9  the Court know when I think we can get our reciprocal discovery
10  expert reports in.
11    THE COURT:  Does your reciprocal discovery depend upon
12  the government saying, "We've now produced all of our
13  discovery"?
14    MR. CURTNER:  No.  It all depends on -- once we
15  have -- we've made certain requests for discovery that our
16  experts have asked us for, and so we've been working through
17  that.
18    And so I think at this point our experts will be
19  prepared to file their discovery on the dates that I suggested.
20  But it's just a matter of -- it's just a matter of getting what
21  they need through the discovery process, because there's just so
22  much, and they might request some particular evidence.  I think
23  we're on track for the dates I gave the Court on my proposed
24  expert reports.
25    THE COURT:  The deadline that you proposed did not

1  mean that the government should terminate its Brady obligation

2  on that date?

3         MR. CURTNER:  Absolutely not.

4         THE COURT:  And all discovery doesn't mean everything

5  in the government's file.

6         MR. CURTNER:  I understand.

7         THE COURT:  Nor does it mean that the government

8  ceases its investigation in the case.

9         MR. CURTNER:  That's correct.  No, I was actually just

10  asking for, if there's discovery that's going to be presented,

11  let's get it now rather than later so we can prepare, because

12  there's a lot of preparation that needs to go through as we keep

13  getting recordings, for example, that are an hour long.

14         And so if it's available, I would -- I'm asking for it

15  sooner rather than later; if it's not available now, I'd ask for

16  it as soon as it's available.  I am in no way indicating that

17  there should not be an ongoing discovery process as it comes up.

18         THE COURT:  Would it be fair to say that a discovery

19  deadline as discussed in your notice refers to discovery the

20  government intends to produce under its agreements and any case

21  rulings in this case?

22         MR. CURTNER:  Yes.  In fact, I mean, a lot of the

23  things we've been discussing I now see in the discovery received

24  that we got today.  So, you know, these are -- you know,

25  discovery issues may have been met now.  You know, I just got a

1  four-page discovery receipt.  So I think that's where we are as

2  far as the discovery process.

3           THE COURT:  What is your understanding of the process

4  if the government produces more discovery than it's required to,

5  it just simply goes beyond that --

6           MR. CURTNER:  Yes.

7           THE COURT:  -- requirement?  What reciprocal right do

8  you claim to have to have more time to process it?

9           MR. CURTNER:  Only if we need time to prepare for

10  trial.  If this goes beyond -- you know, if there's -- for

11  example, if they were to have released something that was

12  important Brady material, in my opinion, on the eve of trial

13  which would require some investigation to follow up, that's what

14  we're trying to avoid.

15          Given the discovery that I've received so far, we're

16  trying to, you know, process that so we can -- if there is any

17  followup investigation, we can be prepared by the trial date

18  that we have now.

19          THE COURT:  Thank you.  Who is going to speak for the

20  government?

21          MR. SCHRODER:  I would, Your Honor.

22          THE COURT:  All right.  Let me begin by asking you,

23  does the Court have discretion to manage pretrial proceedings in

24  the case?

25          MR. SCHRODER:  Certainly, Your Honor.

1        THE COURT:  So we don't need authority for that point,

2   for the light --

3        MR. SCHRODER:  For the general concept of managing the

4   proceedings, certainly not, Your Honor.

5        THE COURT:  All right.  And would you agree that the

6   government should not be producing discovery after the final

7   pretrial conference unless you can show that it's something that

8   just came to light, the final pretrial conference?

9        MR. SCHRODER:  I will tell you -- I'm going to get

10  into a kind of a general discussion on that, but I will tell you

11  in this case, Your Honor, by the time we reach a pretrial

12  conference, and well before that, we will have provided all the

13  discovery that we think is discoverable under a very broad

14  analysis of that, because that's what we've taken in this case.

15  All of that will be to the defense unless it's part of ongoing

16  investigation that we -- that we're continuing to do.

17       THE COURT:  All right.  Well, it sounds like then that

18  the deadline is appropriate.  It's a question of when it should

19  be set.

20       MR. SCHRODER:  Again, I think our answer is -- we put

21  it in the -- in what we filed, Your Honor, is that the Court set

22  discovery deadlines in this case.  We have met every one of

23  those discovery deadlines; the defense has not, yet they're

24  wanting some kind of an artificial discovery deadline.

