UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:13-cr-00008-RRB-JDR |
| | ) | |
| Plaintiff, | ) | Anchorage, Alaska |
| | ) | Monday March 17, 2014 |
| vs. | ) | 10:03 a.m. |
| | ) | |
| JAMES MICHAEL WELLS, | ) | HEARING TO DETERMINE |
| | ) | REPRESENTATION |
| Defendant. | ) | |
| | ) | |

PARTIAL TRANSCRIPT OF PROCEEDINGS
Pages 1 - 9, inclusive

BEFORE THE HONORABLE JOHN D. ROBERTS
UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

For Plaintiff: BRYAN D. SCHRODER, ESQ.
KATHLEEN ANN DUIGNAN, ESQ.
U.S. Attorney's Office
222 W. 7th Avenue, #9
Anchorage, Alaska 99513
Ph: 907/271-5071

For Defendant: F. RICHARD CURTNER, ESQ.
Federal Public Defender's Agency
601 W. 5th Avenue, Suite 800
Anchorage, Alaska 99501
Ph: 907/646-3400

PETER OFFENBECHER, ESQ.
Skellenger Bender, P.S.
1301 5th Avenue, Suite 3401
Seattle, Washington 98101-2605
Ph: 206/623-6501

Court Recorder: NANCY LEALAISALANOA
U.S. District Court
222 W. 7th Avenue, Box 4
Anchorage, Alaska 99513
Ph: 907/677-6111

Case 3:13-cr-00008-SLG Document 737 Filed 09/17/14 Page 1 of 9

A P P E A R A N C E S: (Continued)

Transcribed by: LEONARD J. DIPAOLO, RPR, CRR, CCP
Peninsula Reporting
110 Trading Bay Road, Suite 100
Kenai, Alaska 99611
Ph: 907/283-4429

Proceedings recorded by digital sound recording, transcript produced by stenographic transcription service.

P R O C E E D I N G S

ANCHORAGE, ALASKA - MONDAY, MARCH 17, 2014

(Log 10:03:10)

(Defendant present)

THE CLERK: All rise. His Honor the Court, the United States District Court for the District of Alaska is now in session with the Honorable John D. Roberts presiding. Please be seated.

THE COURT: Good morning.

MR. SCHRODER: Good morning, Your Honor.

MR. CURTNER: Good morning, Your Honor.

THE COURT: We're here in the Wells case, 3:13-cr-08. The government has asked for a representation hearing. Defendant and counsel are present.

Let me ask the government, do you have any plans to put on any evidence at this point?

MR. SCHRODER: Your Honor, the only -- the only evidence we would like to provide the Court would be one document that is an indication -- a printout and a cover letter that lays out the defendant's investment in the government Thrift Savings Plan that we obtained through the course of the investigation that has been provided previously to the defendant.

Depending on what the Court decides to look at as far as the defendant's financial holdings, we just think this is

something that would be worthy of the Court to consider.

THE COURT: Do you want to have it marked for --

MR. SCHRODER: It's marked as Exhibit 1.

MR. CURTNER: Do you have a copy for me?

MR. SCHRODER: No. You guys already have one.

MR. CURTNER: Okay.

MR. SCHRODER: And that's it for us, Your Honor.

THE COURT: All right, any objection to Exhibit 1 coming in for purposes of this hearing, the representation hearing?

MR. CURTNER: No, Your Honor.

THE COURT: Government's Exhibit 1 admitted. Give me a moment to review it.

PLAINTIFF'S EXHIBIT 1 ADMITTED

THE COURT: All right. Let me ask the government, based on this information, what are you asking the Court to do?

MR. SCHRODER: Well, Your Honor, I mean, I don't think we're asking the Court to do anything specifically based on that information.

I mean, if we want to argue the law and the, you know, the statutes and the case law, I mean, that's, I think -- our point is what the Court needs to do, based upon the statute, based upon -- and it's, you know, black letter law on 3006(a), is the Court needs to determine if now, because the defendant has money, whose money it is, because we don't know what it is.

