KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

E. Bryan Wilson
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: bryan.wilson@usdoj.gov
FL Bar No. 0604501
Email: karen.loeffler@usdoj.gov
Email: bryan.schroder@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-CR-00008-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' MOTION TO RESTRAIN DISSIPATION OF ASSETS AND MEMORANDUM IN SUPPORT** |
| vs. | ) | |
| JAMES MICHAEL WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the UNITED STATES OF AMERICA and files its Motion to Restrain Dissipation of Assets pursuant to 18 U.S.C. § 3663A and in support thereof states as follows:

The United States of America moves this Court pursuant to the All Writs Act, 28 U.S.C. § 1651 and 28 U.S.C. § 3663A, for an order restraining defendant, James Michael Wells, and his representatives, attorneys, agents, family members, and assigns from transferring, selling, encumbering, spending or attempting or completing any action that would affect or diminish the marketability or value of the property of or under the control of the defendant, including his home and his retirement accounts, and authorizing the government to file or record any documents necessary to ensure the property is preserved for restitution. In addition, in order for the Court to be fully apprised of Defendant's financial situation, it is requested that the Court order Defendant to complete a financial affidavit to be provided by the United States to defense counsel.[1]  The government seeks the restraint of

---

[1] Although she is not a party to this case, the United States asks that this Court also request that Defendant's wife, Nancy Wells complete an affidavit so that the Court can be aware of the complete financial situation of the family.

*United States v. Wells*
3:13-CR-00008-RRB-JDR

assets of Defendant so that they are available for restitution pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

## PROCEDURAL HISTORY

The defendant was found guilty of all 6 counts of the indictment after a 19 day jury trial. Doc. 672. The offense of conviction in Count 1 was murder in the first degree of Richard Belisle, a violation of 18 U.S.C. § 7(3) and 1111(a) and (b). *Id.* The offense of conviction in Count 2 was murder in the first degree of James A. Hopkins, a violation of 18 U.S.C. § 7(3) and 1111(a) and (b). *Id.* The offense of conviction in Count 3 was murder of an officer or employee of the United States, Richard Belisle, a violation of 18 U.S.C. § 1114 and 1111. *Id.* The offense of conviction in Count 4 was murder of an officer or employee of the United States, Petty Officer James A. Hopkins, a violation of 18 U.S.C. § 1114 and 1111. *Id.* The offense of conviction in Count 5 was possession and use of a firearm in relation to a crime of violence, the murder of Richard Belisle, a violation of 18 U.S.C. § 924(c)(1)(A) & (B)(ii) and 924(j)(1). *Id.* Finally, the offense of conviction in Count 6 was possession and use of a firearm in relation to a crime of violence,

the murder of James A. Hopkins, a violation of 18 U.S.C. § 924(c)(1)(A) & (B)(ii) and 924(j)(1). *Id.*

Defendant was subsequently sentenced to a Life term on Counts 1 and 3 to be served concurrently to each other and consecutive to all other terms; a Life term on Counts 2 and 4 to be served concurrent to each other and consecutive to all other terms; a Life term on Count 5 to be served consecutive to all other terms; and a Life term on Count 6 to be served consecutive to all other terms. Doc. 684.

At sentencing, the Court indicated an intent to award restitution and set a date for the final determination of the victims' losses pursuant to 18 U.S.C. § 3664(d)(5).

On September 10, 2014, this Court held a hearing to establish the amount of restitution due and owning by the Defendant to the victims. Following the hearing, the Court awarded restitution in favor of the estate of James Hopkins in the amount of $713,005.00 and in favor of the estate of Richard Belisle in the amount of $770,470.00. Doc. 708. The Court also requested that the parties brief the issue of what assets were available to satisfy the restitution amounts. *Id.* Records already

filed by Defendant indicate that he owns a house with his wife and has a retirement account as a result of his military and government service.

**ARGUMENT**

Under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, the Court is authorized to use the All Writs Act, 28 U.S.C. § 1651, to support any of the remedies set forth in the FDCPA. 28 U.S.C. § 3202(a). Indeed, the All Writs Act has been successfully used in a variety of circumstances to restrain a defendant from dissipating assets or when the defendant has not yet been found in default for enforcement under 18 U.S.C. § 3664. *See, e.g., United States v. Numisgroup Intl. Corp.*, 169 F.Supp.2d 133, 138 (E.D. N.Y. 2001) (upholding All Writs Act authority to authorize restraint of assets where "sentencing and a substantial Order of Restitution is imminent" and "Defendants are no longer are bathed with the presumption of innocence"); *United States v. Gates*, 777 F.Supp. 1294, 1296 (E.D. Va. 1991) (noting that trial court, even presentencing, has authority to order a defendant not to dispose of his assets to ensure meaningful ability to "impose a proper sentence under the guidelines and to fulfill the intent and mandate of Congress that a financially able defendant

*United States v. Wells*
3:13-CR-00008-RRB-JDR

5

pay fines and costs of prosecution, incarceration, and supervised release or probation."); *United States v. Abdelhadi*, 327 F.Supp. 2d 587, 599-600 (E.D. Va. 2004) (finding restraining order necessary to effectuate previously-issued sentencing and restitution orders and to ensure future availability of property to satisfy the restitution order).

While various collection remedies are available to the government under the FDCPA, none of the available remedies can be instantly implemented; none ensures that, in the interim, Defendant's assets will not be secreted, wasted or placed beyond the reach of the victims or the government. In short, none reasonably ensures the effectiveness of the Court's restitution order. This Motion simply seeks to preserve the status quo until such time as the Court has had an opportunity to review Defendant's total financial situation and decide what assets are available to satisfy the Defendant's restitution obligations. In order to effectuate those goals, the United States requests an Order restraining sale or dissipation of assets owned or controlled by Defendant, including his home and retirement accounts, to insure their availability for restitution purposes and require that the Defendant complete a financial affidavit (Copy attached as Exhibit A) and deliver it to the

RESPECTFULLY SUBMITTED this September 18, 2014, in Anchorage, Alaska.

      KAREN L. LOEFFLER
      United States Attorney

      BRYAN D. SCHRODER
      Assistant U.S. Attorney

      s/ BRYAN WILSON
      E. BRYAN WILSON
      Assistant U.S. Attorney
      United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2014,
a true and correct copy of the foregoing was served
electronically via the CM/ECF system, on all
counsel of record.

s/ E. Bryan Wilson
Office of the U.S. Attorney

*United States v. Wells*
3:13-CR-00008-RRB-JDR