KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov
 bryan.schroder@usdoj.gov
 bryan.wilson@usdoj.gov


Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **(PROPOSED)** |
| | ) | **PROTECTIVE ORDER** |
| vs. | ) | |
| | ) | |
| JAMES MICHAEL WELLS, | ) | |
| | ) | |
| Defendant. | ) | |

The UNITED STATES OF AMERICA, having moved for a Protective Order relating to the disclosure and use of Defendant's personnel records that have been requested from the United States Coast Guard (USCG),

IS HEREBY ORDERED:

1. This Protective Order shall govern the use and disclosure of confidential personnel files of Defendant maintained by the USCG, which will be referred to as "confidential files" throughout this order.

2. These confidential files shall be disclosed by the USCG to the office of the United States Attorney for the District of Alaska. The United States Attorney's Office is hereby authorized to disclose the files to:

a. counsel of record for Defendant, and the Court;

b. any court reporters and staff;

c. independent experts and advisors who are employed to perform investigative work, fact research or other consulting services relating to this action; and

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

d. any witnesses in preparation for or during a hearing in this case.

3. No copies of the confidential files shall be made except by or on behalf of attorneys of record in this case and their clients. The attorneys of record may provide copies of the confidential files to those individuals entitled to have access to them, but those individuals are required to maintain those records pursuant to the terms of this Protective Order. Documents shall be identified as confidential by the disclosing party within the scope of this Protective Order by affixing a legend stating "Confidential" on each page of the document that is to be treated as confidential.

5. Any documents attached as exhibits shall be filed under seal (as noted in the ECF options in the Motion section named Seal, sealed document) and exhibits so identified shall be available only to the Court and to persons authorized by this Order.

6. The confidential files shall be used only for purposes of litigation between the parties and collection of restitution owed by Defendant, and not for any other purpose.

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

7. Unless the Court orders or permits otherwise, the termination of this action shall not relieve the persons described in paragraph 2 above from the obligation to maintain the confidentiality of the confidential files. Upon termination of the proceedings (including all appeals), the parties may request the return of the confidential files, including any copies of such material. Each person or party to whom the confidential files has been furnished or produced shall be obligated to return the files. However, in lieu of returning copies, the party to whom they were produced may destroy those copies if that party certifies in writing that he or she has destroyed all copies and documents containing the confidential files.

8. Nothing in this Protective Order shall be deemed to preclude any party from seeking at any time, on an appropriate showing of good cause, a court order which dissolves or modifies this Order.

9. This Order protects all attorneys and staff, including USCG staff, who abide by it from actions brought by employees (whose employment information is produced in this litigation) pursuant to the Privacy Act, HIPAA, the Federal Tort Claims Act, or any other

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

4

similar state or federal law.

Date: _____

_____

Ralph R. Beistline

U.S. District Court Judge