KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov
        bryan.schroder@usdoj.gov
        bryan.wilson@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-RRB-JDR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **GOVERNMENT'S** |
| | ) | **MEMORANDUM** |
| JAMES MICHAEL WELLS, | ) | **REGARDING ASSETS** |
| | ) | **AVAILABLE FOR** |
| Defendant. | ) | **RESTITUTION** |

COMES NOW the UNITED STATES OF AMERICA and files its

Memorandum Regarding Defendant's Assets Available for Restitution as follows:

## **PROCEDURAL HISTORY**

Defendant was found guilty of all 6 counts of the indictment after a 19 day jury trial: Count 1 - murder in the first degree of Richard Belisle, a violation of 18 U.S.C. § 7(3) and 1111(a) and (b); Count 2 - murder in the first degree of James A. Hopkins, a violation of 18 U.S.C. § 7(3) and 1111(a) and (b); Count 3 - murder of an officer or employee of the United States, Richard Belisle, a violation of 18 U.S.C. § 1114 and 1111; Count 4 - murder of an officer or employee of the United States, Petty Officer James A. Hopkins, a violation of 18 U.S.C. § 1114 and 1111; Count 5 - possession and use of a firearm in relation to a crime of violence, the murder of Richard Belisle, a violation of 18 U.S.C. § 924(c)(1)(A) & (B)(ii) and 924(j)(1); Count 6 - possession and use of a firearm in relation to a crime of violence, the murder of James A. Hopkins, a violation of 18 U.S.C. § 924(c)(1)(A) & (B)(ii) and 924(j)(1). Doc. 672.

Defendant was subsequently sentenced to a Life term on Counts 1 and 3 to be served concurrently to each other and consecutive to all

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

Case 3:13-cr-00008-SLG   Document 774   Filed 12/17/14   Page 2 of 26

other terms; a Life term on Counts 2 and 4 to be served concurrent to each other and consecutive to all other terms; a Life term on Count 5 to be served consecutive to all other terms; and a Life term on Count 6 to be served consecutive to all other terms.  Doc. 684.

On September 10, 2014, this Court held a hearing to establish the amount of restitution due and owing by Defendant to the victims. Following the hearing, the Court awarded restitution in favor of the estate of James Hopkins in the amount of $713,005.00 and in favor of the estate of Richard Belisle in the amount of $770,470.00.  Doc. 708. The Court also requested that the parties brief the issue of what assets were available to satisfy the restitution amounts.  *Id.*

As part of its attempt to ascertain the exact amount available for restitution, the Government requested that Defendant and his wife each complete a financial affidavit.  Doc. 739.  The Court granted that motion, giving the Defendant until October 28, 2014, to file the affidavit.  Doc. 761.  The Court has since granted three further extensions to December 1, 2014 (Doc. 767), December 15, 2014 and finally December 16, 2014.  Doc. 770, 772. Neither Defendant nor his wife has submitted the affidavits.

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

In an attempt to get the most accurate data, the Government sought Defendant's pay information directly from the Coast Guard (Doc. 765) and the Coast Guard provided the information soon thereafter, including Defendant's active duty and retirement pay.  As a result of these refusals, the Government can only estimate the scope and value of Defendant's real property and has been somewhat limited in its evaluations of Defendant's other assets.

The values of assets discussed below are conservative estimates based upon previous unsworn filings of the Defendant.  *See e.g.* Doc. 698 (Sealed Exhibit).

## LAW REGARDING RESTITUTION

### *Generally*

The Mandatory Victims Restitution Act ("MVRA") requires courts to order restitution to victims of violent crimes. 18 U.S.C. § 3663A(c)(1)(A)(i). The purpose of restitution under the MVRA is not to punish the defendant, but to "make the victims whole" by restoring to them the value of the losses suffered as a result of the defendant's crime. *United States v. Crandall*, 525 F.3d 907, 916 (9th Cir. 2008).  The MVRA does not permit a court to consider a defendant's economic

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

Case 3:13-cr-00008-SLG   Document 774   Filed 12/17/14   Page 4 of 26

circumstances when it initially imposes restitution. 18 U.S.C. §
3664(f)(1)(A).  The statute then provides that:

> Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—
>
> > (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
> >
> > (B) projected earnings and other income of the defendant; and
> >
> > (C) any financial obligations of the defendant; including obligations to dependents.

