Rich Curtner
Federal Defender
Daniel Poulson
Legal Writing and Research Specialist
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
907-646-3400

Attorney for Defendant James Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>    Defendant. | NO. 3:13-cr-00008-RRB-JDR<br><br>**MOTION FOR RECONSIDERATION OF RESTITUTION ORDER (Docket No. 777) AND MOTION FOR STAY PENDING APPEAL** |

James Wells, through counsel Rich Curtner, Federal Defender, moves this Court to reconsider its final order of restitution (Docket No. 777).

The Court's order directed the government to garnish all the funds in Mr. Wells' Thrift Savings Plan (TSP). Mr. Wells respectfully submits that the TSP cannot be claimed as a source of funds for restitution because Mr. Wells' right to withdraw funds from the TSP is governed by federal law which precludes him from demanding immediate payment of the present value of the account. *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2007).

Mr. Wells also requests reconsideration of the Court's use of the All Writs Act to override certain provisions of the Consumer Credit Protection Act which allows no more

than 25% of a debtor's disposable earnings be subject to garnishment. *United States v. DeCay*, 639 F. Supp. 2d 686, 694 (E.D. La. 2009).

Reconsideration is additionally necessary because although the Court took into account Mr. Wells' financial obligations to his wife Nancy, the Court relied on incomplete information about Nancy and James' Wells' outstanding debts.

Finally, Mr. Wells moves this Court to issue a stay of the restitution order pending appeal.

## I. MR. WELLS' TSP ACCOUNT IS EXEMPT FROM COLLECTION BECAUSE HIS INTEREST IN THE ACCOUNT IS LIMITED BY FEDERAL LAW.

The MVRA authorizes the enforcement of restitution orders against retirement plan benefits.[1] When levying on a retirement account to fulfill a restitution judgment, the government steps into the shoes of the defendant and acquires whatever rights he possesses.[2] However, the scope of the defendant's interest in a retirement plan varies with the type of plan at issue.

In *United States v. Novak*, the Ninth Circuit, sitting *en banc*, held that because the government steps into the defendant's shoes, the government may not unilaterally cash out a retirement plan when, for example, federal law constrains that right by requiring that lump sum payments be made only with spousal consent.[3] Thus, the Court held that the government could immediately garnish the corpus of a retirement plan to satisfy a MVRA judgment if, and only if, "the terms of the plan allow the defendant to

---

[1] *United States v. Novak*, 476 F.3d 1041, 1053 (9th Cir. 2007).

[2] *Id*.

[3] *United States v. Novak*, 476 F.3d 1041, 1063 (9th Cir. 2007).

demand a lump sum payment at the present time."[4] This limitation, the Court held, accords with the congressional intent to protect "blameless" dependents.[5]

Under federal law, Mr. Wells is not entitled to seek an immediate cash payment from the TSP. Rather, his rights are restricted by the provisions of the TSP enabling statutes. The Federal Employees Retirement System Act of 1986, which created the TSP, guarantees certain rights to spouses of participants. If a participant seeks to make a full withdrawal from a TSP account containing a balance of $3500 or more, the participant's spouse is entitled under federal law to a prescribed survivor annuity.[6] This right can only be waived in writing. *See* Exhibits A and B.

Although the Code of Federal Regulations allows garnishment of funds from a TSP to satisfy a criminal restitution order, *see* 5 CFR 1653.31-36, the TSP statute itself makes it clear that Mr. Wells is not entitled to unilaterally withdraw all of his contributions. Because the government cannot reach the assets in the TSP account without spousal consent, those funds cannot be used to satisfy the criminal restitution order.

**II.   ONLY 25% OF MR. WELLS' MONTHLY RETIREMENT BENEFITS SHOULD BE GARNISHED TO SATISFY THE RESTITUTION ORDER.**

Section 18 U.S.C. § 3613(a)(3) of the MVRA provides that provisions of the Consumer Credit Protection Act (CCPA) apply to enforcement of a restitution judgment.

---

[4] *Id.*

[5] *Id.* (citing *Guidry v. Sheet Metal Workers Nat. Pension Fund*, 493 U.S. 365, 376 (1990)).

[6] 5 U.S.C. § 8435.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                 Page 3

Under the CCPA, no more than 25% of a debtor's disposable income can be garnished to satisfy a restitution judgment.[7]

In *United States v. DeCay*, the Fifth Circuit Court of Appeals held that the provisions of the CCPA are controlling and that in collecting restitution, monthly payments from a pension or retirement plan are subject to this 25% cap. 620 F.3d 534, 543-44 (5th Cir. 2010) ("We find the statutory language unambiguous and hold that the United States may garnish only twenty-five percent of [the Defendant's] monthly pension benefits. The statute explicitly defines 'earnings' to include 'periodic payments made pursuant to a pension or retirement program.'"). Since *DeCay*, most federal courts considering the issue have held that garnished funds from pension plans and retirement programs are subject to the 25% limitation.[8]

Nonetheless, in its restitution order, this Court has held that it has the discretion under the All Writs Act[9] to order garnishment in excess of 25% of all benefits

---

[7] 15 U.S.C. § 1672(a), 15 U.S.C. § 1673(a).

