

# Internal Revenue Service Tax Levies and Criminal Restitution Orders

This fact sheet explains how an Internal Revenue Service (IRS) tax levy or criminal restitution order will affect a Thrift Savings Plan (TSP) account.

## 1. Are TSP accounts subject to IRS tax levies or criminal restitution orders?

Yes. The funds in all TSP accounts are held in trust by the TSP and are generally protected from garnishment. However, there are exceptions, including child support, certain court orders, and criminal restitution orders pursuant to the Mandatory Victims Restitution Act (MVRA). As of Jan. 14, 2013, the list of exceptions also includes IRS tax levies. (See 5 USC § 8437(e)(3).)

## 2. What is an IRS tax levy?

For TSP purposes, a tax levy is a valid IRS Form 668-A, Notice of Levy, served to satisfy a federal tax debt. For the TSP to honor a tax levy, it must:

- be issued by the Internal Revenue Service,
- include a signature certifying that it applies to a retirement plan,
- require the TSP to pay a stated dollar amount,
- be dated no earlier than 30 days from the date of receipt by the TSP,
- be issued only in the name of **one** TSP participant, and
- refer expressly to the "Thrift Savings Plan."

## 3. Are there other reasons why the TSP may not honor an IRS tax levy?

Yes. The TSP will not honor tax levies that relate to TSP accounts with a $0 balance or accounts that only contain money that has not vested (unless the money will become vested within 30 days of the date the TSP receives the levy). We also cannot process levies that require the TSP to make more than one payment, pay at a future date, or make payments from specific funds, contributions, or balances.

## 4. What is a criminal restitution order?

For TSP purposes, a criminal restitution order must result from the sentencing of a participant pursuant to the MVRA. (See 18 USC § 3663A, 3664.) The order and accompanying documentation must require the TSP to pay a stated dollar amount or freeze the participant's account(s) in anticipation of an order to pay. The TSP will not honor garnishment orders for reasons other than the MVRA.

## 5. Are there other reasons why the TSP may not honor a restitution order?

Yes. The TSP will not honor restitution orders that relate to TSP accounts with a $0 balance or accounts that only contain money that has not vested (unless the money will become vested within 30 days of the date the TSP receives the order). We also cannot process restitution orders that require the TSP to make more than one payment, pay at a future date, or make payments from specific funds, contributions, or balances.

## 6. Where should tax levies or restitution orders be sent?

Tax levies and restitution orders must be sent **directly** to the TSP at one of the addresses on the next page. (They should not be sent to a participant's current or former employing agency.) Levies and orders must include the participant's TSP account number(s) or Social Security number, as well as the name and mailing address of the payee.



Fact Sheet

OC 14-14 (8/2014)
Previous Editions Obsolete

TSP Legal Processing Unit
P.O. Box 4570
Fairfax, VA 22038-9998

Overnight address:

ATTN: TSP Legal Processing Unit
12210 Fairfax Town Center
Unit 906
Fairfax, VA 22033

### 7. What happens when the TSP receives a tax levy or restitution order?

The TSP will freeze the participant's account(s) as soon as possible after we receive a document purporting to be a valid tax levy or restitution order. Participants whose accounts are frozen cannot make withdrawals or loans, but they can continue to make contributions, transfer money into the TSP, and manage their investments through contribution allocations and interfund transfers.

After the TSP reviews a levy or order, we will send a decision letter to all parties. This letter will explain whether or not the levy or order is valid. If the levy or order is not valid, we will not take any further action unless another levy or order is received. If the levy or order is valid, the letter will explain the effect it will have on the participant's account(s), the anticipated date of payment, and how the payment will be calculated. The TSP decision letter is final and cannot be appealed. Once any payment is made, the hold will be lifted from the participant's account(s) unless there are additional levies or orders against the participant.

### 8. How are payment amounts calculated? When are payments made?

If we determine that a tax levy or restitution order is valid, we will pay the full amount ordered **unless** it exceeds the vested funds in the participant's account(s) at the time of payment. In that case, we will pay the participant's vested account balance(s) as of the payment date, minus any outstanding loan balances.

