KAREN L. LOEFFLER
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov
        bryan.schroder@usdoj.gov
        bryan.wilson@usdoj.gov


Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. Case No. 3:13-cr-00008-RRB-JDR |
| | ) |
| Plaintiff, | ) |
| | ) **GOVERNMENT'S RESPONSE** |
| vs. | ) **TO DEFENDANT'S MOTION** |
| | ) **FOR RECONSIDERATION** |
| JAMES MICHAEL WELLS, | ) |
| | ) |
| Defendant. | ) |

COMES NOW the UNITED STATES OF AMERICA and files its Response to Defendant's Motion for Reconsideration (Doc. 780) as follows:

**PROCEDURAL HISTORY**

Defendant seeks reconsideration of this Court's final Order of Restitution. Doc. 777.

On April 25, 2014, after an 18 day trial, a jury found the defendant guilty of all charges. Docket 668. At the initial sentencing hearing on July 8, 2014, this Court sentenced the defendant to 4 consecutive life sentences. On that day, the Court also set a restitution hearing for September 10, 2014. Docket 683. At the evidentiary hearing, the Court ordered restitution in the amount of $770,470.00 to the Estate of Richard Belisle and $713,005.00 to the Estate of James Hopkins. The Court also asked for additional briefing on the assets of James Wells that would be "available to recover restitution."

Prior to issuing its Final Order, this Court ordered Defendant to file a financial affidavit (Doc. 761), which he completely ignored. After three continuances in the briefing deadlines (Docs. 764, 770, and 772),

the defendant finally filed his Supplemental Restitution Brief on December 18, 2014. Doc. 773.

His wife, Nancy Wells, filed an unsigned financial statement which appeared to detail only Defendant's income and jointly held assets and debts. Doc. 773-1.[1]

The Government filed its Memorandum Regarding Assets Available for Restitution on December 12, 2014. Doc. 774. Defendant filed no response. On December 31, 2014, this Court ordered the Government to file a proposed order regarding its request for restitution. Doc. 775. Again, there was no response by Defendant. The Government filed its proposed order on January 8, 2015. Once again, Defendant was silent. The Final Order was entered on January 21, 2015. Doc. 777. Subsequently, the Court filed an amended judgment on January 29, 2015, incorporating the restitution portion of the sentence. Docket 778.

---

[1] For example, in answer to Question 17i "Are you the beneficiary of a trust or estate?" the "No" box is marked, but in the margin is a notation: "Jim No," which could be interpreted as meaning that Nancy Wells is the beneficiary of undisclosed income.

*United States v. Wells*
Case No. 3:13-cr-00008-RRB-JDR
3

Defendant now seeks "reconsideration," and to supplement the evidentiary record after entry of final judgment with an affidavit of Nancy Wells, claiming, among other things, that "the Court relied on incomplete information about Nancy and James Wells' outstanding debts." Doc. 780, p. 2, 7.

Defendant's Motion does not fit within the narrow confines of Federal Rule of Criminal Procedure 35. Moreover, even absent the clear rule, the Final Order tracks well-established law, and arguments raised in the Motion are insufficient to warrant reconsideration of the manner in which restitution is collected.

## ARGUMENT

### I. RULE 35 PROHIBITS REOPENING THE FINAL JUDGMENT

Federal Rule of Criminal Procedure 35(a) states that: "Within 14 days after a sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." In the application notes, the Advisory Committee is clear that this provision is not a general opportunity to change the sentence:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence…. The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.

F.R.Cr.P 35, Advisory Committee Notes to 1991 Amendments

F.R.Cr.P. 35(a) precludes granting Defendant's Motion. The "reconsideration" requested by the defendant is not for an "arithmetical, technical, or other clear error." Defendant simply wants the Court to change its mind. As cited above, asking the court for a different interpretation is not the purpose of Rule 35(a). Thus, Rule 35(a) provides no basis for the Court to reopen the sentencing to reconsider restitution.

Specific to a sentence of restitution, 18 U.S.C. § 3664(o) makes clear that "A sentence that imposes an order of restitution is a final judgment," which can be corrected or amended only in limited circumstances. Section § 3664(o)(1) states that:

> Such a sentence can subsequently be –
>
> (A) Corrected under Rule 35 of the Federal Rules of

*United States v. Wells*
Case No. 3:13-cr-00008-RRB-JDR

> Criminal Procedure and section 3742 of chapter 235 of this title;

> (B) Appealed and modified under section 3742;

> (C) Amended under subsection (d)(5); or

> (D) Adjusted under section 3664(k), 3572, or 3613A; or

> (2) The defendant may be resentenced under section 3565 or 3614.

None of these options are applicable in this matter:

- As discussed above, Rule 35 is only available for "arithmetical, clerical, or other clear error." Thus, it is not appropriate for this instance.

- 18 U.S.C. § 3742 applies to appeal of a sentence. The defendant is asking for reconsideration from the trial court, not a review from the court of appeals.

