IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>    Defendant. | Case No. 3:13-cr-00008-RRB<br><br>**FINAL ORDER OF RESTITUTION –<br>DIVISION OF ASSETS<br>PROCEDURAL HISTORY<br>RELEVANT TO RESTITUTION** |

Defendant James Wells was found guilty of : Count 1 - Murder in the First Degree of Richard Belisle, a violation of 18 U.S.C. §§ 7(3) and 1111(a) and (b); Count 2 - Murder in the First Degree of James A. Hopkins, a violation of 18 U.S.C. §§ 7(3) and 1111(a) and (b); Count 3 - Murder of an Officer or Employee of the United States, Richard Belisle, a violation of 18 U.S.C. §§ 1114 and 1111; Count 4 - Murder of an Officer or Employee of the United States, Petty Officer James A. Hopkins, a violation of 18 U.S.C. §§ 1114 and 1111; Count 5 - Possession and Use of a Firearm in Relation to a Crime of Violence, the murder of Richard Belisle, a violation of 18 U.S.C. § 924(c)(1)(A) & (B)(ii) and 924(j)(1); Count 6 - Possession and Use of a Firearm in Relation to a Crime of Violence, the murder of James A. Hopkins, a violation of 18 U.S.C. § 924(c)(1)(A) & (B)(ii) and 924(j)(1). Docket 672. Defendant was sentenced to four consecutive Life terms. Docket 684.

FINAL RESTITUTION ORDER - 1
3:13-cr-0008-RRB

Case 3:13-cr-00008-SLG   Document 825-1   Filed 02/26/18   Page 1 of 11
Case 3:13-cr-00008-RRB   Document 777   Filed 01/22/915   Page 1 of 11

On September 10, 2014, this Court held a hearing to establish the amount of restitution due and owning by Defendant to the victims. Following the hearing, the Court awarded restitution in favor of the Estate of James Hopkins in the amount of $713,005.00 and in favor of the Estate of Richard Belisle in the amount of $770,470.00, for a total of $1,483,475.00. Docket 708.

The Mandatory Victims Restitution Act ("MVRA") requires courts to order restitution to victims of violent crimes. 18 U.S.C. § 3663A(c)(1)(A)(i). After awarding restitution, 18 U.S.C. § 3664(f)(2) requires this Court to determine the manner in which the restitution is to be paid. In furtherance of that requirement, this Court requested that the parties brief the issue of what assets were available to satisfy the ordered restitution. Docket 708. This Court further ordered Defendant to complete a financial affidavit, and requested that his wife, Nancy Wells, also complete a similar affidavit, so that the Court would have a complete understanding of Defendant's financial situation before deciding the manner in which the restitution was to be paid. Docket 761.

The affidavits were originally due October 28, 2014. *Id*. Upon the request of Defendant, the Court granted three further extensions to December 1, 2014 (Docket 767), December 15, 2014, and finally December 16, 2014. Docket 770, 772. Defendant never filed an affidavit. Nancy Wells submitted an unsigned financial statement. Docket 739. Defendant did file some unverified financial information along with his initial memorandum on restitution. Docket 698.

FINAL RESTITUTION ORDER - 2
3:13-cr-0008-RRB

Case 3:13-cr-00008-SLG Document 825-1 Filed 02/26/18 Page 2 of 11
Case 3:13-cr-00008-RRB Document 777 Filed 01/21/15 Page 2 of 11

The Government provided evidence concerning Defendant's assets and future income, including information obtained from the United States Coast Guard (USCG) (Docket 765), the deed of ownership for Defendant's residence, and a letter from Dr. Laura J. Taylor, an economist who this Court has previously recognized as an expert in this case (Docket 705). Docket 774, Ex A & B. In her letter, Dr. Taylor performs a present value analysis of certain retirement and disability income which Defendant is eligible to receive. This Court finds that Dr. Taylor's methodology is sound and adopts her calculations for purposes of this Order.

Both Defendant and the Government submitted briefs regarding the manner in which restitution should be paid. Docket 773 (Sealed) and 774. Relying on the above, the Court finds that this matter is ripe for determination.

