BRYAN SCHRODER
United States Attorney

KIMBERLY R. SAYERS-FAY
Assistant U.S. Attorney
JONAS WALKER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kim.sayers-fay@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:13-cr-00008-RRB |
| ) | |
| Plaintiff, ) | UNITED STATES' RESPONSE TO |
| ) | DEFENDANT'S MOTION TO RETURN |
| vs. ) | FUNDS AND TERMINATE |
| ) | GARNISHMENT AND SEIZURES (Dkt. |
| JAMES MICHAEL WELLS, ) | 824) |
| ) | |
| Defendant. ) | |
| ) | |

I. INTRODUCTION

After a jury convicted Mr. Wells of murdering James Hopkins and Richard Beslile, and pursuant to the Court's orders, the United States commenced collecting the special assessment fees and restitution for the benefit of Hopkins' and Beslile's widows. The court held these funds, which now total $600 and $26,995.20, respectively, pending resolution of Wells' appeal. Dkt. 784.

The Ninth Circuit Court of Appeals reversed Wells' convictions and remanded for a new trial (Dkt. 818), thus prompting Wells to seek return of the seized funds and cessation of further collections unless and until he is reconvicted (Dkt. 824).

II.  ANALYSIS

The United States reluctantly concludes that it cannot oppose Wells' motion.  In 2016, after the pre-trial restraint order in this case, the United States Supreme Court held that where a "federal statute provides that a court may freeze before trial certain assets belonging to a criminal defendant," pretrial restraint of legitimate, untainted assets violates the Fifth and Sixth Amendments.  *Luis v. United States*, 136 S.Ct. 1083 (2016).  The Supreme Court explained that the rule "against restraining a criminal defendant's untainted property before conviction guarantees a meaningful right to counsel."  *Id.* at 1099.

In *Luis*, the Supreme Court was careful to note that property at issue was "not loot, contraband, or otherwise 'tainted' property."  Rather, it "belong[ed] to defendant, pure and simple."  *Id.* at 1089.

The Supreme Court recognized that victims' interests in securing restitution are "important." *Id.* at 1093.  However, the Court observed that "the interests in obtaining payment of a criminal forfeiture or restitution order" do not enjoy constitutional protection, *id.* at 1093, and that "compared to the right to counsel of choice, these interests would seem to lie somewhat further from the heart of a fair, effective criminal justice system." *Id.* at 1093.  For this reason, the Supreme Court concluded that "insofar as innocent (*i.e.*, untainted) funds are needed to obtain counsel of choice, we believe that the Sixth Amendment prohibits the court order that the Government seeks." *Id.* at 1093.

In this case, the United States has never contended that Wells used his retirement plan savings to murder his victims, nor that his assets were fruits of his crime. These murders were committed with a handgun. Thus, here as in *Luis*, the property at issue appears to be untainted. Therefore, the United States concedes that "insofar as [the funds] are needed to obtain counsel of choice," the Sixth Amendment prohibits the court from restraining them. *Id.*

With regard to dissipation of assets for reasons unrelated to retention of counsel, however, the matter is less clear. Some federal statutes protect, pretrial, the restitution interests of certain bank and securities fraud victims by freezing tainted funds that are fruits of the crime. However, no federal statute appears to explicitly protect the pretrial restitution interests of the families of murder victims. A larger panoply of options appears to be available in civil suits at equity. In a criminal case, however, the United States enjoys few tools.

That the Court cannot restrain defendant's untainted assets, however, does not mean that the Court must abide their waste and dissipation. To the contrary, any waste and dissipation of assets can be taken into account at sentencing. *See, e.g., United States v. Stergios*, 370 F. Supp. 2d 328 (D. Maine, 2005). Moreover, one could consider dissipation of assets to suggest consciousness of guilt.

III. CONCLUSION

In light of *Luis*, the United States does not ask the Court to restrain defendant from expending untainted funds prior to his retrial. However, consistent with Rule 16(b) and (d), the United States does ask that the Court require defendant to inform the United States in writing no less than 30 days prior to any intended sale of his Kodiak home and to advise the United States of the balance in his retirement accounts every 60 days until the retrial. The United States notes that if Wells were to accelerate depletion of assets for reasons unrelated to retention of counsel,

the United States may move to hasten his retrial, given the provisions of the Crime Victims Right Act codified at 18 U.S.C. § 3771(7).

RESPECTFULLY SUBMITTED March 5, 2018, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Kimberly R. Sayers-Fay
KIMBERLY R. SAYERS-FAY
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**
I hereby certify that on March 5, 2018,
a copy of the foregoing was served
electronically on:

Rich Curtner
Davina Chen

s/ Kimberly R. Sayers-Fay
Office of the US Attorney