BRYAN SCHRODER
United States Attorney

KIMBERLY SAYERS-FAY
JONAS M. WALKER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, Rm 253
Anchorage, Alaska 99513
Phone: (907) 271-5071
Email: kimberly.sayers-fay@usdoj.gov
       Jonas.walker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-SLG |
| | ) |
| Plaintiff, | ) JOINT STIPULATION AND |
| | ) [PROPOSED] ORDER FOR |
| vs. | ) PROTECTIVE ORDER REGARDING |
| | ) DISCOVERY MATERIALS |
| JAMES MICHAEL WELLS, | ) COMPRISING PROTECTED INMATE |
| | ) RECORDS |
| Defendant. | ) |
| | ) |

The United States, by undersigned Assistant United States Attorney, and Defendant James Michael Wells, by and through his counsel, Assistant Federal Defender Gary Colbath, hereby submit the following joint stipulation and proposed order concerning protection of records comprising Protected Inmate Records.

Fed R. Crim. P. 16(d)(1) provides that the Court may restrict discovery for good cause. Good cause exists here. The United States anticipates producing materials,

including especially *Jencks* and *Giglio* materials, that pertain to inmate witnesses. Good cause exists to control dissemination of such inmate records because these records permit identification of inmates who have cooperated with the federal government, and may thereby jeopardize their safety and elevate risks and security concerns for the Bureau of Prisons.

Therefore, the parties have agreed, and respectfully request the Court order, that:

1. Bureau of Prisons records and other records pertaining to inmate witnesses will be marked "INMATE RECORDS SUBJECT TO PROTECTIVE ORDER – FOR EXCLUSIVE POSSESSION OF DEFENSE LEGAL TEAM." These documents shall be known as "Protected Inmate Records."
2. Protected Inmate Records are to be used only for the purpose of the criminal case *United States v. James Michael Wells*, Case No. 3:13-cr-0008-SLG.
3. The substance of the Protected Inmate Records may be divulged to the defendant, but not to anyone else who is not part of the defense legal team.
4. Protected Inmate Records will remain in the exclusive possession of the defense legal team, which includes only defense counsel Gary Colbath, defense investigators employed or retained by the Federal Public Defender's Office, and Federal Defender staff.
5. Each individual member of the defense legal team will sign a copy of this Protective Order to acknowledge their understanding of it, and defense counsel will provide such signed acknowledgements to the United States, prior to

providing any access to Protected Inmate Records.

6. Physical copies of Protected Inmate Records made from the digital copies provided must be maintained exclusively at the Federal Defender's Office. Although Protected Inmate Records may be transported to Court for case-related purposes, physical copies of Protected Inmate Records cannot be left unattended in vehicles or maintained outside the office, i.e., in private homes.

7. The defense legal team may reveal the identity of cooperating inmate witnesses only to defendant, and only in a manner calculated to protect the confidentiality of that information.

8. Defendant may not reveal the identity of any cooperating inmate defendant, or any other information pertaining to the cooperating inmate gleaned from the Protected Inmate Records, to anyone unless and until such cooperating inmate defendant testifies at trial.

9. Neither defendant nor any of his family members are part of the above-defined defense legal team. Thus, defendant may never personally possess any Protected Inmate Records which are marked as described in Paragraph 1. At all times, Protected Inmate Records must remain in the exclusive possession of the defense legal team.

10. The government will redact Protected Inmate Records prior to production, consistent with Rule 16, Brady/ Giglio principles and its obligations to protect cooperating inmate witnesses. Throughout, the government will redact PII, as

U.S. v. James Michael Wells
3:13-cr-00008-SLG

3

well as inmate names. When the government redacts the name of a cooperating inmate witness, it will so indicate by labeling the redaction with "CWx," again with "x" corresponding to the number assigned to that particular cooperating inmate witness.

11. If the defense objects to redaction, they parties will first meet and confer, after which the defense may seek redress from the Court.

12. Immediately after producing Protected Inmate Records, the United States will orally advise defense counsel of the identity of any cooperating inmate witnesses whose records are produced.

13. Both the defense team and defendant are ordered to not reveal the identity of CW1 or any cooperating inmate witness to any other person, unless and until such incarcerated inmate witness testifies at trial;

14. The defense team shall protect discovery produced pursuant to this protective order from inadvertent disclosure beyond the defense legal team;

15. The parties shall refer to "CWx" in public pleadings, and shall not refer to any cooperating witness by name or by referencing the BOP facility in which that cooperating witness is or was incarcerated.

16. The Protective Order shall remain in effect after the conclusion of these proceedings.

//

    RESPECTFULLY SUBMITTED  July 16           , 2018, in Anchorage, Alaska.

U.S. v. James Michael Wells
3:13-cr-00008-SLG

4

BRYAN SCHRODER
United States Attorney

s/ Kimberly Sayers-Fay
KIMBERLY SAYERS-FAY
Assistant U.S. Attorney
United States of America

On behalf of defendant James Wells, I agree to the terms of this stipulated protective order.

_____
GARY COLBATH
Assistant Federal Defender for
James Michael Wells

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2018, a true and correct copy of the foregoing was served electronically on the following:

Gary Colbath

s/ Kimberly Sayers-Fay
Office of the U.S. Attorney

U.S. v. James Michael Wells
3:13-cr-00008-SLG

5