IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) Case No. 3:13-cr-00008-SLG |
|---|---|
| Plaintiff/Respondent, | ) |
| vs. | ) **PROTECTIVE ORDER** |
|  | ) **REGARDING DISCOVERY** |
|  | ) **MATERIALS COMPRISING** |
| JAMES MICHAEL WELLS, | ) **PROTECTED INMATE** |
|  | ) **RECORDS** |
| Defendant/Movant. | ) |

Consistent with the parties' agreement in the Joint Stipulation and [Proposed] Order for Protective Order Regarding Discovery Materials Comprising Protected Inmate Records pursuant to Federal Rule of Criminal Procedure 16(d)(1), the motion at Docket 844 is hereby GRANTED. The court finds good cause to restrict discovery in the following manner: Therefore, the parties have agreed, and the Court orders, that:

1. Bureau of Prisons records and other records pertaining to inmate witnesses will be marked "INMATE RECORDS SUBJECT TO PROTECTIVE ORDER – FOR EXCLUSIVE POSSESSION OF DEFENSE LEGAL TEAM." These documents shall be known as "Protected Inmate Records."

2. Protected Inmate Records are to be used only for the purpose of the criminal case *United States v. James Michael Wells*, Case No. 3:13-cr-0008-SLG.

3. The substance of the Protected Inmate Records may be divulged to the defendant, but not to anyone else who is not part of the defense legal team.

4. Protected Inmate Records will remain in the exclusive possession of the defense

legal team, which includes only defense counsel Gary Colbath, defense investigators employed or retained by the Federal Public Defender's Office, and Federal Defender staff.

5. Each individual member of the defense legal team will sign a copy of this Protective Order to acknowledge their understanding of it, and defense counsel will provide such signed acknowledgements to the United States, prior to providing any access to Protected Inmate Records.

6. Physical copies of Protected Inmate Records made from the digital copies provided must be maintained exclusively at the Federal Defender's Office. Although Protected Inmate Records may be transported to Court for case-related purposes, physical copies of Protected Inmate Records cannot be left unattended in vehicles or maintained outside the office, i.e., in private homes.

7. The defense legal team may reveal the identity of cooperating inmate witnesses only to defendant, and only in a manner calculated to protect the confidentiality of that information.

8. Defendant may not reveal the identity of any cooperating inmate defendant, or any other information pertaining to the cooperating inmate gleaned from the Protected Inmate Records, to anyone unless and until such cooperating inmate defendant testifies at trial.

9. Neither defendant nor any of his family members are part of the above-defined defense legal team. Thus, defendant may never personally possess any Protected Inmate Records that are marked as described in Paragraph 1. At all

*US v. James Michael Wells*  Page 2
3:13-cr-00008-SLG
Case 3:13-cr-00008-SLG   Document 846   Filed 07/18/18   Page 2 of 4

times, Protected Inmate Records must remain in the exclusive possession of the defense legal team.

10. The government will redact Protected Inmate Records prior to production, consistent with Rule 16, *Brady/ Giglio* principles and its obligations to protect cooperating inmate witnesses. Throughout, the government will redact PII, as well as inmate names. When the government redacts the name of a cooperating inmate witness, it will so indicate by labeling the redaction with "CWx," again with "x" corresponding to the number assigned to that particular cooperating inmate witness.

11. If the defense objects to redaction, they parties will first meet and confer, after which the defense may seek redress from the Court.

12. Immediately after producing Protected Inmate Records, the United States will orally advise defense counsel of the identity of any cooperating inmate witnesses whose records are produced.

13. Both the defense team and defendant are ordered to not reveal the identity of CW1 or any cooperating inmate witness to any other person, unless and until such incarcerated inmate witness testifies at trial;

14. The defense team shall protect discovery produced pursuant to this protective order from inadvertent disclosure beyond the defense legal team;

15. The parties shall refer to "CWx" in public pleadings, and shall not refer to any cooperating witness by name or by referencing the BOP facility in which that cooperating witness is or was incarcerated.

16. The Protective Order shall remain in effect after the conclusion of these proceedings.

Disobedience of this order may result in prosecution for criminal contempt, in violation of Title 18, U.S.C. §§ 401, 402, and Federal Rule of Criminal Procedure 42.

DATED this 17th day of July, 2018, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
HON. SHARON GLEASON
United States District Court Judge

*US v. James Michael Wells*            Page 4
3:13-cr-00008-SLG
Case 3:13-cr-00008-SLG   Document 846   Filed 07/18/18   Page 4 of 4