Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Counsel for Defendant James Michael Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, Plaintiff, vs. JAMES MICHAEL WELLS, Defendant. | Case No. 3:13-cr-00008-SLG<br><br>DECLARATION OF INVESTIGATOR IN SUPPORT OF MOTION TO CONTINUE TRIAL |
|---|---|

I, Bruce Johnson, Investigator for the Federal Defender, declare under penalty of perjury that the following is true and accurate to the best of my belief and knowledge:

1. I am a staff investigator with the Federal Public Defender office for the District of Alaska. I have been in this position approximately 15 years.

2. I am the lead investigator for our office in above referenced case.

3. During the first trial in this matter, my duties were to manage discovery and to prepare documents and exhibits for trial presentation. I was not the lead investigator, and had a very limited role in the primary defense investigation of this case.

4. On July 18, 2018, the Government provided our office with the newly renumbered documents in this matter. This initial discovery contained approximately 15,000 pdf documents and spreadsheets. One of the spreadsheets has over 165,000 pages.

5. On July 30, 2018, the Government provided us with new discovery that was not presented in the first trial. This discovery consists of documents and a transcript from a confidential witness (CW). The CW alleges James Wells confessed to the shooting in this matter.

6. On August 03, 2018, the Government provided us with limited disciplinary records of the CW, jail movement records, a correspondence regarding his cooperation with another United States Attorney's Office, and letters written to the Alaska United States Attorney's office. The Government also verbally provided us with the name of the CW.

7. On May 22 – 23, 2018, AUSA Jonas Walker and lead case agent FBI SA Darrell Allison interviewed the CW regarding this alleged confession. In addition to AUSA Walker and SA Allison, there were additional special agents, another lawyer, and government employees present during this interview. All told,

there were approximately twelve (12) people present for the interview of the CW. The transcripts of this two (2) day interview is approximate 280 pages long.

8. Given the seriousness of the CW's allegation, it took me approximately three (3) days to carefully review this two-day interview transcript.

9. After my review of the transcript and the other documents related to the CW, it became very apparent that an intensive investigation into the CW's background is necessary to challenge his credibility, which will be a major issue at trial.

10. Just in the month since we have had this new discovery, I've identified multiple areas of investigations that will take significant time to complete. This CW has filed or has been involved in numerous federal and/or state cases as a litigant or a witness. All of these records will need to be obtained.

11. The CW has also been in several BOP facilities since his incarceration, and maybe one or two state facilities. We will need to obtain records from each of these facilities and/or interview people he came in contact with at these facilities regarding his credibility.

12. It appears that the CW has cooperated or attempted to cooperate with the Government and BOP officials in the past. This cooperation or attempted cooperation must be reviewed by the defense to determine how reliable the CW has been in the past.

13. The CW is currently serving a life sentence, plus 5 years in BOP custody. It appears to me that he is trying to curie favor with the Government in order to get his life sentence reduced to something other than life and/or be released from prison.

14. Finally, in the interview with the CW, the CW makes numerous statements about things he did to help or assist Mr. Wells, all of this information must be verified. Even during the interview, the Government was having difficulty determining what the CW was claiming Mr. Wells actually said and what the CW was surmising.

15. Our office only has two investigators assigned to this matter. The second investigator, Deatrich Sheffield is currently working on processing approximately 15,000 pdf documents totaling over the 40K plus pages.

16. In order to properly investigate the CW, it will require trips for in person interviews at the various State and Federal facilities he was housed, and conduct records requests from the numerous state and federal courts where he has either been a litigant, defendant, and/or witness.

17. The Government has stated it is still planning on producing documents related to the CW. We do not know what these documents are or when they will be produced. Additionally, the language in the agreement we were required to sign in order to receive the early CW documents, now severely limits our ability to properly investigate the CW. At the time we signed the agreement, we did

not know anything about the CW or his extensive court history. Given these limitations on our ability to investigate the CW, I am unable to determine how long it will take to complete the investigation. Relief from the agreement, would allow for quicker resolution of the CW investigation.

18. For all these reasons, I do not believe I could complete a thorough investigation for the CW before trial starts in February 2019.

DATED at Anchorage, Alaska this 23rd day of August, 2018.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

Bruce Johnson
Investigator for the Federal Defender

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746.