BRYAN SCHRODER
United States Attorney

KIMBERLY R. SAYERS-FAY
JONAS M. WALKER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: kim.sayers-fay@usdoj.gov
Email: Jonas.walker@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:13-cr-00008-SLG |
| ) | |
| Plaintiff, ) | UNITED STATES' MOTION TO |
| ) | CONTINUE TRIAL SETTING |
| vs. ) | HEARING |
| ) | |
| JAMES MICHAEL WELLS, ) | FILED ON SHORTENED TIME |
| ) | |
| Defendant. ) | |
| ) | |

I.   INTRODUCTION

The United States has had no opportunity to address the discovery concerns raised in Mr. Colbath's affidavit filed late yesterday.   It is not possible to respond comprehensively today, because the support person necessary to inform the United States' response is on leave through Monday, August 27, 2019.   Accordingly, to the extent the court deems resolution of discovery matters crucial to selection of a trial date,

the United States requests that the trial setting hearing be continued to August 29 or the first week of September so that the United States can meaningfully respond.

## II. CORRECTIONS AND PRELIMINARY RESPONSE TO DEFENSE ASSERTIONS

On August 23, 2018 at 4:42 pm and 5:12 p.m. defense filed declarations in support of their motion to continue trial to July 2019. Preliminary review reveals that the declarations contain several inaccuracies. For example,

1. <u>The prosecution did not have "approximately twelve (12) people present for the interview of the CW."</u> The undersigned disabused both Mr. Johnson and Mr. Colbath of this error during the hiatus in the last hearing. Thus, it is surprising the error recurs. As the transcript makes clear, on the first interview day, the prosecution had 2 attorneys, 1 FBI Agent, and 1 CGIS agent present. On the second day of interviews, the Coast Guard SAUSA did not attend. Thus, at no time did the prosecution have more than 4 personnel involved. The Government assumes there were security personnel present, as there would be in any prison, but to represent that there were "approximately 12 people" present during the interview of CW1 is wrong and significantly overstates the government resources dedicated to this case.

2. <u>The prosecution's interview of CW1 did not last two days</u>. Though conducted *over* two days, the interview of CW1 lasted 5 hours 17 minutes minutes, of which 45 minutes is recorded silence. Discussion with CW1

lasted about 4 ½ hours.

3. <u>The defense does not need to "obtain records from each" of the facilities in which CW1 has been housed.</u>   BOP records follow the inmate, and are kept in a Central File that the government recently received and is viewing for production.

Mr. Colbath previously raised a few issues concerning discovery production with the Government, to which the government immediately responded, clarifying that he had all of defendant's phone calls, and reminding him that he had received more correspondence between CW1 and the government than he realized.   *See* Exhibits A & B.

The government believes that many of Mr. Colbath's concerns about the discovery production may also reflect haste and/or inadequate review or understanding of the materials provided to him.   For example, Mr. Colbath contends that the government's re-production of the materials produced more than six years ago included "1000's of digitally pixilated photographs that are not viewable."   Docket 862, p. 10.   However, as Mr. Colbath admits, he has reviewed only the .pdf documents, and not other types of the files.   Docket 862, p. 12.   Thus, it is unsurprising that Mr. Colbath does not realize that now, as before, the government produced the same photos in multiple formats, including native (often Nikon .NEF), .jpeg, and .pdf.   (The native files contain metadata, but are often harder to view than .jpegs or .pdfs.)

//

U.S. v. Wells
3:13-cr-00008-SLG           Page 3 of 5

Case 3:13-cr-00008-SLG   Document 865   Filed 08/24/18   Page 3 of 5

With regard to the rest of Mr. Colbath's concerns, the United States first notes that they all concern documents that were re-produced: in other words, all of Mr. Colbath's grievances relate to documents that his office has had since the prior to the 2012 trial. Furthermore, the United States notes that the first time defense mentioned any of the problems Mr. Colbath alleges was verbally in the midst of the August 17 hearing. A full two months transpired without the defense bringing any of these alleged problems to the government's attention. There may well be concerns that dialogue could resolve, but the fact is that the defense initiated no dialog until 8/17, and yesterday's declaration is the first time Mr. Colbath has detailed his concerns in writing.

III.  CONCLUSION

The United States has only one support person for this case, Discovery Center Coordinator Kim Hooper. Ms. Hooper is the case paralegal, discovery person and trial presentation person. As it happens, Ms. Hooper is on leave today through Monday, August 27, 2018. Thus, it is difficult for the United States to respond to many of the concerns defense raised concerning the reproduction of the old materials. If the court believes that it is necessary to resolve defendant's concerns about the state and accessibility of the documents that were produced before the 2013 trial, and were produced again on June 17, 2018, in order to select a new trial date, the United States respectfully requests that the hearing on this matter be continued to August 28, 2019 in order to permit the United States a meaningful opportunity to respond.

//

The undersigned will be unavailable on August 30 and 31. In light of that fact, the United States is also amenable to continuance of this matter until the first week of September.

RESPECTFULLY SUBMITTED August 23, 2018, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Kimberly R. Sayers-Fay
KIMBERLY R. SAYERS-FAY

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2018, a
true and correct copy of the foregoing was
served electronically on the following:

Gary Colbath, Esq.
Richard Curtner, Esq.

s/ Kimberly R. Sayers-Fay
Assistant United States Attorney