

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

*James M. Fitzgerald U.S. Courthouse & Federal Building*
*222 West 7th Avenue, #9, Room 253*
*Anchorage, Alaska 99513-7567*

*Commercial: (907) 271-5071*
*Fax Number: (907) 271-3224*

August 15, 2018

Via Email Only

Gary Colbath, Esq.
Asst Federal Defender
301 West 5th Avenue, Suite 800
Anchorage, AK 99501

Re:  US v. James Michael Wells

Dear Gary,

Thank you for your email on August 8, 2018, which in turn responded to the government's proposed deadlines circulated via email on August 1, 2018.

I will address the proposed discovery deadlines in a separate email. Here, I would simply like to address the few substantive questions you raised concerning discovery the United States has already provided.

1. **Defendant's jail calls**.

We have requested and received all available calls from BOP. BOP advised that the calls between the two periods were not retained. Thus, you have what we have, and to our knowledge, those are the only recorded calls that exist.

2. **CW1's letters to the USAO.**

I believe you may be mistaken in your belief that you only received one of the two letters CW1 sent to the USAO.

On July 30, 2018, we produced 329 pages of discovery to you. The great majority of these pages comprised the transcript of the DOJ's interview with CW1. Other documents included the letters CW1 has written, including the following:

Exhibit B

Gary Colbath, Esq.
August 15, 2018
Page 2

- Wells18_00084352    CW1 Letter to USAO Rec'd January 29, 2018
- Wells18_00084354    CW1 Letter to USAO Rec'd August 11, 2017

These documents, and others in the production, are detailed for you in the discovery log that we produced to you the same day, which is attached again for your reference here. I believe you have more letters than you realize, and I do not believe you are missing anything.

### 3. CW1's Correspondence with Nancy Wells.

Again, you are not missing anything in the government's possession. As the interview with CW1 makes clear, CW1 was unable to locate his correspondence with Nancy Wells as well as the map that defendant sketched.

The United States hereby requests that Defendant disclose any documents that are now or may subsequently come into defense possession concerning Nancy Wells' correspondence with CW1.

### 4. Relief from Inmate Records Protective Order.

I believe it would be entirely consistent with the protective order for the defense to ask Nancy Wells about any and all contact she had with Bureau of Prisons inmates other than her husband. This non-leading question preserves both Nancy Wells' integrity as a witness and the confidentiality of important information that could jeopardize the safety of an important witness.

If you believe it is necessary to *tell* Nancy Wells that CW1 claims contact with her rather than *ask* Nancy Wells about Florence inmates other than her husband that she had contact with, then we will need to discuss your position further. I expect we can come to a reasonable compromise that permits a defense investigation while also preserving witness integrity and safeguarding informant confidentiality.

Gary Colbath, Esq.
August 15, 2018
Page 3

### 5. Contact with BOP employees and officials.

I understand your interest in potentially interviewing BOP personnel concerning CW1, and will raise this with BOP, whom I expect will coordinate access. With the trial still five months off -- and in light of the government's very atypical voluntary disclosures fix months beforehand – we do not agree that the February trial date is in jeopardy. To the contrary, the government's early disclosure affords the defense an uncommonly protracted investigatory opportunity.

It would help if you could begin a list of who you would like to interview. Your list may grow, but a preliminary list would be helpful, as BOP would likely need to locate the prospective witnesses.

### 6. Defense Response to Rule 12.1 request.

While we are on the topic of discovery, I wanted to make certain you were aware that the United States previously propounded a Rule 12.1 request for Notice of Alibi defense. On May 17, 2018, defense responded that "the defense has no alibi witnesses to disclose." Thus, the United States understands that no one other than perhaps Mr. Wells will be testifying at the upcoming trial concerning Well's whereabouts during the murders.

Sincerely,

BRYAN SCHRODER
United States Attorney

KIMBERLY R. SAYERS-FAY
Assistant United States Attorney

KSF/eah
Enc.