Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

*Counsel for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>JAMES MICHAEL WELLS,<br><br>                Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**UNOPPOSED MOTION TO CONTINUE TRIAL AND RELATED DEADLINES** |

A period of additional excludable delay under 18 U.S.C. § 3161(h) will not occur as a result of the filing this motion as this motion will not result in any delay of trial as the Court has ruled this a complex case and has set trial for April 29, 2019.[1]

Defendant, James Wells, by and through counsel, hereby moves this Court, unopposed, to continue trial which is now set for April 29, 2019. Further, the parties urge the court to revise the currently established pretrial schedule of deadlines so as to fit with the new trial date.[2] This motion is based upon the Due Process Clause of the Fifth Amendment, the Sixth Amendment's guarantee of effective assistance of counsel, and 18 U.S.C. § 3161(h)(A)&(B)(i)(ii) and (iv).

Mr. Wells is charged by Indictment (Docket No. 7), with one count of Murder in the First Degree, two counts of Murder of an Officer or Employee of the United States, and

---

[1] Docket No. 843.
[2] The parties will meet and confer to propose a mutually agreeable set of deadlines to be submitted to the Court within one week of the granting of this motion.

two counts of Possession and Use of a Firearm in Relation to a Crime of Violence in this case, which carry the maximum penalty of death.

Following trial, Mr. Wells appealed his convictions and in December 2017 the Ninth Circuit Court of Appeals reversed Wells' convictions and remanded the case for a new trial and judicial reassignment. *United States v. Wells*, 879 F.3d 879 (9th Cir. 2018). Trial is currently set for April 29, 2019. That date was arrived at after the Court heard argument from the parties following a change of defense counsel in the wake of the appointment of Magistrate Matthew Scoble in June of last year. At the time, the defense urged that a July 2019 trial date would be the soonest the defense could reasonably be prepared for trial, while the government urged the current trial date of April 29, 2019.

As the Court is aware from past motions, initial reproduction of discovery was delayed by several months by a Bates-numbering problem the government faced. As previously argued, the handling, processing and understanding of the new production has continued to be overwhelming and time consuming for counsel and staff at the Federal Public Defender's office ("FPD"). The parties have recently met and discussed these on-going problems and it appears the government is now, more than ever, cognizant of the issues the defense faces (as the government too faces some of these problems) and is working to make discovery smoother going forward. This does not change the work done and time lost in the past on prior discovery difficulties, nor the massive volume of discovery that continues to be produced by the government.

Although the defense previously felt it could not reasonably be prepared prior to July 2019, several subsequent events have made that position truer than ever before.

Some of those events are attributable to the government, others to circumstances beyond either party's control. These reasons are summarized as follows.

First, in addition to the overwhelming bulk of "prior" discovery produced in some form or another during the prior proceedings, the government produced new discovery related to a cooperating jail house witness who was "noticed" as purportedly planning to testify that Mr. Wells directly confessed to the crimes charged herein. In this respect, the government produced thousands of pages of written discovery and transcripts, together with hours of audio files related solely to CW1. As the Court is aware, months of litigation occurred surrounding the development of a protection order specifically tailored to the handling of this witness and discovery related to him. Several motions were filed and numerous hearings were held, again dealing with numerous issues involving CW1. The potential involvement of CW1 materially changed the tenor of the case.

An extraordinary amount of attorney time, investigator time, paralegal time, and defense/CJA money was spent related to CW1. Indeed, many of the resources that were devoted to working on preparing for retrial were diverted, at least periodically, on addressing CW1, discovery related to him, and location of evidence and witnesses to defend against his testimony. However, as "noticed" by the government at last week's status hearing, new government counsel has determined that CW1 will NOT be called at trial or part of the government's case. Period. While the defense appreciates this notification immensely, it does not change, nor more importantly give back, the extreme amount of time, energy, and resources that were devoted to dealing with CW1's originally

noticed testimony. This was a colossal waste of time/resources caused by the government that detrimentally effected the defense's preparation of this case.

Second, the government's expert notices were late, incomplete, and have raised new testimony that must be addressed. The notices were late, at the government's request, because of logistical issues created by the November 30, 2018, earthquake (discussed more below). This created a lag in all deadlines related to experts. With the delay, the government disclosed its experts on December 14, 2018. The disclosure contained three experts who were not previously identified or involved in the case, two of which appear to have engaged in substantial work and analysis that will be presented at trial. With respect to these experts, the defense immediately requested additional discovery related to these witnesses' work which material was necessary for the defense to have in order to develop rebuttal testimony. To date, none of the requested material has been provided.

The delay in expert disclosure also came at a crucial time of government financial crisis that has uncontrollably and severely limited the defenses ability to move forward with preparations. Basically since the government disclosed its experts in mid-December, the FPD, and more recently the Court through CJA authorizations, have been limited and now prohibited from contracting with experts or paying for new consultation, work and reports. This situation is only getting worse with the government shutdown and the Administrative Office of Defenders Services is advising to plan for a longer, rather than shorter period of delay.

Third, the November 30, 2018, earthquake disrupted work flow, services, and necessary work, not only for the government, but also for the defense. Aside from the delay related to expert disclosures, the defense lost approximately ten days of office work related to office closures, lost services, changed schedules, staff workloads, etc. Given the complexity and breadth of this case, every day is critical and the loss of nearly two work weeks at this stage of the case is problematic.

Fourth, as noted above, the government shutdown creates financial, logistical and work flow difficulties that severely impact this case in many ways. Money cannot be allocated to travel, investigative expenses, or other case related necessary expenses until appropriations are replaced. This case involves government employees in almost all aspects and many workers are on furlough or shutdown at this point which creates processing and other delays. For instance, the case involves dozens of Coast Guard witnesses and Coast Guard property. In order to interview or subpoena a Coast Guard witness, a special process must be followed and a subpoena request must be made to government officials prior to the work being done. These requests cannot be made during the shutdown, nor will they be processed if made, and the back-log and delay caused by the shut-down may further lengthen this already cumbersome process. Finally, the shutdown simply slows the entire federal process down as resources such as legal research services, government travel cards, PACER and court services, office staffing at the many offices involved in a case of this nature, and other routine functions necessary for the defense to use to prepare the case grind to a halt.

Fifth, Defendant himself is incarcerated with severe limitations on his ability to review discovery and assist in his own defense. Defendant was not allowed or able to review much of his discovery during the prior proceedings herein. Defendant desires to do so prior to his retrial. The same is also necessary so that Defendant may meaningfully assist counsel in his defense. A continuance will allow more time for this to happen.

Based on all of the above continued and new circumstances, the undersigned counsel and FPD office simply cannot be ready for trial on April 29, 2019, nor effectively represent Mr. Wells without a continuance. The parties have conferred and agree that a trial should be moved to **August 19, 2019.**

This motion is unopposed through Assistant United States Attorneys Steve Skrocki and Christina Sherman. Further, the parties urge the Court to consider this motion at the status conference set before the Court for January 22, 2019.

DATED at Anchorage, Alaska this 16th day of January, 2019.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender
*Counsel for James Michael Wells*