| DEPARTMENT OF HOMELAND SECURITY<br>U.S. COAST GUARD<br>CG-4608-1 (Rev. 1-11) | COAST GUARD INVESTIGATIVE SERVICE<br>MEMORANDUM OF ACTIVITY (MOA) | CLASSIFICATION STAMP<br>UNCLAS / FOUO / LES |
|---|---|---|
| TYPE OF ACTIVITY<br>Witness Interview - Margaret KAVANAUGH | | CASE CONTROL NUMBER<br>0059-12 GNW 0026 7B[GA] |
| SUBJECT<br>WELLS, JAMES M./WM/CIV/BELLS FLATS, AK | | |

1. On 16 November 2012, S/A Aaron WOODS, CGIS Resident Agent Office (RAO) Kodiak, AK conducted a recorded interview with Magaret KAVANAUGH, Civillian, Kodiak, AK at her residence in Kodiak, AK. KAVANAUGH provided the following information in response to questioning.

2. KAVANAUGH stated she is a co-worker of Nancy WELLS, Civillian, Kodiak, AK who is the spouse of James WELLS **(SUBJECT)**, Civillian, COMMSTA Kodiak, AK. KAVANAUGH said she traveled by air with N. WELLS and Amanda SANFORD, Civillian, Kodiak, AK from Kodiak, AK to Anchorage, AK on 11 April 2012 in order to attend a work conference for Kodiak Area Native Association (KANA). KAVANAUGH said she did not see where N. WELLS parked her blue Honda CRV at the airport because she arrived at the Kodiak Airport prior to N. WELLS and SANFORD.

3. KAVANAUGH stated on 12 April 2012, while at the KANA conference, KAVANAUGH and SANFORD were having coffee prior to 0830 hours when the two began receiving information regarding a shooting at COMMSTA Kodiak. KAVANAUGH said N. WELLS had not arrived from her hotel room when they started to receive this information. KAVANAUGH said a short time after N. WELLS was advised of the shooting, she made contact with J. WELLS by mobil telephone. N. WELLS began to relay information regarding J. WELLS being late for work that morning due to a flat tire. KAVANAUGH stated she was not present during the conversation between N. WELLS and J. WELLS. KAVANAUGH said she was present when N. WELLS contacted one of her children and overheard "Dad is fine, Dad had a flat tire." KAVANAUGH stated she found it suspicious that N. WELLS would not leave the conference to return to Kodiak and be with J. WELLS in light of the situation. KAVANAUGH said she and SANFORD tried to convince N. WELLS for two days after the shootings to go be with J. WELLS but N. WELLS refused.

4. Since returning to Kodiak from the conference KAVANAUGH stated she has heard multiple different accounts for why J. WELLS was not at work that morning from N. WELLS. KAVANAUGH stated first N. WELLS said J. WELLS had a flat tire, then, several days later said he did not have a flat. Next, N. WELLS relayed J. WELLS stopped at the Comfort Inn to use the rest room. KAVENAUGH then relayed she had no idea what to believe as there has been so many different versions of why J. WELLS was not at work when the shootings took place. KAVANAUGH stated that N. WELLS has recently been circulating rumors of a scarry man with an odd tattoo was a suspect in the murders.

5. S/A WOODS asked KAVANAUGH if there were additional statements N. WELLS was making that caused KAVANAUGH to be suspicios. KAVANAUGH asked S/A WOODS to stop recording before she made additional statements. S/A WOODS ended the recording.

6. KAVANAUGH prodused notes from a kitchen cupboard she had been recording of her observations of N. WELLS at KANA. KAVANAUGH stated she began taking notes because of how frequent N. WELLS had been discussing the

| Investigator's Name, Title, and Signature<br>11/23/2012<br><br>X Aaron W. Woods<br>Aaron W. Woods<br>Special Agent | Approving Official's Name, Title, and Signature<br>11/27/2012<br><br>X R. SHELTON FOR<br>G. Russell BARKER<br>Special Agent-in-Charge |
|---|---|

**WARNING**
THIS DOCUMENT IS THE PROPERTY OF THE COAST GUARD INVESTIGATIVE SERVICE. INFORMATION CONTAINED HEREIN IS LAW ENFORCEMENT SENSITIVE IN CHARACTER AND ITS SECURITY FROM UNAUTHORIZED DISCLOSURE MUST BE PRESERVED. THE CONTENTS OF THIS REPORT MAY BE DISCLOSED ONLY TO THOSE PERSONS WHOSE OFFICIAL DUTIES REQUIRE ACCESS. NO COPIES SHALL BE MADE AND CONTENTS MAY NOT BE DISCLOSED TO THE PARTY(S) CONCERNED WITHOUT SPECIFIC AUTHORIZATION FROM DIRECTOR, COAST GUARD INVESTIGATIVE SERVICE

PUBLIC AVAILABILITY TO BE DETERMINED UNDER 5 USC 552 AND 552(a)

| CLASSIFICATION STAMP<br>UNCLAS / FOUO / LES | Local Reference No |
|---|---|



GOVERNMENT EXHIBIT 7
3:13-cr-00008-SLG

PROTECTED DOCUMENT                                                                                              Wells18_00043606 (1 of 2)

murders and the odd things she was saying. KAVANAUGH relayed hearing N. WELLS say, "Jim is just a person who represents what's going on." S/A WOODS asked KAVANAUGH what N. WELLS was trying to convey with the statement. KAVANAUGH relayed she did not know but found it odd. KAVANAUGH also overheard N. WELLS referring to herself as the vulnerability factor. Again, KAVANAUGH did not know what N. WELLS was trying to convey with the statement. KAVANAUGH expressed reluctance to turn over her notes but indicated she might be willing to do so at a later time if they were needed as evidence.

7. Original MOA and audio recording will be maintained in FBI case file, case number **70A-AN-15667**.

| PUBLIC AVAILABILITY TO BE DETERMINED UNDER 5 USC 552 AND 552(a) | CLASSIFICATION STAMP  UNCLAS / FOUO / LES | PAGE 2 OF 2 PAGES |
|---|---|---|

Case 3:13-cr-00008-SLG   Document 932-7   Filed 01/18/19   Page 2 of 2

PROTECTED DOCUMENT                                  Wells18_00043607 (2 of 2)