BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email:   steven.skrocki@usdoj.gov
         christina.sherman@usdoj.gov
         Kelley.L.Stevens@uscg.mil

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>JAMES MICHAEL WELLS<br><br>      Defendant. | No. 3:13-cr-00008-SLG |

**UNITED STATES' OPPOSITION TO MOTION TO PROHIBIT IRRELEVANT
CHARACTER EVIDENCE**


COMES NOW the United States of America, by and through above-named counsel,

and files with the Court this opposition to the Defense's Motion at Doc. 945. In filing this motion, the defense again attempts to cloak admissible and relevant fact / lay opinion evidence under the guise of "character" evidence, hoping that such a characterization will preclude the introduction of damaging facts and observations leading up to the murders that are part and parcel to Wells' motive and pre-murder acts. The government has responded separately to the motion to preclude said "other acts", and directs this Court's attention to a more robust discussion of the interplay between Federal Rule of Evidence (FRE) 404 and 403 as outlined in its motion filed at Doc. 957. The government hereby incorporates those facts, arguments and legal authorities for purposes of the below analysis. (*See* Doc. 957).[1]

## I.    The Evidence the Defense Seeks to Preclude is Admissible Motive Evidence Under FRE 404(b)(2) and 403.

The government will seek to introduce evidence of other acts upheld by the Ninth Circuit as admissible motive evidence under FRE 404(b)(2) and 403. *See United States v. Wells*, 879 F.3d 900, 929 (9th Cir.2018) ("We accept the Government's motive theory if it begins with the 2011 investigation into the unauthorized use of the fuel card; proceeds to the resultant letter of caution issued in 2012; recognizes that, throughout that time, Wells suffers a consistent loss of 'rank' within the rigger shop; builds to the decision by USCG command to disallow Wells' attendance at an annual conference; and finally culminates in Wells' murder of his co-workers.").

---

[1] The United States respectfully submits that its argument contained herein is closely related in sum and substance to its motion filed at Doc. 957 but for purposes of responsive pleading files this response separately.

The Ninth Circuit's opinion dealt squarely with *other acts evidence* under 404(b)(2), finding it admissible to show motive. *See Wells,* 897 F.3d at 929. At trial, and in accord with that ruling, this Court should permit the government's witnesses to testify to their observations of Wells, his conduct at work, and overall deterioration in professional status from 2011 to the time of the murders.[2] Testimony that Wells was difficult to work with, or that Wells took a lot of time off, kept antenna information to himself, bristled at being reprimanded, or had his ideas rejected, are direct observations relating to the discontent he suffered in his professional life and deterioration in professional status preceding the murder of his two colleagues who stood in his way.

The defense seeks to label those observations and facts that are relevant to motive under "other acts" evidence as "character evidence" in an effort to confuse the issue and, in so doing, specifically lists a litany of statements he finds objectionable. It is of note, that the list of "character evidence" defense seeks to preclude, mirrors the list of evidence reviewed by the Ninth Circuit. The Ninth Circuit specifically addressed the admissibility of these pieces of evidence holding,

> "[t]o the extent these witnesses had personal knowledge of the topics on which they testified, this testimony provided background information regarding Wells' relationships with his co-workers, his working environment and his work history, all of which is relevant in a workplace homicide prosecution."

*See Wells*, 879 F.3d at 926. In his motion, Wells has offered no rational, nor legal authority for this Court to deter from the Ninth Circuit's clear line of reasoning on the identical

---

[2] The United States does not intend to call Dr. Meloy during its case-in-chief. Furthermore, the government will not call any other witness to testify in a similar fashion as Dr. Meloy did in the first trial.

laundry list of so-called "character evidence". Indeed, defense brief makes no mention of the FRE 404(b)(2) analysis. Since the defense argument here is identical to the argument made and rejected on appeal, this Court should similarly reject the defendant's arguments and allow the witnesses to testify to things they observed during the course of 2011-2012. More specifically, this testimony will touch upon their personal interactions with Wells as they fit within the framework of admissible facts and observations forming the underlining motive for the murders.[3] These observations form his motive for killing two of his colleagues who stood in his way from continued professional autonomy and prestige, not that he acted in conformity therewith, or that he must have killed them simply because he was a "bad man."[4]

## II.  Conclusion

The defense seeks to inappropriately label fact testimony and lay witness observations that shine negatively on Wells, and that illuminates his professional demise in the rigger shop, as character evidence.  The observations and insight into Wells' behavior during this time period form the necessary foundation and framework for the "other act" evidence that the government may appropriately introduce pursuant to its overall motive theory under FRE 404(b)(2).  These instances, as the defense incorrectly proffers, do not

---

[3] Under FRE 701, a witness is permitted to give their lay opinion so long is that opinion is: (a) Rationally based on the witness's perception, (b) Helpful to clearly understanding the witness's testimony or to determine a fact in issue, and (c) Not based on scientific, technical or other specialized knowledge within the scope of Rule 702. Witnesses are allowed to interpret their observations into lay opinions. The evidence the defense seeks to preclude fits squarely into this category and do not require scientific analysis.

[4] Federal Rule of Evidence 404 curtails the use of "bad man" evidence to prove guilt. *See United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007)(en banc). The United States cannot and is not seeking to introduce evidence solely for the purpose of showing a defendant is of bad character and therefore acted in accordance with that bad character on a particular date.

serve as impermissible character evidence.

The Court should deny the motion and allow the government's witnesses to testify about observations they made of Mr. Wells in the context of working in the rigger shop as relevant evidence admissible to prove motive under FRE 404(b)(2) and 403.

RESPECTFULLY SUBMITTED April 8, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Christina Sherman
CHRISTINA SHERMAN
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2019, a
true and correct copy of the foregoing was
served electronically on:

Counsel of Record

s/ Christina Sherman
Office of the U.S. Attorney