Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
520 Pike Street, Suite 2500
Seattle, WA 98121
(206) 624-1551
petercamiel@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-0008-SLG |
| | ) | |
| Plaintiff, | ) | DEFENSE REPLY TO |
| | ) | GOVERNMENT RESPONSE RE: |
| vs. | ) | MOTION TO EXCLUDE |
| | ) | CHARACTER EVIDENCE [DOC. 958] |
| JAMES MICHAEL WELLS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

As an initial matter, the defense in this retrial does not plan to present evidence related to Mr. Wells' character or his job performance evaluations. Thus, any claim that the defense will open the door to character evidence is misplaced.

The Government tries to sidestep the issue herein by calling the testimony at issue "relevant fact/lay opinion evidence." But calling a person "narcissistic," "difficult," "conceited" or "having a poor attitude" are lay opinions about Wells character traits, not relevant facts to the murder of Hopkins and Belisle.

DEFENDANT'S REPLY TO GOVERNMENT
RESPONSE RE CHARACTER EVIDENCE
(United States v. Wells, 3:13-cr-0008-SLG)

The government incorrectly argues that the issue of the admissibility of character evidence has previously been ruled upon and therefore this Court is foreclosed from considering the issue. First, even if the specific issue of "character evidence" was previously ruled on, this case is different, because government expert Meloy will not be testifying. At the previous trial, the government used the "character evidence" to fill in the profile created through the testimony of Meloy. Meloy told the jury that a person who commits intended workplace violence would have certain character traits such as narcissistic personality. This is how the Ninth Circuit described Meloy's testimony:

> While the parties portray the substance of Dr. Meloy's testimony differently, there is no real dispute as to the intended role of his testimony within the Government's case. This testimony was presented on the sixth day of trial, during the Government's case-in-chief, and invited the jury to find a "fit" between Dr. Meloy's criminal profile and the lay witnesses' testimony concerning Wells' own character traits.

The Ninth Circuit found that Meloy's testimony violated F.R.E. 404(a)(1) as well as 403. F.R.E. 404(a)(1) concerns the prohibition on the use of character evidence "to prove that on a particular occasion the person acted in accordance with the character or trait." That is exactly what the government argued in the first trial.

With or without Meloy's testimony, evidence of Wells' character traits is inadmissible. Throughout the trial witnesses opined about Wells' character. They described Wells' character in terms such as "having a poor attitude" (RT 488) "quite conceited" (RT 832), "only receptive to change if he had played a part in coming up with the change" (*Id.*), not "known to be [the] kind of person" who did "as you're told" (RT 868), "view[ing] himself as extremely knowledgeable" (RT 889), taking "pride in his

Defendant's Reply Re Character Evidence-2

role" in the tower community as shown by his "strut[ting]" at conferences (RT 920) ; "just set in the way he would do things" (RT 1020); "difficult at times" (RT 1251); "not real good at sharing the information he had" (RT 1334) "difficult," "set in the ways he would do things" (RT 1020), "more difficult to work with than the other [employees]" (RT 488), and a "narcissist" (RT 3742, 3746)

The Ninth Circuit found that except as to the objection about Wells "strutting" as not being relevant, at the first trial Wells did not properly object to the admission of character evidence under Rule 404(a)(1) and therefore the standard of review before the Ninth Circuit was for plain error. [1]

The Government also argued on appeal that Wells forfeited any claim about character evidence by failing to object. The Government wrote:

> Wells lists a series of comments by a number of witnesses about Wells' personality, arguing that they amounted to improper Rule 404(a) character evidence. AOB 52-53. Wells objected to only two of the comments, and both of those objections were based on relevance.

Now the Government writes that "since the defense argument here is identical to the argument made and rejected on appeal, this Court should similarly reject the defendant's arguments and allow the witnesses to testify to things they observed during the course of 2011-2012."

---

[1] At footnote 14 the Ninth Circuit noted: As set forth below, Wells challenges a wide variety of testimony under Rule 404(a). Of the specific excerpts challenged, defense counsel only objected to the comment about Wells "strut[ing]" at professional conferences, and the objection was made on the basis of relevance. Accordingly, Wells failed to properly object to any of this testimony, such that our review is for plain error. *United States v. Wells*, 879 F.3d 900, 941 (9th Cir. 2017)

Defendant's Reply Re Character Evidence-3

The Government argued on appeal, and the Ninth Circuit also found, that Wells opened the door to much of the character evidence by introducing evidence of his non-violent character. The Ninth Circuit stated:

> While we are sensitive to the interconnected nature of this testimony as used by the Government to fit Dr. Meloy's decidedly inadmissible profile, the improper admission of Dr. Meloy's testimony does not render otherwise relevant evidence inadmissible. To the extent these witnesses had personal knowledge of the topics on which they testified, this testimony provided background information regarding Wells' relationships with his co-workers, his working environment and his work history, all of which is relevant in a workplace homicide prosecution. Furthermore, it is also true that Wells relied on favorable aspects of these same evidentiary areas. Yet, he now takes the inconsistent position that his commendable record of service to the United States Navy and Coast Guard and his congenial relationships with co-workers are relevant evidentiary points, while the inconvenient, less commendable details thereof are not. *See Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1130 (9th Cir. 2010) (where plaintiff opened the door to incident-specific testimony, district court did not abuse its discretion in allowing testimony as to defendant's version of the incident). The district court did not plainly err in admitting this relevant evidence. *United States v. Wells*, 879 F.3d 900, 926 (9th Cir. 2017)

In this second trial, Wells is now specifically objecting to the character evidence under F.R.E. 404(a) and 403, and has no plans to open the door to any character evidence.

The government has also argued that the character traits described above are not of the type prohibited by F.R.E. 404(a) because they are not being used "to prove that on a particular occasion the person acted in accordance with the character or trait." The government has argued that if the evidence of character is not introduced to show how a person acted on the particular occasion – in this instance murdering Hopkins and Belisle –and it is otherwise relevant, it is admissible. But in this case, the traits described above

Defendant's Reply Re Character Evidence-4

are not relevant *except* to show that these traits compelled Wells to the murder of Hopkins and Belisle. Wells being "difficult," "conceited," "having a poor attitude," "narcissistic," or being "prideful of his knowledge" are simply general personality traits and have no bearing on Wells having a motive to commit the murder of Hopkins and Belisle.

The Government also suggests this testimony "will touch upon their personal [witnesses] interactions with Wells as they fit within the framework of admissible facts and observations forming the underlying motive for the murders. These observations form his motive for killing two of his colleagues who stood in his way from continued autonomy and prestige.." But this testimony does not relate to Wells interactions with either victim. The Government does not explain how having a witness describe Wells as "narcissistic" or "difficult" or any of the other terms used, fits into a motive to prove that either victim "stood in his [Wells'] way." If anyone stood in Wells way it was Chief Reckner. Finally, the government suggests this testimony "illuminates his professional demise in the rigger shop." Again, the Government is short on explaining how witnesses giving opinion testimony about Wells' character traits accomplishes this.

## Conclusion

For the foregoing reasons, testimony regarding Wells character should be prohibited.

Dated this 15th day of April, 2019.

*/s/Peter A. Camiel*
Peter A. Camiel
Attorney for Defendant Wells

Defendant's Reply Re Character Evidence-5

## Certificate of Service

I hereby certify that on the 15th day of April 2019, I caused the foregoing to be electronically filed with the Clerk of the Court of the United States District Court for the District of Alaska using the CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the district court CM/ECF system.

/*s/Peter A. Camiel*/
Peter A. Camiel

Defendant's Reply Re Character Evidence-6