BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email:    steven.skrocki@usdoj.gov
          christina.sherman@usdoj.gov
          Kelley.L.Stevens@uscg.mil

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-cr-00008-SLG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES MICHAEL WELLS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED STATES' SUPPLEMENTAL BRIEF TO DOCKET 957 ON RELEVANT PORTIONS OF THE RECORD FOR REVIEW IN RELATION TO ADMISSIBLE OTHER ACTS EVIDENCE**

COMES NOW the United States of America, by and through above-named counsel, and files with the Court this supplemental brief of record citations regarding the United States' Notice of Intent to Introduce Other Acts (Doc. 956) and the United States' Opposition to Defendant's Motion to Exclude Other Acts Evidence. (Doc. 957). The Court indicated the parties may include the four-part test analysis as well. The government relies on the arguments regarding the four-part test herein as well as the arguments made in its prior pleadings listed above and argument of counsel made at the April 22, 2019, oral argument and are incorporated herein by reference.

The trial record transcript in this case is found at Dockets 729-732, 741-748, 750, 752-756, 758.[1]

## I.    Fuel Card Investigation and Letter of Caution

The fuel card investigation report was admitted as Exhibit 8 during the first trial. It appears the letter of caution was not independently introduced in the first trial, although it was included in Exhibit 3D as part of a much larger personnel record at approximately page 58. The government intends to introduce the letter of caution itself as a separate exhibit in its case-in-chief. For the Court's convenience, it is attached as Exhibit 1 to this brief.

//

//

//

---

[1] Since the government is unsure which citation the Court prefers to reference, the citations to the first trial in this case will be in a table that includes the Docket number, beginning and ending page and line, followed by the trial record page citations.

Case 3:13-cr-00008-SLG   Document 973   Filed 05/01/19   Page 2 of 20

## A. Relevant Portions of First Trial Testimony

### 1. Chief Stephen Cartier

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 732 | pg 87, ln 14 | pg 91, ln 6 | 796-800 |
| Cross | 732 | pg 94, ln 13 | pg 99, ln 7 | 803-808 |

### 2. Chief Scott Reckner

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 732 | pg 201, ln3 | pg 204, ln 11 | 910-913 |
| Direct | 732 | pg 216, ln 1 | pg 220 ln 24 | 925-929 |
| Cross | 741 | pg 30, ln 22 | pg 32, ln 20 | 1004-1006 |

### 3. Lieutenant David Pizzurro

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 741 | pg 192, ln 1 | pg 205, ln 22 | 1166-1179 |
| Cross | 741 | pg 226, ln 16 | pg 23, ln 10 | 1200-1206 |

### 4. Commander Peter Van Ness

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 741 | pg 288, ln 15 | pg 296, ln 12 | 1262-1270 |
| Cross | 741 | pg 299, ln 13 | pg 300, ln 23 | 1273-1274 |

Case 3:13-cr-00008-SLG   Document 973   Filed 05/01/19   Page 3 of 20

### 5. Senior Chief William Reed

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 742 | pg 32, ln 7 | pg 33, ln 24 | 1335-1336 |

There was no cross examination on this topic.

## B. 404(b)(2) Four-Part Analysis

### 1. Evidence Tends to Prove a Material Point in Issue

The investigation and ultimately the letter of caution demonstrate Wells' conduct being scrutinized by Coast Guard Command, his obstinate reaction, and his being upset at the loss of position and trust in the eyes of the Command all are part of Wells' motive for the homicides of his co-workers.

### 2. Is Not Remote in Time

This event occurred in August and September 2011, with the letter of caution being written in January 2012 and finally signed by Wells on February 24, 2012, all well within the time frame relevant to the government's motive theory.

### 3. Proven with Evidence Sufficient to Show the Act was Committed

The "act" here the government seeks to introduce is not a substantiated claim of Wells misuse of the card; rather, the facts of the investigation, including submission of statements by Wells and the two victims, Command confronting Wells, and Wells' reaction in response. This will be proven through the documentation of the investigation and the letter of caution, as well as testimony from those involved in the investigation and Command review and meeting where Wells was given the letter.

3:13-cr-00008-SLG
U.S. V. James Michael Wells

### 4. Similar Act

The fourth requirement of the four-part test – that the act be similar to the one being tried – only applies if the government is introducing the act to prove intent. Since the government is utilizing these acts to prove motive, the fourth requirement is not applicable in this case. For the remaining analysis below, the government will only include the applicable three requirements of the four-part test.

