BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
christina.sherman@usdoj.gov
Kelley.L.Stevens@uscg.mil

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAMES MICHAEL WELLS ) <br> ) <br> Defendant. ) <br> ) | No. 3:13-cr-00008-SLG |

**UNITED STATES' SUPPLEMENTAL BRIEF TO DOCKET 958 ON RELEVANT PORTIONS OF THE RECORD REGARDING STATEMENTS OF WITNESSES DEFENSE OBJECTS TO AS CHARACTER EVIDENCE**

COMES NOW the United States of America, by and through above-named counsel, and files with the Court this supplemental brief of record citations regarding the United States' Opposition to Motion to Prohibit Irrelevant Character Evidence filed at Docket 958. The defense listed in its memorandum in support of its motion twelve quotes from the first trial to which Wells objects to as character evidence. (Doc. 946 at 2.) The government will direct the Court to the section of transcript that is relevant for context of these statements as listed below. The government addresses only these quoted statements because at the oral argument on April 22, 2019, defense counsel indicated these statements were the only statements the defendant objected to as character evidence.

As the Court directed at the last hearing, no further argument is to be included in the supplemental briefing on this topic. The government relies on its arguments made in its Opposition filed at Docket 958 and its comments made at the oral argument in this matter as to why these are admissible statements by the witnesses and are not inadmissible character evidence and should be admitted at the retrial. Each quoted statement is discussed in turn below.

I.     **Quotes of Witnesses & Context**

   **1. Statement: Wells "had a poor attitude."**

This statement was made by Petty Officer Cody Beauford on direct in reference to the changes in Wells since his return from medical leave.

| Relevant Portion of Transcript for Context | | | |
|---|---|---|---|
| **Docket Number** | **Beginning Page & Line** | **Ending Page & Line** | **Trial Record Page** |
| 731 | Page 26, line 22 | Page 27, line 14 | 487-488 |

2. **Statement: "I thought he was quite conceited at times, actually."**

This statement was made by Thomas Eskew during cross-examination in reference to Wells' behavior in 2003.[1] Mr. Eskew testified only about his supervision of Wells in relation the 2003 Attu incident. The government is not introducing that incident and doesn't intend to call Mr. Eskew. Therefore, the objection to this statement is moot.

3. **Statement: Wells was "only receptive to change if he had played a part in coming up with the change"**

This statement was made by Thomas Eskew in response to the question following his statement listed in number 2 above. The rationale is the same. The objection to this statement is moot.

4. **Statement: Wells was not "known to be [the] kind of person" who did "as you're told"**

This statement was made by James Encinas during redirect in reference to a question asked by defense on cross. The defense attorney had asked Encinas how it came about that items were being thrown out in the warehouse.

| Relevant Portion of Transcript for Context | | | |
|---|---|---|---|
| **Docket Number** | **Beginning Page & Line** | **Ending Page & Line** | **Trial Record Page** |
| 732 | Page 153, line 20 | Page 154, line 16 | 862-863 |
| 732 | Page 159, line 21 | Page 159, line 24 | 868 |

---

[1] Statement located at Docket 732, page 123, lines 2-11 (Trial Transcript at 832).

5. **Statement: "I believe he viewed himself as extremely knowledgeable."**

This statement was made by Chief Scott Reckner during direct in reference to the interactions between the Coast Guard employees and civilian employees in the Rigger Shop.

| Relevant Portion of Transcript for Context | | | |
|---|---|---|---|
| **Docket Number** | **Beginning Page & Line** | **Ending Page & Line** | **Trial Record Page** |
| 732 | Page 179, line 15 | Page 180, line 20 | 888-889 |

6. **Statement: Wells taking "pride in his role" in the tower community as shown by his "strut[ting]" at conferences.**

This statement was made by Chief Scott Reckner during direct in reference to Wells' actions at the NATE Conferences when discussing Wells' reaction to the fact he wouldn't be attending.

| Relevant Portion of Transcript for Context | | | |
|---|---|---|---|
| **Docket Number** | **Beginning Page & Line** | **Ending Page & Line** | **Trial Record Page** |
| 732 | Page 210, line 17 | Page 211, line 24 | 919-920 |
| 732 | Page 212, line 15 | Page 213, line 8 | 921-922 |

7. **Statement: Wells was "just set in the way he would do things."**

This statement was made by Petty Officer Nathanial Pacheco during direct in reference to his interactions with his co-workers in the Rigger Shop.

| Relevant Portion of Transcript for Context | | | |
|---|---|---|---|
| **Docket Number** | **Beginning Page & Line** | **Ending Page & Line** | **Trial Record Page** |
| 741 | Page 46, line 11 | Page 46, line 22 | 1020 |

8. Statement: Wells was "difficult at times."

This statement was made by Commander Peter Van Ness during direct in reference to his interactions with Wells during his time as Commander of the COMMSTA.

| Relevant Portion of Transcript for Context | | | |
|---|---|---|---|
| **Docket Number** | **Beginning Page & Line** | **Ending Page & Line** | **Trial Record Page** |
| 741 | Page 276, line 12 | Page 277, line 12 | 1250-1251 |

9. Statement: Wells was "not real good at sharing the information he had."

This statement was made by Senior Chief William Reed during direct in reference to why he didn't approve Wells attending the NATE conference in 2012.

| Relevant Portion of Transcript for Context | | | |
|---|---|---|---|
| **Docket Number** | **Beginning Page & Line** | **Ending Page & Line** | **Trial Record Page** |
| 742 | Page 30, line 19 | Page 31, line 11 | 1333-1334 |

10. Wells was also described as "difficult" and "set in the ways he would do things."

This statement was made by Petty Officer Nathanial Pacheco in the same sentence as the statement from Number 7 above. The relevant portions of the transcript are noted there.

11. Wells was "more difficult to work with than the other [employees]"

This statement was made by Petty Officer Cody Beauford in the same sentence as the statement from Number 1 above. The relevant portions of the transcript are noted there.

**12. Statement: Wells was a "narcissist."**

As previously stated at the oral argument on this matter, no fact witness called Wells a narcissist. The above quotes reference the closing argument of counsel based on testimony of Dr. Meloy who used the word narcissistic. Since Dr. Meloy is not being called to testify, the government's closing argument will be different and based only on the testimony of witnesses called at trial.

The objection to the statement from the prior trial is moot. Any objection to government counsel's closing argument in the retrial is not yet ripe since the evidence has yet to be presented.

**II. Conclusion**

This Court should find, just as the Ninth Circuit found[2] that each of the witnesses had personal knowledge of the topics on which they testified and the testimony provides background information on Wells' relationship with his co-workers, his work environment at the Rigger Shop, and are relevant and admissible in this homicide prosecution.

RESPECTFULLY SUBMITTED May 1, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Christina Sherman
CHRISTINA SHERMAN
Assistant U.S. Attorney
United States of America

---

[2] *See United States v. Wells*, 879 F.3d 900, 926 (9th Cir. 2018).

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2019, a
true and correct copy of the foregoing was
served electronically on:

Counsel of Record

s/ Christina Sherman
Office of the U.S. Attorney