BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email:  steven.skrocki@usdoj.gov
         christina.sherman@usdoj.gov
         kelley.stevens@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAMES MICHAEL WELLS ) <br> ) <br> Defendant. ) <br> ) | No. 3:13-cr-00008-SLG |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF
PROPOSED DEFENSE EXPERT, JIM HOERRICKS**

COMES NOW the United States of America, by and through the above-named

counsel, and files with the court this motion to preclude the testimony of the proposed

defense expert Jim Hoerricks, whose anticipated testimony runs afoul of Federal Rules of Evidence (Fed.R.Evid) 702 and 403.

## I. BACKGROUND

On April 1, 2019, the defendant notified counsel for the government of their intent to call Jim Hoerricks as an expert during trial and provided the United States with his curriculum vitae (CV) and corresponding Analysis Summary. *See* "Hoerricks CV and Summary", attached herein as Exhibit 1. In pertinent part, Mr. Hoerricks provides disjointed commentary surrounding his expert review of the reports and / or testimony of Steven Becker, Michael DiTallo (their own defense expert), Christopher Iber, Lalit Mestha, Gerald Richards, Neil Schmidt, Angelo Toglia, and Richard Vorder Brugge. Through this running commentary, the following opinions can be dissected out:

> 1) that "[i]t is possible that a color other than 'blue' could be seen as 'blue' in the recording"; and
> 2) "hardly" "sufficient resolution exists in the evidence video to make [] determinations on class."

*See* Ex. 1 at p. 5 & 6, respectively. Boiled down, Mr. Hoerricks proffers that the blue car in the video could possibly be another color and that the video resolution is insufficient to enable an expert to make a determination as to the model of the vehicle. Lastly, Mr. Hoerricks attempts to hijack the role of the court by concluding that Becker, DiTallo (the defense's own expert), Mestha, Schmidt and Toglia are not qualified in their respective fields of expertise.

//

Page 2 of 11    3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 976   Filed 05/02/19   Page 2 of 11

For the reasons set forth below, this Court should not permit Mr. Hoerricks to testify because doing so would invade the province of this court in assessing the qualifications of experts that, solely in his opinions are not reliable, his testimony is irrelevant because it will not assist the trier of fact in deciding a fact or consequence at issue, and his testimony will result in confusion to the jury, and undue delay.

## II. ARGUMENT

### a. The Court Retains the Sole Function in Assessing Qualifications for Expert Witnesses

Beginning first with his attack on the expertise of certain government witnesses, the analysis in determining whether a potential witness holds the necessary qualifications to render an ultimate opinion as an expert in a case, rests solely with the court. *Kumho Tire v. Carmichael*, 526 U.S. 137, 588 (1999) (the trial judge serves as the "gatekeeper" to make sure these requirements are met before an expert witness may testify.) Mr. Hoerricks' proposed testimony includes providing his personal opinion on the expert qualifications of the government's expert witnesses, including Steven Becker, Neil Schmidt, and Angelo Toglia, all of whom the initial trial court previously found qualified in their areas of expertise and allowed to testify. Such testimony may not be used to undermine prior rulings of the trial court. *United States v. Kahre*, 737 F.3d 554, 576 (9th Cir. 2013) (trial court "properly excluded . . . proffered expert testimony, that conflicted with its correct legal ruling.) His attempt to comment on their qualifications invades the province of the Court and is inappropriate. Additionally, commenting on the qualifications of proposed government expert witness Lalit Mestha, similarly invades the province of this Court and

Page 3 of 11   3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 976   Filed 05/02/19   Page 3 of 11

his qualifications remain a question of law solely for this Court to determine.

Accordingly, the Court should exclude Mr. Hoerricks from testifying before the finders of fact as to his opinion on the qualifications of certain government expert witnesses.

### b. Mr. Hoerricks is not Qualified to Render Opinions Related to Automobile Identification/Determination.

The government submits that Mr. Hoerricks lacks the appropriate expert qualifications to render an opinion about vehicle identification and vehicle model determination. A court must first find that an expert is "qualified [] by knowledge, skill, experience, training, or education" and may testify "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; *see also Kumho Tire*, 526 U.S. at 141, 148–49. The defense bears the burden of establishing by a preponderance of the evidence that Mr. Hoerrick's testimony meets these requirements for admissibility.

Mr. Hoerricks offers conclusions and comments throughout his report that lack qualifying support associated with his own area of expertise. Mr. Hoerricks no doubt possesses robust training and experience in the fields of computer forensics, video / photographic analysis, surveillance set up etc., but a review of his CV leaves the government confused as to his expertise in automobile identification and characteristics. Additionally, he proffers his personal thoughts regarding government experts by alleging that their opinions fell victim to "presupposing" and government imposed "biases". Ex. 1

Page 4 of 11  3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 976   Filed 05/02/19   Page 4 of 11

at 5 and 6, respectively. A review of his CV however, yields negative support for having expert level knowledge, education, training and experience in psychology or psychoanalysis, arguably the appropriate expert field for addressing these allegations.

