BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
       christina.sherman@usdoj.gov
       Kelley.L.Stevens@uscg.mil

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-SLG |
| Plaintiff, | ) |
| vs. | ) |
| JAMES MICHAEL WELLS | ) |
| Defendant. | ) |

**UNITED STATES' MOTION IN LIMINE TO
PRECLUDE DEFENSE EXPERT CHRIS COLEMAN**

COMES NOW the United States of America, by and through above-named counsel, and files with the Court this motion to preclude defense expert Chris Coleman from testifying as a substitute expert witness for the defense.

**I.    Background**

During the first trial, Jaco Swanepoel testified for the defense, regarding his analysis of the bullets in this case. He opined all the bullets were fired from a .44 caliber handgun, and that the firearm used was manufactured by either Smith & Wesson, Llama or Taurus. Mr. Swanepoel also conducted analysis of the nail removed from the tire and testified to its characteristics and the inability to formulate additional opinions regarding the nail.[1] He testified to his two reports in this case issued February 28, 2014. These reports are attached as Exhibit 1.

**II.    The Defense Notice of Expert Regarding Chris Coleman**

Defense counsel provided notice on January 11, 2019, that it intended to call Chris Coleman of Forensic Analytical Sciences, Inc., as an expert in this case rather than calling Jaco Swanepoel who previously testified.

Specifically, the letter provided from defense states;

> The previous defense expert, Jaco Swanepol, who worked for Forensic Analytical Sciences and testified at the prior trial no longer works with FAS nor is available for testimony. Mr. Coleman has replaced Mr. Swanepol at FAS and will testify regarding the work and findings of Mr. Swanepol. He will also testify generally about issues related to the manufacture and circulation of firearms within the United States. He will also testify about the general characteristics of various calibers and types of firearms. His CV

---

[1] Mr. Swanepoel's trial testimony can be found at Docket 754, page 173, line 22 through page 189, line 24 and pg 195, line 22 through page 207, line 16. (Trial Transcript pages 3469-3485, 3491-3503.)

attached. His testimony is based on review of the same materials provided to and identified by Mr. Swanepol as well as information and materials publically available from various firearms manufacturers.

*See* Exhibit 2 attached to this brief.

The defense has not provided a report from Mr. Coleman nor any further information as to what specific facts to which he will "testify generally." Mr. Coleman's CV is attached as Exhibit 3.

### III. Mr. Swanepoel is Not Unavailable.

There are certain circumstances that make a witness unavailable to testify; death, mental or physical infirmity, exemption from testifying based on an applicable privilege, or refusal to testify about a subject matter. See FRE 804(a). In the present case, the only basis provided that Mr. Swanepoel is unavailable is that he no longer works for Forensic Analytical Sciences, Inc. A simple internet search reveals Mr. Swanepoel appears to have been employed as a criminalist at the San Francisco Police Department Crime Lab since October 2015. There is no indication that he is dodging service of a subpoena, refusing to testify in this case, or has become unavailable to testify under one of the basis above.

### IV. It is Improper to Substitute a Witness to Testify to the Analysis and Opinions of Another Forensic Scientist.

**A. Admissibility of Non-Testing Expert Testimony**

In *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), the United States Supreme Court held that its decision in *Crawford v. Washington*[2] applied to affidavits of lab analysts and the admission of such affidavits, without calling the witness to testify to

---

[2] 541 U.S. 36 (2004).

the lab results, violated the Sixth Amendment.³ The government must call a witness to testify to lab results, barring a stipulation to the lab report.

Following *Melendez-Diaz,* just two years later the Supreme Court took up the analysis of whether the person testifying about the lab report must be involved in the testing and analysis. The test results in *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), were authenticated by an analyst acquainted with the lab's procedures, but who did not perform the actual analysis or prepare the report. The Supreme Court applied *Melendez-Diaz* and summarized its analysis as follows:

> The question presented is whether the Confrontation Clause permits the prosecution to introduce a forensic laboratory report containing a testimonial certification—made for the purpose of proving a particular fact—through the in-court testimony of a scientist who did not sign the certification or perform or observe the test reported in the certification. We hold that surrogate testimony of that order does not meet the constitutional requirement. The accused's right is to be confronted with the analyst who made the certification, unless that analyst is unavailable at trial, and the accused had an opportunity, pretrial, to cross-examine that particular scientist.

*Id.* at, 652.

Subsequent to these cases, in a plurality opinion the Supreme Court in *Williams v. Illinois,* 567 U.S. 50 (2012), the Court found no Confrontation Clause violation from the admission of expert testimony that had been based on the report of a non-testifying DNA analyst in a bench trial. The majority did not agree on the appropriate test for assessing whether evidence gave rise to the right of cross examination. Since the judgement was not

---

³ *Id*. at 329.

Case 3:13-cr-00008-SLG   Document 978   Filed 05/02/19   Page 4 of 8

supported by a rationale that five justices joined, no new rule of law emerged from *Williams*.

