BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email:   steven.skrocki@usdoj.gov
         christina.sherman@usdoj.gov
         kelley.stevens@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                        )<br>              Plaintiff,                )<br>                                        )<br>     vs.                                ) No. 3:13-cr-00008-SLG<br>                                        )<br> JAMES MICHAEL WELLS                     )<br>                                        )<br>              Defendant.                )<br>_____ ) | |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PROPOSED DEFENSE EXPERT, GREG MCCRARY**

COMES NOW the United States of America, by and through the above-named

counsel, and files with the court this motion to preclude the testimony of the proposed

defense expert, Mr. Gregg McCrary, whose anticipated testimony runs afoul of Federal Rule of Evidence (Fed.R.Evid) 702 and 403.

## I. BACKGROUND

On January 11, 2019, the defendant notified the United States of their intent to call Gregg McCrary as an expert during trial. *See* "Defense Notice of Expert Witnesses dtd January 11, 2019", attached herein as Exhibit 1. In this notice the defense indicated that:

> Mr. McCrary's testimony will specifically address the known causes of investigative failures from a law enforcement perspective including the impact of cognitive biases, organizational traps and errors in logic.

*Id*. at 1. On April 9, 2019, in a subsequent notice, the defense provided the government with a report authored by Mr. McCrary and advised that they will additionally employ Mr. McCrary to comment on testimony of government expert witness, Robert Morton. *See* "Defense Notice of Expert Witnesses dtd April 1, 2019", attached herein as Exhibit 2. Mr. McCrary's report provided by the defense, instead of outlining any opinion related to the instant case, reads like an article and provides a general overview of various cognitive biases. *See* "Mr. McCrary's Report", attached herein as Exhibit 3.

For the reasons set forth below, this Court should not permit Mr. McCrary to testify about certain cognitive biases, including "tunnel vision," "confirmation bias," "anchor traps," and "groupthink", because he lacks the requisite expert qualifications to render opinions in these psychological and social science fields, his opinions are not reliable because he has not presented sufficient evidence to establish a foundation that the proposed testimony would in fact constitute "scientific knowledge", and his testimony is irrelevant as it will not assist the trier of fact in deciding a fact or consequence at issue.

Page 2 of 10  3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 980   Filed 05/03/19   Page 2 of 10

## II. ARGUMENT

### a. Mr. McCrary is Not Qualified to Render Expert Opinions in the Psychological and Social Science Fields.

A court must first find that an expert is "qualified [] by knowledge, skill, experience, training, or education" and may testify "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 141, 148–49 (1999). *United States v. Finley*, expands on this:

> [Rule 702] consists of three distinct but related requirements: (1) the subject matter at issue must be beyond the common knowledge of the average layman; (2) the witness must have sufficient expertise; and (3) the state of the pertinent art or scientific knowledge permits the assertion of a reasonable opinion.

301 F.3d 1000, 1007 (9th Cir. 2002). Of particular importance in assessing whether the expert opinion draws from some special "knowledge, skill, experience, training or education" under Fed.R.Evid. 702, the court must ensure that "the opinion [] be an expert opinion (that is, an opinion informed by the witness' expertise) rather than simply an opinion broached by a purported expert." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 723 (7th Cir. 1999) (*citing United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991)). Also of note, to determine whether a proposed expert is qualified, the court must examine whether his or her training, experience, or specialized knowledge is sufficiently related to the subject matter about which he seeks to offer an opinion. *See United States v. Chang*, 207 F.3d 1169, 1172 (9th Cir. 2000) ("[t]o qualify as an expert, a witness must have

Page 3 of 10  3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 980   Filed 05/03/19   Page 3 of 10

knowledge, skill, experience, training or education, relevant to such evidence or fact in issue"); *In re Canvas Specialty Inc.*, 261 B.R. 12, 19 (C.D. Cal. 2001) ("It is not enough that the proposed expert have expertise in an area of knowledge. The expertise must be relevant to the determination of the facts in issue"). The defense bears the burden of establishing by a preponderance of the evidence that Mr. McCrary's testimony meets these requirements for admissibility. *Kumho Tire*, 526 U.S. 141.

