Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
520 Pike Street, Suite 2500
Seattle, WA  98101
(206) 624-1551
petercamiel@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-CR-00008-SLG |
| | ) | |
| Plaintiff, | ) | DEFENSE RESPONSE IN |
| | ) | OPPOSITION TO MOTION IN LIMINE |
| v. | ) | TO EXCLUDE TESTIMONY OF |
| | ) | DEFENSE EXPERT JIM HOERRICKS |
| JAMES MICHAEL WELLS, | ) | [DOC. 976] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Defendant Wells through counsel Peter A. Camiel and Gary Colbath file this response to the government motion to preclude the testimony of image analysis expert Jim Hoerricks. The government has moved to exclude the testimony of defense expert Mr. Hoerricks incorrectly claiming he is not qualified as an expert to render an opinion about vehicle identification, and that his comments of the qualifications and methodology of the government experts are unreliable. Because Mr. Hoerricks is well qualified in the discipline of forensic image analysis and because his methodology is reliable the government motion must be denied.

RESPONSE IN OPPOSTION TO MOTION TO EXCLUDE HOERRICKS
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)--1*

## *DAUBERT* AND F.R.E. 702

The Ninth Circuit Court of Appeals recently summed up *Daubert* and its progeny in *Murray v. Southern Route Maritime SA,* 870 F.3d 915, 922-23 (9th Cir. 2017):

The Court in *Daubert* . . . constructed a flexible test examining the "reliability" and "fit" of the offered expert testimony. See *Id.* at 589-92, 113 S.Ct. at 2786. The question of reliability probes "whether the reasoning or methodology underlying the testimony is scientifically valid." *Id.* at 592-93, 113 S.Ct. 2786. To give shape to the inquiry, the court identified four' factors that may bear on the analysis: (1) whether the theory can be and has been tested, (2) whether the theory has been peer reviewed and published, (3) what the theory's known or potential error rate is, and (4) whether the theory enjoys general acceptance in the applicable scientific community. See *Id.* at 593-94, 113 S. Ct. 2786. But the Court was quick to emphasize that the factors are not "a definitive checklist or test" and that the reliability analysis remains a malleable one tied to the facts of each case. *Id.* at 591, 593, 113 S.Ct. 2786. Later cases have reiterated that the *Daubert* factors are exemplary, not constraining. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 150, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *Id.* at 159, 119 S.Ct. 1167 (Scalia, J., concurring) ("[T]he *Daubert* factors are not holy writ...").

The *Daubert* factors are not "equally applicable (or applicable at all) in every case." *Daubert v. Merrell Dow Pharm., Inc.,* 43 F.3d 1311, 13176 (9th Cir. 1995). Applicability "depend[s] on the nature of the issue, the expert's particular expertise, and the subject of his testimony," *Kumho Tire Co.,* 526 U.S. at 150, 119 S. Ct. 1167 (citation omitted). A district court may permissibly choose not to examine factors that are not "reasonable measures of reliability in a particular case." *Id.* at 153, 119 S. Ct. 1167

## Qualifications of Jim Hoerricks

The government claim that Mr. Hoerricks is not qualified to render opinions to automobile identification suggests that they failed to review Mr. Hoerricks CV. As indicated in his CV, Jim Hoerricks' expertise in image analysis includes working as a police surveillance specialist/senior forensic multimedia analyst with the Los Angeles Police Department between 2001 and 2016. In that time, he was tasked with reviewing thousands of surveillance videos for the Los Angeles Police Department as well as other police departments, often involving the question of whether from such video recordings he could determine the make, model and individual characteristics of motor vehicles. His expertise also includes forensic analysis of audio, image, and video based evidence based evidence, restoration, clarification, photogrammetry, comparison analysis, content analysis, authentication, the processing and analysis of the digital crime scene and its evidence. He is a member of the Organization of Scientific Area Committees on Forensic Science (NIST / OSAC), Video Imaging Technology and Analysis Subcommittee, Video Task Group Chairperson. His CV documents his extensive specialized training in areas relevant to his opinions in this case. A few examples from his CV clearly show his qualifications in the area of his expected testimony.

