Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Counsel for Defendant James Michael Wells

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　　　Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENSE EXPERT CHRIS COLEMAN [978]** |

　　　　Defendant James Michael Wells, through counsel Gary G. Colbath and Peter A. Camiel, files this response to Docket No. 978, the government's motion in limine to preclude the testimony of defense expert Chris Coleman.

　　　　As an initial matter, the Court should note that the testimony of expert Chris Coleman will be consistent with the testimony of prior defense expert Jaco Swanepoel, a former forensic scientist at Forensic Analytical Sciences in Hayward, California. The government is correct in noting that Mr. Swanepoel no longer works for Forensic Analytical Sciences and that Mr. Coleman is currently employed for the company. As such, he is intimately familiar with the company's books, records, lab,

testing procedures and protocols. More particularly he is familiar with the work done by his company related to this prosecution.

More significant to the government's motion here, the Court should note that at the first trial, the testimony of Mr. Swanepoel was presented without objection by the government to Mr. Swanepoel's qualifications as an expert. Moreover, the testimony was substantively received almost completely without objection by the government. Finally, and most importantly here, when given the opportunity to cross examine and "test" the conclusions made by Mr. Swanepoel, the government declined and did not ask a single question on cross.[1]

## ARGUMENT & AUTHORITIES

Confrontation Clause of the Sixth Amendment provides in relevant part that, "[i]n all criminal prosecutions, the *accused* shall enjoy the right ... to be confronted with the witnesses against him." (Emphasis added.) The operative part of the Sixth Amendment here is that it provides for a right enjoyed by the accused in a criminal prosecution, not one enjoyed by the parties generally or the prosecution more specifically. On this basis alone the Court is safe in denying the government's motion as its argument, and the cases relied upon all relate to instances where the *defense* challenged the use of evidence by the government under circumstances arguably running afoul of the Confrontation Clause. The government cites no authority

---

[1] A copy of the transcript from Mr. Swanepoel's prior testimony is filed herewith as Exhibit A.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-SLG     Page 2

whatsoever supporting its right to confront or denying the defense use of an expert in the fashion sought here.

"It has long been accepted that an expert witness may voice an opinion based on facts concerning the events at issue in a particular case even if the expert lacks first-hand knowledge of those facts." *Williams v. Illinois,* 132 S.Ct. 2221, 2233 (2012). Moreover, under the Federal Rules of Evidence, an expert may base an opinion on facts that are "made known to the expert at or before the hearing." Fed. Rule Evid. 703.

In its notice to the government regarding the testimony of expert Coleman, the defense advised, among other things, that "Mr. Coleman has replaced Mr. Swanepoel at FAS and will testify regarding the work and findings of Mr. Swanepoel. He will also testify generally about issues related to the manufacture and circulation of firearms within the United States." This advised the government that Mr. Coleman, relying upon the identical material provided to Swanepoel (which the government is fully aware of) and relying on Swanepoel's testing, analysis and prior testimony (which the government is fully aware of) will testify to the same limited conclusions as were offered through expert Swanepoel at the prior trial. No new report exists because not a single new opinion will be offered save for the ones already stated by the prior expert.

Allowing this substitution of experts, especially given that it is the defense presenting such testimony, is entirely consistent with *Bullcoming* and *Melendez–Diaz*

cases cited by the government. *See*, *Williams*, 132 S.Ct. at 2240. "In those cases, the forensic reports were introduced into evidence, and there is no question that this was done for the purpose of proving the truth of what they asserted: in *Bullcoming* that the defendant's blood alcohol level exceeded the legal limit and in *Melendez–Diaz* that the substance in question contained cocaine." *Id.* The defense does NOT seek to do anything comparable in this case. First, Swanepoel's reports will not be admitted. Instead, Coleman will testify that he was informed by the report which he may refer to not to prove the truth of the matter asserted in the report, but only to establish some of the factual and testing background that the report contained in forming his opinion. The materials relied on will be otherwise established or proven through other direct or circumstantial evidence.

Under Rule 703, "basis evidence" that is not admissible for its truth may be disclosed even in a jury trial under appropriate circumstances. The purpose for allowing this disclosure is that it may "assis[t] the jury to evaluate the expert's opinion." Advisory Committee's 2000 Notes on Fed. Rule Evid. 703, 28 U.S.C.App., p. 361. The Rule 703 approach is based on the idea that the disclosure of basis evidence can help the factfinder understand the expert's thought process and determine what weight to give to the expert's opinion.

In this case, Coleman will simply testify to prior unchallenged opinions regarding characteristics of the bullets recovered from the crime, the types of firearms potentially available that may create such characteristics, and generally availability

of such firearms.  He will further indicate that he is unable to formulate any new opinions about a nail originally examined by Swanepoel that will have been the subject of testimony prior to his.  Not only is this testimony consistent with the prior testimony of expert Swanepoel, it is consistent with a portion of the <u>government offered testimony of experts Robert Shem and Brett Mills</u> as respects bullet characteristics and firearm models potentially able to create the same.

## CONCLUSION

The government does not enjoy a right to confrontation under the Sixth Amendment.  Federal Rule of Evidence 703 permits a qualified expert to not only state his opinions for the jury but also the rule permits him to relate to the jury the basis upon which his opinions are formed.  Chris Coleman is a qualified forensic scientist.  The government is fully aware of the materials reviewed relative to his testimony and the opinions derived from review and testing of such material.  Its complaint about who presents such opinions is unsupported by authority and belies the plain language of the Rules of Evidence.  The motion at Docket 978 should be denied.

//
//
//
//
//

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-SLG    Page 5

DATED at Anchorage, Alaska this 9th day of May, 2019.

        Respectfully submitted,

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender

*/s/ Peter A. Camiel*
Peter A. Camiel WSBA 12596
Attorney for Defendant

*Attorneys for James Michael Wells*

Certificate of Service:

I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on May 14, 2019. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

*/s/ Gary G. Colbath*