BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email:steven.skrocki@usdoj.gov
         christina.sherman@usdoj.gov
         kelley.l.stevens@uscg.mil

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 3:13-cr-00008-SLG |
| JAMES MICHAEL WELLS, | ) ) |
| Defendants. | ) ) ) ) |

**MOTION FOR LEAVE TO FILE REPLY**

The United States seeks leave of court to accept the filing of a reply to defendant Wells' Opposition to the United States Motion which sought preclusion of inadmissible hearsay. Due to the nature of the defendant's opposition, and that this issue consumed

significant amounts of trial time and argument, along with appearing that the "Servant Air alibi" will again be front and center of trial, the United States seeks leave of court to file a reply in order to adequately provide the court with a complete record of this issue for its consideration. Wherefore, based on the brief argument below, the court should permit the government's reply to be filed on the record in this case.

### A. Basis for Permitting the Government's Reply to Wells' Opposition

At Docket 971 the United States filed with the court a motion in limine seeking preclusion of hearsay evidence of alibi. Specifically, the United States was provided notice that the defendant sought to assert that at the time of the murders of Messrs. Belisle and Hopkins, the defendant stopped at the restrooms of Servant Air, presumably due to a bout of diarrhea, though this was not particularly stated. At present, there is no evidence to support that either of these two things occurred on April 12, 2012. This claim, without any evidence in support of it, was a significant issue in the prior trial of this case, including being put before the jury by the defense in opening statement as fact. A direct quote from the defense opening statement is provided in the reply. Moreover, based on its opposition to the government's motion, both in tenor and tone, it is clear that the 'Servant Air alibi' will again be at the forefront of the defense case, but in what fashion it is not known. As of this writing, no evidence, circumstantial or direct, has been provided to the government, nor found by its investigation to, in any way, provide any foundation to prove that Wells 1) had a diarrhea episode, and 2) that he made a 25-30 minute bathroom stop at Servant Air as stated by the defense in opening statement in the first trial.

Due to the clear intent to use this alibi, the United States' reply provided the court with an extensive factual background in order to supplement the record based on Wells' trial tactics where there was no evidence to support it. The United States provided;

-Quotes and citations to the defendant's opening statement wherein counsel in fact stated that Wells was 'hit' by diarrhea and spent 25-30 minutes at the restrooms of Servant Air during the time the murders occurred,

-Citations to the record wherein the presiding judge commented that the diarrhea matter was prevalent throughout the trial along with arguments of counsel about whether the government could rebut it or not in the government's rebuttal case due to the defense stating it as fact in opening statement,

-Extensive quotes and citations to the 6 interviews of James Wells by law enforcement where, even when asked if he Wells had medical conditions the investigators needed to know about Wells responded, 'No.'

-That the defendant, when asked over several interviews, and given the opportunity to provide additional facts as to his whereabouts and activities to interviewing investigators, not once mentioned stopping at Servant Air, or that he had a chronic diarrhea condition. In fact, the only time the defendant mentioned to investigators that he used a bathroom was when he stated he went "#2" at home, after arriving back home with the alleged low tire.

-Testimony of the defendant's physician and a friend wherein the defense consistently tried to inject that Wells had a chronic diarrhea condition which, by implication, must have impacted him the morning of the murders.

-A clear factual conclusion that no witness, investigator or any evidence existed for the defendant to make the argument of a stop at Servant Air due to diarrhea the morning of the murders.

In addition, the defendant raised an issue in its opposition outside the scope of the government's pleading, concerning an interview of Nancy Wells. Raising this issue was done so for the sole reason of casting aspersions on prior investigative activity. The government deals with that aspect of the motion very briefly, as it is irrelevant to this issue now before the court.

In summary, based on the defendant's opposition, and his notice of alibi, the Servant Air alibi is clearly going to be an issue for this trial. The prior trial spent a significant part of that case dealing with the matter because the defense made clear mention of it in opening statement only to not use it all in closing argument after ringing the proverbial bell loudly about it at the beginning and during the trial. Presumably the change in tactics occurred after it was decided Mr. Wells could not take the stand. This is the very reason the United States alerted the court to Nancy Wells statements of her husband's activities that morning, which could only have come from him, and provided the court with additional evidence from the trial record on the defense's insistence on getting the diarrhea matter before the jury, without proof of it occurring, or impacting the defendant that day. While the defendant goes on about casting aspersions at the government attempting to limit his defense, that is not at all the case. An alibi without facts, and possibly made on the chance the defendant will take the stand, should be limited by the court.

### B. Conclusion

If there is indeed evidence aside from the defendant testifying, that a stop at Servant Air occurred the morning of the murders, and due to diarrhea, it has not been disclosed to the government. For that reason alone, no mention of this alibi should be permitted in opening statement, or during cross examination of government witnesses. It is likely Mr. Wells may take the stand and testify to that fact, if so, so be it. Unless and until he does, there is no foundation for this alibi, and the court should preclude mention of it until an adequate foundation for it exists. It is clear that in the first trial the defense made great effort at injecting this issue into the trial and there was no evidence to support it. The United State's reply more fully addresses these issues for the court, and provides an extensive factual background which verifies this trail tactic and supports the concern of an alibi with no factual basis and preclusion thereof until appropriate evidence is produced. For these reasons, the United States seeks leave of court for it to accept the reply to the defendant's opposition.

RESPECTFULLY SUBMITTED May 17, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on May 17, 2019, a true and correct copy of the foregoing was
served electronically on:

Counsel of Record

s/ Steven E. Skrocki
Office of the U.S. Attorney