# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>JAMES MICHAEL WELLS,<br><br>                Defendant. | Case No. 3:13-cr-00008-SLG |

**ORDER RE: MOTION IN LIMINE AS TO HEARSAY DURING OPENING STATEMENTS OR TRIAL**

Before the Court at Docket 971 is the Motion in Limine of the United States as to Inadmissible Hearsay Not Subject to Exception During Opening Statement or Trial. Defendant James Wells filed an opposition[1] and a supplement to his opposition.[2] The Government also filed a motion to file a reply at Docket 1003, which the Court GRANTS. The Court has considered the reply filed at Docket 997.

The Government seeks an order prohibiting Mr. Wells from introducing during opening statements, or at any other part of trial, inadmissible hearsay related to an alleged alibi.[3] Specifically, it maintains that "the court should deny any defendant statements offered by any witness and any mention of this alleged [alibi] in opening statement" and throughout the trial.[4] Mr. Wells responds that he agrees with "the simple proposition that

---

[1] Docket 982.

[2] Docket 985.

[3] Docket 971 at 4.

[4] Docket 971 at 2, 4.

the Court should not allow either party to admit hearsay testimony at trial, unless a valid exception to the hearsay rule is applicable."[5] He asserts that defense counsel intend to follow the Rules of Evidence and that he "will not seek to elicit out of court <u>statements</u> made by Wells though either its own witnesses, or on cross-examination, unless an evidentiary exception applicable to the particular statement exists."[6] Mr. Wells's opposition also raises the issue of the FBI conducting a "surreptitious witness interview" in the federal courthouse.[7]

An opening statement is intended to "state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole."[8] Opening statements are thus "limited to a statement of fact which the [party] intends or in good faith expects to prove."[9] An opening statement "should not refer to matters that are not to be presented as evidence."[10] Likewise, during the presentation of evidence at trial, the Court does not intend to permit either party to elicit inadmissible hearsay.

---

[5] Docket 982 at 1.

[6] Docket 982 at 1, 3 (emphasis in original). Mr. Wells appears to assert that other admissible evidence will support his alibi. Docket 982 at 3.

[7] Docket 982 at 4–6, Docket 982-1, Docket 985. The Court has reviewed the briefing and supplement related to this issue and finds that it is not relevant to the Government's motion *in limine*. No motion regarding the surreptitious witness interview is before the Court.

[8] *United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring).

[9] *Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960).

[10] *United States v. Taren–Palma*, 997 F.2d 525, 532 (9th Cir.1993), *overruled on other grounds*, *United States v. Shabani*, 513 U.S. 10 (1994); *see also Douglas v. Alabama*, 380 U.S. 415, 419 (1965) (noting concern that jury may treat counsel's reading of a non-testifying witness's statement as testimony that the statement was made).

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion in Limine as to Hearsay During Opening Statements or Trial
Page 2 of 3
Case 3:13-cr-00008-SLG Document 1005 Filed 05/22/19 Page 2 of 3

The Court expects that all counsel will follow the Federal Rules of Evidence and caselaw interpreting those Rules, regardless of what occurred in the first trial of this case with different counsel for both parties. Each party may address in its opening statement any evidence it believes in good faith will be admitted during trial. Without knowing how each witness is expected to testify or how the defense intends to structure its case, the Court will not impose a blanket prohibition on Mr. Wells at this time.[11]

In light of the foregoing, IT IS ORDERED that the motion to file a reply at Docket 1003 is GRANTED; the motion *in limine* as to hearsay during opening statements or at trial at Docket 971 is DENIED without prejudice. Subject to further orders of the Court, each party's opening statement may refer to evidence that counsel reasonably and in good faith believes will be admitted at trial.

DATED this 21st day of May, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[11] The Government's motion does not state with particularity the relief that it seeks, nor has the Government submitted a proposed order outlining its desired ruling. *See* D. Ak. LCrR. 47.1(a); Local Civil Rule 7.1(b)(2) ("A proposed order must be lodged with all non-dispositive motions . . . .").

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion in Limine as to Hearsay During Opening Statements or Trial
Page 3 of 3
Case 3:13-cr-00008-SLG   Document 1005   Filed 05/22/19   Page 3 of 3