Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

*Attorney for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>  Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT "EXPERT"** |

Defendant James Michael Wells, through counsel Gary G. Colbath and Peter A. Camiel, moves this Court for an order excluding the opinions and testimony of proposed government expert Rick "R.T." Wyant.

## INTRODUCTION

On December 14, 2018, the government provided, by way of correspondence, its "notice of the potential expert witnesses the government may present and a summary of their testimony." In that notice, the government advised that it may call, among others, firearm/tool mark expert Rick Wyant. The notice regarding him read in full as follows:

> Rick "R.T." Wyant: Analyst, WD Forensic, Inc. Mr. Wyant will authenticate videos demonstrating the use of firearms.

Several days after its notice correspondence, the government sent the defense an eight page CV for Mr. Wyant dated June 2018. His contract for services with the government in this case was included. Also received in discovery was a 2:33 minute firearm demonstration video. The narrated video depicts the manipulation and shooting of two separate handguns. No person's face is scene on the video and the narrator is unknown. The CV, contract, and video make up the entirety of the materials provided to the defense regarding Mr. Wyant. He was not involved in the first trial or prior to remand as far as the defense is aware.

## ARGUMENT & AUTHORITIES

1. **Insufficient Notice**

Fed. Rule Crim. P. 16(a)(1)(G) provides that at "the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702 … The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." The defense has requested notice of all government experts. The government's notice with respect to witness Wyant is not compliant with Rule 16 and proposed expert Wyant's testimony should be excluded.

The government's disclosure relative to Wyant contained only two things: First, the government provided a copy of Wyant's CV with his engagement contract for this case attached. Second, the government provided a 2:33 minute video, where no person is shown, but rather the video is narrated by an unidentified male while

various firearms are displayed, manipulated, and fired. The government wholly failed to provide a written summary of Wyant's testimony. Similarly, nothing was provided that set forth Wyant's opinions or the bases and reasons for those opinions. Last, no discovery was received regarding any law enforcement contact with Wyant that might describe the materials he was provided related to his requested work, or what other information may have been provided to him related to the same.[1]

The government has not indicated identified any opinions that Wyant will offer. It has not indicated what materials Wyant was provided with to review or what he was requested to do. Thus, the defense is completely unable to determine what Wyant's testimony might entail, what he is relying on to create the video supplied, or what the bases is to support any offered opinions.

Exclusion is an appropriate remedy for a discovery rule violation only where "the omission was willful and motivated by a desire to obtain a tactical advantage." *Taylor v. Illinois*, 484 U.S. 400, 415 (1988) (upholding trial court's exclusion of witness where defendant deliberately failed to identify witness prior to trial) (emphasis added); See also, *United States v. Peters*, 937 F.2d 1422, 1426 (9th Cir.1991) (holding district court erred in excluding testimony of forensic pathologist because no willful or blatant discovery violation occurred).

Here, the government obviously willfully chose what its disclosure included

---

[1] Notably, Wyant's contract provided payment for 10 hours of "case examination" and 20 hours of "preparation of court testimony."

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-SLG                                                                 Page 3

and what it did not. Moreover, discovery related to the expert has never been provided save for a stand-alone, sub-three minute video. The video was not created in a vacuum and it is apparent much preparatory communication, review and work went into the retention of and work with this expert. However, despite a disclosure deadline from December of last year and on-going discovery, the government has completely failed to comply with the Rule governing disclosure related to this witness. As trial approaches, this failure can only serve to provide the government with a tactical advantage at trial while leaving the defense ill-equipped to deal with surprise expert testimony. Accordingly, the Court should exclude government proposed expert Rick Wyant.

DATED at Anchorage, Alaska this 29th day of May, 2019.

Respectfully submitted,

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender

*/s/ Peter A. Camiel*
Peter A. Camiel WSBA 12596
Attorney for Defendant

*Attorneys for James Michael Wells*

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on May 30, 2019. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary G. Colbath*