Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
5200 Pike Street, Suite 2500
Seattle, WA 98101
Phone: (206) 624-1551
Email: petercamiel@yahoo.com

*Attorneys for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS-DOCKET 984 (Filed Pursuant to 28 U.S.C. §1746)** |

Counsel for Mr. Wells is filing a declaration, in lieu of an affidavit, referencing the allegations that Mr. Wells' statements were taken in violation of the principles set forth in *Garrity v. State of New Jersey*, 87 S.Ct. 616 (1967). I, Gary G. Colbath, declare under penalty of perjury that the following is true and correct:

1. I am one of the counsel of record in the above-captioned case. I am a Staff Attorney at the Federal Defender for the District of Alaska. I have reviewed the

discovery related to prosecution of this case, as well as the record of the prior trial testimony and exhibits from the first trial of this matter.

2. The record as cited by the government in its own opposition to Mr. Wells' motion related to the interrogations of Mr. Wells demonstrates that he was illegally seized and/or in the compelled custody of law enforcement through actions of his employer on April 12 and 13, 2012. The discovery and record related to the interrogations show that Mr. Wells was ordered to participate in law enforcement interviews and investigation on April 12 and 13, 2012, by his employer (the U.S. Coast Guard) after having been previously, directly and individually, warned that any non-compliance with orders of command could result in separation from employment. (See, Exhibit 1 filed herewith, Government Trial exhibit 003D.) The following further facts, support these allegations:

3. The record and the government's briefing demonstrates that Mr. Wells was ordered, by supervisory officers (who the government notes were directed by Commander Van Ness) to report to a secure area, the COMMSTA building T1, belonging to the United States Coast Guard, upon his arrival at work on the morning of April 12, 2012.

4. Mr. Wells was ordered not to leave the T1 building. (See Docket No. 158, exhibit A filed in support.) Moreover, at no time was Mr. Wells told he could leave T1 or refuse to participate in the requested interrogations until late in the evening after he had been questioned four separate times.

5. USCG command was in communication with the FBI and other law enforcement personnel when placing Mr. Wells under order not to leave T1. (See Docket No. 158, exhibit B filed in support.)

6. The exhibits from the government's opposition on this matter also corroborate that Mr. Wells was repeatedly interrogated on April 12 and 13, 2012, only after reporting to and remaining at the COMMSTA T-1 building at the direction of his employer.

7. The facts of record as noted herein above, taken with the authorities cited in Mr. Wells' motion, support a finding that Mr. Wells' statements were taken in violation of *Garrity*.

DATED at Anchorage, Alaska this 6th day of June, 2019.

Respectfully submitted,

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender

*Attorney for James Michael Wells*

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on June 6, 2019. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary G. Colbath*