

Gary G. Colbath
Assistant Federal Defender

**THE FEDERAL PUBLIC DEFENDER
for the DISTRICT OF ALASKA**
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3414
Fax: (907) 646-3480
Email: gary_colbath@fd.org

January 4, 2019

Steve Skrocki
United States Attorney's Office
222 W. 7th Ave. #9, Rm 253
Anchorage AK 99513

      RE: *United States v. James Michael Wells*
            Case No.: 3:13-00008-SLG

Steve,

On December 14, 2018, we received notice of experts the government may use at trial in its case in chief. While much of the information relevant to the experts was provided or references materials from past disclosures, the notice was deficient in several respects and failed to comply with Fed. Rule of Crim. 16(a)(1)(G) and FRE 702-705 in my opinion. On December 18, 2018, we sent a letter in response to Jonas Walker (who provided the disclosure) regarding the government's expert notice and requesting additional materials. As of this date we have not received the requested materials listed below. Full and complete discovery/disclosure of all government expert materials is required for us to reciprocate, especially with the notice of three completely new experts as well as several supplemental reports. Accordingly, demand is hereby made for the following materials by close of business this January 18, 2019:

Please provide the defense with the following:

1) Steven Becker – All communications and correspondence between Becker and the government. All software, programs, and methods used in formulating his findings.
   In addition to the above materials we have spoken with our rebuttal expert, Michael DiTallo, and he will need the following information before he can begin his analysis relative to Mr. Becker's testimony:

   1) The original videos (.idx and .ida formats using Video Commander software version 4.08R6
   2) The Commander software version 4.08R6
   3) Any and all photographs of the Wells Honda CR-V in the same format as he received.

    4) Any and all photographs of the Wells Honda CR-V in any and all saved or exported formats.
    5) The specific name of any and all software used to up-sample the video
    6) Any specific processes used to up-sample the video
    7) Any and all frames extracted from video and software
    8) Any specific processes used to extract any and all frames
    9) The specific name of any and all software used to analyze the extracted frames
    10) Any and all saved work product for enhancing or altering the extracted frames for analysis
    11) Any and all photographs or vehicle models used in analysis
    12) A copy of the registered vehicle spreadsheet for Kodiak Island that was provided to Mr. Becker (if different from what has been previously discovered).

2) Gary Bolden – All communications and correspondence between Bolden and law enforcement and the government not previously provided. Any photographs taken of the tire received by Bolden on June 4, 2012, before any testing or analysis was completed.

3) Dr. Reid Meloy – Government email to Meloy dated September 17, 2018, referenced by Meloy in his supplemental expert report. **On this expert, Judge Gleason has indicated previously (even before my involvement in the case) that she felt the Ninth Circuit opinion was "pretty clear" about the impropriety of Meloy's testimony and that should would "strictly adhere" to that opinion and the law of the case doctrine going forward. With that in mind, it would be helpful to know if the government really intends to offer testimony from Meloy. If so, I obviously will move to exclude and will have rebuttal experts prepared to deal with the testimony. If, however, the government does not intend to call Meloy, I would appreciate knowing that if you are willing to make that decision ahead of our motion deadline of January 25, 2019.

4) Lalit Mestha – All communications and correspondence between Mestha and the government. All software, programs, and methods used in formulating his findings. The government previously disclosed Metlab files without corresponding software.

5) Angelo Toglia – Any new software, programs, and methods used in conducting his further analysis listed in his supplemental expert report dated November 21, 2018. Any additional expert reports or other materials he reviewed during his supplemental analysis.

6) Rick Wyant – All communications and correspondence between Wyant and the government. A summary of the witness's expert opinions, the basis for such opinions, and its relation to the Wells case.

I may identify other materials or matters I believe relevant and discoverable related to your notice but the above listed materials at a minimum are essential to our work going forward.


Sincerely,

//SIGNED//

Gary G. Colbath
Assistant Federal Defender

cc: Christina M. Sherman
     Peter Camiel
     Bruce Johnson
     Deatrich Sheffield
     file

GGC