BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email:   steven.skrocki@usdoj.gov
         christina.sherman@usdoj.gov
         Kelley.L.Stevens@uscg.mil

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>JAMES MICHAEL WELLS<br><br>    Defendant. | No. 3:13-cr-00008-SLG |

**UNITED STATES' OPPOSITION TO MOTION TO EXCLUDE TESTIMONY OF GOVERNMENT WITNESSES JOHN & TERRY STEIN**

COMES NOW the United States of America, by and through above-named counsel, and files with the Court this opposition to the Defense's Motion at Doc. 1031. The defense

attempts to cloak admissible and relevant fact evidence surrounding Wells' possession of John Stein's Smith and Wesson Model 629, .44 caliber magnum revolver, hereinafter "revolver", and ceremonial swords under the guise of "character" evidence, hoping that such a characterization will preclude the introduction of damaging facts that lend context to the murders and that are part and parcel to the government's overall story, including Wells' opportunity to shoot his colleagues with a firearm that could not be traced to him.

### I. The Evidence the Defense Seeks to Preclude is Intrinsic to the Case.

Federal Rule of Evidence (FRE) 404(b) applies to evidence of wrongful acts that are "extrinsic" to the charged offense. Evidence that is inextricably intertwined with the instant crime charged, however, is considered to be intrinsic and therefore exempt from the prohibition on character evidence in FRE 404(b). United States v. Vizcarra–Martinez, 66 F.3d 1006, 1012 (9th Cir.1995).

The Ninth Circuit has permitted evidence as intrinsic in two instances. First, evidence may be inextricably intertwined with the instant offense where the other act "constitutes a part of the transaction that serves as the basis for the criminal charge." Vizcarra–Martinez, 66 F.3d at 1012. Second, evidence may be admitted as intrinsic where "it [is] necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime...." Id. at 1012–13.

The government offers the testimony of John and Terry Stein under this second permissible use because it is evidence that is "necessary to permit" counsel for the government to "offer a coherent and comprehensible story regarding" Wells' commission of the murders. See Dorsey, 677 F.3d at 951 (alteration and internal quotation marks

U.S. v. Wells
3:13-cr-00008-SLG                                2
Case 3:13-cr-00008-SLG   Document 1039   Filed 06/20/19   Page 2 of 8

omitted). This is because "[t]he jury cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." Vizcarra–Martinez, 66 F.3d at 1013 (original alteration marks and quotation marks omitted).

The Steins' testimony surrounding Wells' possession of the unaccounted-for revolver, corroborated with evidence that John Stein's missing ceremonial swords were recovered by law enforcement during the search of the Wells' residence, enables the United States to provide a coherent and comprehensible story of how Wells had access and possession of the same caliber revolver as the murder weapon, which was not readily traceable to him. The testimony of John Stein and his brother Terry Stein, provide the background of how Wells came into possession of the suspected murder weapon. Without their testimony, the government cannot provide a coherent and comprehensible story of how he could have acquired the revolver used to kill his colleagues.

Further, the mere fact that John Stein reported the firearm stolen, does not automatically remove this evidence from an "intrinsic" evidence analysis, and place it into a 404(b) "bad acts" analysis. The fact Wells last possessed this firearm prior to its disappearance, regardless of whether his possession was lawful, is part and parcel to the government's case that Wells had custody and control over the exact same make and model of revolver identified as a likely murder weapon. This alone (i.e., access to a possible murder weapon), irrespective of the further characterization offered by the defense, is a necessary chapter in the overall scheme to commit this heinous act in the most undetected and covert manner possible.

Here, evidence that he possessed items belonging to John Stein, including his ceremonial swords, at the time of the murder further demonstrate that Mr. Wells continued, in 2012, to possess items that Mr. Stein left in his care back in 1995. The government submits that the fact that he possessed the revolver, the fact that it was never returned to John Stein, coupled with evidence from other witnesses who indicated they remember seeing a silver revolver with similar description in the Wells' residence, and the fact that he still had items of John Stein in his possession at the time law enforcement conducted the search, are all intrinsic to the underlining offense – murder executed through the use of a Smith and Wesson .44 caliber magnum revolver, not belonging to the defendant.

## II. The Evidence the Defense Seeks to Preclude is Admissible Opportunity Evidence Under FRE 404(b)(2) and 403.

Assuming arguendo, that the Court finds that the evidence of John Stein's unaccounted-for revolver and ceremonial swords constitute prior "bad acts" of the defendant, the government submits that the fact Wells last possessed a firearm identified as one of only three firearms capable of committing the murders, is relevant to show opportunity.

