# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES MICHAEL WELLS, <br><br> Defendant. | Case No. 3:13-cr-00008-SLG |

## ORDER REGARDING SPOUSAL NOTIFICATION TESTIMONY

Before the Court at Docket 1019 is Defendant James Michael Wells' Motion to Exclude Inadmissible Spousal Notification Testimony. The Government filed a response.[1]

Mr. Wells' motion addresses testimony elicited by the Government in the first trial of this case. Witness Peter Van Ness's testimony conveyed that when he first "walked in in uniform" to notify Nicola Belisle of her husband's death, Ms. Belisle already knew something had occurred at the Coast Guard station, was "hysterical, very, very upset," and "blurted out" the name "Jim Wells."[2] At the first trial, the combination of Mr. Van Ness's testimony and the phrasing and timing of the Government's questions mischaracterized what had actually occurred.[3] In fact, as captured by a recording device,

---

[1] Docket 1038.

[2] Docket 1019; *United States v. Wells*, 879 F.3d 900, 934–35 (9th Cir. 2018) ("Q: Did she blurt out a name? A: Yes. Q: What was that name? Q: Jim Wells").

[3] *United States v. Wells*, 879 F.3d 900, 934 (9th Cir. 2018) ("[T]he prosecutor asked a question which mischaracterized the widowed spouse's verbal identification of Wells.").

Ms. Belisle did not mention Mr. Wells until approximately ten minutes into the conversation, she was calm, and she brought up Mr. Wells only in direct response to a question about whether her husband had problems with anybody.[4] She also immediately stated that "Jim wouldn't hurt Rich," referring to Mr. Wells and her deceased husband, Richard Belisle.[5]

The Ninth Circuit held that the trial court did not plainly err in denying the defense motion for a mistrial.[6] However, the Ninth Circuit did hold that the Government committed prosecutorial misconduct by mischaracterizing the statement, by giving the jury a false impression of its meaning, and by not assisting in mitigating the error.[7]

The Government responds that "the United States will not be eliciting in any fashion the testimony which defense notes [in its motion] concerning the utterance of Nicola Belisle in its case-in-chief."[8] The response also notes that the Government intends to call Mr. Van Ness and Ms. Belisle as witnesses to testify about other topics.[9]

In light of the foregoing, IT IS ORDERED that the motion at Docket 1019 is GRANTED as to the Government's case-in-chief. Should the Government seek to elicit

---

[4] *United States v. Wells*, 879 F.3d 900, 934 (9th Cir. 2018).

[5] *Id*.

[6] The trial court had given several limiting jury instructions, had allowed the defense to recall Mr. Van Ness "to place the prejudicial statement in its proper context," and the parties stipulated to the contents of the transcript of the conversation with Mrs. Belisle. *Wells*, 879 at 936–37.

[7] The Ninth Circuit did not reverse the case based on prosecutorial misconduct because it did not find prejudice. *Wells*, 879 F.3d at 936.

[8] Docket 1038 at 2.

[9] Docket 1038 at 2.

Case No. Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Spousal Notification Testimony
Page 2 of 3
Case 3:13-cr-00008-SLG   Document 1049   Filed 06/25/19   Page 2 of 3

testimony on this topic in rebuttal, it shall first raise the issue with the Court outside the presence of the jury.

DATED this 25th day of June, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Spousal Notification Testimony
Page 3 of 3
Case 3:13-cr-00008-SLG   Document 1049   Filed 06/25/19   Page 3 of 3