Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
520 Pike Street, Suite 2500
Seattle, WA  98101
(206) 624-1551
petercamiel@yahoo.com

 Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:13-CR-00008-SLG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S REPLY TO** |
| v. | ) | **DOCKET NO. 1047** |
| | ) | |
| JAMES MICHAEL WELLS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**The Law of the Case Doctrine Does Not Preclude This Court from
Reconsidering the Admissibility of the April 19 Video**

The government argues that Wells' motion is precluded by the law of the case

doctrine.  This argument is misplaced. First, because the issue was not raised in the Ninth

Circuit this Court is not bound by a higher court ruling.  Second, the issue regarding the

DEFENDANT'S REPLY TO DOC. 1047
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)*--1

admissibility of government's driving experiment video did not arise until day eleven of the trial right before the exhibit was to be introduced, and was only addressed through oral argument rather than being briefed and argued in advance of trial. The short colloquy on defendant's objections did not address any of the specific differences between the April 12 video and the government created video.  Nothing was argued about  the lack of other vehicles obstructing the view of the suspect vehicle in the April 19 video, the significant difference in the time of day, the differences in the  lighting,  the effect of snow on the lighting, the focus of the camera, or the  extreme prejudice from the government's only using the Wells' vehicle in their experiment. It does not appear that the Court even reviewed the video before ruling on admissibility or the F.R.E. 403 analysis.  The Court was not presented with any case law on the issue of recreation or experiment video evidence.    Application of the law of the case doctrine is discretionary. *United States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir. 2000) Moreover, all rulings of a trial court are subject to revision at any time before the entry of judgment. *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004)

The government's law of the case argument is also undercut by their own argument wherein they state:

> Wells' motion is also premature. He cannot, based on prior trial testimony lodge a preclusion motion based on what occurred before. In this case, the witness order will be different, exhibits fewer, and approaches to foundation, authentication, who will be testifying about what, will change. Wells simply cannot seek to exclude as to what occurred before. He's more than welcome to raise an objection during trial, but seeking to preclude an agent for a mis-labelled foundational argument based on prior testimony, some of which was stipulated, is premature. (Govt Resp. pp 30-31 Dkt. 1047)

The government's argument to wait until mid-trial to address this issue will cause a delay while the jury is waiting.  The purpose of pretrial motions and motions *in limine*

DEFENDANT'S REPLY TO DOC. 1047
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)*--2

is to address evidentiary issues before a jury is empaneled so the parties know what evidence needs to be addressed in opening statement and so that inadmissible and unfairly prejudicial evidence is not put before the jury. Addressing the matter pretrial allows the Court to determine not only whether the video is admissible but allows the Court to determine how it may be used by the government and what limits need to be placed on the use of the video if it is admitted.

## Purpose of an Evidentiary Hearing

At an evidentiary hearing the defense intends to demonstrate to the Court that the two videos are not even close to being "substantially similar" and that the differences are so significant as to preclude admissibility. The government has conceded that as the party seeking to introduce evidence of an experiment, it has the burden of demonstrating substantial similar conditions. *Jackson v. Fletcher*, 647 F.2d 1020, 1027 (10th Cir. 1981) At an evidentiary hearing, rather than during the trial would be the appropriate time for the government to show that it can meet that burden.

At the evidentiary hearing the defense will call two expert witnesses. Jim Hoerricks, the defense video expert will address the significance of the differences in the two videos including matters such as the lighting, obstructions and camera focus. Dr. Daniel Reisberg will address the danger of prejudice from allowing the jury to view the government's experiment video which only uses the Wells' vehicle and suffers from the same impermissible suggestiveness as a one-person show up.

Jim Hoerricks, who unlike the government accident reconstruction experts, has extensive training and experience in vehicle identification from surveillance videos, determined that the resolution of the April 12 video was so poor that no determination

DEFENDANT'S REPLY TO DOC. 1047
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)--3*

could be made of the class characteristics of the vehicle and thus no determination of make or model could be made.  He will opine that if no determination could be made from the April 12 video as to the make, model, or even color of the suspect vehicle, then use of the April 19 government created video as a comparison would be scientifically improper. One example Hoerricks will address is that lighting conditions can affect the perception of vehicle color and that none of the government experts accounted for this in their analysis and that the difference in lighting conditions between April 12 and April 19 is a significant dissimilarity.

