Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

*Attorney for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>                Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**DEFENDANT'S REPLY BRIEF TO GOVERNMENT OPPOSITION [1023] REGARDING MOTION TO EXCLUDE EXPERT RICK WYANT [1007]** |

Defendant James Michael Wells, through counsel Gary G. Colbath and Peter A. Camiel, files this reply in further support of Docket No. 1007, Defendant's motion to exclude the testimony of government expert Rick Wyant, and to address issues raised in the government's opposition, Docket No. 1023.

## INTRODUCTION

In Docket No. 1007, Wells moved to exclude the government-noticed expert testimony of witness Rick Wyant because the only "substantive" material received regarding Wyant's proposed testimony was a two and a half minute video in which no person's face is visible, nor are the narrator or purposes of the video identified. The video contains no indication of the narrator's opinions or how the information presented is arrived at. The government has now basically explained that Wyant's

testimony will apparently be offered for the limited purpose of providing three "opinions," all regarding firearms: 1) providing the characteristic differences between a revolver and a semi-automatic handgun; 2) providing the differences in how a .44 caliber firearm sounds when fired inside and outside; and 3) providing the examples of different ways .44 caliber bullets fragment. The video produced by Wyant should be excluded.

First, testimony regarding the characteristic differences between a revolver and a semi-automatic handgun and examples of different ways bullets fragment can be provided by testimony. With respect to the video produced by Wyant, the contents are prejudicial and severely misleading by design. To understand the prejudice built in to the video, the Court must have an understanding of the actual <u>evidence</u> the government has about the murder weapon and bullets involved in this case compared to the <u>speculative theory</u> the government has about the weapon that has never been found.

The evidence is uncontroverted that a .44 caliber weapon was used to murder the victims. It was further determined that a list of firearms that could have fired the bullets used in the murder would include revolvers manufactured by Smith & Wesson, Taurus, and Llama, and any other firearm with comparable rifling characteristics.[1] It is also uncontroverted that the bullets used were jacketed and had markings on them from the weapon showing five lands and grooves with a right hand

---

[1] See Attachment A filed herewith; State of Alaska Scientific Lab Report.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-SLG                                                                 Page 2

twist.  These limited facts are all that is factually and scientifically known about the gun and bullets used to commit the murders.

Important, also, to consider is that two handguns, including a .44 magnum, and hundreds of bullets, including a variety of .44 caliber ammunition, were taken from Jim Wells' house by law enforcement and all scientifically *excluded* from being involved with the murders.  See Attachment A.  This was also true of all the weapons and ammunition seized or found and tested by law enforcement whether taken from Wells' friends and acquaintances, found outside Wells' home, or recovered in some other fashion.  All firearms and bullets investigated by law enforcement, and certainly all known to be related to Jim Wells in any way, were not only determined to not be used in the murders, but were affirmatively excluded as being involved.

Despite the above limited known evidence regarding the gun and bullets used in the murders, and the scientific testing excluding all property associated with Jim Wells to the murders, the government speculates that a gun lost by John Stein over a decade and a half before the murders was the murder weapon.  As articulated in its filing at Docket No. 1039, the government purports that Stein's gun is "the exact same make and model of revolver identified as a (sic) likely murder weapon."  In order to further this unsupportable, speculative theory with the jury and give the jury a misleading visual picture to support the government's claims, the government had Wyant produce his "demonstrative" opinion video—magically using the exact make and model of pistol (right down to grip-type and barrel length) that John Stein lost

years ago. The government pulls this not-so-subtle ploy knowing full well its own experts determined the make of the .44 used in the murders could only be narrowed down to three major manufacturers of handguns (Smith & Wesson, Taurus, and Llama), as well as "any other firearm with comparable rifling characteristics," and that NOTHING about the model of the particular murder weapon could be determined in any way.[2]

Allowing the government to use this misleading video to simply support its singular speculative theory is prejudicial and inappropriate. Oddly, but again quite by design, in its video the government has Wyant use the exact make/model of .44 belonging to Stein that supports its theory, yet has Wyant use a different make, model and even caliber (a 9mm is used in the video) of semi-automatic handgun to show the differences sought to be explained. This variation is done solely to highlight the Smith & Wesson Model 629 .44 caliber handgun the government wants the jury to believe was involved here.

Next, the video purports to show the differences in how a .44 caliber firearm sounds when fired inside and outside the building. However, there is no evidence in this case that the murder weapon was ever fired outside the building. Indeed it is uncontroverted that the victims were shot in almost the precise locations where they

---

[2] Just with respect to Smith & Wesson's Model 629, the company makes upwards of a dozen variations of that particular handgun. Additionally, Smith & Wesson produces dozens of other .44 caliber handgun models beyond the Model 629. The government's own experts have also identified several different .44 caliber handguns produced by other manufactures that have characteristics matching the Smith & Wesson Model 629.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-SLG                                                                 Page 4

were found inside the T2 building. There is no evidentiary relevance to this portion of the video. Moreover, the video represents that the inside shot is performed in an indoor shooting range. However, no information about the acoustics or environment of the range is provided. Suffice to say, even without the particular information, it is undisputable that an indoor shooting range is nothing like the building configuration of the T2 structure so as to make a comparison of the two helpful. Again, the shooting portion of the video was done only to allow the government to argue theoretical inferences from its self-created video "evidence" to support its speculative theories at trial that, in reality, have no true evidentiary basis, nor will help the jury decide a material issue.

With respect to the bullet deflection portion of the video, again the video is not based on evidentiary foundation or relevant to this case. There is no controversy that the evidence shows all of the bullets or fragments recovered hit one of the victims first and traveled through some portion of their body before hitting some other surface and ultimately being recovered. Nevertheless, Wyant's video makes no account for the effect of this intervening obstruction and occurrence prior to striking the surface shown in the video. The explanation provided about the effect on a bullet is not descriptive of what happened in this case, and most importantly, again, provides the jury with no help in deciding any material issue. This is not a case about how the victims were shot, but rather one about who shot them.

Most troubling, and as pointed out in Wells' original motion related to Wyant,

is that the government has still provided no written report or even a written summary of what Wyant will actually say about the things shown in his self-created video. However, based on its tactics used in virtually all other areas of this case, it can be presumed that Wyant's testimony will be carefully crafted to continue to propagate the government's false narrative and provide explanations and illustrations to the jury that "fit" the government's speculative theory about Stein's exact gun (to the exclusion of the thousands actually identified by government experts that fit the evidence of the case as potentially being involved). The government clearly did this with its other car-related video creations and is attempting to do so here. This time the video just comes without any report to alert the defense about how the evidence will be spun to fit the government's "*Story.*"

The government has failed to give any actual notice of what witness Wyant will say at trial. The explanation about the video the government does provide illustrates the inappropriate and misleading attempt it makes to use demonstrative tools its own hired experts created, rather than analysis of any of the actual evidence from the case, to try and convince the jury of its speculative theory rather than to help the jury understand any material point about the real evidence (or lack thereof) in the case. For these reasons, the Court should exclude the testimony of government proposed expert Rick Wyant, or at a minimum exclude the video demonstration he created and limit his testimony to oral testimony about the three areas identified by the government in Docket No. 1023.

DATED at Anchorage, Alaska this 26th day of June, 2019.

Respectfully submitted,

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender

*/s/ Peter A. Camiel*
Peter A. Camiel WSBA 12596
Attorney for Defendant

*Attorneys for James Michael Wells*

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on June 27, 2019. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary G. Colbath*