# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

JAMES MICHAEL WELLS,

             Defendant.

Case No. 3:13-cr-00008-SLG

## ORDER RE: MOTION TO EXCLUDE TESTIMONY OF JOHN AND TERRY STEIN

Before the Court at Docket 1031 is Defendant James Michael Wells' Motion to Exclude Testimony of Government Witnesses John & Terry Stein. The Government filed an opposition.[1] Mr. Wells filed a reply with exhibits.[2] Although the motion requested an evidentiary hearing, defense counsel later indicated that the request for an evidentiary hearing was in error and no such hearing was needed on this motion.[3]

### I.    Background

At the first trial of this case, government witness John Stein testified to the following: In approximately 1996, after retiring from the Coast Guard and desiring to travel, Mr. Stein sold most of his belongings from his home in Kodiak.[4] He then entrusted Mr. Wells and Mr. Wells' wife to complete the cleanout and sale of his home.[5] Mr. Stein

---

[1] Docket 1039.

[2] Docket 1055 (reply); Docket 1061 (exhibits) (under seal).

[3] Docket 1058 at 1 (minutes of July 2, 2019 status hearing).

[4] Docket 1031-1 at 3, 4, 21, 22.

[5] Docket 1031-1 at 21.

moved his gun safe, firearms, and other items that he wanted to save into the Wells home in Kodiak for safekeeping.[6]  Mr. Stein gave Mr. Wells the combination to the locked safe containing the firearms, but did not give the safe combination to anyone else.[7]  When he later returned to Kodiak and visited the Wells home, the safe was unlocked and open.[8]  All of the items that had been in the safe were accounted for except for one of Mr. Stein's .44 caliber revolvers and a rifle scope, which appeared to be missing.[9]  Mr. Stein then shipped his gun collection and the safe to his brother in Wisconsin.[10]  After confirming that he had not sent the missing revolver to Wisconsin, Mr. Stein reported the revolver missing to both the police and to the National Rifle Association.[11]  He identified Mr. Wells as a person to contact for further information about the revolver.[12]

Mr. Stein also owned a distinctive ceremonial Coast Guard sword, which he believed he had left in his home in Kodiak.[13]  When he later tried to locate the sword, he

---

[6] Docket 1031-1 at 3–6.

[7] Docket 1031-1 at 6.

[8] Docket 1031-1 at 7.

[9] Docket 1031-1 at 7–8.

[10] Docket 1031-1 at 9.

[11] Docket 1031-1 at 9; Docket 1061-2 (under seal).

[12] Docket 1031-1 at 9–10, 27–28; Docket 1061-2 at 1 (under seal).  Mr. Stein made gave his brother, Terry Stein, power of attorney for matters related to the loss of the revolver.  Docket 1061-2 at 3 (under seal).

[13] Docket 1031-1 at 14.

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of John and Terry Stein
Page 2 of 9
Case 3:13-cr-00008-SLG   Document 1062   Filed 07/09/19   Page 2 of 9

could not find it.[14]  After the homicides, law enforcement found Mr. Stein's missing Coast Guard sword in Mr. Wells' home.[15]

At the first trial, Mr. Stein's brother, Terry Stein, testified that John Stein had shipped him a safe with some firearms to his home in Wisconsin.[16]  Terry Stein testified that he inventoried the contents upon arrival and later helped his brother compare that inventory to the items missing in Alaska, that the missing revolver was not in the safe in Wisconsin, and that he did not know where the missing revolver was located.[17]

## II. The Steins' testimony is relevant.

Mr. Wells first asserts that the Steins' testimony regarding John Stein's missing .44 caliber revolver and ceremonial sword is irrelevant.[18]  The Government responds that the testimony is "'necessary to permit' counsel for the government to 'offer a coherent and comprehensible story regarding' Wells' commission of the murders."[19]  The Court does not find that the Steins' testimony is necessary for the Government to offer a coherent story of the homicides.  On the current record, the Government cannot prove that the revolver was used to commit the homicides; there are at least several other makes and models of firearms that could have been used and later concealed by the perpetrator.[20]

---

[14] Docket 1031-1 at 15.

[15] Docket 1031 at 8.

[16] Docket 1031 at 4.

[17] Docket 1031 at 4–5.

[18] Docket 1031 at 5–10.

[19] Docket 1039 at 2.

[20] Docket 1055.

