BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
christina.sherman@usdoj.gov
kelley.stevens@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES MICHAEL WELLS<br><br>　　　　　Defendant. | No. 3:13-cr-00008-SLG |

**UNITED STATES' MOTION FOR ADDITIONAL PROTECTIVE ORDER REGARDING *HENTHORN* DISCOVERY**

COMES NOW the United States of America, by and through the undersigned counsel, and hereby moves for a protective order from the Court restricting the distribution of certain *Henthorn* discovery in the above-captioned case pursuant to Federal Rule of Criminal Procedure 16(d)(1).

The government intends to disclose Bates #s Wells18_00095783 through Wells18_00095848 as soon as a ruling on this motion for a protective order is made.

This discovery is comprised solely of *Henthorn* material relating to government employee witnesses. The government has already redacted PII information; however, due to the sensitive nature of the personnel information contained in Bates #s Wells18_00095783 – Wells18_00095848, the government seeks limitations on the dissemination of this material.

Federal Rule of Criminal Procedure provides:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

While it is appropriate for the defense team to have the *Henthorn* information in this case, it should be kept tightly controlled and only used when necessary for the investigation. This Court should find that good cause exists to limit this discovery pursuant to Criminal Rule 16(d)(1).

Specifically, the government requests the Court preclude the defense from disseminating the materials to the defendant personally and require him only to review

these items in the presence of the defense team. The government further requests the Court prohibit review and dissemination of these materials to anyone outside the defense team.

Finally, the government seeks an order from the Court precluding the defense team and defendant from raising before the jury or questioning any witnesses about the information contained in this discovery at trial without first seeking leave of the Court.

RESPECTFULLY SUBMITTED July 10, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Christina Sherman
CHRISTINA SHERMAN
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2019,
a true and correct copy of the foregoing
was served electronically on:

Counsel of Record

s/ Christina Sherman
Office of the U.S. Attorney

Page 3 of 3        U.S. v. Wells
                   3:13-cr-00008-SLG

Case 3:13-cr-00008-SLG   Document 1064   Filed 07/10/19   Page 3 of 3