Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
520 Pike Street, Suite 2500
Seattle, WA 98101
(206) 624-1551
petercamiel@yahoo.com

Gary George Colbath
Federal Public Defender's Agency
425 G Street, Suite 800
Anchorage, AK 99501
907-646-3400
Fax: 907-646-3480
Email: gary_colbath@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:13-CR-00008-SLG |
| Plaintiff, | NOTICE OF ISSUES FOR EVIDENTIARY HEARING SET FOR JULY 30, 2019 |
| v. | |
| JAMES MICHAEL WELLS, | |
| Defendant. | |

The Court has scheduled an evidentiary hearing for July 30, 2019 to take evidence for consideration regarding Defendant's Motion to Exclude the April 19, 2012 Government Driving Experiment Video (Dk. 1012). This notice is filed to provide the Court and counsel with the Defendant's understanding of the issues to be presented and addressed by the Court at the evidentiary hearing.

**Procedural Matters**

Defendant understands that the government anticipates calling one of the FBI or Coast Guard agents involved in the making of the April 19, 2012 video experiment to

testify at the hearing. The Defense intends to call two expert witnesses at the hearing, as previously indicated. Expert Jim Hoerricks will testify in person and expert Daniel Reisberg is anticipated to testify by video conference. For the Court's convenience Mr. Hoerricks' supplemental report,[1] prepared solely for purposes of this hearing, is filed herewith as Attachment A and Mr. Reisberg's supplemental report, with the relevant portions noted, is filed as Attachment B. The Defense intends to use the court's Digital Evidence Presentation System ("DEPS") system at the hearing during the witnesses' testimony.

**Legal Matters**

Counsel understands the Court will use the evidence presented at the hearing to determine the following legal issues raised by Defendant's motion filed at Docket 1012:

1. What is the purpose for which the government is offering the April 19, 2012 driving experiment video? i.e. substantive, demonstrative, illustrative evidence?

2. Has the government met its initial burden for admission for the identified purpose?

3. Should the evidence be excluded by the Court as gatekeeper under *Daubert* based on its unreliability or failure to follow proper methodology?

4. If not, does the evidence pass the substantial similarities test as discussed in the parties' briefing?

5. If so, should the evidence still be excluded under Rule 403 because it is misleading, confusing, and has a tendency to improperly influence the jury at trial?

---

[1] Mr. Hoerricks prepared two initial reports related to the case in conjunction with his anticipated testimony at trial in this matter which were previously disclosed to the government during normal expert disclosures. Although Mr. Hoerricks is not offering any new or additional opinions during this evidentiary/motions process, for the Court and counsel's convenience, and in order to limit the material necessary for review relevant to the inquiry here, Mr. Hoerricks prepared Attachment A to highlight from his previous analysis the specific testimony he intends to present related to the April 19, 2012 experiment video.

6. If not, is the defense entitled to a limiting instruction prior to admission of such evidence, and if so, when?

Dated this 17th day of July, 2019.

Respectfully submitted,

*/s/ Peter A. Camiel*
Peter A. Camiel WSBA 12596
Attorney for Defendant

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender

*Attorneys for James Michael Wells*

## Certificate of Service

I hereby certify that on the 17th day of July, 2019 I caused the foregoing to be electronically filed with the Clerk of the Court of the United States District Court for the District of Alaska using the CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the district court CM/ECF system.

/*s/Gary G. Colbath*
Gary G. Colbath