# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES MICHAEL WELLS,<br><br>    Defendant. | Case No. 3:13-cr-00008-SLG |

## ORDER RE: MOTION TO PROHIBIT IRRELEVANT CHARACTER EVIDENCE

Before the Court at Docket 945 is defendant James Michael Wells' Motion to Prohibit Irrelevant Character Evidence.[1] The government filed an opposition.[2] Mr. Wells filed a reply.[3] The motion was addressed at oral argument on April 22, 2019.[4] At the request of the Court, both parties filed supplemental briefing.[5]

Mr. Wells seeks an order prohibiting "irrelevant character evidence pursuant to F.R.E. 404 and F.R.E. 403 as well as defendant's constitutional right to a fair trial."[6] Specifically, Mr. Wells seeks to exclude 12 pieces of lay witness testimony that were introduced through his former co-workers at his first trial, which "paint a picture of Wells

---

[1] The memorandum in support of the motion is at Docket 946.

[2] Docket 958.

[3] Docket 961.

[4] Docket 970 (minute entry).

[5] Docket 974 (government's supplemental brief); Docket 983 (defendant's supplemental brief).

[6] Docket 945 at 1.

as a bad employee and a bad person."[7]  The 12 pieces of lay witness testimony described Mr. Wells as:

(1) having "a poor attitude"

(2) "quite conceited at times"

(3) "only receptive to change if he had played a part in coming up with the change"

(4) not known to be the kind of person who did "as you're told"

(5) "view[ing] himself as extremely knowledgeable"

(6) taking "pride in his role" in the antennae tower community as shown by his "strut[ting] at conferences"

(7) "just set in the way he would do things"

(8) "difficult at times"

(9) "not real good at sharing the information he had"

(10) "difficult" and "set in the way he would do things"

(11) "more difficult to work with than the other [employees]

(12) a "narcissist."[8]

The government has clarified that it will not be calling the witnesses who made statements (2), (3), and (12).[9]  The government thus asserts that the motion regarding statements (2), (3), and (12) is moot.[10]  The Court agrees and does not address those statements in

---

[7] Docket 946 at 1.  At oral argument, Mr. Wells confirmed that these were the only statements he intends to challenge by this motion.

[8] Docket 946 at 2.

[9] Docket 974 at 3.

[10] Docket 974 at 3, 6.

this order other than to note that the Court is disinclined to allow any non-expert speculations about Mr. Wells' mental health or personality diagnoses.

Six Federal Rules of Evidence govern the admissibility of the statements regarding Mr. Wells' character. Evidence Rules 401 and 402 require that the statements be relevant. Evidence Rule 701 requires that the statements be proper lay witness opinions. Rule 405 limits the methods of proving character to reputation or opinion evidence. Evidence Rule 404(a) prohibits evidence of a person's character or a character trait "to prove that on a particular occasion the person acted in accordance with the character or trait."[11] Evidence Rule 403 requires that an opinion's probative value not be substantially outweighed by unfair prejudice, confusion of the issues, a risk of misleading the jury, undue delay, wasting time, or result in cumulative evidence. Accordingly, if the opinions are relevant under Rules 401 and 402, meet the requirements of Rule 701 and 405, do not violate Rule 404(a), and pass the Rule 403 balancing test, then they are admissible.

**I.    The opinions are relevant.**

On appeal after his first trial, Mr. Wells challenged the same opinions he now challenges in his pretrial motion.[12] The Ninth Circuit had held that that it was reversible error to allow the introduction of criminal profiling testimony from a government expert.[13] However, even though the profiling testimony was intertwined with lay testimony

---

[11] FRE 404(a)(1).

[12] *Compare* Docket 946 at 2 (outlining challenged statements) *with United States v. Wells*, 879 F.3d 900, 926 (9th Cir. 2018) (listing statements challenged on appeal). In the first trial of this case, the defense did not object to the admission of the now-challenged testimony except for a relevance objection to testimony of Mr. Wells strutting at conferences. *Wells*, 879 F.3d at 941, n. 14. Accordingly, the Ninth Circuit reviewed its admission for plain error. *Id.*

[13] *Wells,* 879 F.3d at 924.

regarding Mr. Wells' character, the Ninth Circuit held that "[t]o the extent these [lay] witnesses had personal knowledge of the topics on which they testified, this testimony provided background information regarding Wells' relationships with this co-workers, his working environment and his work history, all of which is relevant in a workplace homicide prosecution."[14] As to the statements at issue here, the Ninth Circuit found that the district court "did not plainly err in admitting this relevant evidence."[15]

After reviewing the transcripts containing the statements outlined above and considering them in the context of the witnesses' overall testimony, this Court finds that they are relevant. The Government is pursuing essentially the same theory as to Mr. Wells' motive that it presented during the first trial: That the "discontent he suffered in his professional life and deterioration in professional status preced[ed] the murder of his two colleagues who stood in his way."[16] This motive theory makes testimony about Mr. Wells' workplace character relevant. These character opinions are relevant to the government's

---

[14] *Id.* at 926. To the extent Mr. Wells maintains that the evidence is not relevant because Dr. Meloy will not be testifying at trial (Docket 946 at 5), the Ninth Circuit has foreclosed this position: "While we are sensitive to the interconnected nature of this testimony as used by the Government to fit Dr. Meloy's decidedly inadmissible profile, the improper admission of Dr. Meloy's testimony does not render otherwise relevant evidence inadmissible." *Wells*, 879 F.3d at 926.

