Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
5200 Pike Street, Suite 2500
Seattle, WA 98101
Phone: (206) 624-1551
Email: petercamiel@yahoo.com

*Attorneys for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES MICHAEL WELLS,<br><br>    Defendant. | )<br>) No. 3:13-CR-00008-SLG<br>)<br>) MOTION TO EXCLUDE TESTIMONY<br>) OF GOVERNMENT WITNESSES<br>) ROBERT PLETNIKOFF & LUKE<br>) ROBINSON<br>)<br>)<br>) |

**SPEEDY TRIAL STATUS**

A period of additional excludable delay under 18 U.S.C. § 3161(h) will NOT occur as a result of the filing this motion as this motion will not result in any delay of trial as the Court has ruled this a complex case and has set trial for September 9, 2019, taking into account any pretrial motions that will be filed in this case.

## I. INTRODUCTION

Defendant Wells through counsel Peter A. Camiel and Gary Colbath moves this Court to exclude the testimony of government witnesses Robert Pletnikoff and Luke Robinson. Both Robert Pletnikoff and Luke Robinson

testified in the government's case-in-chief at the first trial, their testimony is attached as Attachments A & B respectively. The government has advised that it anticipates calling both witnesses again on retrial. However, both of these individual's testimony should be excluded as it is remote, irrelevant, speculative, argumentative, and unfairly prejudicial. It should be excluded pursuant to F.R.E. 401, 403, 404, and 608.

## II. FACTS

### A. Robert Pletnikoff's prior Testimony

At trial, the government called Robert Pletnikoff to testify about some observations he made of Jim Wells' during a hunting trip in 1998, approximately 14 years prior to the murders. Pletnikoff testified that during the trip, he saw Wells had "a rifle, 7 millimeter, and some kind of a pistol sidearm. I think it was a -- I believe it was a stainless revolver. It was a large revolver, probably a .357, .44, something in that nature." TR 2230. Pletnikoff noted, however, that he never saw the gun "out of the holster. I saw him when he came aboard my boat [wearing] the firearm." And finally, he described that gun as having a handle that was "either dark wood or brown plastic, or something like that."

### B. Luke Robinson's prior Testimony

At trial, the government called Luke Robinson to testify that sometime in 2000, approximately 12 years prior to the murders, he was over at the Wells' residence and observed that "[t]here were rifles out -- they had just gotten back

MOTION TO EXCLUDE TESTIMONY OF ROBERT PLETNIKOFF & LUKE ROBINSON
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)* Page 2

Case 3:13-cr-00008-SLG Document 1088 Filed 07/31/19 Page 2 of 6

from a hunting trip. There were rifles out by the kitchen table and a revolver on the table, some bags and things like that. It was a silver pistol." TR 2244-45. When asked about whether he knew what the make, model or even caliber of the gun was, Robinson indicated "I have no clue." TR 2247.

## III. ARGUMENT AND AUTHORITIES

The Court has already ruled on a motion regarding the admissibility of testimony from John & Terry Stein. See, Dk. 1062. The Court's ruling allows the government to "introduce testimony from experts and lay witnesses that supports its theory that the Stein revolver fits into of a category of firearms that could have been used in the commission of the homicides." Docket 1062, pp. 8-9. In ruling however, the Court noted "the paucity of ballistics evidence directly linking the Stein revolver to the homicides warrants caution when presenting this theory to the jury." *Id.* Given these findings, the Court should exclude the testimony of Robert Pletnikoff and Luke Robinson.

The clear purpose of the testimony of these witnesses is to allow the government to invite the jury to speculate that the gun seen by either Pletnikoff, Robinson, or both was the Stein gun, in order to support their theory about that gun being the murder weapon. This should not be permitted. First, law enforcement seized a .44 caliber revolver[1] and matching holster from the Wells' home, along with numerous types of .44 caliber ammunition.

---

[1] The gun had a silver hammer and brown wood handle. See Attachment C submitted with this motion.

MOTION TO EXCLUDE TESTIMONY OF ROBERT PLETNIKOFF & LUKE ROBINSON
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)* Page 3

Subsequent ballistics testing excluded the gun and all recovered ammunition from being involved in the murders. Nevertheless, it is highly likely that it was this gun that the witnesses saw, not Stein's. This is even more likely given that Stein testified that "I usually replace the wooden grips on my guns with (black) rubber ones. Yeah. I -- I -- I really like rubber grips, so -- especially on a hand -- a Magnum." TR 2212. And when asked "[a]nd that's what was on your – guns?" Stein said "yeah." *Id.*

It is uncontroverted that neither Pletnikoff nor Robinson could identify the make, model or caliber of the gun they saw, much less identify it as Stein's missing gun. Moreover, Robinson never even saw Wells with the gun he observed. Both of these brief observations, made over a decade before the murders, are far too remote to offer any probative value to the jury. Moreover, they invite rank speculation on the jury's part to determine whether the guns could have anything to do with the murders as the witnesses could clearly not make any such connection. In reality, the facts show that it is more likely that the guns that Pletnikoff and Robinson observed were NOT the Stein gun as the descriptions of them do not match one another.

Given the complete lack of nexus to the Stein gun, which that Court has already found to have a "paucity of ballistics evidence directly linking [it] to the homicides, the government should not be allowed to offer evidence that has NO corroborative evidence at all suggesting that either of the guns observed was the Stein gun or somehow involved in the murders.

MOTION TO EXCLUDE TESTIMONY OF ROBERT PLETNIKOFF & LUKE ROBINSON
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)* Page 4

Case 3:13-cr-00008-SLG   Document 1088   Filed 07/31/19   Page 4 of 6

Under F.R.E. 401, proffered evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 402 provides that "all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible."

In this instance, if the witnesses in fact observed Wells' .44 revolver that was recovered (and excluded as the murder weapon by the government) then certainly their observations are meaningless for the jury to evaluate or exculpatory for Wells. If they saw some other gun(s), the firearms they saw cannot reasonably be shown to have any connection to this case without resort to sheer speculation. As such, the testimony about these observations is irrelevant and has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" than without it. To let the government offer speculative theories otherwise is highly prejudicial. The Court has already let in the thinly-linked evidence about Stein's gun for limited purposes under Rule 404(b), allowing the testimony of Pletnikoff and Robinson would stretch the limits reasonable inference and relevance beyond anything the Rules of Evidence allow.

//

MOTION TO EXCLUDE TESTIMONY OF ROBERT PLETNIKOFF & LUKE ROBINSON
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)* Page 5

Case 3:13-cr-00008-SLG   Document 1088   Filed 07/31/19   Page 5 of 6

## IV. CONCLUSION

The government should not be allowed to prove its case with remote, speculative, uncorroborated evidence. For all the reasons stated herein above, the testimony of Robert Pletnikoff and Luke Robinson should be excluded.

DATED this 29th day of July, 2019.

Respectfully submitted,

*/s/ Gary Colbath*
Assistant Federal Defender
Attorney for Defendant Wells

*/s/ Peter A. Camiel*
Peter A. Camiel WSBA 12596
Attorney for Defendant Wells

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on July 31, 2019. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary G. Colbath*

MOTION TO EXCLUDE TESTIMONY OF ROBERT PLETNIKOFF & LUKE ROBINSON
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)* Page 6

Case 3:13-cr-00008-SLG   Document 1088   Filed 07/31/19   Page 6 of 6