Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
5200 Pike Street, Suite 2500
Seattle, WA 98101
Phone: (206) 624-1551
Email: petercamiel@yahoo.com

*Attorneys for Defendant James Michael Wells*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:13-CR-00008-SLG |
| Plaintiff, | ) |
| | ) MOTION TO EXCLUDE TESTIMONY |
| v. | ) OF GOVERNMENT WITNESS JUDY |
| | ) PLETNIKOFF |
| JAMES MICHAEL WELLS, | ) |
| Defendant. | ) |
| | ) |
| | ) |

**SPEEDY TRIAL STATUS**

A period of additional excludable delay under 18 U.S.C. § 3161(h) will NOT occur as a result of the filing this motion as this motion will not result in any delay of trial as the Court has ruled this a complex case and has set trial for September 9, 2019, taking into account any pretrial motions that will be filed in this case.

## I.   INTRODUCTION

Defendant Wells through counsel Peter A. Camiel and Gary Colbath

moves this Court to exclude the testimony of government witness Judy

Pletnikoff.  Pletnikoff testified in the government's rebuttal case at the first

trial, her testimony is attached as attachment A. The government has advised that it anticipates calling her as a witness again on retrial. However, Pletnikoff's testimony should be excluded as it is without foundation, based largely on hearsay, and is irrelevant, speculative, argumentative, and unfairly prejudicial. It should be excluded pursuant to F.R.E. 401, 403, 404, and 608.

## II.   FACTS

### A. Pletnikoff's prior Testimony

At trial, the government called Judy Pletnikoff in rebuttal for essentially three purposes. First she testified about Nancy Wells' prior "practice" of leaving her vehicle at the Kodiak airport or having it moved while gone and how that practice changed over time. TR 3547-48. Second, she testified about a purported "change in behavior" she noted in Jim Wells which she related to occurring after his work trip to Shemya.[1] TR 3549-51. And third, she testified regarded an incident that happened *after the murders* where she described Jim Wells as telling her to not speak with the FBI and getting mad or upset when discussing the topic. TR 3551-52.

### B. Pletnikoff's Anticipated Testimony

The government has not provided any new discovery regarding Judy Pletnikoff nor alerted the defense to any matters beyond her prior testimony that she is expected to testify about. However, during a subsequent interview

---

[1] The timing reference was really only made through response to leading and suggestive questions posed by government counsel then agreed to by Pletnikoff, she of course was not present for any events in Shemya.

by the defense, Pletnikoff provided the following basic information, which is summarized for purposes of this motion:

Once when she was at Jim's house, he said to her: "I don't believe in divorce, I believe in murder". It scared her the way he said it, and she said she did not think he was joking. She noted that she wanted to say this when she was on the stand last time, but she was told Judge Beistline would not let it in. It is the one thing she really hopes the jury gets to hear at this trial. She thinks it is important for the jury to hear it. She said she even thought about blurting it out at the last trial, but decided not to.

Although Pletnikoff gave a lengthy interview with law enforcement during the initial investigation of this matter and generally did not have anything really negative to say about Jim Wells, her demeanor, tone and "knowledge" of the case is markedly different today. It is highly apparent that she has been told about and read substantial second-hand information about the case which has affected her beliefs and anticipated testimony. Her statements to the defense make her prior testimony, which was not relevant in the first instance, even more concerning.

## III. ARGUMENT AND AUTHORITIES

The court is well aware of the significance of the evidence surrounding the alleged use of the Wells' Honda CRV in the murders. Pletnikoff's testimony about Nancy Wells' past "practices" regarding what she did or did not do relative to the storage and movement of her car while travelling is blatant character evidence. The evidence is offered as a character trait or habit of Nancy Wells regarding storage of her car while traveling. It is being offered

for the direct purpose of showing conformity (or lack of conformity in this case) with that trait or habit. Use of this evidence is inappropriate in this instance.

Fed. Rule 406 prescribes: "Evidence of a person's habit ... may be admitted to prove that on a particular occasion the person ... acted in accordance with the habit ...." "In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." *United States v. Angwin*, 271 F.3d 786, 799 (9th Cir.2001), overruled on other grounds by *United States v. Lopez*, 484 F.3d 1186 (9th Cir.2007). "The burden of establishing that certain conduct qualifies as evidence of habit falls on the party wishing to introduce the evidence." *Id.*

First, the government cannot show the Wells' had a set habit as respects what they did with their car on occasions when Nancy Wells travelled. Indeed, Pletnikoff admitted during her testimony that during Nancy's trip in April of 2012, when the murders occurred, she did not get any request to be involved with moving Nancy's car noting that "No, not at that time, because Jim was in town, so that would have been – the job would have fallen on him." Thus, not only does Pletnikoff not have sufficient knowledge to lay the foundation to establish any habit testimony, she acknowledged that the habit she was describing (her being involved with removing the car from the airport grounds) was not something that happened when Jim Wells was in town. The

government cannot show that there was any regular pattern of behavior relative to the handling of the Wells' car and this evidence should be excluded.

Next, with respect to a "change in Jim Wells' behavior" following a trip to Shemya, Pletnikoff's testimony should be excluded under the court's prior ruling on character evidence, Docket 1074. Her description of Wells' "behavior," which is by itself calls for a broad, generic character description, is not offered to demonstrate the work environment at T-2 where the murders occurred, and it is different from and in addition to the characterizations set forth in Docket 1074. Under the Ninth Circuit's previous decision and this court's subsequent rulings, admission of character traits were permitted only to the extent they "provided background information regarding Wells' relationships with this co-workers, his working environment and his work history, all of which is relevant in a workplace homicide prosecution." *United States v. Wells*, 879 F.3d 900, 926 (9th Cir. 2018).

Pletnikoff did not work for the Coast Guard and her observations were limited to her personal, non-work related interactions with Wells. She had nothing to do with the Shemya. Her testimony relates to a purported general change in behavior (whatever that means) is how Wells acted from the past 20 years she knew him to the more recent months prior to the murders. It is not testimony regarding work place behavior and she was not involved with the rigger shop whatsoever. As such her opinion generally about any change in

behavior is overly broad, vague, and irrelevant as respects the issues at trial. It should be excluded under Rules 404 and 403.

Next, Pletnikoff's feelings about post-incident statements that Jim Wells allegedly made about the FBI investigation are irrelevant and prejudicial. Wells' disputes making the statements, they are not recorded, and no other witness corroborates that they were made. Nevertheless, the government apparently intends to elicit Pletnikoff's reaction to Wells' alleged statements to show that she felt "Intimidated. Violated. And very threatened."

Pletnikoff's perception of this conversation and feelings about it are irrelevant and can only be offered to show Wells' purported character for threats or violence. The defense will NOT be introducing evidence of Wells' reputation for non-violence or peacefulness. Therefore, rebuttal testimony of this nature will not be appropriate. Also, the prejudicial effect of these post-event statements, if made, outweighs any marginal probative value they may have. The statements should be excluded under Rule 403. Relevant evidence may be excluded under F.R.E. 403 if its probative value is substantially outweighed by one or more of the articulated dangers or considerations. Those include unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Finally, Pletnikoff's statements to the defense, regarding some alleged statement made by Jim Wells at some time in the distant past, regarding "murder," are very concerning and should be excluded. It appears from the

information provided by the witness to the defense that the government likely knew of this statement and Pletnikoff's desire to get the information in front of the jury. The defense can find no record of the matter being discussed during any pretrial hearing or in motions practice. Nor did the court rule on any such testimony at trial. Thus, it appears likely the government simply told Pletnikoff previously that the judge would not allow this. Testimony of an instance like Pletnikoff describes is a prohibited specific instance of conduct prohibited under Rule 608 (b).

While the prosecution was right in the first instance, the trial judge would or should not allow this highly inflammatory and prejudicial testimony, it is very concerning that Pletnikoff is still focused on it some 6 years later and continues to hold the belief that it is "important information for the jury to know." This belief highlights the prejudiced nature of this witness's testimony and should alone serve as a basis for excluding her testimony. The court should certainly pre-emptively caution the government to avoid any circumstance where Pletnikoff or any other witness can insert such testimony before objection could be made at trial.

## IV.  CONCLUSION

The government should not be allowed to prove its case with remote, speculative, character/propensity evidence. For all the reasons stated herein above, the testimony of Judy Pletnikoff should be excluded.

DATED this 29th day of July, 2019.

Respectfully submitted,

/s/Gary Colbath
Assistant Federal Defender
Attorney for Defendant Wells

/s/Peter A. Camiel
Peter A. Camiel WSBA 12596
Attorney for Defendant Wells

Certificate of Service:
I hereby certify that I electronically filed
the foregoing and any attachments with
the Clerk of Court for the United States
District Court for the District of Alaska by
using the district's CM/ECF system on July
31, 2019. All participants in this case are
registered CM/ECF users and will be
served by the district's CM/ECF system.
/s/ Gary G. Colbath