BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
christina.sherman@usdoj.gov
kelley.l.stevens@uscg.mil

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | ) | No. 3:13-cr-00008-SLG |

**SUPPLEMENT OF THE UNITED STATES ON CONDITIONAL RELEVANCE OF APRIL 19, 2012 VIDEO**

The United States submits the following position on the admissibility of the April 19th video at trial. The video and accompanying screen shots are admissible as relevant

demonstrative evidence upon which the jury can incorporate into its deliberations if the court, in examining all the evidence in the case, decides that the jury could reasonably find the conditional fact that the vehicle depicted on the April 12th video was consistent with, or was in fact the Wells' Honda CRV. With that finding, at the conclusion of all the evidence, the April 19th video would be admitted.

The foundation for the April 19th video has already been laid before this court from the testimony of Special Agent Joe Sturgis. Given that the April 19th video was substantially similar to the April 12th video, any inconsequential differences go to weight, and the jury, with an appropriate instruction, are free to accept or disregard some, part or all the video in the normal course.

**A. Under FRE 104(b) the April 19th Video is Admissible as Demonstrative Evidence**

FRE 104(b) provides as follows: "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." FRE 104(b) makes no distinction between whether 'evidence' is demonstrative or substantive. In this instance the conditional admission is that if the jury concludes the vehicle depicted on April 12th is in fact Wells' blue Honda CRV then they may further examine and/or consider the April 19th video and the accompanying captures and give it the weight they feel it deserves or does not deserve.

For purposes of this motion the United States relies on the U.S. Supreme Court case of *Huddleston v. United States*, 485 U.S. 681, 690–91, 108 S. Ct. 1496, 1501–02, 99

L. Ed. 2d 771 (1988). In *Huddleston,* the court found that when determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. Instead, the court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact—in *Huddleston,* that televisions were stolen, here, that Wells' CRV was present captured on video on April 12, 2012, by a preponderance of the evidence. *Ibid, citing,* 21 C. Wright & K. Graham, Federal Practice and Procedure § 5054, p. 269 (1977). The *Huddleston* court noted that the trial court has traditionally exercised the broadest sort of discretion in controlling the order of proof at trial, and saw nothing in the Rules of Evidence that would change such a practice. For example, as is often the case, a trial court may decide to allow the proponent to introduce evidence concerning a similar act, and at a later point in the trial assess whether sufficient evidence has been offered to permit the jury to make the requisite finding. If that 'minimum standard of proof' is not met, the trial court must instruct the jury to disregard the evidence. Such would be the case here. *Huddleston,* 108 S.Ct. at 1501-1502.

*Huddleston,* a FRE 404(b) case, emphasized that in assessing the sufficiency of the evidence under Rule 104(b), the trial court must consider all the evidence presented to the jury. "[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts." That too would the situation here. *Citing, Bourjaily v. United States*, 483 U.S. 171, 179–180, 107 S.Ct. 2775, 2781, 97 L.Ed.2d 144 (1987). *see also, United*

*States v. Evans*, 728 F.3d 953, 962 (9th Cir. 2013) and *United States v. Norris*, 428 F.3d 907, 913–14 (9th Cir. 2005)

Rule 104(b) itself provides that where "the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Fed.R.Evid. 104(b). If "the foundation evidence is sufficient to support a finding of fulfillment of the condition ... the item is admitted." Fed.R.Evid. 104(b) advisory committee notes. Furthermore, if "after all the evidence on the issue is in, pro and con, the jury could reasonably conclude that fulfillment of the condition is not established," the evidence is admitted, because "the issue is for [the jury]." *Id*. (emphasis added). Only if "the evidence is not such as to allow a finding, [does] the judge withdraw[ ] the matter from [the jury's] consideration." FRE 104, Notes to Subdivision (b). However, when "determining whether the [party introducing evidence] has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the [party] has proved the conditional fact by a preponderance of the evidence." *Huddleston*, 108 S.Ct. at 1501-02. "The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence." Id.

Rule 104(a) provides the trial court with the authority to decide questions that might make evidence inadmissible under some other rule of evidence (or under the Constitution, a federal statute, or other Supreme Court rules), but it does not itself provide a substantive basis for excluding the evidence. *See United States v. Brewer*, 947

F.2d 404, 409 (9th Cir.1991) ("Rule 104 ... is limited to the preliminary requirements or conditions that must be proved before a particular rule of evidence may be applied."). For example, trial courts can exercise their authority under Rule 104(a) to determine that a statement was made for the purposes of medical diagnosis, making it admissible under Rule 803(4), *see United States v. Lukashov*, 694 F.3d 1107, 1115 (9th Cir.2012), *cert. denied*, —— U.S. ——, 133 S.Ct. 1744, 185 L.Ed.2d 801 (2013); that a conspiracy existed, making certain co-conspirator statements admissible under Rule 801(d)(2)(E), *see Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); and that an agency relationship existed, making certain statements admissible under Rule 802(d)(2)(D), *see Hilao v. Estate of Marcos,* 103 F.3d 767, 775–76 (9th Cir.1996). In each circumstance, the trial court uses its Rule 104(a) authority to determine "the existence of a condition," which in turn determines "[t]he applicability of a particular rule of evidence." Fed.R.Evid. 104(a) advisory committee notes. These conditional relevance applications are no different than that facing the court on this issue. The April 19th video should be admitted or conditionally admitted. Any discrepancies in the two go to weight, and the court can, at the conclusion of the case, elect as to whether after all the evidence on the issue is in, pro and con, the jury could reasonably conclude that fulfillment of the condition is or is not established, i.e., that the Wells' vehicle was present or not in the April 12, 2012 video. If so, then the April 19th video and captures are admissible.

## B. CONCLUSION: Proposed Instruction

When video is admitted as demonstrative evidence, the trial court gives a cautionary instruction that the video represents only a recreation of the proponent's version of the event, that it should in no way be viewed as the absolute truth, and that, like all evidence, it may be accepted or rejected in whole or in part. The court should also call attention to any assumptions upon which the animation is based, as well as any other particular facts that warrant a cautionary instruction. Here, after concluding/finding the April 19th video admitted, a cautionary instruction along the lines of "to the extent that you find the video and screen captures helpful to you in your deliberations, you may accord it as much or as little weight as you choose. If you find that the video was not an [accurate, or fair or appropriate] demonstration of what it purported to describe, you are instructed to disregard it in your deliberations."

RESPECTFULLY SUBMITTED August 6, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2019, a true and correct copy of the foregoing was served electronically on:

Counsel of Record

s/ Steven E. Skrocki
Office of the U.S. Attorney