BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email:   steven.skrocki@usdoj.gov
         christina.sherman@usdoj.gov
         kelley.stevens@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) No. 3:13-cr-00008-SLG <br> vs. ) <br> ) <br> JAMES MICHAEL WELLS ) <br> ) <br> Defendant. ) <br> _____ ) | |

**UNITED STATES' RESPONSE TO DEFENSE MOTION TO EXCLUDE TESTIMONY OF GOVERNMENT WITNESS JUDY PLETNIKOFF**

COMES NOW the United States of America, by and through the above-named

counsel, and files with the Court this response to the Defense Motion to Exclude the

Testimony of Government Witness, Judy Pletnikoff. (Doc. 1089).

In its motion, the defense specifically seeks the exclusion of Judy Pletnikoff's testimony, alleging that "it is without foundation, based largely on hearsay, and is irrelevant, speculative, argumentative, and unfairly prejudicial." Dkt 1089 at 2. Specifically, the defense opposes four areas of her anticipated testimony. First, the defense objects to Ms. Pletnikoff testifying to a statement of the defendant whereby he told her that, "[he doesn't] believe in divorce, [he believes] in murder."[1] Second, the defense takes issue with Ms. Pletnikoff testifying about the routine employed by Jim and Nancy Wells to move the Wells' blue Honda CRV from the 2 hour parking location at the Kodiak airport to either their residence or behind Island Air, where they would not have to pay for parking or risk getting a ticket. Third, the defense seeks to preclude Ms. Pletnikoff's testimony regarding additional statements made by the defendant following the murders whereby he exclaimed to Ms. Pletnikoff, "I told you not to talk to them. You're to slam down the phone if [the FBI] calls." And finally, the defense moves to exclude any statement from Ms. Pletnikoff surrounding her observations of Jim Wells following his return from Shemya Island.

### I. "I Don't Believe in Divorce, I believe in Murder" and Jim Wells' Behavior After Returning from Shemya.

The government submits that it does not plan on eliciting testimony from Ms. Pletnikoff regarding these two incidents and will instruct Ms. Pletnikoff to not voluntarily offer them during her testimony. Should circumstances arise that warrant the introduction

---

[1] The defense advised that they received this information from an interview they conducted with Ms. Pletnikoff and provided an alleged "summary" of this one statement. The defense failed to provide the entire statement to this motion and has not provided the same to the government.

U.S. v. James Michael Wells
3:13-cr-00008-SLG                    2

of his statement, "I don't believe in divorce, I believe in murder", the government will notify the Court and request a hearing outside the presence of the jury.

## II. Jim and Nancy Wells' Routine Blue Honda CRV Parking Arrangements at Kodiak Airport.

The defense bases their argument for the exclusion of this piece of evidence on lack of habit and submits that this evidence falls under the protections of Fed.R.Evid. 404(b) arguing inter alia,

> that [Nancy Wells'] 'practices' regarding what she did or did not do relative to the storage and movement of her car while travelling is blatant character evidence…offered as a character trait or habit of Nancy Wells regarding storage of her car while traveling.

Defense Motion, Dkt 1089 at 3. The government submits that this evidence falls wholly outside of 404(b) as it is not bad acts or similar other acts and that the testimony of Ms. Pletnikoff is relevant evidence, intrinsic to the case and provides necessary context surrounding the defendant's plan and preparation for committing the murders on April 12, 2012.

Notwithstanding that the government believes that this evidence is not bad act or other similar act evidence requiring analysis under Fed.R.Evid. 404(b), Federal Rule of Evidence (FRE) 404(b) only applies to evidence of wrongful or other acts that are "extrinsic" to the charged offense. Evidence that is inextricably intertwined with the instant crime charged, however, is considered to be intrinsic and therefore exempt from the prohibition on character evidence in FRE 404(b). <u>United States v. Vizcarra–Martinez</u>, 66 F.3d 1006, 1012 (9th Cir.1995).

The Ninth Circuit has permitted evidence as intrinsic in two instances. First, evidence may be inextricably intertwined with the instant offense where the other act "constitutes a part of the transaction that serves as the basis for the criminal charge." Id at 1012. Second, evidence may be admitted as intrinsic where "it [is] necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime...." Id. at 1012–13.

The government offers the testimony of Ms. Pletnikoff under this second permissible use because it is evidence that is "necessary to permit" counsel for the government to "offer a coherent and comprehensible story regarding" Wells' commission of the murders; specifically his plan to swap out cars and his staging of the vehicle in preparation to commit the murders. See United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012) (alteration and internal quotation marks omitted). This is because "[t]he jury cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." Vizcarra–Martinez, 66 F.3d at 1013 (original alteration marks and quotation marks omitted).

Ms. Pletnikoff's testimony surrounding the Wells' common routine of moving their blue Honda CRV to avoid paying for parking enables the United States to provide a coherent and comprehensible story of how Jim Wells was able to switch out his commonly recognized white Dodge truck to his lesser recognized and more inconspicuously associated directly to him blue Honda CRV. Judy Pletnikoff's testimony about their airport parking practices, provides the background of how Wells, despite accompanying Nancy

Wells to the airport to see her off, left her car parked in front of the terminal in the 2 hour parking, choosing not to move it to long term parking or behind Island Air, or arrange for Para Upchurch to assist with moving it as they had done before. With Ms. Pletnikoff's testimony, the government can present a more coherent and comprehensible story surrounding defendant's thought, careful preparation, and well-coordinated planning that went into committing these killings in a manner to go completely undetected. This theme, applicable to the Wells' deviating from their normal course of action when dealing with their car at the airport, similarly forms the fundamental basis of the government's overarching theory - that the defendant carefully planned each intrinsic detail related to the timing for carrying out, and ultimately executing, these targeted killings; all of which is proper and admissible under the law.

The defense argues that the evidence here is character evidence and thereby excludable under Fed.R.Evid. 404(b) even though the evidence shows that on the day Nancy Wells left for her work trip, Jim Wells did not act in conformity with his prior acts of moving the car. In this case, Wells deviated from his usual modus operandi – in other words, he did not act in conformity with his previous behavior, which were not bad acts or similar acts at all. Further, the defense failed to provide any legal support to their argument that this is character evidence subject to analysis under 404(b), citing no case law upholding their blanket conclusion that behavior differing from one's previous similar good/normal behavior also constitutes character evidence entitling the defendant to the same evidentiary safeguards under 404(b). Notwithstanding their lack of legal support, assuming arguendo

this evidence is not intrinsic, and is in fact character evidence, then it is admissible to show the defendant's plan and preparation.

In the Ninth Circuit, a four-part test is used to determine the admissibility of evidence pursuant to Rule 404(b):

> [s]uch evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.

Romero, 282 F.3d at 688 (citation omitted). The government "has the burden of proving that the evidence meets all of the above requirements." United States v. Arambula–Ruiz, 987 F.2d 599, 602 (9th Cir.1993). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." Romero, 282 F.3d at 688 (citation omitted).

Rule 404(b) is a rule of inclusion – not exclusion. See United States v. Curtin, 389 F.3d 935, 944 (9th. Cir. 2007)(en banc). The Supreme Court embraced this inclusionary understanding of Rule 404(b) and its handling of "other acts" in Huddleston v. United States, 485 U.S. 681 (1988):

> Federal Rule of Evidence 404(b)-which applies in both civil and criminal cases-generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge. Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.

Id. at 685. The fact that the Wells' customarily and routinely moved the blue Honda CRV

to avoid parking fees and leaving it at the airport, is material to prove that Wells planned to stage the car at the airport in order to swap it out with his more well-recognized Dodge truck. This intentional and thought-out-step was part of his overarching plan and critical to the preparation of committing these murders undetected. Wells' concerted coordination of his get-away vehicle certainly is not of marginal relevance but rather is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Second, the fact that Jim and Nancy Wells would either move the car or have others move the car, occurred well within the last year, as Para Upchurch, Judy Pletnikoff and even Nancy Wells herself indicated to investigators. <u>See</u> Summary of Nancy Wells' Statement and Compilation of Para Upchurch Statements to Investigators, attached herein as Exhibits 1 and 2, respectively. Three individuals, including Nancy Wells herself, two of whom the government will call during their case-in-chief, advised investigators shortly after the murders that it was common practice for the Wells' to not leave the blue Honda CRV at the airport. The movement of the blue Honda CRV was executed by either arranging a ride from someone to the airport, having someone retrieve the car if they traveled off island together, or by having Jim Wells himself move it, including to behind Servant Air – all to avoid having to pay for parking.

Lastly, the probative value of this evidence does not outweigh the danger of unfair prejudice. The admission of prejudicial evidence, without more, cannot be

unconstitutional. All evidence introduced against a criminal defendant might be said to be prejudicial if it tends to prove the prosecution's case. The key however, is whether it "far" outweighs its probative value. See e.g., United States v. LeMay, 260 F.3d 1018, 1026 (9th Cir. 2001). LeMay further highlights that, "[p]otentially devastating evidence of little or no relevance would have to be excluded under Rule 403." Id. Here, the evidence is not of marginal relevance. It highlights a key probative and relevant step in Wells' overarching plan and preparation to kill his colleagues undetected; a highly relevant fact integral to the United States' theory of the case.

### III. "I told you not to talk to them. You're to slam down the phone if they call."

The defense submits that this Court should also exclude the defendant's own statement made to Ms. Pletnikoff following the murders, arguing that Jim Wells' very own statements specifically related to the murder investigation against him are somehow irrelevant. Dkt 1089 at 6. They fail to provide any argument as to how a murder suspect's own statement, directing a witness to obstruct justice in the very investigation centered on them, and made following the commission of the crime, is irrelevant. Fed.R.Evid. 401. Quite the contrary, his statement, made after the murders and directly related to the investigation of the murders, evidences his consciousness of guilt. Other courts have recognized attempts to influence the testimony of a witness to show consciousness of guilt of the crime charged. Ordering a witness to not participate in an investigation in a threatening manner resulting in intimidation, shows consciousness of guilt and is therefore relevant. See e.g., Ortiz–Sandoval v. Gomez, 81 F.3d 891, 897 (9th Cir.1996); United

U.S. v. James Michael Wells
3:13-cr-00008-SLG                               8

States v. Meling, 47 F.3d 1546, 1557 (9th Cir.1995). See also, United States v. Collins, 90 F.3d 1420, 1428 (9th Cir.1996) ("evidence of ... attempts to induce witnesses to lie is indicative of consciousness of guilt and may be placed before the jury"); United States v. Macklin, 927 F.2d 1272, 1279 (2d Cir.), cert. denied, 502 U.S. 847, 112 S.Ct. 146, 116 L.Ed.2d 112 (1991) (attempts to influence the testimony of a witness admissible as evidence of consciousness of guilt.) This type of evidence is "second only to a confession in terms of probative value." Meling, 47 F.3d at 1557.

Turning now to the analysis under Fed.R.Evid. 403, although "[t]he potential of unfair prejudice from the introduction of threats is 'severe,'" the prejudicial effect of this statement does not outweigh its probative value. This threatening order to not cooperate with the FBI was neither detailed nor inflammatory, and the Court may give an appropriate limiting instruction to guide the jury in treating it as evidence of the defendant's consciousness of guilt rather than evidence of guilt itself. See United States v. Ryncarz, 63 F. App'x 306, 307 (9th Cir. 2003) citing Ortiz–Sandoval, 81 F.3d at 898 (internal quotes omitted).

As such, given this testimony's probative value evidencing the defendant's guilty conscience, outweighing the prejudicial impact the defendant's non inflammatory order to Ms. Pletnikoff may have on him at trial, it should be allowed followed by a limiting instruction on the credibility of the witnesses as a whole and on the appropriate use of this evidence to be applied to the defendant's guilty conscience.

//

U.S. v. James Michael Wells
3:13-cr-00008-SLG                 9

## IV. Conclusion

Ms. Pletnikoff's statements surrounding the Wells' routine practice of moving their blue Honda CRV to avoid leaving it at the airport when they either individually or jointly traveled off island, remains an integral fact to the government's presentation of its case and is necessary to help the jury understand Wells' specific plan and choreographed preparation. If in fact considered character evidence, it is nonetheless admissible to show the defendant's plan and preparation. Further, Ms. Pletnikoff's statement regarding Wells' threatening order to not talk to the FBI is evidence of his consciousness of guilt and, with an appropriate limiting instruction, is admissible and should not be excluded.

Accordingly the United States respectfully requests that this Court deny the defense's motion to exclude Ms. Pletnikoff's statement surrounding the Wells' car parking practices at the Kodiak airport and her testimony related to Wells' order to not cooperate with the investigation. The government does not request oral argument on this motion.

RESPECTFULLY SUBMITTED August 7, 2019, in Anchorage, Alaska.

> BRYAN SCHRODER
> United States Attorney
>
> s/Kelley Stevens
> KELLEY STEVENS
> Special Assistant U.S. Attorney
> United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2019, a true and correct copy of the foregoing was served electronically on:

Counsel of Record

s/ Kelley Stevens
Office of the U.S. Attorney