BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
        christina.sherman@usdoj.gov
        kelley.stevens@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAMES MICHAEL WELLS, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:13-cr-00008-SLG |

**MOTION TO COMPEL DEFENSE INVESTIGATOR INTERVIEW OF UNITED STATES WITNESS TO COURT FOR EX PARTE, IN CAMERA REVIEW**

The United States files with the court a motion to compel a defense investigator interview of a United States trial witness to the court for an *ex parte, in camera* review on the issue of an appearance of a defense investigator possibly attempting to influence a United States witness by questioning the witness about 'confirmation bias' and implying that the United States investigation focused solely on Jim Wells. An affidavit from this witness is provided to the court as Exhibit 1 to this motion. Due to the nature of this type of questioning, the United States makes a fair and reasonable request that the defense provide the court with a complete copy of the interview for the court's review *ex parte* so that a proper inquiry can be conducted by this court, among other things concerning this type of interviewing conduct.

### A. FACTS IN RE DEFENSE INVESTIGATOR INTERVIEW OF UNITED STATES TRIAL WITNESS ABOUT 'CONFIRMATION BIAS'

Mr. Justin Bullis works for the United States Coast Guard in Miami and will be a United States witness at trial. Last week, while preparing Mr. Bullis for trial Mr. Bullis raised an issue which the United States now brings to this court, in that he was questioned about his understanding of 'confirmation bias' and other matters of alleged investigative shortcomings during his interview with a defense investigator. In support of the United States' motion, it attaches an affidavit of Mr. Bullis which provides the court with information as to a possibly unfair and arguably improper witness influencing tactic by a defense investigator with a United States' witness. The facts are as follows:[1]

---

[1] Such a tactic, if true, would be disfavored no matter who called the witness.

U.S. v. Wells
3:13-cr-00008-SLG                               Page **2** of **7**
Case 3:13-cr-00008-SLG   Document 1131   Filed 08/19/19   Page 2 of 7

-Last week, during trial preparation, Mr. Bullis informed the United States that a defense investigator from the Public Defender's Office in Pittsburgh, Pennsylvania interviewed him concerning the United States investigation of James Wells. Mr. Bullis, a member of the United States Coast Guard, freely elected to speak with the investigator, who actually arrived at Mr. Bullis' personal residence in Miami, Florida for the interview unannounced. Mr. Bullis was advised that the interview was in June, 2019, and that he was interviewed by Karina Mueller, a Federal Public Defender investigator. The United States has ascertained that Ms. Mueller is employed with the Federal Public Defender Agency in Pittsburgh, Pennsylvania. Mr. Bullis advised the United States that he was advised by Ms. Mueller that her interview with him was being audio recorded.

At the conclusion of Ms. Mueller's interview, Mr. Bullis, again, according to him, was asked questions by Ms. Mueller about 'confimation bias' and what he knew of the concept. Mr. Bullis indicates that phrase or concept was something he was not familiar with prior to it being mentioned by the defense investigator. At the conclusion of the interview Mr. Bullis notes that, in his view, the investigator implied that the United States' investigation suffered from 'confirmation bias' and that Mr. Wells maintains his innocence.

## B. REQUEST FOR *EX PARTE, IN CAMERA* REVIEW OF ENTIRE RECORDING MADE BY THE DEFENSE INVESTIGATOR TO THE COURT

The United States became aware of this interview tactic during its own pretrial preparation of Mr. Bullis last week. The United States was concerned about the

U.S. v. Wells
3:13-cr-00008-SLG　　　　　　　Page **3** of **7**
Case 3:13-cr-00008-SLG   Document 1131   Filed 08/19/19   Page 3 of 7

investigator's approach in interviewing a fact witness who allegedly took it upon herself to inject a defense theme/argument into a fact witness interview. In support of this motion, the United States sought an affidavit from Mr. Bullis to provide the court with facts as he recalled them. (See, Exhibit 1) If Mr. Bullis' memory is correct, the United States is surprised and concerned that a fact witness was interviewed by a defense investigator who, at the end of the interview, introduced, injected and presented a principal and/or main defense theory/argument to a trial witness in a pretrial interview. The only purpose of such a tactic would be to influence the witness' opinions of the United States investigation against Jim Wells either *in toto* or as a fact, particularly as Mr. Bullis was unaware of the theory.

    The basic concerns here are whether this was done, first of all, to this witness as alleged, and, more expansively, if this insinuation/influencing tactic was made to other United States' witnesses by the defense in an attempt at persuading them and/or influencing them that Wells was wrongfully investigated by the United States. The same question would be posed to whether the defenses' own witnesses have similarly been presented with the theory proponed by Dr. Reisberg. Basic official proceeding integrity, illumination of a possibly improper influencing of a witness, and because the court has reserved a ruling on several aspects of Dr. Reisberg's testimony, (see Docket 1070) compels court review and possible production to the United States in order for it to effectively examine this witness itself and/or, if true, to cross-examine any defense witnesses if the United States so elects as to what they were told about the length and breadth of the investigation overall, and not just in connection to Wells being a subject.

U.S. v. Wells
3:13-cr-00008-SLG             Page **4** of **7**
Case 3:13-cr-00008-SLG    Document 1131    Filed 08/19/19    Page 4 of 7

For now, because of this specific incident with Mr. Bullis, the United States seeks, by a reasonable and fair process, that the court compel for its own review, *ex parte*, and the entire audio interview of Mr. Bullis conducted by the defense investigator Karina Mueller. The United States makes this request so that the court can review the entire interview *ex parte, in camera* and make its own assessment of the nature of the questioning independent of the prosecution. The United States does not seek access to this recording at this time, unless the defense elects to so provide it. Instead, the United States seeks court review first, something which should not be objectionable. If Mr. Bullis is incorrect, it will easily be determined by court review. If Mr. Bullis is not correct, the defense can inform the court by pleading along with providing the complete audio interview for the court to review and verify. An even quicker resolution would be for the defense to simply provide the audio to the United States itself to prove this influencing did not occur, that avenue is open as well and the parties could quickly put this matter to rest.

This is a fair and reasonable approach to this somewhat troubling issue that carries with it a smattering, if true, of an improper attempt to persuade or influence a witness, whether it was the United States' witness or not, by biasing that witness against the United States' investigative actions in this case, or lack of actions. Said questions have nothing to do with facts concerning this case. However, if the investigator conducted a balanced interview by informing the witness of the actual nature and extent of the investigation performed in this case and the dozens of interviews, some of them multiple, conducted therewith, that would be illuminated as well.

U.S. v. Wells
3:13-cr-00008-SLG                      Page **5** of **7**
Case 3:13-cr-00008-SLG   Document 1131   Filed 08/19/19   Page 5 of 7

In, after review, the court so concludes this did occur, then the United States would request that the court produce the relevant portions of that interview, or the entire interview if the court deems it appropriate, to the United States for its own review for further action as the United States deems necessary by motion practice, use at trial or otherwise.

**CONCLUSION**

The United States takes a conservative, proper and non-objectionable approach by seeking an ex parte review of a recording of the defense investigator's interview questions with a United States witness which appears designed to improperly influence a prosecution witness. After its review, if the court concludes the questioning on the confirmation bias defense theory did occur, then the United State would request production of the interview segments the court deems appropriate to release, or review in its entirety if the court sees fit in order to provide overall context, all for the United States to review and in order to make further application to the court.

RESPECTFULLY SUBMITTED on August 19, 2019, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ *Steven Skrocki*
STEVEN E. SKROCKI
Deputy Criminal Chief
United States of America

U.S. v. Wells
3:13-cr-00008-SLG  Page **6** of **7**
Case 3:13-cr-00008-SLG   Document 1131   Filed 08/19/19   Page 6 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2019,
a copy of the foregoing was served
electronically on:

Counsel of Record

*s/ Steven Skrocki*
Office of the U.S. Attorney

U.S. v. Wells
3:13-cr-00008-SLG	Page **7** of **7**
Case 3:13-cr-00008-SLG   Document 1131   Filed 08/19/19   Page 7 of 7