Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
5200 Pike Street, Suite 2500
Seattle, WA 98101
Phone: (206) 624-1551
Email: petercamiel@yahoo.com

*Attorneys for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES MICHAEL WELLS, <br><br> Defendant. | Case No. 3:13-cr-00008-SLG <br><br> **DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION [1108] TO DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY ROBERT PLETNIKOFF & LUKE ROBINSON [1088]** |

Defendant James Michael Wells, through counsel Gary G. Colbath and Peter A. Camiel, files this reply in further support of Docket No. 1088, Defendant's motion to exclude the testimony of Robert Pletnikoff and Luke Robinson, and to address issues and misrepresentations contained in the government's opposition, Docket No. 1108.

## INTRODUCTION

In Docket No. 1088, Wells moved to exclude the testimony of government witnesses Robert Pletnikoff and Luke Robinson. The government responded and asserts that the testimony of each is relevant and admissible. See, Dk. 1108. The government's position regarding this motion relies on facts outside the first trial testimony and not responsive to the clear facts raised by the defense motion.

## FACTS

The "facts" recited by the government are not drawn from the testimony of either witness at the first trial but rather from apparent pretrial interviews or other sources not relevant here. The defense cited to trial testimony in its initial motion and attached the same for court review. In that testimony, Pletnikoff testified that he once saw Wells had "a rifle, 7 milli-meter, and some kind of a pistol sidearm. I think it was a -- I believe it was a stainless revolver. It was a large revolver, probably a .357, .44, something in that nature." TR 2230. Pletnikoff noted, however, that he never saw the gun "out of the holster. I saw him when he came aboard my boat [wearing] the firearm." And finally, he described that gun as having a handle that was "either dark wood or brown plastic, or something like that." *Id*.

Robinson testified that "he was over at the Wells' residence and observed that "[t]here were rifles out -- they had just gotten back from a hunting trip. There were rifles out by the kitchen table and a revolver on the table, some bags and things like

that. It was a silver pistol." TR 2244-45. When asked about whether he knew what the make, model or even caliber of the gun was, Robinson indicated "I have no clue." TR 2247.

## ARGUMENT & AUTHORITIES

The government argues these witness' testimony support an inference that the gun they saw was that belonging to John Stein, which the government has argued it will assert was the murder weapon in this case. See, Dk. 1039. The assertions about these witness' observations, both over a decade before the murder, and both seemingly unrelated to Stein's lost gun, now stretch the thin inferential rubber band the government rests its argument on to the breaking point.

First, in deciding Defendant's motion to exclude testimony by John & Terry Stein about Stein's lost gun, the Court concluded its order with a warning to the government as follows:

> As a measure against any unfair prejudice, the Government is cautioned to avoid stating or implying that the Stein revolver was, in fact, the firearm used in the homicides. In its response in opposition, the Government placed the Stein revolver on a scale ranging from "a possible murder weapon," "the suspected murder weapon," and "a likely murder weapon," to affirmatively calling it "the murder weapon."(footnote omitted) The Government may introduce testimony from experts and lay witnesses that supports its theory that the Stein revolver fits into of a category of firearms that could have been used in the commission of the homicides. However, the paucity of ballistics evidence directly linking the Stein revolver to the homicides warrants caution when presenting this theory to the jury. Unless more definitive evidence is presented at trial, referring to the Stein revolver as being the murder weapon or the likely murder weapon would be an improper reference to facts not in evidence.

Despite this caution, in its response to this instant motion regarding Pletnikoff and Robinson, the government represents that Pletnikoff's testimony supports the notion that he saw a firearm "the make and model of which experts will indicated was just one of three possible murder weapons." Dk. 1008, p. 6. It argues Robinson's testimony supports the inference that he saw "a stainless steel revolver not directly traceable to [Wells], the same make and model that experts identified as one of just three possible murder weapons." Dk. 1008, p. 7-8. And describes the testimony of both as supporting "the government's theory that the defendant had access to one of only three possible make and model firearms believed to have fired the bullets that killed the two victims." Dk. 1008 p. 10.

If the Court reviews the trial testimony of each person, they clearly could not specific identify the make, model or even caliber of the gun they briefly saw. It is abundantly clear they could not say it was a Smith & Wesson Model 629, much less the exact gun John Stein lost in 1996. The testimony is therefore unhelpful to the jury and just invites speculation.

More concerning is the government's continued misrepresentation and mischaracterization of the facts and weight of its ballistic evidence. These were a concern at the time the government filed its response to the Stein motion. Given these same and repeated overstatements in the face of and contrary to the Court's clear admonition to avoid doing so, the defense seeks further order from the Court

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-SLG                                                                                         Page 4

Case 3:13-cr-00008-SLG   Document 1132   Filed 08/19/19   Page 4 of 5

cautioning the government against such improper tactics in addition to an order excluding the testimony of John Pletnikoff and Luke Robinson.

DATED at Anchorage, Alaska this 19th day of August, 2019.

Respectfully submitted,

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender

*/s/ Peter A. Camiel*
Peter A. Camiel WSBA 12596
Attorney for Defendant

*Attorneys for James Michael Wells*

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on August 19, 2019. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary G. Colbath*