BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
       christina.sherman@usdoj.gov
       kelley.stevens@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-SLG |
| Plaintiff, | ) |
| vs. | ) |
| JAMES MICHAEL WELLS, | ) |
| Defendant. | ) |

**UNITED STATES' NOTICE OF INTENT TO INTRODUCE PRIOR TESTIMONY OF DECEASED WITNESS**

COMES NOW the United States of America, by and through above-named counsel,

and files with this Court notice that it intends to introduce the prior sworn testimony of John Pearson at the upcoming retrial in the present matter.

**I.     Introduction**

John Pearson testified under oath for the government in rebuttal. *See* Docket 755, pages 136-154. He was subject to cross-examination during his testimony. On August 15, 2019, the government learned that John Pearson passed away in 2017. The government has requested agents obtain a copy of his death certificate, but have not yet received it. However, included as Exhibit 1 to this notice is the obituary of John Pearson published in the Frontiersman Newspaper on September 7, 2017, as evidence of his death and therefore unavailability.

**II.    John Pearson's Prior Testimony is Admissible Under FRE 804(b)(1).**

Federal Rule Evidence 804(a)(4) states, "[a] declarant is considered to be unavailable as a witness if the declarant cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness."

The Rule 804 continues that,

> The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
> (1) Testimony that:
>   (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>   (B) is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

FRE 804(b)(1).

As far back as 1895, the United States Supreme Court recognized the admission of prior sworn trial testimony in a retrial as admissible and not in violation of the Confrontation Clause. *See Mattox v. U.S.* 156 U.S. 237 (1895). In *Mattox*, the trial court had allowed the court reporter's stenographic notes of the prior trial testimony of a deceased witness to be read into evidence. *Id*. at 240. On appeal, Mattox argued that this violated his right to confront the witnesses against him. However, the court found "the authority in favor of the admissibility of such testimony, where the defendant was present either at the examination of the deceased witness before a committing magistrate, or upon a former trial of the same case is overwhelming." *Id.* at 241.

Moving more than a century ahead to *Crawford v. Washington*, 541 U.S. 36 (2004), the United States Supreme Court, in addressing the admissibility of out-of-court testimonial statements, took time to review the history of the Confrontation Clause and the admissibility of former testimony, noting specifically that prior trial testimony is admissible so long as the witness is unavailable and was subject to cross-examination. *Id*. at 53-59.

FRE 804(b)(2) requires a "similar motive" for cross examination. The Supreme Court reinforced this requirement of a "similar motive" in *United States v. Salerno,* 505 U.S. 317 (1992). The guidance provided as to how this analysis should be done came in the Court's concurrence, "[b]ecause 'similar motive' does not mean 'identical motive,' the similar-motive inquiry, in my view, is inherently a *factual* inquiry, depending in part of the

similarity of the underlying issues and the context of the grand jury questioning." *Id.* at 326 (Blackmun, J., concurring).

The Ninth Circuit Court of Appeals has interpreted this "similar motive" to require a comparison of "fundamental objectives" of the prior hearing where the testimony was provided and the current hearing where it is being admitted. *See United States v. Duenas*, 691 F.3d 1070, 1086 (9th Cir. 2012).

In *Duenas,* the Ninth Circuit ultimately found that it was improper to admit the prior testimony of an officer given at a suppression hearing at the trial of the defendant when the officer had died in the interim, because the fundamental objective of cross examination at the suppression hearing was different than the fundamental objective of that at a trial. *Id.* at 1090.

In *United States v. Geiger,* 263 F.3d 1034 (9th Cir. 2001), the Ninth Circuit compared the fundamental objective of the two hearings. The prior testimony from an officer at a state suppression hearing with the same being proffered at federal suppression hearing on the same legal issues. The court held this admission was proper. *Id.* at 1038-1039. Geiger had argued the cross-examination at the state hearing focused on different areas than the federal hearing. However, The Ninth Circuit noted,

> [a]ny failure to cross-examine Churchhill resulted not from lack of opportunity but from the defense attorney's utilization of that opportunity. *See Koon,* 34 F.3d at 1426; *see also Delaware v. Fensterer,* 474 U.S. 15, 20 (1985) ("[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent the defense might wish").

*Id.* at 1039.

U.S. v. James Michael Wells  Page 4 of 5
3:13-cr-00008-SLG

In the present case, John Pearson was a witness who testified under oath for the government and was subject to cross-examination by the defense during the prior homicide trial in this same case. Regardless of whether the defense theory has changed or whether counsel for either party would have asked different questions than the prior counsel, the motive – to cross examine Mr. Pearson in defense of the homicide charges – is similar to the present trial and therefore satisfies FRE 804(b). Mr. Pearson's testimony falls well within FRE 804(b)(1) and its admissibility does not violate the Confrontation Clause.

## III. Conclusion

The prior sworn testimony of John Pearson is admissible under FRE 804(b) as he is now deceased and the government intends to have an individual take the stand to read in a question and response fashion with government counsel. References to exhibits in the prior testimony will be displayed during the relevant portions of his testimony.

RESPECTFULLY SUBMITTED August 21, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Christina Sherman
CHRISTINA SHERMAN
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on August 21, 2019,
a true and correct copy of the foregoing
was served electronically on:

Counsel of Record

s/ Christina Sherman
Office of the U.S. Attorney

U.S. v. James Michael Wells     Page 5 of 5
3:13-cr-00008-SLG