## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>JAMES MICHAEL WELLS,<br><br>               Defendant. | Case No. 3:13-cr-00008-SLG |

### ORDER REGARDING MOTION TO EXCLUDE TESTIMONY OF ROBERT PLETNIKOFF AND LUKE ROBINSON

Before the Court at Docket 1088 is Defendant James Michael Wells' Motion to Exclude Testimony of Government Witnesses Robert Pletnikoff and Luke Robinson. The government filed a response.[1] With leave of the Court, Mr. Wells filed a reply.[2] Neither party requested an evidentiary hearing or oral argument on the motion.

At the first trial of this case, the government called witnesses Robert Pletnikoff and Luke Robinson in its case-in-chief. Mr. Pletnikoff testified that he had known Mr. Wells for at least 20 years and that they had hunted together.[3] He testified that one time in 1998 he saw Mr. Wells with a large stainless-steel revolver, "probably a .357, .44, something in that nature," that had a handle that "was either dark wood or brown plastic, or something like that."[4] Mr. Robinson testified that he had been friends with one of Mr.

---

[1] Docket 1108.

[2] Docket 1132.

[3] Docket 1088-1 at 2–3.

[4] Docket 1088-1 at 3–5, 8. Mr. Pletnikoff testified that he never saw the revolver outside of the "western style holster" Mr. Wells used to carry it. Docket 1088-1 at 8–9. Mr. Pletnikoff testified

Wells' sons during high school, and that on one occasion in high school when he was at the Wells' residence he saw a silver revolver on the kitchen table.[5] He testified that the silver revolver was "comparable" to the Smith & Wesson revolvers his own father owned, that it might have been a .357, but that he was not sure of the make or model.[6]

The defense asserts that "both of these individual's [sic] testimony should be excluded as it is remote, irrelevant, speculative, argumentative, and unfairly prejudicial. It should be excluded pursuant to F.R.E. 401, 403, 404, and 608."[7] The government responds by citing to other circuits' caselaw regarding the definition of relevance and prejudice, maintaining that the testimony is relevant because "the standard for relevance is a low one—does the evidence have any tendency to prove or disprove the disputed fact?" and that it is not violative of Evidence Rule 403 because "[t]he fact that the evidence may tend to convict the defendant does not make it unfairly prejudicial."[8] The defense replies that the government's position relies on statements made by the witnesses outside of trial that are not relevant.[9]

---

before the Grand Jury that he was not certain if the revolver was made of stainless steel. Docket 1088-1 at 11. He later told government investigators that he did not know what caliber the revolver was. Government Exhibit 3 at 05:27.

[5] Docket 1108-2 at 2–4.

[6] Docket 1108-2 at 3–6.

[7] Docket 1088 at 2. The motion does not explain how Evidence Rules 404 or 608 apply to this testimony. To the extent Mr. Wells' prior possession of revolvers are prior acts subject to Evidence Rule 404, the Court adopts and applies its reasoning from the Order Regarding the Motion to Exclude Testimony of John and Terry Stein (Docket 1062) and finds that this testimony is relevant to show opportunity, tends to prove a material point in issue, is not too remote in time, and is proven with testimony sufficient to show that the acts were committed.

[8] Docket 1108 at 2–3 (citing *United States v. Martinez*, 938 F.2d 1078 (10th Cir. 1991) and *United States v. Avants*, 367 F.3d 433, 445 (5th Cir. 2004)).

[9] Docket 1132 at 2. The Court finds that the witnesses' statements are relevant to the resolution of the motion regardless of whether they were given as testimony in the first trial. The parties

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of Robert Pletnikoff and Luke Robinson
Page 2 of 5

The witnesses' testimony is relevant, as it "has any tendency" to make a fact of consequence "more or less probable than it would be without the evidence."[10] First, it may support the government's theory that Mr. Wells was seen with the missing Stein revolver approximately one year after Mr. Stein had left it at the Wells' residence.[11] Second, as the defense noted in its motion, "the facts show that it is more likely that the guns that Pletnikoff and Robinson observed were NOT the Stein gun . . . ."[12] Testimony that Mr. Wells had had access to additional revolvers that are generally consistent with the type of firearm used in the homicides[13] has some tendency to make it more probable that Mr. Wells committed the homicides.[14] Thus, the testimony has relevance regardless

---

are not restricted to eliciting identical testimony as in the first trial. Additionally, the Court's resolution of this issue would not change even if it only considered the witnesses' testimony from the first trial.

[10] Fed. R. Evid. 401.

[11] Docket 1108 at 6, 7.

[12] Docket 1088 at 4 (emphasis in original). Mr. Pletnikoff told government investigators that he did not know John Stein and that he was not aware of Mr. Wells safekeeping or storing firearms for anyone. Government exhibit 3 at 07:54 and 15:24. Thus, even if they had the same characteristics, it is unlikely that Mr. Pletnikoff would have identified the revolver he observed as the Stein revolver.

[13] In their briefing, the parties have not discussed whether the revolvers observed by Mr. Pletnikoff and Mr. Robinson are consistent with the type of firearm that could have been the homicide weapon. However, the witnesses' testimony does not foreclose that the revolver(s) they observed could have been a .44 caliber firearm, which would be consistent with the homicide weapon in this case. *See* Docket 1061-1 (under seal) (laboratory report of bullets and bullet jackets recovered from the homicide scene).

[14] The defense appears to believe that Mr. Pletnikoff and Mr. Robinson observed Mr. Wells with two different revolvers: "the guns that Pletnikoff and Robinson observed . . . ." Docket 1088 at 4. The government appears to believe that the men observed Mr. Wells with the same revolver: "two separate individuals . . . individually identified a stainless steel revolver . . . ." Docket 1108 at 8. Whether Mr. Pletnikoff and Mr. Robinson observed the same or different revolvers has no effect on the Court's determination of this motion. The Court elects to use the plural form for readability but makes no finding that Mr. Pletnikoff and Mr. Robinson observed different revolvers.

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of Robert Pletnikoff and Luke Robinson
Page 3 of 5

of whether the revolvers Mr. Pletnikoff and Mr. Roberson observed were, in fact, the missing Stein revolver.

Evidence Rule 403 directs a court to exclude relevant evidence it its probative value is substantially outweighed by a danger of unfair prejudice. The defense has identified a number of areas of cross-examination it may explore with Mr. Pletnikoff and Mr. Robinson.[15] The Court finds that the probative value of the testimony is not outweighed by the danger of unfair prejudice.

However, similar to the testimony of John and Terry Stein, as a measure against any unfair prejudice the government is cautioned to avoid stating or implying that the stainless steel or silver revolvers were, in fact, the firearm used in the homicides or that they were the Stein revolver.[16] The government may introduce testimony from experts and lay witnesses that supports its theory that Mr. Wells had access to firearms that could have been used to commit the homicides, but the current record contains a paucity of evidence directly linking the stainless steel or silver revolvers to the homicides—or to the missing Stein revolver—that warrants caution when presenting this theory to the jury. Unless more definitive evidence is presented at trial, referring to the stainless steel or silver revolvers as being the murder weapon, the likely murder weapon, or definitively the Stein revolver would be an improper reference to facts not in evidence.

---

[15] *E.g.* their uncertainty of the identification of the firearm(s), the "threat" of perjury charges against Mr. Pletnikoff during his Grand Jury testimony, the differences between the revolver(s) they observed and the Stein revolver, and the length of time that has passed since their observations.

[16] *See* Docket 1062 (Order Regarding Motion to Exclude Testimony of John and Terry Stein).

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of Robert Pletnikoff and Luke Robinson
Page 4 of 5

In light of the foregoing, IT IS ORDERED that the motion at Docket 1088 is DENIED.

DATED this 22nd day of August, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Motion to Exclude Testimony of Robert Pletnikoff and Luke Robinson
Page 5 of 5