Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
520 Pike Street, Suite 2500
Seattle, WA 98101
(206) 624-1551
petercamiel@yahoo.com

*Attorneys for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　　Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**DEFENDANT WELLS' PROPOSED VOIR DIRE QUESTIONS** |

JAMES M. WELLS requests the Court to ask prospective jurors the following questions concerning their eligibility to serve at his trial. He also requests that the Court grant his attorneys two hours of attorney-directed voir dire after the Court's questioning is complete in order to permit the proper exercise of further cause and preemptory challenges.

//

## I. GENERAL INTRODUCTORY QUESTIONS

1. The indictment in this case is only an accusation; it is merely the manner by which an accusation is brought to court and is not evidence and can have no weight in your minds as evidence. Is there any juror who does not understand, or who needs further explanation of this principle?

2. Does anyone think that it is fair to assume that because a person has been charged with a criminal offense that they are likely guilty of that offense or guilty of at least some offense?

## II. PRETRIAL PUBLICITY

3. This case concerns a double homicide at a United States Coast Guard base in Kodiak, Alaska, in 2012, have you heard about this case?

4. If you have heard anything about this case, how did you hear about it?

5. What have you heard about this case? (To be asked individually and out of the presence of other jurors.)

## III. BURDEN OF PROOF QUESTIONS

6. You have probably heard the phrase "proof beyond a reasonable doubt" in connection with criminal cases; do you think that it is fair or unfair to require the government to prove its cases beyond a reasonable doubt? Why?

7. The law requires various levels of proof depending on the importance of the issue to be decided. For instance, the plaintiff in a civil case must convince you by a preponderance of the evidence, *i.e.*, more likely than not, that his or her claims are true.
In a criminal case, because personal freedom is at stake, the law sets a much higher burden of proof. In a criminal case, the government must convince all jurors beyond and to the exclusion of all reasonable doubt that each and every element of the crime charged is true before you can return a verdict of guilty. Do you understand the distinction? Do you agree with the distinction?

8. What would you do if you thought the accused person was probably guilty, but that the government had not convinced you of his guilt beyond a reasonable doubt?

9. Do you understand that a reasonable doubt can arise not only from the evidence produced, but also from a lack of evidence?

10. Do you realize that before you can return a verdict of guilty, the government must prove beyond a reasonable doubt each and every essential element of crime charged in the indictment?

## IV. PRESUMPTION OF INNOCENCE QUESTIONS

11. The law presumes that Mr. Wells is innocent of the charges the government has levied against him. The presumption of innocence alone is enough to acquit. Is there anyone here that will not or cannot follow that instruction?

12. Do you think an innocent person can be accused of a crime?

13. Are you aware of circumstances where an innocent person has been accused of a crime?

14. Do you believe that people, acting in good faith, can mistakenly accuse someone of something they did not do?

15. Do you believe that police and prosecutors, acting in good faith, can mistakenly accuse someone of something they did not do?

16. Do you understand that the presumption of innocence requires a not guilty verdict unless the government is able to prove each and every element of any charged offense beyond a reasonable doubt?

17. Do you believe that it is absolutely possible that Mr. Wells is not guilty of the charges?

18. Are you open to the possibility that Mr. Wells may be innocent and must be presumed innocent of the charges levied against him by the government in this case?

19. Do you think it is possible that prosecutors or the police make mistakes?

## V. QUESTIONS REGARDING TESTIMONY BY THE ACCUSED

20. Do you understand that no person charged in a criminal case has to produce any evidence in order to defend themselves?

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-SLG                                                                 Page 3

Case 3:13-cr-00008-SLG   Document 1160   Filed 08/23/19   Page 3 of 9

21. Under our legal system, the accused does not have to testify at his trial. At the end of the case, I will instruct you that if Mr. Wells does not testify, you are not to consider that fact in evaluating the evidence. Is there anyone who would find this instruction troublesome or difficult to follow?

22. If Mr. Wells did not testify at this trial, is there anyone who would assume that he had something to hide?

23. Under our legal system, the accused is also entitled to testify at his or her trial. At the end of the case, I will instruct you that if Mr. Wells does testify, you must evaluate his testimony the same way you would evaluate any other witness's testimony. Is there anyone who would apply a different standard to Mr. Wells' testimony as opposed to any other witness?

24. If Mr. Wells does testify at this trial, is there anyone who would assume that he is likely lying because he has been accused of these crimes?

## VI. CREDIBILITY QUESTIONS

25. Would you tend to believe a government agent more readily than other witnesses who may testify?

26. Do you believe that a government agent is less biased or more accurate than other witnesses who may testify?

27. Do you understand that the testimony of a government agent is not entitled to any greater weight than the testimony of any other witness merely because he or she is an agent of the government?

28. Do you believe that any witness no matter who they are may be mistaken about things?

29. Do you believe that government witnesses may be mistaken about things?

30. Do you believe that any witness, even if they are acting in good faith, might still be mistaken about something they testify about?

31. Are you willing to listen to evidence of over-zealousness on the part of law enforcement with an open mind, and give it the weight to which it is entitled?

//

## VII. EXPERT CREDIBILITY QUESTIONS

32. There will be a number of experts who testify in this case. Expert testimony generally involves knowledge, special study, training, or skill not within our ordinary experience. You are not obligated to accept a proposed expert's opinion about the facts at issue in the case or even matters related to their field of expertise. Will you be comfortable evaluating expert opinions using your own common sense?

33. Do you understand that you will be asked to evaluate their testimony like that of any other witnesses?

34. Do you believe that even an expert witness may be mistaken in their testimony?

## VIII. CIRCUMSTANTIAL EVIDENCE

35. There are two types of evidence: direct and circumstantial. Direct evidence is testimony from a person who claims to have personal knowledge of the commission of a crime. Circumstantial evidence is the proof of a chain of facts and circumstances which tend to show whether the defendant is guilty or not guilty. Do you understand the distinction?

36. What type of evidence would you expect to see in a homicide investigation? Would you expect the government to prove motive in a homicide case? How?

## IX. BACKGROUND QUESTIONS FOR POTENTIAL JURORS

37. Have you or any members of your immediate family ever been a party to a lawsuit? If so, what was the nature of the lawsuit? Were you a plaintiff or defendant? What was the outcome?

38. Would anything connected with the lawsuit affect your ability to be a fair and impartial juror in this case?

39. Have you, or any members of your family, ever been a witness or victim in any legal proceeding? If so, when? What was the nature of the proceeding?

40. Have you ever served on a Trial Jury? If so, where, when, and what was the nature of the case or cases?

41. Did you participate in deliberation in any of those cases? If so, how long did deliberation last?

42. What was the outcome of those cases in which you served as a juror?

43. Has anyone ever applied for a job with a federal or state agency? If so, which ones?

44. Is there anyone who intends to apply for employment with a federal or state agency? If so, which ones?

45. Is there anyone who has ever taken courses in law enforcement, criminal justice, or military? If so, where and which courses?

46. Does anyone have aspirations of being a law enforcement officer, a federal agent, or a member of the armed forces? If so, please explain.

47. Do you own firearms? If so, what kind? Why do you own firearms?

48. Do you have any specialized training, experience, and/or knowledge about firearms?

49. Are you employed? If so, what is the nature of your occupation, and how long have you been so employed? What other occupations have you pursued?

50. Have you, or any members of your family, ever worked for the federal government? If so, when, how long were you so employed, and what was your job title and description?

51. Have you, or any members of your family, ever worked for the state government? If so, when, how long were you so employed, and what was your job title and description?

52. Have you, or any members of your family, ever worked for the municipal Government? If so, when, how long were you so employed, and what was your
job title and description?

53. Have you, or any members of your family, ever worked for the State or Municipal Law Enforcement Agency or Corrections Facility? If so, when, how long were you so employed, and what was your job title and description?

54. Have you, or any members of your family, ever had any business contacts with the Federal, State or Municipal governments? If so, please describe them.

55. Have you, or any members of your family, ever done volunteer work for any law enforcement agency? If so, what agency? Describe the work that you did (its nature and duration).

56. Do you know any law enforcement officers, State or Federal?

57. Are you acquainted with any members of the United States Attorney's staff? If so, who, and what is the nature of your acquaintance?

58. Is your spouse employed? Please state the nature of your spouse's work, and the length of time your spouse has been so employed. What other occupations has she or he pursued?

59. Do you have any children? If so, how many? What are their ages and occupations? If they are in school, please indicate what year they are in school and which school they are attending.

60. Do you have any brothers and sisters? If so, how much older and/or younger? What are their occupations?

61. How long have you lived in Alaska? Where were you born and raised? What are your hobbies and leisure time activities?

62. Have you ever lived on Kodiak Island and if so, when?

63. Do you have any friends or relatives who live on Kodiak Island?

64. Have you ever been to Kodiak, Alaska? What connections do you have (family and work) to Kodiak?

65. Do you belong to any clubs or organizations? If so, which ones, and how long have you been a member?

66. Do you belong to any church group or religion? If so, which one, and how long have you been a member?

67. Which, if any, magazines do you subscribe to?

68. Have you ever owned a business or been in business for yourself? If so, when, where, what kind of business was it, and how long did you run the business? Was your business incorporated?

69. What is your educational background?

70. What is the educational background of your spouse?

71. Have you ever experienced harassment or violent behavior in your workplace?

72. Have you ever been frustrated with your job? Ever worked with others who were clearly frustrated or disgruntled with their job?

73. Have you or a close family member ever had gall bladder or digestive system surgery?

74. Have you ever worked as a mechanic or in a job dealing with tires?

## X.  MILITARY BACKGROUND

75. Have you ever served in the military? If so, what branch of the service and what were your duties?

76. Has your spouse ever been in the military service? If so, what branch and what were his or her duties?

77. Has any family member or close acquaintance ever served in the military? If so, what branch of the service and what were his or her duties?

78. How long were you (your spouse) in the service?

79. Did you (your spouse) ever serve on any military court-martials as a member of the court?

80. Were you (your spouse) a military policeman or were you assigned to the CID, Security Police or Shore Patrol?

81. Have you or any family member ever served in the United States Coast Guard? If so, what branch of the service and what were your duties?

82. Has your spouse ever been in the United States Coast Guard? If so, what branch and what were his or her duties?

83. How long were you (your spouse) in the United States Coast Guard?

## XI. GENERAL DELIBERATION QUESTIONS

84. Would any of you find it difficult to maintain your true opinion even if all the other jurors disagreed with your opinion?

85. If you are selected as a juror in this case, do you promise to play an active role in its deliberations?

86. If you have any reasonable doubts when you enter deliberations, do you promise to discuss them with your fellow jurors?

87. If, during the course of your deliberations, you are of one opinion and your fellow jurors of another, do you promise to stick to your opinion unless you are persuaded by the other jurors that the evidence compels a contrary result?

88. Do you promise not to surrender an opinion regarding the guilt or innocence solely for the purpose of reaching an agreement with your fellow jurors and terminating the jury deliberations?

89. If you were the defendant, would you want twelve persons of like mind as yourself to sit as jurors in this case?

90. Is there anything which has not been the subject of these questions but which you believe may be of interest to counsel or the court with regard to whether you should sit as a trial juror in this case?

91. Is there anything which you would prefer to discuss with the judge and lawyers in private and not in the presence of the other jurors regarding your background or your ability to serve of a jury in this case?

DATED this 23rd day of August, 2019.

Respectfully submitted,

*/s/Peter A. Camiel*
Peter A. Camiel WSBA 12596

*/s/Gary Colbath*
Assistant Federal Public Defender
Attorney for Defendant Wells

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on August 23, 2019. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary G. Colbath*

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-SLG                                                                 Page 9