Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
520 Pike Street, Suite 2500
Seattle, WA 98101
(206) 624-1551
petercamiel@yahoo.com

Gary George Colbath
Federal Public Defender's Agency
425 G Street, Suite 800
Anchorage, AK 99501
907-646-3400
Fax: 907-646-3480
Email: gary_colbath@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JAMES MICHAEL WELLS,  )<br>  )<br>Defendant.  )<br>  ) | No. 3:13-CR-00008-SLG<br><br>Defendant's Response in Opposition to Government Notice Requesting Clarification to Ruling at Docket 1081 |

Mr. Wells through counsel Peter A. Camiel and Gary G. Colbath files this response in opposition to the government's "Notice of the United States Requesting Clarification and Judicial Guidance on this Court's Ruling at Docket 1081.

## The Government "Notice" is Nothing More Than a Motion for Reconsideration

While the government styles the pleading as a "Notice" requesting clarification and judicial guidance, the pleading is an outside the rules motion for reconsideration.

Local Civil Rule 7.3(h) provides:

**(h) Motion for Reconsideration**
(1) A court will ordinarily deny a motion for reconsideration absent a showing of one of the following:
(A) manifest error of the law or fact;
(B) discovery of new material facts not previously available; or
(C) intervening change in the law
(2) A motion for reconsideration is limited to 5 pages, and must be filed and served: (A) not later than 7 days after the entry of the order, for motions asserted under subsection (1)(A); or (B) within 14 days of the discovery or change in law, for motions asserted under subsections (1)(B) or (1)(C).
(3) No response to a motion for reconsideration may be filed unless requested by the court. Unless otherwise ordered, a response must be filed within 7 days of entry of the order requesting a response and is limited to 5 pages.
(4) No reply may be filed unless requested by the court. Unless otherwise ordered, a reply must be filed within 7 days of the order requesting a reply and is limited to 5 pages.
(5) A motion for reconsideration of an order granting a dispositive motion must be filed pursuant to Federal Rule of Civil Procedure 59 or 60.

This Court issued the order at docket 1081 on July 30, 2019. That order is quite clear. The order needs no clarification and certainly if the government thought it did need clarification, the government could have sought such shortly after the order was issued rather wait until the eve of trial.

As to the Bird Diverter Issue the Court stated at page 4, fn. 14:

The Court, after its own review, also finds that the bird-diverter evidence has no relevance to the government's motive theory. The testimony was that Mr. Wells was "upset" by the decision to install the bird diverters and that he did not participate in installing them, although he was never asked to participate in installing them. Docket 732 at 197; Docket 741 at 30 (testimony of Chief Scott Reckner). Even when viewed in conjunction with the other prior acts, trying to connect this evidence to Mr. Wells'

Response In Opposition to Notice to Clarify Ruling
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)*--2

purported motive to commit homicide requires too much speculation to be relevant. This evidence does not show Mr. Wells' "diminished position in the Rigger Shop and his frustrations with Command." Docket 973 at 16. This evidence also carries a risk of unfair prejudice because it characterizes Mr. Wells as a bad employee and demonstrates his willingness to ignore federal law. Docket 732 at 195–96 (testimony of Chief Scott Reckner that the EPA and "the law" require installation of bird diverters). Due to its *de minimus* probative value and the risk of unfair prejudice, it is also prohibited by Evidence Rule 403

The government has not presented the Court with any new evidence or case law demonstrating that this Court was under a misimpression about either the facts or law when it issued this order. The Court had and referred to Chief Scott Reckner's trial testimony prior to issuing the ruling.

This Court also set the fuel card investigation as the outside time limit for any other act evidence.

> Thus, the chronological starting point for the government's motive theory begins with the investigation into the use of the fuel card, which occurred in the fall of 2011. Accordingly, the prior acts that predated the fuel card investigation are not relevant to the government's motive theory and do not have any independent relevance that would justify admissibility. These prior acts are the June 2011 disagreement about whether to install bird diverters and Mr. Wells' lack of participation in creating an "antenna book," which began no later than 2010.

This Court noted that "the Ninth Circuit accepted the government's motive theory "*if it begins with the 2011 investigation into the unauthorized use of the fuel card*; proceeds to the resultant letter of caution issued in 2012." (emphasis added)

The Court limited the fuel card evidence to Mr. Wells' reaction to receipt of the letter. He received that letter in February of 2012. The "bird diverter" issue arose during the summer of 2011 several months before Mr. Wells received the fuel card caution letter.

Response In Opposition to Notice to Clarify Ruling
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)*--3

### The Government is Attempting To Do Exactly What the Court Sought to Prevent By Seeking To Introduce Bad Employee Character Evidence

This Court found that the bird-diverter evidence both had no relevance to the government's motive theory and that any such evidence "carries the risk of unfair prejudice because it characterizes Mr. Wells as a bad employee and demonstrates his willingness to ignore federal law." The government is now seeking to introduce this evidence for exactly that purpose-to show that Mr. Wells was a bad employee, and that he possessed a character trait for anger or explosiveness. The government seeks to assure the court that the testimony will be "brief, and can be easily tailored to avoid the issues of concern for the court" or "can be presented without reference to bird diverters at all." So what the government is now requesting to not just to present evidence of a specific other act, but to present evidence "generally" of a purported negative character trait of Wells. The government's offer to "sanitize" the evidence makes the point clear: they only seek to show Wells' was prone to anger and disagreement with authority in general, regardless of or after leaving out the context. That is a showing of impermissible propensity evidence.

The defense moved to exclude a number of areas of general character testimony presented by the government at the first trial. See Dk. 1074. The Court permitted evidence as to specific areas but cautioned that "the government shall not expand character evidence testimony beyond the limited evidence identified in this order of Mr. Wells' character in the workplace unless it first makes application to the Court outside the presence of the jury." If that statement does not make clear the court's order, nothing else will.

Response In Opposition to Notice to Clarify Ruling
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)--4*

The government also seeks to tie Wells' reaction in the bird-diverter matter to the fuel card matter. But this Court noted: "Even when viewed in conjunction with other prior acts, trying to connect this evidence to Mr. Wells purported motive to commit homicide requires too much speculation to be relevant."

## Conclusion

The Court took a great deal of time reviewing not only the briefs of counsel but the trial transcripts prior to issuing the order as to other act evidence. The government's attempt to repackage the bird-diverter evidence does not cure the infirmities of this evidence as being both of "de minimus probative value" and "unfairly prejudicial."

Dated this 23rd day of August, 2019.

Respectfully submitted,

*/s/Peter A. Camiel*
Peter A. Camiel WSBA 12596

*/s/Gary Colbath*
Assistant Federal Public Defender
Attorneys for Defendant Wells

### Certificate of Service

I hereby certify that on the 23rd day of August, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court of the United States District Court for the District of Alaska using the CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the district court CM/ECF system.

/*s/Peter A. Camiel*
Peter A. Camiel