Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
5200 Pike Street, Suite 2500
Seattle, WA 98101
Phone: (206) 624-1551
Email: petercamiel@yahoo.com

*Attorneys for Defendant James Michael Wells*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　　　　Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**DEFENDANT WELLS' NOTICE OF EVIDENTIARY ISSUES AND OMNIBUS MOTION IN LIMINE** |

Defendant James Michael Wells, through counsel Gary G. Colbath and Peter A. Camiel, files this notice of evidentiary issues and omnibus motion in limine filing to alert the Court to miscellaneous evidentiary issues that the defense believes are likely to come up at trial. The issues are raised now, in anticipation of the upcoming final pretrial conference so as to alert the Court and the government to them prior the empanelment of the jury so that they can be addressed, to the extent possible, in an efficient and timely manner and avoid unnecessary delay or wasting of the jury's

time during trial. Accordingly, the defense moves for orders from the Court as follows:

### To Exclude Expert Opinion Testimony by Unnoticed Law Enforcement and Lay Witnesses

In many instances during testimony at the first trial, particularly during the testimony of various law enforcement officers, the government elicited expert opinion testimony without notice or foundation. Examples of this included AST Trooper testimony about the meaning and likely interpretation of observations made at the crime scene, ASWT Trooper testimony about the meaning and likely interpretation of observations of the Wells' vehicle at the Kodiak airport, and assorted comments by numerous other law enforcement regarding their opinion about the investigative significance of factual observations. Several fact witnesses also were asked to offer opinion testimony about their factual observations without proper foundation or compliance with Rule 701.

### To Exclude Evidence of Wells' Later Changing His Tires

During the testimony of CGIS Agent Sean Bottary, testimony was presented about Jim Wells' changing his truck tires on approximately May 2, 2012, nearly a month *after* the murders. At the time, Agent Bottary was conducting surveillance on the Wells' home from a hill top across the valley from the residence. Agent Bottary allegedly watched through binoculars as Jim Wells came out of his home and changed three of the tires on his Dodge pickup using tools from his garage. Agent Bottary said

the process took a total of 14 minutes. This testimony is remote in time to the murders, occurred long after the alleged crimes, and is irrelevant to any issue at trial.

Although part of the reason Jim Wells' was did not arrive at work on time on the morning April 12, 2012, related to the fact that he had a flat tire, nothing about that fact, or more importantly the time it takes to change a tire is material to the issues before the jury. Under the government's theory, Wells crossed the main gate Kodiak base camera at 6:48 a.m. headed towards the T-2 building. The government asserts Wells drove to T-2, committed the murders and drove back past the main gate camera at 7:22 a.m. and only thereafter went home to place phone calls to work and purportedly change his truck tire. It is undisputed that when he showed up to work approximately 45 minutes later, one of his truck tires had in fact been changed. However, the time delay between Wells' passing by the main gate camera and Wells arriving at work is inconsequential under the government's theory and meaningless to resolution of whether he had earlier been involved in the murders. As such, Bottary's testimony about Wells changing his tires a month later should be excluded.

**To Exclude Testimony Regarding Character Evidence Related to the Victims**

At the prior trial, the government elicited testimony regarding each victim about their respective traits of character regarding such general issues at "good behavior," being "likeable," being "a nice guy," for "peacefulness," being a "good father," etc. None of these character traits are admissible under Rule 404(a). The defense does not intend to introduce evidence about either victims' reputation for

violence. Similarly, the defense does not intend to introduce reputation evidence of any kind regarding either victim. Thus, no character testimony is relevant under Rule 404(a).

The defense agrees that either victim's behavior or general relationship at work or with co-workers is relevant and admissible. However, general character statements otherwise would serve only to be offered as propensity evidence and for purposes of eliciting sympathy from the jury for the victims. This type of testimony is not admissible.

**Evidence of Prostitution**

Although the government did not seek to admit evidence regarding Jim Wells' alleged use of prostitution in or before 2012, the government did again present such evidence during motions practice on retrial. The government has not given notice that it intends to offer this testimony under Fed.R.Evid. 404(b). Thus the government appears to concede that this information is not relevant.

Other acts evidence is admissible under Rule 404(b) if it (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged. The Court must then assess the evidence under Fed.R.Evid. 403. (Citations omitted.) *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir.2002).

The proposed acts of prostitution are not material to this case. The government has only limited information about when such acts may have occurred. The

government has not provided any evidence that any acts of prostitution actually occurred. Such acts could be highly prejudicial and offensive to members of the jury. Such acts would have no tendency to make a fact at issue in the homicides more or less likely. The defense cannot find any Ninth Circuit cases authorizing admission of this type of testimony in a homicide case that did not otherwise already involve incidents of prostitution. The Court should bar the government from introducing any evidence on this topic. Further, Mr. Wells requests the Court bar the government from using this evidence in the event that Mr. Wells testifies. The evidence is not relevant and would have a chilling effect on Mr. Wells' right to testify and be highly prejudicial under Rule 403.

## Conclusion

For all of the reasons set forth above, the Court should enter orders providing the relief requested herein regarding these various evidentiary issues likely to arise at trial.

Dated this 23rd day of August, 2019.

Respectfully submitted,

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on August 23, 2019. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary G. Colbath*

*/s/ Peter A. Camiel*
Peter A. Camiel WSBA 12596
Attorney for Defendant

*Attorneys for James Michael Wells*