# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| JAMES MICHAEL WELLS, | Case No. 3:13-cr-00008-SLG |
| Defendant. | |

**ORDER REGARDING *IN CAMERA* REVIEW OF DEFENSE INVESTIGATOR INTERVIEW OF GOVERNMENT WITNESS JASON BULLIS**

The government filed a Motion to Compel Defense Investigator Interview of United States Witness to Court for Ex Parte, In Camera Review.[1] The government contends that based on its recent trial preparation with witness Jason Bullis, there is "an appearance of a defense investigator possibly attempting to influence a United States witness by questioning the witness about 'confirmation bias' and implying that the United States investigation focused solely on Jim Wells."[2] Defendant James Michael Wells opposed the motion, asserting that it was "unfounded, and no more than an attempted government interference with the defense investigation . . . ."[3] However, the defense agreed to submit a transcript of the interview for *in camera* review, which was subsequently submitted to the Court.[4]

---

[1] Docket 1131.

[2] Docket 1131 at 2.

[3] Docket 1157 at 1.

[4] Docket 1157 at 2; Docket 1179 (text order granting defense request to file transcript for *in camera* review and denying the government's motion to compel in light of the defense's intent to file the

The Court has completed an *in camera* review of the certified transcript of the June 23, 2019 interview between Mr. Bullis and defense investigator Karina Mueller. The Court finds no mention or implication of "confirmation bias" by Ms. Mueller. Although Ms. Mueller once mentions that Mr. Wells still maintains his innocence, that she "[didn't] see the evidence" to convict Mr. Wells, and asked some questions about the investigation, these comments and questions were in the context of discussing the relationships Mr. Wells had with his co-workers and the reaction of the COMMSTA employees to the investigation of Mr. Wells, which are overarching themes of this case.

Ms. Mueller's questions about the investigation were generally open-ended, non-leading, and did not include an implication of "alleged investigative shortcomings."[5] Mr. Bullis appears willing to participate in the interview, and the majority of the transcript reflects him speaking.

Because the Court finds no unfair or improper "witness influencing tactic by a defense investigator with a United States' witness,"[6] the Court will not order the disclosure of the interview to the government. However, to ensure that the record in this case is complete the defense shall electronically file an *ex parte* and sealed copy of the transcript.

IT IS SO ORDERED.

DATED this 3rd day of September, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

transcript for *in camera* review).

[5] Docket 1131 at 2.

[6] Docket 1131 at 2.

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: *In Camera* Review of Defense Investigator Interview of Government Witness Bullis
Page 2 of 2
Case 3:13-cr-00008-SLG   Document 1189   Filed 09/03/19   Page 2 of 2