# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　Defendant. | Case No. 3:13-cr-00008-SLG |

## ORDER REGARDING OMNIBUS MOTION IN LIMINE

Before the Court at Docket 1164 is defendant James Michael Wells' Notice of Evidentiary Issues and Omnibus Motion in Limine. The government filed a response at Docket 1180.

The defense seeks and order excluding (1) unnoticed expert opinion testimony from nonexperts, (2) evidence of Mr. Wells changing his truck tires approximately one month after the homicides, (3) testimony of positive character traits of the victims, and (4) evidence of Mr. Wells' alleged engagement with prostitutes.

## I.  Unnoticed expert opinion testimony from nonexperts

The defense contends that during the first trial of this case, "the government elicited expert opinion testimony without notice or foundation," particularly through law enforcement witnesses.[1] The government responds that it "has no intention of eliciting expert testimony from law enforcement officers not already noticed to this Court and the defense."[2] The defense has not identified any specific testimony for the Court to consider.

---

[1] Docket 1164 at 2.

[2] Docket 1180 at 2.

The Court expects and anticipates that all counsel will adhere to the Federal Rules of Evidence. Counsel may raise objections to specific testimony at trial.

**II.   Evidence of Mr. Wells changing his truck tires**

During the first trial, a Coast Guard Investigative Service agent testified that, less than a month after the homicides, he surveilled Mr. Wells change three of the tires on his truck in a total of 14 minutes.[3] The defense maintains that "nothing about . . . the time it takes to change a tire is material to the issues before the jury."[4] The government responds that the testimony is relevant because "Wells advised law enforcement in his interview and in a voice mail to his supervisor, Scott Reckner, that he was having trouble removing the lug nuts on the allegedly, low, flat, or otherwise damaged tire, causing him to remain away from work, the scene of the crime, longer than would usually be the case to change one tire."[5]

The Court finds that evidence that Mr. Wells was able to quickly change three of his four tires less than a month after the homicides is relevant in that it "has any tendency" to make a fact of consequence—here, the soundness of the defense alibi of a damaged tire—more or less probable than it would be without the evidence. The Court also finds that the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice. Accordingly, the evidence is admissible.

---

[3] Docket 1164 at 2–3.

[4] Docket 1164 at 3.

[5] Docket 1180 at 3.

**III.    Testimony of character traits of the victims**

The defense contends that "[a]t the prior trial, the government elicited testimony regarding each victim about their respective traits of character regarding such general issues a[s] 'good behavior,' being 'likeable,' being 'a nice guy,' for 'peacefulness,' being a 'good father,' etc."[6]  The defense seeks an order excluding this type of testimony because the defense asserts that it is inadmissible character evidence pursuant to Evidence Rule 404(a) that is "offered as propensity evidence and for purposes of eliciting sympathy from the jury for the victims."[7]  The government responds that to provide context and background "leading up [to] and following the murders, including the overarching motive of the defendant, the United States will seek admission of testimony about general information, including the home lives of the victims, work relationships, co-worker and family observations and the like."[8]

The Court does not expect the parties to put on identical cases to those put on in the first trial, nor does it expect witnesses to testify verbatim to their earlier testimony. Accordingly, the Court is not in a position to rule on individual testimonial comments regarding the victims without more context.  The Court anticipates giving the parties leeway to elicit testimony regarding the workplace relationships and workplace personalities, including those of the victims (*e.g.*, being liked by co-workers).[9]  However,

---

[6] Docket 1164 at 3.

[7] Docket 1164 at 4.

[8] Docket 1180 at 3–4.

[9] *See United States v. Wells*, 879 F.3d 900, 926 (9th Cir. 2018) (finding relevant "in a workplace

the Court does not anticipate allowing testimony of the character traits of the victims that is unrelated to their work lives (*e.g.*, being a good father). Should the government believe that the defense has opened the door to a victim's personal life or triggered Evidence Rule 403(a)(2), the government shall make application to the Court outside the presence of the jury before eliciting such testimony.

## IV. Evidence of Mr. Wells' alleged use of prostitutes

The defense asserts that evidence of Mr. Wells' alleged meetings with prostitutes are inadmissible prior acts that are also "highly prejudicial" and "have no tendency to make a fact at issue in the homicides more or less likely."[10] The government responds "that it does not intend to introduce these facts during its case in chief" but that it may move for admission of this evidence should the defense open the door to the subject.[11]

In light of the government's position, it shall not make any reference to Mr. Wells' alleged engagement with prostitutes during its case-in-chief. Should the government seek to introduce this evidence during cross-examination of Mr. Wells or at any other time during the defense case or on rebuttal, it shall first make application to the Court outside the presence of the jury. In order for the evidence to be admissible, the government must show that it meets the standards for Evidence Rule 404(b) motive evidence—including the test set forth in *United States v. Wells*[12]—and passes the Evidence Rule 403 test.

---

homicide prosecution" testimony "regarding Wells' relationships with his co-workers, his working environment and his work history . . . .").

[10] Docket 1164 at 4–5.

[11] Docket 1180 at 5.

[12] 879 F.3d 900, 930 (9th Cir. 2018) (citing *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002)).

IT IS SO ORDERED.

DATED this 3rd day of September 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE