# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     v.<br><br>JAMES MICHAEL WELLS,<br><br>                  Defendant. | Case No. 3:13-cr-00008-SLG |

**ORDER REGARDING *IN CAMERA* REVIEW RELATED TO MOTION TO COMPEL DISCOVERY AT DOCKET 1080**

      Before the Court at Docket 1080 is defendant James Michael Wells' sealed Motion to Compel Discovery. The government filed a sealed response at Docket 1099. The defense filed a sealed reply at Docket 1121. The Court held a hearing on the motion on August 19, 2019. The Court issued an oral ruling from the bench but also ordered the government to submit for *in camera* review the personnel records of employees who worked at the T-2 builidng from January 1, 2011, through April 20, 2012 and any COMMSTA supervisors who supervised those employees during that time.[1]

      On August 23, 2019, the government filed ex parte 320 pages of personnel records responsive to the Court's order.[2] After reviewing these records, the Court finds that the government need not need disclose any of them to the defense. The Court notes that one employee covered by the order was discharged from the Coast Guard in June 2011.[3]

---

[1] Docket 1135 at 1 (sealed minutes of hearing).

[2] Docket 1159 (*ex parte*).

[3] Docket 1159-9 at 39–40 (*ex parte*).

The misbehaviors underlying the discharge occurred from approximately May 2010 until May 2011[4] and are not material to the defense nor relevant to the government's motive theory as they predate August 201.  Because the government does not appear to intend to call this employee as a witness, this employee's records are not *Henthorn* material.  The Court also notes that three other employees' personnel files disclose minor infractions unrelated to truthfulness that occurred in February 2016,[5] November 1997,[6] December 1998,[7] and November 2005.[8]  Having reviewed these entries, the Court finds that they are not material to the defense nor relevant to the issues in this case and are not required to be disclosed by Rule 16, *Brady*, *Giglio*, or *Henthorn*.  All other negative entries were previously submitted to the Court for *in camera* review, and the Court issued an *ex parte Henthorn* order regarding those negative entries at Docket 1060.

In light of the foregoing, IT IS ORDERED that the motion at Docket 1080 is granted in part and denied in part as explained by the Court at the August 19, 2019 hearing.  Based on its *in camera* review, the Court does not order disclosure to the defense of any of the materials submitted by the government for *in camera* review at Docket 1159.

DATED this 3rd day of September, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] Docket 1159-9 at 30–32 (*ex parte*).

[5] Docket 1159-2 at 2 (*ex parte*).

[6] Docket 1159-11 at 2–5 (*ex parte*).

[7] Docket 1159-11 at 10 (*ex parte*).

[8] Docket 1159-14 (*ex parte*).

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: *In Camera* Review Related to Motion to Compel Discovery
Page 2 of 2
Case 3:13-cr-00008-SLG   Document 1213   Filed 09/04/19   Page 2 of 2