Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
520 Pike Street, Suite 2500
Seattle, WA 98101
(206) 624-1551
petercamiel@yahoo.com

Gary George Colbath
Federal Public Defender's Agency
425 G Street, Suite 800
Anchorage, AK 99501
907-646-3400
Fax: 907-646-3480
Email: gary_colbath@fd.org

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>    Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**MOTION IN LIMINE RE TESTIMONY OF FEAR OF JAMES WELLS** |

**SPEEDY TRIAL STATUS**

A period of additional excludable delay under 18 U.S.C. § 3161(h) will NOT occur as a result of the filing this motion as this motion will not result in any delay of trial as the Court has ruled this a complex case and has set trial for September 9, 2019, taking into account any pretrial motions that will be filed in this case.

### INTRODUCTION

Mr. Wells, through counsel, moves to exclude any testimony of any witness regarding that witness being in fear of Jim Wells or any testimony

regarding any actions by the witness to protect themselves from Mr. Wells. This motion is brought pursuant to F.R.E. 401, 402, 403, and 404(b).

## FACTS

The government has been re-interviewing witnesses in preparation for trial and has disclosed information from several witnesses who claim they are in fear of Jim Wells and have taken steps such as purchasing firearms in response to that fear. Some of the witnesses claim to be in fear that Mr. Wells might endanger them if he is acquitted and released. Such evidence is in no way relevant, and extremely prejudicial to Mr. Wells' ability to receive a fair trial.

One example is Oliva Terry. On September 3, 2019, two days ago, via email, the government disclosed "new information" received from several witnesses during pretrial witness preparation. Among the new disclosures was new information from prior trial witness, Olivia Terry. Olivia Terry was an employee of Island Air working at their offices at the Kodiak airport on the evening of April 13, 2012. She testified at the first trial about Jim Wells coming into the Island Air offices on that date. At the first trial she described that at about 6:35 p.m. on April 13, as she was waiting for a flight to come in, an older man with a white beard came into the lobby of Island Air. She claimed she asked if he needed help and he didn't respond. He just stared up at one of the security cameras. In answer to a direct question, she testified that she did not recognize the man. She said she got an uncomfortable feeling and she

Motion in Limine re Testimony of Fear of James Wells
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)--2*

summoned a co-worker to the lobby. She said the man walked down the lobby toward the closed coffee shop door and then left. The Island Air lobby shares an inside entrance with a coffee shop next door that was closed at that time. Mr. Wells was under the surveillance of the FBI and was observed entering Island Air, a fact which neither party disputes.

The new information disclosed on September 3 regarding Olivia Terry is that she **now** claims that she actually knew the man who walked into the lobby of Island Air on April 13 was Jim Wells because she had met him before. She says she lied to the interviewing agents and during her trial testimony about not knowing Jim Wells because she was afraid of him. She does not claim Wells did or said anything to her on April 13 or at any other time to put her in such fear. She says she knew on April 13 about the murders at COMMSTA.

Ms. Terry committed two federal crimes related to this case. She lied to federal agents conducting a federal felony criminal investigation when she denied knowing Jim Wells and then she committed perjury at the prior trial when she again claimed not to know him. The defense has been given no information about what, if anything, the government is doing in relation to these crimes. They have indicated, as noted above, that they plan to call her again as a witness. What she will lie about this time remains unclear. Nevertheless, her prior (and current) claim that she is afraid of Wells is in no

way relevant to any matter at issue in this case and the admission of such testimony would be extremely prejudicial.

Another prior government witness, William Reed, now claims he purchased a handgun for personal safety after he was advised the FBI no longer had Wells under surveillance. This testimony should be excluded as well. The government has disclosed similar claims of fear from Terry Kiele and Scott Reckner. None of these people claimed to be afraid of Mr. Wells when interviewed prior to the first trial, none made such claims during their prior testimony, and none claim that Mr. Wells made any threats or took actions toward them in the past that placed them in fear of him. However, they all now claim to be in fear of Jim Wells.

## ARGUMENT

None of these witnesses claim that Mr. Wells said or did anything to them to place them in fear. They all express their personal feelings of fear apparently based only on the fact that he has been charged in this case. Such testimony whether elicited from the witness on direct examination by the government or blurted out by the witness during cross examination would be extremely prejudicial. No after-the-fact instruction to disregard such testimony would undo the damage of such testimony. The elicitation of such testimony may force the defense to move for a mistrial.

The government commits misconduct when it purposefully elicits inadmissible evidence such as that described above. *United States v.*

*Escalante*, 637 F.2d 1197, 1203 (9th Cir. 1980). Such evidence is not unlike the testimony elicited at the first trial where the government elicited the false claim that Nicola Belisle blurted out the name Jim Wells upon being told of her husband's murder. As noted later by the Ninth Circuit, corrective measures did little to "undo" the wrong. This is exactly the type of evidence that is meant to be excluded by F.R.E. 403. The Court should exclude such evidence and caution the government to make sure its witnesses know the impropriety of offering such testimony under any circumstances.

## CONCLUSION

The Court should find that this testimony is irrelevant, inadmissible, and excludable under FRE 403 in any event. The Court should direct the government to advise all of their witnesses that such testimony is not allowed either during their direct testimony or during cross examination.

Dated this 5th day of September, 2019.

Respectfully submitted,

*/s/Peter A. Camiel*
Peter A. Camiel WSBA 12596

*/s/Gary Colbath*
Assistant Federal Defender

Attorneys for Defendant Wells

Certificate of Service:

I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on September 6, 2019. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

*/s/ Gary G. Colbath*

Motion in Limine re Testimony of Fear of James Wells
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)*--5