Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
5200 Pike Street, Suite 2500
Seattle, WA 98101
Phone: (206) 624-1551
Email: petercamiel@yahoo.com

*Attorneys for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>                Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE RE: WITNESS NATHANIEL PACHECO** |

**SPEEDY TRIAL STATUS**

A period of additional excludable delay under 18 U.S.C. § 3161(h) will NOT occur as a result of the filing this motion as this motion will not result in any delay of trial as the Court has ruled this a complex case and has set trial for September 9, 2019, taking into account any pretrial motions that will be filed in this case.

## I. INTRODUCTION

Mr. Wells, through counsel, moves this Court to exclude the portion of testimony of government witness Nathaniel Pacheco regarding a 2009-2010 alleged argument with Jim Wells as is more fully described in the government's

notice of intent filed at Docket No. 1217. Mr. Pacheco was a witness at the first trial, and is scheduled to testify at trial again. His prior testimony did not involve this information noticed by the government in any way. The government now, two business days before trial, has filed notice of its intent to offer new evidence under Rule 404(b) as described in Docket No. 1217. The testimony related to this alleged incident is first of all untimely noticed in light of the Court's prior rulings, and second is nevertheless impermissible character evidence, is irrelevant, and is unfairly prejudicial. It should be excluded pursuant to F.R.E. 401, 403, 404, and 608.

## II. FACTS

### A. Nathaniel Pacheco's prior Statements and Testimony

At the prior trial, the government called Mr. Pacheco and he made no mention of the information contained in the government's notice. This does not appear to have been a mistake, based on a court ruling, or the result of some tactical decision of government counsel. Indeed, prior to trial, Mr. Pacheco had been interviewed by law enforcement relative to the case on four separate occasions and once by the defense, he did not disclose or describe the information now sought to be used during any of these interviews.

### B. Nathaniel Pacheco's Anticipated Testimony

The government has now provided notice that it intends to offer testimony about "Wells statement, confrontation, and heated argument with Pacheco" regarding the clean-up or organization of some tools at the rigger

MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE RE: WITNESS NATHANIEL PACHECO
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)* Page 2

Case 3:13-cr-00008-SLG Document 1221 Filed 09/06/19 Page 2 of 6

shop sometime during 2009-2010. From the proffer, it does not appear that either Jim Hopkins or Rich Belisle was present for, or any part of, the incident, nor did Jim Wells reference either victim at any time during the same. Further, it appears the matter was limited to a single day occurrence and was never an issue thereafter with Mr. Pacheco, much less either murder victim.

## III. ARGUMENT AND AUTHORITIES

The Court has already ruled on the evidence proffered by the government in support of its motive theory. See, Docket No. 1081. The Court spent months considering the evidence, briefing, and argument of counsel related to what other acts evidence was admissible at trial. The government's current proffer is late.[1] It has had ample opportunity to ensure it had all possible 404(b) evidence well before now, and at a minimum during the pretrial briefing of the issues surrounding its motive theory that occurred earlier this year. Notice to the defense, the week before trial, related to testimony of a witness who apparently now lives in Texas is under no circumstances reasonable. The defense has no time to adequately investigate the "incident" or prepare to meet the evidence as proffered. On this basis alone, the Court should exclude such testimony.

More significantly, based on its prior rulings and analysis, the Court should find that this evidence is improper under FREs 403 and 404(b). First,

---

[1] FRE 404(b)(2)(A) provides a party must give "reasonable notice" . . .before trial, of its intent to use evidence under the Rule.

MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE RE: WITNESS NATHANIEL PACHECO
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)* Page 3

the evidence is irrelevant as it does not relate to either victim. Although the government tries to stretch the incident into one involving Jim Hopkins so as to bear some relevance to this case, that stretch does not even bring the testimony within the preview of the government's own previously offer motive theory. The Court has already noted the government's motive theory, which has remained essentially unchanged from the first trial: it seeks to show the "discontent [Wells] suffered in his professional life and deterioration in professional status preced[ed] the murder of his two colleagues who stood in his way." Docket No. 1081 p. 3. Here, Wells' alleged statement, the event, and the heated argument related to the organization and clean-up of some tools at the shop. As described, even if true, the entire incident related to a normal work function and routine daily task that related in no way to Wells' professional life or professional status. At best he is described as being upset that he would not be able to find tools that were moved or "organized." Certainly the incident did not relate to discipline of Wells, insubordination by Wells, or actions of Hopkins directed at Wells for any purpose. Hopkins ordered Pacheco to clean up or organize some tools—that is it. That has nothing to do with the motive theory in this case and is therefore irrelevant.

To the extent the Court found in the first instance that the incident was relevant in some fashion, the incident is too remote to be admissible to support the government's motive theory. The Court has already concluded that only incident's occurring between the time frame surrounding the fuel card issue

MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE RE: WITNESS NATHANIEL PACHECO
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)* Page 4

Case 3:13-cr-00008-SLG   Document 1221   Filed 09/06/19   Page 4 of 6

(fall of 2011) and the murders were within the time relevant to support the government's theory. That finding tracks with the Ninth Circuit who accepted the government's motive theory "if it begins with the 2011 investigation into the unauthorized use of the fuel card." *Wells*, 879 F.3d at 929. This incident predates that period by at least a year, maybe two years. So again, the evidence should be excluded as irrelevant due to its remoteness.

Finally, as described, the evidence reads as nothing more than general bad character/propensity evidence. It is not supportive of motive as it does not relate to the victims, does not deal with the tightening of command on Wells, the discipline or "bringing in line" of Wells as all has been previously and continuously argued by the government. Instead, the incident, which Wells contends did not happen as described in the first instance, is no more than an alleged argument between co-workers. An argument that did not involve either victim as a witness or participant. As such it has no probative value for the limited purpose it is offered. However, the evidence carries a high prejudicial value, as all bad character evidence does in a case of this gravity. Thus, the evidence should be excluded under Rule 403 as well.

## IV. CONCLUSION

The government's untimely proffer of inadmissible Rule 404(b) evidence should be rejected by the Court. For all the reasons stated herein above, the testimony of Nathaniel Pacheco related to the matters described in Docket No. 1217 should be excluded.

MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE RE: WITNESS NATHANIEL PACHECO
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)* Page 5

Case 3:13-cr-00008-SLG Document 1221 Filed 09/06/19 Page 5 of 6

DATED this 6th day of July, 2019.

Respectfully submitted,

*/s/Gary Colbath*
Assistant Federal Defender
Attorney for Defendant Wells

*/s/Peter A. Camiel*
Peter A. Camiel WSBA 12596
Attorney for Defendant Wells

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on September 6, 2019. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary G. Colbath*

MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE RE: WITNESS NATHANIEL PACHECO
*(USA v. James Michael Wells, 3:13-cr-00008-SLG)* Page 6

Case 3:13-cr-00008-SLG   Document 1221   Filed 09/06/19   Page 6 of 6