BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
      christina.sherman@usdoj.gov
      kelley.stevens@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES MICHAEL WELLS ) <br> ) <br> Defendant. ) <br> ) | No. 3:13-cr-00008-SLG |

**MOTION FOR CURATIVE INSTRUCTION**

COMES NOW United States of America, by and through undersigned counsel,

and requests a curative instruction to address statements made by Defense Counsel in his

opening. For the reasons stated herein, the United States submits that this instruction is necessary to ensure that the jury is not improperly influenced by any statements that were made by Defense Counsel in their opening as they relate to the seven-year period between the commission of the crime and the start of this trial. Furthermore, this instruction is necessary to prevent any independent speculation by the jurors as they receive and consider the evidence regarding this seven-year period.

## A. THE DEFENSE OPENING STATEMENT

The Court has instructed both parties to avoid any statements, questioning, evidence, or argument that might directly or indirectly inform the jury of the fact of the defendant's first trial. In spite of this clear guidance, Defense Counsel in his opening made multiple references to the seven-year delay between the murders and the start of this trial. Indeed, the first line uttered by Defense Counsel in his opening was, "It's been seven years. The government has had seven years to investigate Jim Wells for these murders. Seven years." Govt. Ex. 1 at 1. (Transcript of Defense Opening); *see also id.* ("And what you're going to hear is that in those seven years, the Government has come up with no forensic evidence to connect Jim Wells to these murders. None."); *id.* at 3-4 ("All of those searches over all of those years and they came up with nothing."); *id.* at 13-14 ("And from that point forward, in the next hours and days and week and years, what happened was the Government focused its investigation on Jim Wells."); and *id.* at 23 ("Seven years to come up with a motive, and that's what they got.").

Page 2 of 4

Govt. Mot. for Curative Instr.
*United States v. Wells*
3:13-cr-00008-SLG

Case 3:13-cr-00008-SLG   Document 1233   Filed 09/11/19   Page 2 of 4

The implication of Defense Counsel's opening statement was that the defendant had been unfairly under investigation for seven years, and that the United States had improperly delayed its prosecution of the defendant in order to gain an advantage. *Id.* at 17 ("Well, [the Government] decided it was Jim Wells within 30 minutes [of the murders] without any investigation. Now they had to figure out how [Jim Wells] could have done it[.]") When combined with Defense Counsel's closing admonition to the jury that it was "time to tell the Government 'no,'" and it's time to return a verdict of not guilty," it is clear that Defense Counsel was putting forth an inappropriate, factually inaccurate, and nullification insinuating line of argument for the jury to consider in its deliberations. *See Cravens v. State of Washington*, 844 F.2d 791 (9th Circuit) citing *Arizona v. Washington*, 434 U.S. 497 (1978).

## B. REQUEST FOR A LIMITING INSTRUCTION

In addition to ensuring a fair and accurate presentation of the evidence, the Court has "the duty to forestall or prevent [nullification]," including "by firm instruction or admonition[.]" *United States v. Kleinman*, 880 F.3d 1020 (9th Cir. 2017) (citing *Merced v. McGrath*, 426 F.3d 1076, 1080 (9th Cir. 2005)). As such, the United States seeks an appropriate instruction from the Court that will mitigate the impact of the improper statements in the defendant's opening, and foreclose any improper inference by the jury as to the reason for the seven-year period of time between the crimes alleged in this case and the trial. The United States proposes that the following curative instruction be read to the jury at the earliest possible opportunity:

Page 3 of 4

Govt. Mot. for Curative Instr.
*United States v. Wells*
3:13-cr-00008-SLG

Case 3:13-cr-00008-SLG   Document 1233   Filed 09/11/19   Page 3 of 4

The jury has heard that the crimes alleged in the indictment occurred in 2012. The defendant was indicted for these crimes on February 19, 2013. It is now 2019. The jury is not to speculate about the reason why this case is now proceeding to trial, and the fact that there has been a period of time between the crimes and this trial should not be a factor in your deliberations. There are many reasons why criminal trials can take years to proceed to trial. Each of those reasons is grounded on the overriding principle that criminal trials should be fair, and that the interests of justice are served through such delays.

The United States also moves that this instruction be provided to the jury as part of the closing instructions prior to the jury's deliberations.

### C. CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to provide the proposed curative instruction to the jury.

RESPECTFULLY SUBMITTED this 11th day of September, 2019, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2019,
a copy of the foregoing was served
electronically on:

Counsel of Record

s/ Steven E. Skrocki
Office of the US Attorney

Page 4 of 4   Govt. Mot. for Curative Instr.
*United States v. Wells*
3:13-cr-00008-SLG

Case 3:13-cr-00008-SLG   Document 1233   Filed 09/11/19   Page 4 of 4