BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
Deputy Criminal Chief
CHRISTINA SHERMAN
Assistant U.S. Attorneys

KELLEY STEVENS
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
 christina.sherman@usdoj.gov
 kelley.l.stevens@uscg.mil

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES MICHAEL WELLS, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | No. 3:13-cr-00008-SLG |

**MOTION IN LIMINE TO PRECLUDE MISSTATEMENTS AND REFERECNES TO NETFLIX SHOW AND UNDERLYING CRIMINAL CASE**

COMES NOW the United States of America and hereby moves this Court to

preclude defense witness Jim Hoerricks from improperly testifying regarding the Netflix

show "Exhibit A." On page 2 of Hoerrick's July 16, 2019 report he states:

> Whilst the field of traffic collision reconstruction is known to reach reliable results when investigating traffic collisions, there is no research available that validates the mixed-methods approach used in this case – not in 2012 and not now. To that point, in a recent documentary on Netflix called Exhibit A, the methodology employed by the reconstructionists was severely criticized as resulting in the imprisonment of an innocent person. The case featured, Tx vs Powell, was referred back to the trail (sic) court for a new trial as a result of the Texas Forensic Science Commission's inquires into the faulty photogrammetry work performed, and the testimony offered in the case by a reconstructionist using unproven and flawed methods and tools which aren't fit for purpose.

(Emphasis added.)

Mr. Hoerricks also mentioned this show at the evidentiary hearing held July 30, 2019, in this case.

The above paragraph regarding a court's basis for reversal of the conviction and any commentary on the case are completely inaccurate. While the Netflix show may have taken issue with the applicable methods in photogrammetry, claiming such was the basis for reversal for the conviction is wholly inaccurate and Mr. Hoerrick's should be precluded from stating such to the jury.

The Texas Court reversed the conviction during a post-conviction relief matter because of a failure to disclose impeachment material from a jailhouse informant. There was no decision relating to any photogrammetry or mixed-methods approach, further there was not even a discussion on the topic by the deciding court. See Exhibit 1 to this motion. For completeness, the original appeal decision is also attached as Exhibit 2 and it also does not discuss any matter relating to photogrammetry.

Further, what a documentary claims is not peer-reviewed, isn't based on any

scientific findings and would be improper to base his conclusions on the work done by the government experts in this case based on what a television show states.

The Court should preclude Mr. Hoerricks from referencing at all, much less the basis for any opinions the case of Texas v. Powell, Mr. Powell, or Exhibit A because those statements in his report are inaccurate, are unfairly prejudicial and likely to mislead and confuse the jury.

RESPECTFULLY SUBMITTED September 30, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/Christina Sherman
CHRISTINA SHERMAN
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2019
true and correct copy of the foregoing was
served electronically on:

Counsel of Record

s/ Christina Sherman
Office of the U.S. Attorney

U.S. v. Wells	Page 3 of 3
3:13-cr-00008-SLG

Case 3:13-cr-00008-SLG   Document 1291   Filed 09/30/19   Page 3 of 3