# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

            Plaintiff,

     v.

JAMES MICHAEL WELLS,

            Defendant.

Case No. 3:13-cr-00008-SLG

## **PRELIMINARY CLOSING JURY INSTRUCTIONS**

DATED: October 7, 2019

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

## Instruction #1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you will be provided a copy of these instructions in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## Instruction #2

The Indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

# Instruction #3

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## Instruction #4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Instruction #5**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

**Instruction #6**

The parties have agreed to certain facts that have been placed in evidence as Exhibit 256. You must therefore treat these facts as having been proven.

## Instruction #7

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Instruction #8

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## Instruction #9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case, if any;

    (5)    the witness's bias or prejudice, if any;

    (6)    whether other evidence contradicted the witness's testimony;

    (7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Instruction #10**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment. The defendant is not on trial for any conduct or offense not charged in the Indictment.

**Instruction #11**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Instruction #12**

You have heard testimony that the defendant made certain statements. With respect to each statement, it is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

## Instruction #13

You heard evidence that the defendant may have committed other acts not charged here. This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for its bearing, if any, on the question of the defendant's motive and for no other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing any other acts apart from those charged in the Indictment. You may not consider the evidence of any other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act, he must also have committed the acts charged in the Indictment.

Remember that the defendant is on trial here only for the charges in the Indictment, not for any other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Indictment beyond a reasonable doubt.

**Instruction #14**

You have heard testimony from law enforcement agents who were involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception in order to investigate criminal activities.

# Instruction #15

You have heard testimony from several witnesses, each of whom testified to opinions and the reasons for his or her opinions. This opinion testimony is allowed because of the education or experience of each of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Instruction #16**

You have heard evidence from several witnesses, who, because of their education and/or experience, were permitted to state opinions and the reasons for their opinions. During these witnesses' testimony, certain presentations were made and were shown to you in order to help explain the evidence in this case and the bases for the witnesses' opinions. These presentations were not admitted into evidence and will not go into the jury room with you. Various slides in some of the presentations were marked with disclaimers as directed by the Court. The presentations are not themselves evidence nor are they proof of any facts. If the presentations, in whole or in part, do not correctly reflect the facts shown by the evidence in this case, you should disregard these presentations and determine the facts from the underlying evidence.

**Instruction #17**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## Instruction #18

The defendant is charged in Count 1 of the Indictment with murder in the first degree in violation of Section 7(3) and Section 1111 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed Richard W. Belisle;

Second, the defendant killed Richard W. Belisle with malice aforethought;

Third, the killing was premeditated; and

Fourth, the killing occurred on federal property.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

# Instruction #19

The defendant is charged in Count 2 of the Indictment with murder in the first degree in violation of Section 7(3) and Section 1111 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed James A. Hopkins;

Second, the defendant killed James A. Hopkins with malice aforethought;

Third, the killing was premeditated; and

Fourth, the killing occurred on federal property.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.

**Instruction #20**

The defendant is charged in Count 3 of the Indictment with murder in the first degree in violation of Section 1114 and Section 1111 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed Richard W. Belisle;

Second, the defendant killed Richard W. Belisle with malice aforethought;

Third, the killing was premeditated;

Fourth, Richard W. Belisle was a federal officer or employee; and

Fifth, at the time of the killing, Richard W. Belisle was engaged in his official duties or was killed on account of the performance of his official duties.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for

## Instruction #20, continued

the killer to have been fully conscious of the intent and to have considered the killing.

For the victim to have been engaged in his official duties, he must have been acting within the scope of his employment, as distinguished from engaging in personal activities of his own.

## Instruction #21

The defendant is charged in Count 4 of the Indictment with murder in the first degree in violation of Section 1114 and Section 1111 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed James A. Hopkins;

Second, the defendant killed James A. Hopkins with malice aforethought;

Third, the killing was premeditated;

Fourth, James A. Hopkins was a federal officer or employee; and

Fifth, at the time of the killing, James A. Hopkins was engaged in his official duties or was killed on account of the performance of his official duties.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for

## Instruction #21, continued

the killer to have been fully conscious of the intent and to have considered the killing.

For the victim to have been engaged in his official duties, he must have been acting within the scope of his employment, as distinguished from engaging in personal activities of his own.

## Instruction #22

The defendant is charged in Count 5 of the Indictment with using and carrying a firearm during and in relation to murder in the first degree in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of murder in the first degree as charged in Count 2 of the Indictment, which I instruct you is a crime of violence; and

Second, the defendant knowingly used and carried a firearm during and in relation to that crime. The defendant "used" a firearm if he actively employed the firearm during and in relation to murder in the first degree. The defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed, or transported it in some manner on his person or in a vehicle.

A defendant used and carried a firearm "during and in relation to" the crime if the firearm facilitated or played a role in the crime.

**Instruction #23**

The defendant is charged in Count 6 of the Indictment with using and carrying a firearm during and in relation to murder in the first degree in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of murder in the first degree as charged in Count 1 of the Indictment, which I instruct you is a crime of violence; and

Second, the defendant knowingly used and carried a firearm during and in relation to that crime. The defendant "used" a firearm if he actively employed the firearm during and in relation to murder in the first degree. The defendant "carried" a firearm if he knowingly possessed it and held, moved, conveyed, or transported it in some manner on his person or in a vehicle.

A defendant used and carried a firearm "during and in relation to" the crime if the firearm facilitated or played a role in the crime.

**Instruction #24**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## Instruction #25

It is James Wells' position that a person or persons other than him committed the crimes charged. Mr. Wells is not required to prove another person's guilt. It is the government that has the burden of proving Mr. Wells guilty beyond a reasonable doubt.

## Instruction #26

Evidence has been admitted that the defendant was not present at the time and place of the commission of the crimes charged in the indictment. The government has the burden of proving beyond a reasonable doubt the defendant was present at that time and place. The defendant does not have the burden of proving an alibi defense, nor does the defendant have to convince you that he was not present at the time and place of the commission of the crimes.

If, after consideration of all the evidence, you have a reasonable doubt that the defendant was present at the time the crimes were committed, you must find the defendant not guilty.

**Instruction #27**

A verdict form has been prepared for you. After you have reached unanimous agreement on each verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.