# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>              v.<br><br>JAMES MICHAEL WELLS,<br><br>                Defendant. | Case No. 3:13-cr-00008-SLG |

## ORDER REGARDING RULE 29 MOTIONS

At the close of the Government's case-in-chief during the trial in this case, Defendant James Michael Wells moved for a judgment of acquittal on all counts.[1] Mr. Wells renewed his motion at the close of all evidence, including his case-in-chief and the government's rebuttal.[2] The Court reserved ruling on the motions.[3] The case was submitted to the jury, which returned guilty verdicts against Mr. Wells on all counts.[4]

Pursuant to Federal Rule of Criminal Procedure 29, the Court must decide the motions for judgments of acquittal "on the basis of the evidence at the time the

---

[1] Docket 1269 at 2 (Sept. 25, 2019 Minutes).

[2] Docket 1320 at 1 (Oct. 7, 2019 Minutes).

[3] Docket 1269 at 2; Docket 1320 at 1; *see* Fed. R. Crim. P. 29(b) ("The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.").

[4] Docket 1314 (jury verdict).

ruling was reserved."[5] The Court assesses the evidence to determine whether it is sufficient to sustain a conviction.[6] The evidence is sufficient to sustain a conviction if, "viewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt.'"[7] The "evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case."[8]

When viewing the evidence in the light most favorable to the government, a court does not determine witness credibility and does not consider how it would have resolved conflicts in the evidence.[9] "Therefore, in a case involving factual disputes and credibility determinations, we "must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."[10]

---

[5] Fed. R. Crim. P. 29(b).

[6] Fed. R. Crim. P. 29(a).

[7] *United States v. Rosales*, 516 F.3d 749, 751–52 (9th Cir. 2008) (quoting *United States v. Hinton*, 222 F.3d 664, 669 (9th Cir. 2000)).

[8] *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc).

[9] *United States v. Alarcon-Simi*, 300 F.3d 1172, 1174 (9th Cir. 2002).

[10] *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012) (quoting *Nevils*, 598 F.3d at 1164) (ellipsis in *H.B.*).

Case No. 3:13-cr-00008-SLG, *United States v. Wells*
Order Re: Rule 29 Motions
Page 2 of 3
Case 3:13-cr-00008-SLG   Document 1322   Filed 10/21/19   Page 2 of 3

Applying these standards, the Court finds that there was sufficient evidence at trial both after the close of the government's case-in-chief and at the close of all evidence, including Mr. Wells' case-in-chief and the government's rebuttal, to support the convictions against Mr. Wells. The Rule 29 motions made on September 25, 2019, and October 7, 2019, are DENIED.[11]

IT IS SO ORDERED.

DATED this 21st day of October, 2019, at Anchorage, Alaska.

                                            */s/ Sharon L. Gleason*
                                            UNITED STATES DISTRICT JUDGE

---

[11] The October 7, 2019 motion is listed at Docket 1320. The Court and parties further discussed that motion on October 8, 2019, which is listed at Docket 1321.