```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF ALASKA


UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,         )
                           )
vs.                        )   CASE NO. 3:18-cr-00008-SLG
                           )
JAMES MICHAEL WELLS,       )
                           )
        Defendant.         )
_____)
```

TRANSCRIPT OF SCHEDULING CONFERENCE
**BEFORE THE HONORABLE SHARON L. GLEASON, DISTRICT JUDGE**
April 2, 2018; 10:01 a.m.
Anchorage, Alaska

**FOR THE GOVERNMENT:**
    Office of the United States Attorney
    BY:  KIMBERLY SAYERS-FAY and JONAS WALKER
    222 West 7th Avenue, #9
    Anchorage, Alaska 99513
    (907) 271-5071

**FOR THE DEFENDANT:**
    Office of the Federal Public Defender
    BY:  F. RICHARD CURTNER and MATTHEW M. SCOBLE
    425 G Street, Suite 800
    Anchorage, Alaska 99501
    (907) 646-3400

---

**SONJA L. REEVES, RMR-CRR**
Federal Official Court Reporter
222 West 7th Avenue, #4
Anchorage, Alaska 99513
Transcript Produced from the Stenographic Record

(Call to Order of the Court at 10:01 a.m.)

DEPUTY CLERK: All rise. Her Honor, the Court, the United States District Court for the District of Alaska is now in session, the Honorable Sharon L. Gleason presiding.

Please be seated.

THE COURT: Good morning. We're on record in *United States versus Wells*. Ms. Sayers-Fay is here, Mr. Walker, Mr. Scoble, Mr. Curtner, Mr. Wells.

And we put on today, Mr. Scoble, to see where we are in terms of scheduling, and what's the update from the defense perspective?

MR. SCOBLE: Thank you, Your Honor. I think the first order of business would be to deal with the appointment of counsel, which I don't believe has happened yet. I think Mr. Curtner is prepared to speak to that issue.

THE COURT: Go ahead, Mr. Curtner.

MR. CURTNER: Yes, Your Honor. We did file a motion with the Court on the appointment of second counsel. And so I think that as far as scheduling is concerned, that's sort of contingent on the Court's order.

THE COURT: My thought was that we could take that up ex parte after we schedule, but I realize there

```
 1  is kind of a cart and a horse here, which comes first,
 2  but in any event, go ahead.
 3          MR. CURTNER:  And so I think as far as
 4  scheduling, I think that Mr. Scoble and I have talked
 5  about a March trial date for next year.  I think that's
 6  a realistic trial date.  And so I think that's what --
 7  so far in working back from there I think would be our
 8  perspective, but I think where we are right now --
 9          THE COURT:  What needs to happen that is going
10  to be 11 months in the works?
11          MR. CURTNER:  I think just looking at
12  Mr. Scoble's, he can speak to that himself, but with his
13  personal schedule and subsequent investigation, we need
14  to do things of that nature.  I wanted to give the Court
15  a realistic court date where we wouldn't have to
16  continue it because there is a lot of moving parts,
17  there's a lot of witnesses from the first trial that we
18  haven't even tried to locate yet, and so there is a lot
19  of logistics.  I just think that's a realistic court
20  date where we can guarantee we would be prepared by that
21  time.
22          THE COURT:  Ms. Sayers-Fay, go ahead.
23          MS. SAYERS-FAY:  Your Honor, I appreciate that
24  this is an important case, but it's also something that
25  I think the Court has to keep in mind that the victims
```

1  here have rights.  And one of the rights under the Crime
2  Victims Act is a trial, a retrial in this case, free of
3  unnecessary delay.
4          In this case, the defense already has a
5  roadmap.  We have had a 17-day trial.  We have had a
6  very extensive and detailed Ninth Circuit opinion.  So I
7  don't think there is a justification for waiting another
8  year.
9          We're now at almost the six-year anniversary of
10 these murders.  I appreciate that Mr. Scoble, and I'm
11 not clear -- it's not clear who it's going to be, but if
12 Mr. Scoble is new to the case, as are we, I appreciate
13 his desire to be diligent, you know, that's important to
14 the government, and we will do the same, but I don't
15 think it needs nearly another year for a retrial on a
16 particular case where it appears he will also have the
17 benefit of resource to Mr. Curtner, who was with this
18 investigation from the very beginning.
19         So given that, I think that setting the trial,
20 for example, in October or November would provide both
21 sides an adequate time to prepare.
22         With regard to the availability of witnesses,
23 certainly we have a map as to who all those witnesses
24 are.  We will be happy to share that information with
25 defense to the effect that they need it and want that

1    information.
2         I would also note that the government is
3    concerned that we had a witness who was very elderly
4    last time, and we are a bit concerned that postponing
5    this may impair his availability.
6         So I think that given all of those equities
7    that a fair and just result would be to have the trial
8    more than the 70 days that the statute allows, more than
9    the 180 days that the statute allows, but not a year
10   from now, Your Honor.  I think that that fails to
11   respect the rights, the very important rights of the
12   victims in this case.
13        THE COURT:  All right.  And did you indicate
14   you anticipated it would be shorter, the trial?
15        MS. SAYERS-FAY:  I expect it could be a bit
16   shorter, Your Honor, yes.
17        THE COURT:  Who am I going to hear from in
18   response?
19        MR. SCOBLE:  I'll speak to that, Your Honor.
20   Your Honor, of course I'm sympathetic to
21   Ms. Sayers-Fay's comments.  I have no desire to drag
22   this case on any longer than necessary.  Certainly
23   Mr. Wells has no desire to drag this case on any longer
24   than necessary.
25        The reality of it is, however, I have a

significant caseload separate and apart from this case, and that's not going to change in the next year. We have a small office and simply can't clear my schedule to allow me to focus on a single case.

I also have a number of frankly immutable personal commitments coming up in the next 12 months that, absent a hospitalization, can't be changed.

If there were a way that in good conscience and good faith and with reasonable confidence that I could provide Mr. Wells with effective assistance of counsel and do this trial sooner than next March, I would happily do so. I have thought about this and I have looked at my calendar any number of times to find a window, a practical window when this trial could be accomplished sooner than March. There simply isn't one.

So as far as my perspective, I'm happy to do the trial in March, but I can't in good conscience do it any sooner than that.

THE COURT: All right. Well, thank you, Mr. Scoble. I am going to set the trial for November. I don't see, based on my review of the case, which is at this point primarily limited to the Court of Appeals opinion, which I have read, and the memorandum and disposition, which I have read several times, but I don't see a basis for an 11-month delay.

1    I am sympathetic to Mr. Scoble's commitments,
2 but I can -- I'll expect the federal public defender to
3 find counsel that is ready, willing and able to try the
4 case in November, either through the public defender
5 office or CJA appointment.
6    But I see November 5th as a reasonable, more
7 than reasonable timeframe here for the case to be set
8 for trial, so that is what I will do at this point.
9    A final pretrial conference I will set for
10 October 22nd at 1:30 p.m.
11    And in terms of a motions deadline, in light of
12 that date, Mr. Scoble, do you want to confer with -- I
13 guess the question is:  Are there going to be any --
14 there was a dispute, as I recall, whether or not there
15 would be any more additional motions, but I will set a
16 motions deadline at this point.  So what would you
17 propose?
18    MR. SCOBLE:  Could I have just a moment, Your
19 Honor?
20    THE COURT:  Sure.
21    (Pause)
22    MR. SCOBLE:  Thank you, Your Honor.  Perhaps a
23 date at the beginning of September for a motions
24 deadline.
25    THE COURT:  So that would have two months.

```
 1  What's the government's view?
 2           MS. SAYERS-FAY:  Your Honor, I would be real
 3  concerned about that because -- it's not clear to us if
 4  we have a magistrate assigned.
 5           THE COURT:  I'm not going to refer, so that
 6  gives us, I think, a little extra time.
 7           MS. SAYERS-FAY:  Even so, Your Honor, if we
 8  could request no later than August.  I really don't want
 9  there to be slippage in the trial schedule, again, for
10  the benefit of the victims.
11           I do doubt sort of what types of motions one
12  could bring at this point, but if we're going to bring
13  them, I would think that a couple months would be
14  sufficient time to get those ready.
15           THE COURT:  All right.  Let's do August 27th
16  with no referral, and I understand both sides, if there
17  are motions to be decided, would appreciate that sooner
18  rather than later, but I'll set August 27th as the
19  motions deadline.
20           Any other issues we can take up at this time
21  from the government's perspective?
22           MS. SAYERS-FAY:  Yes.  Your Honor, so is
23  Mr. Scoble appointed, because we do have some things
24  that we need to serve on counsel.
25           THE COURT:  I'm going to take that up with them
```

8

1  in an ex parte at this point in time, and then I'll make
2  sure that the minute order reflects that.
3              MS. SAYERS-FAY:  Very well.  Thank you, Your
4  Honor.
5              MR. CURTNER:  What was the trial date?
6              THE COURT:  November 5th.  It's a Monday, 2018.
7  Did you get the final pretrial, Mr. Curtner?  It's two
8  weeks prior, the 22nd.
9              MS. SAYERS-FAY:  Are we excused at this time?
10             THE COURT:  Yes, you are.  Thank you.
11             (Proceedings concluded at 10:12 a.m.)
12
13                        CERTIFICATE
14     I, Sonja L. Reeves, Federal Official Court Reporter
   in and for the United States District Court of the
15 District of Alaska, do hereby certify that the foregoing
   transcript is a true and accurate transcript from the
16 original stenographic record in the above-entitled
   matter and that the transcript page format is in
17 conformance with the regulations of the Judicial
   Conference of the United States.
18
       Dated this 1st day of April, 2020.
19
20
                         /s/ Sonja L. Reeves
21                       SONJA L. REEVES, RMR-CRR
                         FEDERAL OFFICIAL COURT REPORTER
22
23
24
25