```
 1                    UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF ALASKA
 2

 3   UNITED STATES OF AMERICA,  )
                                )
 4         Plaintiff,            )
                                )
 5   vs.                         )   CASE NO. 3:18-cr-00008-SLG
                                )
 6   JAMES MICHAEL WELLS,        )
                                )
 7         Defendant.            )
     _____)
 8

 9
                        TRANSCRIPT OF MOTION HEARING
10      BEFORE THE HONORABLE SHARON L. GLEASON, DISTRICT JUDGE
                       August 24, 2018; 4:08 p.m.
11                          Anchorage, Alaska

12

13   FOR THE GOVERNMENT:
             Office of the United States Attorney
14           BY:  KIMBERLY SAYERS-FAY
             222 West 7th Avenue, #9
15           Anchorage, Alaska 99513
             (907) 271-5071
16

17   FOR THE DEFENDANT:
             Office of the Federal Public Defender
18           BY:  F. RICHARD CURTNER
             BY:  GARY GEORGE COLBATH (via speakerphone)
19           425 G Street, Suite 800
             Anchorage, Alaska 99501
20           (907) 646-3400

21

22   _____

23                    SONJA L. REEVES, RMR-CRR
                      Federal Official Court Reporter
24                    222 West 7th Avenue, #4
                      Anchorage, Alaska 99513
25       Transcript Produced from the Stenographic Record
```

1              (Call to Order of the Court at 4:08 p.m.)
2              DEPUTY CLERK:  All rise.  Her Honor, the Court,
3    the United States District Court for the District of
4    Alaska is now in session, the Honorable Sharon L.
5    Gleason presiding.
6              Please be seated.
7              THE COURT:  Good afternoon.  We're on record in
8    United States versus Wells.  Ms. Sayers-Fay is here,
9    Mr. Curtner has stepped in because Mr. Colbath, I
10   understand you're still in Fairbanks.
11             MR. COLBATH:  I am, Your Honor.  I apologize.
12   Apparently the hurricane that is torturing Hawaii has
13   made it to the interior and has kept flights that I was
14   going to travel on from arriving in Fairbanks, so
15   despite my best efforts to be there in person, I'm here.
16             THE COURT:  Okay.  I have briefly reviewed the
17   parties' submissions.  Here was my thought on how to
18   proceed at this time:  I understand the government's
19   proposal of April 29th, I believe was the date,
20   Ms. Sayers-Fay, that you were proposing.
21             MS. SAYERS-FAY:  That's correct, Your Honor.
22             THE COURT:  And I understand Mr. Colbath's
23   proposal is for July.  I understand there is some
24   discovery issues that were identified in the briefing.
25             I'm leaving the district here shortly and I'm

back September 17th.  My inclination, having looked at this, and then I'll hear from each side as to this approach, is to keep the trial where it is right now with the understanding that it's simply a placeholder, see what the parties can do to address some of the discovery issues that, given the accelerated schedule, you really haven't had a chance to try to sort out, and then have a hearing on September 17 when I return and take up the motion to continue at that time.

           I would say having -- well, anyway, Mr. Colbath, what are your thoughts on that approach?

           MR. COLBATH:  Your Honor, I have no objection to that approach other than I am not in the office on the 17th and 18th.  So I'm available all day the 19th and will make myself available -- I'll shuffle anything else around beginning the morning -- let's see, beginning after 11:00 on the 19th.  So just by a day or two, which I think obviously is not going to affect us long term, but I'm out of the district from the 7th to the morning --

           THE COURT:  You're available Wednesday, September 19th?

           MR. COLBATH:  In the afternoon, that would be fine, or the 20th.

           THE COURT:  All right.  What's your thought on

1  that approach, Ms. Sayers-Fay?
2             MS. SAYERS-FAY:  Your Honor, I concur with that
3  approach too, and with sort of the same sort of caveat.
4  I'm actually going to be out of the district from the
5  10th through the 15th, so I would appreciate putting it
6  back the following week so that I'm in the district
7  immediately before that hearing.  I think we have the
8  week of --
9             THE COURT:  You're talking the week of the 24th
10 would be your preference?
11            MS. SAYERS-FAY:  Yes, Your Honor.
12            THE COURT:  Any objection to Monday,
13 September 24th at how about 9:30?  Does that work for
14 the government?
15            MS. SAYERS-FAY:  Yes, Your Honor.
16            THE COURT:  Mr. Colbath, does that work?
17            MR. COLBATH:  It does, Your Honor.  I have a
18 10:00 with Judge Burgess.  It's just a status hearing
19 that morning, and so I'll have somebody prepared to
20 cover that if we run long.  So 9:30 a.m. on Monday, the
21 24th should work just fine.
22            THE COURT:  All right.  That is what we'll do
23 then.  That gives you an opportunity to work some of
24 these things out.  If I were to -- I am -- I don't want
25 to predispose my -- state where I'm leaning, but I

thought the government's compromise proposal had considerable merit, and particularly with the challenges of a jury trial in the summer, but more importantly, from the Court's perspective, the fact of the matter is the remand came down from the Circuit in December of last year, and a delay beyond April 2019 simply seems excessive.

So that was my -- and I know I have stated similar comments in the past, but -- and I also would -- I appreciate the government's proposal that has the motion deadline three months prior -- I'm sorry. Yeah, January to April, so three months prior to trial, which to me is the narrowest possible window.

I would certainly think it would be beneficial to both sides to have a fair amount of time after pretrial motions are decided to prepare for trial and not have it truncated. I realize there is always a tradeoff. You want as long as possible to file them, but those were my inclinations.

The only other thought I will raise at this time, and I direct at defense, and that is the CJA issue, if that -- if an ex parte motion sought to renew the allocation or resources there, I'm not foreclosing that.

So I will leave it at that. And anything else,

```
                                                                6
 1   Ms. Sayers-Fay, until we're back on the 24th of
 2   September, one month from today?
 3            MS. SAYERS-FAY:  Just to put it out there, Your
 4   Honor, that we want to resolve discovery disputes, but I
 5   can't resolve them if I don't know about them.  And
 6   yesterday at 4:47 was the first time that I received any
 7   detail, sort of recount of the problems, so I just want
 8   to put it out there that the sooner we know, the sooner
 9   we can try to address that.
10            THE COURT:  And what would be helpful for me
11   too, and I would certainly encourage each side, is prior
12   to the status hearing, if there are topics that you seek
13   to raise, having a heads-up is always helpful for the
14   Court, so if there are unresolved discovery disputes or
15   other topics that a party intends to raise at the status
16   hearing, then giving notice of those in the form of a
17   filing that identifies those issues.
18            In fact, I'll order that to be filed no later
19   than Friday at noon on September 21.  Otherwise, my
20   intention is that the status hearing on September 24 is
21   solely to address the trial date issue.  So if there are
22   other topics for the status hearing, that's fine, but
23   notice to both the Court and opposing counsel by no
24   later than noon on the 21st I think will be helpful to
25   all of us.
```

1       So anything further, Ms. Sayers-Fay?

2       MS. SAYERS-FAY: Nothing further.

3       THE COURT: Mr. Colbath, anything further?

4       MR. COLBATH: Yes, Your Honor. On that point, I want it to be clear, because I believe, and I'll go back and listen, but I said this after discussion with the Court very clearly I recall on our last meeting, August 17th, and I want it to be clear that my declaration, Mr. Johnson's declaration, the filings today, I understood today's hearing to be scheduling only.

12      I did not intend to and do not now have any discovery issues for the Court. I'm not seeking any assistance from the Court at this point for any form of discovery dispute because I'm not even -- I haven't conferred with government counsel. I haven't even gotten far enough along in things to where I felt comfortable to resolve things necessarily.

19      I was simply trying to identify for the Court some of the problems as we're launching into all of this work and doing all of these things, just some of the issues that we have encountered. Simply to say that there are issues we're encountering, not casting aspersions, not seeking assistance, certainly not asking for Court's assistance, and I didn't mean to interject

1  any other issues than scheduling, but I do need to
2  explain the reasoning why and underlying justification
3  for why I select dates that I select, why I believe
4  schedules that I propose are appropriate, and so that
5  was my only purpose in outlining the things that I did.
6        And I just had a different thought process last
7  hearing on how I was going to do that.  I thought I made
8  clear after the Court said that you didn't want to take
9  evidence last hearing, I'm not trying to get into
10 discovery yet, because we need to confer and we do need
11 to work with the government on that, and we will and
12 that's fine on an ongoing basis.
13       But my point was only to make record.  I
14 understood us to be scheduling and only was prepared to
15 talk about scheduling.
16       THE COURT:  Fair enough.
17       MR. COLBATH:  I understand the Court's concern,
18 and if I have anything else, it will be filed hopefully
19 well before the Friday before our hearing on Monday.
20       THE COURT:  Well, and my sense is, given the
21 level of communication and cooperation that's been
22 demonstrated by both sides to date, that issues you have
23 identified in the affidavit will be resolved well before
24 September 24th.
25       But if not, then that's when I'll take them up,

```
 1   and I certainly put this truncated schedule in place and
 2   created this scenario because of my own personal travel.
 3   So in any event, we'll take this back up on
 4   September 24.  For now, the trial date will remain as
 5   set with the understanding that I'll hear the motion to
 6   continue on September 24 and either grant as to
 7   April 29, which is the government's position, or as to
 8   the position set out of July 15 by the defendant.  So
 9   that's where we'll go from there.
10           And anything further, Ms. Sayers-Fay, from the
11   government?
12           MS. SAYERS-FAY:  Nothing further.
13           THE COURT:  Mr. Colbath, anything further?
14           MR. COLBATH:  No, Your Honor.  Thank you.
15           THE COURT:  Safe travels.  I hope you make it
16   out of there.
17           MR. COLBATH:  I'm told it may happen sometime
18   tonight.
19           THE COURT:  All right.  Very good.  We'll go
20   off record at this time.
21           DEPUTY CLERK:  All rise.  This matter is now
22   adjourned.  This court now stands adjourned subject to
23   call.
24           (Proceedings concluded at 4:20 p.m.)
25
```

CERTIFICATE

I, Sonja L. Reeves, Federal Official Court Reporter in and for the United States District Court of the District of Alaska, do hereby certify that the foregoing transcript is a true and accurate transcript from the original stenographic record in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 6th day of April, 2020.


/s/ Sonja L. Reeves
SONJA L. REEVES, RMR-CRR
FEDERAL OFFICIAL COURT REPORTER