<pre>
 1                   UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF ALASKA
 2

 3   UNITED STATES OF AMERICA, )
                              )
 4          Plaintiff,        )
                              )
 5   vs.                      )   CASE NO. 3:18-cr-00008-SLG
                              )
 6   JAMES MICHAEL WELLS,     )
                              )
 7          Defendant.        )
     _____)
 8

 9
                     TRANSCRIPT OF MOTION HEARING
10      BEFORE THE HONORABLE SHARON L. GLEASON, DISTRICT JUDGE
                   September 24, 2018; 9:23 a.m.
11                       Anchorage, Alaska

12

13   FOR THE GOVERNMENT:
             Office of the United States Attorney
14           BY:  KIMBERLY SAYERS-FAY and JONAS WALKER
             222 West 7th Avenue, #9
15           Anchorage, Alaska 99513
             (907) 271-5071
16

17   FOR THE DEFENDANT:
             Office of the Federal Public Defender
18           BY:  GARY GEORGE COLBATH
             425 G Street, Suite 800
19           Anchorage, Alaska 99501
             (907) 646-3400
20

21

22   _____

23                 SONJA L. REEVES, RMR-CRR
                 Federal Official Court Reporter
24                 222 West 7th Avenue, #4
                   Anchorage, Alaska 99513
25      Transcript Produced from the Stenographic Record
</pre>

```
1                  (Call to Order of the Court at 9:23 a.m.)

2                  DEPUTY CLERK:  All rise.  Her Honor, the Court,

3       the United States District Court for the District of

4       Alaska is now in session, the Honorable Sharon L.

5       Gleason presiding.

6                  Please be seated.

7                  THE COURT:  Good morning.  We're on record here

8       -- Mr. Colbath, would you like a few minutes to confer?

9                  MR. COLBATH:  No, Your Honor.  We were visiting

10      about something else.

11                 THE COURT:  Very good.  On record here in

12      United States versus Wells.  Ms. Sayers-Fay is here,

13      Mr. Walker is here, Mr. Colbath is here, Mr. Wells is

14      here.  And I have read everything that has been filed,

15      at least I did yesterday, so if there was anything filed

16      this morning, I have not read it.

17                 But I have reviewed where we were and so I

18      guess where we're at now is making a firm date here for

19      the trial.

20                 So anything -- as I recall, Ms. Sayers-Fay,

21      your last proposal was for August -- I'm sorry,

22      April 29th.

23                 MS. SAYERS-FAY:  That's correct, Your Honor.

24                 THE COURT:  Anything to change on that?

25                 MS. SAYERS-FAY:  No.  We stand by our prior
```

1  suggested schedule.

2          THE COURT:  Mr. Colbath, what are your

3  thoughts?

4          MR. COLBATH:  Your Honor, my motion -- I guess

5  this is a hearing on my motion to continue and I

6  proposed dates in my motion and really nothing is, up

7  until now, nothing has changed since our last hearing

8  before the Court with our position either.

9          THE COURT:  Have you had a chance, I know you

10  just got it, to look at this new discovery log that's

11  been provided?

12          MR. COLBATH:  Briefly.

13          THE COURT:  Based on that, my sense from

14  Ms. Sayers-Fay was that it was a far more useful way to

15  get an understanding of the record.

16          MR. COLBATH:  The log allows better

17  identification of some documents.  It takes longer

18  rather than shorter to decipher in the limited work we

19  have done with it.  So while it does help better explain

20  some of the discovery, it does not -- rather than speed

21  the process, it at least so far appears to be going to

22  increase the time to decipher everything, which makes

23  sense.  I mean it has more information on it, so it's

24  check this, double-check that, cross-reference this and

25  you'll know what you're looking for, but it's four or

1    five extra steps with thousands of documents.  And so
2    it's not been an understanding of the discovery or a
3    lack of provision of discovery on the government's part
4    that's been our problem.  It's the time to decipher it
5    all and get through it all that's been the problem.
6            And nothing has changed with that.  The new log
7    is helpful, but just takes actually more time than less,
8    which is fine.
9            THE COURT:  All right.
10           MR. COLBATH:  It is what it is, because they
11   can't change the bulk of the information they have given
12   us or the size of the information, it only increases.
13           THE COURT:  Anything to add on that?
14           MS. SAYERS-FAY:  Yes, Your Honor.  I wouldn't
15   agree with that characterization.  What it does is
16   before they had a field that was FBI titled, so in some
17   case the FBI title might be "interview.pdf."  I agree
18   with them, that does not do anything for you.
19           We had omitted -- and I didn't realize that we
20   had done this, frankly.  There was an FBI description,
21   and in that FBI description they say, "Interview with so
22   and so on this date," and oftentimes they would put the
23   Social Security number, the date of birth of that person
24   in there.
25           So our discovery center omitted that column

1    thinking it was replete with PII.  You can't do that.

2    We need to know what that whole title is.  So if you

3    compare now on many documents you do have something

4    before that was a title, and now you have something

5    that's much more lengthy that tells you exactly what

6    that is.

7            So I don't understand how that doesn't

8    facilitate and expedite the process of review.  And it's

9    searchable, as an Excel document.  So if you're now

10   looking for documents, it's much more helpful.  I'm not

11   going to represent that is as good a product as the FBI

12   put in.

13           Are there are errors?  I'm sure there are.  Are

14   there things that when they still didn't name them as

15   descriptively as we would like them to be, I'm sure

16   there are, but I believe that's a step forward.  I

17   believe what Mr. Colbath is referring to are there still

18   are other cases where to understand what something is,

19   and we took great pains to explain this, the FBI file

20   names are something you really have to understand.  They

21   are very long and they contain a lot of information

22   about what serial -- oftentimes to understand what these

23   photos are, for example, and they have a lot of

24   questions about photos.

25           The information is and has been there in the

FBI file name, but you have to understand how to unpack
the file name.  We gave them a primer on that, and
that's the same file name convention that's used in
every other FBI case.  So I don't think this is new.
Yes, that does involve unpacking.  And sometimes you do
have to go, you have to refer back to the serial for the
1A to know who took those pictures or where those
pictures were taken.

          That's the same issue that we confront.  It's
the same issue as everybody confronts in every other
case.  It's not tremendously user friendly, but it's not
unique to this matter, other than to the volume that we
have in this matter is unique, and I think that's why
we're suggesting an April 29th trial date.

          THE COURT:  Thank you.

          Anything else on the motion, Mr. Colbath?

          MR. COLBATH:  No, Your Honor.

          THE COURT:  Well, then I am going to grant in
part the motion to continue that was filed at Docket 860
and I will adopt the government's proposed date of
April 29th and not the later date in July that was
proposed by the defense.

          I found the analysis set forth in the
government's opposition to the motion to continue, which
was filed at 861, to set out several compelling reasons

as to why a July date would be unwarranted.  I have
considered the interests of the family members of the
victims.  I have considered the fact that the
investigators are the same.  Albeit Mr. Colbath is a
relative newcomer to this case at this point, but
certainly the two investigators are the same as from the
prior case, and it's the same basic documentation albeit
the challenges that have arisen with regard to the
renumbering that have been stated on the record.

I have given some weight, but it's certainly
not the primary basis for my ruling, to the observations
of the government about the challenges of finding hotel
rooms in the summer here in Alaska in July and the Coast
Guard relocation and the complications that could arise
during the summer.

The primary reason the Court is granting the
continuance, but only until April 29th, is because of
the reasons that I stated and the fact that given the
fact that this is a retrial and we have a very lengthy
Ninth Circuit opinion, as well as a memorandum
disposition on the suppression issues, while there may
well be additional motions that are raised, we have a
lot of direction from the circuit court as to how to
proceed.

So I am open -- well, I looked at Docket 855-1.

1   I'm sorry.  It's 861-1, which is the government's

2   revised disclosure deadlines.  And I am going to do the

3   following, so if you need a copy of that, I can run

4   another, because I'm going to -- it's a set of proposed

5   deadlines by the government based on an April 29th trial

6   date.  Would it be helpful if we ran off a copy of this?

7          MR. COLBATH:  It would be for me, Your Honor.

8   Thank you.

9          THE COURT:  I intend to do the following:  I

10  intend to give some slightly different deadlines from

11  what's set out here and then give you an opportunity to

12  confer.  If you can agree to change those deadlines,

13  great, within reason.  If you can't, then those will be

14  the deadlines, but first we'll get everybody on the same

15  page here with this document.

16         (Pause)

17         THE COURT:  Take a moment and review this and

18  then I'll tell you my proposed changes, and then we'll

19  take a short break so you can confer if there is -- do

20  you need a moment to confer with your client on this

21  first, Mr. Colbath, kind of bring you up to speed on

22  where we are here?

23         MR. COLBATH:  We're just looking at the

24  document, Your Honor.

25         THE COURT:  There is one that's very similar,

851, that's based on a February date.  And this is the
one that is filed regarding the April date.  So if you
want a few minutes, that's fine.  Then I'll tell you the
changes I'm proposing to this.

And I also would like to set a date for an oral
argument and/or evidentiary hearing on any motions that
are filed so we all have that set aside.

Ready to proceed, Mr. Colbath?

MR. COLBATH:  Yes, Your Honor.

THE COURT:  The first change I would propose --
and I'm open to hearing particularly from defendant on
this.  Let me list them all out.

The deadline for further expert summaries, in
essence I want to do more what I proposed at -- see if I
can find it -- I would propose that the expert witness
summaries and expert reports by the government are
December 7th as proposed here by Ms. Sayers-Fay.  Then I
would have defendant's responsive expert reports
basically one month later.  And the government proposed
January 11th, I'm assuming because of the holidays, but
I would propose January 4th, which I believe it's a
Friday.  Yes, it's a Friday.  And so that's what I would
propose there.

Then I would propose February 1st, which is
four weeks later for the government's rebuttal reports.

1   And then February 22nd for any surrebuttal reports by

2   defendant.  So I would have four expert witness

3   deadlines.

4           Do you want me to state all those again?  This

5   is what I believe we discussed at some hearing in August

6   was to have it responsive, if you will.

7           So January 4th for defense expert reports.

8   February 1st for government rebuttal.  And February 22nd

9   for defendant's surrebuttal.

10          Then there was a two-tiered discovery motion

11  deadline in the prior order that I did here.  I did not

12  print this one out.  I just looked at it yesterday.  In

13  any event, I would propose that by December 7th, same

14  date as the expert reports for the government, that

15  there be any discovery motions regarding discovery

16  produced on or before November 1st, so that would be an

17  additional deadline that would apply to any discovery

18  disputes.

19          Although I will say I did review the

20  government's letters and it looks as if some very

21  concerted effort is being made to be responsive to

22  discovery issues.

23          And then I would propose January 11th for any

24  discovery motions related to documents provided after

25  November 1st, of which I don't really anticipate there

1  being much, but if there is, we could take that up

2  January 11th.

3          But December 7th would be essentially the

4  discovery motion deadline, if there were unresolved

5  disputes that had been outstanding for some time.

6          Then the other change I would propose here,

7  motions January 25th, I can live -- I can stay with

8  that, but I would propose sooner for the government's

9  response to the motions, by have it within either two or

10 three weeks.  If it was three weeks of January 25th,

11 then it would be February 15th.

12         And then I would in this case have replies due

13 two weeks thereafter, which would be March 1st.  So I do

14 see replies could well be helpful, and so I would permit

15 those as to any motions that were filed and have that

16 March 1st.

17         And then we could set a date for a hearing on

18 any motions.  We could vacate, if need be, but we would

19 have set on the calendar, and I'm envisioning toward the

20 end of March.  And I'll get the calendar here.  And then

21 the final pretrial April 5th is fine.  Exchange of

22 exhibits April 10th.  That was pretty much consistent

23 with where we were.

24         I would not have replies on the motions in

25 limine.  If I were to have the replies, unless I ordered

them, and so we would be ready to have those resolved no
later than the final pretrial conference.

All right.  So those are the deadlines that I
would propose to change here, but I want to give the
parties an opportunity to confer on this and tell me if
you think it's unworkable and if there are changes.

Questions or clarification before we take a
short break and you can confer with Mr. Colbath on this?

MS. SAYERS-FAY:  I think we understand.

THE COURT:  Mr. Colbath, questions at all on
the dates that I put out there before you have an
opportunity to confer with Ms. Sayers-Fay on these?

MR. COLBATH:  No, Your Honor.

THE COURT:  Very good.  Let's take about five
minutes, or let me know when they are ready to proceed.
I'll bring the 2019 calendar and we can set the date for
the hearing on any motions.

DEPUTY CLERK:  All rise.  Court stands in a
brief recess.

(Recessed from 9:48 a.m. to 9:50 a.m.)

DEPUTY CLERK:  All rise.  Her Honor, the Court,
the United States District Court for the District of
Alaska is again in session.

Please be seated.

THE COURT:  All right.  We're back on record

1   here.  With regard to these dates, Ms. Sayers-Fay, any

2   changes that you and Mr. Colbath agreed on?

3           MS. SAYERS-FAY:  No, Your Honor.  I think we're

4   all content with it.

5           THE COURT:  Mr. Colbath, is that correct?

6           MR. COLBATH:  Yes, Your Honor.

7           THE COURT:  Subject to your motion.

8           MR. COLBATH:  In light of the Court's ruling

9   that the trial is going to begin April 29th, the

10  additional deadlines and the revised dates from Docket

11  861-1 as the Court outlined them are acceptable.

12          THE COURT:  All right.  Very good.

13          Then let's set a date.  Mr. Colbath, I know

14  it's hard to estimate, but how much time sitting here

15  today would you propose to set aside for a hearing on

16  the as yet unfiled motions that you indicated may be

17  filed in the case?

18          So I'm looking at any motions would be fully

19  briefed by what date did I say?  March 1st, wasn't that

20  it?  March 1st, yes.  So a date thereafter.  Can you

21  give us an estimation of how much time we should set

22  aside on the calendar?

23          MR. COLBATH:  Well, I can't, Your Honor, but I

24  can tell the Court this:  I am -- I have two or three

25  substantive motions that I have drafts done of already,

and I anticipate frankly by the first of December, you

know, sometime in the next -- I have three trials in the

next maybe 60 days, two of which are fairly long, but if

one or both of those go away, certainly I'll be able to

keep this deadline.  But before the end of the year, so

before December 31st, I'm going to file two or three or

more substantive motions.

I'm not going to wait until the end just

because that's too much work for me.  I need to be

working on these things and preparing them.  I'm going

to suggest to the Court that we may very well, if your

schedule allows or the Court is so inclined, we may be

able to have a couple of motions hearings and have one

that is productive certainly and gets some of the issues

out of the way or ruled upon well in advance of March,

which would of course save some work or at least speed

up some things.  If I filed everything all at once, you

know, we may need a couple of days.

THE COURT:  How about a status conference

either November or December?

MR. COLBATH:  That would make more sense, Your

Honor.

THE COURT:  That sounds fine, and then we can

schedule accordingly and you'll have a better sense of

when and how long would be -- so would it be more useful

1    from your perspective in November or in December?

2            MR. COLBATH:  It would be -- I have maybe a

3    week or week-and-a-half trial beginning I think

4    November 5th with Judge Burgess, and so sometime -- does

5    the Court have time the week of November 13th, other

6    than I'm in Fairbanks on the 16th?

7            THE COURT:  I could do the 13th.

8            MR. COLBATH:  That would be -- yeah, that would

9    be about right for me.

10           THE COURT:  All right.  How about November 13th

11   for the Government?

12           MS. SAYERS-FAY:  Your Honor, I expect to be out

13   at that time.  Could we possibly shoot for the 8th?

14           THE COURT:  It sounds like Mr. Colbath might be

15   in trial.  The 8th?

16           MR. COLBATH:  If that trial goes, I would be in

17   trial, but if we could do it around the noon hour maybe

18   or even right at 1:00.  I'm not sure what kind of lunch

19   breaks Judge Burgess will take, but --

20           THE COURT:  All right.  1:00 on the 8th?

21           MS. SAYERS-FAY:  Okay.  Fine.

22           MR. COLBATH:  That way if the trial goes away,

23   that will be fine.  If the trial doesn't go away, I may

24   just seek permission from Judge Burgess to give me

25   15 minutes there to take care of this.

1          THE COURT:  And then we can schedule further

2   proceedings at that time.  If there are any other issues

3   that either side would seek to address on November 8th,

4   what I would like is for those issues to be identified

5   in a motion, if necessary, or a status report, if it's a

6   discovery dispute that we can discuss, just so I have a

7   heads-up before the conference.

8          I'm proposing noon, November 6th.  How is that

9   for the government?

10          MS. SAYERS-FAY:  That's fine, Your Honor.

11          THE COURT:  Mr. Colbath, I know you're going to

12   be in trial then, but basically to identify any issues

13   that you want to address, other than scheduling, of

14   course, which we'll take up on November 8th, but by noon

15   November 6th?

16          MR. COLBATH:  Sure, that's fine, Your Honor.

17          THE COURT:  Very good.  I'm wondering if the

18   Government, Ms. Sayers-Fay, if you could prepare a

19   revised proposed order that would have these deadlines,

20   and then Mr. Colbath, if you receive that, can you file

21   any -- if you feel anything on it is inconsistent with

22   what I said here on the record, to file any objection to

23   a proposed order.

24          Is a day going to be long enough for you to do

25   that this week?  I certainly can give you more if you

need it.  I expect the government to do certainly what I
said, but if there are any disputes, take them up now.

        MR. COLBATH:  As long as it comes within the
next day or so.  I leave Wednesday at noon for
Fairbanks.  I have a trial Thursday and Friday in
Fairbanks.  If it happens before Wednesday at noon, I'll
be able to look at it and get a response very quickly,
because I don't anticipate any problem frankly, but from
Wednesday, noon on, I'm sort of out of pocket.

        THE COURT:  Can you do it today?

        MS. SAYERS-FAY:  Yes, Your Honor.  If what we
could do -- I assume we won't have the minute order, so
if I could just meet with Mr. Colbath, we'll compare
dates to make sure we have everything accurate.

        THE COURT:  I can restate them again.

        MS. SAYERS-FAY:  If we could just restate them,
that would be terrific.

        THE COURT:  I proposed to change the deadline
for expert witnesses and summaries by the defendant to
January 4, 2019.

        Incidentally, I also proposed to change further
-- and I didn't say this -- to change the one
immediately ahead of that, the further Rule 16(a)(1)(e)
and 16(b)(1)(a) documents, also move that up to
January 4th.  I did not state that before.

1          Then government's rebuttal reports

2   February 1st.  Defense surrebuttal expert reports

3   February 22.

4          The briefing schedule on the motions would be

5   January 25th, as proposed by the government.  But the

6   response would be three weeks rather than what was set

7   out there, so that would be -- I believe that's the

8   15th.

9          And then replies would be one week later -- or

10  did I say two weeks?  I said two weeks.  Two weeks for

11  the reply.  And so everything would be briefed by

12  March 1st.

13         And incidentally, I will apply that same

14  briefing schedule to a motion that might be filed much

15  sooner, so that instead of the schedule that's set out

16  in the local rule, any response to a motion due in three

17  weeks, reply two weeks thereafter, so that should be

18  indicated in the order as well.

19         And then discovery motions, December 7th as to

20  all discovery provided prior to November 1st.  And

21  January 11th as to anything provided after that date.

22         And then I believe those were the only changes

23  that I set out here.  No replies to the motion in limine

24  unless requested by the Court, but a two-week response

25  time as indicated there would apply across the board if

1    a motion in limine is filed sooner than March 8th, so

2    it's basically a two-week response time.

3            And I think that would do it.  The time for the

4    final pretrial conference on April 5, why don't we make

5    that 2:30 and put that in the order as well.

6            So we'll have the final pretrial conference

7    2:30 p.m. on April 5th, and probably take up the motions

8    in limine at that time as well if I haven't issued a

9    written order on those.

10           Anything else from the government on this?

11           MS. SAYERS-FAY:  No, Your Honor.

12           THE COURT:  All right.  Mr. Colbath, anything

13   further?

14           MR. COLBATH:  No, Your Honor.

15           THE COURT:  All right.  Very good.  Then we'll

16   stand in recess at this time and go off record.

17           DEPUTY CLERK:  All rise.  This matter is now

18   adjourned.  Court stands in recess until 10:30 a.m.

19           (Proceedings concluded at 10:00 a.m.)

20

21

22

23

24

25

1                           CERTIFICATE

2        I, Sonja L. Reeves, Federal Official Court Reporter
   in and for the United States District Court of the
3    District Court of Alaska, do hereby certify that the foregoing
   transcript is a true and accurate transcript from the
4    original stenographic record in the above-entitled
   matter and that the transcript page format is in
5    conformance with the regulations of the Judicial
   Conference of the United States.

6
        Dated this 7th day of April, 2020.
7

8
                            /s/ Sonja L. Reeves
9                           SONJA L. REEVES, RMR-CRR
                            FEDERAL OFFICIAL COURT REPORTER
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25