UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) CASE NO. 3:13-cr-00008-SLG
)
JAMES MICHAEL WELLS, )
)
Defendant. )
_________________________)

TRANSCRIPT OF STATUS CONFERENCE
**BEFORE THE HONORABLE SHARON L. GLEASON, DISTRICT JUDGE**
March 27, 2019; 3:32 p.m.
Anchorage, Alaska

**FOR THE GOVERNMENT:**
Office of the United States Attorney
BY: STEVEN SKROCKI and CHRISTINA M. SHERMAN
222 West 7th Avenue, #9
Anchorage, Alaska 99513
(907) 271-5071

**FOR THE DEFENDANT:**
Office of the Federal Public Defender
BY: GARY COLBATH
601 West 5th Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Camiel & Chaney, P.S.
BY: PETER A. CAMIEL
520 Pike Street, Suite 2500
Seattle, Washington 98101
(206) 624-1551

---

**SONJA L. REEVES, RMR-CRR**
Federal Official Court Reporter
222 West 7th Avenue, #4
Anchorage, Alaska 99513
Transcript Produced from the Stenographic Record

(Call to Order of the Court at 3:32 p.m.)

DEPUTY CLERK: All rise. Her Honor, the Court, the United States District Court for the District of Alaska is now in session, the Honorable Sharon L. Gleason presiding.

Please be seated.

THE COURT: Good afternoon. We're on record in *United States versus Wells*. And I have counsel all around.

Mr. Colbath, do you need a few minutes?

MR. COLBATH: No. Now I don't. Thank you, Your Honor.

THE COURT: Very good. Mr. Camiel is here. Welcome. And we put this on for a status hearing, and I don't see any issues.

Mr. Skrocki, what are your issues?

MR. SKROCKI: Just one issue, and then I have a joint proposal after the one issue, Judge.

MS. SHERMAN: Your Honor, the defense filed two motions in limine last week and the Court issued an order. I filed a notice indicating we had planned to stick to the scheduling order. The Court issued an order for us to respond by April 8.

THE COURT: I meant to give you two weeks.

MS. SHERMAN: It was. Thank you. We're just

looking for guidance going forward. If any party files a motion early, is the Court anticipating a response within two weeks?

THE COURT: Yes, and I -- if I had my eagle eyes on when you submitted the stipulated order on this, I would have put that in instead of the way you did it, which was May whatever. You had a set date. So certainly your notice was understandable. Your position conformed to your proposed trial deadline, but my intent would be two weeks for responses, one week for replies.

And that would be consistent with the deadlines that you had, but simply move it up. And I would encourage both sides never wait until the deadline, if possible. Sometimes I think the vast majority of people always wait until the deadline. If you can file it early, that's fine.

MS. SHERMAN: We appreciate the guidance on that.

THE COURT: So yes, then defense would be due one week after that, not May whatever it was.

MR. COLBATH: That would be the 15th of April, Your Honor.

THE COURT: That's correct. Tax Day.

MR. COLBATH: I will give the Court the heads-up that I have one or two other motions probably

90 percent complete. We have a couple in mid draft. It's certainly our intention between now and the motions deadline to sort of file them as they are prepared, not at all to wait.

THE COURT: That's good. I appreciate that. And obviously, if either side needs additional time than the two week/one week for some other reason, you can always move for an extension of time.

Mr. Skrocki, what's the other issue?

MR. SKROCKI: Much easier we think, Your Honor. We were talking this morning. We do talk occasionally before the hearing about scheduling and things. And our office, people in our office indicated that the Smith trial may be moving back.

THE COURT: Well, everybody seems to agree on that, except me.

MR. SKROCKI: That was the next question, so we weren't sure how you felt about it, Your Honor.

THE COURT: I'm likely to move it back I would say. But I feel that that's awkward that I'm telling you all before them.

MR. SKROCKI: I appreciate it. And sort of everybody's interest in time and trying to be conscientious about your schedule, we felt if we could to request jointly moving back the trial just a couple

of weeks until September 3rd.

THE COURT: Is Mr. Colbath going to be able to go hunting then?

MR. COLBATH: Well, actually this was Mr. Skrocki's idea because his vacation was earlier than mine. Number one, he's back only about a week before our August 5th date. But I think jointly from our perspective, more importantly, we had recalled and all made note that the Court has an obligation at the end of August where you have to be present, which was going to probably put, no matter how we did it, about a five- or six-day break in our trial.

So we were thinking for continuity -- and we wanted to still nevertheless go in August is we didn't want to spill well into September and then have the Court launch into Smith in October and have no time.

Now that Smith is moving, our trial could sort of continuously present, if we start on Tuesday, September --

THE COURT: I would propose the following week. I really should go -- there is a jury instructions meeting the week of September 3rd, on the 5th.

MR. COLBATH: The only thing I will tell the Court is I have tickets to fly out of the country on Saturday, October 5th. So if our trial runs beyond four

full weeks, you know, that becomes a problem for me in the month of October. Last time, it was 19 trial days.

THE COURT: So is this going to be a model of efficiency?

MR. COLBATH: I think for both sides, more efficient, and could be even -- maybe even more efficient, depending on the Court -- which is part of the reason we're filing motions early.

I think if anything motion practice will make the trial shorter rather than longer.

THE COURT: One option, I wouldn't part south for this meeting until September 4th. We could pick the jury September 3rd, that Tuesday, and then have them come back the 9th. That would give us an extra day. Do you see what I'm saying?

MR. COLBATH: You know, it would also give the jurors time to plan, for the ones that are picked, that, hey, you better go notify everybody you're going to be in a three- to four-week trial.

THE COURT: I'm certainly happy to do that. I'm just thinking with the jury logistics, the day after the holiday weekend, if that's --

MR. SKROCKI: Everybody is going out Labor Day, unless it's raining.

THE COURT: Right, so it might be difficult,

particularly for people out of Anchorage, to get to court on the 3rd.

MR. SKROCKI: I think in terms of trial scheduling, I know I talked to Mr. Colbath about this, and I think we have all once or twice reviewed the prior trial record before today, is the defense last time spent a lot of time with specific theories, which I don't think are going to be at play in this case, so we're going to probably have some time savings there.

THE COURT: I think it would be -- I'm thinking aloud here. I think it would be a mistake to try to get jurors here September 3rd, the day after the holiday weekend. Even if it would give us an extra day or two, I think it would be problematic, especially -- I mean some of our jurors theoretically come from Unalaska, Kodiak, they fly in, they've got to be put up at a hotel, fly back, then come back the following week could be a hardship for some of them.

So I think starting the 9th, if everybody can do that. And I will say I was envisioning or giving thought to not having trial in this case on Fridays, but if we have got the time crunch, at least initially, the first week or two, we'll do Friday trial as well.

MR. COLBATH: We had also discussed that, and my thought was or my response to Mr. Skrocki was I would

like to wait until we got closer to trial and have a good handle on our witness list and a better estimate.

My suggestion was though, even if we think it was going to go four weeks, was to do four-and-a-half-day weeks. At least leave Friday afternoon set aside so that you could get a couple sentencings in or a hearing, we could do a hearing out of the presence of the jury if we needed to.

THE COURT: They would like that too.

MR. COLBATH: The jurors could have at least one afternoon where they could do banking or medical appointment or something during regular business hours and they could plan that.

THE COURT: That sounds fine. Mr. Skrocki?

MR. SKROCKI: My suggestion was based on the Kotts (phonetic) trial, it was six weeks, so we had a four-day trial week. That Friday worked out really well for the Court and the parties, and I'm thinking for your schedule as well.

THE COURT: It would be great, but I do want to be respectful of Mr. Colbath, so we'll keep that open. We'll come back to that, but we'll reset the trial date to start September 9, 2019.

And then a final pretrial conference, how about on --

MR. COLBATH: Could we use August 5th, Your Honor? That's the day we had trial scheduled for.

THE COURT: Might as well. What time of day would you propose? I have nothing on the schedule that day.

MR. COLBATH: In case there are a fair number of motions, a longer rather than shorter hearing, could we start sometime in the morning.

THE COURT: Sure, 9:00 a.m.?

MR. SKROCKI: Yes, ma'am.

MR. COLBATH: Your Honor, the only other deadline that I think the parties would seek to change -- well, I think we will stay with the deadlines we proposed to try to not revisit or reschedule anything. The only deadline between those two deadlines that you just changed was directly in between, two weeks in between, two weeks after the pretrial and two weeks before trial we were going to exchange exhibits and witness lists I think.

THE COURT: All right.

MR. COLBATH: And so --

THE COURT: So exchange of exhibits in digital and hard copy right now is July 26th. You would propose to make that two weeks prior to trial to the revised trial date?

MR. SKROCKI: Yes.

MR. COLBATH: That's Monday, August 26th.

THE COURT: Monday, August 26th. Okay. And then you have got trial brief, proposed jury instructions, proposed voir dire July 5th. Are you seeking to move that as well? You might as well. I don't have a problem.

MR. SKROCKI: I think we should, Your Honor.

THE COURT: What would be most useful for me is to get the trial briefs I'm thinking like July 29th, so I could read them before the --

MR. COLBATH: Well before the pretrial.

THE COURT: Correct. July 29th, is that agreeable to both sides?

MR. SKROCKI: It is, Your Honor.

MR. COLBATH: Yes.

THE COURT: The motion in limine deadline right now is June 14th, and I'm hearing both sides agree to keep that so they would be all briefed June 28th. Then we would have August 5th to get them all sorted out.

MR. COLBATH: The month of July really to sort them out, briefing done well ahead of time.

THE COURT: Would it be helpful to have a -- did you ask for oral argument on these motions? So should we set another conference?

MR. COLBATH: Our suggestion, if the Court has any time, is sometime the week of, if our reply is due the 15th, sometime that following week, the week of August 22nd. Do you have any time that week? I'm sorry, April 22nd.

THE COURT: April 22nd, yeah, unless a case goes to trial, we could certainly do that. How about if we did Monday at 1:30 on April 22nd? Mr. Skrocki, are you available then?

MR. SKROCKI: Yes, Your Honor.

THE COURT: And the defense?

MR. CAMIEL: Yes.

THE COURT: Very good. Then we'll do oral argument on all motions that are then ripe. That will be good. And then see where else --

MR. COLBATH: You said 1:30?

THE COURT: 1:30, correct. Any other issues we can take up at this time from the government?

MR. SKROCKI: No, Your Honor. Thank you.

THE COURT: Thank you. Anything else, Mr. Colbath, Mr. Camiel?

MR. CAMIEL: No, Your Honor.

THE COURT: Very good. Well, I hope that things maintain their cordiality and professionalism. I really commend you all for that. It's not in every

case, so it's always nice to have. We'll go off record.

DEPUTY CLERK: All rise. This matter is now adjourned. Court stands in recess until call of the gavel.

(Proceedings concluded at 3:45 p.m.)

CERTIFICATE

I, Sonja L. Reeves, Federal Official Court Reporter in and for the United States District Court of the District of Alaska, do hereby certify that the foregoing transcript is a true and accurate transcript from the original stenographic record in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 15th day of April, 2020.

/s/ Sonja L. Reeves
SONJA L. REEVES, RMR-CRR
FEDERAL OFFICIAL COURT REPORTER