```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF ALASKA
 2

 3   UNITED STATES OF AMERICA, )
                               )
 4        Plaintiff,           )
                               )
 5   vs.                       )   CASE NO. 3:13-cr-00008-SLG
                               )
 6   JAMES MICHAEL WELLS,       )
                               )
 7        Defendant.           )
     _____)
 8
```

```
 9                  TRANSCRIPT OF MOTION HEARING
        BEFORE THE HONORABLE SHARON L. GLEASON, DISTRICT JUDGE
10                  December 23, 2019; 2:02 p.m.
                         Anchorage, Alaska
11
     FOR THE GOVERNMENT:
12        Office of the United States Attorney
          BY:  STEVEN SKROCKI
13        222 West 7th Avenue, #9
          Anchorage, Alaska 99513
14        (907) 271-5071

15   FOR THE DEFENDANT:
          Office of the Federal Public Defender
16        BY:  F. RICHARD CURTNER
          BY:  GARY GEORGE COLBATH (via speakerphone)
17        601 West 5th Avenue, Suite 800
          Anchorage, Alaska 99501
18        (907) 646-3400

19        Camiel & Chaney, P.S.
          BY:  PETER A. CAMIEL (via speakerphone)
20        520 Pike Street, Suite 2500
          Seattle, Washington 98101
21        (206) 624-1551

22   _____

23                  SONJA L. REEVES, RMR-CRR
                  Federal Official Court Reporter
24                  222 West 7th Avenue, #4
                    Anchorage, Alaska 99513
25        Transcript Produced from the Stenographic Record
```

```
 1              (Call to Order of the Court at 2:02 p.m.)
 2              DEPUTY CLERK:  All rise.  Her Honor, the Court,
 3    the United States District Court for the District of
 4    Alaska is now in session, the Honorable Sharon L.
 5    Gleason presiding.
 6              Please be seated.
 7              THE COURT:  Good afternoon.  We're on record in
 8    United States versus Wells.  Mr. Skrocki is here and
 9    Mr. Curtner with Mr. Wells.
10              Mr. Colbath, I understand you're on the phone?
11              MR. COLBATH:  Yes, Your Honor.  I was not sure
12    that I was going to be available, so I intended
13    Mr. Camiel and Mr. Curtner to cover, but it turned out I
14    could call in, so I am here.
15              THE COURT:  Great.  Mr. Camiel, are you on the
16    phone as well?
17              MR. CAMIEL:  Yes.  Good afternoon, Your Honor.
18              THE COURT:  I understand Ms. Belisle and
19    Ms. Wells are also on the phone, and that's fine.
20              Mr. Skrocki, you filed this motion?
21              MR. SKROCKI:  I did, Judge.
22              THE COURT:  I have been out of town.  Am I
23    going to hear from you, Mr. Colbath?
24              MR. CURTNER:  I think Mr. Camiel is going to
25    address this.
```

1          THE COURT:  Go ahead, Mr. Camiel.

2          MR. CAMIEL:  Well, Your Honor, we think the

3     Court should deny the motion.  There has been no juror

4     contact by the defense.  Back on December 13th,

5     Mr. Colbath sent an e-mail to Mr. Skrocki indicating

6     that there has been no contact.

7          We're aware of the new rule that's about to

8     take effect.  We have abided by the Court's order that

9     came out about a week ago in setting this hearing.  And

10    prior to that, there had been no juror contact.

11         THE COURT:  So do you object to -- I tried to

12    be evenhanded in this order and said -- and after I

13    received this motion, I went and I talked to our court

14    rules attorney, because my observation to her was that

15    our rule is not proscriptive, meaning it doesn't -- it

16    implicitly prohibits contact, but does not expressly do

17    so.  Mr. Curtner was on that committee.  I was not, but

18    I reviewed the draft.

19         But in any event, I wondered if it could be

20    more proscriptive, which is why I wrote the order that I

21    did, which applies to both parties.

22         Mr. Skrocki, what are your thoughts?

23         MR. SKROCKI:  We would agree with that, Judge.

24    Obviously, there has been two discussions about this

25    with Mr. Wells, to some extent.  We're not clear as to

what the discussions were.  There is two separate,

distinct conversations about jurors being interviewed.

And based on the record of the trial that we had here,

there has been no evidence whatsoever of any kind of

improper influence evidence outside of the trial

evidence going to the jury, so would request that the

Court does do a proscriptive order.

And in the event the parties have some issue,

they can bring it to the Court's attention first.

THE COURT:  Mr. Camiel, any objection to that,

basically the order that I put in place that is

proscriptive to both parties remain in effect?

MR. CAMIEL:  I guess my -- I'm a little unclear

as to -- I looked up the rules that are in place now and

the new rule that's to take effect.

THE COURT:  Actually, the rule has taken

effect.  I think in the government's motion it said it's

effective January 1st.  Actually, we made it effective

the date we enacted it, which was right about the same

time as the government filed the motion, so it's

effective now.

MR. CAMIEL:  Well, there has been compliance

with the rule and we would intend to comply with the

rule.

THE COURT:  And so what's the objection to

having an order that makes it clear that both sides must
comply or must not initiate contact?  Frankly, I'm going
to talk to our court rules attorney and propose that
change, not just in this case, but in every case.

MR. CAMIEL:  I'm sorry.  The rule says no
party, attorney, or other interested person may contact
or communicate, so I think the rule already covers it,
doesn't it?

THE COURT:  Well, I think the part -- I meant
to print this off.  The 10:30 hearing went a few hours
here.  But the rule itself, part B of the new rule I
think could be more proscriptive.  And I can't find it
in here, but in any event, I'm hearing neither side
intends to initiate contact through the parties or any
investigator or otherwise.  Is that correct, Mr. Camiel?

MR. CAMIEL:  Yes.

THE COURT:  All right.

MR. SKROCKI:  May I be heard?

THE COURT:  Yes.

MR. SKROCKI:  This should be an easy no
objection.  I don't understand why there is this
vacillation of we're not going to agree with the Court's
proscriptive ruling because I suspect there's -- it
doesn't leave me with a lot of trust that there is not
something going on here.

1          THE COURT:  Well, I'm not going to be able to

2     resolve that, Mr. Skrocki, but I am going to enter a

3     proscriptive order.  And I am going to propose to the

4     rules committee to change it.  I can't find the exact

5     language in the rule, but right now it says that you can

6     -- yes.  It says an interested person may communicate

7     with a juror who first initiates contact.

8          What it does not say is, although it's quite

9     implicit, is that you shall not initiate contact

10    yourself.  And that is what I'm going to order here.

11    I'm going to seek to modify the rule.

12          Are you going to be off the committee now that

13    you are retiring?

14          MR. CURTNER:  I think so.

15          THE COURT:  All right.  Well, then I'll take

16    that up with the new federal public defender, and I know

17    Mr. Russo has been active on that committee as well from

18    the U.S. attorney's office.

19          In any event, that will be my order.  And so I

20    will grant the motion as modified to make it apply to

21    both parties and basically grant the motion at 1329,

22    which I will do by simply extending until further order

23    the order entered at Docket 1333 in this case.

24          So anything further, Mr. Skrocki?

25          MR. SKROCKI:  No, Your Honor.  Thank you.

1          THE COURT:  Mr. Curtner, anything further?

2          MR. CURTNER:  No, thank you.

3          THE COURT:  Mr. Camiel, anything further?

4          MR. CAMIEL:  No, Your Honor.

5          THE COURT:  We'll go off record.

6          DEPUTY CLERK:  All rise.  This matter is now

7   adjourned.  This court stands in recess until 3:15 p.m.

8          (Proceedings concluded at 2:09 p.m.)

9

10                      CERTIFICATE

11      I, Sonja L. Reeves, Federal Official Court Reporter
    in and for the United States District Court of the
12   District of Alaska, do hereby certify that the foregoing
    transcript is a true and accurate transcript from the
13   original stenographic record in the above-entitled
    matter and that the transcript page format is in
14   conformance with the regulations of the Judicial
    Conference of the United States.

15
        Dated this 23rd day of June, 2020.
16

17
                          /s/ Sonja L. Reeves
18                        SONJA L. REEVES, RMR-CRR
                          FEDERAL OFFICIAL COURT REPORTER
19

20

21

22

23

24

25