BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
CHRISTINA SHERMAN
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
 christina.sherman@usdoj.gov


Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | No. 3:13-cr-00008-SLG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| JAMES MICHAEL WELLS | ) ) ) | |
| Defendant. | ) | |

**PROPOSED ORDERS OF THE UNITED STATES REGARDING RESTITUTION**

The United States, pursuant to the request of the court, files language for the court's consideration related to restitution of the assets/funds and defined benefits plans of James Wells to the spouses of Richard Belisle and James Hopkins. The proposed

language, submitted by the United States are directed toward restitution in the following areas, listed below but are prefaced by a factual update from last week's hearing:

**Factual Update**

The United States has been in contact with the Social Security Administration (SSA) with respect to receipt of payments by Jim Wells to SSA for overpayments made by SSA to Jim Wells while he has been incarcerated. The figure proffered by defense counsel was approximately $88,000 was due to the SSA because of overpayment and part of the Wells' TSP withdrawal went to satisfy that overpayment. In conversation with the SSA, the undersigned was advised that, in fact, the amount due was approximately $50,000 less, or, roughly $30,000. The United States has given process to SSA to obtain the complete Wells SSA file in order to get an accurate accounting of that figure. Thus, at this time, aside from an approximately $120,000 unauthorized withdrawal from the defendant's TSP account, what was done with the withdrawn funds is not definitively known.

Be that as it may, the United States does not seek to delay this court's order on restitution and, as provided herein, submits the following request due to the Wells' removal of the funds in violation of this court's order and what appears, via SSA agency counsel, that there will be serious legal difficulty in clawing these funds back from the SSA. Therefore, the United States proposes that any funds the court deems to be awarded to Nancy Wells be reduced by the amount of $120,000. In the United States' view, the easiest way for this to occur is for the court to order a forced sale of the Wells residence

and, via a lien placed on the home by the United States, subtract the TSP withdrawal amount from the sale. The United States recognizes that the court has several options as to how to allocate the stolen funds, but this option provides a deep enough corpus for the funds to be returned.

**A. Proposed Order: Forced Sale of the Wells residence**

The Wells are currently receiving rental fees on a per month basis as to the rent of their home. It is also believed, due to the mortgage balance after the first trial, that the mortgage is now fully paid off, if not close to it. Given that, and the Wells actions with respect to the TSP, the court should force the Wells to sell their home as Nancy Wells no longer lives there and, it appears, has no intent to live there. In addition, the United States can work with private Kodiak counsel for Mrs. Belisle with respect to removing any state court stay on the sale of the residence given that Mrs. Belisle has an interest in both matters. The proposed order should state as follows:

> The Court orders Jim and Nancy Wells to sell their personal residence, 365 Pavloff Circle, Kodiak, Alaska, Bells Flats BK 1, LT 3B &3C, Kodiak, Alaska, 99615 immediately at fair market value.  It is ordered that any and all proceeds of the sale will be deposited into an interest bearing trust account maintained by the United States District Court for distribution under the restitution order of this court and for the benefit of Nicola Belisle and Deborah Hopkins, with the remainder, if any, to be distributed to Nancy Wells after determination of the appropriate amount by this court.

### B. Proposed Order in re Social Security Administration

The United States, in conversation with the SSA, has been advised that various legal challenges, primarily SSA opposition, and jurisdictional objections, may delay if not well nigh make it impossible to claw back the TSP funds used by the Wells to refund the overpayment. Consequently, the United States seeks the liquidity of a forced sale of the Wells' home in order to recapture these funds. Therefore, no order to SSA is provided.

### C. Proposed Order in re Thrift Savings Plan

Pursuant to 18 U.S.C. 3663A and 18 U.S.C. 3664, it is the order of this court that restitution is owed by the defendant James Michael Wells for the murders of Messrs Richard Belisle and James Hopkins under the Mandatory Victim Restitution Act. The Office of Thrift Supervision is hereby ordered to transfer to this court all funds in the Thrift Savings Plan for account holder James Michael Wells, which, as of January 8, 2021 contained funds in the amount of $524,502.44.[1]

### D. Other Defined Benefits Plans

The defendant has three other defined benefit plans which provide income on a month to month basis. As to those three plans, the United States proposes the following language for its order/judgment:

---

[1] The United States can provide the TSP account number for Jim Wells as soon as it receives its subpoena returns. As of this date, those returns have been received but not processed. Processing should be competed by this office's Discovery Center by tomorrow.

The United States Department of Veteran's Affairs and United States Department of Veteran's Affairs, Office of Disability, and the Civil Service Retirement System are hereby ordered to direct each, any and all forthcoming retirement and disability benefits for James Michael Wells (SSN XXX-XX-0365) to this court for placement in an interest bearing trust account beginning January 8, 2021. Said order is based on the Mandatory Victim Restitution Act, 18 U.S.C. 3663A and 18 U.S.C. 3664 and the All Writs Act, 28 U.S.C. 1651.

**CONCLUSION**

The court has before it several options with respect to issuing a restitution under the MVRA to the spouses of the men James Wells murdered. As argued prior to, the United States seeks immediate disbursement of the entire TSP amount to the spouses, as the law permits, and to let them elect what to do with the funds pending appeal. As to the three other defined benefit plans the United States seeks the same: immediate payment of those funds and deposited with the court for distribution in a manner consistent with the court's ruling on the non-contradicted economic values provided to the court by the United States from Dr. Laura Taylor. Lastly, either the defendant, or his wife, and likely both are in contempt of this court's order not to withdraw funds from the defendant's TSP. A significant withdrawal was made in mid-December, 2020, and given the amount of time taken for TSP to authorize withdrawals the United States suspects that the delay in this hearing made by the defendant were all due to the surreptitious withdrawal of these funds by the defendant and his spouse. This contempt of the court's order should

not amount to a windfall for Nancy Wells, and any restitution order directing funds to her should deduct $120,000 due to the difficulty in now clawing those funds back from the SSA, credit card companies or other debtors along with the length of time it would take to recoup those funds if at all. Given this skullduggery, a forced sale of the home is the most expeditious method of recapture.

RESPECTFULLY SUBMITTED this 14th day of January 2021, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2021,
a copy of the foregoing was served
electronically on:

Counsel of Record

s/ Steven E. Skrocki
Office of the US Attorney