Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Peter A. Camiel
Law Offices of Camiel & Chaney P.S.
5200 Pike Street, Suite 2500
Seattle, WA 98101
Phone: (206) 624-1551
Email: petercamiel@yahoo.com

*Attorneys for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**DEFENDANT'S RESPONSE AND OBJECTIONS TO GOVERNMENT'S PROPOSED ORDER LANGUAGE REGARDING RESTITUTION** |

Gary Colbath, Assistant Federal Public Defender and counsel for Defendant James Wells, hereby files this response and objection to the government filing at docket 1450.

**<u>Factual Update – Response</u>**

The government changed its position on distribution and allocation of assets substantially and makes much of Nancy Wells' withdrawal of funds from Jim Wells TSP account. First, no one is in contempt of Court for actions taken here. Jim Wells

did not authorize nor was he aware (until the undersigned informed him) that a withdrawal from his account was made. Nancy Wells is entitled by law to at a minimum an annuity worth ½ the value of her husband's TSP account given their married status, which is over 46 years now. Nevertheless, the government has consistently indicated she is owed nothing from that account, nor should she get anything. Nancy Wells was not subject to any court order restraining her from accessing the TSP. Although the government made such a request, this Court specifically denied that request and invited the government to renew the same by motion if it desired to do so.[1] Nothing was filed.

The undersigned counsel has no knowledge, never has had, of the amount claimed to be owed by Jim Wells to the SSA. The Wellses are disputing the amount and upon information and belief are contesting a portion and agree that a certain amount of repayment is owed. Relative to Jim Wells' TSP account, Nancy Wells made a withdrawal request for $125,000, approximately 20% of its then existing value. The $125,000 funds were expended $25,000 withheld by TSP for taxes, $47,000 to pay off credit card debt, $30,000 to SSA (roughly the portion Wells does not contest), and $25,000 to the civil attorney handling the Kodiak civil case filed by the victims against Jim Wells arising out of this matter. To the extent these amounts total about $2,000 more than the withdrawal request, that amount was paid out of pocket by

---

[1] A copy of the portion of the sentencing transcript in this matter detailing this colloquy is attached as Exhibit D-1.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-SLG       Page 2

Nancy Wells.

The Wellses Kodiak residence is paid off, rented month to month for just barely enough to cover taxes, utilities and maintenance, and is in dire need of repair, remodel and upgrade. Any sale of the property is enjoined by court order from the Alaska state court related to the civil action. Sale of the property will result in returns drastically below market value due to the extensive repairs and upgrades necessary. Nancy Wells has no funds whatsoever to finance such repairs nor credit enough to even borrow the money to fix up the house.

### A. Proposed Order: Forced Sale of the Wells house.

Wells objects to the government's proposal and order language. Subject to prior constitutional and other objections to restitution, Wells asserts that the Court should order restitution as follows:

The court orders that Jim and Nancy Wells shall not sell, encumber, gift, or otherwise transfer ownership in their real property located at 365 Pavloff Circle, Kodiak, Alaska, Bells Flats BK 1, LT 3B &3C, Kodiak, Alaska, 99615 without seeking further order of this court. Meanwhile, the Wells shall maintain, preserve and otherwise keep safe the property until the conclusion of the direct appeal proceedings are completed in this matter. At that time the Wells may seek relief from this order as is consist with the court's order regarding restitution in this case pursuant to 18 U.S.C. § 3663A and 18 U.S.C. § 3664.

//

### B. Any Order related to the SSA.

Wells agrees that no order relative to the SSA should be made. He is still in dispute with the administration and the additional amount he owes for reimbursement has not been determined. Suffice to say, however, Wells has no ability to pay any further amount determined to be owed.

### C. Proposed Order in re Thrift Savings Plan

Any disbursement from Wells TSP account will come with tax consequences. To the extent the Court awards amounts from the TSP to the government, it should order such disbursements as "after tax" disbursements as they would be if Wells himself made the withdrawals. However, today, the Court should do nothing with the TSP account except enter an order as follows:

Pursuant to 18 U.S.C. § 3663A and 18 U.S.C. § 3664, it is the order of this court that restitution is owed by the defendant James Michael Wells for the murders of Messrs. Richard Belisle and James Hopkins under the Mandatory Victim Restitution Act. The following funds from such account are awarded from Wells" TSP account to be applied to the court's restitution order _____. However, the court orders that James and Nancy Wells shall not sell, encumber, gift, withdraw from, access or otherwise transfer ownership of James Wells' TSP account #_____ without seeking further order of this court. The Office of Thrift Supervision is hereby ordered to freeze for withdrawal and transfer purposes all funds in the Thrift Savings Plan for account holder James Michael Wells until further order of the court.

Disbursement of the TSP account funds subject to the court's restitution order will occur upon further order of this court. All necessary and owed taxes resulting from the disbursement shall be withheld by the Thrift Savings Plan pursuant to its regulations and the law.

### D. <u>Other Defined Benefits Plans</u>

The government's briefing asks the Court to award 50% of each of Wells' "retirement" sources of income for life to be applied towards restitution. Yet the government's proposed order now asks the Court to enjoin and escrow ALL (100%) of Wells' retirement income. The Court should not do so. Instead the Court should enter an order as follows:

Pursuant to 18 U.S.C. § 3663A and 18 U.S.C. § 3664, it is the order of this court that restitution is owed by the defendant James Michael Wells for the murders of Messrs. Richard Belisle and James Hopkins under the Mandatory Victim Restitution Act. The court hereby awards _____ percent of all future retirement and disability payments belonging to James Wells as restitution in this matter. The United States Department of Veteran's Affairs, the United States Department of Veteran's Affairs Office of Disability, and the Civil Service Retirement System are hereby ordered to direct _____percent (___%) of all forthcoming retirement and disability benefits for James Michael Wells (SSN XXX-XX-0365) to this court for placement in an interest bearing trust account beginning January 8, 2021. The remainder of such retirement and disability benefits shall be paid in manner

currently in place to James Wells or his beneficiary pursuant to agency regulations and the law. This order is based on the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A and 18 U.S.C. § 3664 and the All Writs Act, 28 U.S.C. 1651.

## Conclusion

During the prior the proceedings in this matter, the process and proceedings that the Ninth Circuit Court of Appeals found was riddled with prosecutorial misconduct and resulting fundamental unfairness to James Wells, the government intervened pretrial and successfully sought dismissal of one of James Wells' two trial counsel. The Ninth Circuit spoken to the inappropriateness of this conduct. However, by the time the Ninth Circuit could review anything, the damage was done. Even though Nancy Wells was an innocent spouse, she was forced to expend her entire life's retirement funds to pay retained counsel to come back on board after dismissal by the Court, because her husband's assets, including his own TSP account.

Having forced her to deplete her own retirement and personal assets, the government has now sought to take from Nancy Wells, all entitlement she has to a portion of Jim Wells' TSP and on-going retirement payments. That is not fair, equitable or legal. That Nancy withdrew a fraction of her entitlement from one of the assets in order to pay other joint obligations should not change anything relative to the Court's restitution award. The Court should order an appropriate amount of restitution, in the manner suggested above and then stay the execution or disbursement of those amounts. This will preserve the status quo pending appeal

and allow the Court to further order disbursement in the event Mr. Wells' convictions are affirmed but also will maintain those assets in the event the convictions are reversed.

In the event the Court orders restitution and intends to permit the immediate disbursement of any of the funds or intends to require sale of the Wellses real property, Wells requests the Court temporarily stay the execution of any such order for a period of 30 days to allow appellate counsel time to seek further relief from the Ninth Circuit Court of Appeals.[2]

DATED at Anchorage, Alaska this 19th day of January, 2021.

Respectfully submitted,

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender

*/s/ Peter A. Camiel*
Peter A. Camiel WSBA 12596
Attorney for Defendant

*Attorneys for James Michael Wells*

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on January 19, 2021. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary G. Colbath*

---

[2] As noted as the restitution hearing held January 8 before the Court, the Ninth Circuit stayed the execution of the restitution order previously, a request which was not opposed by the government.

*United States v. James Michael Wells*
Case No. 3:13-cr-00008-SLG                                                                                                         Page 7