BRYAN SCHRODER
United States Attorney

STEVEN E. SKROCKI
CHRISTINA SHERMAN
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
christina.sherman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00008-SLG |
| Plaintiff, | ) |
| v. | ) |
| JAMES MICHAEL WELLS | ) |
| Defendant. | ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY ON RESTITUTION**

The United States files with the court Notice of Supplemental Authority on the issue of Restitution. In terms of the court's ruling on the defendant's Thrift Savings Plan, the United States provides the case of *United States v. Abell*, 2021 U.S. App. Lexis 1199, 2021 WL 140635 (1st Cir. Jan. 15, 2021) as supportive of the United States' position on

this court ordering all of the defendant's TSP account be directed as restitution to the spouses of the Messrs. Belisle and Hopkins.

In the case, defendant Abell pleaded guilty in 2018 to eight counts of wire fraud, money laundering, and unlawful monetary transactions related to an embezzlement scheme. He was sentenced to 97 months' incarceration, ordered to pay $3,879,750 in restitution, and ordered to forfeit various assets under the MVRA. On appeal, he did not challenge the restitution order and made a representation that he could make significant restitution, including from his 401(k) retirement account. In 2019 the government moved for a writ of garnishment for the 401(k) account with a value of roughly $393,500. Both the defendant and his wife opposed the writ. The district court issued a garnishment order in favor of the government. Defendant's wife appealed, claiming that Massachusetts divorce law implicitly recognized a vested legal interest by spouses in their property, entitling her to a portion of the 401(k) payout.

The First Circuit affirmed the district court's issue of the garnishment of the entire 401(k) amount, holding that defendant's wife did not have vested property interest in the 401(k) account that defendant held individually, and thus she lacked standing to challenge garnishment order entered to enforce defendant's restitution obligation. The First Circuit interpreted Massachusetts state law to create a vested interest only upon divorce, and as the parties were still married, there was therefore no vested interest. As to 401(k) plan's contingent death benefit provision, the First Circuit held that because the defendant was not dead, his wife did not have a vested interest under that

U.S. v. Wells
3:13-cr-00008-SLG

provision. Because the plan authorized defendant to unilaterally receive his full 401(k) balance in single lump-sum payment before his death, the United States could properly garnish that asset.

The defendant has provided the court with no facts to show Nancy Wells has a spousal benefit with James Wells' TSP, thus, no vested interest exists with respect to her claim. The facts and conclusions of the *Abell* decision are supportive of the government's position on this matter and given the recent publication, said case is provided to the court as supplemental authority in support of the government's request that the entire value of Wells' TSP be awarded to the spouses of Mr. Richard Belisle and Mr. James Hopkins.

RESPECTFULLY SUBMITTED this 29th day of January, 2021, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021,
a copy of the foregoing was served
electronically on:

Counsel of Record

s/ Steven E. Skrocki
Office of the US Attorney

Page **3** of **3**
U.S. v. Wells
3:13-cr-00008-SLG

Case 3:13-cr-00008-SLG   Document 1452   Filed 01/29/21   Page 3 of 3