# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

JAMES MICHAEL WELLS,

          Defendant.

Case No. 3:13-cr-00008-SLG

## SUPPLEMENTAL RESTITUTION ORDER

This Supplemental Restitution Order is meant to provide the parties and the Clerk of Court with clarifying instructions related to effectuating the Restitution Order at Docket 1459. Before the Court at Docket 1462 is defendant James Michael Wells' Motion for Stay of Restitution Order, and before the Court at Docket 1463 is Mr. Wells' Motion for Clarification of Terms of Restitution Order.[1]

The Court clarifies and supplements the Restitution Order at Docket 1459 as follows:

Disbursement of restitution to the victims' estates shall not occur until the conclusion of Mr. Wells' direct appeal to the Ninth Circuit, when the Court will issue a further order depending on the outcome of the appeal.[2] Until then, any restitution

---

[1] The Court is proceeding without the benefit of a response from the government as to these motions, in light of the pending appellate briefing deadline and the nature of the relief requested.

[2] Paragraph (4) on page 19 of the Restitution Order (Docket 1459) is clarified as follows: No distribution shall be made out of the CRIS to the victims' estates until ordered by the Court after

money—including monthly TSP payments, retirement payments, and disability payments—shall be paid to the Court and shall be held by the Clerk of Court in the Court Registry Investment System (CRIS) account (instead of in an interest-bearing trust account).[3] When the direct appeal is concluded, the Court will direct the Clerk of Court to deduct from income earned on the investment a fee, not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.

The Court ordered that the Thrift Savings Plan (TSP) freeze all lump sum withdrawals until further order of the Court. The Court intends that the TSP shall immediately commence the 80% monthly payments to the Court, along with all retirement and disability payments, where those funds will be retained until the conclusion of the direct appeal.[4] At that time, if Mr. Wells' convictions are affirmed, the funds on deposit with the Court shall be disbursed to the victims' estates

---

the conclusion of the direct appeal.

[3] The Court intends that the TSP payments to the Court start as soon as practicable; the Court does not intend to delay the commencement of those payments to the Court until the conclusion of the direct appeal.

[4] It may be that the Restitution Order itself is sufficient to commence the monthly TSP payments. The Court's reference to "further orders" in the Restitution Order (Docket 1459 at 17) is amended; further order(s) are needed only to the extent required by the TSP to effectuate the Restitution Order.

Also, the Court does not intend to foreclose Mr. Wells seeking by motion to permit a lump sum withdrawal of the remaining 20% prior to the conclusion of the direct appeal. However, the Court first intends for the 80% monthly payments to commence and to ensure that the TSP will not reduce the amount of the monthly benefits paid to the Court in the event of a 20% lump sum withdrawal (i.e., reduce it to 80% of only the remaining 80%, which would be contrary to the Court's intention in the Restitution Order).

pursuant to the formula set forth in the Restitution Order.  If Mr. Wells' convictions are reversed, the Court shall issue an alternate order pertaining to the treatment of all funds on deposit.

Similarly, as to the sale of the Kodiak house, whether the Court will allow Mr. Wells to sell or transfer his share of the house upon completion of the appeal will depend on the outcome of the appeal and the extent to which the other provisions of the Restitution Order have been successfully effectuated with respect to the monthly TSP, retirement, and disability payments.

In light of the foregoing, IT IS ORDERED that the motions at Docket 1462 and at Docket 1463 are GRANTED as set forth herein.

IT IS FURTHER ORDERED that the government shall file a status report within 14 days of the date of this order as to the status of the TSP, retirement, and disability payments into the CRIS.

DATED this 29th day of April, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE