**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JAMES MICHAEL WELLS, <br><br> Defendant-Appellant. | Nos. 20-30009 <br>      21-30121 <br><br> D.C. Nos. <br> 3:13-cr-00008-SLG-1 <br> 3:13-cr-00008-SLG <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted June 7, 2022
Anchorage, Alaska

Before: HURWITZ, BRESS, and H.A. THOMAS, Circuit Judges.

James Wells was convicted of two counts of first-degree murder within the maritime and territorial jurisdiction of the United States; two counts of murder of a federal employee; and two counts of using a firearm in relation to a crime of violence. The district court sentenced Wells to life in prison and ordered him to pay $1,921,640 in restitution. Wells now appeals his convictions and the restitution

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

order. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. In a concurrently issued opinion, we reject certain of Wells's challenges to his conviction but vacate the restitution order and remand for further proceedings on that issue. In this memorandum disposition, we reject Wells's remaining challenges to his convictions.

1. Even assuming Nicola Belisle's testimony about her interaction with Wells at a polling place (to which Wells did not entirely object) should have been excluded, "we find 'it is more probable than not that [any] error did not materially affect the verdict.'" *United States v. Torres*, 794 F.3d 1053, 1056 (9th Cir. 2015) (quoting *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002)). The circumstantial evidence of Wells's guilt was considerable, the defense had the opportunity to cross-examine Belisle, and the district court gave a limiting instruction. Belisle's disputed testimony—a small part of a lengthy trial—would have had minimal, if any, additional influence on the jury's determination. *See United States v. Job*, 871 F.3d 852, 866 (9th Cir. 2017) (holding that any error was harmless because "the government provided substantial evidence" of the defendant's guilt).

2. The district court acted within its discretion, *United States v. Koziol*, 993 F.3d 1160, 1183 (9th Cir. 2021) (standard of review), in admitting evidence of the fuel card incident after the court concluded it was part of "an acceptable motive

2

theory." In Wells's appeal from his first trial, we held that the letter satisfied Rule of Evidence 404(b) because it was "relevant to Wells['s] work environment," "not too remote in time," and related to the government's "motive theory," and because its probative value was not substantially outweighed by the risk of undue prejudice. *United States v. Wells*, 879 F.3d 900, 930 (9th Cir. 2018). That reasoning likewise undermines Wells's claims that the district court should have redacted the letter (which Wells did not request), or that the court should have excluded the testimony of Wells's colleagues concerning this incident.

Although he did not object at trial on this basis, Wells now also argues that the letter is hearsay. However, "an out-of-court statement is not hearsay if offered for any purpose other than the truth of whatever the statement asserts," such as "what effect it had on the listener." *United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019) (emphasis omitted). Here, the district court directed the government and the jury to focus on "Mr. Wells['s] reaction to the letter of caution and not dwell on the actual underlying incident."

3. The district court did not err in admitting Coast Guard agent Denise Anderson's testimony about the murder investigation. Because Wells only objected as to foundation, we review the admission of Anderson's statements for plain error. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012) ("A party fails to preserve an evidentiary issue for appeal not only by failing to make a

3

specific objection, but also by making the wrong specific objection.") (quotation marks and alterations omitted).

Anderson's testimony satisfied Rules of Evidence 701 and 801(c) because she did not testify to any out-of-court statement, or to any evidence not "rationally based on [her] perception." *See* Fed. R. Evid. 701, 801(c); *see also United States v. Gadson*, 763 F.3d 1189, 1207 (9th Cir. 2014) (holding that Rule 701 allows a law enforcement officer to testify to "facts [she] learned during the investigation," "even if the testifying officer was not a participant in the recorded conversation," if the testimony is based on her perception and helpful to the jury) (quotation marks omitted). There was also no Confrontation Clause or due process issue with Anderson's testimony. *Ocampo v. Vail*, 649 F.3d 1098, 1107 (9th Cir. 2011) (explaining that the Confrontation Clause generally "forbids 'admission of testimonial statements of a witness who did not appear at trial'") (quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004)).

4. The government did not engage in prosecutorial misconduct.

a. The government did not elicit improper attacks on Wells's credibility from other witnesses. At no point did the prosecutor "compel a witness to testify that another witness lied," *United States v. Ramirez*, 537 F.3d 1075, 1084 (9th Cir. 2008), and no witness directly opined on the honesty of the testimony that Wells would provide. Nor did Wells object to most of the disputed testimony.

4

To the extent Wells now objects to statements by witnesses that were responsive to defense counsel's questions, these statements were "invited" and "will cause reversal only in the most exceptional situation where reversal is necessary to preserve the integrity of the judicial process or to prevent a miscarriage of justice." *United States v. Crawford*, 239 F.3d 1086, 1092 (9th Cir. 2001) (alterations and quotation marks omitted). The challenged statements do not meet this high bar. Regardless, Wells has not shown how the disputed testimony materially affected the verdict. *Torres*, 794 F.3d at 1056.

b. Wells objects to the prosecutor asking him if he "disputed" the testimony of previous witnesses. Because Wells failed to object at trial, we review for plain error. *United States v. Luong*, 965 F.3d 973, 987 (9th Cir. 2020). We find none. The government can "point[] out inconsistencies" between the testimony of various witnesses, and the prosecutor only asked these questions after Wells contradicted the testimony of other witnesses. *United States v. Moreland*, 622 F.3d 1147, 1162 (9th Cir. 2010). Regardless, Wells has not shown prejudice.

c. The prosecution did not engage in improper vouching during the questioning of government witnesses. Wells did not object at trial, so we review for plain error. *Luong*, 965 F.3d at 987. The government may not "bolster[] its case" by "discussing at length the process involved in obtaining a wiretap authorization." *United States v. Brooks*, 508 F.3d 1205, 1211 (9th Cir. 2007). But the prosecutor's

5

questions about the search warrants obtained for Wells's home did not run afoul of this rule because this line of questioning was responsive to Wells's theory that the investigation was inadequate. Regardless, any error would be harmless because on cross-examination, the defense elicited similar testimony. The agent's comment about contacting the U.S. Attorney's Office also was not reversible plain error because the agent was describing the investigation as a whole and not referring specifically to Wells.

       d.     The government did not commit prosecutorial misconduct during closing argument. The government did not vouch for a witness, *Brooks*, 508 F.3d at 1209, misstate the evidence, *United States v. Preston*, 873 F.3d 829, 844 (9th Cir. 2017), or "denigrate[] the defense as a sham," *United States v. Sanchez*, 176 F.3d 1214, 1224 (9th Cir. 1999). It instead "highlight[ed] the weaknesses of [the] defendant's case," and asked the jury to draw permissible inferences from facts in the record. *United States v. Tucker*, 641 F.3d 1110, 1120–21 (9th Cir. 2011); *see also United States v. McChristian*, 47 F.3d 1499, 1507 (9th Cir. 1995) (noting the government's "reasonably wide latitude" during closing).

       5.     The district court did not err in allowing the April 19 reenactment video to be presented to the jury as a demonstrative exhibit. The district court applied the test "urge[d]" by both parties, which involved assessing whether the April 19 video and the original video were "substantially similar." Wells does not challenge the

district court's application of this standard. Rather, he argues that the district court should have instead asked whether the two videos were "nearly identical." Wells has not demonstrated that his preferred test enjoys support in the law such that the district court plainly erred in not applying it. *Cf. United States v. Gnirke*, 775 F.3d 1155, 1164 (9th Cir. 2015) ("An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results.") (quotation marks omitted).

Although Wells now argues that the district court should have balanced the probative value and undue prejudice of the video under Rule 703, he asserted below that the Rule 403 balancing test applied. Regardless, Wells would be unable to show that the application of Rule 403 "materially affect[ed] the verdict," *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005), particularly given the extensive limitations that the district court imposed in allowing the use of the video.

6.  The district court did not err in limiting the disclosure of certain information about potential jurors. The district court's "decision to empanel an anonymous jury is entitled to deference." *United States v. Shryock*, 342 F.3d 948, 970 (9th Cir. 2003). Because Wells did not object to this ruling, we review for plain error. *United States v. Mikhel*, 889 F.3d 1003, 1031 (9th Cir. 2018).

The court may empanel an anonymous jury if "(1) there is a strong reason for concluding that it is necessary to enable the jury to perform its factfinding function,

7

or to ensure juror protection; and (2) reasonable safeguards are adopted by the trial court to minimize any risk of infringement upon the fundamental rights of the accused." *Id.* (quotations omitted). As to the first prong, courts may consider factors such as "the defendants' past attempts to interfere with the judicial process or witnesses," "the potential that the defendants will suffer a lengthy incarceration if convicted," and "extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation and harassment." *Shryock*, 342 F.3d at 971.

Wells was on trial for a high-profile double murder in a more sparsely populated geographic area. Especially after the earlier mistrial, the case had received considerable publicity. It was thus not plain error for the district court to conclude that shielding jurors from greater public scrutiny was warranted.

Importantly, the district court established safeguards to protect Wells's rights, including complete disclosure to Wells's counsel and treating anonymity as routine to minimize the risk of prejudice. *See Mikhel*, 889 F.3d at 1032 ("Simply treating anonymity as a routine procedure and offering neutral justifications focused on juror confidentiality also sufficiently guard against prejudice."). The court's procedures were sufficiently supported by existing case law and thus not plainly erroneous. *See Gnirke*, 775 F.3d at 1164.

7. Because none of Wells's arguments demonstrate error in his

8

convictions, the cumulative error doctrine does not apply. *See United States v. Lonich*, 23 F.4th 881, 907 n.5 (9th Cir. 2022).

* * *

For the reasons set forth here and in our accompanying opinion, we affirm Wells's convictions but vacate his restitution order and remand for further proceedings on that issue only.

**AFFIRMED in part; VACATED and REMANDED in part.**