Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., #700
Anchorage, AK 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

*Counsel for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>    Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**DEFENDANT'S BRIEF REGARDING RESTITUTION** |

Defendant James Michael Wells, through counsel, Gary G. Colbath, Assistant Federal Defender, files this memorandum of authorities regarding restitution pursuant to the Court's order at Docket 1481. Defendant requests that the Court set a hearing to hear arguments on the parties' briefing and determine restitution, and permit Defendant to participate in such hearing either in person or virtually.

## PROCEDURAL HISTORY

The Court previously entered a detailed restitution order. See Dk. 1459. In its order, the Court made several findings which were not affected by the appeal in this matter. Those rulings included that Mr. Wells owed the Estate of James Hopkins $ 1,178,758 in restitution and the Estate of Richard Belisle $ 742,882. The Court found that Mr. Wells had property interests in his marital home in Kodiak, a government TSP account, and various monthly retirement and disability income.

The Court correctly concluded that with respect to Mr. Wells TSP retirement account, "the government's right is to step into the defendant's shoes," which permitted them to obtain benefits he was otherwise entitled to, but no more than he, himself could have unilaterally withdrew from his account. In that regard, the Court held that:

> Here, Mr. Wells' age and length of service make him eligible to withdraw all of his contributions to his TSP. But the TSP also provides survivor annuities and requires spousal consent for any lump sum withdrawal. A court can order restitution from the defendant's TSP account, but without spousal consent can only prohibit lump sum withdrawals from the account and order monthly payments be directed to restitution. [Citations omitted.]

The Court found that Mr. Wells receives payments from his military retirement in the amount of $1,873 per month, civil service retirement payments of $916 per month, and VA disability benefits in the amount of $1,234.68 per month.

## ISSUE ON REMAND

On appeal, the Ninth Circuit Court of Appeals noted that Wells argued "The MVRA incorporates provisions of the Consumer Credit Protection Act (CCPA), which limits "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment" to "25 per centum of his disposable earnings for that week." 15 U.S.C. § 1673; see 18 U.S.C. § 3613(a)(3) ("[T]he provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment. . . ."). Wells claims that his retirement and disability benefits constitute "earnings" for purposes of 15 U.S.C. § 1673, and that these funds thus cannot be garnished more than 25%. *United States v. Wells,* Dk. 1475, pp. 29-30.

The Ninth Circuit agreed and held that this Court "was required to determine whether each of Wells' benefit payment streams constituted "earnings" under 15 U.S.C.

§ 1673. See also, 15 U.S.C. § 1672(a) (defining "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includ[ing] periodic payments pursuant to a pension or retirement program"). If so, the MVRA limited garnishment of those funds to 25%. Because the district court has not yet considered these questions, and because some of the facts underlying the different benefit payments are unclear, we remand for the district court to consider these issues in the first instance."

## ARGUMENT & AUTHORITIES

The issue before the Court here is straightforward and controlled by an unambiguous statute. Garnishment of Wells' disability and retirement income, including monthly or regular payments from his TSP account is limited by the provisions of the Consumer Credit Protection Act (CCPA). 15 U.S.C. § 1672 provides:

For the purposes of this subchapter:

(a) The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

(b) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

(c) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.

Each of Wells' current monthly sources of income, as previously identified by the Court in Dk. 1459 fits squarely within the definition of "earnings" from §1672(a). Indeed,

disability payments are awarded to replace wages or salary. Wells' other monthly income amounts are retirement payments, received periodically "pursuant to a pension or retirement program," in this case, the United States Coast Guard. Therefore, as the Ninth Circuit noted "the MVRA limit[s] garnishment of those funds to 25%."

The Court should leave its prior rulings in place, save for its impermissible use of the All Writs Act and simply modify the restitution order to require that 25% of the payments from Wells' various forms of disability and retirement income be directed towards restitution to the victims allocated by the percentages previously ordered by the Court.

DATED at Anchorage, Alaska this 25th day of April, 2023.

Respectfully submitted,

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender
*Counsel for James Michael Wells*

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on April 25, 2023. All participants in this case are registered CM/ECF users and will be served electronically.
*/s/ Gary G. Colbath*