S. LANE TUCKER
United States Attorney

STEVEN SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: steven.skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>        Defendant. | No. 3:13-cr-00008-SLG |

**BRIEF OF THE UNITED STATES ON RESTITUTION**

    COMES NOW the United States of America, by and through undersigned counsel, and files with the court a brief on restitution given that the mandate has been issued by the Ninth Circuit Court of Appeals in <u>United States v. Wells</u>, 55 F.4th 784 (9th Cir. 2022). In that opinion the court held that the All-Writs Act, 28 U.S.C. § 1651(a), did not permit the court to exercise its discretion to order garnishment of more than 25% of Wells' to be defined earnings. The United States, by this response, advises the court that it is not seeking garnishment at this time as that procedure is premature. Before any

process can go forward, the United States is alternatively seeking that the court amend its judgment to provide a minimum payment schedule to begin immediately, and to include language in the judgment to immediately effectuate the amount of restitution ruled owed by this court to both victims' estates. The United States makes this request so that its Collections division can begin the process of submitting to benefit agency/entity the court's order on the amount of restitution owed and then waiting for the agency's determination on how much they are able, separately and by law, to make available for payment of restitution.

### A. The Opinion of the Court of Appeals Removes the All-Writs Act Discussion from the Court's Analysis along with the MVRA 25% Finding for the Present

The opinion of the 9th Circuit remanded the to the district court, due to unclear facts of different benefit payment streams, if the MVRA limited garnishment of those funds to 25%. It is the view of the United States that 'garnishment' is not at issue currently.

The Mandatory Victim Restitution Act limits garnishment of earnings to 25%. The Consumer Credit Protection Act (CCPA) defines earnings as "compensation paid or payable for personal services. . . includ[ing] periodic payments pursuant to a pension or retirement program." The United States contends that the periodic revenue streams from the U.S. Department of Veteran affairs, the U.S. military retirement, and the Civil Service retirement, constitute earnings under the definition of the CCPA.

//

*U.S. v. Wells*
3:13-cr-00008-SLG    Page 2 of 7
Case 3:13-cr-00008-SLG   Document 1483   Filed 04/25/23   Page 2 of 7

The CCPA generally provides that no more than 25% of an individual's weekly "disposable earnings" may be garnished for payment of a debt (15 U.S.C. 1673(a)). Garnishment, however, is not an applicable mechanism at this stage and the United States is not pursuing that remedy at this time.[1] Instead, the United States requests that the Court first determine an appropriate schedule of payments pursuant to 18 U.S.C. 3664(f)(2) upon remand, rather than the 80% of each revenue stream as done in the prior order. 18 U.S.C. 3664(f) states the following:

> (2) Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—
>
> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
> (B) projected earnings and other income of the defendant; and
>
> (C) any financial obligations of the defendant; including obligations to dependents.

Therefore, to affect the rights of the estates as ordered by the court pursuant to the court's order for restitution, and for the Government to exercise their role in the enforcement of restitution judgments, the United States requests that the judgment include the following language: *"Restitution is due and payable immediately, the government many enforce restitution at any time. Any unpaid balance is to be paid in accordance with the minimum payment schedule as set by the court."*

---

[1] Any stay issue by the court as to payment of benefits to James Wells should remain in full force and effect. Nothing in the 9th Circuits opinion changes those stays, nor the amount of restitution owed to each estate.

*U.S. v. Wells*
3:13-cr-00008-SLG                     Page 3 of 7
Case 3:13-cr-00008-SLG   Document 1483   Filed 04/25/23   Page 3 of 7

This request is not contrary to law, makes common sense, and is necessary for the United States to begin immediate collection of restitution and enforcement of the Court's Order of restitution.

### B. Defendant Wells' Thrift Savings Plan Account

Wells may argue that the court should limit the amount the United States can collect based on alleged interpretations of the MVRA. That request is premature as is any blanket prohibition on how much is available to collect. In terms of these retirement accounts the TSP, has its own mechanism for honoring criminal restitution ordered under the MVRA.

The Thrift Savings Plan is governed under Title 5 of the United States Code. 5 U.S.C. § 8437(e)(3) states that "Money due or payable from the Thrift Savings Fund to any individual. . . shall be subject to legal process for the enforcement for the individual's legal obligations to provide. . .the enforcement of an order for restitution under section 3663A of tile 18…". Thus, the defendant's TSP is available for enforcement. 5 C.F.R. §1653 provides for the process in which the TSP will honor a criminal restitution order, and how those orders are processed.

Pursuant to 5 C.F.R § 1653.33, Qualifying criminal restitution order:

(b)  A criminal restitution order must meet each of the following requirements to be considered qualifying:

   (1)  The restitution must be ordered in the sentencing of the participant as required by 18 U.S.C. 3663A and 18 U.S.C. 3664.

   (2)  The criminal restitution order must require the participant to pay a stated dollar amount as restitution.

*U.S. v. Wells*
3:13-cr-00008-SLG　　　　　　　　Page 4 of 7
Case 3:13-cr-00008-SLG   Document 1483   Filed 04/25/23   Page 4 of 7

(3) The criminal restitution order must be accompanied by an enforcement letter that states the restitution is ordered under 18 U.S.C. 3663A. The enforcement letter must expressly refer to the ''Thrift Savings Plan'' or describe the TSP in such a way that it cannot be confused with other Federal Government retirement benefits or non-Federal retirement benefits.

(c) The following orders will not be considered qualifying:

(1) A criminal restitution order relating to a TSP account with a zero dollar account balance;

(2) A criminal restitution order relating to a TSP account that contains only nonvested money, unless the money will become vested within 30 days of the date the TSP receives the order if the participant were to remain in Government service;

(3) A criminal restitution order accompanied by an enforcement letter that requires the TSP to make a payment in the future;

(4) A forfeiture order related to a monetary garnishment of funds;

(5) A criminal restitution order accompanied by an enforcement letter that requires TSP to make a series of payments;

(6) A criminal restitution order accompanied by an enforcement letter that designates the specific TSP Fund, source of contributions, or balance from which the payment or portions of the payment shall be made.

After receipt of a qualifying restitution order, the TSP recordkeeper will determine the availability of funds for restitution and provide a decision letter to the parties involved pursuant to 5 C.F.R. § 1653.4.

Thus, the court's judgment, with language requiring that restitution is due immediately, would be served on the TSP for Wells' account. The TSP will then make a determination and provide information about right of survivorship, if any, and account status/funding.

//

### C. The Kodiak House and Rental Income

It is known between the parties that Nancy Wells now resides in Oregon and rarely, if ever travels to the home. The home is now occupied by renters, thus the Wells' are receiving some type of rental income and have for several years. Jim Wells is entitled to half the rental income; thus, his half should be distributed to the estates. As to this income stream, the United States request the court to order James Wells or Nancy Wells to provide all rental income receipts since inception of any and all rental agreements so that the court can determine how much of this rental income it can allocate in determining Wells restitution payment, and how much they have garnered in rental fees from renting the Kodiak property, half of which should be directed toward the estate.

This arrangement may have been initiated post-judgment so it was not considered by the court in its initial judgment, but the court should consider it now.

### D. Other Assets

Given the Wells' conduct and track record concerning finances and compliance with court orders, the United States seeks a court order compelling Jim and Nancy Wells to provide an updated financial disclosure in the defense reply brief to information about the Kodiak home rental income, along with ordering disclosure by affidavit of all other existing or new assets. The Wells' have shown they cannot be trusted to comply with court orders, thus filing by affidavit is the only realistic means of arriving at something close to the truth.

//

*U.S. v. Wells*
3:13-cr-00008-SLG        Page 6 of 7
Case 3:13-cr-00008-SLG   Document 1483   Filed 04/25/23   Page 6 of 7

## CONCLUSION

By this motion, the United States adopts and incorporates by reference the court's order on Restitution at Docket 1459, and the judgment, at Docket 1460, as it relates to the amounts due to each estate. (Docket 1460, pg. 4) Those figures remain unchanged and affirmed by the opinion of the 9th Circuit. Here, after remand, the United States requests that the court issue an amended Judgment ordering the total restitution balance due and payable immediately, with any unpaid balance to be paid in accordance with a minimum schedule of payments as set by the Court pursuant to the factors under 18 U.S.C. 3664(f)(2). The United States will submit the Amended Judgment and other required documentation to the appropriate government agencies pursuant to their respective processes for determination of payment towards federal restitution ordered under the MVRA

RESPECTFULLY SUBMITTED April 25, 2023 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s Steven Skrocki
STEVEN SKROCKI
Assistant United States Attorney
United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2023 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Steven Skrocki

*U.S. v. Wells*
3:13-cr-00008-SLG    Page 7 of 7
Case 3:13-cr-00008-SLG   Document 1483   Filed 04/25/23   Page 7 of 7