S. LANE TUCKER
United States Attorney

STEVEN SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: steven.skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   vs.<br><br>JAMES MICHAEL WELLS,<br><br>           Defendant. | No. 3:13-cr-00008-SLG |

**SUPPLEMENTAL AND REPLY BRIEF OF THE UNITED STATES ON RESTITUTION**

COMES NOW the United States of America, by and through undersigned counsel, and files with the Court a supplemental and a reply brief as ordered by the court. The position of the United States on the Court's order on restitution is as follows:

**A. Incorporation of Docket 1483 Into This Memorandum**

The United States has no change to the positions and arguments made at Docket 1483. Having reviewed the defense offering at Docket 1482, nothing stated there changes the position of the United States. The United States requests the Court order James Wells

to provide an affidavit of income and assets pursuant to 18 U.S.C. § 3664(d)(3) as soon as possible.

### B. Garnishment is a Premature Remedy, Not Applicable Currently and Thus the CCPA Does Not Apply.

The phrase/use of garnishment was likely incorrectly injected/requested by the government early in this process, as garnishment is a remedy to be pursued only when necessary. A restitution payment schedule, as requested here, does not constitute garnishment if it "simply directs restitution payments" and "d[oes] not require payment of restitution from a specific asset." *United States v. Jaffe*, 417 F.3d 259, 265–66 (2d Cir.2005); *United States v. Hyde*, 556 Fed.Appx. 62, 63 n.1 (2d Cir. 2014) (agreeing with *Jaffe's* finding that an order does not constitute garnishment in violation of the CCPA).

In this case, as mentioned in its earlier brief, the United States seeks inclusion of specific language in the court's judgment to direct Wells to pay a minimum monthly payment on the remaining balance of the total restitution due after the application of any immediately available assets. Because the Defendant does not have the entire amount of restitution immediately available for payment but does have substantial assets that the Government may attempt to collect upon, receives substantial monthly income, and will continue to receive an income during imprisonment, an appropriate restitution schedule would compel a lump sum due immediately, with an appropriate schedule of minimum monthly payments to be applied to the balance of any sum not immediately collectable.

Proceeding in this manner removes any argument that this court is entering an order for garnishment, because it is not doing so nor is the government asking the court for such

*U.S. v. Wells*
3:13-cr-00008-SLG　　　　　　　Page 2 of 5
Case 3:13-cr-00008-SLG   Document 1484   Filed 05/10/23   Page 2 of 5

an order. Thus, a payment schedule does not violate the CCPA and the court would be premature in reducing any amount by 25% under the CCPA. *United States v. Jaffe*, 417 F.3d 259, 265–66 (2d Cir.2005)

Garnishment, in the legal sense, would apply if the defendant fails to pay, undisclosed assets are located, or the defendant receives unexpected substantial resources from any source pursuant to 18 U.S.C. § 3664(n). In those instances, the United States would have the ability to apply for an order with the Court to garnish his accounts where funds are deposited. In *Usery v. First Nat'l Bank of Arizona*, 586 F.2d 107 (9th Cir.1978), the Ninth Circuit explicitly held that application of the CCPA is limited to the garnishment of payments by "employers (or those who stand in the position of employers by virtue of paying or owing compensation for services to the individual debtor)." *Id*. at 110. Therefore, and according to the circuit court, the CCPA does not protect wages once they have left the control of the employer and have been placed in a bank account. *United States v. Crawford*, No. F-04-0200 TAG, 2006 WL 2458710, at *2 (E.D. Cal. Aug. 22, 2006).

**C. Wells' Thrift Savings Plan**

The First Restitution Order in 2015 at Docket 777 correctly ordered payment of the TSP. As the court indicated there, the TSP is not governed by ERISA, but instead the TSP is a defined contribution plan created by the Federal Employees' Retirement System Act of 1986 and is subject to the laws, and available for execution, under 5 U.S.C. § 8351. Moreover, Nancy Wells is currently not listed as a beneficiary, but she is entitled to a survivor annuity. This is of no application yet as Defendant Wells is still alive. Any survivor benefit argument is moot.

### D. The Court's Judgment Will Act as a Levy on the Kodiak House

Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien will arise against all of the Defendant's property and rights to property. While the government may choose not to immediately execute upon or force foreclosure proceedings, the government will have obtained a perfected lien to preserve the estates rights to Jim Wells' interest in the property.

In this regard, the government will work with the victims if necessary. At present a trial in state court is scheduled where the estates are seeking damages which includes the Kodiak house. In the event the estates do not prevail, Nancy Wells has the right to sell the property, but the government will retain their right to Jim Wells' interest in the property.

### E. The Court's Judgment Should Require the Defendant's Restitution Due Immediately and the Remaining Balance Payable on a Minimum Payment Schedule

In *United States v. Holden*, 897 F.3d 1057, 1066 (9th Cir. 2018), amended, 908 F.3d 395, 405 (9th Cir. 2018), the Ninth Circuit Court held that a restitution schedule ordering a defendant to pay a lump sum and make payments was "internally inconsistent." This was clarified in *United States v. Gagarin*, 950 F.3d 596 (9th Cir. 2020). There, the 9th Circuit held here that the restitution order "specifies that a lump sum payment is "due immediately," but that the "balance"—i.e., any portion of that single restitution amount that is not in fact paid "immediately"—is "due ... in accordance with" an installment plan." Similar to *Gagarin*, Defendant Wells has the ability to pay. To avoid any internal inconsistency, the United States requests the Court's payment schedule clearly state that the Defendant's restitution is due immediately, the remaining balance is due in accordance

*U.S. v. Wells*
3:13-cr-00008-SLG                     Page 4 of 5
Case 3:13-cr-00008-SLG    Document 1484    Filed 05/10/23    Page 4 of 5

with the minimum payment schedule to be set by the Court, and any established payment plan does not preclude enforcement efforts by the U.S. Attorney's Office if the defendant has the ability to pay more than the minimum due.

## CONCLUSION

Garnishment is not yet necessary. Thus, the CCPA does not presently apply and may never apply under these facts. This matter is clear. The United States requests that the district court enter restitution judgment language that accounts for Defendant's financial circumstances, but also allows for collection of other assets owned by the Defendant now and in the future. Oral argument in the government's view is neither requested nor necessary to the court's forthcoming amended judgment.

RESPECTFULLY SUBMITTED May 10, 2023 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s Steven Skrocki
STEVEN SKROCKI
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2023 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Steven Skrocki

U.S. v. Wells
3:13-cr-00008-SLG  Page 5 of 5
Case 3:13-cr-00008-SLG   Document 1484   Filed 05/10/23   Page 5 of 5