Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

*Attorney for Defendant James Michael Wells*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL WELLS,<br><br>　　　　　　Defendant. | Case No. 3:13-cr-00008-SLG<br><br>**DEFENDANT'S REPLY BRIEF RE: RESTITUTION** |

Defendant James Michael Wells, through counsel Gary G. Colbath, submits this reply in furtherance of his position regarding restitution subsequent to the Ninth Circuit's remand regarding the Court's prior restitution order.

## ARGUMENT & AUTHORITIES

**1) <u>Wells Monthly Earnings</u>**

The Ninth Circuit remanded this matter for the Court to "to determine whether each of Wells's benefit payment streams constituted ''earnings'' under 15 U.S.C. § 1673." The government has conceded that indeed, each of Wells sole streams of income[1] are in fact earnings under the Consumer Credit Protection Act. "The United States contends that the periodic revenue streams from the U.S. Department of Veteran affairs, the U.S. military retirement, and the Civil

---

[1] Presently Wells only income is U.S. Department of Veteran affairs disability of $165.92 per month, U.S. military retirement of $1,771.76 per month, and Civil Service retirement of $881.59 per month.

Service retirement, constitute earnings under the definition of the CCPA." Dkt. 1483, p. 2. Thus, the question remanded by the Ninth Circuit has been answered and the Court should find that Wells income is subject to a 25% garnishment in favor of restitution and order the same.

The Court should not accept the government's suggestion that merely making a semantical change in the wording of the Court's restitution order solves the problem. In reality, the government simply suggests that the Court change the wording of its order, to effectuate an "end-around" to the CCPA. The facts of this case are that Wells has only the finite monthly income identified above and will never have more, save for potential minor cost of living increases in these benefits. Were the Court to order payments, without calling it garnishment, the Court's order would have the exact same effect as its prior order. The money would have to come from somewhere, and given that the Court has imprisoned Wells for life, his ability to alter his income has been removed. Therefore, the Court's order could only have the effect of effect of taking funds from Wells *earnings* as defined by the CCPA. Accordingly, the Court should set a restitution payment schedule in the amount of $704.82 or 25% of Wells monthly earnings.

The cases relied on by the government, primarily *United States v. Jaffe,* 417 F.3d 259, 265–66 (2d Cir.2005) are distinguishable from this case. In Jaffe, the Defendant was no in prison, but rather was going to be living in the community and capable of generating income, other than his income at the time the Court ordered restitution. Moreover, the Second Circuit found that in addition, Jaffe had other options for paying restitution rather than using income or selling his substantial assets, "like getting a loan." *Id.* Clearly, Jim Wells is optionless. He is in prison for life with no control over his limited streams of earnings, all based on his prior work history, nor does he have the ability to earn more. Finally, he has no substantial assets, save for his ailing prior

marital residence, and no ability to get a loan or otherwise raise funds. Therefore, the Court should limit its order requiring monthly restitution payments to 25% of Wells earnings, allowing the balance to meet his and his dependent spouse's monthly basic living expenses.

2) **The Kodiak House**

Contrary to the government's suggestion in its opening brief, the Court fully considered the circumstances of the Wells marital residence in Kodiak, including the fact that Nancy Wells no longer lived there and the property was rented. This Court previously found that "The Wellses' home is currently being used as a rental property, and Nancy Wells does not reside there." Dkt. 1459, p. 14. The Court further found that a forced sale of the residence was not appropriate, given the fact that in was in disrepair, Nancy Wells holds a 50% ownership interest in it, and the logistics of a forced sale would pose difficulties. *Id.*, p. 14-15. This is only further complicated and undermined by the existing civil lawsuit, scheduled for trial this month, wherein the victims have sued Wells seeking recovery of damages from which the Kodiak house proceeds could be pursued. The Ninth Circuit did nothing to upset or change the Court's findings relative to the Kodiak house and nothing about the current issues before the Court have altered in any way the circumstances surrounding the inappropriateness of a forced sale. The Court should not change its order relative to the Wells prior marital home.

3) **Jim Wells TSP**

The government has astonishingly choses to ignore the Court's prior findings and the law related to Jim Wells TSP. This Court has already found that "the TSP also provides survivor annuities and requires spousal consent for any lump sum withdrawal" and that "without spousal consent [the Court] can only prohibit lump sum withdrawals from the account and order monthly

payments be directed to restitution." *Id.* at pp. 9-10. The law is clear that the government only has the same rights that Jim Wells has with respect to his TSP. *United Startes v. Novak,* 476 F.3d at 1043, 1063 (9th Cir. 2007). The Court cannot legally order a lump sum distribution or collection against Jim Wells portion of his TSP. Moreover, TSP rules prohibit an order that requires periodic or multiple payments to a third party for collection purposes. Therefore the Court's order with respect to Jim Wells portion of his TSP should simply award TSP funds to the victims in the event a lump sum withdrawal is made. Nancy Wells spousal annuity or portion of her husband's TSP account cannot and should not be legally adjoined or affected.

## CONCLUSION

The Court should only address the issue remanded by the Circuit Court, that is, what are Jim Wells earnings, as defined by the CCPA. The parties agree Wells earnings are his three monthly income streams based on his prior employment with the U.S. military. He has nothing more, nor does he have the ability to change that circumstance. The Court should order payments in the amount of 25% of those earnings, leaving the balance to meet Jim and Nancy Wells basic monthly needs. The Court need not revisit or change its findings regarding Jim Wells other limited assets.

Wells requests that the Court set a hearing for oral argument on the issues raised in the parties briefing and permit him to appear by phone for attendance at the same.

DATED at Anchorage, Alaska this 11th day of May, 2023.

                                                Respectfully submitted,

                                                */s/ Gary G. Colbath*
                                                Gary G. Colbath
                                                Assistant Federal Defender

Certificate of Service:

I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on May 11, 2023. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

/s/ Gary G. Colbath