RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
AARIN KEVORKIAN
Assistant Federal Public Defender
Nevada State Bar No. 14556
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Aarin_Kevorkian@fd.org

Attorney for James Michael Wells

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| United States of America, | |
|---|---|
| Plaintiff, | Case No. 3:13-cr-00008-SLG |
| v. | **Motion for Permission to Appear as Counsel Pursuant to Alaska Rule of Professional Conduct 1.12** |
| James Michael Wells, | |
| Defendant. | |

Comes now the defendant James Michael Wells and respectfully seeks permission for Assistant Federal Public Defender Aarin E. Kevorkian to appear and represent him as counsel for purposes of post-conviction proceedings in the above-captioned case.

AFPD Kevorkian previously served as a judicial law clerk with the United States Court of Appeals for the Ninth Circuit, during which period the first direct appeal from Dist. Ct. Case. No. 3:13-cr-0008-SLG was pending. *See United States v.*

*Wells*, Nos. 14-30146, 15-30036 (9th Cir.). Alaska Rule of Professional Conduct 1.12(a) provides "a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer or law clerk to such a person . . . unless all parties to the proceeding give informed consent, confirmed in writing." "The term 'personally and substantially' signifies that a judge who was a member of a multi-member court, and thereafter left judicial office to practice law, is not prohibited from representing a client in a matter pending in the court, but in which the former judge did not participate." Rule 1.12 cmt. 1. "Although this portion of the commentary speaks of a 'former judge' who did not personally participate in a case, Rule 1.12(a) applies equally to judges and law clerks." *Bradley v. State*, 16 P.3d 187, 189 (Alaska Ct. App. 2001). Thus, "a law clerk is not disqualified from later serving as a lawyer in a matter that was pending before the court unless the law clerk 'participated personally and substantially' in that matter during their clerkship." *Id.*

If seeking to appear "as an attorney in a case that was pending in their court during their employment," a former law clerk "must file a motion seeking permission to appear, and the law clerk must support the motion with an affidavit that discloses all pertinent facts, including the positions of the other parties to the case, if known." *Bradley*, 16 P.3d at 190. AFPD Kevorkian's attached declaration demonstrates that, although Mr. Wells's first appeal was pending in the Ninth Circuit during her employment, she participated neither personally nor

2

substantially in this case. Accordingly, Mr. Wells respectfully requests this Court grant AFPD Kevorkian permission to appear as counsel.

DATED this 28th day of July, 2023.

RENE L. VALLADARES
Federal Public Defender

By: *s/ Aarin Kevorkian*
AARIN KEVORKIAN
Assistant Federal Public Defender
Counsel for Defendant

**Declaration of Counsel**

I, Aarin E. Kevorkian, declare under 28 U.S.C. § 1746 as follows:

1. I am an Assistant Federal Public Defender for the District of Nevada. I was employed as a student law clerk from May of 2016 through August of 2016 and as a judicial law clerk from September of 2017 through September of 2018 in the chambers of the Honorable Johnnie B. Rawlinson, Judge for the United States Court of Appeals for the Ninth Circuit.

2. On April 25, 2014, Defendant James Michael Wells was convicted by jury of federal charges in the District of Alaska. *United States v. Wells*, No. 3:13-cr-00008, Dkt. 672 (D. Alaska Apr. 25, 2014). On July 23, 2014, and February 29, 2015, Defendant Wells filed notices of appeal to the Ninth Circuit. *Id.*, Dkts. 688, 785; *United States v. Wells*, Nos. 14-30146, 15-30036 (9th Cir.). The Ninth Circuit reversed and remanded the case for a new trial. *Wells*, No. 3:13-cr-00008, Dkts. 812, 815; *United States v. Wells*, 879 F.3d 900 (9th Cir. 2018).

3. During my periods of employment with the Ninth Circuit, I did not personally participate in *United States v. Wells,* Nos. 14-30146, 15-30036. Judge Rawlinson was not assigned to the merits panel that decided the case, *see Wells*, 879 F.3d 900 (Circuit Judges Tashima and Nguyen and District Court Judge Walter), and, to my knowledge, I did not otherwise have direct or indirect involvement with the case.

4. On July 24, 2023, I contacted counsel for the government, Assistant United States Attorney Steven Skrocki, to ascertain the government's position on this request. On July 27, 2023, Mr. Skrocki advised: "The government has been contacted on this issue and has authorized counsel to communicate to the court that it takes no position on the motion."

5. Accordingly, I respectfully request this Court permit me to appear as counsel for James Wells in Case No. 3:13-cr-00008.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 28, 2023.

Respectfully submitted,<br>
RENE L. VALLADARES<br>
Federal Public Defender

By: /s/ *Aarin E. Kevorkian*

Aarin E. Kevorkian
Assistant Federal Public Defender

**Certificate of Service**

I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on July 28, 2023. All participants in this case are registered CM/ECF users and will be served electronically.

*s/Aarin Kevorkian*
Assistant Federal Public Defender