25       The court has rules on how to deal with discovery.

1  File a motion to compel, certify that it's a genuine issue, and

2  we'll deal with that.  And the defense knows how to do that,

3  they've done it in this case.  There is no need for a discovery

4  deadline, and that's been our position.

5           Now, that being said, the definition you just gave a

6  few moments ago of material that's in the possession of the U.S.

7  Attorney's Office that we have determined to discover, they have

8  to my -- we went through it again yesterday, they have all of

9  that.

10          There is one tape we were going -- we're planning on

11  to discover that we're getting a re-recording just because the

12  one we have is not proper -- or not completely -- the audio is

13  not good, but that's a witness that we have no intention of even

14  calling.  So I mean, that's not even really discoverable.  They

15  have all that.

16          Now, we're continuing to work, and we will continue to

17  work.  And under our ongoing discovery obligations, we will

18  continue to provide material.  But under the definition as you

19  gave it a few moments ago, Your Honor, we've provided that.

20          THE COURT:  All right.  I have some more comments and

21  questions, but I want to give you a chance if there is anything

22  that you want to say first.

23          MR. SCHRODER:  And the only other thing I think I'd

24  like to put out before your questions, Your Honor, is, you know,

25  there's still kind of this ongoing discussion of what we have

1  and haven't provided to experts.  And I want to make it clear

2  that the defense gives us these requests, we look at them for

3  purposes of whether we think they're viable or we should

4  provide, and we provided a bunch of information on that.

5          But nowhere have they ever been able to show under

6  precedent or Rule 16 that the material we have deemed not to

7  provide should be provided.

8          So again, I think we are providing more than we're

9  required in all of that, and all this discussion of giving

10 additional material to experts is just noise.  There's no

11 support for that, and it's just taking up the Court's time I

12 think.

13         THE COURT:  Is there any motion for discovery

14 presently pending in the case?

15         MR. SCHRODER:  Well, Your Honor, I mean, there is

16 still existing the motion for Docket 2 -- I'm not sure if the

17 Court's ruled on Docket 284 of the defendant's, which is -- you

18 know, (indiscernible) the motion on shortened time to direct the

19 government to provide additional discovery.

20         THE COURT:  I'm not sure.

21         MR. SCHRODER:  And I don't think it has been.  I guess

22 that's what I'm talking about.  What the defense has put in

23 there is they want -- they want very, very specific things from

24 our expert.  They don't cite any specific precedent for that.

25         THE COURT:  And I think that that was addressed at the

1  last hearing we had on experts.  And my understanding was that

2  at that time the defense was satisfied with what had been

3  produced.

4          MR. SCHRODER:  Okay.

5          MS. LOEFFLER:  I think that's true.

6          THE COURT:  So I think the answer is there is no

7  pending discovery motion.

8          MR. SCHRODER:  Right.

9          THE COURT:  There may be discussion between the

10 parties --

11         MR. SCHRODER:  Sure.

12         THE COURT:  -- and there may be requests that the

13 Court doesn't see --

14         MR. SCHRODER:  Right.

15         THE COURT:  -- but we don't have any outstanding

16 motion to rule on at this time.

17         In your request for reconsideration, there are a

18 number of points that are made about ongoing investigation.  The

19 first would be interviews about blue cars.

20         MR. SCHRODER:  Yes, sir.

21         THE COURT:  Another one would be leads after you

22 receive the defense expert reports.  Another one would be

23 receive and produce reciprocal discovery -- well, the defendant

24 has only recently done that, and I don't know if that has been

25 completed or not.  And then, of course, trial preparation

1    interviews would be another category.  And the government states

2    that it has provided beyond what is required by Rule 16 and

3    Brady.  That point has been made several times.

4            So on page 5 it states there are a number of ongoing

5    reviews that cannot be complied with by February 14, so that

6    date doesn't appear to be a good date, and that's why we have

7    the reconsideration going on to address that.

8            As far as cataloging evidence, which is discussed also

9    on that page, to me that's your own government's preparation in

10    the case.  Unless you intend to produce all of the cataloging to

11    the defense, I would assume that you're letting them catalog and

12    manage their own accumulation of evidence.

13            MR. SCHRODER:  That's correct, Your Honor.  I mean,

14    the only reason we put that in there is we -- and I think I

15    understand the Court knows this, but there is a process to this,

16    and we wanted the Court to be aware of that, that this is --

17    there is a considerable amount evidence here, and we are going

18    through a very specific process to make sure that evidence is

19    organized and provided according to the rules.

20            THE COURT:  Well, I suppose the government didn't

21    choose the initial trial date of this case.  Maybe the Court

22    did, selected that.

23            MR. SCHRODER:  Yes, sir.

24            THE COURT:  So maybe that has to be considered.

25            And another point made on page 6, and you've stated it

1  here, that you're reviewing e-mails for Brady material.  I guess
2  my concern is that this trial has been continued once, and it's
3  very difficult for the Court to find a block of time to set
4  aside for the trial of the case.  It has to do a lot of
5  rearranging of its case calendar.  And if you have anticipation
6  of trial subpoenas going out for a particular time frame,
7  whether they've gone out or not, those witnesses have to be told
8  that, no, now you've got to set aside this other time frame
9  because the trial has been continued.

10         In my opinion, I think one of the reasons the trial
11  was continued was because of the government late producing
12  discovery.  Now, it might be discovery you're not required to
13  produce under the case law and the Constitution, but
14  nevertheless, as you say, you've gone beyond that requirement.

15         MR. SCHRODER:  Well, Your Honor, can you -- are you
16  going to -- I'd like to know what that is.  I mean, if we're
17  doing something wrong, I want to know about it.

18         THE COURT:  No, I am just saying that because you're
19  over -- you're producing more than you probably have to
20  produce --

21         MR. SCHRODER:  Uh-huh.

22         THE COURT:  -- and that's fine, and the defense then
23  wants a time to process it.  That makes sense too.  I mean, he's
24  an advocate and he's obliged to process that and see how he has
25  to adjust the defense and so forth.

1    This has happened once, and my concern is that it

2  doesn't keep happening, that the discovery -- I just heard today

3  that some discovery was recently produced.  And, you know, when

4  is there going to be a stop to that and the government says,

5  we're ready?

6    Because if the Court sets a trial date in the usual

7  case, the parties go to trial.  And you can continue to

8  investigate right up to the last, but that doesn't change the

9  trial date.

10    Well, here if there is a significant amount of

11  discovery that's being produced, it does have an effect on the

12  trial date.  So that's the reason for setting some date where

13  the government meets that deadline and says, you know, "We've

14  produced everything that we intend to produce that we know about

15  up to this point."  And that would, except any agreements that

16  parties make, that would not imply a trial continuance.  In

17  other words, you'd have to move for a trial continuance to get

18  one.

19    But I think that there needs to be some understanding

20  of when the parties are going to be ready.  And to case manage,

21  we stagger at the motion practice so that everything falls

22  logically because you have to have the discovery to assess

23  whether it precipitates a motion to suppress, for example, or

24  any other -- a motion to dismiss or some other -- a motion in

25  limine, whatever it might be.  So there is an order to it.

1          And that was the purpose of setting some deadlines so

2    that everybody understands that that's the target date for the

3    government trying to get ready for trial in the sense of

4    producing what it intends to produce to Mr. Curtner, except for

5    what could not reasonably have been brought to light earlier.

6          In other words, arguably looking for blue cars on

7    Kodiak could have been addressed months ago.  I mean, it's an

8    issue that I've thought about.  It's been addressed, to some

9    extent, by an expert.  Anyway --

10          MR. SCHRODER:  Your Honor, it's been being addressed

11    for -- this is a long, ongoing investigation.

12          THE COURT:  Well, you understand what I'm talking

13    about, though --

14          MR. SCHRODER:  I do, but I --

15          THE COURT:  -- is some kind of deadline.

16          MR. SCHRODER:  Yeah.

17          THE COURT:  So what is a reasonable deadline?

18          MR. SCHRODER:  Well, what I can tell you, Your Honor,

19    is the definition as you gave it a few moments ago, the material

20    in our possession that we had intended to discover through our

21    analysis, through a broad definition of that, we've done that,

22    so...

23          MS. LOEFFLER:  There's some stuff we're still getting.

24          MR. SCHRODER:  Well, but we're going to have material

25    continuing to keep coming in as part of the investigation, the

1    ongoing part of the investigation that we're required to provide

2    under Rule 16(d), I believe it is.  But I think as you defined

3    it a few moments ago, that is done.

4              Now, there's a few things left, like going through

5    Henthorn review, looking through those e-mails.  When I

6    talked -- we talk about these e-mails, those aren't things --

7    the agents have already gone through those.  I mean, if there

8    was something in there that was a big problem, I think we'd know

9    about it.

10             As part of our due diligence, we're going to go

11   through those as well.  I mean, we're not anticipating there to

12   be any issue there.  And those are all kind of traditional

13   discovery practices that happen in this -- normally in this

14   period.  There's nothing unusual about the Henthorn process

15   going on.  As a matter of fact, I think we're probably a couple

16   months ahead of what that -- that normal process.

17             THE COURT:  Going back to the notice that was filed by

18   the defense, it indicates that the parties have met and

19   discussed a timeline for production of discovery.  And I'll read

20   this, what I think is a fair way to say that the defense

21   proposed a discovery timeline, and it didn't say we jointly

22   propose it.  So the government has a right for input.

23             But the defense proposes all discovery to be completed

24   by February 14.  Rather than just simply delete that altogether,

25   which is one way to go, but I'm concerned that this case have a

1    track for preparation and that we don't face another request for
2    trial continuance because there's an outstanding discovery.
3            MR. SCHRODER:  I guess what I'm trying to say, Your
4    Honor, is I think factually we're there.  I think we're in that
5    position that you've described.  And the only thing remaining is
6    going to be this kind of ongoing discovery process that takes
7    place as you prepare for trial, or in the -- you know, when you
8    have a continuance of a month, we're going to use that time.
9            THE COURT:  Well, the 14th of February has passed.  If
10   you say you're there, then --
11           MR. SCHRODER:  Well, what I'm concerned about, Your
12   Honor, is Mr. Curtner got up, you asked him a bunch of
13   questions, and I started thinking about, okay, well, what are
14   we -- when we talk about a discovery deadline, it wasn't clear
15   to me what we were going to be talking about.  And I guess
16   that's part of our concern that -- trying to set that deadline
17   is defining what that really means, and I think our point is I
18   don't think we need to do that.
19           I mean, I think we have a process that's in the local
20   rules that we can stick with.  I'm afraid if we go down the path
21   of trying to set a deadline, trying to define what that deadline
22   means is just going to be too confusing.
23           THE COURT:  Mr. Curtner, the statements of counsel are
24   on record from both sides here.  What about simply deleting that
25   statement in the order, which is -- and I'll read the language

1  of it -- but simply deleting the discovery deadline?  Would you

2  be satisfied with that?

3              MR. CURTNER:  Yes, Your Honor.

4              THE COURT:  All right.  I think to avoid further

5  discussion on what the deadline means, it's easier just to

6  vacate it.

7              So paragraph 1 of the order at Docket 317 reading,

8  "The government will complete the production of all discovery to

9  the defense by February 14, 2014.  This deadline does not

10 relieve the government from compelling its continuing obligation

11 to disclose additional discovery pursuant to Federal Rule of

12 Criminal Procedure 16(c)."  It is vacated.

13             The other dates are not in contention, but the parties

14 should understand that as this case progresses, if they're late

15 filing motions, you may want to consider getting permission of

16 the Court to file it, we'd want to do it expeditiously to try to

17 maintain the trial date.

18             So that's my marching order to do that, and I think we

19 should all have the trial date as a deadline.  The pretrial

20 conference basically is to address matters at trial, voir dire

21 questions, a number of jurors, how late in the day you're going

22 to go with the trial, those kind of issues, not the pretrial

23 matter.  So let's try to get those out of the way timely.

24             MR. SCHRODER:  Yes, Your Honor.

25             THE COURT:  Anything else?

1          MR. CURTNER:  No, Your Honor, thank you.

2          THE COURT:  We'll be in recess.

3          THE CLERK:  All rise.  This matter stands adjourned.

4   Court stands in recess until the 2 p.m. matter.

5               (Proceedings adjourned, 10:22:50)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                              CERTIFICATION

2

3        I, LEONARD J. DiPAOLO, RPR, CRR, CCP, court-approved

4    transcriber, certify that the foregoing is correct transcript

5    from the official digital electronic sound recording of the

6    proceedings in the above-entitled matter.

7

8

9    _____              ___9/10/14___

     Leonard J. DiPaolo, RPR, CRR, CCP                  Date
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Peninsula Reporting**
**110 Trading Bay Dr., Ste. 100, Kenai, AK  99611 907/283-4429**