All Mr. Curtner was willing to say last week was that the money came from private funds. So we think the Court needs to determine where the money is coming from to pay for Mr. Offenbecher.

THE COURT: Well, let me be more specific. Are you suggesting that Mr. Wells should withdraw his TSP account?

MR. SCHRODER: No, Your Honor. I'm just saying that's a potential source of money that the -- could have come from -- if indeed Mr. Wells is providing the money for Mr. Offenbecher, that's one potential source of the money we wanted the Court to be aware of.

THE COURT: All right. Under case law, normally the Court will do an ex parte hearing first.

MR. SCHRODER: I understand that, Your Honor.

THE COURT: And I would like to conduct that. I have some additional questions --

MR. SCHRODER: Okay.

THE COURT: -- for the defense. So I have Exhibit 1. Why don't we excuse the government. Why don't you remain available in case we go back to an adversary hearing.

MR. SCHRODER: Sure. Should we remain outside the --

THE COURT: Yes.

MR. SCHRODER: -- court, Your Honor? Okay.

THE CLERK: We have a party on the phone.

THE COURT: All right. Who do we have on the

telephone that --

THE CLERK: Ms. Belisle, (indiscernible) I think.

THE COURT: All right. Well, that person will need to hang up and call back or we can call back.

THE CLERK: Okay, ma'am, do you have a number? We can call you back when we come back on the record. On the phone, Ms. Belisle?

MR. CURTNER: Ms. Belisle.

THE CLERK: Belisle. Okay, on record.

(Recess to proceed in sealed matter)

(Log 10:07:15)

(This transcript portion sealed)

(Log 10:19:39)

THE CLERK: We don't have a number for -- do we have a number for Ms. --

MR. SCHRODER: 539-1107.

THE CLERK: Hello. This is the court calling again. Are you ready to go on the record then? One moment. Ma'am, can you hear me on the phone?

UNIDENTIFIED SPEAKER: Yes, I can.

THE CLERK: Okay, great thank you. We're back on record.

THE COURT: Back on record in open court. The Court has heard matters ex parte and received some information that was filed prior to this hearing.

           And I determined, based on the circumstances here,
that the removal of a court-appointed attorney would not serve
the interest of justice, so Mr. Offenbecher will remain as well
as Mr. Curtner.
           There is a possibility that the Court may order some
reimbursement of Mr. Curtner's fees from henceforth, if so, with
a cap of $25,000.  That is not being ordered at this time, but
that's just a possibility that could happen.
           So I think the government's concern about spending
public monies has been aired by the Court and considered -- duly
considered, so I'm satisfied with the record as it stands, and
the case should go forward with counsel, all counsel preparing
for trial.
           Anything else for this hearing?
           MR. SCHRODER:  Not from the government, Your Honor.
           MR. CURTNER:  No, thank you, Your Honor.
           THE COURT:  We'll be in recess.
           THE CLERK:  All rise.  This matter stands adjourned.
Court stands in recess until the 3 p.m. matter.
           (Proceedings adjourned, 10:20:54 a.m.)

CERTIFICATION

I, LEONARD J. DiPAOLO, RPR, CRR, CCP, court-approved transcriber, certify that the foregoing is correct transcript from the official digital electronic sound recording of the proceedings in the above-entitled matter.

______________________________ ___9/10/14____
Leonard J. DiPaolo, RPR, CRR, CCP Date

I-N-D-E-X

| WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| FOR THE PLAINTIFF: | | | | |
| None | | | | |
| FOR THE DEFENDANT: | | | | |
| None | | | | |

| EXHIBITS: | ADMITTED |
|---|---|
| FOR THE PLAINTIFF: | |
| 1: Government Thrift Savings Plan | 4 |
| FOR THE DEFENDANT: | |
| None | |