18 U.S.C. § 3664(f)(2).

Although the primary purpose of the MVRA is to ensure that victims are made whole, *Crandall*, 525 F.3d at 916, the defendant's financial circumstances are relevant to the determination of the *rate* at which the restitution must be paid. *United States v. Grant*, 715 F.3d 552, 558 (4th Cir. 2013).  Under Section 3664(f)(2), the district court must consider the defendant's financial resources, assets, projected income and obligations and demonstrate its consideration of them on the record.  *United States v. Leonard*, 502 Fed.Appx. 685, 686 (9th Cir. 2012); *United States v. Leftwich*, 628 F.3d 665, 667-68 (4th Cir. 2010).

The Ninth Circuit has recognized that Section 3664(f) frequently pits the interests of the victims against those of an innocent spouse, with the innocent spouse winding up with the short end of the stick. *United States v. Berger*, 574 F.3d 1202, 1206 (9th Cir. 2009) (deciding that a community property asset was available to satisfy restitution - "The case books are replete with examples of seeming injustices to innocent spouses where community property laws are applied. Nevertheless, we are bound by California's community property laws, and they control the outcome in this case.")

The MVRA allows enforcement of a restitution judgment against all of a defendant's assets, i.e., his "property or rights to property." *United States v. Berger*, 574 F.3d 1202, 1205 (9th Cir. 2009). 28 U.S.C. § 3003(b)(1) and 18 U.S.C. § 3613(c) "make[ ] a restitution order enforceable to the same extent as a tax lien." *United States v. Loftis*, 607 F.3d 173, 179 n. 7 (5th Cir. 2010). The MVRA allows the Government to collect any restitution order, whether it was awarded in favor of the United States or a private victim. *United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002).

Any restitution order under the MVRA may be enforced against property that is the defendant's own according to the relevant state law. *United States v. Dann*, 652 F.3d 1160, 1179 (9th Cir. 2011). 18 U.S.C. § 3572 "creates a preference" for immediate payment, *United States v. Coates*, 178 F.3d 681, 684 (3rd Cir. 1999), but "does not limit the district court's discretion to determine a payment schedule according to the other factors the court must consider under § 3572 and § 3664(f)(2)." *United States v. Hosking*, 567 F.3d 329, 336 (7th Cir. 2009).

Here, Defendant's assets consist of property held jointly with his wife and property held solely in his name. It is important to note that Defendant cannot avoid operation of the laws discussed below by transferring his property interests to his wife, even in the context of a divorce. *United States v. Adamson*, 2014 WL 1652659, *2-3 (D. Idaho 2014) ("a divorce decree is entitled to no more immunity than a marital agreement—both can be deemed fraudulent transfers under the FDCPA"); *United States v. Schippers*, 982 F.Supp.2d 948, 959-60, 964-71 (S.D. Iowa 2013) (voiding property transfers made as a result of divorce); *United States ex rel Hartigan v. Alaska*, 661 F.Supp. 727, 729-30 (N.D. Ill. 1987) ("debtor, whatever his true intent, cannot simply

avoid his creditors by clothing his transfers in the judicial robes of a
divorce settlement.")

## **DEFENDANT'S PROPERTY**

### ***Real Property Owned With Wife***

Defendant owns a residence with his wife on Kodiak Island, which
he claims has an assessed value of $284,000.00. Doc. 698 (Sealed).

AS 34.15.110 provides:

(b) A husband and wife who acquire title in real property hold the
estate as tenants by the entirety, unless it is expressly declared
otherwise in the conveyance or devise. The conveyance shall recite
the marital status of the parties acquiring title to the real
property.

Here, the Wells purchased their residence as husband and wife in
1990. See deed attached as Exhibit A. Thus, under Alaska law, the
Wells are presumed to own the property as tenants by the entirety.
*Faulk v. Estate of Haskins*, 714 P.2d 354, 355 (Alaska 1986).

In Alaska, property owned as tenants by the entirety may be used
to satisfy the debt of one spouse. AS 09.38.100(a). A creditor of the one
spouse may levy upon and sell the property and retain proceeds
representing the interest of the debtor spouse. *Smith v. Kofstad*, 206
P.3d 441, 446 (Alaska 2009); *see also United States v. Craft*, 535 U.S.

Case 3:13-cr-00008-SLG   Document 774   Filed 12/17/14   Page 8 of 26

274, 288 (2002) (holding that, regardless of state law, a spouse's "interest in the entireties property constituted 'property' or 'rights to property' for the purposes of the federal tax lien statute" and was subject to levy and execution.); *In re Pletz*, 221 F.3d 1114, 1117 (9th Cir. 2000) ("This court has confirmed that an IRS lien may attach to a debtor's interest as a tenant by the entirety. Further, in order to enforce a lien and collect on justly owed debts, the district court is empowered to order the sale of property to satisfy the tax debt of one tenant, so long as it compensates the non-debtor spouse for his or her interest.") (*citations omitted*).

When determining the value of the debtor spouse's interest in real property owned as tenants by the entirety, courts have generally presumed that each spouse owns a one-half interest. *See United States v. Lindsey*, 2013 WL 3947757, *6 n. 3 (D. Hawaii 2013) (*citing cases*). Some cases have left open the possibility of proving that a spouse owns more than a one half interest, *see United States v. Barczyk*, 434 Fed.Appx. 488, 493-94 (6th Cir. 2011) (finding "no compelling reason" not to apply presumption), however, in the instant case, the United

States believes it is reasonable to assume that Defendant owns a one half interest in the residence owned with Nancy Wells.

Thus, according to Defendant's figures, the value of his interest in the house available for restitution purposes is $142,000.00.

### Defendant's Retirement Account

According to his financial records, Defendant is the sole owner of a federal Thrift Savings Plan (TSP) account currently valued at $461,000.00.[1]  Doc. 698 (Sealed).

The "MVRA authorizes the enforcement of restitution orders against retirement plan benefits...."  *United States v. Novak*, 476 F.3d 1041, 1054 (9th Cir. 2007).  When levying on a retirement account, the Government steps into the shoes of the Defendant and acquires whatever rights he possesses.  *Id*. at 1061-62.  The Government "can immediately garnish the corpus of a retirement plan to satisfy a MVRA judgment—rather than merely obtain post-retirement payments that otherwise would have gone to the defendant—if, but only if, the terms of the plan allow the defendant to demand a lump sum payment at the

---

[1] It is important to note that the Government is seeking to execute on Defendant's entire TSP *whatever its current value*.  The value stated above is an estimate to assist the Court in its calculations.

present time." *Id.* at 1063; *see also United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007); *United States v. DeCay*, 620 F.3d 534, 544 (5th Cir. 2010) (Government could garnish the corpus of a retirement account which was immediately distributable); *United States v. Hosking*, 567 F.3d 329, 335 (7th Cir. 2009) (Government could garnish corpus of retirement account "so long as the defendant has a right to withdraw money from or liquidate the accounts").

The fact that a defendant may be subject to a penalty or tax for the withdrawal does not affect the Government's ability to execute on the account. *See Kane v. Capital Guardian Trust Co.*, 145 F.3d 1218, 1222–23 (10th Cir. 1998) (defendant's right to liquidate IRA and withdraw the funds therefrom "even if subject to some interest penalty" subjected property to federal tax levy); *United States v. Stahl*, 2013 WL 5596248, \*2 (N.D. Tex. 2013) ("the fact that such withdrawal might result in substantial penalties and interests to Defendant. . . does not hinder Plaintiff's ability to garnish the account"); *United States v. Tischendorf*, 2011 WL 2413346, \*3 (N.D. Tex. 2011) (Government could garnish retirement account where defendant was subject to withholding 20% for taxes).

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

Case 3:13-cr-00008-SLG   Document 774   Filed 12/17/14   Page 11 of 26

Nancy Wells' "interest in the retirement fund is [ ] derivative of her husband's interest, and she has no independent property right she may assert to defeat garnishment." *United States v. Belan*, 2008 WL 2444496, **\*3** (E.D. Mich. 2008); *see also United States v. Beulke*, 892 F.Supp.2d 1176, 1180-81 (D. S.D. 2012) ("While the concept of marital property is critical to resolving the administration of estates and divorce proceedings, it will not vest in a non-divorced spouse an interest in her partner's ERISA-qualified pension plan.")

Here, Defendant's age and length of service make him eligible to withdraw all of his contributions to his TSP. 5 CFR §§ 1650.2; 1650.31. In addition, recent amendments to the CFR allow for enforcement of criminal restitution orders against an employee's TSP regardless of the employee's right to withdraw and without spousal consent. 5 CFR

§1653.31-36.[2]  Thus, the Government is entitled to Defendant's entire

TSP account.

Under its new regulations, the Federal Retirement Thrift

Investment Board will pay a criminal restitution order which contains

the following information:

1) a statement that restitution is ordered pursuant to 18 U.S.C. §§ 3663A and 3664;
2) the total amount of restitution;
3) an order that the TSP to immediately pay the restitution from Defendant's account in a lump sum;
4) the Defendant's Social Security Number;
5) the name and address of the payee (which here will be the Clerk of the Court).

5 CFR §§ 1653.33–36.

Following receipt of the order, the TSP will freeze the account,

process the order to insure compliance with the applicable regulations,

issue a decision and make the payment within 30 days of the decision.

5 CFR §§ 1653.34, 36.

Thus, all of Defendant's TSP account is available for restitution,

with an approximate value of $461,000.00.

---

[2] These changes render portions of the *Novak* opinion inapplicable to TSP accounts.  *United States v. Novak*, 476 F.3d 1041, 1063-64 (9th Cir. 2007) (requiring spousal consent to cash out private ERISA account).

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

### *Defendant's Monthly Income*

According to his unsworn representations to the Court and documents obtained from the Coast Guard, Defendant receives monthly payments from several sources: 1) military retirement and VA benefits in the amount of $2626.15.00/month; and 2) Civil Service retirement of $844/month. *See* Letter of Laura Taylor, Ph.D, Exhibit B; Doc. 698 (Sealed).

Applicable statutes and case law interpreting the MVRA make a minimum of 25% of these payments available to satisfy Defendant's restitution, with up to 100% available in the exercise of the Court's discretion.

<u>Retirement Income</u>

The MVRA authorizes the United States to enforce a restitution order in accordance with its civil enforcement powers. *United States v. DeCay*, 620 F.3d 534, 539 (5th Cir. 2010). The MVRA explicitly states that the exemptions contained in the Federal Debt Collection Procedures Act ("FDCPA") 28 U.S.C. § 3014, do not apply to the enforcement of a federal criminal judgment. 18 U.S.C. § 3613(a)(2). However, Section 3613(a)(3) of the MVRA does apply provisions of the

Consumer Credit Protection Act ("CCPA") to the enforcement of a

restitution judgment.

The CCPA provides that:

the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable,

whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

15 U.S.C. § 1673(a).

The CCPA defines "earnings" as:

...compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

15 U.S.C. § 1672(a).

In *Usery v. First Nat'l Bank of Arizona*, 586 F.2d 107 (9th

Cir.1978), the Ninth Circuit held that application of the CCPA is

limited to the garnishment of payments by "employers (or those who stand in the position of employers by virtue of paying or owing compensation for services to the individual debtor)." *Id.* at 110. Therefore "the CCPA does *not* protect wages once they have left the control of the employer and have been placed into a bank account." *United States v. Crawford*, 2006 WL 2458710, \*2-3.  (E.D. Calif. 2006) (retirement account) (emphasis in original); *accord, United States v. Blondeau*, 2011 WL 6000499, \*3 (E.D. N.C. 2011); *United States v. Belan*, 2008 WL 2444496, \*3 (E.D. Mich. 2008); *United States v. Johnson*, 2009 WL 1033773, \*7 (E.D. La. 2009);  *United States v. Laws*, 352 F.Supp.2d 707, 713-14 (E.D. Va. 2004); *see also Kokoszka v. Belford*, 417 U.S. 642, 651(1974) (the terms "earnings" and "disposable earnings" under the CCPA are "limited to 'periodic payments of compensation and (do) not pertain to every asset that is traceable in some way to such compensation' ") (citation omitted).  Thus, the Government contends that the CCPA does not apply and it is entitled to garnish 100% of the monthly retirement payments Defendant receives because these

payments "have left the control of the employer and have been placed into a bank account."  586 F.2d at 110.[3]

Other courts, however, including a magistrate judge in the Eastern District of California, have reached a contrary result.  *United States v. Thomas*, 2012 WL 147876, *7-8 (E.D. Calif. 2012) (citing cases, but not referencing the *Usery* case); *United States v. DeCay*, 620 F.3d 534, 544 (5th Cir. 2006); *United States v. Lee*, 659 F.3d 619, 622 (7th Cir. 2011).

However, even assuming the CCPA operates to limit amounts recoverable pursuant to a writ of garnishment, the Government contends that this Court has discretion under the All Writs Act, 28 U.S.C. § 1651, to take a higher percentage of Defendant's monthly payments because he is incarcerated.

The All Writs Act authorizes a federal court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. It is a "legislatively approved source of procedural instruments designed to

---

[3] Defendant's VA payments and SSA benefits are subject to the same analysis.   26 U.S.C. § 6334(c); *United States v. Ashcraft*, 732 F.3d 860, 864 (8th Cir. 2013) (private disability payments).

achieve the rational ends of law," and authorizes a district court "to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." *United States v. New York Tel. Co.,* 434 U.S. 159, 172 (1977) (internal quotations and citations omitted).  Courts routinely issue restraining orders under the All Writs Act "restraining a restitution debtor from diverting or concealing assets to avoid paying restitution." *United States v. Yielding*, 657 F.3d 722, 727 (8th Cir. 2011) (collecting cases).

Although a court cannot use the All Writs Act to circumvent other statutorily mandated procedures, *Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985), 18 U.S.C. § 3664(m)(1)(A)(ii) expressly authorizes courts to use "all other available and reasonable means"  to collect restitution.  "Thus, because § 3613 is not the exclusive means by which a court is authorized to enforce a restitution judgment, the All Writs Act is an available alternative."  *United States v. Cunningham*, 866 F.Supp.2d 1050, 1062 (S.D. Iowa 2012) (authorizing garnishment of 25% of retirement payments under CCPA and the remaining 75% pursuant to All Writs Act).

When a defendant is incarcerated and "receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Under Section 3664(n), the Government is entitled to garnish periodic payments in their entirety. *See United States v. Webb*, 2014 WL 4371276, *1-2 (D. Ariz. 2014) (authorizing garnishment of all of defendant's tribal gaming revenue payments despite existence of previously ordered payment schedule); *United States v. Moschella*, 727 F.3d 888, 893 (9th Cir. 2013) (approving order requiring defendant to "apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation."); *United States v. Rich*, 603 F.3d 722, 726 (9th Cir. 2010) ("Indeed, all of a convicted defendant's income and assets may be subject to restitution").

It should also be noted that 18 U.S.C. § 3664(f)(2) provides protections to a defendant to insure that neither he (if he is not incarcerated) nor his dependents are left destitute by actions taken to

Case 3:13-cr-00008-SLG   Document 774   Filed 12/17/14   Page 19 of 26

enforce a restitution order. *See United States v. Dolan*, 571 F.3d 1022, 1032 (10th Cir. 2009) ("So if a district court's . . . payment schedule proves too onerous, the defendant is not stuck, overwhelmed with an obligation he cannot meet and without the means to seek redress. Congress has specifically directed that the doors of the district court should remain open to the defendant, and that the court is free to revise its payment schedule at any time."); *United States v. Dann*, 652 F.3d 1160, 1181 (9th Cir. 2011) (reversing order assigning defendant's child support payments to victim).

By applying the criteria in 18 U.S.C. § 3664(f)(2), a court accomplishes the purposes of the CCPA. *United States v. Cooper*, 2006 WL 3512936, *5 (D. Kan. 2006) ("The purpose of § 1673(a) of the CCPA was to prevent honest debtors from plunging into bankruptcy by protecting at least 75 percent of their regular take home pay so that they would have enough cash to meet their basic personal and family needs.") Thus, the purposes of the CCPA are not thwarted by use of the All Writs Act to execute on the entire amount of Defendant's monthly retirement income.

<u>VA and SSA Benefits</u>

Defendant receives $901.15 monthly in VA disability benefits.

Because Defendant has not provided a complete financial affidavit, it is

unknown whether he is entitled to receive any SSA benefits.

Defendant's monthly retirement and disability payments may be

garnished, subject to the exemption formula of 26 U.S.C. § 6334(a) and

the provisions of 26 U.S.C. § 6331.  *United States v. Marsh*, 89

F.Supp.2d 1171, 1179 (D. Hawaii 2000) (approving tax levy for the non-

exempt portion of defendant's monthly payments, plus an additional

15% of the exempt portion); *Duran v. IRS*, 2009 WL 700518, *3-4 (E.D.

Calif. 2009); *Beam v. U.S. Government*, 2007 WL 1674083, *1 (D. Or.

2007) ("Social Security retirement benefits are not exempt from levy or

subject to the limitations on continuous levy for specified payments.");

*United States v. Chorney*, 453 Fed.Appx. 4, 7-8 (1st Cir. 2011) (VA

benefits).

### *Present Values of Monthly Payments*

The Government has retained Dr. Laura Taylor, who testified at

the restitution hearing, to estimate the value of these payments over

the expected life of Defendant.  Letter attached as Exhibit B.  As stated

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

above, Dr. Taylor's computations are only estimates because Defendant has not provided detailed financial information. However, Dr. Taylor estimates a present value of Defendant's claimed monthly payments as follows:

- Estimated Life Expectancy: **18.8** years

- Military retirement and VA payment: **$580,894.00**. If this amount were subject to the 25% limit of the CCPA, the victims would receive $**145,223.50** in present value dollars over Defendant's expected lifetime.

- Civil Service retirement: **$186,688.00**. If this amount were subject to the 25% limit of the CCPA, the victims would receive **$46,672.00** in present value dollars over Defendant's expected lifetime.

Thus, the approximate minimum total amount legally available for restitution (in present value dollars) is:

| | |
|---|---|
| Half interest in house | $142,000.00 |
| TSP | $461,000.00 |
| 25% military & VA | $145,223.50 |
| 25% Civil Service | $  46,672.00 |

**Total**                                           **$794,895.50**

Discussed below is the Government's proposed method

for maximizing restitution to the victims while accounting for the needs

of Defendant's spouse and family.

## PROPOSED SCHEDULE OF RESTITUTION PAYMENTS

In order to comply with 18 U.S.C. § 3664(f)(2), the Government

proposes that Nancy Wells be allowed to keep the residence.  This will

avoid the disruption of a forced sale and will allow her to stay in the

house if she wishes.

As compensation for giving up its half interest in the real

property, the Government requests that this Court order an additional

25% garnishment of Defendant's military, VA and Civil Service

payments through the All Writs Act. The estimated value of the

Government's interest in the house is $142,000.00. The additional 25%

of Defendant's projected income stream has a present value of

$191,895.50.  Although the additional garnishment exceeds the value of

one half the residence, the Government contends that the excess

amount is necessary to compensate it for assuming the risk that

Defendant will not live to his full life expectancy, thereby diminishing the total income available for restitution.

The proposed schedule is as follows:

| | |
|---|---|
| TSP | $461,000.00 |
| 50% military & VA | $290,447.00 |
| 50% Civil Service | $  93,344.00 |
| **Total** | **$844,791.00** |

Adopting the Government's proposal results in the two victims and Nancy Wells each receiving approximately one-third of Defendant's property:

Each victim - $422,000.00 ($844,000.00/2)

Nancy Wells - $525,000.00 ($142,000.00 (house) + $383,000.00 (50% retirement income)).

Because the Government is not currently certain of the exact values of Defendant's TSP or his eligibility for SSA payments, it is requested that this Court allow either party to later request modification of the above garnished percentages of Defendant's retirement and disability income upon a showing of good cause.

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR

In addition, if additional assets are discovered subsequent to the entry of this Order, the Government is free to execute on those assets in addition to the payments it is receiving from the above calculations. *See United States v. Kuehler*, 2006 WL 2981831, *2 (D. Idaho 2004) ("obvious right of the Government to proceed" with collection of restitution even where defendant was current on payment schedule).

WHEREFORE the UNITED STATES OF AMERICA requests that this Court enter an Order awarding restitution as determined above.

RESPECTFULLY SUBMITTED this December 17, 2014, in Anchorage, Alaska.

s/ KAREN L. LOEFFLER
KAREN L. LOEFFLER
United States Attorney


s/ E. Bryan Wilson
E. BRYAN WILSON
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2014
a true and correct copy of the foregoing
was served electronically via the CM/ECF
system, on all counsel of record.


s/ E. Bryan Wilson
Assistant U.S. Attorney

*UNITED STATES v. WELLS*
3:13-cr-00008-RRB-JDR