[8] *See United States v. Ashcraft*, 732 F.3d 860, 865 (8th Cir. 2013) ("For the reasons stated above, we conclude Ashcraft's disability payments are 'earnings' within the plain meaning of the Act and are therefore subject to the Act's limitations on garnishment); *United States v. Beulke*, 892 F. Supp. 2d 1176, 1183 (D.S.D. 2012) ("This Court agrees with DeCay that the 25% garnishment ceiling in § 1673(a) applies to payments from pension funds."); *United States v. Lee*, 659 F.3d 619, 622 (7th Cir. 2011) ("Given the unambiguous language of the statute, periodic payments from a pension or retirement savings plan made in accordance with its terms would be made 'pursuant to' the pension or retirement plan and therefore be subject to the 25% limitation of the CCPA."); *United States v. Cunningham*, 866 F.Supp.2d 1050, 1060-61 (S.D. Iowa 2012) (holding that the Government under the CCPA may only garnish 25% of monthly pension benefits).

[9] 28 U.S.C. § 1651.

that Mr. Wells will be receiving from his various sources. Mr. Wells seeks reconsideration of this point.

> **A. Because Mr. Wells Has Not Attempted to Conceal Assets or Earned Income from the Court, the All Writs Act Is Unnecessary to Ensure Satisfaction of the Court's Restitution Order.**

In the context of criminal restitution, courts have relied on the All Writs Act almost exclusively to restrain a defendant who attempts to frustrate the collection of the restitution debt by secreting, wasting or placing the money beyond the reach of the victim or the government.[10] For example, in *United States v. Yielding*, the district court issued a temporary restraining order pursuant to the All Writs Act after learning that the defendant, who was incarcerated, would be receiving $160,000 to settle unrelated litigation. Because of the government's concerns that the settlement proceeds were at risk of disappearing, the Eighth Circuit upheld the district court's invocation of the All Writs Act to enjoin the defendant and his agents from transferring the assets before restitution was made.[11] Here, because Mr. Wells has not been accused of disposing or secreting funds to evade his restitution obligations, applying the provisions of the All Writs Act to override the provisions of the MVRA in this context would be inappropriate.

> **B. Use of the All Writs Act Is Not Necessary to Implement the "Windfall" Provision of the MVRA.**

By relying on the All Writs Act to justify garnishing 100% of Mr. Wells' monthly pension and retirement plan payments, this Court appears to have adopted the reasoning

---

[10] *See United States v. Yielding*, 657 F.3d 722, 727 (8th Cir. 2011) (collecting cases).

[11] 657 F.3d at 727.

of the U.S. District Court in *United States v. Cunningham*, a similar case where the government attempted to garnish the entirety of the defendant's monthly pension payments while he was incarcerated. In that case, the Court held that use of the All Writs Act was necessary to effectuate Section 3664(n) of the MVRA, which requires that incarcerated defendants who receive "substantial resources" from "any source," including "inheritance, settlement or other judgment" devote the value of such resources towards any outstanding restitution debt.[12]

This interpretation of § 3664(n) is extremely unusual. The government cites no authority in support of its argument that the phrase "substantial resources from any source" in § 6634(n) includes periodic payments from pension plans, as opposed to lump-sum payments from unexpected sources. As one district court stated, "after an extensive review of the existing law, the Court was unable to determine if the phrase 'substantial resources from any source' included payments from a pension."[13]

Unlike an "inheritance, settlement or other judgment," Mr. Wells' retirement and pension plans were known to the Court at the time of the restitution hearing and will be provided in regular intervals. Although a court may use the All Writs Act when "necessary and appropriate," to prevent a restitution debtor from frustrating collection of the restitution debt, this does not relieve the court of its obligation under the MVRA to

---

[12] 18 U.S.C. § 3664(n).

[13] *United States v. McClanahan*, No. 3:03-00053, 2006 WL 1455698 (S.D.W.Va. May 24, 2006) ("[A]fter an extensive review of the existing law, the Court was unable to determine if the phrase 'substantial resources from any source' included payments from a pension."); *United States v. Roush*, 452 F.Supp.2d 676, 679 (N.D. Tex. 2006) (stating that § 3664(n) is triggered by a "windfall").

reasonably and fairly account for Mr. Wells' ongoing financial obligations to his dependents, and its obligation under the CCPA to ensure that the basic needs of a debtor's family members are provided for.

## III. THE COURT'S RESTITUTION ORDER FAILED TO ACCOUNT FOR THE WELLS' TAX LIABILITY ON LUMP-SUM PAYMENTS MADE FROM THE TSP.

In assessing the value of the TSP, the Court did not consider that any payments made from the TSP will be treated as taxable income. Although the TSP management will withhold 10% of any distribution for federal taxes, both James and Nancy Wells will likely fall within a much higher tax rate. Assuming that the entirety of the TSP funds are withdrawn and assuming a 30-40% tax rate, both Nancy and James Wells will shoulder a tax liability ranging from $140,100 to $186,800. At the very least, the Court should authorize restitution to be paid only from post-tax distributions.

## IV. THE COURT'S RESTITUTION ORDER FAILED TO ACCOUNT FOR MR. WELLS' OUTSTANDING DEBTS AND THE FINANCIAL OBLIGATIONS OF HIS DEPENDENTS.

The MVRA requires that, in setting the payment schedule of a restitution order, the Court must consider the defendant's "financial resources and other assets," his "projected earnings and other income," and "any financial obligations of the defendant; including obligations to dependents."[14] The MVRA carefully balances the need for

---

[14] Title 18 U.S.C. § 3664(f)(2). *See United States v. Corbett*, 357 F.3d 194, 195 (2nd Cir. 2004) (remanding for clarification of restitution order which required garnishment of 75% of "defendant's cash flow" but failed to account for reasonable living expenses for defendant and spouse).

obtaining victim compensation with a requirement that restitution obligations be structured around the defendant's ability to pay.[15]

In its order, the Court did not consider the considerable debts that Nancy Wells will be facing as her husband spends the rest of his life in prison.

The Court appraised the marital home at $284,000. However, both James and Nancy Wells owe approximately $29,000 on the principal for their mortgage. *See* Exhibit C. In addition, Nancy has outstanding credit card debt and owes separate legal fees. Altogether, the parties have accumulated $88,320 in various debts. In addition, since the case was initiated, Nancy Wells has depleted her 401(k) plan, approximately $150,000, to cover various legal expenses. After liquidating this retirement nest egg, she anticipates owing $60,000 in taxes.

Nancy Wells is 63 years old. She is retired but her personal retirement funds have been exhausted. Her spouse faces incarceration for the rest of his life. Nonetheless, the Court's order leaves Nancy Wells and James Wells to subsist on a residual 50% interest in James Wells' VA, military and civil service payments. If the couple divorces, Nancy's interest will dwindle to a meager 25% interest. This sum will certainly not be enough to cover basic living expenses as well as avoid delinquency on her numerous debts. In light of these significant financial burdens, Mr. Wells respectfully requests that the Court reconsider its order and authorize garnishment of no more than 25% of his military, VA and civil service funds towards restitution.

---

[15] *United States v. Grant*, 715 F.3d 552, 558 (4th Cir. 2013).

## V. THE COURT MUST ISSUE A STAY OF THE RESTITUTION ORDER PENDING APPEAL.

Mr. Wells will be pursuing an appeal of his conviction and sentence. In the meantime, the restitution order will effectively terminate Mr. Wells' right to access his TSP account.[16] If the TSP decides to garnish his account, that decision is final and he cannot seek an administrative appeal.[17] Mr. Wells moves this Court to stay enforcement of the restitution judgment and hold it in abeyance until the criminal appeals process has been exhausted, so as to safeguard his spouse's financial interests and avoid irreparable harm. *See* Fed. Rule. Civ. Pro. 60(d). In the alternative, Mr. Wells moves this Court to place the designated restitution funds into an interest-bearing account until the appeal is resolved.[18]

///

///

///

///

///

///

///

///

---

[16] "As soon as practicable after the TSP receives a document that purports to be a qualifying retirement benefits court order, whether or not complete, the participant's account will be frozen." 5 C.F.R. § 1653.3(c).

[17] "The TSP decision letter is a final determination of the parties' rights in the account. There is no administrative appeal from the TSP decision." 5 C.F.R. § 1653.3 (g).

[18] The Court discussed this possibility during the restitution hearing on September 10, 2014. *See* audio of hearing at 1:44:24.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-RRB-JDR                                                                                                       Page 9

DATED at Anchorage, Alaska this 30th day of January 2015.

Respectfully submitted,

/s/ Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

/s/ Daniel Poulson
Legal Writing and Research Specialist
Alaska Bar No. 0911073
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907- 646-3400
Fax: 907-646-3480
E-Mail: Daniel_Poulson@fd.org

Certification:
I certify that on January 30, 2015,
a copy of the *Motion for Reconsideration of
Restitution Order (Docket No. 777) and Motion
for Stay Pending Appeal* was served electronically on:

Davina T. Chen, Esq.
Appellate Counsel for James Wells
PO Box 9176
Glendale, CA 91226
Email: davina@davinachen.com

Edward Bryan Wilson
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.wilson@usdoj.gov

Bryan D. Schroder
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: bryan.schroder@usdoj.gov

Steven E Skrocki
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: steven.skrocki@usdoj.gov

Karen L. Loeffler
U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: karen.loeffler@usdoj.gov

/s/ Rich Curtner