Payment will be made 30 days after the date of the decision letter described in the previous section. Unless we receive another levy or order, the TSP will not make additional payments at a later date. Properly paid levies and orders may not be returned to the TSP.

### 9. What if a participant has multiple accounts or more than one type of balance?

If a participant has more than one type of TSP account, we will remove funds in the following order:

1. Civilian account,
2. Uniformed services account, and
3. Beneficiary participant account.

If a participant has multiple beneficiary participant accounts, we will begin with the account that was created first. Furthermore, we will make payment proportionally from any balances in a participant's account(s), including traditional (tax-deferred and/or tax-exempt) and Roth (contributions and earnings). Payments will also be made proportionally from all funds in which a participant is invested on the payment date.

### 10. How are tax levies and restitution orders taxed?

Payments will be considered taxable income to the participant for the year of the payment. The TSP must withhold 10% for Federal income tax, and withholding cannot be waived, increased, or decreased. We will report all payments to the IRS and to the participant on IRS Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. If payments are made from multiple accounts, then the participant will receive multiple 1099-Rs.

The TSP does not withhold for state or local income tax. However, on IRS Form 1099-R, we will report all TSP payments to the participant's state of residence at the time of the payment (if that state has an income tax). The participant may need to pay state and local income tax on the payment for the year it is made. A tax advisor or state or local tax officials can explain any potential tax obligations.

**Special note about tax-exempt and Roth contributions:** If a payment contains tax-exempt or Roth contributions, those **contributions** will not be subject to Federal income tax. However, the participant will owe taxes on the **earnings** associated with traditional tax-exempt contributions as well as any Roth earnings (unless certain IRS rules are met*).

---

\* Roth earnings become qualified (i.e., paid tax-free) when the following **two** conditions have been met: (1) 5 years have passed since January 1 of the calendar year in which the participant first made a Roth contribution **and** (2) the participant has reached age 59½, has a permanent disability, or has died. The TSP cannot certify to the IRS that the participant meets the Internal Revenue Code's definition of disability.

## 11. What if a participant has an outstanding TSP loan? Can loan repayments be temporarily suspended?

No. When participants borrow from their TSP accounts, they agree to repay the money to their accounts, with interest, by making regularly scheduled loan payments through payroll deductions. (See 5 USC § 8433(g); 5 C.F.R. part 1655.) Neither a tax levy nor a restitution order affects the obligation to repay a TSP loan. Therefore, participants must continue making loan payments as provided in their Loan Agreements.

If a participant stops making loan payments for any reason other than approved nonpay status, the TSP will send the participant a notice explaining how to bring loan payments up-to-date. If the participant does not bring payments up-to-date within the specified time period, the TSP must close the loan and report the unpaid loan balance to the IRS as a "taxable distribution." If this happens, the participant will have to pay income taxes on the taxable amount of the outstanding loan, and the participant may be subject to a 10% IRS early withdrawal penalty.

Once a TSP loan is closed, it cannot be reopened, and the outstanding balance cannot be returned to the TSP. In addition, participants cannot apply for another TSP loan for 12 months from the date a taxable distribution is declared.

**Special note about tax-exempt and Roth contributions:** If the TSP closes a loan, any tax-exempt or Roth **contributions** in the outstanding balance will not be subject to Federal income tax or the 10% early withdrawal penalty tax. However, the participant will owe taxes on the **earnings** associated with traditional tax-exempt contributions. Also, as long as a participant is still employed by the Federal Government, or is still an active member of the uniformed services, any Roth **earnings** will be taxable, even if the participant has already met the conditions necessary for Roth earnings to be qualified.*

---

* Roth earnings become qualified (i.e., paid tax-free) when the following **two** conditions have been met: (1) 5 years have passed since January 1 of the calendar year in which the participant first made a Roth contribution **and** (2) the participant has reached age 59½, has a permanent disability, or has died. The TSP cannot certify to the IRS that the participant meets the Internal Revenue Code's definition of disability.