- 18 U.S.C. § 3664(d)(5) relates to the process of setting a restitution hearing after the primary sentencing hearing. That process was used by the Court in this matter, but has nothing to do with changing the restitution portion of the sentence after the final restitution order has been issued.

- 18 U.S.C. 3664(k) applies to situations where, after the restitution order has been issued, the defendant's financial situation has changed. This section only allows the court to amend the payment schedule.

- 18 U.S.C. § 3572 addresses the imposition of a fine in relation to restitution. This provision, again, is not applicable to the current matter.

*United States v. Wells*
Case No. 3:13-cr-00008-RRB-JDR

6

> 18 U.S.C. § 3613A addresses the issue of default on restitution payments, not an issue in this case.

> 18 U.S.C. § 3565 relates to revocation of probation. There is no probation in this matter.

> 18 U.S.C. § 3614 addresses the authority of the court if a defendant fails to pay a fine or restitution. This is not at issue in this case.

"Only in the narrowest circumstances does the MVRA provide for a belated reduction in the amount of restitution ordered. *United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014). In *Wyss*, the payment of restitution was a condition of probation, and the defendant asked for the restitution to be modified as a condition of probation under 18 U.S.C. § 3563(c). Based on that request, the district court reduced the restitution amount, but the 10th Circuit reversed: "Once a restitution order has been established, it cannot be amended absent a showing of one of the factors in § 3663(o)." *Id.* Here, none of the provisions of § 3664(o) apply, including Rule 35, so there is no legal basis for reopening the sentence of restitution.

//

//

*United States v. Wells*
Case No. 3:13-cr-00008-RRB-JDR

7

## II. DEFENDANT'S MOTION FAILS ON THE MERITS

Even if the Court were to consider the merits of Defendant's claims, reconsideration is inappropriate.

### TSP

Contrary to Defendant's arguments, the entire TSP is available for collection. 5 CFR § 1650.2 allows a person who has separated from Government service to withdraw the entire amount. In addition, 5 CFR §1650.31 allows a person who is more than 59-1/2 years old to also withdraw the entire amount. Defendant qualifies on both counts. In addition, recently passed regulations allow for enforcement of criminal restitution orders against an employee's TSP regardless of the employee's right to withdraw and without spousal consent. 5 CFR §1653.31-36.

### All Writs Act

Defendant's argument concerning the All Writs Act completely ignores the fact that the Government is giving up its right to half of the marital residence in exchange for an increased percentage of his retirement income. Defendant's selfishness knows no bounds – he was willing to murder co-workers whom he perceived to be an impediment to

his career aspirations and now is willing to kick his wife out of her home to preserve an income stream which is far in excess of that needed to support a lifetime of purchases at the prison commissary.

Taxes on TSP

Defendant asks the Court to consider the increased tax burden he will face if the TSP is used to satisfy restitution. Perhaps Defendant's meticulous planning of the murders should have included a review of the Tax Code.

It is well established law that retirement accounts are available to satisfy restitution, even when tax consequences attach.[2] *See United States v. Hosking*, 567 F.3d 329, 336 (7th Cir. 2009) (IRA subject to execution - defendant "made that decision a long time ago to take money that didn't belong to you and that money has to be paid back."); *Kane v. Capital Guardian Trust Co.,* 145 F.3d 1218, 1223 (10th Cir. 1998) ("[The defendant's] right to liquidate his IRA and withdraw the funds therefrom (even if subject to some interest penalty) undoubtedly constituted a 'right to property' subject to the IRS' administrative

---

[2] Retirement plan distributions to satisfy a garnishment are not subject to the early withdrawal tax. 26 U.S.C. § 72(t)(2)(A)(vii).

*United States v. Wells*
Case No. 3:13-cr-00008-RRB-JDR

levy."); *United States v. Stahl*, 2013 WL 5596248, *2 (N.D. Tex. 2013) ("the fact that such withdrawal might result in substantial penalties and interests to Defendant . . . does not hinder Plaintiff's ability to garnish the account.") *United States v. Tischendorf*, 2011 WL 2413346, *3 (N.D. Tex. 2011) (government entitled to garnish retirement account despite that fact that defendant was only entitled to terminate the account and withdraw the balance of the funds subject to withholding 20% for taxes); *United States v. Konrad*, 730 F.3d 343, 348-49 (3rd Cir. 2013) (tax penalty for early withdrawal of IRA not "an extreme hardship" for purposes of ability to pay attorney).

Other Debts

In the instant Motion, Defendant presents a debt burden of approximately $77,000.00. Doc. 780-3.[3] The Final Order of Restitution provides Nancy Wells a present value of $525,000.00 in assets to satisfy

---

[3] The United States does not consider the depletion of Nancy Wells' retirement account (claimed $150,000.00) nor any early withdrawal penalty (estimated $60,000.00) as debts. Defendant had a free Federal Public Defender very ably defending him in the case and yet chose to pay for a private attorney to also appear. Defendant's (and his wife's) foolhardy choices cannot be charged to the innocent victims in this case. Likewise, the victims should also not be required to finance the Wells' divorce proceedings ($10,000.00).

*United States v. Wells*
Case No. 3:13-cr-00008-RRB-JDR

10

these debt obligations – some of which may inure to Defendant alone and for which Nancy Wells may not be legally responsible. The Final Order more than provides for Ms. Wells. In addition, it is unconscionable to allow Nancy Wells the option of living the leisurely life of a retiree while the victims' wives are forced to go into the workforce to make ends meet. Defendant's Motion makes no provision whatsoever for Nancy Wells future earning capacity.

## III. STAY OF COLLECTION ACTIONS

Defendant also requests that this Court stay collection of restitution until his appeal is decided or, in the alternative, allow collection actions, but keep the money collected in the registry of the Court until the appeal is decided. Doc. 780, p. 9.

Federal Rule of Criminal Procedure 38(e) provides:

> **(e) Restitution and Notice to Victims.**
>
> **(1) In General.** If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay--on any terms considered appropriate--any sentence providing for restitution under 18 U.S.C. § 3556 or notice under 18 U.S.C. § 3555.
>
> **(2) Ensuring Compliance.** The court may issue any order reasonably necessary to ensure compliance with a restitution order or a notice order after disposition of an appeal, including:

> (A) a restraining order;
>
> (B) an injunction;
>
> (C) an order requiring the defendant to deposit all or part of any monetary restitution into the district court's registry; or
>
> (D) an order requiring the defendant to post a bond.

This rule leaves the determination as to whether to issue a stay and under what conditions to the sound discretion of the trial court. *United States v. Dix*, 2007 WL 1725477, *4 (E.D. Calif. 2007) ("A court may stay the imposition of a fine pending appeal on any terms that the court deems appropriate."); *United States v. Restor*, 529 F.Supp. 579, 580 (W.D. Pa. 1982) ("A district court may grant a motion to stay the execution of a fine or a probationary sentence if in the exercise of its discretion it concludes that such a stay is proper."); *United States v. Tallant*, 407 F.Supp. 896, 897 (N.D. Ga. 1975) ("[T]he question of whether or not to stay a fine is committed to the sound discretion of the court ...."). When considering such a stay, the Court must consider the legal merits of the appeal and state its reasons for either issuing or denying the stay. *United States v. Koestner*, 2010 WL 2595300, * 1 (S.D. Iowa 2010); *Restor*, 529 F.Supp. at 580.

Here, the Court should not stay collection for a number of reasons. First, Defendant does not attack the validity of the underlying restitution order, but merely the methods which the Court approved for collecting the amount awarded. Doc. 777. Thus, even if he prevails on the issues raised in the instant motion, he will still owe over $1,400,000.00 in restitution. The Government's collection of a small portion of that during the appeal will not unfairly prejudice Defendant.

Second, Defendant's crime was particularly egregious. Defendant murdered his two co-workers in cold blood. This act not only snuffed out two lives, but also threw the finances of the victims' families into complete chaos. Staying collection will only extend that chaos through the appellate process and should not be permitted. Funds should be available to transfer to the victims immediately upon completion of the appeal, rather than beginning the collection process at that time. *See Koestner*, 2010 WL 2595300 at *1 (declining to issue stay of fine due to egregious nature of fraud).

Third, a portion of the restitution will be collected through garnishment of Defendant's monthly retirement and/or disability income. These funds are distributed on a monthly basis and, once paid

into Defendant's bank account, can be dissipated by anyone with access to the account. A stay on collection would allow dissipation of several thousand dollars in assets during the appeal. *See United States v. Walker*, 2008 WL 4808837, *2 (W.D. La. 2008) (refusing to stay garnishment of retirement income pending appeal).

The Government contends that it should be allowed to aggressively pursue collection of restitution as outlined in this Court's prior Order (Doc. 777), with any funds collected to remain in the registry of the Court until Defendant's appeal is decided. Allowing collection to go forward will best protect the victims in that 1) dissipation of Defendant's funds will be limited; and 2) any funds collected will be held in the registry of the Court and immediately disbursed to the victims once the appeal is decided. Keeping the collected funds in the registry of the Court protects Defendant in the unlikely event his appeal is successful. *See United States v. Montalbano*, 2011 WL 1085681, *1 (W.D. La. 2011) (ordering fine monies into registry of court pending appeal).

WHEREFORE the UNITED STATES OF AMERICA requests that this Court enter an Order denying Defendant's Motion.

RESPECTFULLY SUBMITTED this February 9, 2015, in Anchorage, Alaska.

s/ KAREN L. LOEFFLER
KAREN L. LOEFFLER
United States Attorney

s/ E. Bryan Wilson
E. BRYAN WILSON
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2015 a true and correct copy of the foregoing was served electronically via the CM/ECF system, on all counsel of record.

s/ E. Bryan Wilson
Assistant U.S. Attorney

*United States v. Wells*
Case No. 3:13-cr-00008-RRB-JDR