I. **DEFENDANT'S TOTAL ASSETS**

Based upon the financial information cited above, this Court finds that Defendant owns either wholly or in part the following assets:

| Asset | Value |
| --- | --- |
| House, Pavloff Circle, Kodiak, AK | $ 284,000.00 |
| Thrift Savings Plan | $ 467,000.00 |
| VA disability payments (present value) | $ 199,333.00 |
| Military Retirement (present value) | $ 381,561.00 |

FINAL RESTITUTION ORDER - 3
3:13-cr-0008-RRB

Case 3:13-cr-00008-SLG Document 825-1 Filed 02/26/18 Page 3 of 11
Case 3:13-cr-00008-RRB Document 777 Filed 01/21/15 Page 3 of 11

| | |
|---|---|
| Civil Service Retirement (present value) | $ 186,688.00 |
| Total Assets | $1,518,582.00 |

## II. ASSETS AVAILABLE FOR RESTITUTION

The restitution statutes "carefully balance the need for obtaining victim compensation with a requirement that restitution obligations be based on the defendant's ability to pay. It is for that reason that, in determining the manner of payment and the monthly payment schedule, the district court must consider the defendant's financial resources and assets and [his] projected income and [his] obligations, including those of [his] dependents." *United States v. Grant*, 715 F.3d 552, 558 (4th Cir. 2013). The MVRA allows enforcement of a restitution judgment against all of a defendant's assets, i.e., his "property or rights to property." *United States v. Berger*, 574 F.3d 1202, 1205 (9th Cir. 2009). Thus, the first step in deciding the manner in which restitution is to be paid is to determine what percentage of the above assets are available to Defendant.

### A. HOUSE

As shown by the deed attached to the Government's brief on restitution, Defendant and Nancy Wells purchased the marital home together as husband and wife in 1990. Docket 774, Ex. A. Based upon the law cited in the Government's Memorandum Regarding Assets Available for Restitution (Docket 774), this Court finds that Defendant owns a one-half interest in the house, worth $142,000.00.

FINAL RESTITUTION ORDER - 4
3:13-cr-0008-RRB

Case 3:13-cr-00008-SLG Document 825-1 Filed 02/26/18 Page 4 of 11
Case 3:13-cr-00008-RRB Document 777 Filed 01/22/15 Page 4 of 11

## B. THRIFT SAVINGS PLAN

According to his financial records, Defendant is the sole owner of a federal Thrift Savings Plan (TSP) account currently valued at $467,000.00. Docket 698 (Sealed), Docket 773-1 (Sealed).

The "MVRA authorizes the enforcement of restitution orders against retirement plan benefits. . . ." *United States v. Novak*, 476 F.3d 1041, 1054 (9th Cir. 2007). When levying on a retirement account, the Government steps into the shoes of the Defendant and acquires whatever rights he possesses. *Id.* at 1061-62.

Nancy Wells' "interest in the retirement fund is [ ] derivative of her husband's interest, and she has no independent property right she may assert to defeat garnishment." *United States v. Belan*, 2008 WL 2444496, *3 (E.D. Mich. 2008); see *also United States v. Beulke*, 892 F. Supp. 2d 1176, 1180-81 (D. S.D. 2012) ("While the concept of marital property is critical to resolving the administration of estates and divorce proceedings, it will not vest in a non-divorced spouse an interest in her partner's ERISA-qualified pension plan.")

Here, Defendant's age and length of service make him eligible to withdraw all of his contributions to his TSP. 5 CFR §§ 1650.2; 1650.31. In addition, recent amendments to the CFR allow for enforcement of criminal restitution orders against an employee's TSP regardless of the employee's right to withdraw and without spousal consent. 5 CFR § 1653.31-36.

FINAL RESTITUTION ORDER - 5
3:13-cr-0008-RRB

Case 3:13-cr-00008-SLG Document 825-1 Filed 02/26/18 Page 5 of 11
Case 3:13-cr-00008-RRB Document 777 Filed 01/21/15 Page 5 of 11

Thus, the Defendant's entire TSP account, which has an approximate current value of $467,000.00, shall be provided to the Government for restitution.

## C. MONTHLY RETIREMENT AND DISABILITY PAYMENTS

According to his unsworn representations to the Court and documents obtained from the Coast Guard, Defendant receives payments from his military retirement in the amount of $1,725.00/month, civil service retirement payments of $844.00/month and VA benefits in the amount of $2,626.15.00/month. Docket 698 (Sealed) & 773-1 (Sealed). According to Dr. Taylor, these payments over the anticipated lifetime of Defendant have a combined present value of $767,582.00. Doc. 774, Ex. B.

The interface between the MVRA and federal consumer protection laws is somewhat complex and affects the manner in which restitution can be collected from Defendant's monthly retirement and disability payments. The MVRA explicitly states that the exemptions contained in the Federal Debt Collection Procedures Act ("FDCPA") 28 U.S.C. § 3014, do not apply to the enforcement of a federal criminal judgment. 18 U.S.C. § 3613(a)(2). However, Section 3613(a)(3) of the MVRA does apply provisions of the Consumer Credit Protection Act ("CCPA") to the enforcement of a restitution judgment. The CCPA limits the amount which can be garnished for restitution to 25% of a debtor's disposable earnings in most cases. 15 U.S.C. § 1672(a) & 1673(a).

The case law interpreting the CCPA is divided over whether retirement income is subject to the 25% limitation. *Usery v. First Nat'l Bank of Arizona*, 586 F.2d 107, 110 (9th Cir.

1978); *United States v. Crawford*, 2006 WL 2458710, *2-3. (E.D. Calif. 2006) (retirement account); *but see United States v. Thomas*, 2012 WL 147876, *7-8 (E.D. Calif. 2012) (citing cases, but not referencing the *Usery* case); *United States v. DeCay*, 620 F.3d 534, 544 (5th Cir. 2006); *United States v. Lee*, 659 F.3d 619, 622 (7th Cir. 2011).

For purposes of this Order, it need not be decided whether the 25% limitation applies to Defendant's monthly payments. Even assuming the CCPA operates to limit amounts recoverable pursuant to a writ of garnishment, this Court has discretion under the All Writs Act, 28 U.S.C. § 1651, to take a higher percentage of Defendant's monthly payments because he is incarcerated.

The All Writs Act authorizes a federal court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. It is a "legislatively approved source of procedural instruments designed to achieve the rational ends of law," and authorizes a district court "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (internal quotations and citations omitted). The MVRA expressly authorizes courts to use "all other available and reasonable means" to collect restitution. 18 U.S.C. § 3664(m)(1)(A)(ii). Courts have used the All Writs Act in "restraining a restitution debtor from diverting or concealing assets to avoid paying restitution." *United States v. Yielding*, 657 F.3d 722, 727 (8th Cir. 2011) (collecting cases), and in garnishing in excess of the 25% authorized under

FINAL RESTITUTION ORDER - 7
3:13-cr-0008-RRB

Case 3:13-cr-00008-SLG Document 825-1 Filed 02/26/18 Page 7 of 11
Case 3:13-cr-00008-RRB Document 777 Filed 01/22/2015 Page 7 of 11

the CCPA. *United States v. Cunningham*, 866 F. Supp. 2d 1050, 1062 (S.D. Iowa 2012) (authorizing garnishment of 25% of retirement payments under CCPA and the remaining 75% pursuant to All Writs Act).

Use of the All Writs Act is appropriate to execute upon an increased percentage of an incarcerated defendant's income in that: (1) the defendant has significantly reduced living expenses, thus reducing the need for the protection of the CCPA (*see United States v. Cooper*, 2006 WL 3512936, *5 (D. Kan. 2006) ("The purpose of § 1673(a) of the CCPA was to prevent honest debtors from plunging into bankruptcy by protecting at least 75 percent of their regular take home pay so that they would have enough cash to meet their basic personal and family needs."); (2) 18 U.S.C. § 3664(f)(2) allows for modifications of the order if circumstances change (*see United States v. Dolan*, 571 F.3d 1022, 1032 (10th Cir. 2009) ("So if a district court's . . . payment schedule proves too onerous, the defendant is not stuck, overwhelmed with an obligation he cannot meet and without the means to seek redress. Congress has specifically directed that the doors of the district court should remain open to the defendant, and that the court is free to revise its payment schedule at any time.")); and (3) 18 U.S.C. § 3664(n) requires that when a defendant is incarcerated and "receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed."

FINAL RESTITUTION ORDER - 8
3:13-cr-0008-RRB

Case 3:13-cr-00008-SLG Document 825-1 Filed 02/26/18 Page 8 of 11
Case 3:13-cr-00008-RRB Document 777 Filed 04/22/15 Page 8 of 11

Based upon the above analysis, this Court finds that 100 percent of Defendant's monthly retirement and disability payments are available for restitution, with a present value of $767,582.00.

### III. COLLECTION OF RESTITUTION

Merely determining the amount of Defendant's assets available for restitution does not end this Court's inquiry. Although the primary purpose of the MVRA is to ensure that victims are made whole, *United States v. Crandall*, 525 F.3d 907, 916 (9th Cir. 2008), the defendant's financial circumstances are relevant to the determination of the rate at which the restitution must be paid. *United States v. Grant*, 715 F.3d 552, 558 (4th Cir. 2013). Under Section 3664(f)(2), this Court must consider the Defendant's financial resources, assets, projected income and obligations and demonstrate its consideration of them on the record. *United States v. Leonard,* 502 Fed.Appx. 685, 686 (9th Cir. 2012); *United States v. Berger*, 574 F.3d 1202, 1206 (9th Cir. 2009); *United States v. Leftwich*, 628 F.3d 665, 667-68 (4th Cir. 2010). Here, the concern is not with Defendant, who will be incarcerated for the rest of his life, but for Nancy Wells, who will need sufficient assets and income to meet her future financial obligations.

This Court has carefully reviewed the financial information submitted by Defendant, Nancy Wells, and the Government and finds that the following method of distributing Defendant's assets will maximize the amounts recovered by the victims while allowing Nancy Wells sufficient assets and income to meet her basic needs:

FINAL RESTITUTION ORDER - 9
3:13-cr-0008-RRB

Case 3:13-cr-00008-SLG Document 825-1 Filed 02/26/18 Page 9 of 11
Case 3:13-cr-00008-RRB Document 777 Filed 02/20/15 Page 9 of 11

A.  HOUSE

Based upon the Government's proposal, this Court agrees that the Government will not execute upon Defendant's interest in the house to satisfy the restitution obligation. As ordered below, this Court will allow the Government to claim an increased percentage of Defendant's monthly retirement and disability income to compensate it for the loss of Defendant's interest in the house. The Court finds that Nancy Wells' interests are also protected in that there is substantial equity in the property and she will not be required to relocate as she would if a forced sale took place.

B.  THRIFT SAVINGS PLAN (TSP)

The Court finds that the Government is entitled to execute on Defendant's entire TSP account, whatever its current value. Pursuant to 5 CFR §§ 1653.33–36, this Court orders that:

(1) restitution in this case is ordered pursuant to 18 U.S.C. §§ 3663A and 3664;

(2) the total amount of restitution owed by Defendant is $1,483,475.00;

(3) the TSP is to immediately pay the restitution from Defendant's account in a lump sum;

(4) the Government will provide Defendant's SSN to the TSP in a separate document;

(5) the name and address of the payee is – Clerk of Court, United States District Court for the District of Alaska, 222 W. 7th Ave., #4, Anchorage, AK 99513.

FINAL RESTITUTION ORDER - 10
3:13-cr-0008-RRB

Case 3:13-cr-00008-SLG Document 825-1 Filed 02/26/18 Page 10 of 11
Case 3:13-cr-00008-RRB Document 777 Filed 01/24/18 Page 10 of 11

C.   MONTHLY PAYMENTS

As compensation for giving up its half interest in the real property and assuming the risk that Defendant will not live to his full life expectancy, thereby diminishing the total income available for restitution, this Court authorizes the Government to garnish up to 50% of Defendant's military, VA and Civil Service payments through the provisions of the MVRA and All Writs Act.

IV.   MISCELLANEOUS PROVISIONS

(1) Pursuant to 18 U.S.C. § 3664(f)(2), either party may petition the Court for a modification of this Order based upon changed circumstances;

(2) the Government may file the pleadings necessary to execute on Defendant's property as outlined in this Order;

(3) this Order does not address any payments Defendant is entitled to receive through the Social Security Administration. Should it be determined that Defendant is entitled to such payments, the Government may seek to garnish those payments and this Court will consider such a request in light of the factors discussed above;

(4) unless otherwise directed by this Court, the Clerk of Court, shall distribute restitution to the victims on a pro rata basis consistent with the amounts previously awarded by this Court (Docket 707).

**IT IS SO ORDERED** this 21st day of January, 2015.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

FINAL RESTITUTION ORDER - 11
3:13-cr-0008-RRB