The fuel card investigation and corresponding letter of caution meet the requirements for admission under 404(b)(2) and are probative and not unfairly prejudicial under Rule 403 and should be admitted.

## II. Tree Collaring

The tree collaring was discussed within a memorandum establishing expectations in November 2011, although the events occurred in summer 2011. This memorandum was admitted at trial as part of Exhibit 3D, Wells' entire personnel record at approximately page 60. For the Court's convenience, this memorandum is attached as Exhibit 2 to this brief. The government intends to introduce this memorandum at trial.

### A. Relevant Portions of First Trial Testimony

#### 1. Petty Officer Cody Beauford

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 731 | pg 32, ln 12 | pg 32, ln 23 | 493 |
| Cross | 731 | pg 46, ln 17 | pg 47, ln 13 | 507-508 |

3:13-cr-00008-SLG
U.S. V. James Michael Wells

### 2. Chief Scott Reckner

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 732 | pg 193, ln 2 | pg 193, ln 16 | 902 |
| Direct | 732 | pg 197, ln 5 | pg 200, ln 5 | 906-909 |
| Direct | 732 | pg 204, ln 12 | pg 207, ln 21 | 913-916 |

There was no cross examination on this topic.

### 3. Lieutenant David Pizzurro

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 741 | pg 205, ln 23 | pg 211, ln 9 | 1179-1185 |

There was no cross examination on this topic.

## B. 404(b) four-part analysis

### 1. Evidence Tends to Prove a Material Point in Issue

Wells' response when he was confronted with the tree collaring issue was that he got angry and raised his voice at Chief Reckner. Hopkins and Belisle were present during the meeting where Wells was initially confronted. Wells' response demonstrates his increasing anger with the Coast Guard Command telling him what to do and not to do and goes directly to the government's motive theory in this case.

### 2. Is Not Remote in Time

This event occurred in the summer of 2011 through November 2011, within the time frame relevant to the government's motive theory.

### 3. Proven with Evidence Sufficient to Show the Act was Committed

The evidence regarding this act will be proven with testimony of the witnesses involved and their observations of Wells reaction as well as the letter of expectation issued to Wells in late 2011.

The tree-collaring incident and letter of expectation meet the requirements for admission under 404(b)(2) and are probative and not unfairly prejudicial under Rule 403 and should be admitted.

## III. NATE Convention (National Association of Tower Erectors)

### A. Relevant Portions of First Trial Testimony

#### 1. Chief Scott Reckner

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 732 | pg 210, ln 14 | pg 211, ln 24 | 919-920 |
| Direct | 732 | pg 212, ln 24 | pg 215, ln 25 | 921-924 |
| Cross | 741 | pg 28, ln 13 | pg 29, ln 7 | 1002-1003 |
| Redirect | 741 | pg 37, ln 5 | pg 37, ln 13 | 1011 |

#### 2. Senior Chief William Reed

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 742 | pg 29, ln 17 | pg 32, ln 6 | 1332-1335 |
| Cross | 742 | pg 44, ln 7 | pg 44, ln 11 | 1347 |

//

3:13-cr-00008-SLG
U.S. V. James Michael Wells

Case 3:13-cr-00008-SLG   Document 973   Filed 05/01/19   Page 7 of 20

### B. 404(b) four-part analysis

#### 1. Evidence Tends to Prove a Material Point in Issue

Wells had attended the NATE conference for years. When he inquired about the February 2012 conference, Reckner informed him he wouldn't be going. Rather, Hopkins and Belisle would be attending. Wells became upset and cursed regarding Belisle and the interaction was described as "heated". It ended in Wells trying to "stare down" Reckner. Wells reaction to being told he wouldn't be attending a conference he had previously attended and his comments about Belisle during that interaction all go to show Wells' feeling mistreated and his increasing anger and go directly to the government's theory of motive in this case.

#### 2. Is Not Remote in Time

The discussion regarding Wells not attending the NATE conference and that Belisle and Hopkins would be attending instead occurred in January 2012, just three months before the murders, and is within the timeframe relevant to the government's motive theory.

#### 3. Proven with Evidence Sufficient to Show the Act was Committed

The facts surrounding Wells not being allowed to attend a conference he had attended for years, and more importantly his strong reaction in response, will be proven by testimony of Chief Reckner and Senior Chief Reed who were involved in the decision that Belisle and Hopkins should attend, but Wells should not. Specifically, Chief Reckner will testify as to Wells' "heated" reaction to being informed of this decision.

Wells being prohibited from attending the NATE conference and Wells' reaction in response meet the requirements for admission under 404(b)(2) and are probative and not unfairly prejudicial under Rule 403 and should be admitted.

## IV.    Work-Place Disagreements

### A.    Warehouse Cleaning Project

#### 1.    Relevant Portions of First Trial Testimony

##### a.  Petty Officer Cody Beauford

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 731 | pg 29, ln 9 | pg 30 ln 3 | 490-491 |
| Cross | 731 | pg 45, ln 17 | pg 46, ln 16 | 506-507 |

##### b.  Petty Officer James Encinas

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 732 | pg 145, ln 13 | pg 148, ln 20 | 854-857 |
| Cross | 732 | pg 152, ln 3 | pg 154, ln 16 | 861-863 |

##### c.  Chief Scott Reckner

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 732 | pg 225, ln 10 | pg 227, ln 11 | 934-936 |

There was no cross examination on this topic.

//

//

### d. Seaman Nathaniel Pacheco

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 741 | pg 47, ln 12 | pg 47, ln 23 | 1021 |

There was no cross examination on this topic.

### e. Seaman Leah Henry

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 741 | pg 83, ln 1 | pg 84 ln 20 | 1057-1058 |
| Cross | 741 | pg 96, ln 21 | pg 97 ln 2 | 1070-1071 |

### f. Lieutenant David Pizzurro

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 741 | pg 212, ln 14 | pg 215, ln 2 | 1179-1189 |
| Cross | 741 | pg 220, ln 18 | pg 225, ln 3 | 1194-1199 |

## 2. 404(b) Four-Part Analysis

### a. Evidence Tends to Prove a Material Point in Issue

While Wells did not participate in much of the warehouse cleaning project, his reaction to Belisle instructing the seamen to throw out items Wells had been organizing and saving upset him, led to him muttering under his breath and storming out. Wells' reaction goes towards his increasing frustrations with Coast Guard Command and Belisle's involvement in following Command's orders goes to the government's motive theory in this case.

Page 10 of 20

3:13-cr-00008-SLG
U.S. V. James Michael Wells

### b. Is Not Remote in Time

The cleaning out of the warehouse occurred in March 2012, just a month before the murders and well within the timeframe relevant to the government's motive theory.

### c. Proven with Evidence Sufficient to Show the Act was Committed

This evidence will be presented through the testimony of multiple witnesses who participated in the cleaning project and the witness who observed Wells' response to items being discarded.

The circumstances surrounding the warehouse cleaning project and Wells' reaction in response meet the requirements for admission under 404(b)(2) and are probative and not unfairly prejudicial under Rule 403 and should be admitted.

### B. Antenna Book

### i. Relevant Portions of First Trial Testimony

### a. Petty Officer Cody Beauford

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 731 | pg 30, ln 4 | pg 30, ln 24 | 491 |

There was no cross examination on this topic.

### b. Chief Scott Reckner

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 732 | pg 221, ln 3 | pg 223, ln 10 | 930-932 |

There was no cross examination on this topic.

Case 3:13-cr-00008-SLG   Document 973   Filed 05/01/19   Page 11 of 20

### c.  Seaman Leah Henry

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 741 | pg 84, ln 21 | pg 86, ln 3 | 1058-1060 |
| Cross | 741 | pg 97, ln 3 | pg 98, ln 8 | 1071-1072 |

### d.  Lieutenant David Pizzurro

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 741 | pg 215, ln 3 | pg 216, ln 23 | 1189-1190 |
| Cross | 741 | pg 234, ln 20 | pg 235, ln 18 | 1208-1209 |

### e.  Commander Peter Van Ness

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 741 | pg 277, ln 13 | pg 278, ln 7 | 1251-1252 |

There was no cross examination on this topic.

### f.  Senior Chief William Reed

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 742 | pg 24, ln 19 | pg 25, ln 19 | 1327-1328 |
| Cross | 742 | pg 41, ln 4 | pg 42 ln 6 | 1344-1345 |
| Redirect | 742 | pg 45, ln 8 | pg 45, ln 15 | 1348 |

### ii. 404(b) Four-Part Analysis

#### a. Evidence Tends to Prove a Material Point in Issue

Wells was ordered by Hopkins to share his knowledge in the form of an antenna book. Wells didn't think it was necessary so he didn't do it. Seaman Henry created the book. Wells was not helpful in providing her the information. Once the book was established, the knowledge previously held only by Wells was readily accessible to all. This evidence goes toward Wells' feeling marginalized and no longer the one with most the knowledge of the antennas. Wells' reaction to being asked about providing information for the antenna book and his lack of following Command instructions shows Wells was feeling marginalized and the shop managed to operate without him as others filled his shoes and gained the knowledge to do his job. This goes directly to the government's theory of motive in this case.

#### b. Is Not Remote in Time

This event occurred beginning of June 2011 and lasted for several months, within the time frame relevant to the government's motive theory.

#### c. Proven with Evidence Sufficient to Show the Act was Committed

The facts surrounding the lack of Wells' participation and aversion to the creation of the antenna book, and refusal to assist Seaman Henry who ultimately completed it, will be proven through testimony from the members of Coast Guard Command who had ordered the book be created, and from Seaman Henry who created the book and had to interact with Wells to obtain the necessary information.

Case 3:13-cr-00008-SLG   Document 973   Filed 05/01/19   Page 13 of 20

The circumstances surrounding Wells' failure to create the antenna book, subsequent creation of said book, and the information being more readily available thus leading to less reliance on Wells' for information, meets the requirements for admission under 404(b)(2) and are probative and not unfairly prejudicial under Rule 403 and should be admitted.

### C. Satellite Antenna Wire

#### 1. Relevant Portions of First Trial Testimony

##### a. Petty Officer Cody Beauford

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 731 | pg 28, ln 3 | pg 29, ln 8 | 489-490 |
| Cross | 731 | pg 43, ln 2 | pg 44, ln 12 | 504-505 |

##### b. Chief Scott Reckner

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 732 | pg 228, ln 9 | pg 230, ln 8 | 937-939 |

There was no cross examination on this topic.

#### 2. 404(b) Four-Part Analysis

##### a. Evidence Tends to Prove a Material Point in Issue

The day prior to the homicides, Belisle and Wells had differing opinions on how to run a wire to the roof. Reckner chose Belisle's suggestion over Wells'. Wells, who would usually have a reaction and voice it, said nothing and walked away. Less than twenty-four

hours later he murdered Belisle. The events that occurred the day before the homicide are relevant to motive and the interactions within the Rigger Shop.

### b. Is Not Remote in Time

This event occurred April 11, 2012, the day before the homicides.

### c. Proven with Evidence Sufficient to Show the Act was Committed

Witnesses who were present during the discussion between Reckner, Hopkins, Belisle, and Wells will testify as to the nature of the discussion and the decision to choose Belisle's idea over Wells'.

The circumstances surrounding the discussion regarding the satellite antenna wire, and the decision to follow Belisle's recommendation over Wells' just one day before the homicides, meets the requirements for admission under 404(b)(2) and are probative and not unfairly prejudicial under Rule 403 and should be admitted.

## D.    Bird Diverters

### 1.  Relevant Portions of First Trial Testimony

#### a.  Chief Scott Reckner

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 732 | pg 195, ln 8 | pg 197, ln 2 | 904-906 |
| Cross | 741 | pg 29, ln 17 | pg 30, ln 21 | 1003-1004 |

### b. Seaman Nathaniel Pacheco

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Cross | 741 | pg 50, lns 15 | pg 50, ln 25 | 1024 |

There does not appear to have been any direct on this topic.

### c. Chief Warrant Officer Casey Jones (Defense Witness)

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 754 | pg 55, ln 16 | pg 56, ln 2 | 3351-3352 |
| Cross | 754 | pg 60, ln 21 | pg 61, ln 15 | 3356-3356 |

### 2. 404(b) Four-Part Analysis

### a. Evidence Tends to Prove a Material Point in Issue

The issue of the bird diverters shows Wells opposition to what was required by Command and required by law. There was an argument in a vehicle where Belisle was present and tried to alleviate Wells' concerns. Wells' voicing his opposition and being told he was wrong and his advice being ignored demonstrates his diminished position in the Rigger Shop and his frustrations with Command. This goes directly to the government's motive theory in this case.

### b. Is Not Remote in Time

This event occurred in June 2011, within the time frame relevant to the government's motive theory.

3:13-cr-00008-SLG
U.S. V. James Michael Wells

### c. Proven with Evidence Sufficient to Show the Act was Committed

This event will be proven through testimony of Chief Reckner and others present on Shyma at the time the bird diverter issue was raised. Reckner observed Wells as being upset with this decision and Belisle trying to alleviate those concerns to no avail. Wells' reaction illustrates Wells' displeasure with Command and them not listening to his concerns.

The circumstances surrounding the discussion regarding the bird diverters, and Wells' reaction in response meets the requirements for admission under 404(b)(2) and are probative and not unfairly prejudicial under Rule 403 and should be admitted.

### E. Failure to Inform Superiors & Abuse of Sick Leave

A letter of expectation was given to Wells in April 2011 regarding the use of sick leave and vacation time. This was admitted during the first trial as part of the lengthy personnel record as Exhibit 3D. For the Court's convenience, it is attached to this brief as Exhibit 3.[2]

### 1. Relevant Portions of First Trial Testimony

### a. Chief Scott Reckner

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 732 | pg 180 ln 21 | pg 181, ln 23 | 889-890 |

---

[2] The memorandum says Belisle, but that was a clerical error. Mr. Wells received and signed the memorandum at Exhibit 3. For discussion on the error see the first trial record at Dkt 732, pg 190-191 (TR 899-900).

Case 3:13-cr-00008-SLG   Document 973   Filed 05/01/19   Page 17 of 20

| | | | | |
|---|---|---|---|---|
| Direct | 732 | pg 192, ln 9 | pg 193, ln 2 | 901-902 |
| Direct | 732 | pg 209, ln 1 | pg 209, ln 12 | 918 |
| Cross | 732 | pg 257, ln 12 | pg 257, ln 21 | 966 |
| Cross | 741 | pg 9, ln 3 | pg 10, ln 16 | 983-984 |

### b. Senior Chief William Reed

| Type of Testimony | Docket Number | Beginning Page & Line | Ending Page & Line | Trial Record Page |
|---|---|---|---|---|
| Direct | 742 | pg 27, ln 19 | pg 28, ln 20 | 1330-1331 |
| Cross | 742 | pg 42, ln 7 | pg 43, ln 15 | 1345-1346 |

### 2. 404(b) Four-Part Analysis

#### a. Evidence Tends to Prove a Material Point in Issue

Wells would leave during the day and not tell his supervisors where he was or not report his leave until he returned. The Command began taking notice in 2011 and issued a letter of expectation. These events are a demonstration of Command's attempt to get Wells to fall in line and Wells continued refusal to do so. The ongoing effort to get Wells to conform fits within the government's theory and tends to prove motive.

#### b. Is Not Remote in Time

The issues with Wells' leave were ongoing throughout 2011 and into 2012. The letter of expectation was issued in November 2011, which is within the time frame relevant to the government's motive theory.

### c. Proven with Evidence Sufficient to Show the Act was Committed

The letter of expectation was provided to and signed by Wells. That piece of evidence along with the testimony from Chief Reckner and Senior Chief Reed will demonstrate their and Hopkins' efforts to get Wells to comply with Coast Guard leave policies and keep his supervisor informed and Wells' continued resistance to doing so.

The circumstances surrounding Wells failure to inform his supervisor, James Hopkins, of his whereabouts and his possible abuse of sick leave meets the requirements for admission under 404(b)(2) and are probative and not unfairly prejudicial under Rule 403 and should be admitted.

Each of these events within the broader category of workplace disagreements is relevant and admissible under FRE 404(b)(2) and 403 and go directly to the government's motive theory in this case.

## V.  Conclusion

The Court should review the incidents above with the assistance of the transcript of the prior trial and determine each are admissible and relevant evidence to prove the government's motive theory under FRE 404(b)(2) and are more probative than prejudicial under FRE 403 and allow the government to introduce these other acts evidence.

The court should issue limiting instruction to ensure this other acts evidence is used by the jury for the proper purpose at appropriate times during the retrial.

//

RESPECTFULLY SUBMITTED May 1, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Christina Sherman
CHRISTINA SHERMAN
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2019, a
true and correct copy of the foregoing was
served electronically on:

Counsel of Record

s/ Christina Sherman
Office of the U.S. Attorney