The defense has failed to meet its burden in showing that Mr. Hoerricks possesses the appropriate qualifications related to the identification of automobile models or specific automobile characteristics. He simply has no education, training, knowledge or experience working with cars – particularly Sports Utility Vehicles.

Accordingly, he lacks the appropriate qualifications to render an opinion about automobile characteristics and is simply not qualified under the first prong of *Daubert* to render ultimately, that no expert could identify vehicle characteristics examining the evidence available in this case.

### b. Hoerricks' Opinion/Commentary on Excerpts from the Government Expert Witnesses' Reports are <u>Unreliable</u>.

Fed.R.Evid. 702 permits qualified experts to opine on specialized knowledge that will assist the trier of fact in determining a fact in issue. Ultimately however, that specialized knowledge, in addition to being relevant (discussed in more depth below), must also be *reliable*. *Daubert* 509 U.S. at 591. The trial court must determine whether the reasoning or methodology employed by the expert is reliable—that is, whether it is "scientifically valid." *Id.* at 592-593. To make this last assessment, the trial court should consider the following nonexclusive factors, commonly referred to as the "Daubert factors:"

//

Page 5 of 11    3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 976   Filed 05/02/19   Page 5 of 11

> (1) Whether the scientific theory or technique can be or has been tested;
> (2) Whether the theory or technique has been subject to peer review or publication;
> (3) The known or potential rate of error; and
> (4) The general acceptance of the theory or technique in the scientific community.

*Id.* at 594-595. The court emphasized that this test is "a flexible one" that focuses on scientific validity and the principles and methodology, rather than the conclusions they generate. *Id*. Problematically, the defendant has failed to reference the methods and principles that Mr. Hoerricks relied upon in his report, which reads more as a "stream-of-conscious" / post-action commentary on the reports and testimony of the government expert witnesses. After reading his analysis, the question remains: how did Mr. Hoerricks reach his conclusions? What scientific theories did he employ? What tests did he run, if any? His analysis failed to include forensic examinations, studies, evaluations or observations conducted pursuant to scientifically acceptable methodologies in the area of video analysis, or otherwise show that he himself personally has conducted research or performed studies as they relate to identifying characteristics of vehicles outside of his capacity as an expert witness. *See Daubert v. Merrell Dow Pharms., Inc*., 43 F.3d 1311, 1317 (9th Cir. 1995) (*Daubert II*) ("[o]ne very significant fact to be considered is whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted"). Instead, he fails to identify any rational foundation for his assertions, spends his time instead raising questions that he fails to answer and attacking the credibility of the government experts by offering up opinions he himself is not qualified

Page 6 of 11     3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 976   Filed 05/02/19   Page 6 of 11

to give.[1]

> The ultimate objective of *Daubert,*
>
> "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same levels of intellectual rigor that characterizes the practice of an expert in the relevant field."

*Kumho Tire Co.*, 526 U.S. at 152. Mr. Hoerricks failed to do that here. Instead of utilizing tried and true scientific analysis and methods for attacking the tests conducted by the government experts (i.e., conducting his own test utilizing the methods he touts throughout his report), or analyzing the video himself, he memorializes a jumbled diatribe on the analyses conducted, lambasting the methods employed by the government experts; the analytical leaps of which, lack in scientific foundation and evidentiary value.

In sum, his report simply is not reliable and fails the second prong of *Daubert*. *See United States v. Garrido-Hernandez,* 16 Fed.Appx. 630, 631 (9th Cir. 2001) (defendant "never presented sufficient evidence to establish a foundation that the proposed testimony would, in fact, constitute 'scientific knowledge'").

### c. Mr. Hoerrick's Proposed Expert Testimony is Equally <u>Irrelevant</u> and Has No Bearing on Any Fact at Issue.

Further, the opinion offered by the expert "must be sufficiently related to the facts of the case such that it will aid the jury in resolving the factual dispute." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 694 (8th Cir. 2001) (*citing Daubert*, 509 U.S. at 591. *See also Bogosian v. Mercedes-Benz of N. America, Inc.*, 104 F.3d 472, 479 (1st Cir. 1997) (finding

---

[1] Mr. Hoerricks asserts that both Mr. Becker and Mr. Schmid's opinions were presupposed and tarnished by biases impugned on them from the government.

Page 7 of 11                                              3:13-cr-00008-SLG
                                                                 U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 976   Filed 05/02/19   Page 7 of 11

testimony of the expert and the plaintiff must be sufficiently related). In other words, the trial court must determine whether the reasoning and methodology underlying the expert's testimony "can properly be applied to the facts at issue." *Daubert* 509 U.S. at 592-593. In analyzing whether an expert's opinion is sufficiently related to the facts of the case, instead of being a mere assertion without proof, the *Joiner* court observed:

> nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert.

*General Elec. v. Joiner*, 522 U.S. 136, 146 (1997).

Mr. Hoerrick's opinions are not sufficiently related to the facts of this case and lack any tendency to make the existence of a fact of consequence, to wit, whether the video shows the defendant's blue CR-V, more or less probable than it would be without the evidence. Careful review of his highly disjointed and confusing report identified the following ultimate opinions relating to the actual case:

> 1) "[i]t is possible that a color other than 'blue' could be seen as 'blue' in the recording"; and
> 2) "hardly" "sufficient resolution exists in the evidence video to make [] determinations on class."

*See* Ex. 1 at 5 - 6, respectively. After sifting through his narrative and identifying his ultimate opinions narrowed to those above, the government submits that Mr. Hoerricks speculates about the color and the inability for anyone to make an opinion about car model based on the video because he himself did not review the video or conduct his own analysis / review. He further speculates that Schmidt and Becker presupposed their opinions and then extrapolates on this theory without citing one study or any other mean of scientific

Page 8 of 11    3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 976   Filed 05/02/19   Page 8 of 11

value in support thereof. *See Joiner*, 522 U.S. at 146 ("[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.") *See also United States v. Dotson*, 799 F.2d 189, 192–93 (5th Cir.1986) (noting that opinion testimony of "meaningless assertions" may be excluded for lack of helpfulness).

Mr. Hoerricks' disorganized and jumbled comments have no valuable bearing on the instant facts of this case. Due to its highly confusing nature, Mr. Heorricks' analysis of the government experts would not assist the jury in its efforts to understand the evidence from the video or to determine a fact in issue. In fact, it would confuse them and obstruct the orderly adjudication of justice in this case. *Nichols v. American Nat. Ins*. Co., 154 F.3d 875, 882–84, 77 Fair Empl. Prac. Cas. (BNA) 1338, 74 Empl. Prac. Dec. (CCH) P 45654, 50 Fed. R. Evid. Serv. 91 (8th Cir. 1998) (trial judge erred by admitting testimony from defendant's expert witness on psychiatry that impugned plaintiff's psychiatric credibility and suggested that her story was influenced by recall bias, secondary gain, and malingering; the appellate court stating that "[o]pinions of this type create a serious danger of confusing or misleading the jury, see Fed. R. Evid. 403, causing it to substitute the expert's credibility assessment for its own common-sense determination." (citation and internal italics omitted)). *See also United States v. Barnard*, 490 F.2d 907, 912–13 (9th Cir. 1973) (expert testimony regarding credibility "may cause juries to surrender their own common sense" or "may produce a trial within a trial on what is a collateral [ ] matter.")

The more appropriate method for addressing potential shortfalls in the analyses conducted by the government's expert witnesses would be for the defendant to attack the credibility of the expert, and the weight of his or her opinion, intrinsically, through cross-

Page 9 of 11  3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 976   Filed 05/02/19   Page 9 of 11

examining the expert to expose deficiencies in his or her credibility, or in the factual bases or methodology supporting his or her opinions. It also may be done through the introduction of extrinsic evidence, either documentary or testimonial, that contradicts the expert's opinion. *See e.g.*, *Samuel v. Ford Motor Co.*, 112 F. Supp. 2d 460, 471 (D. Md. 2000), aff'd, 95 Fed. Appx. 520, Prod. Liab. Rep. (CCH) P 16993 (4th Cir. 2004).

**III.   CONCLUSION**

> [C]onclusions and methodology are not entirely distinct from one another. Trained experts commonly extrapolate from existing data. But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.

*Joiner*, 522 U.S. at 146. Notwithstanding his lack of expert qualification in vehicle identification, Mr. Hoerricks' testimony is not reliable because he failed to apply the appropriate intellectual rigor that characterizes the practice of an expert in the relevant field of vehicle identification – including conducting a more thorough review of reports, evidence, and authoring a more cogent summary of how he came to his conclusions. His summary analysis incorporates unhelpful assessments devoid of any utility towards deciding a fact in issue. The jury can look at the photos/videos themselves, assess the credibility of the government's expert witnesses, and determine whether the conclusions they reach are supported by the evidence.

Accordingly, the government respectfully submits that this Honorable Court should find Mr. Hoerricks proposed testimony inadmissible under Fed.R.Evid 702 and 403.

//

Page 10 of 11    3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 976   Filed 05/02/19   Page 10 of 11

RESPECTFULLY SUBMITTED May 2, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Kelley Stevens
KELLEY STEVENS
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2019, a
true and correct copy of the foregoing was
served electronically on:

Counsel of Record

s/ Kelley Stevens
Office of the U.S. Attorney

Page 11 of 11     3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 976   Filed 05/02/19   Page 11 of 11