The general application of the recent Supreme Court cases is the government likely runs afoul of the Sixth Amendment if it were to have a non-testing analyst simply introduce the report or conclusions of another analyst. Essentially, the government is not permitted to call an expert to testify to the hearsay statements contained in another expert's report. It appears the Supreme Court and Circuit Courts have only addressed this issue under the umbrella of the Confrontation Clause and have not specifically address whether a defense expert is similarly precluded from introducing the work, analysis, and opinions of another analyst. It logically follows however, that the government should be permitted to cross-exam the expert who actually conducted the analysis and formed the opinions, rather than just a stand-in. The Federal Rules of Evidence equally prohibit such substitution of witnesses, even experts.

### B. Evidence Rules Preclude Substituting a Witness

Evidence Rule 602 permits witnesses to "testify to a matter only if evidence is introduce sufficient to support a finding that the witness has personal knowledge of the matter." The rule goes on to state that it "doesn't apply to witness's expert testimony given under FRE 703." *Id.* A witness, even an expert witness has to testify from their personal knowledge, not simply regurgitate the report of another witness. There is a limitation on the personal knowledge requirement for experts under 703, which allows an expert to base opinions on facts or data of which they were made aware, but didn't have personal knowledge regarding. As the Advisory Committee Notes to Rule 602 indicate, "The

Page 5 of 8         3:13-cr-00008-SLG
U.S. v. Steven Michael Wells
Case 3:13-cr-00008-SLG   Document 978   Filed 05/02/19   Page 5 of 8

references to Rule 703 is designed to avoid any question of conflict between the present rule and the provisions of that rule allowing an expert to express opinions based on facts of which he does not have personal knowledge."

This is a logical exception and absent such, no forensic expert would be able to render an opinion as they aren't present at the crime scene, and have no personal knowledge of the underlying facts of a case which they are asked to analyze. However, the exception under 602 to allow this type of testimony under 703 does not allow an expert to simply substitute in and testify to another's opinions. Experts are still required to have the personal knowledge of the testing, analysis, and opinions reached.

It appears in the present case Mr. Coleman is a qualified forensic analyst. However, as it relates to the analysis conducted in this case, his personal knowledge comes just from Mr. Swanepoel's report, not from his analysis, his testing, or his review of the evidence in this case.

In addition to having personal knowledge of the opinions formulated from forensic analysis for testimony under FRE 602, an expert must meet the four qualifications set forth in Federal Rule of Evidence 702 before they may testify in the form of an opinion. Specifically,

> (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, (b) the testimony is based upon sufficient facts or data, (c) the testimony is the product of reliable principles and methods, and (d) the witness has applied the principles and methods reliably to the facts of the case.

FRE 702.

Page 6 of 8     3:13-cr-00008-SLG
U.S. v. Steven Michael Wells
Case 3:13-cr-00008-SLG Document 978 Filed 05/02/19 Page 6 of 8

In this case, Mr. Coleman appears to have the requisite background as a forensic scientist. It appears that Swanepoel's testimony from the first trial was based on sufficient facts and data and was the product of reliable principles and methods. However, there is no evidence Coleman's testimony wills do so similarly. Further, Coleman truly fails as an expert is in meeting the requirement of subsection (d) of FRE 702.

This last requirement – that the expert has applied the principles and methods reliably to the facts of this case – is not met by Mr. Coleman. He hasn't applied any principles and methods to the facts. He simply will be called to regurgitate the facts, analysis, and opinions of his predecessor at Forensic Analytical Sciences, Inc.

It will not assist the trier of fact to hear that Mr. Coleman did nothing but review and summarize Mr. Swanepoel's report. Further, cross-examination is utilized to attack the methods of analysis and opinions of an expert. Since Mr. Coleman didn't do the analysis and is only utilizing the hearsay report of Mr. Swanepoel, his cross-examination will likely contain "I don't know," responses or pure speculation as to certain procedures and steps, since Mr. Coleman was not present during the analysis or formulations of the opinions of Mr. Swanepoel's report.

Mr. Coleman has not issued a report where he has reached any independent opinions. Nor is there any indication he has done the same testing as the prior expert, nor has he issued a report indicating he has reviewed everything Swanepoel did, looked at photos and did his own analysis and reached independent opinions or conclusions. Rather, he plans to simply testify to someone else's work. Coleman testifying to Swanepoel's report would be nothing more than inadmissible hearsay under Evidence Rule 801(c) for

Page 7 of 8        3:13-cr-00008-SLG
                   U.S. v. Steven Michael Wells
Case 3:13-cr-00008-SLG   Document 978   Filed 05/02/19   Page 7 of 8

which there is no valid hearsay exception.

## V. Conclusion

Mr. Swanepoel is not unavailable. Should the defense want to introduce the analysis and opinions of Mr. Swanepoel they should be required to do so through Mr. Swanepoel. Mr. Coleman did not do any analysis in this case and should not permitted to provide hearsay testimony from Swanepoel's report.

RESPECTFULLY SUBMITTED May 2, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Christina Sherman
CHRISTINA SHERMAN
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2019, a
true and correct copy of the foregoing was
served electronically on:

Counsel of Record

s/ Christina Sherman
Office of the U.S. Attorney