Mr. McCrary's background, training, experience, and education support his expertise in the area of crime scene analysis, criminal behavior, and violent crimes. The government does not dispute his expertise in these fields. His fields of expertise clearly involve police practices, but not the complex social and/or psychological science surrounding cognitive biases, including "tunnel vision," "confirmation bias," "anchor traps," and "groupthink". Despite the defendant's assertion that "Mr. McCrary's testimony will specifically address the known causes of investigative failures from a law enforcement perspective", they erroneously characterize the distinct expert fields of psychology, social sciences and any other cognitive biases as everyday perceptions in conducting law enforcement. Ex. 1 at 3. All arguably with the aim of lending credence to the defense's theory that investigators and government employed experts misidentified the defendant as a suspect at the beginning of the investigation or otherwise failed at their investigation.

Although Mr. McCrary has a Master's Degree in Psychological Services, he is not a psychologist nor is there any indication that he worked as a psychologist. Further, Mr. McCrary has not engaged in research or the publication of articles on the psychological and or social science topics of "tunnel vision," "confirmation bias", "anchor traps", and

Page 4 of 10        3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 980   Filed 05/03/19   Page 4 of 10

"groupthink." Here, Mr. McCrary, citing to no facts involving the instant case, provides an essay on an assortment of psychological and social science concepts absent any rationale or connection to the instant case for including these in his paper. Courts regularly find evidence inadmissible where a purported expert uses no discernible methodology, simply recites facts, or like Mr. McCrary did, cites to facts of other crimes unrelated to the instant murders, and appends conclusions. *See Ollier v. Sweetwater Union High School District*, 267 F.R.D. 339, 341-42 (S.D. Cal. 2010) (holding that where the court cannot discern the methodology employed in arriving at an expert opinion, it will not permit that expert to testify to his or her conclusions at trial); s*ee also e.g., Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) (excluding expert's fact narrative); *Humphreys v. Regents of Univ. of Cal.*, No. C 04-03808, 2006 WL 1867713, at *4 (N.D. Cal. Jul. 6, 2006) (excluding expert report that consists of mere recitation of evidence, combined with expert's conclusion). Put simply, his "report" is no expert report at all. Just an essay by an investigator on how cognitive biases

While Mr. McCrary may have the knowledge, skill, experience, or education to testify on matters of methods for conducting violent crime investigations, including best practices, this Court should prohibit assertions that stray into the psychological and social science fields of expertise, including discussion related, but not limited to, "tunnel vision," "confirmation bias", "anchor traps", and "groupthink." This Honorable Court should accordingly exclude without limitation, any opining as to investigators' or government expert witnesses' respective human perceptions, as yet to be identified by Mr. McCrary, and the psychological impact of the same.

Page 5 of 10 3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG Document 980 Filed 05/03/19 Page 5 of 10

### b. McCrary's Opinions Regarding Various Psychological / Social Science Fields are <u>Unreliable</u>.

Upon qualifying a witness as an expert in a specific field, and before allowing an expert to attack the credentials, assumptions, methodology, and conclusions of another expert witness, the trial judge must resolve whether:

> (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; *see also Kumho Tire*, 526 U.S. 141, 148–49. The trial court must determine whether the reasoning or methodology employed by the expert is reliable—that is, whether it is "scientifically valid" and can be applied to the facts of the case. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592-593 (1993). To make this last assessment, the trial court should consider the following nonexclusive factors, commonly referred to as the "Daubert factors:"

> (1) Whether the scientific theory or technique can be or has been tested;
> (2) Whether the theory or technique has been subject to peer review or publication;
> (3) The known or potential rate of error; and
> (4) The general acceptance of the theory or technique in the scientific community.

*Id*. at 594-595. The court emphasized that this test is "a flexible one" that focuses on scientific validity and the principles and methodology, rather than the conclusions they generate. *Id*.

As the "gatekeeper," the Court must decide whether the proffered testimony is both relevant and reliable. *See Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), amended by 319 F.3d 1073 (9th Cir. 2003). The Court's gatekeeping role is vital, "considering the aura of authority experts often exude, which can lead juries

Page 6 of 10     3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 980   Filed 05/03/19   Page 6 of 10

to give more weight to their testimony." *Id*. at 1063–64.

Similar to the government's argument surrounding the reliability of Dr. Reisberg, the government submits that the defense has failed to demonstrate that Mr. McCrary considered any facts surrounding the methodology undertaken by the law enforcement officers in investigating this case, or the government's expert witnesses during their respective analyses of certain evidentiary materials. Nor must he wait for the government to put on their case-in-chief, as the investigators in this case and the government experts the defense seeks to attack through various psychological and social science doctrines, have testified previously during the first trial regarding the methods they employed.

Problematically, despite the road map presented from the first trial, Mr. McCrary has made no analysis and rendered no opinion related to the facts of the instant case. *See United States v. Garrido-Hernandez*, 16 Fed.Appx. 630, 631 (9th Cir. 2001) (defendant "never presented sufficient evidence to establish a foundation that the proposed testimony would, in fact, constitute 'scientific knowledge'"). This suggests that Mr. McCrary could not pin point specific facts that would fit into his methodology and lend support to any defense argument that the investigators and experts in this case fell victim to "tunnel vision", "anchor traps", "confirmation bias", or "group think".

Further, if in fact Mr. McCrary has reviewed this first trial transcript and evidence outlining their respective processes undertaken by investigators and expert witnesses in this case, then the defense must provide the United States with a supplemental report. To date, the United States has received no such supplemental report.

//

Page 7 of 10       3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 980   Filed 05/03/19   Page 7 of 10

### c. Mr. McCrary's Proposed Expert Testimony is Equally <u>Irrelevant</u> and Has No Bearing on Any Fact at Issue.

The opinion offered by the expert "must be sufficiently related to the facts of the case such that it will aid the jury in resolving the factual dispute." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 694 (8th Cir. 2001) (*citing Daubert*, 509 U.S. at 591. *See also Bogosian v. Mercedes-Benz of N. America, Inc.*, 104 F.3d 472, 479 (1st Cir. 1997) (finding testimony of the expert and the plaintiff must be sufficiently related). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. It is fundamental that "evidence which is not relevant is not admissible." Fed. R.Evid. 402.

In analyzing whether an expert's opinion is sufficiently related to the facts of the case, instead of being a mere assertion without proof, the *Joiner* court observed:

> nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert.

*General Elec. v. Joiner*, 522 U.S. 136, 146 (1997). Similar to the analysis for determining if Mr. McCrary's anticipated testimony is reliable, the Court, as gatekeeper, must assess whether his proposed testimony would make a fact in consequence more or less probable. This similarly requires application of specific facts of the case and surrounding circumstances.

To date, Mr. McCrary has made broad, general opinions related to how a criminal investigation may result in an "investigative failure". *See* Ex. 3. These broad

Page 8 of 10    3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG    Document 980    Filed 05/03/19    Page 8 of 10

generalizations however, lack any tendency to make the existence of a fact of consequence associated with the case at hand, e.g., whether or not the instant investigation was a "failure", more or less probable than it would be without the evidence. Since the defense has not provided the United States with a supplemental report addressing any facts associated with the instant case, then the United States submits that Mr. McCrary's proposed testimony simply amounts to meaningless assertions and would not assist the jury in its efforts to understand the evidence or to determine a fact in issue. *See United States v. Dotson*, 799 F.2d 189, 192–93 (5th Cir.1986) (noting that opinion testimony of "meaningless assertions" may be excluded for lack of helpfulness). *See also Joiner*, 522 U.S. at 146 ("[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.")

### III.   CONCLUSION

Mr. McCrary is wholly unqualified to provide expert opinions in the psychological or social science fields. His testimony, without analysis of the specific facts of this case, lacks any foundation and is therefore unreliable. Additionally, his meaningless assertions are not helpful to the finders of fact, serve the contrary purpose of confusing the jury, and will create an undue delay in the administration of justice. Accordingly, the government respectfully submits that this Honorable Court find his testimony inadmissible under Fed.R.Evid. 702 and 403.

//

//

Page 9 of 10                              3:13-cr-00008-SLG
                                         U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 980   Filed 05/03/19   Page 9 of 10

RESPECTFULLY SUBMITTED May 3, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Kelley Stevens
KELLEY STEVENS
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2019, a true and correct copy of the foregoing was served electronically on:

Counsel of Record

s/ Kelley Stevens
Office of the U.S. Attorney

Page 10 of 10    3:13-cr-00008-SLG
U.S. v. James Michael Wells
Case 3:13-cr-00008-SLG   Document 980   Filed 05/03/19   Page 10 of 10