Forensic Video Analysis and the Law
Law Enforcement / Emergency Services Video Association, Whittier, CA, June 2002, 40 Hours
Audio and Video Enhancement and Clarification
National Law Enforcement and Corrections Technology Center, El Segundo, CA, April 2002, 20 Hours
Best Practices for the Collection of Video Tape Evidence

RESPONSE IN OPPOSITION TO MOTION TO EXCLUDE HOERRICKS
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)--3*

National Law Enforcement and Corrections Technology Center, El Segundo, CA, April 2002, 4 Hours
dTective Video Evidence and Case Management System
Ocean Systems, Burtonsville, MD, February 2004, 16 Hours
Electronic and Technical Surveillance Training
National Technical Investigator's Association, Austin, TX, July 2004, 40 Hours
Electronic Surveillance (Wiretap)
California Department of Justice Advanced Training Center, Los Angeles, CA, January 2004, 8 Hours
International Security Conference Expo Seminars ISC Expo/West, Las Vegas, NV, March 2002, 24 Hours

Mr. Hoerricks has also engaged in extensive training of law enforcement agencies on the topic of forensic video analysis and related topics. Hoerricks' CV pp. 7-11

A part of Mr. Hoerricks' expertise is in the area of the Scientific Working Group Digital Evidence (SWGDE) Best Practices in the areas of Digital Forensic Video Analysis, Image Content Analysis, and Photographic Comparisons. Hoerricks CV p. 3 The SWDGE methodology employed by Mr. Hoerricks is *the* accepted methodology by qualified image analysis experts.

Mr. Hoerricks' expertise in forensic image analysis is "the application of image science and domain expertise to interpret the content of an image and / or the image itself in legal matters." *The Swinton Six: The Impact of State v. Swinton on the Authentication of Digital Images*, 36 Stetson L. Rev. 661, 665 (2007). Subsets of forensic image analysis include photogrammetry, photographic comparison, content analysis, and image authentication. SWGDE, *Guidelines for Forensic Image Analysis*, February 21, 2017, p. 4. Many courts have held that photogrammetry is science and upheld its use under *Daubert*. *United States v.*

RESPONSE IN OPPOSITION TO MOTION TO EXCLUDE HOERRICKS
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)--4*

*Quinn*, 18 F.3d 1461, 1464-65 (9th Cir. 1994); *United States v. Williams*, 235 Fed. Appx. 925 (3d Cir. 2007); *United States v. Kyler*, 429 Fed. Appx. 828 (11th Cir. 2011).

Mr. Hoerricks has lectured law enforcement agencies extensively in areas including Forensic Video Analysis. Hoerricks' CV pp. 7-11 He has published materials on video tape evidence from crime scenes and the collection of digital multimedia evidence from crime scenes. He has also received training in Minimizing Bias in Forensic Decision Making. He has provided expert testimony on video clarification and content analysis in several cases in Los Angeles County Superior Court. In addition he has been retained and consulted in over one thousand cases involving image analysis topics including general processing and format conversion, restoration, clarification, enhancement, photogrammetry, content analysis, comparison analysis and authentication. Hoerricks CV p. 12

### THE SUBJECT AREAS OF MR. HOERRICKS' TESTIMONY

The defense intends to have Mr. Hoerricks provide testimony in two specific areas, both of which he is eminently well qualified to address. First, he will testify to his independent review of the T-1 video. He employed the Scientific Working Group Digital Evidence (SWGDE) Vehicle Make/Model Comparison methodology in his review of the video. He attempted to determine the class characteristics of the object in the video. These characteristics include the roof, trunk, C pillar, tail light, back fender / quarter panel, quarter window / vent glass, roof post / B pillar, side window(s), door handle, door(s), side mirror,

RESPONSE IN OPPOSITION TO MOTION TO EXCLUDE HOERRICKS
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)--5*

door post / A pillar, wheels / rims, front fender, indicator light(s), license plate(s), bumper(s), head light(s), grille, hood, windshield, and sun roof. He concluded that because of the low resolution of the video he could not determine any of the above class characteristics of the object in the video. His report states:

> **Conclusion:** Given SWGDE Best Practices for Image Content Analysis Version: 1.0 (February 21, 2017), SWGDE Best Practices for Photographic Comparison for All Disciplines Version: 1.1 (July 18, 2017), and SWGDE Vehicle Make/Model Comparison Form Version: 1.0 (July 11, 2018) and the nominal resolution in the region of interest, and classification of the object depicted T1_2012412_0645-0745 - 0709 archive.iva - frame 92.bmp is not possible. Not enough resolution is present in the region of interest to determine the presence of class characteristics that would allow the examiner to confidently move from class = object in motion to class = vehicle. That the object in motion in the video is not sufficient evidence to justify a determination of class = vehicle. Additionally, the absence of class characteristics for class = vehicle makes a make / model determination impossible.

In short, because of the low resolution, Mr. Hoerricks could not determine any of the class characteristics of the vehicle and thus could not determine the vehicle make or model. These findings are contrary to the government witness opinions but are reliable and clearly relevant.

The second area of testimony by Mr. Hoerricks pertains to whether the methodology employed by the government experts adhered to the SWDGE Best Practices guidelines and whether the investigative techniques used by the government experts created a risk of confirmation bias.

The government objects to Mr. Hoerricks because he critiques the qualifications and methodology of their experts. Mr. Hoerricks correctly points out that government experts' areas of expertise are in the discipline of traffic

RESPONSE IN OPPOSTION TO MOTION TO EXCLUDE HOERRICKS
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)*--6

reconstruction and that that discipline is quite different from image analysis. In traffic reconstruction, "the majority of the elements of the investigation are known." In image analysis, the majority of the elements are unknown." For example, in reviewing a traffic accident the make and model of the involved vehicles is generally known, whereas in this case the suspect vehicle seen in the T-1 video is completely unknown. Mr. Hoerricks also points out that the government's color expert, Mestha appears unfamiliar with image analysis as a forensic science discipline. Mr. Hoerricks' comments about the government expert qualifications and methodology is both relevant and reliable. A jury needs to know whether an opinion offered by a government expert is qualified in the field of image analysis and whether that expert employed an accepted methodology in reaching their conclusions. It will also be helpful for the jury to understand the distinction between disciplines such as image analysis, accident reconstruction and color analysis.

The government citation to *Nichols v. American Nat. Ins. Co,* 154 F.3d 875 is of no help to the government in attempting to preclude Mr. Hoerricks testimony. The disallowed testimony in that case concerned the defense psychiatrist opining of the credibility of the plaintiff and whether the plaintiff was malingering and untruthful with the plaintiff psychiatrist, not opining on the methodology or qualification of the plaintiff's psychiatric expert. Mr. Hoerricks opinions do not go to the credibility of the government experts. He will explain to the jury the distinction between image analysis and traffic reconstruction, the best image

RESPONSE IN OPPOSTION TO MOTION TO EXCLUDE HOERRICKS
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)*--7

analysis methodology, and his conclusions based on his use of the that methodology.

## CONCLUSION

A review of Mr. Hoerricks' qualifications and report demonstrate that he is a qualified expert in his field of forensic image analysis, that the materials underlying his opinions are reliable, and his methodology in formulating his opinions here is sound. Mr. Hoerricks clearly has extensive education, training and experience expert in the area of forensic image analysis. He employed an accepted and reliable methodology in reaching his conclusions about the T-1 video. He is also qualified to explain the distinction between the disciplines of traffic reconstruction and forensic image analysis and comment on the methodology employed by the government experts. Therefore, the government motion must be denied.

Dated this 14th day of May, 2019.

                                            Respectfully submitted,

                                            */s/Peter A. Camiel*
                                            Peter A. Camiel WSBA 12596
                                            Attorney for Defendant Wells

                                            */s/Gary Colbath*
                                            Gary Colbath
                                            Assistant Federal Public Defender

## Certificate of Service

I hereby certify that on the 14th day of May, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court of the United States District Court for the District of Alaska using the CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the district court CM/ECF system.

/*s/Peter A. Camiel*
Peter A. Camiel