The Federal Rules of Evidence exist to ascertain the truth and secure a just determination. FRE 102. To that end, all relevant evidence should be admitted. Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without that evidence and the fact is of consequence in determining the action." FRE 401. Relevant evidence is however, not without limitations. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on

a particular occasion the person acted in accordance with that character. FRE 404(b)(1). Such propensity evidence is generally not admissible. However, FRE 404(b) continues and establishes exceptions for evidence that may show a "character trait" as long as it is admissible for another purpose. A "character trait" can take several forms. FRE 404(b)(2) states: This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Thus, the first step in the analysis is whether the evidence offered is admissible for 'another purpose,' such as opportunity in this case.

The second step is an analysis of the evidence under a balancing test pursuant to FRE 403. "When Rule 404(b) evidence is 'central to the prosecution's case' it should not lightly be excluded.... Exclusion under Rule 403 'is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility.'" United States v. Troya, 733 F.3d 1125, 1131-32 (11th Cir. 2013) (citations omitted).

Rule 404(b) is a rule of inclusion – not exclusion. See United States v. Curtin, 389 F.3d 935, 944 (9th. Cir. 2007)(en banc). The Supreme Court embraced this inclusionary understanding of Rule 404(b) and its handling of "other acts" in Huddleston v. United States, 485 U.S. 681 (1988):

> Federal Rule of Evidence 404(b)-which applies in both civil and criminal cases-generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge. Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences

from conduct.

Id. at 685. Wells' possession of that revolver and lack of evidence showing that it was returned to John Stein, particularly in light of the discovery following the murders of other belongings belonging to John Stein that Wells acquired at the same time, is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

The evidence offered by the Steins are not of marginal relevance. They place the murder weapon in the Wells' residence; a murder weapon that conveniently for Wells, law enforcement would not be able to trace directly to him. The testimony of the Steins will show that it was more probable that Wells still possessed the exact make and model of the firearm that experts believe likely killed the two victims. The fact that we know he possessed this firearm previously, the fact we know it was not returned to John Stein, the fact that other witnesses stated they observed a similar firearm in the Wells' residence, and the fact that Wells is known for never getting rid of anything (further supported by the discovery of the ceremonial swords also belonging to Stein), clearly indicate that Wells had the opportunity to use such a weapon during the murders.

**III. Evidence that Wells' had the Opportunity to Use the Exact Make and Model Revolver Suspected of Killing the Two Victims is Not Substantially Outweighed by any Unfair Prejudice.**

Once a court determines that evidence is admissible for another purpose other than propensity, the court must then conduct a FRE 403 balancing analysis to consider whether the probative value of the evidence outweighs the danger of unfair prejudice, confusion of

the issues, misleads the jury, is cumulative, or wastes time or causes delay. FRE 403. Likewise, the admission of prejudicial evidence, without more, cannot be unconstitutional. All evidence introduced against a criminal defendant might be said to be prejudicial if it tends to prove the prosecution's case. The key however, is whether it "far" outweighs its probative value. See e.g., United States v. LeMay, 260 F.3d 1018, 1026 (9th Cir. 2001). LeMay further highlights that, "[p]otentially devastating evidence of little or no relevance would have to be excluded under Rule 403." Id. Here, the evidence is not of marginal relevance. It places the murder weapon in the hands of the defendant; a highly relevant fact integral to the United States' theory of the case.

When the court examines the evidence proffered by the government here, it will conclude the evidence is permissible as to opportunity, is not unduly prejudicial nor cumulative, and should therefore not be excluded under FRE 403 balancing.

### IV. Conclusion

The defense seeks to inappropriately label relevant and necessary contextual fact evidence that, unfortunately for the defendant, place a likely murder weapon in Wells' hands, as character evidence. The victims in this case died by gunshot wounds likely from a firearm that Wells had in his arsenal of firearms but conveniently lacked a direct link to him. The testimony of John and Terry Stein show that Wells likely had custody and control of the suspected murder weapon on the day of the murders, as further evidenced by his hoarding habits and the presence of the John Stein's ceremonial swords that disappeared at the same time as the revolver.

The Court should deny the motion and allow the Steins to testify about the revolver and ceremonial swords that resided with Wells up until shortly after he used the revolver to kill his colleagues in cold blood. This evidence is highly relevant and probative, intrinsic to the context of the overall story, demonstrates that Wells had access to a .44 caliber revolver, proves opportunity and does not far outweigh danger of unfair prejudice.

RESPECTFULLY SUBMITTED June 20, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Kelley Stevens
KELLEY STEVENS
Special Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2019, a
true and correct copy of the foregoing was
served electronically on:

Counsel of Record

s/ Kelley Stevens
Office of the U.S. Attorney