In his supplemental report Dr. Reisberg explains how the April 19 video which only uses the Wells' vehicle is dangerously suggestive and is analogous to a one person show up or line up.  At an evidentiary hearing he would further explain the danger of using such a demonstrative exhibit with the jury particularly where the actual April 12 video is of such low resolution. He will describe the "expectation driven effects in vision" which could result from a jury being shown the April 19 video depicting the Wells' vehicle.  Dr. Reisberg's report notes:

> The idea, in brief, is that our vision is heavily influenced by our knowing what we are 'supposed to' see, and, once we have perceived a pattern in one fashion, it is extremely difficult to "un-see" that pattern and to go back to being an objective viewer.

Thus, after the jury sees what the government believes the jurors are "supposed to" see in the April 19 video, it will be difficult for the jury to be objective in assessing the actual April 12 video despite cross examination or any limiting instruction.

The substantially similar test for admissibility of experiment evidence, while not requiring that an experiment be exactly identical,  requires that it be substantially so. As the Court stated in *Illinios Gulf R.R. v. Ishee, Mississippi*, 317 So. 2d 923, 926 (1975)

DEFENDANT'S REPLY TO DOC. 1047
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)--4*

"they must be so nearly the same in substantial particulars as to afford a fair comparison in respond to the particular issue to which the test if directed."  The issue here is whether the suspect vehicle is a blue Honda CR-V.  The original video was recorded under quite challenging conditions given the distance of nearly one quarter mile from the road, the low resolution, the early morning lighting conditions, the several parked cars obstructing view of the road and of the suspect vehicle, and the effect of the snow conditions on the lighting among other factors.  To create the April 19 video, the government removed most of the obstructions, conducted the test after adjusting the camera, when the lighting was better, and when the snow cover effect was removed.  As their own Honda expert Schmidt commented regarding the April 19 video: "it was better—easier to see, yes." (Tr. 2377).

The fact that government witness Toglia needed to insert obstructions into the April 19 video to perform his demonstration further emphasizes the reason why the April 19 video is unfairly prejudicial.  Moreover, Toglia admitted that the vehicle in the April 12 video was not only similar to a Honda CR-V but also to other SUV models including the Toyota Rav 4, Hyundai Sante Fe, and Ford Escape.  Toglia testified that he could not eliminate any of those models. Tr. 2533 Yet, the government only used the Wells' vehicle in the April 19 video experiment.

In *United States v. Jackson*, 479 F.3d 485 (7th Cir. 03/12/2007) the court allowed a "relaxed" substantial similarity requirement because the driving time experiment there was to rebut the defense that the defendant would not have had time to commit the robbery.  The evidence there was not a video reenactment but only a marshal's testimony about drive times. Here, the purpose of the video is not to rebut a defense but to try to

DEFENDANT'S REPLY TO DOC. 1047
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)*--5

demonstrate the government's hypothesis. Therefore, the substantial similarity requirement should not be relaxed.

It appears that the government chose to ignore defendant's citation to *United States v. Mayfield*, (E. Dt. Mich. No. 17-20060, 8/23/17) most probably because of the similarities to this case. In *Mayfield,* a defendant charged with being a felon in possession of a firearm objected to a government video where the government recorded a demonstration of how the defendant could have thrown a firearm they had recovered on the street, from his moving car. In disallowing the video because it was not "substantially similar," the court noted among other factors, like those present in our case, that the experimental video was shot in the daytime and when there was no snow.

### The Government's Purpose In Creating The Video Experiment

By their own admission, the purpose for the video is "but a demonstration offering the possibility that the Wells' personal vehicle and the vehicle captured on the T-1 surveillance camera the morning of the murders are the same." (Govt. Resp. p 3, fn1) Thus, the government is admitting that this is nothing more than an attempt to present their theory to the jury rather than actual evidence.

### Conclusion

Based on the foregoing, the Court should set an evidentiary hearing at which time the Court can take evidence regarding the government's driving experiment video.

Dated this 27th day of June, 2019.

                                     Respectfully submitted,

                                     */s/Peter A. Camiel*
                                     Peter A. Camiel WSBA 12596

                                     */s/Gary Colbath*
                                     Assistant Federal Defender
                                     Attorney for Defendant Wells

### Certificate of Service

I hereby certify that on the 27th day of June, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court of the United States District Court for the District of Alaska using the CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the district court CM/ECF system.

                           */s/Peter A. Camiel*
                             Peter A. Camiel