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of John and Terry Stein
Page 3 of 9

However, the Court does find that the Steins' testimony is nonetheless relevant. Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency" to make a fact of consequence "more or less probable than it would be without the evidence." Here, testimony that Mr. Wells had access to Mr. Stein's .44 caliber revolver, that the revolver went missing soon after it was transferred to Mr. Wells, that only Mr. Stein and Mr. Wells knew the combination to the safe, that the revolver has never been located, and that Mr. Wells was found in possession of Mr. Stein's missing sword—accessible to Mr. Wells around the same time as the revolver—soon after the homicides has at least some tendency to make it more probable that Mr. Wells continued to possess the revolver after it went missing. Coupled with the facts that the missing revolver is generally consistent with the type of firearm used in the homicides and no other firearm was recovered during the investigation that was used to commit the homicides, this testimony also has some tendency to make it more probable that Mr. Wells committed the homicides using the missing Stein revolver. The Court has weighed the fact that Mr. Stein's transfer of the gun safe with the revolver to Mr. Wells occurred approximately 15 years prior to the homicides and that the connection between the Stein revolver and the ballistics evidence is attenuated. However, because Rule 401 requires only *any* tendency to make a fact more probable, the Steins' testimony is relevant.

### III. The Steins' testimony concerns prior acts that are admissible to prove opportunity.

Next, Mr. Wells maintains that the testimony is evidence of prior acts (the stealing of the revolver and the sword) that should be precluded pursuant to Federal Rule of

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of John and Terry Stein
Page 4 of 9

Evidence 404(b) because the testimony is being used to prove Mr. Wells' character.[21] The Government disputes that the testimony is evidence of prior "bad acts"; in the alternative, the Government contends that the testimony is admissible under Rule 404(b)(2) to show opportunity.[22] Here, the Government is not offering the testimony to prove Mr. Wells' character as a thief or his conformity with that characteristic on the occasion of the homicides. Instead, the Government indicates it is offering the testimony simply to support "the fact Wells last possessed a firearm identified as one of only three firearms capable of committing the murders . . . ."[23] Nonetheless, the Court finds that evidence that supports a finding that Mr. Wells took a firearm and sword from his friend falls within the restrictions of Rule 404(b).

Rule 404(b)(2) permits evidence of prior acts to prove, among other things, opportunity. "'Opportunity' is an express exception of Rule 404(b). Though the word has been little used by the courts it evidently is intended to cover all or a part of a category called 'capacity' . . . ."[24] The Ninth Circuit has held admissible evidence of the defendants' association with people who had a certain combination of talents, knowledge, and connections because "[w]ithout this specialized background neither of the [defendants]

---

[21] Docket 1031 at 11; Docket 1055 at 1.

[22] Docket 1039 at 4.

[23] Docket 1039 at 4. More accurately, the Stein firearm fits the characteristics of one type of firearm identified as one of only several types of firearms capable of committing the murders. Docket 1061-1 at 2 (under seal) ("A list of firearms that could have fired these [bullets from the homicide scene] would include revolvers manufactured by Smith & Wesson, Taurus, and Llama and *any other firearm with comparable rifling characteristics*." (emphasis added)).

[24] *United States v. Green*, 648 F.2d 587, 592 (9th Cir. 1981) (citing 22 Wright & Graham, *Federal Practice and Procedure: Evidence* § 5241 at 485 (1978); Wigmore, *Code of Evidence* §§ 386, 400 (3d ed. 1942)).

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of John and Terry Stein
Page 5 of 9
Case 3:13-cr-00008-SLG   Document 1062   Filed 07/09/19   Page 5 of 9

would have the capacity, i.e. an opportunity, the commit the crimes charged."[25] This is an example of how "federal courts generally allow evidence of a defendant's relationship with individuals that could enhance the defendant's capacity to commit a *crime or opportunity to access the necessary tools of the crime.*"[26] Even if Mr. Stein's .44 cannot be definitively established as the weapon that was used in the homicides, evidence that Mr. Wells had access to that firearm can still be relevant to the proof of opportunity.[27]

Even if other acts evidence is relevant to prove a Rule 404(b) category, it is not admissible unless it also "(1) tends to prove a material point in issue; (2) is not too remote in time; [and] (3) is proven with evidence sufficient to show that the act was committed[.]"[28] As to the first element, as discussed above, the Stein testimony has probative value.[29]

As to the second element, the Court has weighed the fact that the Steins' testimony concerns events that occurred approximately 15 years prior to the homicides. However, the Court finds that the prior acts are not so remote in time so as to warrant inadmissibility. Although Mr. Wells' acquisition of the Stein revolver and the sword in the 1990s is a

---

[25] *United States v. Green*, 648 F.2d 587, 592 (9th Cir. 1981) (footnote omitted).

[26] *United States v. Johnson*, No. 14-CR-00412-TEH, 2015 WL 4747309, at *4 (N.D. Cal. Aug. 11, 2015), order clarified, No. 14-CR-00412-TEH, 2015 WL 4999461 (N.D. Cal. Aug. 20, 2015) (emphasis added).

[27] *United States v. Covelli*, 738 F.2d 847, 855 (7th Cir. 1984) ("[E]vidence of prior possession of a weapon can be used to prove opportunity and identification even where it cannot be directly identified as the weapon used in the crime."); *Gov't of Virgin Islands v. Joseph*, 685 F.2d 857, 860 n. 1 (3d Cir. 1982) ("[T]he prior possession of a gun can be relevant to opportunity even without the subsequent matching up of the gun with the one used in the crime.").

[28] *United States v. Wells*, 879 F.3d 900, 930 (9th Cir. 2018) (citing *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002)). Because the Court is not admitting the prior acts to show intent, there is no requirement that the prior acts be similar to the charged offense. *Id.*

[29] *See supra* at Section II.

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of John and Terry Stein
Page 6 of 9
Case 3:13-cr-00008-SLG   Document 1062   Filed 07/09/19   Page 6 of 9

distinct act, his acquisition of these items also relates to the feasible *ongoing* possession of the revolver and the known *ongoing* possession of the sword up to and after the date of the homicides in 2012.[30]

As to the third element, the Court notes that the ballistic evidence connecting the Stein revolver to the homicides is one of possibility, not probability. However, the sufficiency analysis in this portion of the Rule 404(b) analysis does not concern the purported connection between the revolver and the homicides. Rather, the analysis is whether the *prior act*—the ongoing possession of the revolver and the sword—has been proven with sufficient evidence to show that the act was committed. As discussed *supra*, Mr. Wells' unique access to the revolver in the locked safe, the timeline of when the revolver and sword went missing, and Mr. Wells' possession of the missing sword soon after the homicides could enable a reasonable juror to conclude that Mr. Wells obtained and continued to possess the Stein revolver up to the time of the homicides. The Court finds the Steins' testimony admissible to prove opportunity pursuant to Rule 404(b)(2).

### IV. The probative value of the Steins' testimony is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Finally, Mr. Wells contends that the Steins' testimony should be excluded under Federal Rule of Evidence 403 because "it paints Wells first, as a thief who stole his friend's property, and second, as the possessor of an unaccounted for weapon when neither of

---

[30] *See also United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (citing *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989)) (refusing to adopt a bright-line rule regarding remoteness); (*United States v. Hadley*, 918 F.2d 848, 850–51 (9th Cir. 1990) (10–15 years not too remote in time); *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (13 years not too remote in time).

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of John and Terry Stein
Page 7 of 9
Case 3:13-cr-00008-SLG   Document 1062   Filed 07/09/19   Page 7 of 9

these things is true, nor proven."[31] The Government responds that the testimony is prejudicial in that it helps the prosecution, but that the danger of *unfair* prejudice does not substantially outweigh the probative value of the testimony.[32] Rule 403 directs a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusion of the issues. The defense has identified a number of areas of cross-examination it can address regarding the missing revolver, including the relatively low odds that the missing revolver was actually the firearm used in the homicides.[33] These challenges to the weight of the Steins' testimony should minimize any unfair prejudice, and the jury is not likely to confuse the issues or be misled. The Court finds that the probative value of the evidence, although not exceptionally strong, is not substantially outweighed by the danger of unfair prejudice or confusion of the issues.

As a measure against any unfair prejudice, the Government is cautioned to avoid stating or implying that the Stein revolver was, in fact, the firearm used in the homicides. In its response in opposition, the Government placed the Stein revolver on a scale ranging from "a possible murder weapon," "the suspected murder weapon," and "a likely murder weapon," to affirmatively calling it "the murder weapon."[34] The Government may introduce testimony from experts and lay witnesses that supports its theory that the Stein

---

[31] Docket 1031 at 12.

[32] Docket 1039 at 7.

[33] *E.g.*, the remoteness in time of the revolver being transferred to Mr. Wells, Mr. Wells' son being enamored with the revolver when he previously fired it with Mr. Stein, the irrationality of Mr. Wells using a firearm that law enforcement could trace to him, that Mr. Stein's property was in Mr. Wells' home only because Mr. Stein had abandoned it, and the variety of makes and models of firearms that could have been used in the homicides.

[34] Docket 1039 at 3, 7.

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of John and Terry Stein
Page 8 of 9
Case 3:13-cr-00008-SLG   Document 1062   Filed 07/09/19   Page 8 of 9

revolver fits into of a category of firearms that could have been used in the commission of the homicides. However, the paucity of ballistics evidence directly linking the Stein revolver to the homicides warrants caution when presenting this theory to the jury. Unless more definitive evidence is presented at trial, referring to the Stein revolver as being the murder weapon or the likely murder weapon would be an improper reference to facts not in evidence.

In light of the foregoing, IT IS ORDERED that the motion at Docket 1031 is DENIED.

DATED this 9th day of July, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of John and Terry Stein
Page 9 of 9
Case 3:13-cr-00008-SLG   Document 1062   Filed 07/09/19   Page 9 of 9