[15] *Id.*

[16] Docket 958 at 3. At oral argument before this Court on April 22, 2019, the government described its motive theory as: "Wells had frustrations beginning in 2011 with the change in the COMMSTA command, which placed unwelcomed pressure on him to conform to the change of command. Due to those absences from work, he becomes increasingly frustrated by a loss of both professional independence and importance. His frustrations turn to anger and culminate in the murder of his co-workers, one of whom is his direct supervisor and the other of whom is the individual who appears to be taking over his job." *See* Docket 1073 (partial transcript of Apr. 22, 2019 oral argument at 2).

motive theory and are within the "reasonable limits" given to a prosecution "tasked with constructing a motive theory to prove a double workplace homicide . . . ."[17]

## II. The opinions are proper lay witness opinions and do not violate Evidence Rules 701 or 405.

The proposed opinions meet the requirements for lay witness opinion testimony pursuant to Evidence Rules 701 and 405. The opinions do not violate Evidence Rule 701 because they are rationally based on the witnesses' first-hand perceptions, they may help the jury understand the witnesses' testimony or a fact at issue, and they do not qualify as expert opinions.[18]

Evidence Rule 405 limits character evidence to a witness's opinion of the defendant's character or knowledge of the defendant's reputation.[19] The government shall take care not to elicit character evidence in the form of testimony about "specific instances of conduct" when conducting direct examinations.[20] Here, the fact that Mr. Wells may have "strutted" at conferences is not independently relevant; it is only relevant in that it is a specific instance of Mr. Wells displaying his purported character trait of being prideful of his professional role in the antenna community. Accordingly, as to statement

---

[17] *Wells*, 879 F.3d at 929.

[18] Fed. R. Evid. 701.

[19] "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a)

[20] Specific instances of conduct may not be introduced during direct examination unless "a person's character or character trait is an essential element of a charge, claim, or defense . . . ." Fed. R. Evid. 405(a),(b). The government has not asserted that any of Mr. Wells' disputed character traits are an essential element of the charges, and the Court finds that they are not essential elements of the charges.

(6), testimony as to Mr. Wells' purported character trait of being prideful is admissible, but testimony as to specific instances (here, strutting at conferences) is not admissible.

### III. The opinions do not violate Evidence Rule 404(a)(1).

Evidence Rule 404(a) only prohibits introduction of character evidence "to prove that on a particular occasion the person acted in accordance with the character or trait." The government maintains that the lay witness testimony at issue does not constitute character evidence.[21] The government posits that these statements are "fact testimony and lay witness observations that shine negatively on Wells, and that illuminate[] his professional demise in the rigger shop . . . ." and are "relevant to motive under 'other acts' evidence."[22] The Court disagrees and finds that the lay opinions set forth above (*e.g.*, having a poor attitude, being difficult) constitute character evidence.

However, there is no indication that the government intends to introduce evidence of Wells' character in order to prove that at the time of his alleged conduct (the workplace killing of two of his co-workers) he acted in conformity with his character. In the first trial of this case, it was Dr. Meloy's prohibited profile testimony that was introduced to prove that Mr. Wells' characteristics matched those of the type of person who would commit targeted workplace violence, not the opinions of lay witnesses.[23] Standing alone, without the connection drawn by Dr. Meloy between the type of person who commits workplace murders and the characteristics of Mr. Wells, the opinions are not prohibited by Evidence Rule 404(a).

---

[21] Docket 958 at 4.

[22] Docket 958 at 3, 4.

[23] *Wells*, 879 F.3d at 920–21.

## IV. The opinions do not violate Evidence Rule 403.

The probative value of the statements, taken individually and cumulatively, is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or presentation of cumulative evidence. The defense has transcripts of the witnesses' previous testimony that can be used for impeachment should a witness deviate materially from their prior opinion. The presentation of these opinions is unlikely to be confusing or misleading or to take substantial time.

In light of the foregoing, IT IS ORDERED that the motion at Docket 945 is GRANTED IN PART and DENIED IN PART. The character opinions outlined above (or substantially similar expressions of these opinions) are admissible except for the portion of (6) that focuses on Mr. Wells strutting at conferences. In addition, the government will not be eliciting opinions (2), (3), and (12). The Court does not expect the government to ask identical questions to those asked at the first trial, nor does it expect a witness to testify verbatim or precisely the same as at the first trial. However, the government shall not expand character evidence testimony beyond the limited evidence identified in this order of Mr. Wells' character in the workplace unless it first makes application to the Court outside the presence of the jury.

DATED this 18th day of July, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE